1  WILLIAM J. GOINES (SBN 061290)
   ALISHA M. LOUIE (SBN 240863)
2  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
3  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
4  Facsimile: (650) 328-8508
   Email: goinesw@gtlaw.com
5         louiea@gtlaw.com

6  JEREMY A. MEIER (SBN 139849)
   GREENBERG TRAURIG, LLP
7  1201 K Street, Suite 1100
   Sacramento, CA 95814
8  Telephone: (916) 442-1111
   Facsimile: (916) 448-1709
9  Email: meierj@gtlaw.com

10 BRIAN S. COUSIN (*PRO HAC VICE* TO BE SUBMITTED)
   NEIL A. CAPOBIANCO (*PRO HAC VICE* TO BE SUBMITTED)
11 GREENBERG TRAURIG, LLP
   MetLife Building, 200 Park Avenue
12 New York, NY 10166
   Telephone: (212) 801-9200
13 Facsimile: (212) 801-6400
   Email: cousinb@gtlaw.com
14        capobiancon@gtlaw.com

15 Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
16 doing business in California as Polo Retail Corporation; and
   Fashions Outlet of America, Inc.
17

ORIGINAL
FILED

MAY 2 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

C 07   BZ 2780

18

                    UNITED STATES DISTRICT COURT
19
                NORTHERN DISTRICT OF CALIFORNIA    C 07   2780
20
                      SAN FRANCISCO DIVISION
21

| 22 | ANN OTSUKA, an individual; JANIS KEEFE, | State Court Case No.: CGC-06-452655 |
|---|---|---|
| 23 | an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; | **DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b) AND 28** |
| 24 | and on behalf of all other similarly situated, | **U.S.C. § 1453(b) UNDER  GENERAL DIVERSITY JURISDICTION (28 U.S.C. §** |
| 25 | Plaintiff(s), | **1332(a)) AND CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332(d))** |
| 26 | v. | |
| 27 | POLO RALPH LAUREN CORPORATION, a | |
| 28 | Delaware Corporation; POLO RETAIL, LLC, a | |

1  Delaware Corporation; POLO RALPH
2  LAUREN CORPORATION, a Delaware
   Corporation, doing business in California as
3  POLO RETAIL CORP; FASHIONS OUTLET
   OF AMERICA, INC., a Delaware Corporation
4  and DOES 1-500, inclusive,

5              Defendant(s)

6  AND RELATED CROSS-ACTION.

7

8          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

9          PLEASE TAKE NOTICE that Defendants POLO RALPH LAUREN CORPORATION,

10  POLO RETAIL, LLC., POLO RALPH LAUREN CORPORATION DBA POLO RETAIL

11  CORP., and FASHIONS OUTLET OF AMERICA, INC. ("Defendants") hereby remove to this

12  Court the state court action described below.

13                              **Introduction**

14          Plaintiffs Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser ("Plaintiffs") brought

15  this class action lawsuit alleging, *inter alia*, wage and hour violations under California law. Based

16  on discovery responses recently made by Plaintiff Janis Keefe, and served on Defendants,

17  Defendants have ascertained that the jurisdictional requirements for removal to federal court,

18  under both general diversity jurisdiction and the Class Action Fairness Act of 2005, are met.

19                          **Background Information**

20          1.       On May 30, 2006, Plaintiffs Ann Otsuka, Janis Keefe, Corinne Phipps and Justin

21  Kiser ("Plaintiffs") commenced an action in the Superior Court of the State of California, County

22  of San Francisco against Defendants entitled *Otsuka v. Polo Ralph Lauren Corp.*, Case No. CGC-

23  06-452655 (the "State Court Action"). Plaintiffs' filed their First Amended Class Action

24  Complaint on July 20, 2007 and served Defendants on July 28, 2007, a copy of which is attached

25  hereto as **Exhibit 7**. Defendants filed an Answer on February 28, 2007, a copy of which is

26  attached hereto as **Exhibit 38**.

27

28

2.      Pursuant to 28 U.S.C. § 1446(a), Defendants are attaching copies of all pleadings and orders that have been filed the State Court Action to date. A copy of the Superior Court of California, County of San Francisco Register of Actions is attached hereto as **Exhibit 1**.

3.      Attached as **Exhibit 2** is a true and correct copy of the Complaint and Civil Cover Sheet filed May 30, 2006.

4.      Attached as **Exhibit 3** is a true and correct copy of Notice to Plaintiff filed May 30, 2006.

5.      Attached as **Exhibit 4** is a true and correct copy of Summons and Notice of Service for Polo Ralph Lauren Corporation filed on June 12, 2006.

