.

# EXHIBIT 17

CM-110

| | FOR COURT USE ONLY |
|---|---|

TTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number,
nd address):
William J. Goines #61290; Jeremy A. Meier, #139849
Greenberg Traurig, LLP
1900 University Ave., 5th Fl.
East Palo Alto, CA 94303
TELEPHONE NO.: (650) 328-8500    FAX NO. (Optional): (650) 328-8508
MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants Polo Ralph Lauren Corporation, et al.

UPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St., Rm. 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

*ENDORSED*
*FILED*
San Francisco County Superior Court
OCT 1 2 2006
GORDON PARK-LI, Clerk
BY:
ELIAS BUIT
Deputy Clerk

PLAINTIFF/PETITIONER: Ann Otsuka, et al.

DEFENDANT/RESPONDENT: Polo Ralph Lauren Corporation, et al.

## CASE MANAGEMENT STATEMENT

| | |
|---|---|
| (Check one): ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: CGC-06-452655 |

CASE MANAGEMENT CONFERENCE is scheduled as follows:

ate: October 27, 2006     Time: 9:00 a.m.     Dept.: 212     Div.:     Room:

ddress of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

**BY FAX**

Party or parties (answer one):
a. ☐   This statement is submitted by party (name):
b. ☒   This statement is submitted jointly by parties (names): Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America, Inc.; and Polo Retail Corporation

Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
a.  The complaint was filed on (date):
b.  ☐ The cross-complaint, if any, was filed on (date):

Service (to be answered by plaintiffs and cross-complainants only)
a. ☐   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
b. ☐   The following parties named in the complaint or cross-complaint
         (1) ☐   have not been served (specify names and explain why not):

         (2) ☐   have been served but have not appeared and have not been dismissed (specify names):

         (3) ☐   have had a default entered against them (specify names):

c. ☐   The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

Description of case
a.  Type of case in ☒ complaint ☐ cross-complaint (describe, including causes of action):
    Class Action Complaint for Fraud, False Imprisonment, Willful Violations of Labor Code sections 510, 204, 201, 202 and for failure to pay wages earned, willful failure to provide rest periods willful violations of Labor Code sections 221, 226 and 232, violations of Business and Professions Code 17200, et seq., Breach of Contract, Unjust Enrichment and Declaratory Relief.

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: Otsuka, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | CGC-06-452655 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs were employees of Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America, Inc.; and/or Polo Retail Corporation and functioned as retail salespersons. Plaintiffs have filed a First Amended Class Action Complaint for various employment-related claims and wage and hour violations, including breach of contract, fraud, false imprisonment and seek remedies for failure to pay overtime, failure to provide rest and break periods, and failure to make employment records readily available. Plaintiffs have also filed causes of action seeking recovery for declaratory relief, violations of California Business & Professions Code 17200, et seq., and recovery under the Private Attorney General Act. The Complaint seeks an unspecified amount of damages on behalf of the individual and putative class plaintiffs.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☒ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐  The trial has been set for *(date):*
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* This is a complex wage and employment putative class action case with extensive discovery and class certification motions to be accomplished prior to trial setting. Written and oral discovery can be expected to take place over the next twelve months.
c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒  days *(specify number):* 4 - 6 weeks
b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☒  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: Otsuka, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Polo Ralph Lauren Corporation, et al. | CGC-06-452655 |

10. d.    The party or parties are willing to participate in (check all that apply):
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☒ Other (specify):  It is premature to select an ADR process prior to completing initial discovery and document and fact analysis.

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 1601 (b) of the California Rules of Court (specify exemption):

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference (specify when):

**12. Insurance**
    a. ☒ Insurance carrier, if any, for party filing this statement (name): Axis U.S. Insurance
    b. Reservation of rights: ☐ Yes    ☐ No
    c. ☒ Coverage issues will significantly affect resolution of this case (explain):
    Reservation of rights is unknown.  We are still investigating whether and to what extent there is coverage for any of the claims alleged in the First Amended Complaint.

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other (specify):
Status:

**14. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate  will be filed by (name party):

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**16. Other motions**
☒ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):
An Application for Approval of Complex Litigation Designation was filed on 9/18/06.  Defendants reserve the right to file such motions as may be deemed necessary and appropriate during the course of this litigation, including but not limited to demurrers, motion(s) for summary judgment and motions related to discovery, including but not limited to motion(s) for protective orders.

American LegalNet, Inc.
www.USCourtForms.com

| | |
|---|---|
| PLAINTIFF/PETITIONER: Otsuka<br>DEFENDANT/RESPONDENT: Polo Ralph Lauren Corporation, et al. | CASE NUMBER:<br>CGC-06-452655 |

**17. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants | Depositions/Document Requests/<br>Third Party Depositions/<br>Interrogatories/Requests for Admission | December 2007 |
| | Expert Discovery | TBD |

- c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
- a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
- b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**
- ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
Timing of discovery, class certification motion issues and assignment to complex litigation designation

**20. Meet and confer**
- a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain):*

- b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify):* Following hearing on the demurrer, develop a discovery plan.

**21. Case management orders**
Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* 0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 12, 2006

| | |
|---|---|
| William J. Goines<br>_____<br>(TYPE OR PRINT NAME) | ▶ _____<br>(SIGNATURE OF PARTY OR ATTORNEY) |
| _____<br>(TYPE OR PRINT NAME) | ▶ _____<br>(SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

American LegalNet, Inc.<br>www.USCourtForms.com

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.            Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 12, 2006, I served the following documents:

## CASE MANAGEMENT STATEMENT

☒     by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐     by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐     **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                    Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin          Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                807 Montgomery St.
San Francisco, CA 94111                    San Francisco, CA 94133
(Fax: 415-627-9076)                        (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 12, 2006, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

# EXHIBIT 18

F 10/12/06

1  WILLIAM J. GOINES (SBN 061290)
   JEREMY A. MEIER (SBN 139849)
2  KAREN ROSENTHAL (SBN 209419)
   ALISHA M. LOUIE (SBN 240863)
3  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
4  East Palo Alto, California 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508
   Email:  goinesw@gtlaw.com
6           meierj@gtlaw.com
            rosenthalk@gtlaw.com
7           louiea@gtlaw.com

8  Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Fashions Outlet
9  of America, Inc.; and Polo Retail Corporation

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 2 2006

GORDON PARK-LI, Clerk
BY:_____ELIAS SUIT
                    Deputy Clerk

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF SAN FRANCISCO

13

14  ANN OTSUKA, an individual; JANIS KEEFE,    Case No. CGC-06-452655
    an individual; CORINNE PHIPPS, an
15  individual; and JUSTIN KISER, an individual;
    and on behalf of all other similarly situated,
16

17           Plaintiff(s),                     **DEMURRER TO FIRST AMENDED
                                               COMPLAINT**
18       v.

