# EXHIBIT 19

CM-11

| | FOR COURT USE ONLY |

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Patrick R. Kitchin                                         162965
The Law Office of Patrick R. Kitchin
565 Commercial Street, 4th Floor
San Francisco, CA 94111

TELEPHONE NO.: (415 677-9058    FAX NO. *(Optional):* (415) 627-9076
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO  CA 94102
BRANCH NAME: SAN FRANCISCO

PLAINTIFF/PETITIONER: ANN OTSUKA, et al.

DEFENDANT/RESPONDENT: POLO RALPH LAUREN CORPORATION, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
| **(Check one):** ☒ **UNLIMITED CASE** ☐ **LIMITED CASE** | CGC-06-452655 |
| (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: October 27, 2006    Time: 9:00 a.m.    Dept.: 212    Div.:    Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Plaintiffs
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* May 30, 2006
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint    *(describe, including causes of action):*
   Putative wage and hour class action, involving claims for fraud, false imprisonment, violations of Labor Code sections 510, 204, 221, 201, 202, 203, 226 and 232, breach of contract, violations of Business and Professions Code sections 17200, et seq., unjust enrichment, violations of the Private Attorneys General Act and declaratory relief.

Page 1 o

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]
Martin Dean's Essential Forms ™
**CASE MANAGEMENT STATEMENT**
Cal. Rules of C
rule

KITCHIN

| PLAINTIFF/PETITIONER: ANN OTIXA, et al. | CGC-06-452655 |
|---|---|
| DEFENDANT/RESPONDENT: POLO RALPH LAUREN CORPORATION | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and
damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost
earnings to date, and estimated future lost earnings.) If equitable relief is sought, describe the nature of the relief.)*

This putative class action alleges that defendants violated the employment rights of
their employees in California, failing to pay wages, forcing employees to work off
the clock without pay, falsely imprisoning employees within defendants' California
stores after their work shifts were over, committing fraud in the hiring process,
breaching employment contracts, failing to keep accurate payroll records and failing
to make payroll records available for inspection upon demand.  Plaintiffs are also
serving as Private Attorneys General under California's Private Attorneys General Act
and seek penalties on behalf of themselves, all other employees who worked for
defendants within the applicable statutes of limitations and on behalf of the State
of California.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request     ☒ a jury trial     ☐ a nonjury trial  *(if more than one party, provide the name of each party
requesting a jury trial)* :

6.   **Trial date**
a.   ☐ The trial has been set for *(date)* :
b.   ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if
not, explain)* :     This putative class action is not yet at issue.

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)* :

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)* :
a.   ☒ days *(specify number)* :  Unknown at this stage
b.   ☐ hours (short causes) *(specify)* :

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial     ☒ by the attorney or party listed in the caption     ☒ by the following:
a.   Attorney:  Daniel L. Feder
b.   Firm:  The Law Offices of Daniel Feder
c.   Address:  807 Montgomery Street, San Francisco, CA 94133
d.   Telephone number:  (415)391-9476
e.   Fax number:  (415)391-9432
f.   E-mail address:
g.   Party represented:  Plaintiffs
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section)* :

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☒ has   ☐ has not     provided the ADR information package identified in rule 201.9 to the client and has
reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)* :
c.   ☐ The case has gone to an ADR process *(indicate status)* :

KITCHIN

**10. d.** The party or parties are willing to participate in (*check all that apply*):

    (1) ☒ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 day before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other (*specify*):

  **e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory lim

  **f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  **g.** ☒ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (*specify exemption*):
(b)(1), (b)(2), (b)(6), (b)(8)

## 11. Settlement conference

☒ The party or parties are willing to participate in an early settlement conference(*specify when*):
Following completion of discovery

## 12. Insurance

  **a.** ☐ Insurance carrier, if any, for party filing this statement(*name*):

  **b.** Reservation of rights: ☐ Yes ☐ No

  **c.** ☐ Coverage issues will significantly affect resolution of this case(*explain*):

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other (*specify*):

Status:

## 14. Related cases, consolidation, and coordination

  **a.** ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

  ☐ Additional cases are described in Attachment 14a.

  **b.** ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (*name party*):

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (*specify moving party, type of motion, and reasons*):

## 16. Other motions

☒ The party or parties expect to file the following motions before trial(*specify moving party, type of motion, and issues*):
Motion for summary judgment and/or summary adjudication; motion for class certification; pre-trial motions in limine; discovery-related motions if necessary

KITCHIN

PLAINTIFF/PETITIONER: ANN OT. XA

DEFENDANT/RESPONDENT: POLO RALPH LAUREN CORPORATION

CASE NUMBER
CGC-06-452655

17. **Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| PLAINTIFF | Written Discovery | 3/07 |
|  | PMK and Defendant's Managers | 6/07 |

   c. ☒ The following discovery issues are anticipated *(specify)*:

   Plaintiffs' discovery rights under the Private Attorneys General Act; class versus merits discovery issues re timing and rights

18. **Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**

   Previous case management orders in this case are *(check one)*:   ☒ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*:   ZERO

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 12, 2006

Patrick R. Kitchin
_____
(TYPE OR PRINT NAME)                              ▶ _____
                                                     (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                              ▶ _____
                                                     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2005]
*Martin Dean's Essential Forms* ™

**CASE MANAGEMENT STATEMENT**

Page 4 o

KITCHIN

**PROOF OF SERVICE**

1.    I, Karla Donis, the below signed declare, I am employed, in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is 565 Commercial Street, 4th Floor, San Francisco, California 94111.

2.    I am familiar with the office practice for depositing U.S. Mail, facsimile transmission and Federal Express routing.  In addition, I am familiar with both State and Local Rules regarding use of recycled paper and represent this document and all documents referred to herein comply with applicable recycled paper use requirements.

3.    On October 13, 2006, I served the following documents on the parties identified as follows:

**William J. Goines, Esq.**
**Greenberg Traurig, LLP**
**1900 University Ave., 5th Floor**
**East Palo Alto, CA 94303**

        ☐   **CASE MANAGEMENT STATEMENT**

4.    The manner of service is indicated below.  Please check one.



|   | I caused each such document, in an envelope, to be served by hand on the person listed above. |
|---|---|
| **X** | I caused each such document, in an envelope, with first-class postage thereon fully pre-paid, to be deposited with the U.S. Mail in San Francisco, California. |
|   | I caused each such document, to be transmitted by facsimile to the facsimile number known by me to be the facsimile number Of each of the parties listed on the attached service list. |
|   | I caused each such document, in an envelope, with Federal Express postage, postage pre-paid, to be deposited with Federal Express in San Francisco, California. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Karla Donis

_____
10/13/06
Date

**EXHIBIT 20**

PS 10/18/06

# SPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

| | |
|---|---|
| ANN OTSUKA et al | **Pretrial Department 212** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-06-452655** |
| POLO RALPH LAUREN CORPORATION A DELAWARE et al | |
| | **Order Continuing Case** |
| DEFENDANT (S) | **Management Conference** |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The OCT-27-2006 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on DEC-08-2006 in Department 212 at 9:00 AM.

CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all parties not listed on the attached proof of service within five (5) days of the date of this order. (CRC 212 (b)(2))

DATED: OCT-18-2006

ARLENE T. BORICK
_____
JUDGE/COMMISSIONER

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on OCT-18-2006 I served the foregoing Order Continuing Case Management Conference on each counsel of record or party appearing in propria persona by causing a copy thereof to be enclosed in a postage paid sealed envelope and deposited in the United States Postal Service mail box located at 400 McAllister Street, San Francisco CA 94102-4514 pursuant to standard court practice.

