# EXHIBIT 36

1    Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**

2    565 Commercial Street, 4th Floor
San Francisco, CA 94111

3    Telephone:  (415) 677-9058
Facsimile:  (415) 627-9076

4    Attorneys for Plaintiffs

5    Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**

6    807 Montgomery Street
San Francisco, CA 94133

7    (415) 391-9476

8    Counsel to Ann Otsuka, Janis Keefe, Corinne Phipps,
and Justin Kiser

9

**F I L E D**

San Francisco County Superior Court

FEB 0 7 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

10                    SUPERIOR COURT OF CALIFORNIA

11              FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 11  ANN OTSUKA, an individual; JANIS<br>12  KEEFE, an individual; CORINNE PHIPPS, an<br>individual; and JUSTIN KISER, an individual;<br>13  and on behalf of all others similarly situated,<br><br>14              Plaintiffs,<br><br>15        vs.<br><br>16  POLO RALPH LAUREN CORPORATION; a<br>Delaware Corporation; POLO RETAIL, LLC.,<br>17  a Delaware Corporation; POLO RALPH<br>LAUREN CORPORATION, a Delaware<br>18  Corporation, doing business in California as<br>POLO RETAIL CORP; FASHIONS OUTLET<br>19  OF AMERICA, INC., a Delaware Corporation<br>20  and DOES 1-500, inclusive<br><br>21              Defendants. | Case No.: CGC-06-452655<br><br>**ORDER OVERRULING IN PART AND**<br>**SUSTAINING IN PART DEFENDANTS'**<br>**DEMURRER TO PLAINTIFFS' FIRST**<br>**AMENDED COMPLAINT**<br><br><br><br><br>**Date: January 22, 2007**<br>**Time: 9:30 a.m.**<br>**Department: 304**<br>**Hon Richard Kramer**<br><br><br>**Complaint Filed:** May 30, 2006 |

22

23        The demurrer of Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Fashions

24    Outlet of America, Inc., and Polo Retail Corporation (collectively referred to herein as

25    "Defendants" or "Polo") to the First Amended Complaint ("Complaint") of Plaintiffs Ann

26    Otsuka, an individual, Janis Keefe, an individual, Corinne Phipps, individual, and Justin

27    Kiser, an individual, and on behalf of all others similarly situated (collectively referred to herein

1

1    as "Plaintiffs") having come on regularly for hearing before this court on January 22, 2007, and

2    the pleadings and oral arguments have been considered by the court, and good cause appearing

3    therefor,

4        IT IS HEREBY ORDERED as follows:

5    1.    Polo's demurrer to the First Cause of Action to the Complaint for alleged Fraud is

6          OVERRULED.

7    2.    Polo's demurrer to the Second Cause of Action to the Complaint for alleged False

8          Imprisonment is OVERRULED as to Plaintiff Justin Kiser, and SUSTAINED

9          WITHOUT LEAVE TO AMEND as to Plaintiffs Ann Otsuka, Janis Keefe and

10         Corinne Phipps.

11   3.    Polo's demurrer to the Seventh Cause of Action to the Complaint for alleged

12         violations of California Labor Code § 226.7 is OVERRULED as to Plaintiff Justin

13         Kiser.

14   4.    Polo's demurrer to the Eighth Cause of Action to the Complaint for alleged violations

15         of California Labor Code § 226.7 is OVERRULED as to Plaintiff Justin Kiser, and

16         SUSTAINED WITHOUT LEAVE TO AMEND as to Plaintiffs Ann Otsuka, Janis

17         Keefe and Corinne Phipps.

18   5.    Polo's demurrer to the Eleventh Cause of Action to the Complaint for alleged Unjust

19         Enrichment is SUSTAINED WITHOUT LEAVE TO AMEND.

20   6.    Polo's demurrer to the Thirteenth Cause of Action to the Complaint for alleged

21         violations of Labor Code §§ 2699, et seq., is OVERRULED as to Plaintiff Justin

22         Kiser, and SUSTAINED WITHOUT LEAVE TO AMEND as to Plaintiffs Ann

23         Otsuka, Janis Keefe and Corinne Phipps.

24   ///

25   //

26   ///

27   ///

2

1    Defendants are hereby ordered to file their response to Plaintiff's First Amended

2    Complaint within 10 calendar days from service of notice of entry of this order.

3

4    Dated: 2-5-07

5                                                    Hon Richard A. Kramer
                                                     Judge of the Superior Court
6

7

8    Approved as to Form on this 25th day of January, 2007:

9

10   _____
     William J. Goines, Esq.
11   Counsel to Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                                                                3

Otsuka, et al. v. Polo, et al.
Case No.: CGC-06-452655

ORDER OVERRULING IN PART AND SUSTAINING IN PART DEFENDANTS' DEMURRER

# EXHIBIT 37

1   Patrick R. Kitchin, Esq. (SBN. 162965)
2   **THE LAW OFFICE OF PATRICK R. KITCHIN**
   565 Commercial Street, 4th Floor
3   San Francisco, CA 94111
   415-677-9058
4   415-627-9076 (fax)

5

6   Daniel Feder (SBN. 130867)
   **THE LAW OFFICES OF DANIEL FEDER**
7   807 Montgomery Street
   San Francisco, CA 94133
8   (415) 391-9476
   Attorneys for Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

9

10     **SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

11

12   ANN OTSUKA, an individual; JANIS KEEFE,  ) Case No.: CGC-06-452655
   an individual; CORINNE PHIPPS, an              )
13   individual; and JUSTIN KISER, an individual; ) **NOTICE OF ENTRY OR ORDER**
14   individually and on behalf of all others similarly ) **OVERRULING IN PART AND**
   situated,                                      ) **SUSTAINING IN PART DEFENDANTS'**
15                                           ) **DEMURRER TO PLAINTIFF'S FIRST**
16            Plaintiffs,              ) **AMENDED COMPLAINT**
                                            )
17      vs.                                     )
18   POLO RALPH LAUREN CORPORATION; a  )
   Delaware Corporation; POLO RETAIL, LLC., a)
19   Delaware Corporation; POLO RALPH       )
   LAUREN CORPORATION, a Delaware     )
20   Corporation, doing business in California as    )
   POLO RETAIL CORP; FASHIONS OUTLET  )
21   OF AMERICA, INC., a Delaware Corporation )
   and DOES 1-500, inclusive                )
22                                             )
23            Defendants.             )
                                            )
24                                             )

25

26      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

27      PLEASE TAKE NOTICE, on February 5, 2007, the San Francisco Superior Court,

28

---

*Otsuka, et al. v. Polo, et al.*                                       Case No. CGC-06-452655
NOTICE OF ENTRY OF ORDER RE DEFENDANTS' DEMURRER            1

ENDORSED
F I L E D
San Francisco County Superior Court

FEB 1 3 2007

GORDON PARK-LI, Clerk
BY_____
              Deputy Clerk

1    Department 304, issued an Order Overruling in Part and Sustaining in Part Defendants' Demurrer

2    to Plaintiff's First Amended Complaint.  A conformed copy of that order is attached hereto.

