# EXHIBIT 41

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

## MINUTES

| Thursday, April 05, 2007<br><br>ANN OTSUKA, et al.,<br><br>PLAINTIFF (S)<br><br>VS.<br><br>POLO RALPH LAUREN CORPORATION, et al.,<br><br>DEFENDANT (S) | Department: **304**<br><br>Case Number: **CGC-06-452655**<br><br>**CASE MANAGEMENT CONFERENCE** |
|---|---|

Present:
Judge: RICHARD A. KRAMER
Reporter: IRENE BURNS
Clerk: JOSE RIOS-MERIDA
Bailiff: NOT PRESENT

Appearances:

| | |
|---|---|
| (No Appearance)<br>LAW OFFICES OF DANIEL FEDER<br>807 Montgomery Street<br>San Francisco, CA 94133<br>(415) 391-9476<br>Attorney for Plaintiffs | William J. Goines<br>Jeremy Meier<br>GREENBERG TRAURIG<br>1900 University Avenue, 5th Floor<br>East Palo Alto, CA 94303<br>(650) 328-8500<br>Attorneys for Defendants |
| Patrick R. Kitchin<br>LAW OFFICES OF PATRICK R. KITCHIN<br>565 Commercial Street, 4th Floor<br>San Francisco, CA 94111<br>(415) 677-9058<br>Attorney for Plaintiffs | |

The above-entitled action is called for case management conference. Court, personnel and counsel are present as listed above. Counsel report on the status of the case, status of discovery relating to damages claims, private attorney general discovery, et cetera. This action is continued to June 19, 2007, at 2:30 p.m., in Department 304 for further case management

Case Number: CGC-06-452655
Case Title: ANN OTSUKA et al VS. POLO RALPH LAUREN CORP., et al

-1-

Date: April 05, 2007
Form: C01006

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

## MINUTES

conference and possible motions to compel and/or for protective order. Counsel shall meet, confer and file a joint case management statement no later than three (3) court days before.

Case Number: CGC-06-452655
Case Title: ANN OTSUKA et al VS. POLO RALPH LAUREN CORP., et al

-2-

Date: April 05, 2007
Form: C01006

# EXHIBIT 42

WILLIAM J. GOINES (SBN 061290)
JEREMY A. MEIER (SBN 139849)
ALISHA M. LOUIE (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

BRIAN S. COUSIN (*PRO HAC VICE*)
NEIL A. CAPOBIANCO (*PRO HAC VICE*)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.

**FILED**
San Francisco County Superior Court

APR 1 6 2007

GORDON PARK-LI, Clerk
BY: [signature]
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all other similarly situated,

Plaintiff(s),

v.

POLO RALPH LAUREN CORPORATION, a Delaware Corporation; POLO RETAIL, LLC, a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,

Defendant(s).

Case No. CGC-06-452655

**STIPULATED PROTECTIVE ORDER**

**BY FAX**

Date Action Filed: May 30, 2006

It appearing that discovery in the above-captioned action ("Action") may involve the disclosure of trade secrets and/or confidential business and proprietary material and/or confidential personal or employment material and that this Action does not present any public health or safety concerns, the existing parties to this action (collectively the "parties") hereby stipulate and request the Court to enter the following Order for the Protection of Confidential and Proprietary Material ("Order") in this Action.

The parties respectfully refer the Court to paragraph 2(d) regarding compliance with California Rules of Court 8.160, 2.550 and 2.551.

Scope of the Order

1.      a.      The provisions of this Order shall apply to (i) the parties (including any later-added parties to the Action who agree in writing to be bound by the terms of the Order); and (ii) any other person producing or disclosing documents and/or information who agrees to be bound by the terms of the Order and who so notifies the parties in a writing transmitted to all parties, in the form annexed hereto as Exhibit A. As used herein, "person" includes the parties and other persons and entities who have agreed to be bound by this Order; and "parties" is limited to current parties to this action; and any later-added parties to the Action who agree in writing to be bound by the terms of the Order. Any later added parties shall not be provided copies of documents and/or information subject to the Protective Order until it agrees to be bound by the terms of this Protective Order.

        b.      The restrictions contained in this Order shall apply to all "material," defined as all documents (including all copies, excerpts, compilations, and summaries thereof, whether in hard copy, on magnetic media, or in any other medium of representation) and any other information of any kind.

        c.      The restrictions contained in the Order shall apply to all discovery taking place after the initiation of this Action.

Designation and Disclosure of Confidential Material

2.      a.      Any person may designate as "CONFIDENTIAL" any non-public material which it produces in the course of discovery in this Action when such person has a good-faith belief that such material contains trade secrets or sensitive commercial, financial, confidential personal or

employment materials, or business information, the public disclosure of which may have an adverse effect on the commercial, business, rights of privacy or financial position of the person producing it, and such other materials the designating person has a good-faith belief contains personal information requiring the protection of this Order.

b. "CONFIDENTIAL" material shall be used only for purposes of this Action and not for any business, competitive, governmental, or other purpose or function whatsoever, and shall not be given, shown, made available, communicated, or disclosed in any way to anyone except where it is necessary that such material be given or shown for purposes of this Action, and then, only as set forth herein.

c. "CONFIDENTIAL" material shall not be disclosed or made available in any way, in whole or in part, to anyone other than the following: (i) current or former officers, directors, and/or employees of each party only to the extent that their assistance is in good faith deemed necessary by counsel for purposes of this Action; (ii) the named parties; (iii) the parties' outside counsel of record in this Action (including such counsel's regular and temporary employees and independent contractors and such counsel's in-house and outside copy services to whom it is deemed necessary that the material be shown for purposes of this Action); (iv) graphics, design, jury-consulting, and/or trial-consulting services retained by the parties' outside counsel of record in this Action to whom it is deemed necessary that the material be shown for purposes of this Action and who have previously agreed in writing, in the form annexed as Exhibit A, to be bound by the provisions of this Order; (v) the parties' in-house counsel, and their administrative assistants; (iv) the parties' representatives at depositions, hearings, and/or other proceedings; (vii) witnesses, including deponents, at depositions, hearings, or other proceedings (to the extent a deponent is not someone identified in 2.c.(i), (ii), (vii), (viii) or (ix), the deponent shall be requested to execute Exhibit A. In the event the deponent will not execute Exhibit A, the deponent shall be reminded on the record of the confidentiality of such documents, the obligation to keep such information confidential, and the potential consequences of disseminating such information to the public; (viii) the author of the material or anyone identified on the material as having received it in the ordinary course of business; (ix) bona fide outside experts and consultants retained by the parties or their outside counsel for

purposes of this Action, which experts and consultants have previously agreed in writing, in the form annexed hereto as Exhibit A, to be bound by the provisions of this Order ("Experts"); (x) court reporters and videographers employed in connection with this Action; and (xi) the Court and any of its employees.

