Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Attorneys for Plaintiffs
Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive<br><br>    Defendants. | Case No.: C-07-02780-SI<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER PERMITTING THE FILING OF DOCUMENTS UNDER SEAL FOR IN CAMERA REVIEW REGARDING PLAINTIFF ANN OTSUKA**<br><br>**JUDGE: Hon. Susan Illston**<br>**LOCATION: Courtroom 10, 19th Floor**<br>**450 Golden Gate Avenue**<br>**San Francisco, California 94102** |

## **APPLICATION FOR RELIEF**

Pursuant to Judge Illson's Standing Order 3, and Civil Local Rule 79-5, plaintiffs Janis Keefe, Corinne Phipps and Justin Kiser seek an order permitting them to file documents under seal for the Court's in camera review. Plaintiffs also request an opportunity to address the court in camera to present evidence relating to Ms. Otsuka's representation in this case.

---

*Otsuka, et al. v. Polo, et al.*                               Case No. C-07-02780-SI

EX PARTE APPLICATION RE THE REPRESENTATION OF PLAINTIFF ANN OTSUKA

The documents plaintiffs seek to file under seal for in camera review are subject to the attorney-client privilege and/or the attorney work product doctrine, and do not pertain to the merits of the case. The documents concern the representation of plaintiff Ann Otsuka and the pending motion to be relived as her legal counsel in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**PROCEDURAL HISTORY**

Plaintiffs filed this employment class action lawsuit on May 30, 2006, in the Superior Court of California for the City and County of San Francisco. On May 29, 2007, defendants removed the case to this court pursuant to general diversity jurisdiction, 28 U.S.C. § 1441(b) and 28 U.S.C. § 1453(b), and the Class Action Fairness Act , 28 U.S.C. § 1332(d).

On July 20, 2007, plaintiffs Janis Keefe, Corinne Phipps and Justin Kiser filed a request to have Daniel Feder relieved of his duties to them. The court has not yet issued a ruling on that request. On July 20, 2007, plaintiffs also filed a motion to relieve Patrick R. Kitchin and Daniel L. Feder as counsel to Ann Otsuka, based on Ms. Otsuka's failure to communicate with counsel from December 2006 forward. That motion is scheduled to be heard by this court on September 21, 2007.[1]

Since July 20, 2007, when the motion to be relieved as counsel to Ann Otsuka was filed, issues have arisen that concern Ms. Otsuka's future involvement in this case. Those issues concern matters that are subject to the attorney-client privilege.

///

///

///

---

[1] Plaintiffs filed this same motion in the Superior Court of California in April 2007. Before the motion was heard, however, defendants removed the case to this court.

*Otsuka, et al. v. Polo, et al.*                                              Case No. C-07-02780-SI

EX PARTE APPLICATION RE THE REPRESENTATION OF PLAINTIFF ANN OTSUKA

2

## II.

## PLAINTIFFS REQUEST AN IN CAMERA REVIEW OF THE FOLLOWING DOCUMENTS

Plaintiffs seek to file under seal for the court's in camera review the following documents:

1. Declaration of Patrick R. Kitchin, including the following attached exhibits:
   i. Exhibit 1: June 30, 2007, letter from Patrick R. Kitchin to Justin Kiser, Corinne Phipps and Janis Keefe.
   ii. Exhibit 2: July 2, 2007, email from Daniel Feder to Justin Kiser, Janis Keefe and Corrine [sic] Phipps.
   iii. Exhibit 3: July 3, 2007, email from Daniel Feder to Justin Kiser, Janis Keefe and Corrine [sic] Phipps.
   iv. Exhibit 4: July 3, 2007, email from Daniel Feder to Justin Kiser.
   v. Exhibit 5: July 4, 2007, email from Patrick Kitchin to Justin Kiser, Corinne Phipps and Janis Keefe.
   vi. Exhibit 6: July 5, 2007, email from Patrick R. Kitchin to Daniel Feder.
   vii. Exhibit 7: July 24, 2007, email from Daniel Feder to Patrick R. Kitchin, received on July 27, 2007.
   viii. Exhibit 8: July 24, 2007, letter from Daniel Feder to Patrick Kitchin, countersigned by Ann Otsuka.
   ix. Exhibit 9: April 13, 2007, letter from Patrick Kitchin to Ann Otsuka.

## III.

## ARGUMENT

"[T]he decision whether to engage in in camera review rests within the sound discretion of the district court." United States v. Zolin 491 U.S. 554, 572 (1989). The court is thus empowered to evaluate, *inter alia*, the "facts and circumstances of the particular case," *Id.* The use of in camera proceedings is particularly appropriate where the materials a party asks the court to review

are subject to the attorney client privilege. <u>Federal Savings and Loan Insurance Association v. Kimberleigh Ferm</u> 909 F.2d 372 (9th Cir. 1990).

> [I]n camera review protects the confidentiality of communications between attorney and client, thereby preserving important interests secured by the attorney-client privilege.

*Id.*

In the instant case, the documents plaintiffs Keefe, Phipps and Kiser ask the court to review are subject to the attorney client privilege, which they hold. They have each instructed their counsel that they waive the protections of the attorney client privilege for the limited purpose of having the court review the documents in camera. (See, Declaration of Patrick R. Kitchin.) Disclosure of these protected documents to defendants and their counsel, or the public at large, would serve no purpose relating to the subjects of this litigation and could prejudice plaintiffs by disclosing matters that relate solely to their legal representation.

## IV.
## CONCLUSION

The issues plaintiffs seek to bring to the court's attention concern matters subject to the attorney-client privilege. Plaintiff respectfully request an order permitting them to file the above-referenced documents under seal for the court's in camera review and an order setting an in camera hearing to be attended by attorney Daniel L. Feder, attorney Patrick R. Kitchin and plaintiff Ann Otsuka.

Respectfully submitted,

Dated:  August 21, 2007                    THE LAW OFFICE OF PATRICK R. KITCHIN

                    _____/S/_____
                    By: Patrick R. Kitchin
                    Counsel to Plaintiffs