William J. Goines (SBN 061290)
Alisha M. Louie (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:    goinesw@gtlaw.com
          louiea@gtlaw.com

**Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.**

Patrick R. Kitchin (SBN 162965)
THE LAW OFFICE OF PATRICK R. KITCHIN
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:     (415) 677-9058
Facsimile:     (415) 627-9076

**Attorneys for Plaintiffs
Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser**

[SEE SIGNATURE PAGE FOR
 ADDITIONAL COUNSEL FOR PARTIES]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al.,<br><br>    Defendants. | Case No.  C07-02780 SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. P. 26(F) REPORT**<br><br>Date:   September 21, 2007<br>Time:  2:00 p.m.<br>Judge: Hon. Susan Illston |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rules 16-8 and 16-9, Plaintiffs Ann Otsuka, Janis Keefe, Corinne Phipps, Justin Kiser, and Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation, and Fashions Outlet of America, Inc., respectfully submit their Joint Case Management Conference Statement and Rule 26(f) Report.

## I.   DESCRIPTION OF THE CASE

### A.   Procedural History

Defendants own and operate retail stores throughout California, selling clothing, accessories and home furnishings through their full price retail stores and their outlet stores. Defendants operate approximately eight full-price retail stores and 14 outlet stores in California. The current named plaintiffs worked as sales associates in two of the full-price retail stores: San Francisco and Palo Alto.

Plaintiffs filed this class action lawsuit on May 30, 2007 (and served Defendants on June 12, 2006) in the Superior Court of California, City and County of San Francisco. On July 20, 2006, Plaintiffs filed their First Amended Complaint (and served on Defendants August 3, 2006) to add claims under the California Private Attorneys General Action, Labor Code §§ 2699, et seq., seeking recovery of civil penalties on behalf of themselves, the putative class and the State of California. On October 12, 2006, Defendants demurred to Plaintiffs' First Amended Complaint on several grounds. The hearing on that motion was held in the San Francisco Superior Court before Judge Richard A. Kramer on January 22, 2007, and the demurrer was granted in part and overruled in part.

On February 28, 2007, Defendants filed an Answer to Plaintiffs' First Amended Complaint and a Cross-Complaint (counter-claim) against Plaintiff Kiser for breach of fiduciary duty and conspiracy to commit civil fraud. Plaintiff Kiser filed a demurrer in state court to both causes of action (claims for relief) and before opposition was due, Polo removed to United States District Court.

On May 29, 2007, Defendants removed this action to this Court. Defendants assert this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)

and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). Diversity of citizenship exists because Plaintiffs are and at the time the State Court Action was filed, citizens of the State of California and the Commonwealth of Kentucky, and Defendants each and independently are, and at the time the State Court Action was filed, were Delaware Corporations with principal places of businesses in the State of New York. Further, Defendants assert the Court has original jurisdiction pursuant to the diversity and damages provisions of CAFA.

### B.   Events Underlying The Action

Plaintiffs Ann Otsuka ("Otsuka"), Janis Keefe ("Keefe"), Corinne Phipps ("Phipps") and Justin Kiser ("Kiser") brought this action, individually and on behalf of all others similarly situated, against their former retail employers Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Retail Corp. and Fashions Outlet of America, Inc. Plaintiffs are former sales associates who worked in the Polo Ralph Lauren full price stores. Otsuka was a Sales Associate in the Home Collection Department of the Palo Alto store from approximately May 19, 2004 - October 29, 2004. Keefe was a Sales Associate in the Men's Department of the San Francisco store from approximately May 12, 2004 - December 24, 2004. Phipps was a Sales Associate in the Home Collection Department in the San Francisco store from approximately June 23, 2004 - December 20, 2004. Kiser was a Sales Associate in the Men's Department of the San Francisco store from approximately July 11, 2004 - August 8, 2005.

