1  Patrick R. Kitchin, Esq. (SBN 162965)
2  **THE LAW OFFICE OF PATRICK R. KITCHIN**
   565 Commercial Street, 4th Floor
3  San Francisco, CA 94111
   Telephone:   (415) 677-9058
4  Facsimile:   (415) 627-9076

5  Attorneys for Janis Keefe, Corinne Phipps and Justin Kiser

6

7
                       **UNITED STATES DISTRICT COURT**
8                     **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN FRANCISCO DIVISION**
9

10  ANN OTSUKA, an individual; JANIS KEEFE, ) Case No.:  C-07-02780-SI
    an individual; CORINNE PHIPPS, an           )
11  individual; and JUSTIN KISER, an individual; )
    individually and on behalf of all others similarly ) PLAINTIFF AND CROSS-DEFENDANT
12  situated,                                    ) JUSTIN KISER'S MOTION TO DISMISS
                                                 ) THE COUNTERCLAIMS OF FASHIONS
13                  Plaintiffs,                   ) OUTLET OF AMERICA, INC.
                                                 )
14        vs.                                    )
                                                 ) FEDERAL RULE OF CIVIL PROCEDURE
15  POLO RALPH LAUREN CORPORATION; a ) 9(b) AND 12(b)(6)
    Delaware Corporation; POLO RETAIL, LLC., a)
16  Delaware Corporation; POLO RALPH            )
    LAUREN CORPORATION, a Delaware             )
17  Corporation, doing business in California as )
    POLO RETAIL CORP; and FASHIONS            ) JUDGE:  Hon. Susan Illston
18  OUTLET OF AMERICA, INC., a Delaware        ) LOCATION:  Courtroom 10, 19th Floor
    Corporation                                 ) 450 Golden Gate Avenue
19                                               ) San Francisco, California 94102
                                                 ) DATE:  November 9, 2007
20             **Defendants.**                    ) TIME:  9:00 a.m.
                                                 )
21
                                                 )
22  _____

23

24        PLEASE TAKE NOTICE that on November 9, 2007, at 9:00 a.m., or as soon

25  thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court, located at

26  450 Golden Gate Avenue, San Francisco, California, Plaintiff and Cross-Defendant Justin

1  Kiser will and hereby does seek an order dismissing the counterclaims of Fashions Outlet Of

2  America, Inc.

3          This Motion is brought pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6)

4  on the grounds that Fashions Outlet of America, Inc., has failed to state a claim upon which

5  relief may be granted, and, therefore, its claims for Breach of Fiduciary Duty and for Civil

6  Conspiracy to Commit Fraud should be dismissed with prejudice.

7          This Motion is based on the Notice, the attached Memorandum of Points and

8  Authorities, all the pleadings, records, and files in this action, and all further evidence and any

9  oral argument that may be presented at the time of the hearing.

10

    Dated:  September 26, 2007                    THE LAW OFFICES OF PATRICK KITCHIN
11

12
                                                 _____/S/_____
13
                                                 By:    Patrick R. Kitchin
                                                 Attorney for Plaintiff and Cross-Defendant
14                                               JUSTIN KISER

15

16

17

18

19

20

21

22

23

24

25

26

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  **I.     REQUEST FOR RELIEF**

3          Pursuant to Federal Rule of Civil Procedure 9(b) and 12(b)(6), Plaintiff and Cross-

4  Defendant Justin Kiser ("Kiser") seeks an order dismissing the counterclaims of Fashions

5  Outlet of America, Inc. ("Fashions Outlet") for breach of fiduciary duty and for civil

6  conspiracy to commit fraud.  Fashions Outlet fails to state viable claims against Kiser under

7  either of these theories.