6.      Attached as **Exhibit 5** is a true and correct copy of Summons and Notice of Service for Fashions Outlet of America Inc., filed June 12, 2006

7.      Attached as **Exhibit 6** is a true and correct copy of Summons and Notice of Service for Polo Retail LLC filed June 12, 2006.

8.      Attached as **Exhibit 7** is a true and correct copy of First Amended Complaint filed July 20, 2006.

9.      Attached as **Exhibit 8** is a true and correct copy of Proof of Service of First Amended Class Action Complaint for Polo Ralph Lauren Corporation filed August 3, 2006.

10.      Attached as **Exhibit 9** is a true and correct copy of Proof of Service of First Amended Complaint for Fashions Outlet of America Inc., filed August 3, 2006.

11.      Attached as **Exhibit 10** is a true and correct copy of Proof of Service of Amended Class Action Complaint for Polo Retail LLC filed August 3, 2006.

12.      Attached as **Exhibit 11** is a true and correct copy of Defendants' Ex Parte Application for Order for Extension of Time to Respond to First Amended Complaint, Declaration of Ravi Motwani, Esq., Declaration of William J. Goines, Declaration of Jeremy A. Meier, and Proposed Order Granting Defendants' Ex Parte Application, all filed September 8, 2006.

13.      Attached as **Exhibit 12** is a true and correct copy of Complex Case Designation filed September 8, 2006.

14. Attached as **Exhibit 13** is a true and correct copy of Declaration of Patrick R. Kitchin in Opposition to Defendants' Ex Parte Application for Extension of Time to Serve Responsive Pleadings filed September 8, 2006.

15. Attached as **Exhibit 14** is a true and correct copy of Order Granting Defendants' Ex Parte Application for Order Extending Time to Respond to First Amended Complaint filed September 12, 2006.

16. Attached as **Exhibit 15** is a true and correct copy of Notice of Entry of Order/ Notice of Ruling Granting Defendants' Ex Parte Application for Order Extending Time to Respond to First Amended Complaint filed September 15 2006.

17. Attached as **Exhibit 16** is a true and correct copy of Defendants' Application for Approval of Complex Litigation and Declaration of William J. Goines, both filed September 18, 2006.

18. Attached as **Exhibit 17** is a true and correct copy of Defendants' Case Management Statement filed October 12, 2006.

19. Attached as **Exhibit 18** is a true and correct copy of Defendants' Demurrer to First Amended Complaint, Notice of Hearing, Memorandum of Points and Authorities, and Proposed Order, all filed October 12, 2006.

20. Attached as **Exhibit 19** is a true and correct copy of Plaintiffs' Case Management Statement filed October 13, 2006.

21. Attached as **Exhibit 20** is a true and correct copy of Order Continuing Case Management Conference filed October 18, 2006.

22. Attached as **Exhibit 21** is a true and correct copy of Plaintiffs' Opposition to Demurrer to First Amended Complaint filed November 2, 2006.

23. Attached as **Exhibit 22** is a true and correct copy of Defendants' Memorandum of Points and Authorities in Reply to Plaintiffs' Opposition to Demurrer to First Amended Complaint filed November 7, 2006.

24. Attached as **Exhibit 23** is a true and correct copy of Defendants' Notice of Application and Application to Admit Counsel Pro Hac Vice, Declaration of Brian S. Cousin,

1    Declaration of William J. Goines, and Proposed Order, together with Notice of Application and
2    Application to Admit Counsel Pro Hac Vice, Declaration of Neil A. Capobianco, Declaration of
3    William J. Goines, and Proposed Order, all filed November 8, 2006.

4         25.    Attached as **Exhibit 24** is a true and correct copy of Mini-Minutes continuing
5    hearing on Defendants' Demurrer to First Amended Complaint filed November 5, 2006.

6         26.    Attached as **Exhibit 25** is a true and correct copy of Order Continuing Case
7    Management Conference filed November 28, 2006.

8         27.    Attached as **Exhibit 26** is a true and correct copy of Order Granting Application
9    for Approval of Complex Case Designation and for Single Assignment filed November 30, 2006
10   (*incorrectly noted on the docket as filed November 27, 2006*).

11        28.    Attached as **Exhibit 27** is a true and correct copy of Mini-Minutes taking off
12   calendar hearing on Defendants' Demurrer to First Amended Complaint filed December 5, 2006.