19  POLO RALPH LAUREN CORPORATION, a           Date:      November 15, 2006
    Delaware Corporation; POLO RETAIL, LLC, a  Time:      9:30 a.m.
20  Delaware Corporation; POLO RALPH           Dept.:     301
    LAUREN CORPORATION, a Delaware
21  Corporation, doing business in California as  Date Filed:  May 30, 2006
    POLO RETAIL CORP; FASHIONS OUTLET
22  OF AMERICA, INC., a Delaware Corporation
    and DOES 1-500, inclusive,
23
             Defendant(s)..
24

25

BY FAX

26      Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America,

27  Inc.; and Polo Retail Corporation (collectively referred to herein as "Defendants") hereby demur to

28                              - 1 -

the First Amended Complaint ("Complaint") of Plaintiffs Ann Otsuka, an individual; Janis Keefe, an individual; Corinne Phipps, an individual; and Justin Kiser, an individual; and on behalf of all other similarly situated (collectively referred to herein as "Plaintiffs") on the grounds set forth below.

1.    The First Cause of Action for Fraud fails to state facts sufficient to constitute a cause of action against Defendants under Code of Civil Procedure § 430.10(e). Plaintiffs do not allege facts constituting the alleged fraud with sufficient particularity to withstand demurrer under California law.

2.    The Second Cause of Action for False Imprisonment fails to state facts sufficient to constitute a cause of action against Defendants under Code of Civil Procedure § 430.10(e). Plaintiffs' cause of action for false imprisonment as to Plaintiffs Otsuka, Phipps and Keefe is time barred under Code of Civil Procedure section 340(c). Additionally, Plaintiffs have failed to properly plead a cause of action for false imprisonment because Plaintiffs consented to the inspections. Finally, Plaintiffs' cause of action for false imprisonment is barred by the exclusivity provisions of the Workers' Compensation Act, Lab. Code §§ 3600, 3602.

3.    The Seventh Cause of Action for Willful Failure to Provide Rest Periods (Labor Code §§ 226.7) fails to state facts sufficient to constitute a cause of action against Defendants under Code of Civil Procedure § 430.10(e). Claims by Plaintiffs Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth in California Code of Civil Procedure § 340(a) for actions seeking penalties.

4.    The Eighth Cause of Action for Willful Violations of Labor Code §§ 226 fails to state facts sufficient to constitute a cause of action against Defendants under Code of Civil Procedure § 430.10(e). Claims by Plaintiffs Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth in California Code of Civil Procedure § 340(a) for actions seeking penalties.

5.    The Eleventh Cause of Action for Unjust Enrichment fails to state facts sufficient to constitute a cause of action against Defendants under Code of Civil Procedure § 430.10(e).

DEMURRER TO FIRST AMENDED COMPLAINT

1  California courts have determined that unjust enrichment is not a cause of action.

2      6.      The Thirteenth Cause of Action for Recovery Under the California Private
3  Attorneys General Act, Labor Code §§ 2699 *et seq.*, fails to state facts sufficient to constitute a
4  cause of action against Defendants under Code of Civil Procedure § 430.10(e).    Claims by
5  Plaintiffs Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth
6  in California Code of Civil Procedure § 340(a) for actions seeking penalties.

7      Said Demurrer will be based on the Notice of Hearing of Defendants' Demurrer to First
8  Amended Complaint, the Demurrer to First Amended Complaint, and the accompanying
9  Memoranda of Points and Authorities in support thereof, the Complaint and other pleadings and
10 papers on file in this action, and on such other and further argument and evidence which may be
11 presented at the hearing on this motion.

12

13 Dated:  October 12, 2006

GREENBERG TRAURIG

By

William J. Goines
Jeremy A. Meier
Karen Rosenthal
Alisha M. Louie

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Fashions
Outlet of America, Inc.; and Polo Retail
Corporation

- 3 -

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.          Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 12, 2006, I served the following documents:

**DEMURRER TO FIRST AMENDED COMPLAINT**

☐  by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐  by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐  **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                    Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin          Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                 807 Montgomery St.
San Francisco, CA 94111                     San Francisco, CA 94133
(Fax: 415-627-9076)                         (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

1   Executed on October 12, 2006, at East Palo Alto, California.

2                                                  Cathy Sandifer

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

F 10/12/06

WILLIAM J. GOINES (SBN 061290)
JEREMY A. MEIER (SBN 139849)
KAREN ROSENTHAL (SBN 209419)
ALISHA M. LOUIE (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:  goinesw@gtlaw.com
        meierj@gtlaw.com
        rosenthalk@gtlaw.com
        louiea@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Fashions Outlet
of America, Inc.; and Polo Retail Corporation

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 1 2 2006

GORDON PARK-LI, Clerk
BY:_____ELIAS BUTT_____
                              Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all other similarly situated,<br><br>        Plaintiff(s),<br><br>    v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; POLO RETAIL, LLC, a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,<br><br>        Defendant(s).. | Case No. CGC-06-452655<br><br>**NOTICE OF HEARING OF DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**<br><br>Date:    November 15, 2006<br>Time:    9:30 a.m.<br>Dept.:    301<br><br>**BY FAX**<br><br>Date Filed:   May 30, 2006 |

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

– 1 –

NOTICE OF HEARING ON DEMURRER TO FIRST AMENDED COMPLAINT

1       NOTICE IS HEREBY GIVEN that on November 15, 2006 at the hour of 9:30 a.m., or as

2 soon thereafter as this matter may be held in Department 301 of the above-entitled Court located at

3 400 McAllister Street, San Francisco, California, Defendants Polo Ralph Lauren Corporation; Polo

4 Retail, LLC; Fashions Outlet of America, Inc.; and Polo Retail Corporation (collectively referred to

5 herein as "Defendants" or "Polo") will demur to the First Amended Complaint ("Complaint") of

6 Plaintiffs Ann Otsuka, an individual; Janis Keefe, an individual; Corinne Phipps, an individual; and

7 Justin Kiser, an individual; and on behalf of all other similarly situated (collectively referred to

8 herein as "Plaintiffs").

9       Said demurrer will be based on the accompanying Demurrer to First Amended Complaint,

10 Memorandum of Points and Authorities, the Complaint, all other pleadings and files in this matter,

11 and such other and further argument which may be presented at the hearing on this matter.

12 Dated:  October 12, 2006

GREENBERG TRAURIG

By _____
    William J. Goines
    Jeremy A. Meier
    Karen Rosenthal
    Alisha M. Louie
    Attorneys for Defendants Polo Ralph
    Lauren Corporation; Polo Retail, LLC;
    Fashions Outlet of America, Inc.; and Polo
    Retail Corporation

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.      Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 12, 2006, I served the following documents:

**NOTICE OF HEARING OF DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**

☐    by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐    by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐    **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.           Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin      Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.          807 Montgomery St.
San Francisco, CA 94111         San Francisco, CA 94133
(Fax: 415-627-9076)            (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

1   I declare under penalty of perjury under the laws of the State of California that the foregoing is
2   true and correct.