Dated : OCT-18-2006                         By: JEFFREY LEE

DANIEL L. FEDER  (130867)
L/O DANIEL FELDER
807 MONTGOMERY ST.
SAN FRANCISCO, CA  94133
USA

PATRICK R. KITCHIN  (162965)
565 COMMERCIAL STREET
FOURTH FLOOR
SAN FRANCISCO, CA  94111
USA

WILLIAM J. GOINES  (061290)
GREENBERG TRAURIG, LLP
1900 UNIVERSITY AVENUE, 5TH FL
EAST PALO ALTO, CA  94303
USA

WILLIAM J. GOINES  (061290)
GREENBERG TRAURIG, LLP
1900 UNIVERSITY AVENUE, 5TH FL
EAST PALO ALTO, CA  94303
USA

CERTIFICATE OF SERVICE BY MAIL
Form 000001

# EXHIBIT 21

Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Daniel Feder (SBN. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Attorneys for Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

NOV 0 2 2006

GORDON PARK-LI, Clerk
BY _____
WESLEY RAMIREZ
Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA
## CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive<br><br>    Defendants. | Case No.: CGC-06-452655<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**<br><br>**Date:** November 15, 2006<br>**Time:** 9:30 a.m.<br>**Dept:** 301<br>**Complaint Filed:** May 30, 2006 |

## I.    INTRODUCTION

Plaintiffs oppose Defendants' demurrer to the First Amended Complaint ("FAC") to the extent it challenges: (1) the Fraud claim, (2) the Labor Code §226.7 (Rest Breaks) claim and (3) the False Imprisonment claim by Plaintiff Kiser.  In these three respects, Defendants' demurrer should be overruled because it is based on an inaccurate portrayal of Plaintiffs' allegations or a misstatement of governing law.

- Defendants' argument that the **First Cause of Action for Fraud** lacks sufficient specificity is based on an incomplete recitation of Plaintiffs' allegations. Assessment of the complete allegations confirms Plaintiffs have stated a viable fraud claim as a matter of law.

- Defendants' attack on Plaintiff Justin Kiser's **Second Cause of Action for False Imprisonment** relies on a misreading of his allegations and a misstatement of the law.  Kiser unequivocally alleges he <u>did</u> <u>not</u> <u>consent</u> to be locked inside Polo's store after his work shifts were over.  Further, the Workers' Compensation Act's exclusivity rule does not apply to false imprisonment.

- Finally, Defendants' demurrer to the **Seventh Cause of Action for violations of Labor Code §226.7 (Rest Breaks)** as to Plaintiffs Otsuka, Phipps and Keefe should be overruled as a procedurally improper attempt to adjudicate class-wide issues that are not before the Court.

## II.    GOVERNING LEGAL STANDARDS

Defendants' recitation of the governing legal standards is substantially accurate, but incomplete.  Missing from Defendants' recitation is that "in the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint." <u>Aubry v. Tri-City Hospital District</u> (1992) 2 Cal.4th 962, 970.  Unless the Court finds that it would be "futile" to permit Plaintiffs the opportunity to cure any defects in pleading, leave to amend should be granted. <u>Vaillette v. Fireman's Fund Ins. Co.</u> (1993) 18 Cal.App.4th 680.

///

///

*Otsuka, et al. v. Polo, et al.*
PLs' Opp. To Demurrer                                    1                                    Case No. CGC-06-452655
                                                                                                otsuka/p/Opp2Dm06j31

III.    **THE FIRST CAUSE OF ACTION FOR FRAUD IS VIABLE BECAUSE PLAINTIFFS HAVE ASSERTED ALL REQUISITE ALLEGATIONS WITH APPROPRIATE SPECIFICITY**

Defendants' argument that Plaintiffs' Fraud claim is not viable is based on their abridged reiteration of Plaintiffs' allegations.  A comprehensive assessment of Plaintiffs' allegations confirms Fraud has been properly pled under multiple theories.  Each theory of fraud is set forth below along with its supporting factual allegations.

| | |
|---|---|
| **DEFENDANTS MISREPRESENTED TO PLAINTIFFS THAT PLAINTIFFS WOULD BE PAID CERTAIN WAGES, WHICH DEFENDANTS DID NOT PAY.** | **Ann Otsuka:** Polo's General manager, Tin Hua, made this misrepresentation to Otsuka during the interview process and when she began working for Polo. FAC, pp. 10-11, ¶16. Polo also made this misrepresentation to her in Polo's Sales Associate Handbook. FAC, pp. 10-11, ¶16. |
| | **Corinne Phipps:** Polo's General manager, Tin Hua, made this misrepresentation to Phipps during the interview process and when she began working for Polo. FAC, p. 15, ¶26. Polo also made this misrepresentation to her in Polo's Sales Associate Handbook. FAC, p. 15, ¶26. |
| | **Justin Kiser:** Polo's General manager, Tin Hua, made this misrepresentation to Kiser during the interview process and when he began working for Polo. FAC, p.19, ¶37. Polo also made this misrepresentation to him in Polo's Sales Associate Handbook. FAC, p. 19, ¶37. |
| | **Janis Keefe:** Polo's General manager, Tin Hua, made this misrepresentation to Keefe during the interview process and when she began working for Polo. FAC, pp. 22-23, ¶47. Polo also made this misrepresentation to her in Polo's Sales Associate Handbook. FAC, pp. 22-23, ¶47. |
| **DEFENDANTS CONCEALED FROM PLAINTIFFS THAT PLAINTIFFS' EARNINGS WOULD BE ADJUSTED DOWNWARD THROUGH AN "ARREARAGE PROGRAM" AND THROUGH A "CHARGE BACK PROGRAM".** | **Ann Otsuka:** Phoebe Morales, Polo's Store Manager, and Ha'aheo Zablan, Polo's Home Collection/Men's Manager admitted that the arrearage program had been concealed from Otsuka when Polo initiated the arrearage program. FAC, p. 11, ¶16, lines 11-20. Defendants concealed the impact of their charge back system by concealing how it impacted Otsuka's earnings. FAC, p. 12, ¶18. |