3

4

5    Dated:  February 9, 2007                    THE LAW OFFICE OF PATRICK R. KITCHIN

6

7                                                By:  Patrick R. Kitchin

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A**

ENDORSED
F I L E D
San Francisco County Superior Court

FEB - 7 2007

GORDON PARK-LI, Clerk
BY: _____FELICIA M. GREEN_____
Deputy Clerk

1  Patrick R. Kitchin, Esq. (SBN 162965)
   **THE LAW OFFICE OF PATRICK R. KITCHIN**
2  565 Commercial Street, 4th Floor
   San Francisco, CA 94111
3  Telephone:  (415) 677-9058
   Facsimile:  (415) 627-9076
4  Attorneys for Plaintiffs

5  Daniel Feder (State Bar No. 130867)
   **THE LAW OFFICES OF DANIEL FEDER**
6  807 Montgomery Street
   San Francisco, CA 94133
7  (415) 391-9476

8  Counsel to Ann Otsuka, Janis Keefe, Corinne Phipps,
   and Justin Kiser

9                    SUPERIOR COURT OF CALIFORNIA

10            FOR THE CITY AND COUNTY OF SAN FRANCISCO

11  ANN OTSUKA, an individual; JANIS        )   Case No.: CGC-06-452655
    KEEFE, an individual; CORINNE PHIPPS, an )
12  individual; and JUSTIN KISER, an individual; )  **ORDER OVERRULING IN PART AND**
    and on behalf of all others similarly situated, )  **SUSTAINING IN PART DEFENDANTS'**
13                                           )   **DEMURRER TO PLAINTIFFS' FIRST**
                                             )   **AMENDED COMPLAINT**
14                    Plaintiffs,            )
                                             )
15          vs.                              )
                                             )
16  POLO RALPH LAUREN CORPORATION; a )
    Delaware Corporation; POLO RETAIL, LLC., )
17  a Delaware Corporation; POLO RALPH       )   Date:  January 22, 2007
    LAUREN CORPORATION, a Delaware           )   Time:  9:30 a.m.
18  Corporation, doing business in California as )  Department:  304
    POLO RETAIL CORP; FASHIONS OUTLET )        Hon Richard Kramer
19  OF AMERICA, INC., a Delaware Corporation )
20  and DOES 1-500, inclusive                )
                                             )   Complaint Filed:  May 30, 2006
21                    Defendants.            )
                                             )
22

23          The demurrer of Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Fashions

24  Outlet of America, Inc., and Polo Retail Corporation (collectively referred to herein as

25  "Defendants" or "Polo") to the First Amended Complaint ("Complaint") of Plaintiffs Ann

26  Otsuka, an individual, Janis Keefe, an individual, Corinne Phipps, an individual, and Justin

27  Kiser, an individual, and on behalf of all others similarly situated (collectively referred to herein

1

1  as "Plaintiffs") having come on regularly for hearing before this court on January 22, 2007, and

2  the pleadings and oral arguments have been considered by the court, and good cause appearing

3  therefor,

4       IT IS HEREBY ORDERED as follows:

5  1.    Polo's demurrer to the First Cause of Action to the Complaint for alleged Fraud is

6        OVERRULED.

7  2.    Polo's demurrer to the Second Cause of Action to the Complaint for alleged False

8        Imprisonment is OVERRULED as to Plaintiff Justin Kiser, and SUSTAINED

9        WITHOUT LEAVE TO AMEND as to Plaintiffs Ann Otsuka, Janis Keefe and

10       Corinne Phipps.

11 3.    Polo's demurrer to the Seventh Cause of Action to the Complaint for alleged

12       violations of California Labor Code § 226.7 is OVERRULED as to Plaintiff Justin

13       Kiser.

14 4.    Polo's demurrer to the Eighth Cause of Action to the Complaint for alleged violations

15       of California Labor Code § 226.7 is OVERRULED as to Plaintiff Justin Kiser, and

16       SUSTAINED WITHOUT LEAVE TO AMEND as to Plaintiffs Ann Otsuka, Janis

17       Keefe and Corinne Phipps.

18 5.    Polo's demurrer to the Eleventh Cause of Action to the Complaint for alleged Unjust

19       Enrichment is SUSTAINED WITHOUT LEAVE TO AMEND.

20 6.    Polo's demurrer to the Thirteenth Cause of Action to the Complaint for alleged

21       violations of Labor Code §§ 2699, et seq., is OVERRULED as to Plaintiff Justin

22       Kiser, and SUSTAINED WITHOUT LEAVE TO AMEND as to Plaintiffs Ann

23       Otsuka, Janis Keefe and Corinne Phipps.

24 ///

25 //

26 ///

27 ///

2

1        Defendants are hereby ordered to file their response to Plaintiff's First Amended

2 Complaint within 10 calendar days from service of notice of entry of this order.

3

4 Dated: _2-5-07_                  RICHARD A. KRAMER

                                       Hon. Richard A. Kramer

5                                      Judge of the Superior Court

6

7

8 Approved as to Form on this 25th day of January, 2007:

9

10 _____

     William J. Goines, Esq.

11 Counsel to Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

                                                                 3

**PROOF OF SERVICE**

1.    I, Karla Donis, the below signed declare, I am employed, in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 565 Commercial Street, 4th Floor, San Francisco, California 94111.

2.    I am familiar with the office practice for depositing U.S. Mail, facsimile transmission and Federal Express routing. In addition, I am familiar with both State and Local Rules regarding use of recycled paper and represent this document and all documents referred to herein comply with applicable recycled paper use requirements.

3.    On February 13, 2007, I served the following documents on the parties identified as follows:

   **William J. Goines, Esq.**
   **Greenberg Traurig, LLP**
   **1900 University Ave., 5th Floor**
   **East Palo Alto, CA 94303**



- **NOTICE OF ENTRY OR ORDER OVERRULING IN PART AND SUSTANING IN PART DEFENDANTS' DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT.**

4.    The manner of service is indicated below. Please check one.

 I caused each such document, in an envelope, to be served by hand on the person listed above.

| X |  I caused each such document, in an envelope, with first-class postage thereon fully pre-paid, to be deposited with the U.S. Mail in San Francisco, California. |

 I caused each such document, to be transmitted by facsimile to the facsimile number known by me to be the facsimile number Of each of the parties listed on the attached service list.

 I caused each such document, in an envelope, with Federal Express postage, postage pre-paid, to be deposited with Federal Express in San Francisco, California.