d. All pleadings and other filings in the Court in connection with discovery motions or proceedings which incorporate or disclose the substance of "CONFIDENTIAL" material shall be lodged conditionally under seal and shall remain under seal until such time as the Court orders otherwise. The party or person filing any pleadings or filings in the Court which incorporate or disclose the substance of "CONFIDENTIAL" material that the party or person wishes to file under seal shall comply in good faith with the procedures for filing records under seal set forth in Rule of Court 2.551 in order to obtain court approval for filing such material under seal ~~under Rule of Court [illegible]~~. If the party or person filing any pleading or other filings in the Court incorporates or discloses the substance of material designated "CONFIDENTIAL" by another party or person that the party or person does not wish to file under seal, the person or party shall lodge the designated material conditionally under seal pursuant to Rule of Court 2.551(d), and the party or person designating the material "CONFIDENTIAL" shall have ten (10) calendar days after the lodging to file a motion that complies with Rule of Court 2.551(b).

RAK

e. In addition to placing the designation of "CONFIDENTIAL" on any material in accordance with this Order, any party may add the supplemental designation of "ATTORNEYS' EYES ONLY" to any material that is (i) trade secret; (ii) highly sensitive, proprietary, or confidential information concerning the research and development, the disclosure of which to the opposing party would create a potential of substantial injury to the designating party that cannot be prevented by means less restrictive than preventing the parties' current and former employees, including in-house counsel, from accessing the designated materials; or (iii) other information the disclosure of which to a competitor could reasonably be expected to result in injury to that person. All material designated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall be treated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order pending the entry of an order designating the materials "CONFIDENTIAL: ATTORNEYS' EYES ONLY," as described in this paragraph below.

The parties shall meet and confer in good faith regarding any "CONFIDENTIAL: ATTORNEYS' EYES ONLY" material a non-designating party wishes to disclose to anyone provided for in paragraphs 2(c)(i), 2(c)(ii), and/or 2(c)(vii), and, if they are subsequently unable to agree, the designating party may move the Court for an order designating the materials as "ATTORNEYS' EYES ONLY." Such a request to the Court shall be filed no later than 10 calendar days after the parties indicate no agreement regarding the designation can be reached. The material at issue shall continue to be treated as "ATTORNEYS' EYES ONLY" until the Court orders otherwise or the parties reach an agreement in writing. The burden of proof rests with the person designating the materials CONFIDENTIAL: ATTORNEYS' EYES ONLY to prove that the materials meet the definition of CONFIDENTIAL: ATTORNEYS' EYES ONLY documents set forth herein. Nothing in this stipulation, however, shall prohibit counsel from giving advice and opinions to his or her client based on an evaluation of "CONFIDENTIAL: ATTORNEYS' EYES ONLY" materials, provided that such rendering of advice and opinions does not make any substantial disclosure of the substance of any "CONFIDENTIAL: ATTORNEYS' EYES ONLY" materials, except by agreement with opposing counsel.

f. Prior to any disclosure of "CONFIDENTIAL" material to any Expert (as set forth in 2(c) above), the Expert shall agree to be bound by the provisions of this Order by executing the form annexed hereto as Exhibit A.

i. If the Expert has not been identified as an expert witness pursuant to California Code of Civil Procedure Section 2034, counsel for the party retaining the expert ("retaining party") shall maintain the original executed Exhibit A in its files until the conclusion of this Action and any appeals therefrom, at which time the retaining party, upon receipt of a written demand from the person or party who designated the materials "CONFIDENTIAL" ("designating party"), shall provide a copy of the executed Exhibit A to the designating party.

ii. If or when the Expert has been identified as an expert witness pursuant to California Code of Civil Procedure Section 2034.210, et seq., the retaining party shall serve (i) a copy of the executed Exhibit A; and (ii) a current resume or curriculum vitae of the Expert on the designating party. Within five (5) calendar days of the receipt of such material, the designating party

shall notify the retaining party in writing of any objection to the disclosure of such material to the Expert. If the designating party and retaining party are subsequently unable to agree, the designating party may make a motion to the Court within ten (10) calendar days of serving its objection (or at a later time if agreed in writing by counsel for the designating and retaining parties). No "CONFIDENTIAL" material shall be disclosed to the Expert from the time of his or her identification as an expert witness until the designating party and retaining party agree as to such disclosure or the Court approves such disclosure.

g. The designation by any person of materials as "CONFIDENTIAL" or as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" under the terms of this Order shall constitute a representation that such materials have been reviewed by an attorney (or paralegal or other professional acting under such attorney direction) and that there is a good faith basis for such designation.

**Access To Confidential Material**

3. All parties shall make all reasonable efforts to ensure that no material designated pursuant to Paragraph 2, above, no copies or extracts therefrom, and no compilations or summaries thereof are made available in any manner, in whole or in part, to anyone other than those designated persons set forth in this Order as persons properly having access thereto.

**Disclosure of Confidential Material To Persons Not Provided for in This Order**

4. Any party may request at any time permission to disclose "CONFIDENTIAL" material to a person other than those permitted under Paragraph 2, above, by serving a written request upon the designating person or its counsel identifying the material it wishes to disclose, to whom, and the reasons therefor. The designating person or its counsel shall thereafter respond to the request in writing within five (5) business days, plus the appropriate time under California Code of Civil Procedure Section 1013, of service of such written request and, if consent is being withheld, shall state the reasons why consent is being withheld. A failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the party and the designating person are subsequently unable to agree on the terms and conditions of disclosure, disclosure may be made only on such terms as the Court may provide upon motion of the designating party. The party

seeking to disclose such materials to a person other than those permitted under Paragraph 2, above, shall have the burden of proof to demonstrate to the Court the grounds for such disclosure.