Plaintiffs allege that Defendants' employment practices violated wage and hour provisions of California statutory law and that Defendants engaged in other conduct prohibited by law. Plaintiffs' First Amended Complaint alleged the following causes of action: Fraud; False Imprisonment; Violations of California Labor Code §§ 510 and 204 (failure to pay all wages including premium overtime wages); Violations of Labor Code §§ 221 (unlawful taking of wages); Breach of Contract; Violations of Labor Code §§ 201, 202 and 203 (failure to pay wages upon discharge or quitting); Violations of Labor Code §§ 226.7 (failure to provide rest breaks); Violations of Labor Code §§ 226 (failure to make pay records available upon request); Violation of Labor Code §§ 232 (disclosure of wages); Violations of Business and Professions

Code §§ 17200 et seq. (unfair business acts and practices); Unjust Enrichment; Declaratory Relief; and Violation of the California Private Attorneys General Act ("PAGA").

Polo's cross-complaint (cross-claim) alleges Kiser assisted another former employee(s) in using unlawfully obtained merchandise credits to fraudulently obtain merchandise. Further, Defendants allege Kiser falsified customer information in the Point of Sale (POS) system. Additionally, Defendants allege Kiser used his employee discount to purchase merchandise (using stolen merchandise credit) at a Polo Factory Outlet Store.

### C. Principal Factual Issues In Dispute

#### 1. Joint Identification of Factual Issues in Dispute

Plaintiffs intend to file a Second Amended Complaint by Stipulation and/or by leave of Court.[1] Based on the current First Amended Complaint, the parties expect that the following factual allegations will be in dispute:

(1) Whether Plaintiffs are owed any premium overtime wages;

(2) Whether Plaintiffs are owed any wages under Polo's arrears program;

(3) Whether Plaintiffs are owed any wages under Polo's commission program;

(4) Whether Plaintiffs are owed wages for any rest break periods not taken;

(5) Whether Plaintiffs are owed wages for any charge backs or product returns;

(6) Whether Plaintiffs are owed any wages for off the clock work or waiting time;

(7) Whether Polo ever manipulated employee time cards to deprive employees of wages earned for time worked;

(8) Whether Polo falsely imprisoned any of the Plaintiffs after their work shifts had ended, by forcing them to remain on site for an inordinate amount of time for loss inspection searches;

(9) Whether Polo ever coerced or compelled or otherwise required Plaintiffs to forego rest periods (in order to keep their jobs);

(10) Whether Polo ever failed to timely pay Plaintiffs any wages;

(11) Whether Polo ever failed to timely pay any Plaintiff who quit or was terminated;

---

[1] Until such complaint is filed, Defendants are not certain which of its factual contentions will be in dispute and which will be admitted.

(12) Whether Polo ever prohibited any Plaintiffs from discussing their wages and terms of employment with any other employees;

(13) Whether Polo has failed to maintain Plaintiffs' pay records and/or failed to make those records available for inspection upon request;

(14) Whether Polo's actions with regard to the above labor practices were intentional or reckless actions.

### D. Principal Legal Issues In Dispute

#### 1. Plaintiffs' Identification of Legal Issues in Dispute

The primary legal issues set out in Plaintiffs' class action complaint are as follows:

1. Whether Defendants have committed actionable fraud (through misrepresentations, false promises and tortious concealment of material facts) with respect to the Class?

2. Whether Defendants have falsely imprisoned Class members after their work shifts were over by forcing them to remain within Defendants' stores to wait for loss prevention inspections?

3. Whether Defendants have unlawfully denied employees regular and overtime wages?

4. Whether Defendants have misclassified employees as bona fide commissioned employees to avoid paying premium overtime compensation?

5. Whether Defendants have unlawfully collected wages previously paid and earned by employees based on unlawful wage payback program called "arrears" and an unconscionable wage debit product return program?

6. Whether Defendants have unlawfully coerced or compelled or otherwise required the Class to forego rest periods to maintain their jobs?

7.  Whether Defendants have failed to timely pay employees the wages they are due?

8.  Whether Defendants have failed to timely pay employees who have quit or have been terminated?

9.  Whether Defendants have breached employment contracts or covenants made with Class members?

10. Whether Defendants have maintained an illegal policy that prohibits employees from discussing their wages and terms of employment with others?

11. Whether Defendants have violated California law, including California's Unfair Competition laws (Business & Professions Code §§ 17200, et seq.) based on their violations of California law?