8  **II.    SUMMARY OF COUNTERCLAIMANT'S ALLEGATIONS**

9          The crux of Counterclaimant's allegations against Kiser is that while employed as a

10  sales clerk in one of Polo's stores, Kiser sold an item or two of clothing to a former Polo sales

11  associate using his employee discount and earned a commission on those sales.  Kiser's

12  former employer brought this counterclaim only after Kiser had filed this state-wide class

13  action complaint in State Court.  Counterclaimant's claims are not designed to adjudicate

14  "employee discount abuse" by Kiser, but to challenge Kiser's standing to serve as a class

15  representative.  Fashions Outlet's claims are, at most, small claims court maters that should

16  not be adjudicated in this complex class action case.

17          Fashions Outlet alleges Kiser assisted a former employee named Germania use a

18  merchandise credit that was stolen or illegally obtained <u>by Germania</u>, and then caused the

19  merchandise to be mailed to a fictitious customer.  (Counterclaim, ¶¶ 5-6.)  Fashions Outlet

20  also alleges Kiser purchased merchandise for Germania using her merchandise credit and his

21  employee discount.  (Counterclaim, ¶ 9.)  Fashions Outlet further alleges Kiser processed a

22  sale for Germania using two separate merchandise credits under a fictitious name.

23  (Counterclaim, ¶ 10).  Finally, Fashions Out alleges Kiser earned an 8% commission on one

24  or more of these sales, but does not allege the value of those commissions.  (Counterclaim, ¶

25  11.)

26

1  **III.    SUMMARY OF ARGUMENT**

2              A.    <u>Federal Rule of Civil Procedure 12(b)(6) Requires The Dismissal Of</u>

3                    <u>Counterclaimant's Breach of Fiduciary Claim</u>

4              Federal Rule of Civil Procedure 12(b)(6) requires the dismissal of a claim if the

5  claimant fails to state a claim upon which relief may be granted and if "it appears beyond

6  doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

7  him to relief," <u>Edwards v. Marin Park, Inc.</u>  356 F.3d 1058 (9th Cir. 2004).  While a Rule

8  12(b)(6) motion is not designed to test the strength of a claim, it is the proper, pleading-stage

9  tool for challenging a claim that is unviable under the applicable law.  <u>In Re Silicon Graphics,</u>

10 <u>Inc. v. McKracken</u> 97-16204 (9th Cir. 07/02/1999).

11             Counterclaimant's allegation that Kiser breached a fiduciary duty to his employer is

12 such a claim, and should be dismissed with prejudice.  (First Cause of Action.)  Absent a

13 special relationship between an employee and an employer, such as that between a corporate

14 officer and a corporation, an employee does not owe the employer any such heightened duty.

15 <u>Gabb Business Services v. Lindsay and Newsom Claim Services, Inc.</u> 83 Cal.App.4th 409

16 (2000).  No such special relationship existed between Kiser and Fashions Outlet, and

17 Counterclaimant cannot allege any such relationship in this instance.

18

19             B.    <u>Federal Rule of Civil Procedure 9(b) Requires The Dismissal Of</u>
                     <u>Counterclaimant's Civil Conspiracy To Commit Fraud Claim</u>

20             Rule 9(b) provides that "the circumstances constituting fraud or mistake shall be stated

21 with particularity."  Kiser's challenge to Counterclaimant's conspiracy to commit fraud claim

22 under Federal Rule of Civil Procedure 9(b) for failure to plead with particularity "is the

23 functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim."

24 <u>Vess v. Ciba Ceigy</u> 317 F.3d 1097 (9th Cir. 2003.)  To avoid dismissal for inadequacy under

25 Rule 9(b), therefore, the claimant is required to state the time, place, and specific content of

26 the false representations as well as the identities of the parties to the misrepresentation.  *Id.*

1  Cross-Claimant's fraud-based counterclaims do not offer the level of factual specificity

2  required under Rule 9(b).