13        29.    Attached as **Exhibit 28** is a true and correct copy of Mini-Minutes taking off
14   calendar hearing on Defendants' Applications to Admit Counsel *Pro Hac Vice* filed December 7,
15   2006.

16        30.    Attached as **Exhibit 29** is a true and correct copy of Order Granting Application
17   for Appearance of Brian S. Cousin *Pro Hac Vice* filed December 11, 2006.

18        31.    Attached as **Exhibit 30** is a true and correct copy of Order Granting Application
19   for Appearance of Neil A. Capobianco *Pro Hac Vice* filed December 11, 2006.

20        32.    Attached as **Exhibit 31** is a true and correct copy of Defendants' Re-Notice of
21   Hearing of Demurrer to First Amended Complaint filed December 13, 2006.

22        33.    Attached as **Exhibit 32** is a true and correct copy of Joint Case Management
23   Conference Statement filed January 17, 2007.

24        34.    Attached as **Exhibit 33** is a true and correct copy of Court Minutes on hearing for
25   Defendants' Demurrer to the First Amended Complaint and Case Management Conference filed
26   January 22, 2007.

27        35.    Attached as **Exhibit 34** is a true and correct copy of Notice of Entry of Order
28   Granting Application for Appearance of Brian S. Cousin *Pro Hac Vice* filed January 29, 2007.

1    36.    Attached as **Exhibit 35** is a true and correct copy of Notice of Entry of Order

2  Granting Application for Appearance of Neil A. Capobianco *Pro Hac Vice* filed January 29,

3  2007.

4    37.    Attached as **Exhibit 36** is a true and correct copy of Order Overruling in Part and

5  Sustaining in Part Defendants' Demurrer to First Amended Complaint filed February 7, 2007.

6    38.    Attached as **Exhibit 37** is a true and correct copy of Notice of Entry of Order

7  Overruling in Part and Sustaining in Part Defendants' Demurrer to First Amended Complaint

8  filed February 13, 2007.

9    39.    Attached as **Exhibit 38** is a true and correct copy of Defendants' Answer to First

10  Amended Complaint filed February 28, 2007.

11    40.    Attached as **Exhibit 39** is a true and correct copy of Defendant Fashions Outlet of

12  America, Inc.'s Cross-Complaint filed February 28, 2007.

13    41.    Attached as **Exhibit 40** is a true and correct copy of Joint Case Management

14  Conference Statement filed April 3, 2007.

15    42.    Attached as **Exhibit 41** is a true and correct copy of Court Minutes on Case

16  Management Conference filed April 5, 2007.

17    43.    Attached as **Exhibit 42** is a true and correct copy of Stipulated Protective Order

18  filed April 26, 2007.

19    44.    Attached as **Exhibit 43** is a true and correct copy of Notice of Motion and Motion

20  to be Relieved as Counsel, Declaration of Patrick R. Kitchin, and Proposed Order filed April 23,

21  2007.

22    45.    Attached as **Exhibit 44** is a true and correct copy of Plaintiff/Cross-Defendant

23  Kiser's Notice of Demurrer and Demurrer to Cross-Complaint and Proposed Order filed April 24,

24  2007.

25    46.    Attached as **Exhibit 45** is a true and correct copy of Plaintiff/Cross-Defendant

26  Kiser's Amended Notice of Demurrer and Demurrer to Cross-Complaint and Proposed Order

27  filed May 14, 2007.

28

47.    Attached as **Exhibit 45** is a true and correct copy of correspondence to the Court with Second Amended Complaint, Stipulation re Filing of Second Amended Complaint, and Proposed Order served May 17, 2007.

### The Parties

48.    At the time of filing of the original Complaint, Plaintiff Ann Otsuka was an individual who resided, and at all times relevant has resided, in Santa Clara County, California, who is a citizen of the State of California. Complaint at ¶ 1, **Exhibit 2**.

49.    At the time of filing of the original Complaint, Plaintiff Corinne Phipps was an individual who resided, and at all times relevant has resided, in San Francisco County, California, who is a citizen of the State of California. Complaint at ¶ 2, **Exhibit 2**.

50.    At the time of filing of the original Complaint, Plaintiff Janis Keefe was an individual who at all times relevant resided in San Francisco County, California, who is now a citizen of the Commonwealth of Kentucky. Complaint at ¶ 4, **Exhibit 2**.

51.    At the time of filing of the original Complaint, Plaintiff Justin Kiser was an individual who at all times relevant resided in Contra Costa County, California, who is a citizen of the State of California. Complaint at ¶ 3, **Exhibit 2**.