3   Executed on October 12, 2006, at East Palo Alto, California.

4                                     Cathy Sandifer

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MESSAGE CONFIRMATION

10/12/2006   14:29
ID=GREENBERG TRAURG LLP

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|----|-------|--------|------|
| 10/12 | 07'01" | 415 627 9076 | TX | 038 | OK | 0000 |

10/12/2006    14:21    GREENBERG TRAURG LLP → 321#093800#914156279076#    NO.442    P001

# Greenberg Traurig

**Transmittal Cover Sheet**

**From: Cathy Sandifer, Secretary to**    **Tel:**    **E-Mail:**
**William J. Goines**    **650.289.7862**    sandiferc@gtlaw.com

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|------------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

| | |
|---|---|
| **File No.:** | 62321-093800 |
| **Re:** | Otsuka, et al. v. Polo Ralph Lauren Corporation, et al. |
| **Date:** | October 12, 2006 |
| **No. Pages:** | Including Cover Sheet   3 8 |
| | *If you do not receive all pages properly, please call the sender.* |
| **Notes:** | Please see the attached Demurrer documents and our Case Management Statement, which were filed this afternoon with the court. |

**Also sent via:**    ☐ US Mail    ☐ Overnight    ☐ Messenger    ☐ Email    ☒ No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508
SV 346081283v1

## MESSAGE CONFIRMATION

10/12/2006  16:38
ID=GREENBERG TRAURG LLP

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|----- |-------|--------|------|
| 10/12 | 00'12" | 4153919432 | TX | 038 | OK | 0000 |

10/12/2006    16:29    GREENBERG TRAURG LLP → 321#093800#914153919432#    NO.451    P001

# Greenberg Traurig

**Transmittal Cover Sheet**

**From: Cathy Sandifer, Secretary to William J. Goines**

**Tel:** 650.289.7862

**E-Mail:** sandiferc@gtlaw.com

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|------------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

| | |
|---|---|
| **File No.:** | 62321-093800 |
| **Re:** | Otsuka, et al. v. Polo Ralph Lauren Corporation, et al. |
| **Date:** | October 12, 2006 |
| **No. Pages:** | Including Cover Sheet   3 8 |
| | <u>If you do not receive all pages properly, please call the sender.</u> |
| **Notes:** | Please see the attached Demurrer documents and our Case Management Statement, which were filed this afternoon with the court. |

Also sent via:  ☐ US Mail   ☐ Overnight   ☐ Messenger   ☐ Email   ☒ No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303  Phone: 650.328.8500  Fax: 650.328.8508

SV 346081283v1

1  WILLIAM J. GOINES (SBN 061290)
   JEREMY A. MEIER (SBN 139849)
2  KAREN ROSENTHAL (SBN 209419)
   ALISHA M. LOUIE (SBN 240863)
3  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
4  East Palo Alto, California  94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508
   Email:  goinesw@gtlaw.com
6          meierj@gtlaw.com
           rosenthalk@gtlaw.com
7          louiea@gtalw.com

8  Attorneys for Defendants Polo Ralph Lauren
   Corporation, Polo Retail, LLC, Fashions Outlet
9  of America, Inc., and Polo Retail Corporation

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

OCT 1 2 2006

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUIT _____
Deputy Clerk

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              FOR THE COUNTY OF SAN FRANCISCO

13

14  ANN OTSUKA, an individual; JANIS KEEFE,        Case No. CGC-06-452655
    an individual; CORINNE PHIPPS, an
15  individual; and JUSTIN KISER, an individual;
    and on behalf of all others similarly situated,
16                                                 **MEMORANDUM OF POINTS AND**
                   Plaintiffs,                     **AUTHORITIES IN SUPPORT OF**
17                                                 **DEFENDANTS' DEMURRER TO FIRST**
                                                   **AMENDED COMPLAINT**
       v.
18
    POLO RALPH LAUREN CORPORATION, a             Date:      November 15, 2006
19  Delaware Corporation; POLO RETAIL, LLC., a   Time:      9:30 a.m.
    Delaware Corporation; POLO RALPH            Dept.:      301
20  LAUREN CORPORATION, a Delaware
    Corporation, doing business in California as                    **BY FAX**
21  POLO RETAIL CORP; FASHIONS OUTLET
    OF AMERICA, INC., a Delaware Corporation    Date Filed:  May 30, 2006
22  and DOES 1-500, inclusive,

23                 Defendants.

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION.................................................................................................1

II.  PLAINTIFFS' FACTUAL ALLEGATIONS ...................................................1

III. LEGAL ARGUMENT ..........................................................................................2

    A.  RELEVANT LEGAL STANDARD ............................................................2

    B.  THE DEMURRER TO THE FIRST CAUSE OF ACTION FOR FRAUD
        SHOULD BE SUSTAINED BECAUSE IT IS NOT PLED WITH THE
        REQUISITE PARTICULARITY. .................................................................3

    C.  PLAINTIFFS' SECOND CAUSE OF ACTION FOR FALSE
        IMPRISONMENT SHOULD BE SUSTAINED BECAUSE IT IS BARRED
        BY THE STATUTE OF LIMITATIONS AND PLAINTIFFS' COMPLAINT
        FAILS TO ALLEGE SUFFICIENT FACTS SUPPORTING THEIR
        CLAIMS. ........................................................................................................6

        1.  The Claim of False Imprisonment By Plaintiffs Otsuka, Phipps and Keefe
           Should Be Dismissed Since These Claims Are Barred By the Statute of
           Limitations. ..............................................................................................6

        2.  The Demurrer Should Be Sustained Since Plaintiffs Have Pled That They
           Consented to Loss Prevention Searches ...................................................6

        3.  Plaintiffs' False Imprisonment Cause Of Action Is Barred By The Exclusive
           Remedy Provisions Of The Workers' Compensation Law ......................7

    D.  THE DEMURRER TO THE SEVENTH, EIGHTH, AND THIRTEENTH
        CAUSES OF ACTION FOR VIOLATIONS OF LABOR CODE SECTIONS
        226.7, 226, AND 2699 SHOULD BE SUSTAINED AS TO PLAINTIFFS
        OTSUKA, PHIPPS AND KEEFE BECAUSE EACH OF THESE ALLEGED
        STATUTORY VIOLATIONS HAS A ONE-YEAR STATUTE OF
        LIMITATIONS...............................................................................................8

        1.  Labor Code Section 226.7 .......................................................................9

        2.  Labor Code Section 2699 ........................................................................9

        3.  Labor Code Section 226 ........................................................................10

    E.  THE DEMURRER TO THE ELEVENTH CAUSE OF ACTION FOR
        UNJUST ENRICHMENT SHOULD BE SUSTAINED BECAUSE UNJUST
        ENRICHMENT IS NOT A CAUSE OF ACTION. .................................12

IV.  CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

Page

**State Cases**

Ankeny v. Lockheed Missiles & Space Co.
  88 Cal. App. 3d 531 (1979)..............................................................................3

Committee on Children's Television, Inc.
  35 Cal. 3d 197 ...................................................................................................5

County of Los Angeles v. Ballerino
  99 Cal. 593 (1893)...........................................................................................11

County of San Diego v. Milotz
  46 Cal.2d 761 (1956).......................................................................................11

Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange
  132 Cal. App. 4th 1076 (2005)..........................................................................2