| | |
|---|---|
| | **Corinne Phipps:** Phipps was not told her wages would be adjusted downward based on Polo's arrearage program. FAC, p. 15, ¶26. Defendants concealed the impact of their charge back system by concealing how it impacted Phipps's earnings. FAC, p. 16, ¶28. |
| | **Justin Kiser:** Kiser was not told his wages would be adjusted downward based on Polo's arrearage program. FAC, p. 19, ¶37. Defendants concealed the impact of their charge back system by concealing how it impacted Kiser's earnings. FAC, p. 22, ¶45. |
| | **Janis Keefe:** Keefe was not told her wages would be adjusted downward based on Polo's arrearage program. FAC, pp. 22-23, ¶47. |
| **DEFENDANTS FALSELY PROMISED PLAINTIFFS THAT POLO WOULD PERFORM AN END-OF-THE-YEAR RECONCILIATION TO DETERMINE IF PLAINTIFFS WERE ENTITLED TO PREMIUM OVERTIME COMPENSATION FOR THE PRIOR YEAR.** | **Ann Otsuka:** Defendants' Sales Associate Handbook makes this false promise. FAC, p. 13, ¶¶ 20-21. |
| | **Corinne Phipps:** Defendants' Sales Associate Handbook makes this false promise. FAC, pp. 16-17, ¶¶30-31. |
| | **Justin Kiser:** Defendants' Sales Associate Handbook makes this false promise. FAC, p. 19, ¶¶39-40. |
| | **Janis Keefe:** Defendants' Sales Associate Handbook makes this false promise. FAC, p. 24, ¶¶50-51. |
| **DEFENDANTS FRAUDULENTLY MANIPULATED AND CONTINUE TO MANIPULATE TIME RECORDS OF PLAINTIFFS AND THE CLASS TO CONCEAL DEFENDANTS' FAILURE TO PAY WAGES DUE.** | **Ann Otsuka:** Defendants' managers shut down the store's timekeeping system and thereby fraudulently manipulated Otsuka's time records to reflect fewer hours worked. FAC, p. 13, ¶22. |
| | **Corinne Phipps:** Theresa Cruz (Operations Manager) and Valerie Harrison (Department Manager) clocked Phipps out of the timekeeping system while she was still working, and fraudulently manipulated her time records to reflect fewer hours worked. FAC, p. 17, ¶32. |
| | **Justin Kiser:** Polo managers clocked Kiser out of the timekeeping system while he was still working, and Theresa Cruz fraudulently manipulated his time records to reflect fewer hours worked. FAC, p. 21, ¶41. |
| | **Janis Keefe:** Theresa Cruz clocked Keefe out of the timekeeping system while she was still working, and fraudulently manipulated her time records to reflect fewer hours worked. FAC, p. 24, ¶52. |

*Otsuka, et al. v. Polo, et al.*
PLs' Opp. To Demurrer                    3                    Case No. CGC-06-452655
otsuka/p/Opp2Dm06j31

| **DEFENDANTS FALSELY PROMISED TO PROVIDE PLAINTIFFS WITH REST BREAKS.** | **Ann Otsuka:** Otsuka was not permitted to take rest breaks during her working shifts as had been promised to her in Polo's Retail Employee Handbook on page 18. FAC, p. 5, ¶13(a)(3); and p. 14, ¶24. |
|---|---|
| | **Corinne Phipps:** Phipps was not permitted to take rest breaks during her working shifts as had been promised to her in Polo's Retail Employee Handbook on page 18. FAC, p. 5, ¶13(a)(3); and p. 18, ¶35. |
| | **Justin Kiser:** Kiser was not permitted to take rest breaks during his working shifts as had been promised to him in Polo's Retail Employee Handbook on page 18. FAC, p. 5, ¶13(a)(3); and p. 22, ¶44. |

To summarize, Plaintiffs' complete fraud allegations—unlike Defendants' truncated reiteration thereof—assert the requisite elements of a viable fraud claim under several different fraud theories. Plaintiffs identify: (1) the Polo managers who committed fraudulent acts on Defendants' behalf; (2) the Polo publications containing additional fraudulent misrepresentations; (3) when such misrepresentations or concealments were made and (4) how the misrepresentations were made.

While Plaintiffs have not expressly stated the fraudulent conduct was committed at their workplaces, their extensive factual recitations clearly illustrate that the conduct occurred at work, as opposed to at their homes, in their cars or on the street. The absence of this averment does not render the pleading "defective in any material respect" regardless. See Committee on Children's Television, Inc. v. General Foods Corporation (1983) 35 Cal.3d 197, 216. Requiring Plaintiffs to amend their complaint to specify where the wrongful acts occurred would only result in pointless delay.

This is not an instance in which only the "legal conclusion of fraud" has been pled. Cf. Committee on Children's Television, Inc., supra, at 216. Instead, Plaintiffs have alleged specific acts of fraud, from misrepresentation to the fraudulent concealment of material facts, that caused them to suffer specific detriment. While fraud must be specifically pleaded, "[p]leading facts in ordinary and concise language is as permissible in fraud cases as in any others, and liberal

*Otsuka, et al. v. Polo, et al.*
PLs' Opp. To Demurrer                4                Case No. CGC-06-452655
otsuka/p/Opp2Dm06j31

1   construction of the pleading is as much a duty of the court in these cases as in other cases." Witkin,

2   *California Procedure* (4th ed. 1997) § 670, p. 127.

3        Plaintiffs' fraud allegations are sufficient to provide notice of the bases for their claims and

4   to provide the Court the ability to judge the merit of the claims for pleading purposes. Committee

5   on Children's Television, *supra*, at 216-17. In addition, where it "appears from the nature of the

6   allegations that the defendant must necessarily possess full information concerning the facts of the

7   controversy," less specificity is required. *Id.* at 217, quoting Bradley v. Hartford Acc. & Indem.

8   Co. (1973) 30 Cal.App.3d 818, 825. Here, Plaintiffs allege Defendants made consistent,

9   institutionalized misrepresentations during the interview process regarding employment terms,

10  concealed from Plaintiffs various aspects of Defendants' employment practices, falsely promised

11  Plaintiffs they would perform end-of-year wage adjustments and falsely promised Plaintiffs they

12  would receive rest breaks. These allegations concern Defendants' standard employment policies

13  and practices, about which Defendants necessarily "possess full information."

14       Furthermore, Plaintiffs have "set out a representative selection of the alleged

15  misrepresentations sufficient to permit the trial court to ascertain whether the statements were

16  material or otherwise actionable." Goldrich v. Natural Y Surgical Specialties, Inc. (1994) 25

17  Cal.App.4th 772, 783. Indeed, Plaintiffs' First Amended Complaint contains more than a

18  "representative selection," it contains an extensive and detailed recitation of many of the instances

19  of Defendants' fraudulent conduct.

20       Moreover, a demurrer cannot be used to challenge only a portion of a cause of action.

21  Kong v. City of Hawaiian Gardens Redevelop. Agency (2003) 108 Cal.App.4th 1028, 1046. Thus,

22  even if one assumed, *arguendo*, that one of Plaintiffs' theories of Fraud were not pled with

23  sufficient specificity, sufficient pleading as to the other theories would require that the demurrer be

24  overruled. Id.

25       For any or all of these reasons, Defendants' attempt to preclude the assertion of Fraud is

26  legally unfounded. See Committee on Children's Television, Inc., *supra*, at 216-217; Kong, *supra*,

27  at 1046; Goldrich v. Natural Y Surgical Specialties, Inc., *supra*, at 783; Witkin, *California*

28  *Procedure* (4th ed. 1997) § 670, p. 127.

*Otsuka, et al. v. Polo, et al.*
Pls' Opp. To Demurrer                    5                    Case No. CGC-06-452655
                                                              otsuka/p/Opp2Dm06j31

**IV.    PLAINTIFF JUSTIN KISER'S SECOND CAUSE OF ACTION FOR FALSE IMPRISONMENT IS SUFFICIENT AS A MATTER OF LAW**

The tort of false imprisonment consists of the "nonconsensual intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Molkov. Holy Spirit Assn. (1988) 46 Cal.3d 1092, 1123.   The time of confinement can be as brief as 15 minutes. Alterauge v. Los Angeles Turf Club (1950) 97 Cal.App.2d 735, 736.  Evil intent is not required, only an allegation that the defendant intended to confine the plaintiff.  Fermino v. Fedco, Inc. (1994) 7 Cal.4th 701, 716.  In summary, when a person is "deprived of his freedom to leave a particular place by the conduct of another," he is falsely imprisoned.  Schanafelt v. Seaboard Finance Company (1951) 108 Cal.App.2d 420, 422-423.[1]

Assessing Kiser's allegations against this legal backdrop confirms he has asserted all requisite elements of a viable false imprisonment claim.