I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Karla Donis

2/13/07
Date

2

# EXHIBIT 38

F 02/28/07

1   WILLIAM J. GOINES (SBN 061290)
    JEREMY A. MEIER (SBN 139849)
2   ALISHA M. LOUIE (SBN 240863)
    GREENBERG TRAURIG, LLP
3   1900 University Avenue, Fifth Floor
    East Palo Alto, California 94303
4   Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
5   Email: goinesw@gtlaw.com
           meierj@gtlaw.com
6          louiea@gtlaw.com

7   BRIAN S. COUSIN (*PRO HAC VICE*)
    NEIL A. CAPOBIANCO (*PRO HAC VICE*)
8   GREENBERG TRAURIG, LLP
    MetLife Building
9   200 Park Avenue
    New York, NY 10166
10  Telephone: (212) 801-9200
    Facsimile: (212) 801-6400
11  Email: cousinb@gtlaw.com
           capobiancon@gtlaw.com
12
    Attorneys for Defendants Polo Ralph Lauren
13  Corporation; Polo Retail, LLC; Polo Ralph Lauren
    Corporation, doing business in California as Polo
14  Retail Corporation; and Fashions Outlet of
    America, Inc.
15

                    ENDORSED FILED
                     SUPERIOR COURT
                COUNTY OF SAN FRANCISCO

                      FEB 2 8 2007

                GORDON PARK-LI, CLERK
                BY: _____
                        Deputy Clerk

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                  FOR THE COUNTY OF SAN FRANCISCO

18  ANN OTSUKA, an individual; JANIS            Case No. CGC-06-452655
    KEEFE, an individual; CORINNE PHIPPS,
19  an individual; and JUSTIN KISER, an
    individual; and on behalf of all other similarly   **DEFENDANTS POLO RALPH LAUREN**
20  situated,                                   **CORPORATION; POLO RETAIL, LLC;**
                                                **POLO RALPH LAUREN CORPORATION,**
21              Plaintiff(s),                   **DOING BUSINESS IN CALIFORNIA AS**
                                                **POLO RETAIL CORPORATION; AND**
22      v.                                      **FASHIONS OUTLET OF AMERICA, INC.'S**
                                                **ANSWER TO FIRST AMENDED**
23  POLO RALPH LAUREN CORPORATION,             **COMPLAINT**
    a Delaware Corporation; POLO RETAIL,
24  LLC, a Delaware Corporation; POLO                      **BY FAX**
    RALPH LAUREN CORPORATION, a
25  Delaware Corporation, doing business in
    California as POLO RETAIL CORP;
26  FASHIONS OUTLET OF AMERICA, INC.,          Date Action Filed: May 30, 2006
    a Delaware Corporation and DOES 1-500,
27  inclusive,

28              Defendant(s).

                                1

SV 345080315/1

1  Defendants POLO RALPH LAUREN CORPORATION, a Delaware Corporation; POLO
2  RETAIL, LLC, a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware
3  Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF
4  AMERICA, INC., a Delaware Corporation ("POLO" or "Defendants"), for themselves alone and for
5  no other defendants, hereby answer the unverified First Amended Complaint of Plaintiffs ANN
6  OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and
7  JUSTIN KISER, an individual; and on behalf of all other similarly situated ("Plaintiffs") as follows:

8  ### GENERAL DENIAL

9  Pursuant to California Code of Civil Procedure §431.30(d), Defendants generally deny each
10  and every allegation and cause of action contained in the First Amended Complaint, as effected by
11  the Court's February 13, 2007 Order Overruling in Part and Sustaining in Part Defendants' Demurrer
12  to Plaintiffs' First Amended Complaint. Defendants further deny that Plaintiffs are entitled to the
13  relief requested or any relief at all, and that Plaintiffs sustained or will sustain damages in the sum or
14  sums alleged, or any other sum or sums, or at all. Defendants further deny that Plaintiffs are entitled
15  to attorneys' fees in the sum or sums alleged, or any other sum or sums, or at all.

16  ### JURISDICTION AND VENUE

17  Defendants specifically reserve the right to remove this action to United States
18  District Court based on 28 U.S.C. §1441, *et. seq.* or 28 U.S.C. §1453, *et. seq.* ("the Class Action
19  Fairness Act of 2005" or "CAFA"). Discovery in this action is ongoing and Defendants' Answer
20  should not be construed as a waiver of the right to seek removal under either traditional diversity
21  grounds or under CAFA.

22  ### AFFIRMATIVE DEFENSES

23  FIRST AFFIRMATIVE DEFENSE

24  (Failure to State a Cause of Action)

25  The First Amended Complaint fails to state a cause of action upon which relief may be
26  granted.

27  //

28  //

2
ANSWER TO FIRST AMENDED COMPLAINT

1 | SECOND AFFIRMATIVE DEFENSE

2 | (Failure to Mitigate)

3 |     Plaintiffs have failed to mitigate their alleged damages, and have failed to exercise due

4 | diligence in an effort to mitigate their damages.

5 | THIRD AFFIRMATIVE DEFENSE

6 | (Lack of Causation)

7 |     Defendants did not cause any damages alleged by Plaintiffs.

8 | FOURTH AFFIRMATIVE DEFENSE

9 | (Estoppel)

10 |     Plaintiffs' action is barred by the doctrine of estoppel. Plaintiffs are estopped from asserting

11 | the claims set forth in their First Amended Complaint by reason of their own conduct, actions or

12 | inactions, and are barred, in whole or in part, from the relief sought therein.

13 | FIFTH AFFIRMATIVE DEFENSE

14 | (Waiver)

15 |     Plaintiffs' First Amended Complaint, and each cause of action therein, is barred by the

16 | doctrine of waiver, in whole or in part, by virtue of their own conduct, actions, or inaction.

17 | SIXTH AFFIRMATIVE DEFENSE

18 | (Unclean Hands)

19 |     Plaintiffs' First Amended Complaint, and each cause of action alleged therein, is barred by

20 | the doctrine of Unclean Hands.

21 | SEVENTH AFFIRMATIVE DEFENSE

22 | (*in pari delicto*)

23 |     Plaintiffs' action is barred by the doctrine of *in pari delicto*.

24 | EIGHTH AFFIRMATIVE DEFENSE

25 | (Laches)

26 |     Plaintiffs' action is barred by the doctrine of laches.

27 |

28 |

3

1    <u>NINTH AFFIRMATIVE DEFENSE</u>

2    (Ratification)

3    Plaintiffs' action is barred by the doctrine of ratification, confirmation and acquiescence.

4    <u>TENTH AFFIRMATIVE DEFENSE</u>

5    (Statute of Limitations)

6    Plaintiffs' claims are barred by the applicable Statute of Limitations, including but not limited

7    to those as set forth in California Code of Civil Procedure Sections 335.1, 337, 338, and 340,

8    California Government Code Sections 12960 and 12965, and in California Business and Professions

9    Code Section 17208, and in any other relevant statutes of limitation.

10    <u>ELEVENTH AFFIRMATIVE DEFENSE</u>

11    (Good Faith)

12    Defendants acted reasonably and in good faith at all times, based on all relevant facts and

13    circumstances known by them at the time that they acted.  Accordingly, Plaintiffs are barred, in

14    whole or in part, from any recovery in this action.

15    <u>TWELFTH AFFIRMATIVE DEFENSE</u>

16    (Excuse of Performance)

17    Plaintiffs' First Amended Complaint, and each and every cause of action therein, fail because

18    Defendants were excused from performing any alleged obligations.

19    <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

20    (Claims Barred)

21    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to properly discharge

22    their duties and obligations under the terms of their alleged employment contracts with Defendants.

23    <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

24    (Meal and Rest Breaks Provided)

25    Plaintiffs' claims are barred in whole or in part because Plaintiffs were given the opportunity

26    to take rest and/or meal breaks but they voluntarily elected not to.