Use of Confidential Material in Depositions

5. Whenever "CONFIDENTIAL" material is to be discussed or disclosed in a deposition: (a) any person who has produced or will produce such material may require the exclusion from the room of any person who is not entitled to receive such material under this Order; and (b) any party who will disclose material previously designated pursuant to Paragraph 2, above, shall first exclude from the room any person who is not entitled to receive such material under this Order.

Method of Designation of Confidential Material

6. Designation pursuant to Paragraph 2, above, shall be accomplished by employing, respectively, the legend "CONFIDENTIAL" as follows:

a. In the case of hard-copy documents, the appropriate legend shall be placed on every page of the document prior to its production;

b. In the case of magnetic media and other electronic material (including, but not limited to, diskettes, cassettes, and tapes), the appropriate legend shall be placed on the diskette, cassette, tape, or other medium container prior to its production. The party receiving such material shall place the appropriate legend on each page of any printout of this material;

c. In the case of material incorporated in answers to interrogatories or responses to requests for admission or other written discovery, the appropriate legend shall be placed on every page of the answers or responses that contain "CONFIDENTIAL" information; and

d. In the case of material revealed during a deposition or other pretrial or trial testimony, designation of any confidential portions of the transcript (including exhibits) may be made by a statement to that effect on the record by counsel for a party or counsel for the disclosing person. The court reporter shall thereafter bind separately the portions of the transcript so designated and shall place the appropriate legend on the covers thereof. Such designation may also be made by notification of all parties and the court reporter in writing of such designation within thirty days of receipt of the final transcript at the close of the deposition.

Redesignation of Material

7. Each designating person may redesignate under Paragraph 2, above, any material that it has previously produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation shall be accomplished by notifying all parties in writing of such redesignation. Upon receipt of such written redesignation, counsel of record shall (i) affix the appropriate legends on the redesignated material in accordance with Paragraph 6; (ii) not make any further disclosure or communication of such redesignated material except as provided for in this Order; (iii) at the redesignating party's expense take reasonable steps to notify any persons known to have possession of any redesignated material of the effect of such redesignation under this Order; and (iv) at the redesignating party's expense take reasonable steps to reclaim any redesignated material in the possession of any persons not permitted access to such material under the terms of this Order. (This provision does not apply to the documents previously produced by plaintiffs herein, which have been designated, in part, as CONFIDENTIAL. The parties have agreed to treat the designated materials as CONFIDENTIAL pending the entry of this Order.)

Objections to Designation of Material

8. Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" by serving a written objection on the designating person or its counsel. The designating person shall thereafter, within ten (10) days, plus the appropriate time under California Code of Civil Procedure Section 1013, of service, respond to such objection by either: (a) agreeing to remove the designation; or (b) stating the reasons why the designation was made. The objecting party and the designating person shall meet and confer in good faith regarding their dispute, and, if they are subsequently unable to agree, the objecting party may move the Court for an order removing the disputed designation. The burden of proof rests with the person designating the materials CONFIDENTIAL to prove that the materials meet the definition set forth in Paragraph 2.b. The material at issue shall continue to be treated as it has been designated until the Court orders otherwise.

**Effects of Complying with Terms of Protective Order**

9.    Entering into, agreeing to, producing, or receiving material designated under, or otherwise complying with the terms of this Order shall not:

a.    Prevent or restrict counsel from rendering legal advice to the parties and, in the course thereof, relying generally on counsel's examination of material produced in the course of discovery proceedings herein without disclosing the specific content of confidential material in a manner contrary to the terms of this Order;

b.    Operate as an admission by any person that any particular material designated "CONFIDENTIAL" contains or reflects trade secrets, confidential research, development, personal or employment material, or commercial material; and/or any other type of confidential material;

c.    Operate as an admission by any person that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular material designated "CONFIDENTIAL";

d.    Prejudice in any way the rights of any person to object to the production of documents it considers not subject to discovery;

e.    Prejudice in any way the rights of any person to object to the authenticity or admissibility into evidence of any material subject to this Order;

f.    Prejudice in any way the rights of any person to seek a determination by the Court whether any material should be subject to the terms of this Order;

g.    Prejudice in any way the rights of any person to petition the Court for a further protective order relating to any purportedly confidential material;

h.    Prevent the designating person from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular material; or

i.    Prevent the Court from modifying this Order.

10.    This Order has no effect upon and shall not apply to any person's use or disclosure of its own confidential material for any purpose. Nothing contained herein shall impose any restriction on the use or disclosure by a person of material designated pursuant to Paragraph 2 that was obtained

lawfully by such person independently of any proceedings in this Action and/or which: (1) was already known to such person by lawful means prior to acquisition from or disclosure by another person; (2) is or becomes publicly known through no fault or act of such person; or (3) is received by such person from a nonparty where the person receiving the material reasonably believes such nonparty has authority to provide such material without restriction as to disclosure.

<u>No Waiver of Privilege</u>

11. The inadvertent production of any privileged material shall not be deemed a waiver or impairment of any claim of privilege with respect to that material, including, but not limited to, the attorney-client privilege and/or work-product doctrine. Any party or its counsel recognizing that he/she/it has obtained material containing in whole or in part information protected by the attorney-client privilege and/or work-product doctrine that appears to have been inadvertently disclosed shall not read or review the privileged material but shall immediately return the material to the producing party. Within ten (10) calendar days of receiving written notice from a person or party who represents that he/she/it has inadvertently produced any privileged material, the recipient(s) of such request shall return the original and all copies of such inadvertently produced privileged material within his/her/its possession, custody, or control.