12. Whether Defendants have unlawfully failed to maintain employees' pay records, and/or failed to make those records available for employee inspection upon request?

13. Whether Defendants' labor policies and practices, as described herein, constitute intentional or reckless violations of California law, entitling Plaintiffs and the Class to punitive or exemplary damages?

**2.   Defendants' Identification of Legal Issues in Dispute**

Polo has identified the following legal issues in dispute:

(1) Whether plaintiffs are owed any premium overtime wages or are exempt as commissioned sales employees (Cal. Labor Code §§ 204, 510);

(2) Whether Polo's "arrearage" program allows Polo to take back commissions earned and constitutes fraudulent conduct (Cal. Labor Code § 221);

(3) Whether Polo's "charge back" program allows Polo to take back commissions earned and constitutes fraudulent conduct (Cal. Labor Code § 221);

(4) Whether Polo's "Base Rate Against Commission" wage system is an illegal system in violation of California wage and overtime regulations and the California Labor Code;

(5) Whether Polo's sales employees' arrearage system is illegal and unconscionable;

(6) Whether Polo's commission based "charge back" system and/or returns policy is illegal and unconscionable;

(7) Whether Polo's employee "handbook" provisions and actions taken regarding base wages, end of year reconciliations, and rest breaks constitute fraudulent misrepresentations;

(8) Whether routine and customary employee loss prevention inspections at the end of shifts constitute false imprisonment;

(9) Whether Polo's employee handbooks and manuals constitute contracts of employment;

(10) Whether wages can be owed for de minimus wait time periods for an employee to enter and exit a store;

(11) Whether failure to take a rest break, even though provided, violates California labor laws (Cal. Labor Code § 226.7)

(12) Whether Plaintiffs are entitled to recovery for penalties under the California Private Attorneys General Act (Cal. Labor Code §§ 2698 et. seq);

(13) Whether Polo acted intentionally or willfully, or with malice, fraud and oppression;

(14) Whether Kiser's conduct in manipulating sales credits for his and others' improper personal use violated a fiduciary duty;

(15) Whether Kiser's conduct in manipulating sales credits for his and others' improper personal use constitutes a claim for conspiracy to defraud under California law;

**E.     Motions**

On January 22, 2007 Defendants' demurrer to plaintiffs First Amended Complaint was sustained in part and overruled in part.[2]  The state court overruled the demurrer to the first cause of action for fraud as to all four plaintiffs; sustained Polo's demurrer to the second cause of action for false imprisonment without leave to amend for plaintiffs Otsuka, Phipps and Keefe; sustained the demurrer to Plaintiffs' eighth cause of action for violations of paycheck data and right to inspection, as to Otsuka, Phipps and Kiser without leave to amend;  sustained the  demurrer to the eleventh cause of action for unjust enrichment as to all four plaintiffs without leave to amend; and sustained the demurrer to the thirteenth cause of action for claims made pursuant to the California Private Attorneys General Act ("PAGA") as to Otsuka, Phipps and Keefe without leave to amend.  Following the California Supreme Court's decision in Murphy v. Kenneth Cole Productions, Inc., (2007) 40 Cal.4th 1994, the parties stipulated to the filing of a proposed Second Amended Complaint.  During the time pending Judge Kramer's signing of the order for the filing of the Second Amended Complaint, Polo removed this action to United States District Court.

Plaintiff Justin Kiser requests that the Court set a hearing date for a motion under Federal Rules of Civil Procedure 12(b)(6) and/or 12(f) based on Defendants' failure to state a claim upon which relief can be granted.  Plaintiff will be prepared to file the motion within approximately 14 days.

 On July 20, 2007, Mr. Kitchin filed a Motion to be Relieved as Counsel for Ann Otsuka. That motion is scheduled to be heard on September 21, 2007, at 9:00 a.m.

Defendants anticipate filing a Motion for Summary Judgment or, in the alternative, Motion for Summary Adjudication under Rule 56 of the Federal Rules of Civil Procedure.