3

4  **IV.    THE FIRST CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY
        SHOULD BE DISMISSED BECAUSE KISER DID NOT OWE HIS
        EMPLOYER A FIDUCIARY DUTY**

5

6         Kiser, a sales clerk, did not owe Fashions Outlet a fiduciary duty.  Such a duty is

7  imposed at law only when the two parties are in a special relationship, such as that between a

8  trustee and a beneficiary, principal and agent, or attorney and client. Hearst v. Ganzi (2006)

9  145 Cal.App.4th 1195, 1208

10        Technically, a fiduciary relationship is a recognized legal relationship such as
        guardian and ward, trustee and beneficiary, principal and agent, or attorney and
        client....The essence of a fiduciary or confidential relationship is that the
11       parties do not deal on equal terms, because the person in whom trust and
        confidence is reposed and who accepts that trust and confidence is in a superior
12       position to exert unique influence over the dependent party.

13  Richelle L. v. Roman Catholic Archbishop (2003) 106 Cal.App.4th 257, 271.

14
        The court in *Richelle* enumerated the "essential elements" of a fiduciary relationship.
15
        1)  The vulnerability of one party to the other which 2) results in the
16       empowerment of the stronger party by the weaker which 3) empowerment has
        been solicited or accepted by the stronger party and 4) prevents the weaker
17       party from effectively protecting itself.
        *Id.* at 272.
18
        In this case, Kiser was a sales clerk in the Polo Ralph Lauren store in San Francisco.
19
20  (Counterclaim, ¶ 6.)  As an hourly sales associate, he was not in a superior position to exert

21  "unique influence over" anyone at Polo.  In fact, not even all officers of a corporation are

22  deemed to be fiduciaries of the company.  As the court held in Gabb Business Services v.

23  Lindsay and Newsom Claim Services, Inc. (2000) 83 Cal.App.4th 409, 420-421:  "… an

24  officer who participates in management of the corporation, exercising some discretionary

25  authority, is a fiduciary of the corporation as a matter of law.  Conversely, a "nominal" officer

26  with no management authority is not a fiduciary."

1    Thus, "it appears beyond doubt" that Fashions Outlet cannot prove any set of facts in

2  support of its fiduciary duty claim that would entitle it to relief.  This claim should be

3  dismissed without leave to amend.  Edwards v. Marin Park, Inc.  356 F.3d 1058 (9th Cir.

4  2004).

5  **V.    THE SECOND CAUSE OF ACTION FOR CONSPIRACY TO COMMIT**

6  **FRAUD SHOULD BE DISMISSED BECAUSE FASHIONS OUTLET HAS NOT PLED THE CLAIM WITH PARTICULARITY.**

7          A.    The Pleading Requirements For Fraud Are Strict

8  Fraud must be pled "with a high degree of meticulousness." Desaigoudar v.

9  Meyercord 223 F.3d 1020, 1022-1023 (9th Cir. 2000).  "[A]llegations of fraud involve a

10  serious attack on character, and fairness to the defendant demands that he should receive the

11  fullest possible details of the charge in order to prepare his defense." Hills Transportation v.

12  Southwest Forest Industries, Inc. (1968) 266 Cal.App.2d 702, 707-708.  (See, also, Vess v.

13  Ciba Ceigy 317 F.3d 1097 (9th Cir. 2003.)

14          B.    The Pleading Requirements For Conspiracy To Commit Fraud Require An

15          Agreement To Commit Fraud **And** Overt Acts Designed To Carry Out The Agreement

16          A claim based on conspiracy to commit fraud must be based on factual allegations

17  showing (1) an agreement to commit fraud and (2) overt acts meant to accomplish the alleged

18  fraud. See, for example, Wasco Products, Inc. v. Southwall Technologies, Inc. 435 F.3d 989,

19  991-992 (9th Cir. 2006).  Counterclaimant's allegations are insufficient for these pleading

20  purposes.  Counterclaimant does not allege Kiser and Germania agreed to commit any

21  wrongful act together, except in the most general and conclusory of terms.  Instead, Fashions

22  Outlet describes a series of unrelated events that purport to demonstrate the existence of the

23  conspiracy—the purported "overt acts."  Yet, the allegations only show that Kiser sold Polo

24  clothes to a former employee at a discount on one or more occasions in violation of Polo's

25  internal employee discount rules.