52.    Defendant Polo Ralph Lauren Corp. is a Delaware Corporation with its principal place of business in the State of New York.

53.    Defendant Polo Retail, LLC., is a Delaware Corporation with its principal place of business in the State of New York.

54.    Defendant Polo Ralph Lauren Corporation doing business in California as Polo Retail Corp., is a Delaware Corporation with its principal place of business in the State of New York.

55.    Defendant Fashions Outlet of America, Inc. is a Delaware Corporation with its principal place of business in the State of New York.

### Timeliness of Removal

56.    On May 14, 2007, upon receipt of "Response to Defendants' Special Interrogatories Propounded to Plaintiff, Janis Keefe, Set One," it became first ascertainable to

DEFENDANTS' NOTICE OF REMOVAL

1    Defendants that this case is removable to federal court. Thus, Defendants are now timely

2    removing this action within thirty (30) days of receiving an "other paper from which it may first

3    be ascertained that the case is one which is or has become removable" as required by 28 U.S.C.

4    section 1446(b). Plaintiff Keefe's responses marks the first time that Plaintiffs specified in any

5    detail the damages which Plaintiffs are claiming for violation of California law, in particular,

6    California Labor Code sections 510, 204, 221, 201, 202, 203, 226 and 232, Business and

7    Professions Code sections 17200, et seq. and the Private Attorneys General Act.

8                                          <u>**Basis for Removal**</u>

9           57.    This action is a civil action of which this Court has original jurisdiction under 28

10   U.S.C. § 1332(a) and is one which may be removed to this court by Defendants pursuant to the

11   provisions of 28 U.S.C. §§ 1441(b) and 1446(a), because the matter in controversy exceeds the

12   sum of $75,000, exclusive of interest and costs, because Plaintiff Justin Kiser's claimed economic

13   and compensatory damages, punitive damages, attorney's fees are in excess of the $75,000

14   jurisdictional requirement and is being removed within one (1) year after commencement of the

15   State Court Action.

16          58.    Additionally, this matter may be removed pursuant to 28 U.S.C. §§ 1446(a) and

17   1453(b) because the Court has original jurisdiction under 28 U.S.C. § 1332(d), the Class Action

18   Fairness Act of 2005, Pub.L. 109-2 § 4(a), 119 Stat. 9, and this action may thus be removed to

19   this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b): because (1) the

20   matter in controversy exceeds $5,000,000 and (2) any member of a class of Plaintiffs is a citizen

21   of a State different from any of the Defendants.

22          59.    Based on the interrogatory responses made by Plaintiff Janis Keefe, that appear to

23   claim that Ms. Keefe is entitled to one additional hour of pay for each day that she worked for the

24   alleged failure to provide meal or rest periods, and the recent California Supreme Court decision

25   in the matter of *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094 (2007), the matter in

26   controversy exceeds the $5,000,000 minimum jurisdictional requirement under 28 U.S.C. §

27   1332(d). Additionally, based on Ms. Keefe's interrogatory responses, the $75,000 jurisdictional

28   requirement is met under 28 U.S.C. § 1332(a).

1    60.    The action is a civil action between citizens of different States because Plaintiffs

2    are and at the time the State Court Action was filed, citizens of the State of California and the

3    Commonwealth of Kentucky, and Defendants each and independently are, and at the time the

4    State Court Action was filed, were, Delaware Corporations with principal places of businesses in

5    the State of New York.

6

7    Dated:  May 29, 2007                    GREENBERG TRAURIG, LLP

8

9                                           By: _____

10                                          WILLIAM S. GOINES
                                            ALISHA M. LOUIE
11                                          GREENBERG TRAURIG, LLP
                                            1900 University Avenue, 5th Floor
12                                          East Palo Alto, CA 94304

13                                          JEREMY A. MEIER
                                            GREENBERG TRAURIG, LLP
14                                          1201 K Street, Suite 1100
                                            Sacramento, CA  95814

15                                          BRIAN S. COUSIN (PRO HAC VICE)
16                                          NEIL A. CAPOBIANCO (PRO HAC VICE)
                                            GREENBERG TRAURIG, LLP
17                                          MetLife Building, 200 Park Avenue
                                            New York, NY 10166

18                                          Attorneys for Defendants Polo Ralph Lauren
19                                          Corporation; Polo Retail, LLC; Polo Ralph
                                            Lauren Corporation, doing business in
20                                          California as Polo Retail Corporation; and
                                            Fashions Outlet of America, Inc.

21

22

23

24

25

26

27

28

SV 346161617v4 5/27/2007