Dunlap v. Superior Court
  142 Cal. App. 4th 330 (2006)..........................................................................10

Fermino v. Fedco, Inc.
  7 Cal.4th 701 (1994).....................................................................................7, 8

Friedland v. City of Long Beach
  62 Cal. App. 4th 835 (1998)..............................................................................2

Goldrich v. Natural Y Surgical Specialties, Inc.
  25 Cal. App. 4th 772 (1994)..............................................................................5

Kaufman v. Brown
  93 Cal. App. 2d 508 (1949)...............................................................................6

Kong v. City of Hawaiian Gardens Redevelopment Agency,
  108 Cal. App. 4th 1028 (2002)..........................................................................2

Lazar v. Superior Court
  12 Cal. 4th 631 (1996) ......................................................................................3

McBride v. Boughton
  123 Cal.App.4th 379 (2004).............................................................................12

Melchior v. New Line Productions, Inc.
  106 Cal.App.4th 779 (2003).............................................................................12

Menefee v. Ostawari
  228 Cal. App. 3d 239 (1991)............................................................................11

Montclair Parkowners Assn. v. City of Montclair
  76 Cal. App. 4th 784 (1999)..............................................................................2

Moore v. Conliffe
  7 Cal. 4th 634 (1994) ........................................................................................2

Murphy v. Kenneth Cole Productions
   130 P.3d 519 (2006) ........................................................................................................9

Robinson Helicopter Co., Inc. v. Dana Corp.
   34 Cal. 4th 979, 993 (2004) ...........................................................................................3

Stansfield v. Starkey
   220 Cal. App. 3d 59 (1990) ............................................................................................3

Tyco Indus. v. Superior Court
   164 Cal. App. 3d 148 (1984) ..........................................................................................3

**State Statutes**

Cal. Civ. Proc. Code § 1021.5 ................................................................................................11

Cal. Civ. Proc. Code § 338 .......................................................................................................9

Cal. Civ. Proc. Code § 340 ..................................................................................................9, 11

Cal. Civ. Proc. Code § 340(a) .............................................................................................9, 10

Cal. Civ. Proc. Code § 340(c) ..................................................................................................6

Cal. Civ. Proc. Code § 430.10(e) .............................................................................................2

Cal. Civ. Proc. Code § 430.10(f) ..............................................................................................3

Cal. Lab. Code § 111 ..............................................................................................................11

Cal. Lab. Code § 226 ........................................................................................................10, 11

Cal. Lab. Code § 226(f) ..........................................................................................................11

Cal. Lab. Code § 226.7 .............................................................................................................9

Cal. Lab. Code § 2699 ............................................................................................................10

Cal. Lab. Code § 2699.3 .........................................................................................................10

Cal. Lab. Code § 3600(a) ..........................................................................................................7

Cal. Lab. Code §§ 3600, 3602 ..................................................................................................7

Cal. Pen. Code, § 236 ...............................................................................................................6

## I.    INTRODUCTION

Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America, Inc., and Polo Retail Corporation (collectively referred to herein as "Polo") hereby demur to the First Amended Complaint ("Complaint") of Plaintiffs Ann Otsuka, an individual, Janis Keefe, an individual, Corinne Phipps, an individual, and Justin Kiser, an individual, and on behalf of all other individuals similarly situated (collectively referred to herein as "Plaintiffs") as follows.

Polo demurs to the following causes of action alleged against them in Plaintiffs' Complaint: the First Cause of Action for Fraud, the Second Cause of Action for False Imprisonment, the Seventh Cause of Action for Willful Failure to Provide Rest Periods (as to claims by Plaintiffs Otsuka, Phipps and Keefe), the Eighth Cause of Action for Willful Violations of Labor Code §§ 226 (as to claims of Plaintiffs Otsuka, Phipps and Keefe), the Eleventh Cause of Action for Unjust Enrichment, and the Thirteenth Cause of Action for Recovery Under the Private Attorneys General Act (as to claims of Plaintiffs Otsuka, Phipps and Keefe). For the reasons discussed in greater detail below, Plaintiffs' Complaint fails to allege facts necessary to establish the elements of those claims and/or allege those facts with the required specificity to withstand demurrer and/or allege the violations within the requisite statutes of limitation periods.

Accordingly, Polo's demurrer to each of the above causes of action should be sustained.

## II.    PLAINTIFFS' FACTUAL ALLEGATIONS

As pled on the face of their Complaint, Plaintiffs base their causes of action for Fraud, False Imprisonment, Willful Failure to Provide Rest Periods, Willful Violations of Labor Code § 226, Unjust Enrichment, and Recovery Under the Private Attorneys General Act on the following factual allegations:

- Defendants do not provide employees with a base rate of pay as Defendants promise in their Sales Associate Handbook. Complaint, ¶ 13, p. 4. Defendants have established a wage system they call "Base Rate Against Commission," and which they characterize as a bone fide commission based system, when it fact it is not. Defendants' wage system is an illegal scheme designed to avoid the wage rules and overtime regulations. Complaint, ¶ 13, p. 7.

- Defendants falsely promise employees that they will perform an end-of the-year wage reconciliation to determine which employees are eligible to receive premium overtime compensation for work performed during the entire course of the previous year; however, Defendants have failed to do so. Complaint, ¶ 13, pp. 4-5.

- Defendants represent to all of their employees that they will be permitted to take two 15-minute rest breaks during an eight-hour shift; however, Defendants do not, in fact, provide employees with rest breaks. Complaint, ¶ 13, pp. 4, 6-7.

- Defendants routinely require all of their employees to perform work "off the clock" for which they are not paid. Complaint, ¶ 13, p. 5. Defendants routinely fraudulently manipulate Plaintiffs' time records to keep Defendants' employees from receiving wages for all hours they worked. Complaint, ¶ 13, p. 5.

- Defendants require employees at the end of their shifts to stand in line and/or remain in their locked stores, for up to one half hour to undergo a loss prevention search by managers after the employees have clocked out. Complaint, ¶ 13, pp. 5-6.

- Defendants fail to maintain proper records memorializing the hours worked by their employees, the compensation paid to them, and the debits made to their wages, and fail to make accurate payroll records available upon request. Complaint, ¶ 13, p. 8.

- Defendants maintain an illegal and unconscionable charge back or returns policy that permits Defendants to collect from their employees' wages previously paid. Because Defendants have misclassified their employees as bona fide commissioned employees, Defendants' application of a commission-based charge back system is illegal, inequitable and unconscionable. Complaint, ¶ 13, p. 7.

- Defendants expressly prohibit their employees from disclosing their wages to fellow employees. Complaint, ¶ 13, p. 9.