- **Kiser was intentionally confined.**  "General Manager Tin Hua instructed [Kiser] that he was not to use the customer exit to leave the store and that if he tried to leave the store through the employee exit before he had been inspected the alarm would sound and he would be terminated." (FAC, 21:14-16, ¶42.)  "Defendants require employees at the end of their shifts to stand in line and/or remain in their locked stores, for up to one half hour to undergo a loss prevention search by managers after the employees have clocked out." (FAC, 5:25-27, ¶13.)

- **The confinement was non-consensual.**    "Defendants intentionally confined Plaintiff and Class members in a non-consensual manner." (FAC, 34:9-10, ¶77, emphasis added.)  "He felt himself to be physically confined to the interior of the store and feared leaving the store except as directed by his supervisors." (FAC, 21:18-20, ¶42.)

- **The confinement was without lawfully privilege.**  "Defendants thus intend to confine, and do confine, their employees through the unlawful assertion that Defendants have the legal right to detain employees within the stores' premises after the employees' work shifts are over."  (FAC, 6:16-19, ¶13(b)(2).)

---

[1]  In Schanafelt, the defendant, a debt collection company, told the plaintiff to wait in her house until a truck arrived to repossess furniture. The defendant did not lock her inside, as Polo has done here, but simply informed the plaintiff in a "gruff" and "abrupt" manner that she must remain inside until the collection truck arrived.

● **The confinement was for an appreciable period of time.** "He regularly was required to wait for 10 to 15 minutes for the inspection, and as long as 30 minutes, and was never compensated for that time." (FAC, 21:12-13, ¶42.)

Defendants ignore these allegations and argue their demurrer should be sustained on two grounds. First, they argue Kiser's confinement did not constitute false imprisonment because he consented to "loss prevention searches." Second, Defendants argue the Workers' Compensation Act's exclusivity rule precludes Mr. Kiser's claim. Their arguments are factually and legally unfounded.

A.    **Kiser's Post-Work Confinement Was Not Consensual**

Defendants' argument that Kiser's post-work detention and confinement was consensual is based on two odd notions:  (1) that consent to loss prevention searches constitutes consent to confinement after work; and (2) that confinement inside the store after work, without compensation, was reasonable because it was part of the employment bargain.

1.    Consent To Search Does Not Constitute Consent To Post-Work Confinement

Defendants' strained attempt to rhetorically synthesize "consent to search" with "consent to be confined" ignores that false imprisonment implicates <u>only</u> the latter. See, e.g., Fermino, *supra*, at 716. Because Kiser has alleged unequivocally that Defendants confined him "in a non-consensual manner" (FAC, 34:9-10) he thus has stated a valid claim. Fermino, *supra*, at 716.

2.    False Imprisonment Was Not Part Of The Employment Bargain

Notwithstanding Defendants' contrary suggestions, Kiser <u>did</u> <u>not</u> bargain for unpaid locked confinement inside a Polo store for up to 30 minutes at the end of each shift. While Defendants' loss prevention searches may be an "explicit condition of employment" (Def.s' MPA, p. 7:9-11) their false imprisonment of employees can never be because "false imprisonment committed by an employer against an employee is <u>always</u> outside the compensation bargain." *Id.* (emphasis added).

Defendants nonetheless seem to argue that, because Kiser consented to the loss prevention searches, it was reasonable for them to infer consent and conduct the searches under any conditions and in whatever way they wanted. However, is it reasonable to infer consent based on the up to 30-minute daily locked detentions alleged? Would Defendants argue it was reasonable to

infer Kiser had consented to a two-hour post-shift detention? What if the detention lasted four hours, or overnight? These are factual questions not subject to resolution at the pleading stage.

Perhaps more importantly, the notion that "there are certain 'reasonable' false imprisonments, that may be considered a normal part of the employment relationship" has been explicitly rejected. Fermino, *supra*, at 721. Consequently, this Court should reject it as well. "[A] 'reasonable' false imprisonment is oxymoronic." *Id*.

### B.    The Workers Compensation Act Does Not Apply To False Imprisonment

False imprisonment is an intentional tort not subject to the Workers Compensation Act's exclusivity rule. Fermino v. Fedco, Inc. (1994) 7 Cal.4th 701. False imprisonment "cannot be said to be a normal aspect of the employment relationship, however legitimate its initial justification, any more than an assault on an employee can be brought within the scope of the exclusivity rule by claiming it was motivated by the need for employee discipline." *Id*. at 723; see also Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1100 ("[T]he scope of the Workers' Compensation Act is not universal."); Meyer v. Graphic Arts International Union (1979) 88 Cal.App.3d 176, 178 ("Intentional injury inflicted by the employer in person on his employee may be made the subject of a common-law action....")

## V.    DEFENDANTS' DEMURRER TO THE VIOLATIONS OF LABOR CODE §226.7 (REST BREAKS) CLAIM IGNORES THAT ONLY PLAINTIFF KISER IS ASSERTING THE CLAIM AT THIS PRE-CERTIFICATION STAGE

The California appellate courts have issued conflicting opinions regarding whether claims for missed rest breaks under Labor Code §226.7 are governed by a three-year statute of limitations for wage claims or a one-year statute of limitations for claims seeking penalties. The California Supreme Court in Murphy v. Kenneth Cole Productions (Supreme Court Case No. S140308) is currently deciding the issue.

In Plaintiffs' view, the applicable statutory language establishes the three-year statute of limitations for recovery of wages applies.[2] Labor Code §226.7 provides no reference to a penalty. It instead states an employer who fails to provide an employee with a meal or rest period "shall

---

[2] The four-year statute under §§ 17200, et seq., of the Business and Professions Code is also applicable.

1   pay the employee <u>one additional hour of pay</u> at the employee's regular rate of compensation...."

2   (Emphasis added.)  Furthermore, the Wage Orders do not make reference to penalties, but only to

3   one extra hour of "pay."  Had the legislature intended a §226.7 payment to be a penalty, it would

4   have called it one.  Instead, lawmakers rejected the word "penalty" and, perhaps unsurprisingly,

5   called the compensation for missed meal and rest breaks "pay."  Thus, meal and rest period

6   payments are like other forms of wages that compensate employees, and should be subject to a

7   three-year statute of limitations.

8           Regardless, mindful of the conflicting law on this issue, Plaintiffs designated only Justin

9   Kiser as class representative on this cause of action.  Defendants concede Kiser's claim is timely,

10  and do not challenge his allegations' sufficiency.  They nonetheless attempt to adjudicate class-

11  wide issues in their demurrer by seeking an order that Plaintiffs Otsuka, Phipps and Keefe cannot

12  be part of the Rest Break Subclass, on the ground that their employment ended more than one year

13  before they sued.  Because these Plaintiffs currently are not asserting this cause of action,

14  Defendants' demurrer to such ostensible claims by them is procedurally improper, and should be

15  overruled.  Plaintiffs eventually will move for certification of the Rest Break Subclass, at which

16  time issues relating to the scope of the subclass will be adjudicated in light of definitive Supreme

17  Court pronouncements.

18  **VI.    PLAINTIFFS DO NOT OPPOSE CERTAIN ASPECTS OF THE DEMURRER**

19          Plaintiffs do not oppose Defendants' demurrer to Unjust Enrichment (Eleventh Cause of

20  Action) because the relief sought therein is subsumed within Plaintiffs' other claims.  Plaintiffs

21  Otsuka, Phipps and Keefe (but not Kiser) also do not oppose the demurrer to their claims for False

22  Imprisonment (Second Cause of Action), Violations of Labor Code §226 (Eighth Cause of Action)

23  or Violations of the Private Attorneys General Act (Thirteenth Cause of Action).