27    ///

28    ///

4

SV 346080315v1

## FIFTEENTH AFFIRMATIVE DEFENSE

*(De Minimis)*

To the extent that Plaintiffs' meal and/or rest breaks were untimely or short by just a few minutes, Plaintiffs' meal and/or rest break claims constitute irrelevant *de minimis* violations.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Plead Facts Sufficient to Support Punitive Damages)

Plaintiffs are not entitled to recover any punitive or exemplary damages and any averments with respect thereto should be stricken because:

a.    Plaintiffs have failed to plead facts sufficient to support oppression, fraud and/or malice; and/or

b.    Plaintiffs have failed to plead facts sufficient to support gross or reckless disregard for the rights of Plaintiffs or that Defendants were motivated by evil motive or intent; and/or

c.    Defendants did not commit any alleged oppressive, fraudulent or malicious act, nor authorized or ratified such an act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Recovery for Statutory Penalties and Punitive Damages)

Punitive damages are not available in addition to Labor Code penalties because a penalty on a penalty is not permitted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(No Damages)

Defendants are informed and believe and based thereon allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendants, and Plaintiffs are thereby barred from asserting any claim against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

*(De Minimis Non Curat Lex)*

Plaintiffs are seeking compensation for trivial, non-compensable time spent before and after their principal work activities.

5

ANSWER TO FIRST AMENDED COMPLAINT

TWENTIETH AFFIRMATIVE DEFENSE

(Privilege)

The actions of Defendants as alleged in the First Amended Complaint were based on Defendants' legitimate economic interests, and on that basis, were privileged.

TWENTY-FIRST AFFIRMATIVE DEFENSE

(Defendants' Right to Attorneys' Fees)

Defendants are entitled to recover all attorneys' fees and costs incurred herein, insofar as any and all of the claims alleged in the First Amended Complaint are frivolous, unreasonable or without foundation.

TWENTY-SECOND AFFIRMATIVE DEFENSE

(Management Discretion)

Any and all conduct about which Plaintiffs complain and which is attributed to Defendants was a just and proper exercise of management discretion, was undertaken for fair and honest reasons, and was regulated by good faith under the circumstances existing at all times mentioned in Plaintiffs' First Amended Complaint.

TWENTY-THIRD AFFIRMATIVE DEFENSE

(Justification)

The conduct alleged in the First Amended Complaint, and in each cause of action alleged, was justified by business necessity.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Ratification)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification, consent and acquiescence.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Class Exists)

Plaintiffs' First Amended Complaint and the alleged causes of action do not state facts sufficient to certify a class. Class action treatment is improper because the acts or omissions about

ANSWER TO FIRST AMENDED COMPLAINT
SV 346080315v1

1   which Plaintiffs complain are individualized issues about which no illegal or improper Polo policy or

2   practice exists.  Further, the class that plaintiffs seek to represent is ill-defined.

3

4   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

5   (Individual Issues Predominate)

6   Class action treatment is improper because individualized issues amongst Plaintiffs

7   predominate.

8   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

9   (Class Action Unworkable)

10  Class action treatment is improper because individualized issues would render such a class

11  action impractical and unworkable.

12  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

13  (Improper Class Representative)

14  Plaintiffs are not proper class representatives.  Plaintiffs will not fairly or adequately protect

15  the interests of the class they seek to represent.  Plaintiffs' claims and Defendants' individualized

16  defenses thereto are not typical of the class that plaintiffs seek to represent.

17  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

18  (No Class Wide Injury)

19  Defendants aver that there has been no class-wide injury as alleged by the named Plaintiffs.

20  The injuries for which recovery is sought by the named Plaintiffs on behalf of the purported class

21  cannot be recovered without proof by each class member as to the specific facts underlying the

22  violations alleged by each class member and the losses allegedly suffered as a direct and proximate

23  result of each such alleged violation.

24  ### THIRTIETH AFFIRMATIVE DEFENSE

25  (Due Process)

26  Defendants' rights to due process under the United States and California Constitutions would

27  be violated if this action were tried as a class action.

28  ///

SV 346080315v1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Plaintiffs' action is barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRTY SECOND AFFIRMATIVE DEFENSE

### (Set Off)

Plaintiffs' action is barred, in whole or in part, by the doctrine of set off and payment in satisfaction.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Exemption)

Plaintiffs' action is barred, in whole or in part, by virtue of Plaintiffs' exempt status pursuant to California Industrial Welfare Commission orders and regulations including, but not limited to, Order No. 7-2001.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Commissioned Inside Sales Employee Exemption)

Plaintiffs are commissioned employees exempt from any overtime requirements pursuant to Section 3(D) of Industrial Welfare Commission Order No. 7-2001.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Because of the vague language and allegations in the First Amended Complaint, including but not limited to several allegations that render the First Amended Complaint uncertain pursuant to California Code of Civil Procedure § 430.10(f), Defendants cannot anticipate all possible defenses at this time. As such, Defendants reserve their right to add additional separate defenses at an appropriate time.

//

//

//

ANSWER TO FIRST AMENDED COMPLAINT

SV 346080315v1

1       WHEREFORE, Defendants demand that Plaintiffs' First Amended Complaint be dismissed in

2   its entirety with prejudice; that judgment be granted to Defendants with costs of suit and reasonable

3   attorney's fees; and for such other relief that the Court shall deem just and proper.

4

5   Dated:  February 28, 2007.                    GREENBERG TRAURIG, LLP

6

7                                                 By: _William J. Goines_____
                                                      William J. Goines, Esq.
8
                                                  Attorneys for Defendants Polo Ralph Lauren
9                                                 Corporation; Polo Retail, LLC; Fashions Outlet
                                                  of America, Inc.; and Polo Retail Corporation
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT
SV 346080315v1

*Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.*                    Case No. CGC-06-452655

### PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On February 28, 2007, I served the following documents:

DEFENDANTS POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.'S ANSWER TO FIRST AMENDED COMPLAINT

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                    Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin          Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                807 Montgomery St.
San Francisco, CA 94111                    San Francisco, CA 94133
(Fax: 415-627-9076)                        (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

//

//

# EXHIBIT 39

1  WILLIAM J. GOINES (SBN 061290)
   JEREMY A. MEIER (SBN 139849)
2  ALISHA M. LOUIE (SBN 240863)
   GREENBERG TRAURIG, LLP
3  1900 University Avenue, Fifth Floor
   East Palo Alto, California 94303
4  Telephone: (650) 328-8500
   Facsimile: (650) 328-8508
5
   BRIAN S. COUSIN (*PRO HAC VICE*)
6  NEIL A. CAPOBIANCO (*PRO HAC VICE*)
   GREENBERG TRAURIG, LLP
7  MetLife Building
   200 Park Avenue
8  New York, NY 10166
   Telephone: (212) 801-9200
9  Facsimile: (212) 801-6400

10 Attorneys for Defendants and Cross-Complainant
   Polo Ralph Lauren Corporation et al.

11

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   FOR THE COUNTY OF SAN FRANCISCO

15

16 ANN OTSUKA, et al.,                    Case No. CGC-06- 450655

17              Plaintiff(s),

18 v.                                      CROSS-COMPLAINT OF FASHIONS
                                           OUTLET OF AMERICA, INC. FOR BREACH
19 POLO RALPH LAUREN CORPORATION,          OF FIDUCIARY DUTY AND CIVIL
   et al.,                                 CONSPIRACY TO COMMIT FRAUD

20              Defendant(s).              BY FAX

21

22 FASHIONS OUTLET OF AMERICA, INC.,
   a Delaware Corporation,
23
                Cross-Complainant,
24
   v.
25
   JUSTIN KISER, an individual; and ROES 1-
26 50, inclusive,

27              Cross-Defendant,

28

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

FEB 2 8 2007

GORDON PARK-LI, CLERK
BY: _____
        Deputy Clerk

1
CROSS-COMPLAINT

1    Defendant and Cross-Complainant FASHIONS OUTLET OF AMERICA, INC. (hereinafter

2    "Polo") alleges as follows:

3    ## PRELIMINARY ALLEGATIONS

4    1.    FASHIONS OUTLET OF AMERICA, INC. is, and at all relevant times mentioned

5    in this Cross-Complaint is a Delaware Corporation.