<u>Return or Disposal of Confidential and Proprietary Material</u>

12. The provisions of this Order shall, absent written permission of the designating person or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including, without limitation, any appeals therefrom. Within forty-five days after receiving both (1) notice of the entry of an order, judgment, or decree finally disposing of this Action, including any appeals therefrom; and (2) written notice from counsel for the designating person, all persons having received material designated under Paragraph 2 shall return such material and all copies, excerpts, compilations, and summaries thereof to the designating person or its counsel, unless instructed in writing by the designating person that the documents may be destroyed and a written confirmation of destruction provided to the designating person, or that the documents need not be returned or destroyed. Each party shall confirm such return in writing. The parties' outside counsel of record in this Action shall be entitled to retain papers related to this Action; deposition, pretrial,

and trial transcripts; exhibits; correspondence; deposition summaries; and attorney work product (including those containing confidential material), provided that such counsel and employees of such counsel shall not disclose any such confidential material contained therein to any person or entity except pursuant to a written agreement with the person that produced such material. All material designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" pursuant to this Order and returned to the parties or their counsel by the Court shall also be treated in accordance with this paragraph.

**Subpoenas in Other Actions and Proceedings**

13. If any party (a) is subpoenaed in another action or proceeding; (b) is served with a demand in another action or proceeding to which it is a party; or (c) is served with any other legal process by a nonparty seeking material designated under Paragraph 2 by someone other than that nonparty, the party shall give written notice by facsimile transmission within five business days of receipt of such subpoena, demand, or other legal process to the person that so designated the material. The party shall also object to the material's production to the extent permitted by law and/or cooperate with the designating person in making such an objection. After notice that a non-party is seeking production of material designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY," the person objecting to disclosure of the material shall bear the reasonable costs including attorneys' fees of resisting production. Should the person seeking access to the material take action against the party to enforce such a subpoena, demand, or other legal process, the party shall respond by disclosing the existence of this Order. Nothing herein shall be construed as requiring the party to challenge, appeal, or otherwise oppose enforcement of any proper subpoena or inspection demand requiring production of material covered by this Order or to subject itself to any penalties for noncompliance with any legal process or order or to seek any relief from the Court.

**Modification of Order**

14. The parties may modify this stipulation and Order by written agreement or by agreements on the record in any deposition or other proceeding in this Action. Notwithstanding

anything to the contrary in this Order, any party may, on notice, apply to the Court at any time for modification of this Order.

**Exemption From Liability**

15. In the event material designated "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" is inadvertently disclosed by Court personnel, such personnel will be relieved of any liability from such disclosure.

**Order Binding Upon Stipulation**

16. The terms of this Order shall be binding on the parties from the time that all parties' counsel have signed the Stipulation, even if the Court has not yet signed the Order.

**Counterparts**

17. This stipulation may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one and the same instrument. Execution of a facsimile copy shall have the same force and effect as execution of an original.

**IT IS SO STIPULATED.**

Dated: March 21, 2007.

GREENBERG TRAURIG, LLP

By: [signature]
William J. Goines
Jeremy A. Meier
Alisha Louie

Attorney for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc

Dated: 3-22, 2007.

The Law Office of Patrick R. Kitchin

By: [signature]
Patrick R. Kitchin, Esq.
Attorney for Plaintiffs Ann Otsuka, Corinne Phipps, Janis Keefe and Justin Kiser

Dated: March 22, 2007.

The Law Offices of Daniel Feder

By: [signature]
Daniel Feder, Esq.
Attorney for Attorney for Plaintiffs Ann Otsuka, Corinne Phipps, Janis Keefe and Justin Kiser

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: 4-13, 2007.

[signature]
HON. RICHARD A. KRAMER
Judge of the Superior Court

# EXHIBIT 43

VP 4/23/2007

MC-05

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

Patrick R. Kitchin 162965
The Law Office of Patrick R. Kitchin
565 Commercial Street, 4th Floor
San Francisco, CA 94111
TELEPHONE NO.: (415 677-9058 FAX NO.: (415) 627-9076
ATTORNEY FOR (Name): Plaintiffs

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO CA 94102
BRANCH NAME: SAN FRANCISCO

FOR COURT USE ONLY

FILED
San Francisco County Superior Court
2007
GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

CASE NAME:
OTSUKA, et al. v. POLO, et al.

CASE NUMBER:
CGC-06-452655

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL-CIVIL**

HEARING DATE: June 19, 2007
DEPT.: 304 TIME: 2:30 p.m.
BEFORE HON.: Richard Kramer
DATE ACTION FILED: May 30, 2006
TRIAL DATE: Not Set

TO *(name and address of client)*: Ann Otsuka
230 Bush Street
Mountain View, CA 94041

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney)*: Patrick R. Kitchin and Daniel L. Feder moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

a. Date: June 12, 2007 Time: 1:30 p.m. Dept.: 304 Room:

b. The address of the court: [X] same as noted above [ ] other *(specify)*:

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify)*:
See Declaration of Patrick R. Kitchin, submitted herewith.

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
a. [X] an individual.
b. [ ] a corporation.
c. [ ] a partnership.
d. [ ] an unincorporated association.
e. [ ] a guardian.
f. [ ] a conservator.
g. [ ] a trustee.
h. [ ] a personal representative.
i. [ ] a probate fiduciary.
j. [ ] a guardian ad litem.
k. [ ] other *(specify)*:

(Continued on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2000]

**NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL-CIVIL**

Code of Civil Procedure, §
Cal. Rules of Court, rule 3.13
www.courtinfo.ca

KITCHIN

Martin Dean's ESSENTIAL FORMS™

MC-0

| CASE NAME: OTSUKA v. POLO | CASE NUMBER: CGC-06-452655 |
|---|---|

**NOTICE TO CLIENT**

**If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

6. If this motion is granted, the client must keep the court informed of the client's current address.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

Date: April 23, 2007

Patrick R. Kitchin
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF ATTORNEY)

Attorney for *(name)*: Plaintiff Ann Otsuka

MC-051 [Rev. January 1, 2007]

Martin Dean's ESSENTIAL FORMS™

NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL-CIVIL

Page 2

KITCHIN

# PROOF OF SERVICE

1. I, Karla Donis, the below signed declare, I am employed, in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 565 Commercial Street, 4th Floor, San Francisco, California 94111.

2. I am familiar with the office practice for depositing U.S. Mail, facsimile transmission and Federal Express routing. In addition, I am familiar with both State and Local Rules regarding use of recycled paper and represent this document and all documents referred to herein comply with applicable recycled paper use requirements.