**II**.    **AMENDMENT OF THE PLEADINGS**

Plaintiffs' counsel Patrick Kitchin has been in discussions with Defendants' counsel William Goines regarding the need to make further revisions to the Second Amended

---

[2] Plaintiffs filed their initial Complaint in State Court on May 30, 2006. Plaintiffs then filed and served their First Amended Complaint on July 20, 2006 and, pursuant to extension ordered by the Court, Polo then demurred on October 12, 2006.

Complaint, primarily to revise some of the allegations relating to the factory outlet stores based on evidence obtained through discovery. Plaintiffs' counsel Patrick Kitchin also seeks leave to add an additional class representative who worked for Defendants in one of their factory outlet stores. Mr. Kitchin and Mr. Goines are in discussions regarding whether Polo will stipulate to the addition of the former factory Outlet employee.

**III. DISCOVERY**

**A.  Evidence Preservation**

Polo has taken steps to preserve evidence relevant to the issues in this action, including all forms of electronic documents by interdiction of document destruction programs and interdiction of erasures of emails, voice mails, and other electronically-recorded material. Polo has instructed appropriate company personnel to retain and preserve all electronic and other evidence reasonably related to the issues in this action.

**B.  Rule 26(a)(1) Disclosures**

The parties have stipulated pursuant to Federal Rule of Civil Procedure 26(a)(1) to consider their respective responses to initial discovery while the action was pending in State Court, to fulfill their initial disclosure duties.

**C.  Discovery Completed to Date**

Defendants served Requests for Production of Documents on October 27, 2006, Special Interrogatories on November 20, 2006, and Deposition Notices on October 27, 2006 to each of the named Plaintiffs. Plaintiffs served responses to Defendants' Request for Production of Documents on December 12, 2006 and produced certain electronic documents on January 11, 2006. Plaintiffs served responses to Defendants' Request for Special Interrogatories as to Plaintiffs Kiser and Phipps on January 15, 2006. Plaintiffs served responses to Defendants' Request for Special Interrogatories as to Plaintiff Keefe on May 11, 2007. Responses as to Plaintiff Otsuka remain outstanding and are necessary to assess damages, factual claims, and liability.[3]

---

[3] This action was ordered on November 30, 2006 to Complex Civil Litigation in the San Francisco Superior Court, pursuant to Polo's application. Judge Richard A. Kramer suspended statutory discovery rules and ordered the parties to engage in a free flow of discovery absent the customary objections and deadlines.

Plaintiffs served Form Interrogatories (set one), Special Interrogatories (set one) and Requests for Production of Documents (set one) on or about December 4, 2006. By mutual agreement between the parties, Defendants responded to these requests on May 11, 2007. Polo produced on March 28, 2007 company documents in response to Plaintiffs' requests (but no formal written responses in light of Judge Kramer's prior directives). Documents produced from Defendants include personnel files of Plaintiffs, spreadsheets relating to the named Plaintiffs' commissions and wages, and other responsive documents (Bates stamped and designated "confidential"). All told, Polo has to date produced documents labeled POLO 00001 through POLO 01577.

On or about May 22, 2007, Plaintiffs served Defendants with Form Interrogatories (set two) and Requests for Production of Documents (set two). Discovery responses to these requests have not yet been made by Defendants based on Judge Kramer's complex case management rules.

On October 27, 2006, Defendants noticed depositions for each of the named Plaintiffs. In light of the exchange of interrogatory responses, supplemental documents and other related ongoing discovery, however, these depositions were continued and are being scheduled on an ongoing basis. Defendants deposed Plaintiff Phipps on June 12, 2007 and agreed with Plaintiffs to take the deposition of Plaintiff Keefe on September 24, 2007. Defendants anticipate scheduling the depositions of Plaintiffs Kiser and Otsuka for sometime in November and/or December, 2007.

On February 2, 2007 Plaintiffs noticed the depositions of ten different Polo representatives and employees, including that of the "Person Most Qualified" ("PMQ"). On July 30, 2007 Plaintiffs served amended deposition notices pursuant to the Federal Rules of Civil Procedure for Polo's Person(s) Most Qualified, and for four other witnesses. These additional depositions were continued due to witnesses' availability and location (the PMQs reside in the New York area and will be deposed at Polo's New York City headquarters by agreement). Plaintiffs have since deposed two Polo witnesses, Valerie Harrison on August 10, 2007 and Theresa Cruz on August 20, 2007. Defendants anticipate the scheduling of

depositions for several other witnesses to occur between October and January 2008 (including PMQs in New York City). Plaintiffs believe these depositions could be completed by the end of November 2007.