26

1    Thus, Fashions Outlet has to failed to allege "the most basic and fundamental element

2 of a civil conspiracy." Wasco Products, Inc. v. Southwall Technologies, Inc., *supra*, 435 F.3d

3 989.   In the absence of an agreement to commit fraud, there is no conspiracy.

4

5               C.      Fashions Outlet Fails To Allege The Elements Of The Underlying Tort Of
                        Fraud

6        To properly allege fraud, it is fundamental that a claimant plead a representation,

7 usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance

8 upon the misrepresentation, and damages resulting from that justifiable reliance.  Stansfield

9 220 Cal.App.3d at 72-73.   Fashion Outlet's fraud allegations fall short of these strict

10 requirements.

11                      1.      Fashions Outlet Does Not Allege A Misrepresentation

12       Fashions Outlet describes a serious of events over some period of time that it contends

13 constitute one or more false statements.  Yet, it cannot identify a single statement made by

14 Kiser that it claims was false.  Instead, the counterclaim is limited to allegations that Kiser

15 improperly used his employee discount and sent one pair of blue jeans to a name provided to

16 him by Germania, all in violation of "Polo's Retail Employee Handbook."  (Counterclaim ¶

17 12.)  While this conduct was perhaps a violation of Polo's employee discount policy, it does

18 not amount to fraud.

19       The remaining allegations regarding the alleged conspiracy focus solely on

20 Germania's conduct, whom Fashions Outlet alleges improperly obtained and then used

21 merchandise credits to buy Polo clothing.  But, because Fashions Outlet cannot in good faith

22 make out a claim for a conspiracy to commit fraud, based on an agreement to do so, the most

23 it can do is assert that Kiser violated its internal employment policies.

24 ///

25 ///

26 ///

1

### 2. Fashions Outlet Does Not Allege Knowledge Of The Falsity Of A Misrepresentation

2    In place of a well pled allegation that Kiser was aware of the falsity of specific

3 representations, Fashions Outlet alleges only that "Kiser knew or had reason to know that the

4 purchases made by Germania were made in bad faith…" (Counterclaim ¶¶ 17 and 24.)  This

5 conclusory allegation stands in place of any specific factual averment showing Kiser had any

6 specific knowledge of a misrepresentation.  Where the claimant fails to adequately plead

7 scienter under Rule 9(b), the claim is subject to dismissal.   Vess v. Ciba Ceigy 317 F.3d

8 1097 (9th Cir. 2003.)

9

### 3. Fashions Outlet Does Not Allege Intent To Defraud

10    The crux of Fashions Outlet's conspiracy to commit fraud claim is that Kiser assisted

11 a former Polo employee purchase clothing from the company at a discount and thereby

12 obtained a commission on the sale.  Yet, Fashions Outlet only pleads the conclusion that Kiser

13 intended to defraud his employer by assisting the former employee.  For example, Fashions

14 Outlet alleges Germania obtained merchandise credits that were "either stolen and/or illegally

15 obtained." (Counterclaim ¶ 5.)  Fashions Outlet does not allege Kiser knew the credits were

16 stolen or illegally obtained, only that he should have known.  Thus, Fashions Outlet is

17 attempting to create the illusion of a "conspiracy" between two persons by tacking together

18 independent acts.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

1  VI.    **CONCLUSION**

2          For the foregoing reasons, Plaintiff and Cross-Defendant Justin Kiser respectfully

3  requests that Fashions Outlet's counterclaims be dismissed without leave to amend.

4

5  Dated:  September 26, 2007              THE LAW OFFICE OF PATRICK KITCHIN

6

                                          _____/S/_____
7                                          By:     Patrick R. Kitchin
                                           Attorney for Plaintiff and Cross-Defendant KISER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Otsuka, et al. v. Polo, et al.**
Case No.:  C-07-02780-SI
**NOTICE OF MOTION TO DISMISS; MEMO. OF Ps AND As IN SUPPORT THEREOF**