## III.    LEGAL ARGUMENT

### A.    RELEVANT LEGAL STANDARD

A demurrer tests the sufficiency of a complaint, i.e., whether the complaint states facts sufficient to constitute a cause of action upon which relief may be based. Kong v. City of Hawaiian Gardens Redevelopment Agency, 108 Cal. App. 4th 1028, 1037 (2002), citing Cal. Civ. Proc. Code § 430.10(e); Friedland v. City of Long Beach, 62 Cal. App. 4th 835, 841-42 (1998). In determining whether the complaint states facts sufficient to constitute a cause of action, the trial court may consider all well-pled material facts pleaded in the complaint and those arising by reasonable implication. Kong, 108 Cal. App. 4th at 1037; Doheny Park Terrace Homeowners Assn., Inc. v. Truck Ins. Exchange, 132 Cal. App. 4th 1076, 1096 (2005). The court may not consider contentions, deductions or conclusions of fact or law. Kong, 108 Cal. App. 4th at 1037 citing Moore v. Conliffe, 7 Cal. 4th 634, 638 (1994); Montclair Parkowners Assn. v. City of Montclair, 76 Cal. App. 4th 784, 790 (1999).

//

A demurrer also lies where the pleading is "uncertain," i.e., when it is ambiguous or unintelligible. Cal. Civ. Proc. Code § 430.10(f). "[I]n pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise. Those recitals, references to, or allegations of material facts which are left to surmise are subject to special demurrer for uncertainty." Ankeny v. Lockheed Missiles & Space Co., 88 Cal. App. 3d 531, 537 (1979).

A court may sustain a demurrer without leave to amend if it reasonably appears that the complaint does not state factual allegations sufficient to support a cause of action, and that no amendment will cure the defects. See Tyco Indus. v. Superior Court, 164 Cal. App. 3d 148 (1984).

**B.    THE DEMURRER TO THE FIRST CAUSE OF ACTION FOR FRAUD SHOULD BE SUSTAINED BECAUSE IT IS NOT PLED WITH THE REQUISITE PARTICULARITY.**

Plaintiffs' first cause of action for fraud fails because Plaintiffs do not allege facts constituting the alleged fraud with sufficient particularity to withstand demurrer under California law.

In California, "fraud must be pled specifically; general and conclusory allegations do not suffice." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 993 (2004), citing Lazar v. Superior Court, 12 Cal. 4th 631, 645 (1996). This particularity requirement necessitates pleading facts which "'show how, when, where, to whom, and by what means the representations were tendered.'" Lazar at 645, citing Stansfield v. Starkey, 220 Cal. App. 3d 59, 73 (1990).

Plaintiffs' actual descriptions fall far short of the specificity required to plead a valid fraud claim. Plaintiffs offer only cursory general allegations, which fail to provide the facts required for fraud allegations.

The following facts are alleged on behalf of *all* Plaintiffs:

- Polo misrepresented to Plaintiffs "the wages they will be paid while working at Defendants' stores." Complaint, ¶ 70(a).

- Polo promised their employees that "their base rate of pay, computed as the employees' hourly pay rate times the hours actually worked, would serve as a guaranteed minimum wage payment," and that while employees "may earn additional wages by selling more products, they will never be paid less than their base rate of pay." Complaint, ¶ 70(a).

- Polo misrepresented to Plaintiffs that "they will perform an end-of-the-year wage reconciliation and pay premium overtime wages" and that Polo "will properly record their employees' time and pay all wages due in a timely manner." Complaint, ¶ 70(b).

- Polo misrepresented that employees "will be provided rest breaks in compliance with California law." Complaint, ¶ 70(c).

- When Plaintiffs "began working for Defendants," Tin Hua, General Manager, told Plaintiffs that they would "be compensated as a draw versus commission employee". Complaint, ¶¶ 16 (Plaintiff Otsuka), 26 (Plaintiff Phipps), 37 (Plaintiff Kiser), and 47 (Plaintiff Keefe).

- Plaintiffs were told that their wages would increase as they increased their sales. Complaint, ¶¶ 16 (Plaintiff Otsuka), 26 (Plaintiff Phipps), 37 (Plaintiff Kiser), and 47 (Plaintiff Keefe).

The individual Plaintiffs alleged certain facts, specific to each Plaintiff, in addition to the general allegations set forth above. The following facts are alleged on behalf of **Plaintiff Otsuka**:

- Otsuka was told that she "would receive greater compensation for sales made in excess of her target sales goals, based on a commission rate of 8% of sales." Complaint, ¶ 16.

- Otsuka was told that "her base rate, based on her hourly wage multiplied by the total hours she worked, would serve as a guaranteed wage payment." Complaint, ¶ 16.

- Otsuka was "promised healthcare insurance after she worked for 90 days." Complaint, ¶ 17.

The following facts are alleged on behalf of **Plaintiff Phipps**:

- Phipps was told that her "hourly rate would constitute a base guaranteed wage." Complaint, ¶ 26.

- Phipps was "promised healthcare insurance after she worked for 90 days." Complaint, ¶ 27.

The following facts are alleged on behalf of **Plaintiff Kiser**:

- Kiser was told that his "hourly rate would constitute a base guaranteed wage." Complaint, ¶ 37.

The following facts are alleged on behalf of **Plaintiff Keefe**:

- Keefe was told that her "hourly rate would constitute a base guaranteed wage." Complaint, ¶ 47.

- Keefe was "promised healthcare insurance after she worked for 90 days." Complaint, ¶ 48.

//

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO FIRST AMENDED COMPLAINT

1    The above general allegations are insufficient as a matter of law to plead a cause of action

2  for fraud because the allegations are not pled with the requisite particularity.  Plaintiffs fail to

3  provide basic information about the alleged false statements and misrepresentations, including:

4    **WHO:**    Plaintiffs frequently allege that "Defendants" made misrepresentations,

5             without indicating the person who made such statements.

6    **WHEN:**   Plaintiffs fail to indicate precisely when each alleged false statement was

7             made.  Plaintiffs only offer a vague time frame such as "when [Plaintiff]

8             began working for Defendants".  Such a description fails to provide

9             sufficient information for Polo to investigate when Plaintiffs were given

10            allegedly false information.

11   **WHERE:**  Plaintiffs do not identify where the alleged false representations were made.

12   **HOW:**    Plaintiffs fail to describe the means by which Polo made allegedly false

13            statements; i.e., the context of the representations and whether those

14            representations were oral, written or a combination of both.

15    As the claims are currently pled, Plaintiffs have not provided enough detail to enable Polo

16  or the Court to assess whether the alleged statements constitute fraud.  See Goldrich v. Natural Y

17  Surgical Specialties, Inc., 25 Cal. App. 4th 772 (1994) ("Even in a case involving numerous oft-

18  repeated misrepresentations, the plaintiff must, at a minimum, set out a representative selection of

19  the alleged misrepresentations sufficient to permit the trial court to ascertain whether the

20  statements were material or otherwise actionable." Id. at 783, citing Committee on Children's

21  Television, Inc., 35 Cal. 3d 197 at 218).

22    "To withstand a demurrer, the facts constituting every element of the fraud must be alleged

23  with particularity, and the claim cannot be salvaged by references to the general policy favoring the

24  liberal construction of pleadings." Goldrich, 25 Cal. 4th at 782-783 (emphasis added).

25    In the present case, the Complaint does not sufficiently state the facts necessary to properly

26  allege fraud.  Thus, Polo's demurrer to Plaintiffs' first cause of action for fraud should be

27  sustained.