24  ///

25  ///

26  ///

27

28

## VII.   CONCLUSION

As evident from the foregoing, Defendants' quest to eliminate Plaintiffs' claims flounders in three respects:

- Plaintiffs' Fraud claims are properly premised on allegations sufficient to support any of several viable theories;
- Kiser's False Imprisonment claim cannot be undermined by the false notion of "consent" or the legally inapplicable exclusivity rule; and
- A putative Labor Code §226.7 (Rest Breaks) claim by Plaintiffs Otsuka, Phipps and Keefe cannot be challenged because they have not yet asserted it.

Consequently, Plaintiffs respectfully request that the Court overrule the demurrer accordingly.

Dated:  October 31, 2006                    LAW OFFICES OF PATRICK R. KITCHIN


By:  Patrick R. Kitchin,
Attorneys for Ann Otsuka, Janis Keefe,
Corinne Phipps and Justin Kiser


Dated:  October 31, 2006                    LAW OFFICES OF DANIEL FEDER


By:  Daniel Feder               PRK.
Attorneys for Ann Otsuka, Janis Keefe,
Corinne Phipps and Justin Kiser

*Otsuka, et al. v. Polo, et al.*
Pls' Opp. To Demurrer                    10                    Case No. CGC-06-452655
                                              otsuka/p/Opp2Dm06j31

# EXHIBIT 22

F 11/07/06

1 | WILLIAM J. GOINES (SBN 061290)
JEREMY A. MEIER (SBN 139849)
2 | KAREN ROSENTHAL (SBN 209419)
ALISHA M. LOUIE (SBN 240863)
3 | GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
4 | East Palo Alto, California 94303
Telephone: (650) 328-8500
5 | Facsimile: (650) 328-8508
Email: goinesw@gtlaw.com
6 |         meierj@gtlaw.com
        rosenthalk@gtlaw.com
7 |         louiea@gtlaw.com

8 | Attorneys for Defendants Polo Ralph Lauren
Corporation, Polo Retail, LLC, Fashions Outlet
9 | of America, Inc., and Polo Retail Corporation

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

NOV 7 – 2006

GORDON PARK-LI, Clerk
BY: ELIZABETH ZALDIVAR
                    Deputy Clerk

BY FAX

10 |

11 |                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12 |                       **FOR THE COUNTY OF SAN FRANCISCO**

13 |

14 | ANN OTSUKA, an individual; JANIS KEEFE, | Case No. CGC-06-452655
an individual; CORINNE PHIPPS, an
15 | individual; and JUSTIN KISER, an individual;
and on behalf of all other similarly situated,
16 |                                          | **DEFENDANTS' MEMORANDUM OF**
                                            | **POINTS AND AUTHORITIES IN REPLY**
17 |                 Plaintiff(s),            | **TO PLAINTIFFS' OPPOSITION TO**
                                            | **DEFENDANTS' DEMURRER TO FIRST**
        v.                                  | **AMENDED COMPLAINT**
18 |
19 | POLO RALPH LAUREN CORPORATION, a         | Date:    November 15, 2006
Delaware Corporation; POLO RETAIL, LLC, a   | Time:    9:30 a.m.
20 | Delaware Corporation; POLO RALPH          | Dept.:   301
LAUREN CORPORATION, a Delaware
21 | Corporation, doing business in California as
POLO RETAIL CORP; FASHIONS OUTLET          | Date Filed:  May 30, 2006
22 | OF AMERICA, INC., a Delaware Corporation
and DOES 1-500, inclusive,
23 |
                Defendant(s).
24 |

25 | I.    **INTRODUCTION**

26 |     Plaintiffs Ann Otsuka ("Otsuka"), Janis Keefe ("Keefe"), Corinne Phipps ("Phipps"), and

27 | Justin Kiser ("Kiser"), and on behalf of all other individuals similarly situated ("Plaintiffs") readily

28 | concede in their Points and Authorities in Opposition ("Opposition") to Defendants Polo Ralph

- 1 -

1  Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America, Inc., and Polo Retail
2  Corporation's (collectively "Polo") demurrer, that their First Amended Complaint ("FAC") fails to
3  state causes of action for the following four claims: (a) *the Second Cause of Action for False*
4  *Imprisonment for Otsuka, Keefe and Phipps;* (b) *the Eighth Cause of Action for violation of Labor*
5  *Code Section 226 for Otsuka, Keefe and Phipps;* (c) *the Eleventh Cause of Action for Unjust*
6  *Enrichment for Otsuka, Keefe, Phipps and Kiser; and* (d) *the Thirteenth Cause of Action for*
7  *violation of Labor Code Section 2699 for Otsuka, Keefe and Phipps.*  Accordingly, Polo's demurrer
8  to these particular causes of action for those plaintiffs should be granted without leave to amend.

9        Plaintiffs' remaining disputed causes of action for purposes of Polo's demurrer include as
10  follows: (a) the First Cause of Action for Fraud each of the four named Plaintiffs; (b) the Second
11  Cause of Action for False Imprisonment for Kiser; and (c) the Seventh, Eighth and Thirteenth
12  Causes of Action for Violations (respectively) of California Labor Code Sections 226 and 2699 for
13  Kiser only.[1]

14        On each of the remaining five disputed causes of action, Plaintiffs have not shown that the
15  facts as pled are sufficient to constitute causes of action upon which relief may be based.
16  Specifically, the First Cause of Action for Fraud remains uncertain.  The false imprisonment claim
17  fails as a matter of law.  Lastly, even Kiser alone cannot meet the pleading requirements for
18  violations of Labor Code Sections 226 and 2699.  In addition to the aforementioned conceded four
19  causes of action (as related to some or all of the Plaintiffs), Polo's demurrer to the First Cause of
20  Action (for all plaintiffs), and to the Second, Eighth and Thirteenth Causes of Action (for Kiser)
21  should also be sustained.

22

23

24

25

26  [1] Plaintiffs indicate that their seventh cause of action for violation of Labor Code §226.7 applies only to Kiser, and on
that basis, Polo does not demur against Otsuka, Keefe and Phipps on the Seventh Cause of Action.  Given the
27  allegations in ¶¶102-103 of the FAC as to all "Plaintiffs," to the extent that the seventh cause of action as pled does
relate to Otsuka, Keefe and Phipps, Defendants reiterate that such claims are barred by the applicable one year penalty
28  statute of limitations.

REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT

1 **II.    LEGAL ARGUMENT**

2    **A.    POLO'S UNOPPOSED DEMURRER TO THE SECOND, EIGHTH, AND THIRTEENTH CAUSES OF ACTION FOR OTSUKA, KEEFE AND PHIPPS AND TO THE ELEVENTH CAUSE**
3    **OF ACTION FOR ALL FOUR PLAINTIFFS SHOULD BE GRANTED WITHOUT LEAVE.**

4    Plaintiffs repeatedly indicate in their Opposition that they "do not oppose" Polo's demurrer

5 to the Second, Eighth, Eleventh and Thirteenth Causes of Action (Opposition, 9:19-23), to the

6 extent noted above. Indeed, Polo's initial points and authorities in support of their demurrer show

7 why these particular causes of action cannot be pled as a matter of law.