6    2.    Polo is further informed and believes, and thereon alleges, that Plaintiff and Cross-

7    Defendant JUSTIN KISER ("Kiser") is an individual residing in Contra Costa County, California.

8    Kiser was employed by Polo as a Sales Associate in the Ralph Lauren store located at 90 Post Street,

9    San Francisco, California 94101 ("Polo store") between approximately July 11, 2004 to August 5,

10   2005.

11   3.    The true names and capacities, whether individual, corporate, associate or otherwise,

12   of Cross-Defendants sued in this Cross-Complaint as ROES 1 through 50, inclusive, are unknown to

13   Polo who sues those Cross-Defendants by fictitious names. Polo alleges on information and belief

14   that each of the Cross-Defendants sued herein as ROES 1 through 50 are responsible in some manner

15   for the events and obligations alleged herein. Polo will seek leave of court to amend this Cross-

16   Complaint to allege their true names and capacities when ascertained.

17   ## FACTS COMMON TO ALL CAUSES OF ACTION

18   4.    Plaintiff incorporates herein by reference Paragraphs 1-3, inclusive.

19   5.    Upon information and belief, a former Polo employee by the name of Germania was

20   improperly in possession of merchandise credit for use in any Polo store. Upon information and

21   belief, the merchandise credits were either stolen and/or illegally obtained by Germania.

22   6.    On or about June 22, 2005, while working as a Sales Associate in the Polo store,

23   Kiser received a request from Germania to charge and send store merchandise using a merchandise

24   credit. Germania specifically requested that Kiser enter data in the Point of Sale (POS) system under

25   the fictitious name "Rose Cassamini" instead of her own name to avoid Polo's detection of their

26   fraudulent activities. Germania also requested that Kiser send the merchandise addressed to "Rose

27   Cassamini".

28

7.    Kiser inquired with Operations Manager Theresa Cruz ("Cruz") if it was possible for him to use merchandise credit on a "send sale" purchase but never informed Cruz that the purchase was for Germania, instead telling her that it was for a customer by the name of "Rose Cassamini".

8.    Kiser knew that it was improper and against Polo policy to use a fictitious customer name to send store merchandise yet completed the sale and sent the merchandise to Germania under the guise of "Rose Cassamini".

9.    On or about July 20, 2005, Kiser accompanied Germania to the Polo Ralph Lauren Factory Store located in Vacaville, California ("Polo Vacaville Outlet"). While at the store, Germania attempted to make a purchase using the Polo employee discount. When the cashier informed Germania that she could not use the Polo employee discount since she was no longer a Polo employee, she requested that Kiser purchase her merchandise for her, utilizing his Polo employee discount and with her merchandise credit. Kiser complied with Germania's request and purchased her merchandise with her merchandise credit through his Polo employee discount, even though he knew that it was against Polo policy to do so.

10.    While working as a Sales Associate in the Polo store, Germania called Kiser to inquire about a pair of jeans in a size 30. Kiser checked the store inventory and then called Germania back informing her that the jeans were available in size 30. Germania requested that Kiser ring up her merchandise using two separate merchandise credits under the fictitious name "Gina Rochas". Germania further instructed Kiser to ring up her purchase when no managers were around. Kiser knew it was wrong to complete the sale under a fictitious name but completed the sale anyway.

11.    With respect to sales that Kiser improperly processed for Germania, he received an 8% commission.

12.    Polo's Retail Employee Handbook prohibits dishonest conduct, including the "[L]ying or falsification in any manner related to employment." Polo Retail Employee Handbook at p. 21.

13.     Polo's Retail Employee Handbook prohibits employees from using their Polo employee discount "to purchase items for other individuals (other than as gifts)..." Polo Retail Employee Handbook at p. 23.

### FIRST CAUSE OF ACTION
(Breach of Fiduciary Duty)

14.     Polo incorporates herein by reference Paragraphs 1-13 inclusive.

15.     Kiser had a duty of loyalty as a Polo employee to act in the best interest of Polo, and to not take actions which would financially damage Polo.  Kiser breached his fiduciary duty by manipulating records in the POS system under fictitious customer names in order to generate a sale.

16.     Kiser further breached his fiduciary duty by utilizing his Polo employee discount for a non-Polo employee's financial benefit.

17.     Kiser knew or had reason to know that the purchases made by Germania were made in bad faith when she requested that fictitious names be used instead of her own as to not draw suspicion. Kiser and Germania intentionally acted in bad faith by performing the sales transactions outside the presence of a manager to avoid Polo's detection of their fraudulent activities.

18.     Kiser acted intentionally, willfully, in bad faith and in defiance of Kiser's duty of loyalty to Polo, and Kiser's conduct was oppressive and malicious entitling Polo to an award of punitive and exemplary damages.

19.     As a proximate result of these acts of Kiser as herein-above described, Polo has been damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
(Civil Conspiracy to Commit Fraud)

20.     Polo  incorporates herein by reference Paragraphs 1-13 inclusive.

21.     Kiser and Roes 1-50 formulated a common plan and conspiracy to commit fraud against Polo.

22.     This plan was intended by all participants to, and in fact did, financially defraud Polo by providing access to the Polo employee discount by non-Polo employees for the non-Polo

1  employee's financial benefit by securing merchandise at a reduced price not available to the general

2  public.

3     23.    This plan was further intended by all participants to, and in fact did, financially

4  defraud Polo by falsifying Polo documents and manipulating records in the Polo POS system to

5  generate a sale and avoid suspicion by Polo management of potentially improper and/or fraudulent

6  conduct.

7     24.    Kiser knew or had reason to know that the purchases made by Germania were made

8  in bad faith when she requested that fictitious names be used instead of her own to avoid Polo's

9  detection of her fraudulent activities. Kiser and Germania intentionally acted in bad faith by

10  performing the sales transactions outside the presence of a manager to avoid Polo's detection of their

11  fraudulent activities.

12     25.    Polo has incurred damages as a result of the aforementioned conspiracy including

13  the value of fraudulent merchandise credits and concomitant commission payments to Kiser.

14     26.    Kiser's conduct was oppressive and malicious entitling Polo to an award of punitive

15  and exemplary damages.

16     WHEREFORE, Plaintiffs pray for judgment against Defendant as set forth below.

17     1.    For compensatory damages in an amount to be proven at trial;

18     2.    For interest on all damages at the legal rate according to proof;

19     3.    For attorney's fees;

20     4.    For punitive and exemplary damages;

21     5.    For costs of suit incurred; and

22     5.    For such other and further relief as the court may deem just and proper.