3. On April 24, 2007, I served the following documents on the parties identified as follows:

**William J. Goines, Esq.**
**Greenberg Traurig, LLP**
**1900 University Ave., 5th Floor**
**East Palo Alto, CA 94303**

- **NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL-CIVIL**
- **DECLARATION OF PATRICK R. KITCHIN IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**
- **ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL-CIVIL**

4. The manner of service is indicated below. Please check one.

I caused each such document, in an envelope, to be served by hand on the person listed above.

X 

I caused each such document, in an envelope, with first-class postage thereon fully pre-paid, to be deposited with the U.S. Mail in San Francisco, California.

I caused each such document, to be transmitted by facsimile to the facsimile number known by me to be the facsimile number Of each of the parties listed on the attached service list.

 I caused each such document, in an envelope, with Federal Express postage, postage pre-paid, to be deposited with Federal Express in San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Karla Donis

4/24/07
Date

VP 4/23/2007

Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 677-9058
Facsimile: (415) 627-9076
Attorneys for Plaintiffs

Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Counsel to Ann Otsuka, Janis Keefe, Corinne Phipps, and Justin Kiser

ENDORSED
FILED
San Francisco County Superior Court

APR 23 2007

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

FOR THE CITY AND COUNTY OF SAN FRANCISCO

ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,

Plaintiffs,

vs.

POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive

Defendants.

Case No.: CGC-06-452655

**DECLARATION OF PATRICK R. KITCHIN IN SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

**Hearing Date: June 19, 2007**
**Hearing Time: 2:30 p.m.**
**Department: 304**
**Hon. Richard Kramer**

**Complaint Filed: May 30, 2006**

I, Patrick R. Kitchin, declare:

1. I am an attorney at law licensed to practice before the Courts of the State of California, serve as co-counsel to the plaintiffs in this case, and make this declaration based on personal knowledge.

2. Over the past five months, I have attempted on numerous occasions to reach Ann Otsuka to discuss the status of this case.

a. Between approximately December 10, 2006, and April 21, 2007, I left around 6-10 telephone messages on Ms. Otsuka's home telephone answering machine ((650) 940-1780) asking her to contact my co-counsel Daniel Feder and/or me. The answering machine identifies Ms. Otsuka and I recognize her voice. I have not received any response from Ms. Otsuka to my numerous voicemail messages

b. On December 1, 2006, I sent a letter to Ms. Otsuka by Federal Express to her home, 230 Bush Street, Mountain View, CA 94041, asking her to contact my office as soon as possible. I did not receive any response to my letter to Ms. Otsuka.

c. On December 6, 2006, I sent a letter to Ms. Otsuka by U.S. mail (home address) asking for her assistance with discovery aimed to her. She did not respond.

d. On January 10, 2007, I sent an email to Ms. Otsuka's email account asking her to contact me immediately. She did not respond to this email.

e. On January 15, 2007, I sent another email to Ms. Otsuka's email account asking her to contact me immediately. She did not respond to this email.

f. On January 11, 2007, I sent a letter to Ms. Otsuka by Federal Express to her home, asking her to contact my office as soon as possible. I did not receive any response to my letter to Ms. Otsuka.

g. On April 13, 2007, I left a final telephone message for Ms. Otsuka, informing her that my co-counsel Daniel Feder and I would seek to withdraw from representing Ms. Otsuka unless she contacted one of us immediately. On that same date, I sent a letter by Federal Express to Ms. Otsuka describing the consequences of the withdrawal of her legal counsel in this case. I informed

her we would seek withdrawal as her counsel, but that we would not seek to dismiss her claims unless specifically directed by her to do so.

3. The telephone number I have for Ms. Otsuka is current and working. The voice mail message identifies "Ann" and I recognize her voice.

4. The home address of Ms. Otsuka is current as of April 23, 2007. On that date, I personally ran credit and banking headers on Ms, Otsuka on Merlin Information Services, a subscription database service utilized by office to conduct skip trace searches. I was unable to identify and verify a more recent address or telephone number for Ms. Otsuka.

5. On April 23, 2007, I sent Ms. Otsuka a completed Substitution of Attorney-Civil form (MC-050) asking her to sign the form and return it to my office. If I receive the completed form before the date of this hearing, I will file it and remove this hearing from the court's calendar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was made on April 23, 2007, in San Francisco, California.

Patrick R. Kitchin

F11 4/13/07

MC-05

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, ar number, and address):
Patrick R. Kitchin 162965
The Law Office of Patrick R. Kitchin
565 Commercial Street, 4th Floor
San Francisco, CA 94111
TELEPHONE NO.: (415 677-9058 FAX NO.(Optional): (415) 627-9076
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

RECD APR 23 2007

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO CA 94102
BRANCH NAME: SAN FRANCISCO

CASE NAME:
OTSUKA, et al. v. POLO, et al.

CASE NUMBER:
CGC-06-452655

[Proposed] ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL-CIVIL

HEARING DATE: June 19, 2007
DEPT.: 304 TIME: 2:30 p.m.
BEFORE HON.: Richard Kramer
DATE ACTION FILED: 5/30/2006
TRIAL DATE: Not Set

1. The motion of *(name of attorney)*: Patrick R. Kitchin and Daniel L. Feder to be relieved as counsel of record for *(name of client)*: Plaintiff Ann Otsuka a party to this action or proceeding, came on regularly for hearing at the date, time, and place indicated above.

2. The following persons were present at the hearing:

**FINDINGS**

3. Attorney has
   a. ☐ personally served the client with papers in support of this motion.
   b. ☐ served client by mail and submitted a declaration establishing that the service requirements of California Rules of Court, rule 3.1362, have been satisfied.

4. Attorney has shown sufficient reasons why the motion to be relieved as counsel should be granted and why the attorney has brough a motion under Code of Civil Procedure section 284(2) instead of filing a consent under section 284(1).

**ORDER**

5. Attorney is relieved as counsel of record for client
   a. ☐ effective upon the filing of the proof of service of this signed order upon the client.
   b. ☐ effective on *(specify date)*:

6. The client's ☒ current ☐ last known address and telephone number:
230 Bush Street, Mountain View, CA 94041

If the client's current address is known, service on the client must hereafter be made at that address unless otherwise ordered in item 13. If the current address is not known, service must be made according to Code of Civil Procedure section 1011(b) and rule 3.252 of the California Rules of Court.