Given the complexity and volume of anticipated discovery, the parties expect that discovery will be completed in or about July 2008.

### D. Anticipated Discovery

As discussed above, the parties anticipate the taking of depositions over the course of the next several months. Furthermore, Plaintiffs and Defendants anticipate seeking additional written discovery, including special interrogatories, requests for admissions and requests for production of documents.

#### 1. Plaintiffs' Statement Regarding Subjects On Which Discovery May Be Needed

Plaintiffs anticipate the need to conduct substantial further discovery regarding purported variations in employment policies within both the full-price retail stores and the factory outlet stores, as well as regarding damages sustained by class members.

In addition, while this matter was venued in the Superior Court of California, Judge Richard Kramer recommended the parties stipulate to conduct a systematic sampling of current and former employees regarding their relevant experiences at Polo. Specifically, Judge Kramer advised the parties to jointly develop a set of questions to be asked of employees, under oath, in a deposition-like setting by a neutral third party. To minimize the time and expense of conducting such a sampling, as well as to minimize the inconveniencing of witnesses, Judge Kramer recommended the parties agree not to cross examine the witnesses in this process. This sampling process would assist the parties evaluate the strengths and weaknesses of their claims and defenses, and would assist the Court in its evaluation of class certification.

Plaintiffs believe this approach to class member sampling is appropriate in this case. Defendants have indicated otherwise. Plaintiffs intend to seek an order from the Court permitting them to conduct pre-certification discovery and believe Judge Kramer's approach is worthy of further consideration.

### 2. **Defendants' Statement Regarding Subjects on Which Discovery May Be Needed**

Prior to trial, significant additional discovery is needed to assess Plaintiffs' damages and factual claims. Plaintiffs' responses to discovery propounded by Defendants have to date have been somewhat evasive and/or non-responsive. Defendants require extensive further written and oral discovery, especially if Plaintiffs amend their Complaint to include a class representative from the Polo Ralph Lauren Factory Outlet and/or Polo Jeans. (To date, Plaintiffs have not provided Defendants with any evidence relating to their claims against Polo Ralph Lauren Factory Outlet or Polo Jeans stores).

Given the complexities of this action, including the multiplicity of disputed factual and legal issues and the large potential number of witnesses, Polo requires extensive discovery on a variety of critical subjects, including but not limited to damages, rest break claims, wage and overtime issues, paycheck and employee wage discussions, loss prevention inspections, representations made and contractual claims, compensation programs and employee actions, and as to related employee factual claims.

Defendants disagree with the characterization of the comments made by Judge Kramer with respect to sampling current and former Polo employees. Defendants object to any sampling of its current and former employees regarding their relevant experiences at Polo on various grounds, including, *inter alia*, there is no legal authority to support such sampling, such sampling is inadmissible, hearsay, unreliable, impractical and inefficient. Further it is an intrusion and costly undertaking.

### E.    **Changes To Discovery Limitations**

At the present time, the parties do not propose any changes to the limitations on discovery provided by the Federal Rules of Civil Procedure or the local rules of this district. The parties have conducted some initial written discovery, pursuant to Complex Management rules in the San Francisco Superior Court and, following removal, conducted four initial oral depositions pursuant to stipulation. See response to III(C).

### F. Protective Order

On April 16, 2007, Judge Richard A. Kramer of the San Francisco Superior Court signed a stipulated protective order governing the exchange of confidential information in this action.

## IV. CLASS CERTIFICATION

Defendants anticipate the need for extensive further written and oral discovery before any motion for class certification should be entertained. Defendants anticipate needing another four to six months of discovery, especially given the parties' pace of oral depositions to date, before class certification can be decided.