28

**C.    PLAINTIFFS' SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT SHOULD BE SUSTAINED BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS AND PLAINTIFFS' COMPLAINT FAILS TO ALLEGE SUFFICIENT FACTS SUPPORTING THEIR CLAIMS.**

Plaintiffs have alleged that Polo falsely imprisoned Plaintiffs because Polo allegedly requires employees at the end of their shifts to stand in line and/or remain in their locked stores, for up to one half hour, to undergo a loss prevention search by managers after the employees have clocked out.  Complaint, ¶ 13, pp. 5-6.  For the reasons set forth below, Polo's demurrer should be sustained.

**1.    The Claim of False Imprisonment By Plaintiffs Otsuka, Phipps and Keefe Should Be Dismissed Since These Claims Are Barred By the Statute of Limitations.**

As a preliminary matter, Plaintiffs' cause of action for false imprisonment as to Plaintiffs Otsuka, Phipps and Keefe is time barred under Code of Civil Procedure section 340(c). Under this provision, an action for false imprisonment must be pled within one year after the cause of action arose. Code Civ. Proc. § 340(c); Kaufman v. Brown, 93 Cal. App. 2d 508 (1949). Since Plaintiffs' Complaint was filed on May 30, 2006, a cause of action for false imprisonment must have arisen no sooner than May 30, 2005. Since, as Plaintiffs allege, Otsuka terminated her employment with Polo in or about November 2004 (Complaint ¶ 1), Phipps in or about December 2004 (Complaint ¶ 2), and Keefe in or about December 2004 (Complaint ¶ 4), the cause of action for false imprisonment as to these Plaintiffs is time-barred by the statute of limitations imposed by section 340(c). Accordingly, the Demurrer as to Plaintiffs' second cause of action should be sustained as to Plaintiffs Otsuka, Phipps and Keefe.

**2.    The Demurrer Should Be Sustained Since Plaintiffs Have Pled That They Consented to Loss Prevention Searches**

Since Plaintiffs have pled that they consented to the inspection of their shopping bags, briefcases, totes, handbags or other items ("loss prevention searches") by Polo, Plaintiffs' Complaint fails to allege facts that support their cause of action for false imprisonment. False imprisonment is "the unlawful violation of the personal liberty of another." Pen. Code, § 236. To properly plead a cause of action for false imprisonment, Plaintiffs must show: (1) the

– 6 –

1 nonconsensual, intentional confinement of a person; (2) without lawful privilege, and (3) for an
2 appreciable period of time, however brief. <u>Fermino v. Fedco, Inc.</u> (1994) 7 Cal.4th 701, 715. For the
3 reasons that will be discussed below, Polo's demurrer should be sustained as to this cause of action
4 because Plaintiffs are unable to show that they were intentionally confined without their consent.

5       Here, Plaintiffs specifically pled that they "were warned in Defendants' Retail Employee
6 Handbook at page 26, that all packages and bags are subject to inspection before the employee may
7 exit the store, and that this requirement is 'a condition of employment.'" (Complaint at ¶13, pp
8 6:13-16.) By becoming employees of Polo, Plaintiffs consented to this particular condition of
9 employment. Accordingly, "loss prevention searches" is an explicit condition of employment for
10 which Plaintiffs provided their consent. Loss prevention searches —without more—cannot form
11 the basis of a false imprisonment claim. Plaintiffs' own factual allegations show that they
12 consented to loss prevention searches.

13       **3.**    **<u>Plaintiffs' False Imprisonment Cause Of Action Is Barred By The</u>**
                **<u>Exclusive Remedy Provisions Of The Workers' Compensation Law</u>**
14
15       Plaintiffs' cause of action for false imprisonment is further barred by the exclusivity
16 provisions of the Workers' Compensation Act ("exclusivity provisions")(Lab. Code §§ 3600,
17 3602). Since Plaintiffs' factual allegations do not amount to false imprisonment, as discussed
18 above, because Plaintiffs consented to "loss prevention searches" as a condition of their
19 employment, the "loss prevention searches" are therefore part of the compensation bargain and are
20 barred from being actionable under the exclusivity provisions of the Workers' Compensation Act.

21       Under Labor Code section 3600(a), workers' compensation liability exists "in lieu of any
22 other liability whatsoever" against any employer for injury sustained by its employees "arising out
23 of and in the course of employment." Lab. Code § 3600(a). "[T]he basis for the exclusivity rule in
24 workers' compensation law is the 'presumed' 'compensation bargain,' pursuant to which the
25 employer assumes liability for industrial personal injury or death without regard to fault in
26 exchange for limitations on the amount of that liability. <u>Fermino</u>, 7 Cal.4th at 708. The very issue
27 of whether the exclusivity provisions of the Workers' Compensation Act barred an employee's
28 civil action for false imprisonment was the subject of <u>Fermino v. Fedco</u>, <u>supra</u>.

1    In <u>Fermino</u>, the plaintiff brought an action for false imprisonment against defendant

2  employer. The plaintiff alleged that she was falsely imprisoned when she was interrogated in a

3  windowless room at work, where she was accused of stealing. Plaintiff employee made allegations

4  that she was kept in the room against her will for more than an hour and was released only when

5  she became hysterical. In determining whether an action for false imprisonment is barred by the

6  exclusivity provisions, the court found that reasonable attempts to investigate an employee for

7  theft, including interrogation, are a normal part of the employment relationship and entitled to the

8  protection of the exclusivity provisions. <u>Id.</u> at 717. However, actions by an employer that go

9  beyond the bounds of reasonable interrogations and detention, such that the actions amount to false

10  imprisonment, are not entitled to protection under the exclusivity provisions. <u>Id.</u> Accordingly, the

11  court found that once it is determined that false imprisonment has taken place, the action of the

12  employer "cannot be said to be a normal aspect of the employment relationship" and therefore is

13  "always outside the scope of the compensation bargain." <u>Id.</u> at 723.

14    Whereas here, Plaintiffs have failed to allege facts supporting their cause of action for false

15  imprisonment since they allege facts showing their <u>consent</u> to Polo's "loss prevention searches"

16  and since they fail to allege facts that show that Polo's loss prevention searches were done outside

17  the scope of a reasonable attempt to investigate employee theft as part of a normal course of the

18  employment relationship, the exclusivity provisions remain in effect and bar Plaintiffs' cause of

19  action for false imprisonment.

20    Accordingly, Plaintiffs' cause of action for false imprisonment is not sufficiently pled and

21  Polo's demurrer should be sustained.

22    **D.    THE DEMURRER TO THE SEVENTH, EIGHTH, AND THIRTEENTH
           CAUSES OF ACTION FOR VIOLATIONS OF LABOR CODE SECTIONS
23         226.7, 226, AND 2699 SHOULD BE SUSTAINED AS TO PLAINTIFFS
           OTSUKA, PHIPPS AND KEEFE BECAUSE EACH OF THESE ALLEGED
24         STATUTORY VIOLATIONS HAS A ONE-YEAR STATUTE OF
           LIMITATIONS.**

25

26    Polo demurs to the Seventh, Eighth and Thirteenth Causes of Action because the claims are

27  precluded by California's one-year statute of limitations for actions seeking penalties.  California

28

1   Code of Civil Procedure § 340(a) provides a *one-year* statute of limitations for "an action upon a
2   statute for a penalty or a forfeiture, if the action is given to an individual, or to an individual and
3   the state[.]"  Any liability constituting a penalty is unambiguously excepted from the three-year
4   statute of limitations period of Code of Civil Procedure § 338, subdivision (a), which applies to
5   "[a]n action upon a liability created by statute, *other than a penalty* or forfeiture." (emphasis
6   added.)