8    Plaintiffs concede that the applicable statutes of limitation preclude their Labor Code §§226

9 and 2699 claims for any plaintiff or potential class representative but Kiser. Similarly, Plaintiffs do

10 not dispute that their false imprisonment claim has a one year statute of limitations that precludes

11 all but Kiser from making a tenable claim. Further, Plaintiffs concede without exception that their

12 unjust enrichment claim does not state facts sufficient to constitute a cause of action.

13    Accordingly, Polo's unopposed demurrer to these four causes of the action (as to those

14 particular three or four plaintiffs) should be granted without leave to amend.

15    **B.    PLAINTIFFS' PURPORTED VIOLATIONS OF LABOR CODE SECTIONS 226 AND 2699 (EIGHTH AND THIRTEENTH CAUSES OF ACTION) DO NOT CONSTITUTE CAUSES OF**
16    **ACTION EVEN BASED SOLELY ON KISER'S ALLEGATIONS.**

17        **1.    Even Accepting Plaintiffs' Concession That Otsuka, Keefe And Phipps Cannot Maintain Their Labor Code §226 Claim, Plaintiffs Still Have Not**
18        **Pled Their Paycheck Allegations For Kiser Sufficiently.**

19    Plaintiffs assert that they have pled sufficient facts to constitute viable claims for Labor

20 Code §§226 and 2699 violations on behalf of plaintiff Kiser (as he falls within a one year statute of

21 limitations period). Plaintiffs thereby contest the relevant one year statute of limitations only for

22 their Labor Code §226.7 claim. (Indeed, the weight of California case law favors the application of

23 a one-year statute of limitations even for §226.7 as initially expressed by the San Francisco

24 Superior Court in Murphy v. Kenneth Cole Productions, 130 P.3d 519 (2006) and in related

25 California cases).

26    Even accepting Plaintiffs' arguments in their Opposition concerning the applicability of

27 alleged violations of Labor Code §226 to Kiser only, Plaintiffs still have not pled a viable cause of

28                                    - 3 -

1  action. Plaintiffs' Eighth Cause of Action is for "Failure to Maintain Pay Records" and "Failure to
2  Make Pay Records Available Upon Request." (FAC, 41:17-23; ¶109). Labor Code Section 226(a)
3  requires employers to "furnish each of his or her employees, either as a detachable part of the
4  check or cash, an accurate itemized statement in writing showing" wages, hours, piece rate units,
5  deductions, net wages, dates, and name and social security, and employer name and address and all
6  applicable hourly rates. Section 226(b) then affords "employees the right to inspect or copy the
7  records pertaining to that...employee" as related to the "information" required by §226(a). Other
8  than two conclusory general references, Kiser makes no specific allegations as to how Polo "failed
9  to maintain accurate pay records" for him or as to how Polo "failed to allow" Kiser to "inspect pay
10 records," as alleged in the FAC at 41:21-23, ¶109.

11      Plaintiffs' cursory allegations do meet the standards for pleading actionable claims. In
12 evaluating the sufficiency of allegations, courts do not consider contentions, deductions or
13 conclusions of fact or law. <u>Kong v. City of Hawaiian Gardens Redevelopment Agency</u>, 108
14 Cal.App. 4th 1028, 1037 (2002), <u>citing Moore v. Conliffe</u>, 7 Cal. 4th 634, 638 (1994). Plaintiffs
15 allege in their general allegations that "Defendants fail to maintain proper records memorializing
16 the hours worked by their employees, the compensation paid to them, and the debits made to their
17 wages, and fail to make accurate payroll records available upon request" (FAC, 8:23., ¶13h) and
18 that "Defendants' [sic] routinely failed to provide him [Kiser] with an accounting of how and why
19 his wages were being debited." (FAC, 22:15-16, ¶45).

20      Nowhere in Kiser's allegations do Plaintiffs particularize what was missing, if anything,
21 from his "itemized statements" in his paychecks as required by Labor Code §226(a), nor do
22 Plaintiffs allege that Kiser made any "reasonable request" to inspect any such wage records as is
23 also expressly required by Labor Code §226(b). Plaintiff Kiser fails to provide any facts specific to
24 him to support the contentions and conclusions that Polo violated Labor Code §226. Polo's
25 demurrer as to the Eighth Cause of Action against *all four* plaintiffs should therefore be granted.

26
27
28

-4-

1        **2.  Even Accepting Plaintiffs' Concession That Otsuka, Keefe And Phipps**
      **Cannot Maintain Their Labor Code 2699 Claim, Plaintiffs Have Not**
2        **Sufficiently Pled a PAGA Claim For Kiser.**

3      Polo's unopposed demurrer to the Thirteenth Cause of Action for Private Attorneys General

4  Act ("PAGA") recovery must be sustained against Otsuka, Phipps and Keefe (Opposition, 9:23).

5  Plaintiffs again do not contest Polo's argument that the PAGA claim is governed by the one-year

6  statute of limitations, but instead argue that Kiser alone has stated a viable cause of action under

7  Labor Code § 2699 (within a one-year period).

8      The underlying basis for the Kiser PAGA claim, however, relies on certain alleged Labor

9  Code violations that Kiser has not properly alleged in the FAC -- such as Labor Code §226(a) --

10  and thus cannot maintain as the basis for his PAGA recovery. FAC, p.49, ¶149.  Because Plaintiffs

11  concede in their Opposition (9:22) that only Kiser can maintain the §226 claim, coupled with the

12  showing herein that Kiser has not properly alleged the paycheck violations, the Thirteenth Cause of

13  Action as alleged in ¶149 is untenable.

14      Demurrer to the Thirteenth Cause of Action for Kiser should be sustained on that basis.

15

16      **C.  PLAINTIFFS HAVE NOT SHOWN THAT THEIR FRAUD ALLEGATIONS HAVE BEEN
PLED WITH THE REQUISITE SPECIFICITY TO SURVIVE DEMURRER.**

17      Plaintiffs argue in their Opposition that a more "comprehensive assessment of Plaintiffs'

18  allegations confirms Fraud has been properly pled under multiple theories" (Opposition, 2:4-5).

19  Only in their Opposition (rather than in their FAC) do Plaintiffs delineate between facts supporting

20  "theories" of "misrepresentation" and "concealment" (Opposition, 2:9-4:3).  Plaintiffs' convoluted

21  "graph" in their Opposition at p. 2 only reinforces the uncertainty and lack of clarity in their First

22  Cause of Action.  Under any theory of fraud, whether misrepresentation, deceit or concealment,

23  Plaintiffs simply fail to allege the operative facts with adequate clarity and specificity.

24      **1.  Plaintiffs' Misrepresentation Allegations Are Not Sufficiently Specific.**

25      Facts constituting fraud must be specifically plead to establish a prima facie case.  Cooper

26  v. Leslie Salt Co., 70 Cal. 2d. 627, 636 (1969).  Plaintiffs' general allegations of misrepresentation

27  are insufficient for pleading purposes.  Morton v. Loveman, 267 Cal. App. 2d 712, 720 (1968).