23  Dated: February 28, 2007.                GREENBERG TRAURIG, LLP

24

25                              By: _____

26                              William J. Goines, Esq.
                               Attorneys for Defendants and Cross-Complainant
27                              Polo

28

SV 346131999v1

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.          Case No. CGC-06-452655

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On February 28, 2007, I served the following documents:

**CROSS-COMPLAINT OF FASHIONS OUTLET OF AMERICA, INC. FOR BREACH OF FIDUCIARY DUTY AND CIVIL CONSPIRACY TO COMMIT FRAUD**

☒ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if delivery by Federal Express is more than one day after date of deposit with Federal Express.

☐ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                     Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin            Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                   807 Montgomery St.
San Francisco, CA 94111                       San Francisco, CA 94133
(Fax: 415-627-9076)                           (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 28, 2007, at East Palo Alto, California.

*Cathy Sandifer*
Cathy Sandifer

---

Proof of Service
1

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 28, 2007, at East Palo Alto, California.

Cathy Sandifer

# MESSAGE CONFIRMATION

02/28/2007  13:05
ID=GREENBERG TRAURG LLP

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 02/28 | 03'12" | 415 627 9076 | TX | 018 | OK | 0000 |

02/28/2007    13:01    GREENBERG TRAURG LLP → 2321#093800#14156279076#        NO.144    P001

# Greenberg
# Traurig

**Transmittal Cover Sheet**

From: Cathy Sandifer, Secretary to      Tel:                    E-Mail:
William J. Goines                       650.289.7862            sandiferc@gtlaw.com

| To: | Fax No.: | Company: | Phone No.: |
|-----|----------|----------|------------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

**File No.:**      62321-093800

**Re:**            Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.

**Date:**          February 28, 2007

**No. Pages:**     Including Cover Sheet      18

                   If you do not receive all pages properly, please call the sender.

**Notes:**         Attached please find the Answer to First Amended Complaint and Fashions Outlet of America, Inc.'s Cross-Complaint against Justin Kiser.

Also sent via:      ☐ US Mail      ☐ Overnight      ☐ Messenger      ☐ Email      ☒ No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500   Fax: 650.328.8508
SV 346081283v1

# MESSAGE CONFIRMATION

02/28/2007  13:10
ID=GREENBERG TRAURG LLP

| DATE | S.R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|------|----------|--------------------|------|-------|--------|------|
| 02/28 | 03'35" | 4153919432 | TX | 018 | OK | 0000 |

02/28/2007    13:02    GREENBERG TRAURG LLP → 2321#093800#14153919432#    NO.145    P001

# Greenberg Traurig

**Transmittal Cover Sheet**

**From: Cathy Sandifer, Secretary to**          **Tel:**                          **E-Mail:**
  **William J. Goines**                                 **650.289.7862**               **sandiferc@gtlaw.com**

| To: | Fax No: | Company: | Phone No.: |
|-----|---------|----------|-----------|
| Patrick R. Kitchin, Esq | (415) 627-9076 | Law Offices of Patrick R. Kitchin | (415) 677-9058 |
| Daniel Feder, Esq. | (415) 391-9432 | Law Offices of Daniel L. Feder | (415) 391-9476 |

| | |
|---|---|
| **File No.:** | 62321-093800 |
| **Re:** | Otsuka, et al. v. Polo Ralph Lauren Corporation, et al. |
| **Date:** | February 28, 2007 |
| **No. Pages:** | Including Cover Sheet   *13* |
| | If you do not receive all pages properly, please call the sender. |
| **Notes:** | Attached please find the Answer to First Amended Complaint and Fashions Outlet of America, Inc.'s Cross-Complaint against Justin Kiser. |

**Also sent via:**     ☐ US Mail     ☐ Overnight     ☐ Messenger     ☐ Email     ☒ No Other

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

1900 University Avenue, 5th Floor, East Palo Alto, California 94303   Phone: 650.328.8500  Fax: 650.328.8508
*SV 346081283v1*

# EXHIBIT 40

F 04/03/07

ENDORSED
FILED
San Francisco County Superior Court

APR 0 3 2007

GORDON PARK-LI, Clerk
BY: WESLEY ~~~~~~~
Deputy Clerk

1   Patrick R. Kitchin, Esq. (SBN. 162965)
    THE LAW OFFICE OF PATRICK R. KITCHIN
2   565 Commercial Street, 4th Floor
    San Francisco, CA 94111
3   415-677-9058
    415-627-9076 (fax)
4

5   Daniel Feder, Esq. (SBN. 130867)
    THE LAW OFFICES OF DANIEL FEDER
6    807 Montgomery Street
    San Francisco, CA 94133
7   (415) 391-9476

8
    Attorneys for Ann Otsuka, Janis Keefe,
9   Corinne Phipps and Justin Kiser

10  WILLIAM J. GOINES (SBN 061290)
    JEREMY A. MEIER (SBN 139849)
11  ALISHA M. LOUIE (SBN 240863)
    GREENBERG TRAURIG, LLP
12  1900 University Avenue, Fifth Floor
    East Palo Alto, California 94303
13  Telephone: (650) 328-8500
    Facsimile: (650) 328-8508
14

15  Attorneys for Defendants Polo Ralph Lauren
    Corporation; Polo Retail, LLC; Polo Ralph Lauren
16  Corporation, doing business in California as Polo
    Retail Corporation; and Fashions Outlet of America, Inc.
17
    (See Last Page for Additional Names of Counsel for the Parties).
18

19      SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

20
    ANN OTSUKA, an individual; JANIS KEEFE,     )   Case No.: CGC-06-452655
21  an individual; CORINNE PHIPPS, an            )
    individual; and JUSTIN KISER, an individual; )   **JOINT CASE MANAGEMENT**
22  individually and on behalf of all others similarly )   **CONFERENCE STATEMENT**
    situated,                                    )
23                                               )
                Plaintiffs,                      )
24          vs.                                  )   **Date:  April 5, 2007**
                                                 )   **Time:  1:30 p.m.**          BY FAX
25                                               )   **Department: 304**
    POLO RALPH LAUREN CORPORATION; a             )   **Hon Richard A. Kramer**
26  Delaware Corporation; et al. and DOES 1-500, )
    inclusive,                                   )
27              Defendants.                      )   **Complaint Filed:  May 30, 2006**
                                                 )   **Trial Date:  None Set**
28                                               )

    _Otsuka, et al. v. Polo, et al._                         Case No. CGC-06-452655
    Joint Case Management Conference Statement        1

Plaintiffs Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser ("Plaintiffs"), and Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Ralph Lauren Corporation, doing business as Polo Retail Corporation, and Fashions Outlet of America, Inc. ("Defendants"), hereby submit this Joint Case Management Conference Statement in advance of the April 5, 2007, Case Management Conference.

A.     Nature of Case

Plaintiffs filed this class action lawsuit on May 30, 2006. On July 20, 2006, Plaintiffs filed their First Amended Complaint to add claims under the California Private Attorneys General Action, Labor Code §§ 2699, et seq., seeking recovery on civil penalties on behalf of themselves, the putative class and the State of California. Plaintiffs' First Amended Complaint alleges various labor law violations, including fraud, false imprisonment, failure to pay wages earned, failure to pay wages timely, failing to pay premium overtime, breach of contract, failure to provide workers with rest breaks, unjust enrichment, violations of Business and Professions Code §§ 17200, et seq., and violations of the Private Attorneys General Act.