7. a. The next scheduled hearing in this action or proceeding is set for *(date, time and place)*:

   b. The hearing will concern *(subject matter)*:

**NOTICE TO CLIENT**
You or your new attorney, if any, must prepare for and attend this hearing.

Form Adopted for Mandatory Use
Judicial Council of California
MC-053 [Rev. January 1, 2007]
Martin Dean's Essential Forms™

ORDER GRANTING ATTORNEY'S MOTION TO BE RELIEVED AS COUNSEL-CIVIL

Code of Civil Procedure, §
Cal. Rules of Court, rule 3.
www.courtinfo.ca

KITCHIN

| CASE NAME: OTSUKA v. POLO | CASE NUMBER: CGC-06-452655 |
|---|---|

8. The following additional hearings and other proceedings (including discovery matters) are set in this action *(describe the date, time, place, and subject matter of each)*:

9. The trial in this action or proceeding:
   a. ☐ is not yet set.
   b. ☐ is set for *(specify date, time, and place)*:

10. Client is hereby notified of the following effects this order may have upon parties.

**NOTICE TO CLIENT**

**Your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:**

- A guardian
- A conservator
- A trustee
- A personal representative
- A probate fiduciary
- A corporation
- A guardian ad litem
- An unincorporated association

**If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.**

11. Client is notified that, if the client will be representing himself or herself, the client shall be solely responsible for the case.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**You will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.**

12. Client is notified that it is the client's duty to keep the court informed at all times of the client's current address.

**NOTICE TO CLIENT WHO WILL BE UNREPRESENTED**

**The court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.**

13. The court further orders *(specify)*:

Date:

_______________________________
JUDGE OR JUDICIAL OFFICER

KITCHIN

# EXHIBIT 44

Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 677-9058
Facsimile: (415) 627-9076

Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Attorneys for Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

SUPERIOR COURT OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,<br><br>Defendants. | Case No.: CGC-06-452655<br><br>**PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER's NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT FASHIONS OUTLET OF AMERICA's CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF**<br><br>**Date: May 29, 2007**<br>**Time: 9:30 a.m.**<br>**Dept: 301**<br>**Judge: Honorable Peter Busch**<br><br>**Complaint Filed: May 30, 2006** |
| FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,<br><br>Cross-Complainant,<br>v.<br>JUSTIN KISER, an individual; and ROES 1-50, inclusive,<br><br>Cross-Defendant. | |

**TO DEFENDANTS, CROSS-COMPLAINANTS, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 29, 2007, at 9:30 a.m., or as soon thereafter as the matter may be heard in Department 301 of the above-entitled Court, located at 400 McAllister Street, San Francisco, California 94102, Plaintiff and Cross-Defendant JUSTIN KISER will and hereby does demur to the Cross-Complaint filed by Defendant and Cross-Complainant FASHIONS OUTLET OF AMERICA, INC.

This Demurrer is brought pursuant to California Code of Civil Procedure § 430.10(e) on the grounds that Defendant and Cross-Complainant has failed to allege facts sufficient to state a cause of action for Breach of Fiduciary Duty and Civil Conspiracy to Commit Fraud.

This Demurrer is based on the Notice of Demurrer, the attached Memorandum of Points and Authorities, all the pleadings, records, and files in this action, and all further evidence and any oral argument that may be presented at the time of the hearing.

Dated: April 24, 2007

THE LAW OFFICES OF DANIEL FEDER

Daniel Feder (SK)

By: Daniel Feder
Attorney for Plaintiff and Cross-Defendant
JUSTIN KISER

THE LAW OFFICES OF PATRICK KITCHIN

Patrick Kitchin (SK)

By: Patrick R. Kitchin
Attorney for Plaintiff and Cross-Defendant
JUSTIN KISER

**DEMURRER**

Pursuant to California Code of Civil Procedure § 430.10(e), Plaintiff and Cross-Defendant JUSTIN KISER ("Kiser") hereby demurs to the Cross-Complaint filed by Defendant and Cross-Complainant FASHIONS OUTLET OF AMERICA, INC. ("Fashions Outlet") on the following grounds:

**Demurrer to the First Cause of Action**

The First Cause of Action for Breach of Fiduciary Duty fails to state facts sufficient to constitute a cause of action because Kiser and Fashions Outlet were not in a special relationship with one another, and therefore Kiser did not owe Fashions Outlet a fiduciary duty.

**Demurrer to the Second Cause of Action**

The Second Cause of Action for Civil Conspiracy to Commit Fraud fails to state facts sufficient to constitute a cause of action because Fashions Outlet fails to plead fraud with specificity and particularity as required by California law. Furthermore, there is no cause of action for fraud or conspiracy arising out of the employment relationship.

Dated: April 24, 2007

THE LAW OFFICES OF DANIEL FEDER

Daniel Feder (SP)

By: Daniel Feder
Attorney for Plaintiff and Cross-Defendant KISER

THE LAW OFFICES OF PATRICK KITCHIN

Patrick Kitchin (SP)

By: Patrick R. Kitchin
Attorney for Plaintiff and Cross-Defendant KISER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff and Cross-Defendant Justin Kiser ("Kiser") demurs on the Cross-Complaint of Fashions Outlet of America, Inc. for breach of fiduciary duty and civil conspiracy to commit fraud.

Fashions Outlet alleges that Kiser assisted a former employee named Germania to use a merchandise credit that was stolen or illegally obtained by Germania, and have the merchandise sent to a fictitious name. (Cross-Complaint, ¶¶ 5-6). Fashions Outlet further alleges that Kiser purchased merchandise for Germania using his employee discount, using Germania's merchandise credit. (Cross-Complaint, ¶ 9). Fashions Outlet further alleges that Kiser processed a sale for Germania using two separate merchandise credits under a fictitious name. (Cross-Complaint, ¶ 10).