Through discovery completed to date, Plaintiffs have gathered what they believe to be sufficient evidence to establish that the class as a whole is ascertainable and so numerous that joinder of all members is impracticable. While Plaintiffs have also obtained substantial evidence that the employment practices complained of were imposed on all employees, including themselves, within each subclass in a sufficiently consistent manner to establish the existence of common issues of law and fact, additional discovery, including the completion of depositions currently noticed, will be needed to respond to Defendants' contention that policies and practices at each of Defendants' stores varied.

## V. RELIEF

Plaintiffs seek damages, restitution, civil penalties and equitable relief.

Polo's counter-claims against Kiser seek relief for breach of fiduciary duty and conspiracy to commit fraud, with compensatory damages based on actual harm done in terms of economic losses. Polo anticipates the need for an expert on damages to its accounting and marketing systems and to its reputation and/or good will.

## VI. ALTERNATIVE DISPUTE RESOLUTION

Pursuant to the May 29, 2007 Order Setting Initial Case Management Conference and ADR Deadlines,[4] the parties have met and conferred regarding Alternative Dispute Resolution ("ADR") considerations, and have agreed to pursue Private Mediation through JAMS, ADR

---

[4] This order also initially assigned the case to the Honorable Bernard Zimmerman and set an Initial Case Management Conference for September 17, 2007.

Services or a comparable service. ADR Local Rule 3-4(b). The parties have stipulated to conduct the ADR session within sixty days following the Court's ruling on Plaintiffs' motion for class certification, for reasons of efficiency. The parties have or will separately file their Stipulation(s) and [Proposed] Order Selecting ADR Process prior to the Court's September 21, 2007 Case Management Conference.

### A.  Magistrate Judge.

On May 29, 2007 this action was assigned to Magistrate Bernard Zimmerman for trial. On or about June 18, 2007 Plaintiffs requested reassignment to a United States District Judge, and this action was then reassigned to the Honorable Susan Illston.

## VII.  NARROWING OF ISSUES.

The parties are not yet in a position to stipulate to any narrowed facts. Defendants seek to limit discovery of their financial condition for any purpose. Further, Defendants will seek to bifurcate the issue of punitive damages.

### A.  Disclosure Of Non-Party Interested Entities Or Persons.

On May 29, 2007 Polo filed its Civil Local Rule 3-16 Disclosure of Non-Party Interested Entities or Persons. Polo reiterates that other than the named parties, there is no such interest to report. On June 15, 2007 Plaintiffs filed their Civil Local Rule 3-16 Disclosure of Non-Party Interested Entities or Persons.

## VIII.  PRETRIAL CONFERENCE AND TRIAL SETTING

### A.  Length Of Trial

The parties estimate that a trial of this action will take approximately six (6) to eight (8) weeks. Defendants request a court trial. Plaintiffs seek a trial by jury.

As a complex putative class action, this case is not amenable to expedited scheduling with streamlined procedures.

### B.  Proposed Pretrial Schedule

#### 1.  Plaintiffs' Proposed Schedule

| | |
|---|---|
| Deadline to file motion to add parties or amend pleadings | October 31, 2007 |

| | | |
|---|---|---|
| 1 | Exchange expert disclosures/reports | August 2008 |
| 2 | Completion of all fact discovery and last day to file any fact discovery motions | July 2008 |
| 3 | Deadline for completion of ADR process | Sixty days after class certification motion ruling |
| 4 | | |
| 5 | Filing of Plaintiffs' motion for class certification | May 2008 |
| 6 | | |
| 7 | Exchange rebuttal expert disclosures/reports | September 2008 |
| 8 | Completion of all expert discovery and last day to file any expert discovery motions | October 2008 |
| 9 | Deadline for filing summary judgment motions | August 31, 2008 |
| 10 | | |
| 11 | Final Pretrial Conference | September 2008 |
| 12 | Trial | Early November 2008 |