7          In this instance, Plaintiffs allege certain California Labor Code violations which subject
8   Polo to penalties and are therefore subject to the one-year statute of limitations set forth under
9   California Code of Civil Procedure § 340.

10                    **1.    Labor Code Section 226.7**

11         California Labor Code § 226.7 creates a penalty to which the one-year limitations period of
12   Code of Civil Procedure § 340(a), applies.  Labor Code § 226.7 provides:

13                 (b) If an employer fails to provide an employee a meal period or rest
                   period in accordance with an applicable order of the Industrial
14                 Welfare Commission, the employer shall pay the employee one
                   additional hour of pay at the employee's regular rate of compensation
15                 for each work day that the meal or rest period is not provided.

16   Cal Lab Code § 226.7.

17         Any payments made under this section are not an employee benefit given for labor
18   performed, but instead are a sanction or punishment for failure to provide work accommodations
19   such as adequate meal breaks.[1]  Because Labor Code § 226.7 reflects a penalty for statute of
20   limitations purposes, the one-year limitations period applies, and Plaintiffs failed to bring this
21   action within one year.

22                    **2.    Labor Code Section 2699**

23         Plaintiffs have asserted that they intend to serve as private attorneys general under the
24   California Private Attorneys General Act of 2004 ("PAG Act"), Labor Code §§ 2699 *et seq.*  Labor
25   Code § 2699 provides:

26

27   [1] Several California cases in the last decade have held that payments made under Labor Code §
     226.7 are penalties; however, the California Supreme Court granted review of this issue on
28   February 22, 2006.  See Murphy v. Kenneth Cole Productions, 130 P.3d 519, 40 Cal. Rptr. 3d
     750 (2006).

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a *civil action brought by an aggrieved employee* on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal Lab Code § 2699 (emphasis added). This statute provides that Plaintiffs can step into the state agency's shoes and sue to recover penalties owed by an employer. Such penalties are split with the state following recovery.

The Act allows employees to sue employers directly for civil penalties for purported Labor Code violations. As courts have recognized, "the PAG Act empowers or deputizes an aggrieved employee to sue for *civil penalties* 'on behalf of himself or herself and other current or former employees'". Dunlap v. Superior Court, 142 Cal. App. 4th 330, 337 (2006) (emphasis added). The statute's legislative history indicates that the PAC Act provides for recovery of penalties:

> The Legislature declared its intent as follows: "(c) Staffing levels for state labor law enforcement agencies have, in general, declined over the last decade and are likely to fail to keep up with the growth of the labor market in the future. [P] (d) It is therefore in the public interest to provide that *civil penalties* for violations of the Labor Code may also be assessed and collected by aggrieved employees acting as private attorneys general, while also ensuring that state labor law enforcement agencies' enforcement actions have primacy over any private enforcement efforts undertaken pursuant to this act." (Stats. 2003, ch. 906, § 1.)

Dunlap, 142 Cal. App. 4th at 337 (2006) (emphasis added).

Plaintiffs have indicated in the Complaint that they are seeking penalties. Complaint, ¶ 160 (Plaintiffs are entitled "to seek and collect statutory penalties available under the Private Attorneys General Act and on behalf of the State of California"). Accordingly, such claims fall within the one-year statute of limitations under Cal. Code Civ. Proc. §340(a).

### 3.    **Labor Code Section 226**

Labor Code § 226 provides that a failure by an employer to permit a current or former employee to inspect or copy records as set forth in the section "entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from

1  the employer." Cal Lab Code § 226(f).  An employee "may also bring an action for injunctive

2  relief to ensure compliance with this section".

3      Courts have discussed the general characteristics of a penalty. In considering a statute that

4  reduced a court reporter's compensation by one-half when a transcript was late, the court in <u>County</u>

5  <u>of San Diego v. Milotz</u>, 46 Cal.2d 761 (1956), stated:

6      The term "penalty" has a very comprehensive meaning. While often used as
       synonymous with the word "punishment," or as including a sum payable upon the
7      breach of a private contract, it has also the more restricted meaning of a sum of
       money made payable by way of punishment for the nonperformance of an act or for
8      the performance of an unlawful act, and which, in the former case, stands in lieu of
       the act to be performed.

9
       <u>Id</u>. at 766.
10
       Causes of action "based upon statutes which provide for mandatory recovery of
11
    damages additional to actual losses incurred, such as treble damages, are considered penal
12
    in nature, and thus are governed by the one-year limitations period under section 340,
13
    subdivision (1)." <u>Menefee v. Ostawari</u>, 228 Cal. App. 3d 239, 243 (1991).  The statutory
14
    penalty in Code of Civil Procedure section 340:
15
       is one which an individual is allowed to recover against a wrong-doer, as a
16     satisfaction for the wrong or injury suffered, and without reference to the actual
       damage sustained, or one which is given to the individual and the state as a
17     punishment for some act which is in the nature of a public wrong.

18  <u>County of Los Angeles v. Ballerino</u>, 99 Cal. 593, 596 (1893).  The foregoing cases indicate

19  that a statute like Labor Code § 226 that imposes a payment without regard to the actual

20  loss suffered is in the nature of a penalty.

21      Even Plaintiffs have indicated they are seeking *penalties* for violation of Labor Code § 226.

22  Complaint, ¶ 111 ("Plaintiffs and Class members are entitled to penalties and attorneys' fees

23  pursuant to Labor Code § 111 and California Code of Civil Procedure § 1021.5.")  Accordingly,

24  because only penalties are sought, this cause of action is subject to the one-year statute of

25  limitations.

26      Since Plaintiffs' Complaint was filed on May 30, 2006, the Seventh, Eighth and Thirteenth

27  Causes of Action must have arisen no earlier than May 30, 2005.  Plaintiffs allege that Otsuka

28

- 11 -

1 | terminated her employment with Polo in or about November 2004 (Complaint, ¶ 1), Phipps in or

2 | about December 2004 (Complaint, ¶ 2), and Keefe in or about December 2004 (Complaint, ¶ 4).

3 | These causes of action are time-barred by California's one-year statute of limitations for actions

4 | seeking penalties.  Accordingly, Polo's Demurrer to the Seventh, Eighth and Thirteenth Causes of

5 | Action should be sustained as to Plaintiffs Otsuka, Phipps and Keefe.