28                          - 5 -

1  Every element of the cause of action needs to be alleged in the proper form, factually and
2  specifically. <u>Lesperance v. North American Aviation, Inc.</u>, 217 Cal. App. 2d 336, 344 (1963).
3  Plaintiffs do not sufficiently allege what was said by whom, and when, and fail to present a prima
4  facie case of misrepresentation. <u>Goldrich v. Natural Y Surgical Specialties, Inc.</u>, 25 Cal. App. 4th
5  772, 782-783 (1994).  The general allegations referenced in the Opposition at 2:8-2:22 as to
6  "misrepresentations" made still do not show when precisely in "the interview process" and when
7  during "working for Polo" representations were made, nor whether they were oral or in writing,
8  nor what specifically the purported representations were.   Similarly, the references in the
9  Opposition at 2:10-2:22 as to "misrepresentation" in "Polo's Sales Associate Handbook" do not
10 specify what the exact misrepresentation purportedly was.

11        None of the misrepresentation claims are alleged with adequate specificity.  Opposition,
12 3:10-16; 4:1-8.  Plaintiffs fail to provide Polo with sufficient notice of exactly who, what, where,
13 when and how fraudulent statements were made to each of these four plaintiffs.  <u>Tarmann v. State</u>
14 <u>Farm Mutual Automobile Ins. Co.</u>, 2 Cal. App. 4th 153, 157 (1991) ("The requirement of
15 specificity in a fraud action against a corporation requires the plaintiff to allege the names of the
16 persons who made the allegedly fraudulent representations, their authority to speak, to whom they
17 spoke, what they said or wrote, and when it was said or written"); <u>Scafidi v. Western Loan &</u>
18 <u>Bldg. Co.</u>, 73 Cal. App. 2d 550, 558 (1946).

19        As noted by the California Supreme Court in <u>Committee on Children's Television, Inc. v.</u>
20 <u>General Foods Corp.</u>, 35 Cal. 3d 197, 216-217 (1983):

21        The specificity requirement serves two purposes. The first is notice to the defendant,
          to "furnish the defendant with certain definite charges which can be intelligently
22        met." [citations]. The pleading of fraud, however, is also the last remaining habitat
          of the common law notion that a complaint should be sufficiently specific that the
23        court can weed out nonmeritorious actions on the basis of the pleadings. Thus the
          pleading should be sufficient "to enable the court to determine whether, on the facts
24        pleaded, there is any foundation, prima facie at least, for the charge of fraud."
          [citations].
25
26        **2.  Plaintiffs' Allegations Of Concealment Also Do Not Meet Pleading
              Requirements.**

27 Plaintiffs' Opposition at 2:23-3:9 and 3:17-3:28 refers to Defendants' "concealment" of

28                                       - 6 -

1 earnings and time records, but the respective allegations cited by Plaintiffs' Opposition for all four

2 plaintiffs do not meet the requisite pleading elements for an action based on concealment.

3       California Civil Code §1710(3) sets forth the elements for fraud based on failure to

4 disclose or concealment of a material fact.  Plaintiffs must allege facts showing Polo was bound to

5 disclose suppressed facts; that information revealed by Polo was likely to mislead for lack of

6 communication of a fact which defendant suppressed; and justifiable reliance by Plaintiffs,

7 causing damage.    Harazim v. Lynam, 267 Cal.App. 2d 127, 130 (1968); McCue v. Bruce

8 Enterprises, Inc. 228 Cal.App. 2d 21, 27-28 (1964).  Circumstances in which nondisclosure or

9 concealment can constitute fraud include: (1) defendant is in a fiduciary relationship with

10 Plaintiffs; (2) defendant had exclusive knowledge of material facts not known to Plaintiffs; (3)

11 defendant actively conceals material fact(s) from Plaintiffs; and (4) defendant makes partial

12 representation but suppresses material facts.  Heliotis v. Schuman, 181 Cal. App. 3d 646, 650-651

13 (1986).

14       A demurrer for uncertainty lies where the failure to label the parties and claims renders the

15 complaint so confusing that the defendant cannot ascertain to what he or she is supposed to

16 respond.  Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 139, fn. 2 (1986).  The

17 uncertainty of the precise fraud claims in the First Cause of Action leaves Polo with insufficient

18 notice. As such, Polo's demurrer to Plaintiffs' First Cause of Action should be sustained.

19
20
**D.    THE FALSE IMPRISONMENT CLAIM ON BEHALF OF KISER DOES NOT WITHSTAND
DEMURRER BECAUSE OF KISER'S ADMITTED CONSENT AND BECAUSE HE WAS NOT
SINGLED OUT FOR INTENTIONAL CONFINEMENT.**

21       Plaintiffs' argument as to Kiser's Second Cause of Action for False Imprisonment is long

22 on rhetoric and short on factual allegations.  In light of the statute of limitations bar as to Plaintiffs

23 Otsuka, Phipps and Keefe, as argued by Defendant in its opening brief and conceded by Plaintiffs

24 in their Opposition, Plaintiffs make a last-ditch effort to preserve this cause of action by relying on

25 the factual allegations pled solely by Kiser but, nevertheless, still fall short of the requisite standard

26 to plead a cause of action of false imprisonment.

27       Because Kiser consented to "loss prevention searches" as a condition of his employment,

28

-7-

1 the "loss prevention searches" are part of a bargained for employment agreement. In addition,

2 Kiser's claim for false imprisonment is barred by the exclusivity provisions of the Workers'

3 Compensation Act.

4           **1. <u>Kiser Consented To "Loss Prevention" Searches</u>**

5       Plaintiffs' Opposition to Defendant's Demurrer is nothing but a "picking and choosing" of

6 factual allegations to hide from the Court the fatal deficiency in Plaintiffs' false imprisonment

7 claim. Kiser explicitly consented to "loss prevention searches" by the Defendant.

8       On the face of the Complaint, Plaintiff Kiser clearly alleges that:

9
10
11
12
> General Manager Tin Hua instructed him that he was not to use the
> customer exit to leave the store and that if he tried to leave the store
> through the employee exit before he had been inspected the alarm
> would sound and **he would be terminated**. Defendants' Sales
> Associate Handbook was provided to Kiser, and it stated that **this
> inspection procedure was a condition of employment**."

13 Complaint at ¶42, 21:14-18 (emphasis added).

14       Not only did Kiser consent to the inspection procedure, but he also was only threatened

15 with termination and Plaintiffs do not allege he was actually physically confined. The tort requires

16 *direct restraint* of the person for some appreciable length of time, however short, compelling him

17 to stay or go somewhere against his will. <u>George v. International Society for Krishna</u>

18 <u>Consciousness</u>, 3 Cal.App.4[th] 52, 81 (1992). Plaintiffs only allege they were "instructed" not to

19 use certain exits. FAC, 34:1. They do not even allege a threat of "physical restraint." <u>Id.</u> Further,

20 it is disingenuous that Kiser would argue that there exists a distinction between a "consent to

21 search" and a "consent to be confined." (Opposition, 7:15-18.) Plaintiff Kiser argues that, although

22 he consented to a "loss prevention search," he did not consent to one that could be performed prior

23 to his departure from the store. However, any resulting "confinement" is one in the same with

24 Defendants' inspection procedure, to which Kiser admittedly voluntarily consented as a pre-

25 condition of employment. Complaint at ¶42, 21:14-18.