On October 12, 2006, Defendants demurred to Plaintiffs' First Amended Complaint on several grounds. The hearing on that motion was held January 22, 2007, and the demurrer was sustained in part and overruled in part. Since that time, the parties have engaged in discussions regarding discovery, Polo has filed its Answer and a Cross-Complaint on Kiser for breach of fiduciary duty and civil conspiracy to commit fraud, and the parties' counsel have met and conferred in some detail as to ongoing discovery issues.

B.     Status Of Discovery

1.     Plaintiffs

Plaintiffs served extensive written discovery on all Defendants, focused on issues relevant to class certification. This discovery seeks (1) information regarding the numbers of employees working at each Polo store in California during the statute of limitations, store by store; (2) descriptions of and documents pertaining to relevant employment practices and policies during the statute of limitations period, store by store; and (3) the persons most knowledgeable about relevant employment policies and practice during the statute of limitations period, store by store. While the

number of individual questions and requests in this discovery is extensive, the discovery is sharply focused and designed to elicit information relating only to issues of typicality, commonality and numerosity. It is designed to permit Plaintiffs to evaluate class certification issues. Defendants' counsel has indicated his client is working now on discovery responses. Defendants have had several months to collect responsive information. Plaintiffs request the Court set a responsive date for 32 days from the date of the Case Management Conference: May 7, 2007.

Plaintiffs also served 10 notices of depositions of Defendants' managers and persons most knowledgeable. The parties are working on scheduling these depositions at this time, evaluating dates in June 2007.

All Plaintiffs have responded to Defendants' first set of requests for production. Plaintiffs Corinne Phipps and Just Kiser have responded to Defendants' first set of special interrogatories. Defendants have served notices of deposition of all Plaintiffs, but have not scheduled dates, times and places yet. The parties are working on scheduling dates for these depositions in May 2007.

In their portion of this Statement, Defendants mischaracterize the status of discovery. Plaintiffs have provided proper, verified, responses to Defendants' discovery (see, above), specifically informing them that damages cannot be addressed, even on behalf of the individual Plaintiffs, until Polo has provided all wage and timekeeping records. Defendants delayed providing Plaintiffs with their wage records until Mach 29, 2007. The records Defendants have provided are unverified and, according to Defendants' counsel, are incomplete. Once these records are complete and Plaintiffs have been served with discovery addressing their analysis of these records, Plaintiffs will provide responses relating to their individual damages.

In addition to mischaracterizing the status of discovery, Defendants mischaracterize Plaintiffs' discovery obligations. Defendants suggest Plaintiffs have an ongoing duty to supplement discovery responses that were based on all information available to them at the time discovery responses were provided. Under California law, so-called "continuing interrogatories" are expressly prohibited. (See, Code of Civil Procedure § 2030.060(g).) Thus, Defendants' request for an order compelling Plaintiffs to supplement their discovery responses must be denied as procedurally defective.

1    Plaintiffs intend to commence discovery relating to their California Private Attorneys

2  General Act ("PAGA").  Plaintiffs are entitled to broad discovery on these claims and are not

3  required to obtain class certification prior to conducting that discovery.

4    Absent unanticipated delays caused by Defendants, Plaintiffs will be in a position to file

5  their motion for class certification in or about August 2007.

6    2.    Defendants

7    At the initial complex litigation Case Management Conference ("CMC") held on January

8  22, 2007, Polo indicated that it required certain damage information from Plaintiffs in order to

9  adequately assess its potential rights to removal and the Court, acknowledging the significance of

10  the jurisdictional issues involved, urged the Plaintiffs and counsel to make an effort to discuss and

11  try to determine amounts in controversy.  Counsel have since met and conferred regarding this and

12  other discovery matters and Polo has again sought, in particular, disclosure from Plaintiffs of

13  fundamental damage claim information and documents necessary to allow it to assess jurisdiction

14  and removal.  To date, however, Polo has not received meaningful Plaintiffs' damage calculations,

15  claims or data, nor any other adequate discovery responses and/or documents sufficient to allow

16  Polo to adequately evaluate the potential for any removal to federal court.

17    Defendants served extensive Requests for Production of Documents on October 27, 2006,

18  Special Interrogatories on November 20, 2006, and Deposition Notices on October 27, 2006 to

19  each of the named Plaintiffs.  Plaintiffs served responses to Defendants' Request for Production of

20  Documents on December 12, 2006 and produced certain electronic documents on January 11,

21  2006.  Plaintiffs served responses to Defendants' Request for Special Interrogatories as to

22  Plaintiffs Kiser and Phipps on January 15, 2006.  Plaintiffs' responses to Defendants' Special

23  Interrogatories for Plaintiffs Otsuka and Keefe remain outstanding and Polo requires these and

24  other responses to assess damages, factual claims, and liability issues.

25    Polo's interrogatories to Plaintiffs sought in great detail and with much specificity a variety

26  of underlying damage amounts.  Plaintiffs' limited interrogatory responses, however, have so far

27  been largely evasive or non-responsive as to the amounts and nature of Plaintiffs' underlying

28  damages (and more).

Polo produced on March 28, 2007 company documents in response to Plaintiffs' requests (but no formal written responses in light of the Court's prior directives concerning the flow of discovery). Documents produced from Defendants include personnel files of Plaintiffs, spreadsheets relating to the named Plaintiffs' commissions and wages, and other responsive documents (all Bates stamped and designated as "confidential"). Polo anticipates serving responses to Plaintiffs' interrogatories in the next thirty days.

Further, on March 28, 2007 the parties submitted to the Court for its approval and entry a proposed Stipulated Protective Order.

In light of the current exchange of interrogatory responses, supplemental documents and other related ongoing informal and formal discovery, Polo's prior noticed depositions for each of the named Plaintiffs have been continued to dates in April, 2007. In addition, on February 2, 2007 Plaintiffs served notices for April 2007 depositions of ten different Polo representatives and employees, including that for the "Person Most Qualified" ("PMQ"). These additional depositions are presently being re-scheduled due to witnesses' availability and location (the PMQ may reside in New York), as well as due to the outstanding schedule for prior depositions and other written discovery. Defendants intend on completing the prior noticed depositions of Plaintiffs prior to subsequently noticed depositions taking place, and are working with Plaintiffs' counsel to set an agreeable timetable for the fourteen currently noticed depositions. Defendants anticipate taking depositions in the next 60 days.

Extensive further written, documentary and oral discovery is anticipated over the coming months. Given the complexity and volume of anticipated discovery, Defendants expect that discovery will be completed in or about December 2007.

C.    Anticipated Motions

1.    Plaintiffs

**Severance of Cross Complaint (Code of Civil Procedure § 1048(b)):** On February 28, 2007, Defendants filed a cross complaint against Plaintiff Justin Kiser. Defendants' allege Justin Kiser committed employee discount fraud by using his status as an employee to obtain a discount

on the purchase of Polo products for a non-employee, and are apparently seeking around fifty

dollars, plus punitive damages. Defendants' cross complaint is designed to increase the

complexity of this litigation and should not be permitted to side-track this class action lawsuit.