### II. ARGUMENT

A demurrer is proper when the pleading fails to allege facts sufficient to state a cause of action. Cal. Civ. Proc. Code § 430.10(e); *Blank v. Kirwan* (1985) 39 Cal. 3d 311, 318. To survive a demurrer, a complaint must allege facts "sufficient to establish every element of each cause of action." *Rakestraw v. California Physicians' Serv.* (2000) 81 Cal.App.4th 39, 43 (certified for partial publication). While a court on a demurrer must accept facts properly pleaded as true, a demurrer should be sustained where the allegations clearly disclose a defense or bar to recovery. See *Crosstalk Prods., Inc. v. Jacobsen* (1988) 65 Cal.App.4th 631, 635. Moreover, unless the plaintiff can demonstrate a reasonable possibility that a pleading defect can be cured by amendment, a demurrer should be sustained without leave to amend. *Blank*, 39 Cal. 3d at 318; *J.C. Dalton v. East Bay Mun. Utility Dist.* (1993) 18 Cal.App.4th

1566, 1570-1571. Even when the nature of the pleaded claim is clear, if there is no liability under the substantive law, leave to amend must be denied because the amendment will not alter the outcome. *Clausing v. San Francisco Unified Sch. Dist.* (1990) 221 Cal.App.3d 1224, 1233.

**A. THE FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY MUST FAIL BECAUSE CROSS-DEFENDANT KISER DID NOT HAVE A SPECIAL RELATIONSHIP WITH CROSS-COMPLAINANT**

Cross-Defendant Kiser did not owe Cross-Complainant Fashions Outlet a fiduciary duty because the two parties were not in a special relationship with one another. "A fiduciary relationship is a recognized legal relationship such as trustee and beneficiary, principal and agent, or attorney and client." *Hearst v. Ganzi* (2006) 145 Cal.App.4th 1195, 1208 (citing *Persson v. Smart Inventions, Inc.* (2005) 125 Cal.App.4th 1141, 1160, 23 Cal.Rptr.3d 335.)

> Technically, a fiduciary relationship is a recognized legal relationship such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client....The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party.

*Richelle L. v. Roman Catholic Archbishop* (2003) 106 Cal.App.4th 257, 271. The court in *Richelle* listed the "essential elements" of a fiduciary relationship.

> 1) The vulnerability of one party to the other which 2) results in the empowerment of the stronger party by the weaker which 3) empowerment has been solicited or accepted by the stronger party and 4) prevents the weaker party from effectively protecting itself.
>
> *Id.* at 272.

Plaintiff and Cross-Defendant Kiser ("Kiser") did not owe Defendant and Cross-Complainant Fashions Outlet of America, Inc. ("Fashions Outlet") a fiduciary duty by way of his employment as a store clerk. It is absurd to allege that Kiser was in any position of power

over his employer, Fashions Outlet. In fact, the opposite is true; Fashions Outlet was in a superior position over Kiser.

## B. THE SECOND CAUSE OF ACTION FOR CONSPIRACY TO COMMIT FRAUD MUST FAIL BECAUSE DEFENDANT AND CROSS-COMPLAINANT HAS NOT PROPERLY PLED THE ELEMENTS, AND FRAUD CLAIMS ARE DISFAVORED WHEN THEY ARISE OUT OF THE EMPLOYMENT RELATIONSHIP

### 1. Fraud Claims Are Disfavored When They Arise Out Of The Employment Relationship

Fashions Outlet's conspiracy to commit fraud claim cannot survive because tort remedies and theories such as fraud, conspiracy, and prima facie tort are disfavored where they arise out of the employment relationship; only contract damages are available. *Hunter v. Up-Right, Inc.* (1993) 6 Cal. 4th 1174, 1182-83.

Here, Fashions Outlet has counter-sued based upon tort causes of action already rejected by the courts in the employment context, including fraud, conspiracy, and "prima facie tort." *Hunter*, 6 Cal. 4th at 1174. Therefore, Fashions Outlet's cross-complaint should be stricken in its entirety.

### 2. Cross-Complainant Has Not Properly Pled A Fraud Cause Of Action

It is well established that every element of a cause of action for fraud must be alleged both factually and specifically, and the general policy of liberal construction of pleadings will ordinarily not be invoked to sustain a pleading that is defective in this regard. *Hall v. County of Los Angeles Dept. of Adoptions* (1975) 47 Cal.App.3d 898, 904; *Hills Transportation v. Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 707-708. Accordingly, general allegations of fraud in a complaint are insufficient—a plaintiff must plead specific facts

showing when, how, where, by whom, and by what means the fraudulent representations were made. *Stansfield v. Starsky* (1990) 220 Cal.App.3d 59, 73.

To properly allege fraud under California law, it is fundamental that a plaintiff plead a misrepresentation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance upon the misrepresentation, and damages resulting from that justifiable reliance. *Stansfield*, 220 Cal.App.3d at 72-73. Here, Cross-Defendant's non-specific allegations of conspiracy to commit fraud do not meet the above standards because they do not set forth by whom, where, or by what means these alleged misrepresentations were made.

The Cross-Complaint only alleges that the "plan" of Kiser and Germania, described earlier, was intended to, and did in fact, financially defraud Cross-Complainant to the financial benefit of Kiser and Germania. (Cross Complaint, ¶ 22-23). The Cross-Complaint further alleges that Kiser and Germania intentionally acted in bad faith. (Cross Complaint, ¶ 24). The Cross-Complaint finally alleges that Cross-Defendant incurred damages as a result of the "conspiracy." (Cross Complaint, ¶ 25). The Cross-Complaint makes only general allegations referring to this "plan" and "conspiracy" furthered by Kiser and Germania. The Cross-Complaint fails to state with specificity the misrepresentations that were made, to whom and by whom they were made, where they were made, and by what means they were made.

### 3. <u>The Cross-Complaint Fails To Allege That Cross-Defendant Intended To Induce, And Actually Did Induce, Reliance By Cross-Complainant</u>

First, Kiser did not intend to induce reliance by Fashions Outlet.

> In addition to showing that the defendant knowingly made a false representation, in order to establish fraud it must be shown that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation. [Citations]. The defendant must intend to induce a

> particular act of the plaintiff and is not liable in fraud for unintended consequences. [Citations]. And it must be shown that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment. [Citations].

*Conrad v. Bank of America* (1996) 45 Cal.App.4th 133, 157.

Fashions Outlet has utterly failed to allege facts showing that Kiser conspired in a scheme intended to induce particular action by Fashions Outlet. It is unclear from the Cross-Complaint what particular action Kiser and Germania intended to induce from Fashions Outlet.