### 2.  **Defendants' Proposed Schedule**

| | | |
|---|---|---|
| Deadline to file motion to add parties or amend pleadings | October 31, 2007 |
| Completion of all fact discovery | July 31, 2008 |
| Deadline to file any fact discovery motions | July 31, 2008 |
| Exchange expert disclosures/reports | August 31, 2008 |
| Exchange rebuttal expert disclosures/reports | September 31, 2008 |
| Completion of all expert discovery | October 31, 2008 |
| Deadline to file any expert discovery motions | October 31, 2008 |
| Deadline for completion of ADR process | Sixty days after class certification motion ruling |
| Deadline for filing summary judgment motions | August 31, 2008 |
| Final Pretrial Conference | September 2008 |
| Trial | November 2008 |

| | | |
|---|---|---|
| 1 | DATED: September 14, 2007 | GREENBERG TRAURIG, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ William J. Goines<br>  WILLIAM J. GOINES |
| 5 | | JEREMY A. MEIER<br>ALISHA M. LOUIE |
| 6 | | BRIAN S. COUSIN<br>NEIL A. CAPOBIANCO |
| 7 | | **Attorneys for Attorneys for Defendants Polo Ralph Lauren Corporation; Polo** |
| 8 | | **Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as** |
| 9 | | **Polo Retail Corporation; and Fashions Outlet of America, Inc.** |
| 10 | | |
| 11 | DATED: September 14, 2007 | THE LAW OFFICE OF PATRICK R. KITCHIN |
| 12 | | |
| 13 | | By: /s/ Patrick R. Kitchin |
| 14 | | PATRICK R. KITCHIN |
| 15 | DATED: September ___, 2007 | THE LAW OFFICES OF DANIEL FEDER |
| 16 | | |
| 17 | | |
| 18 | | By: /s/ Daniel Feder<br>  DANIEL FEDER |
| 19 | | **Attorneys for Plaintiffs** |
| 20 | | **Ann Otsuka, Janis Keefe, Corinne Phipps and Justin Kiser** |

21  **ADDITIONAL COUNSEL**:

22  Daniel Feder (SBN 130867)
    THE LAW OFFICES OF DANIEL FEDER
23  807 Montgomery Street
    San Francisco, CA 94133
24  Telephone: (415) 391-9476

25  **Attorneys for Plaintiffs**
    **Ann Otsuka, Janis Keefe, Corinne Phipps**
26  **and Justin Kiser**

27

28

| | |
|---|---|
| 1 | Jeremy A. Meier (SBN 139849) |
| | GREENBERG TRAURIG, LLP |
| 2 | 1201 K Street, Suite 1100 |
| | Sacramento, CA  95814-3938 |
| 3 | Telephone:  (916) 442-1111 |
| | Facsimile:  (916) 448-1709 |
| 4 | Email:    meierj@gtlaw.com |
| 5 | Brian S. Cousin (Pro Hac Vice) |
| | Neil A. Capobianco (Pro Hac Vice) |
| 6 | GREENBERG TRAURIG, LLP |
| | MetLife Building, 200 Park Avenue |
| 7 | New York, NY 10166 |
| | Telephone:  (212) 801-9200 |
| 8 | Facsimile:  (212) 801-6400 |
| | Email:    cousinb@gtlaw.com |
| 9 |           capobiancon@gtlaw.com |
| 10 | **Attorneys for Attorneys for Defendants** |
| | **Polo Ralph Lauren Corporation; Polo Retail, LLC;** |
| 11 | **Polo Ralph Lauren Corporation, doing business in** |
| | **California as Polo Retail Corporation; and** |
| 12 | **Fashions Outlet of America, Inc.** |
| 13 | SV 346219618v1 |

17                              Case No. C07-02780 SI
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FED. R. CIV. P. 26(F) REPORT
SV 346219618v1

## ATTESTATION CLAUSE

I, William J. Goines, am the ECF User whose ID and password are being used to file this Joint Case Management Conference Statement and Fed.R.Civ.P.26(f) Report. In compliance with General Order 45, X.B., I hereby attest that Patrick R. Kitchin and Daniel Feder have concurred in this filing.

Date: September 14, 2007                             GREENBERG TRAURIG LLP


                                                     By: /s/ William J. Goines
                                                         William J. Goines


## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted below:

Patrick R. Kitchin                          Daniel L. Feder
prk@investigationlogic.com                  danfeder@pacbell.net


                                                     By: /s/ William J. Goines
                                                         William J. Goines