6 |       E.     **THE DEMURRER TO THE ELEVENTH CAUSE OF ACTION FOR UNJUST**

              **ENRICHMENT SHOULD BE SUSTAINED BECAUSE UNJUST**

7 |               **ENRICHMENT IS NOT A CAUSE OF ACTION.**

8 |       Polo hereby demurs to Plaintiffs' eleventh cause of action for unjust enrichment on the

9 | ground that unjust enrichment is not a cause of action.  Courts have recognized that a claim for

10 | unjust enrichment is, in effect, a claim for an award of restitution:

11 |       The first cause of action is labeled as one for "unjust enrichment."

      Unjust enrichment is not a cause of action, however, or even a

12 |       remedy, but rather " ' "a general principle, underlying various legal

      doctrines and remedies" ' . . [Citation.] It is synonymous with

13 |       restitution. [Citation.]"

14 | McBride v. Boughton, 123 Cal.App.4th 379, 387 (2004), citing Melchior v. New Line Productions,

15 | Inc. 106 Cal.App.4th 779, 793 (2003).

16 |       Because unjust enrichment is not a cause of action, Polo's demurrer should be sustained.

17 | **IV.**     **CONCLUSION**

18 |       For the reasons stated above, Polo respectfully requests that the Court sustain its demurrer.

19 | Dated:  October 12, 2006

20 |                        GREENBERG TRAURIG, LLP

21 |

22 |                        By _____

                         William J. Goines, Esq.

23 |                          Jeremy A. Meier, Esq.

                         Karen Rosenthal, Esq.

24 |                          Alisha M. Louie, Esq.

25 |                        Attorneys for Defendants Polo Ralph Lauren

                       Corporation; Polo Retail, LLC; Fashions Outlet of

26 |                        America, Inc.; and Polo Retail Corporation

27 |

28 |

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.                Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 12, 2006, I served the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**

☐ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                     Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin            Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                  807 Montgomery St.
San Francisco, CA 94111                      San Francisco, CA 94133
(Fax: 415-627-9076)                          (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

1        I declare under penalty of perjury under the laws of the State of California that the foregoing is
2    true and correct.
3        Executed on October 12, 2006, at East Palo Alto, California.

                                        Cathy Sandifer

1  WILLIAM J. GOINES (SBN 061290)
   JEREMY A. MEIER (SBN 139849)
2  KAREN ROSENTHAL (SBN 209419)
   ALISHA M. LOUIE (SBN 240863)
3  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
4  East Palo Alto, California 94303
   Telephone: (650) 328-8500
5  Facsimile: (650) 328-8508
   Email: goinesw@gtlaw.com
6          meierj@gtlaw.com
           rosenthalk@gtlaw.com
7          louiea@gtlaw.com

8  Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Fashions Outlet
9  of America, Inc.; and Polo Retail Corporation

10

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF SAN FRANCISCO

13

14  ANN OTSUKA, an individual; JANIS KEEFE,          Case No. CGC-06-452655
    an individual; CORINNE PHIPPS, an
15  individual; and JUSTIN KISER, an individual;
    and on behalf of all other similarly situated,
16
                                                     [PROPOSED] ORDER RE:
17          Plaintiff(s),                             DEFENDANTS' DEMURRER TO FIRST
                                                     AMENDED COMPLAINT
18      v.
                                                     BY FAX
19  POLO RALPH LAUREN CORPORATION, a
    Delaware Corporation; POLO RETAIL, LLC, a
20  Delaware Corporation; POLO RALPH            Date Filed:    May 30, 2006
    LAUREN CORPORATION, a Delaware
21  Corporation, doing business in California as
    POLO RETAIL CORP; FASHIONS OUTLET
22  OF AMERICA, INC., a Delaware Corporation
    and DOES 1-500, inclusive,
23
            Defendant(s)..
24

25

26      The Demurrer of Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions

27  Outlet of America, Inc.; and Polo Retail Corporation (collectively referred to herein as

28

                                          – 1 –

1  "Defendants" or "Polo") to the First Amended Complaint ("Complaint") of Plaintiffs Ann Otsuka,
2  an individual; Janis Keefe, an individual; Corinne Phipps, an individual; and Justin Kiser, an
3  individual; and on behalf of all other similarly situated (collectively referred to herein as
4  "Plaintiffs"), having come on regularly for hearing before this court on November 15, 2006, and
5  the pleadings and oral arguments having been considered by the court, and good cause appearing
6  therefore,

7       IT IS HEREBY ORDERED as follows:

8       1.    Polo's Demurrer to the First Cause of Action to the Complaint is sustained without
9  leave to amend.  The First Cause of Action for Fraud fails to state facts sufficient to constitute a
10  cause of action against Defendants under Code of Civil Procedure § 430.10(e).

11       2.    Polo's Demurrer to the Second Cause of Action to the Complaint is sustained
12  without leave to amend.  The Second Cause of Action for False Imprisonment fails to state facts
13  sufficient to constitute a cause of action against Defendants under Code of Civil Procedure
14  § 430.10(e).

15       3.    [Alternatively,] Polo's Demurrer to the Second Cause of Action to the Complaint is
16  sustained without leave to amend with respect to Plaintiffs Otsuka, Phipps and Keefe.  Claims by
17  Plaintiffs Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth
18  in California Code of Civil Procedure § 340(a).

19       4.    Polo's Demurrer to the Seventh Cause of Action to the Complaint is sustained
20  without leave to amend with respect to Plaintiffs Otsuka, Phipps and Keefe.  Claims by Plaintiffs
21  Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth in
22  California Code of Civil Procedure § 340(a).

23       5.    Polo's Demurrer to the Eighth Cause of Action to the Complaint is sustained
24  without leave to amend with respect to Plaintiffs Otsuka, Phipps and Keefe.  Claims by Plaintiffs
25  Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth in
26  California Code of Civil Procedure § 340(a).

27  //

28

[PROPOSED] ORDER RE: DEFENDANTS' DEMURRER TO FAC

1   6.    Polo's Demurrer to the Eleventh Cause of Action to the Complaint is sustained

2   without leave to amend.  The Eleventh Cause of Action for Unjust Enrichment fails to state facts

3   sufficient to constitute a cause of action against Defendants under Code of Civil Procedure

4   § 430.10(e).

5   7.    Polo's Demurrer to the Thirteenth Cause of Action to the Complaint is sustained

6   without leave to amend with respect to Plaintiffs Otsuka, Phipps and Keefe.  Claims by Plaintiffs

7   Otsuka, Phipps and Keefe are time-barred by the one-year statute of limitations set forth in

8   California Code of Civil Procedure § 340(a).

9

10  Dated: _____, 2006.

11                                              _____
                                                 Judge of the Superior Court

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER RE: DEFENDANTS' DEMURRER TO FAC

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.                    Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On October 12, 2006, I served the following documents:

**[PROPOSED] ORDER RE: DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**

☐ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                        Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin              Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                     807 Montgomery St.
San Francisco, CA 94111                         San Francisco, CA 94133
(Fax: 415-627-9076)                             (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

1       I declare under penalty of perjury under the laws of the State of California that the foregoing is

2   true and correct.

    Executed on October 12, 2006, at East Palo Alto, California.

3

                                 Cathy Sandifer