26       Plaintiff Kiser's attempts to distract the Court from this obvious fact, by arguing that the

27 time lapse to perform the procedure somehow eliminated his consent, is disingenuous, and at best

28

-8-

amounts to a factual allegation of unpaid wages. Because a "nonconsensual intentional confinement of a person" is a prerequisite to pleading a cause of action for false imprisonment, Defendant's Demurrer as to Plaintiff Kiser's Second Cause of Action for False Imprisonment should be sustained. Fermino v. Fedco, Inc., (1994) 7 Cal. 4th 701, 715.

### 2. Kiser's Cause of Action For False Imprisonment Is Barred By The Exclusive Remedy Provisions of the Workers' Compensation Law

As explained above, Kiser consented to Defendants' loss prevention searches. Thus, the "loss prevention searches" are admittedly part of the compensation bargain and as such are barred from being actionable under the exclusivity provisions of the Workers' Compensation Act, Lab. Code §§ 3600, 3602.

Plaintiff's argument that the "loss prevention searches" fall outside the employment bargain on the basis that the "loss prevention searches" took "up to 30 minutes" does not, standing alone and on its face, amount to false imprisonment. As California courts have recognized, "all reasonable attempts to investigate employee theft, including employee interrogation, are a normal part of the employment relationship. It is also true that all such reasonable interrogation or voluntary confinement cannot be regarded as false imprisonment and is not actionable." Fermino, at 717.

The inspection actions of Defendants were admittedly within the context of the employment relationship, and were part of the employment bargain with Kiser. While Kiser alleges he would have preferred to leave the store after each shift without undergoing a "loss prevention search," this allegation does not support a cause of action for false imprisonment. Kiser admits that he was informed of the "loss prevention searches" and consented to such. Kiser's factual allegation that the "loss prevention searches" lasted "up to 30 minutes" does not vitiate Kiser's consent to the "loss prevention searches," nor Defendant's ability to conduct the searches as part of its normal employment relationship. Id.

Plaintiffs' Opposition is inaccurate in its contention that "Kiser has alleged unequivocally that Defendants confined him in a 'non-consensual manner.'" Opposition, 7:17-18; FAC, 34:9-10.

– 9 –

1  To the contrary, Kiser admits "Defendants' Sales Associate Handbook was provided to [him], and
2  that it stated that this inspection procedure was a condition of employment'." FAC, ¶42, 21:16-18.
3  Plaintiffs also allege that the intentional confinement was "without a lawful privilege," which is
4  further inconsistent with their admitted consent to employee inspections.  FAC, ¶77, 34:10; FAC,
5  ¶42, 21:16-18. The inconsistency of these allegations reveals the futility of this false imprisonment
6  claim.

7  　　This is not a question of false imprisonment but, rather, a simple issue of routine employee
8  inspection.  Plaintiffs make no allegation that such inspections were outside the scope of all
9  employees' normal course of employment.  Accordingly, Plaintiffs' efforts to turn a consensual
10  employment inspection into a claim for false imprisonment fails as a matter of law based on the
11  exclusivity provisions of the Workers' Compensation Act.

12  **III.    CONCLUSION**

13  　　Plaintiffs utterly concede the failure to allege facts sufficiently constituting causes of action
14  for Otsuka, Phipps and Keefe on the Second, Eighth and Thirteenth Causes of Action, and for
15  Otsuka, Phipps, Keefe and Kiser on the Eleventh Cause of Action.  Polo's uncontested demurrer to
16  those causes of actions for those specific plaintiffs should be granted without leave to amend.

17  　　Polo has also shown that Plaintiffs have failed to allege facts sufficient to constitute causes
18  of action for Otsuka, Phipps, Keefe and Kiser on the First Cause of Action for Fraud; the remaining
19  Second Cause of Action for False Imprisonment for Kiser; and the remaining Eighth and
20  Thirteenth Causes of Action for Violations of California Labor Code Sections 226 and 2699 for
21  Kiser. Demurrer to those causes of action for those plaintiffs should also be granted.

22  DATED: November 7, 2006.　　　　GREENBERG TRAURIG, LLP

23

24  　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　William J. Goines, Esq.
25  　　　　　　　　　　　　　　Jeremy A. Meier, Esq.
　　　　　　　　　　　　　　Karen Rosenthal, Esq.
　　　　　　　　　　　　　　Alisha M. Louie, Esq.
26
　　　　　　　　　　　　　Attorneys for Defendants Polo Ralph Lauren
27  　　　　　　　　　　　　Corporation; Polo Retail, LLC; Fashions Outlet of
　　　　　　　　　　　　America, Inc.; and Polo Retail Corporation
28
　　　　　　　　　　　　　　　- 10 -

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.                Case No. CGC-06-452655

### PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On November 7, 2006, I served the following documents:

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' DEMURRER TO FIRST AMENDED COMPLAINT**

☒  by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐  by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐  **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                         Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin                Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                      807 Montgomery St.
San Francisco, CA 94111                          San Francisco, CA 94133
(Fax: 415-627-9076)                              (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

1

Proof of Service

1        I declare under penalty of perjury under the laws of the State of California that the foregoing is

2    true and correct.

3

4        Executed on November 7, 2006, at East Palo Alto, California.

5                                    Cathy Sandifer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MESSAGE CONFIRMATION

11/07/2006  15:11
ID=GREENBERG TRAURIG SILICON VALLEY

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 11/07 | 03'10" | 4153919432 | TX | 013 | OK | 0000 |

# Greenberg Traurig

### Transmittal Cover Sheet

| From: Cathy Sandifer, Secretary to William J. Goines | Tel: 650.289.7862 | E-Mail: sandiferc@gtlaw.com |
|---|---|---|

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|------------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

| | |
|---|---|
| **File No.:** | 62321-093800 |
| **Re:** | Otsuka, et al. v. Polo Ralph Lauren Corporation, et al. |
| **Date:** | November 7, 2006 |
| **No. Pages:** | Including Cover Sheet ( 3 |
| | _If you do not receive all pages properly, please call the sender._ |
| **Notes:** | Please see the attached Reply Brief re Demurrer, which was filed this afternoon with the court. |

Also sent via: ☒ US Mail   ☐ Overnight   ☐ Messenger   ☐ Email   ☒ No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508
SV 346081283v1

# MESSAGE CONFIRMATION

11/07/2006  15:05
ID=GREENBERG TRAURIG SILICON VALLEY

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 11/07 | 04'33" | 415 627 9076 | TX | 013 | OK | 0000 |

# Greenberg Traurig

**Transmittal Cover Sheet**

From: Cathy Sandifer, Secretary to
William J. Goines

Tel:
650.289.7862

E-Mail:
sandiferc@gtlaw.com

| To: | Fax No.: | Company: | Phone No.: |
|-----|----------|----------|------------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

| | |
|---|---|
| **File No.:** | 62321-093800 |
| **Re:** | Otsuka, et al. v. Polo Ralph Lauren Corporation, et al. |
| **Date:** | November 7, 2006 |
| **No. Pages:** | Including Cover Sheet  ( 3 |
| | *If you do not receive all pages properly, please call the sender.* |
| **Notes:** | Please see the attached Reply Brief re Demurrer, which was filed this afternoon with the court. |

Also sent via:  [X] US Mail   [ ] Overnight   [ ] Messenger   [ ] Email   [×] No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508

SV 346081283v1