While the cross complaint is not technically a SLAPP lawsuit, it was filed more than one year after

the alleged discount fraud and only after Kiser had filed this employment class action against

Defendants, and it is designed to have similar effect to a SLAPP lawsuit. The cross complaint is,

at best, a small claims matter, that should not be litigated with this complex, class action.

Plaintiffs request that the Court use its discretionary authority under Code of Civil Procedure §

1048(b) to order the cross complaint 'severed' so it may be heard in the small claims division

where it belongs.

If the Court wishes briefing on issues relating to the severance of Defendants' cross

complaint against Justin Kiser, Plaintiffs request setting a date as soon as the Court's calendar will

permit.

Finally, Plaintiff Justin Kiser intends to file a demurrer to this cross complaint.

**Discovery Motions:** Plaintiffs anticipate the need for the Court's involvement in issues

relating to the class-wide discovery rights of the parties. While Plaintiffs have limited their first

set of discovery requests to matters relating to "numerosity, typicality and commonality," Plaintiffs

understand Defendants may have a different perspective on the appropriateness of some of their

discovery. In addition, Plaintiffs believe they are entitled to merits discovery at this time on their

Private Attorneys General Act claims. If Defendants have a different perspective, the Court's

assistance will be required.

**Motion for Class Certification:** Plaintiffs intend to seek class certification as quickly as

possible following the completion of the discovery discussed above. With the cooperation of

Defendants on scheduling issues, and minimum discovery disputes, Plaintiffs believe their motion

for class certification can be filed no later than September 2007.

**Motion for Summary Adjudication:** As discovery proceeds Plaintiffs will evaluate the appropriateness of resolving limited legal issues through summary adjudication.

2. Defendants

This Court sustained in part and overruled in part Polo's demurrer to Plaintiffs' First Amended Complaint at the hearing on January 22, 2007, entered its order on February 5, 2007, and notice of entry of order was served on Polo on February 13, 2007. Polo timely filed and served its Answer to the First Amended Complaint on February 28, 2007 and, at the same time, Fashions Outlet of America, Inc. filed and served its Cross-Complaint against Plaintiff Kiser. The Cross-Complaint seeks relief for breach of fiduciary duty and for civil conspiracy to commit fraud. Plaintiff's responsive filing to the Cross-Complaint was due on April 4, 2007, and an extension has been granted through and until April 24, 2007.

Polo has only as of April 2, 2007 (pursuant to this filing) been apprised that Plaintiffs would request severance pursuant to Code of Civil Procedure Section 1048(b) -- and Polo objects to any such transfer or severance and to the procedure used by Plaintiffs to make this request. Polo has granted an extension of time for Plaintiffs to respond, and Polo requires an opportunity to respond to this severance request. Absent a regularly noticed hearing and briefing schedule, Polo would be unduly prejudiced were the Court to entertain such a severance request (motion) in the guise of this Case Management Conference.

**Discovery Motions:**

As indicated above, Polo raised the issue of removal during the January 22, 2007 CMC and the Court, acknowledging the jurisdictional information required to allow Polo to make its removal analysis, then urged Plaintiffs to provide meaningful discovery as to their damage claims. Polo has sought specific damage information through formal discovery in its prior document and interrogatory requests to each of the Plaintiffs, as well as pursuant to informal meet and confer discussions since the last CMC. All responses received to date from Plaintiffs have been inadequate and incomplete as to damage claims, and Polo is thus unable to fully assess its removal rights.

1   Defendants still require sufficiently well-tailored and precise damage responses from

2   Plaintiffs. Defendants continue to meet and confer with Plaintiffs' counsel on a regular basis in an

3   effort to resolve these and other discovery matters, but now request the Court further urge or order

4   Plaintiffs to provide supplemental documentation and interrogatory responses and/or any other

5   relevant information and data necessary to a meaningful initial analysis of alleged damages.

6   Absent further immediate production or responses related to damages, Polo reserves the right to

7   file a formal motion to compel documents and/or supplemental interrogatory responses.

8   **Motion for Summary Judgment/Adjudication**: After significant discovery has been

9   concluded, Defendants may file a Motion for Summary Judgment as to all of Plaintiffs' claims, or,

10  in the alternative, a Motion for Summary Adjudication as to some of Plaintiffs' claims.

11          D.      Alternative Dispute Resolution

12                  1.      Plaintiffs

13  Plaintiffs are amenable to private mediation following the completion of sufficient

14  discovery to evaluate liability and damages.

15                  2.      Defendants

16  Defendants remain amenable to private mediation or other appropriate non binding neutral

17  evaluation following the completion of sufficient discovery to evaluate Plaintiffs' claims.

18          E.      Trial

19                  1.      Plaintiffs

20  While Plaintiffs are not yet in a position to accurately estimate when this matter will be

21  ready for trial, they intend to move this matter forward as expeditiously as possible. Plaintiffs

22  request that the Court set a trial date at a subsequent Case Management Conference following the

23  completion of the discovery described above.

24  ///

25  ///

26  ///

27  ///

28  ///

*Otsuka, et al. v. Polo, et al.*                                    Case No. CGC-06-452655
Joint Case Management Conference Statement            8

2.    <u>Defendants</u>

Defendants request the Court hold a trial setting conference to determine an appropriate trial date once discovery timelines and closure dates have been established.

DATED:  April 2, 2007                    THE LAW OFFICE OF PATRICK R. KITCHIN

                                         By: _____
                                             Patrick R. Kitchin, Esq.
                                             Attorneys for Plaintiffs


DATED:  April 2, 2007                    GREENBERG TRAURIG


                                         By_____
                                             William J. Goines
                                             Jeremy A. Meier
                                             Alisha M. Louie

                                         Attorneys for Defendants Polo Ralph Lauren
                                         Corporation; Polo Retail, LLC; Fashions Outlet of
                                         America, Inc.; and Polo Retail Corporation

2.    Defendants

Defendants request the Court hold a trial setting conference to determine an appropriate trial date once discovery timelines and closure dates have been established.

DATED: April 2, 2007                THE LAW OFFICE OF PATRICK R. KITCHIN


                                    By:_____
                                        Patrick R. Kitchin, Esq.
                                        Attorneys for Plaintiffs


DATED: April 2, 2007                GREENBERG TRAURIG


                                    By _____
                                        William J. Goines
                                        Jeremy A. Meier
                                        Alisha M. Louie

                                    Attorneys for Defendants Polo Ralph Lauren
                                    Corporation; Polo Retail, LLC; Fashions Outlet of
                                    America, Inc.; and Polo Retail Corporation

1

**Additional Counsel for Parties**

2

Daniel Feder, Esq. (SBN. 130867)

3

THE LAW OFFICES OF DANIEL FEDER
 807 Montgomery Street

4

San Francisco, CA 94133
(415) 391-9476

5

6

Attorneys for Ann Otsuka, Janis Keefe,
Corinne Phipps and Justin Kiser

7

8

BRIAN S. COUSIN (*PRO HAC VICE*)

9

NEIL A. CAPOBIANCO (*PRO HAC VICE*)
GREENBERG TRAURIG, LLP

10

MetLife Building
200 Park Avenue

11

New York, NY 10166
Telephone:  (212) 801-9200

12

Facsimile:  (212) 801-6400

13

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren

14

Corporation, doing business in California as Polo
Retail Corporation; and Fashions Outlet of America, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28