Second, Fashions Outlet did not actually rely on the misrepresentations. "Justifiable reliance is an essential element of any cause of action for fraud and conspiracy to commit fraud." *Chicago Title Ins. Co. v. Superior Court* (1985) 174 Cal.App.3d 1142, 1151. In its cross-complaint, Fashions Outlet has failed to allege any facts demonstrating that Fashions Outlet actually did rely on the misrepresentations allegedly made by Kiser and Germania.

## III. CONCLUSION

For the foregoing reasons, Plaintiff and Cross-Defendant Kiser respectfully requests that the demurrer be sustained in its entirety.

Dated: April 24, 2007

THE LAW OFFICES OF DANIEL FEDER

Daniel Feder (SK)

By: Daniel Feder
Attorney for Plaintiff and Cross-Defendant KISER

THE LAW OFFICES OF PATRICK KITCHIN

Patrick Kitchin (SK)

By: Patrick R. Kitchin
Attorney for Plaintiff and Cross-Defendant KISER

Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 677-9058
Facsimile: (415) 627-9076

Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Attorneys for Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

SUPERIOR COURT OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,<br><br>Defendants. | Case No.: CGC-06-452655<br><br>**PROOF OF SERVICE**<br><br>**Date: May 29, 2007**<br>**Time: 9:30 a.m.**<br>**Dept: 301**<br>**Judge: Honorable Peter Busch** |
| FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,<br><br>Cross-Complainant,<br><br>v.<br><br>JUSTIN KISER, an individual; and ROES 1-50, inclusive,<br><br>Cross-Defendant. | |

# PROOF OF SERVICE

1. I, **Colleana Dorsagno**, the below signed declare, I am an employee of THE LAW OFFICES OF DANIEL FEDER, in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 807 Montgomery Street, San Francisco, California 94133.

2. I am familiar with the office practice for depositing U.S. Mail, facsimile transmission and Federal Express routing. In addition, I am familiar with both State and Local Rules regarding use of recycled paper and represent this document and all documents referred to herein comply with applicable recycled paper use requirements.

3. On **April 24, 2007**, I served the following document on the parties identified as follows:

WILLIAM J. GOINES, ESQ.
JEREMY A. MEIER, ESQ.
ALISHA M. LOUIE, ESQ.
GREENBERG TRAURIG, LLP
1900 UNIVERSITY AVENUE, FIFTH FLOOR
EAST PALO ALTO, CALIFORNIA 94303

BRIAN S. COUSIN, ESQ.
NEIL A. CAPOBIANCO, ESQ.
GREENBERG TRAURIG, LLP
METLIFE BUILDING
200 PARK AVENUE
NEW YORK, NEW YORK 10166

DOCUMENTS TO BE SERVED

- PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER's NOTICE OF DEMURRER AND DEMURRER TO DEFENDANT AND CROSS-COMPLAINANT FASHIONS OUTLET OF AMERICA's CROSS-COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF
- [PROPOSED] ORDER GRANTING PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER's DEMURRER

4. The manner of service is indicated below. Please check one.

PERSONAL SERVICE

I served each such document by hand on the attorney's offices listed above, by leaving the notice or other papers in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or with a person having charge thereof. In cases where there is no person in the office with whom the notice or papers may be left, for purposes of

compliance with CCP §1011(a), at the time of service is to be effected, service was made by leaving the notice or other papers between the hours of nine in the morning and five in the afternoon, in a conspicuous place in the office, or, if the attorney's office is not open so as to admit of that service, then service was made by leaving the notice or papers at the attorney's residence, with a person of not less than 18 years of age, if the attorney's residence is in the same county with his or her office, and, if the attorney's residence is not known or is not in the same county with his or her office, or being in the same county it is not open, or there is not found thereat any person of not less than 18 years of age, then service was made by putting the notice or papers, enclosed in a sealed envelope, into the post office or a mail box, subpost office, substation, or mail chute or other like facility regularly maintained by the Government of the United States directed to the attorney at his or her office, if known and otherwise to the attorney's residence, if known. If neither the attorney's office nor residence is known, service was made by delivering the notice or papers to the address of the attorney or party of record as designated on the court papers, or by delivering the notice or papers to the clerk of the court, or to the judge where there is no clerk, for the attorney.

XX 


I caused each such document, in an envelope, with first-class postage thereon fully pre-paid, to be deposited with the U.S. Mail in San Francisco, California addressed to the parties listed above.




I caused each such document, to be transmitted by facsimile to the facsimile number known by me to be the facsimile number Of each of the parties listed on the attached service list.




I caused each such document, in an envelope, with Federal Express postage, postage pre-paid, to be deposited with Federal Express in San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Colleana Dorsagno

Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 677-9058
Facsimile: (415) 627-9076

Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Attorneys for Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

SUPERIOR COURT OF CALIFORNIA
FOR THE CITY AND COUNTY OF SAN FRANCISCO

ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,

Plaintiffs,

v.

POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,

Defendants.

FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,

Cross-Complainant,

v.

JUSTIN KISER, an individual; and ROES 1-50, inclusive,

Cross-Defendant.

Case No.: CGC-06-452655

**[PROPOSED] ORDER RE PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER's DEMURRER**

**Date: May 29, 2007**
**Time: 9:30 a.m.**
**Dept: 301**
**Judge: Honorable Peter Busch**

The Demurrer filed by Plaintiff and Cross-Defendant JUSTIN KISER came on regularly for hearing before this Court on May 29, 2007 at 9:30 a.m., before the Honorable Peter Busch. Counsel for Plaintiff and Cross-Defendant JUSTINE KISER, and Counsel for Defendant and Cross-Complainant FASHIONS OUTLET OF AMERICA, INC. appeared at the hearing. After considering all the papers and admissible evidence submitted by the parties in support of and in opposition to the Demurrer, and arguments of Counsel, if any, and GOOD CAUSE APPEARING THEREOF;

**IT IS HEREBY ORDERED** that the Demurrer filed by JUSTIN KISER is SUSTAINED without leave to amend. The Court finds that Defendant and Cross-Complainant has failed to state facts sufficient to support a claim for breach of fiduciary duty and conspiracy to commit fraud.

**IT IS SO ORDERED.**

DATED: ____________________, 2007

______________________________
Honorable Peter Busch
Judge of the Superior Court