Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
Justin Kiser and Proposed Plaintiff Renee Davis

**UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, <br><br>                    Plaintiffs, <br><br>          vs. <br><br> POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation, <br><br>                    Defendants. | Case No.:  C-07-02780-SI <br><br> **MOTION FOR LEAVE TO AMEND COMPLAINT (Notice of Motion & Motion And Memorandum of Points & Authorities)** <br><br> Judge:  Hon. Susan Illston <br> Place:  Courtroom 10, 19th Floor <br> Date:  November 9, 2007 <br> Time:  9:00 a.m. |

**NOTICE OF MOTION & MOTION**

PLEASE TAKE NOTICE that, on November 9, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 (450 Golden Gate Avenue, San Francisco, California), Plaintiffs Janis Keefe, Corinne Phipps and Justin Kiser will and hereby do seek an order permitting

them to amend their complaint to add Renee Davis as a representative of the proposed plaintiff class.

This motion is brought pursuant to Federal Rules of Civil Procedure 15(a), 20 and 21 on the grounds that:

1. Renee Davis asserts a right to relief arising out of the same common practices and series of occurrences alleged in Plaintiffs' First Amended Complaint;

2. there are numerous questions of law and fact common to all parties in the action, including Ms. Davis; and

3. justice will be best served by permitting the amendment.

This motion is based on this notice, the Memorandum of Points and Authorities that follows, all pleadings and records on file, and such further argument and evidence as the court may permit.

Dated: October 1, 2007                    THE LAW OFFICE OF PATRICK R. KITCHIN


_____/S/_____
By: Patrick R. Kitchin
Attorneys for Plaintiffs Janis Keefe, Corinne Phipps
and Justin Kiser and Proposed Plaintiff Renee Davis

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

Plaintiffs Janis Keefe, Corinne Phipps and Justine Kiser are pursuing this proposed class action against Defendant Polo Ralph Lauren Corporation and affiliated companies (collectively "Polo"), seeking redress for labor law violations and other tortious practices.  By this motion, they seek leave to amend to add Ms. Davis as a representative of the proposed plaintiff class.

Plaintiffs Keefe, Phipps and Kiser are former Polo employees who worked in one of its full-price retail stores.  Ms. Davis worked in one of Polo's factory outlet stores, where she was employed by Fashions Outlet of America, Inc., a Polo affiliate that operates its Californian outlet stores.[1]

As original plaintiffs, Mr. Kiser, Ms. Keefe and Ms. Phipps have standing to request that Ms. Davis be added as a representative of the proposed plaintiff class.  Applewhite v. Reichhold Chemicals, Inc. 67 F.3d 571 (5th Cir. 1995).  Because doing so will best serve the proposed class's interests, and the interests of justice, they now do so.

### II.  Procedural History

A.    The Pleadings

Plaintiffs originally sued in San Francisco Superior Court on May 30, 2006.  They effectuated service on all defendants on June 8, 2006.  Plaintiffs filed a First Amended Complaint on July 20, 2006, adding claims under the California Private Attorneys General Act (Labor Code §§ 2698, et seq.).

Defendants subsequently sought and obtained an extension through October 12, 2006 to file a responsive pleading.  On September 18, 2006, Defendants filed an application to have the case deemed complex under California Rule of Court 1800.  That application was granted on November 30, 2006.

Meanwhile, on October 12, 2006, Defendants demurred to Plaintiffs' First Amended Complaint.  The hearing on those demurrers was originally scheduled for November 15, 2006.

---

[1]  Although Mr. Kiser worked in a full-price Polo stores, he was paid by Fashions Outlet of America, Inc.  Ms. Keefe and Ms. Phipps, who worked in the same store with Mr. Kiser, were paid by a different Polo entity called "Polo Retail Corp."

Otsuka, et al. v. Polo, et al.                                                    Case No. C-07-02780-SI

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
3

After briefing was complete, the court continued the demurrer hearing *sua sponte* to December 5, 2007. The court subsequently again continued the demurrer hearing, to January 22, 2007, after designating the case "complex." On February 7, 2007, the Court ruled on the demurrers. Defendants answered on February 28, 2007, and simultaneously cross-complained against Mr. Kiser based on the notion he had abused his employee discount.

The parties subsequently stipulated to the filing of a Second Amended Complaint to permit Plaintiffs Keefe, Phipps and Ann Otsuka to file a missed rest breaks claim due to new law established in <u>Murphy v. Kenneth Cole Productions</u> (2007) 40 Cal.4th 1094. Plaintiffs filed the stipulation and Second Amended Complaint on May 31, 2007, unaware Defendants had removed it two days earlier. For the present, the First Amended Complaint thus remains operative.

B.    <u>Discovery</u>

On December 4 and 12, 2006, Plaintiffs served extensive written discovery on all Defendants. Due to the discovery's volume and complexity, they stipulated that Defendants could have extra time to respond. Defendants finally responded to Plaintiffs' written discovery on April 26, 2007, and May 11, 2007.[2] At an April 5, 2007 Case Management Conference before Judge Richard Kramer, Defendants indicated they were attempting to determine whether the case's value supported removal. Judge Kramer ordered the parties to cooperate regarding damages calculations, and placed a hold on other written discovery served on Defendants.

Meanwhile, on January 30, 2007, Plaintiffs served 10 notices of deposition on Defendants.[3] During the next several months, Plaintiffs offered various dates for their depositions. None of the dates Plaintiffs offered were deemed suitable by Defendants' counsel. Then, on May 29, 2007, before any depositions could be taken, Defendants removed.

Following removal, the parties agreed to continue deposition scheduling efforts. On June 12, 2007, Defendants deposed Plaintiff Corinne Phipps. On August 10 and 20, Plaintiffs deposed

---

[2] Superior Court Judge Richard Kramer imposes special discovery rules in his Complex Litigation Department, requiring court approval of all discovery requests at a case management conference before the responding party is required to answer.

[3] Defendants' counsel had served notices for Plaintiffs' depositions on October 27, 2006, and claimed the right to take Plaintiffs' depositions before Defendants would produce their 10 witnesses.

two of Defendants' managers.  Ms. Keefe's deposition was postponed due to her pregnancy and her child's illness.  For the sake of witness convenience, the parties are now attempting to coordinate the depositions of Mr. Kiser and Polo-affiliated witnesses in New York.

## II.  Legal Argument

Plaintiffs provided Defendants with a draft of the proposed amendment and requested they stipulate to its filing.  Defendants declined to do so.

A.    Summary Of Governing Law

Leave to file an amended complaint "shall be freely given when justice requires." Fed.R.Civ.Pro. 15(a).  This policy is to be applied with "extreme liberality."  Eminence Capital, LLC v. Aspeon, Inc. (9th Cir. 2003) 316 F.3d 1048, 1051.  The party seeking to amend need only establish the amendment is necessary to achieve "justice."  The burden is on the party opposing the motion to establish why justice would be better served by denying leave to amend.  Shipner v. Eastern Air Lines, Inc. (11th Cir. 1989) 868 F.2d 401, 406-07.

Leave to add an additional party through an amended complaint must be accomplished in accordance with the procedural requirements of Federal Rule of Civil Procedure 15 and pursuant to the rules governing compulsory and/or permissive joinder (viz., Fed. R. Civ. Pro. 19 and 20.) See Fed. R. Civ. Pro. 21:  "Parties may be dropped or added by order of the court on motion of any party or of its own initiative *at any stage of the action* and on such terms as are just."  Fed. R. Civ. Pro. 21, emphasis added.

Rule 20 provides in relevant part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transactions or occurrences and if any question of law or fact common to all these persons will arise in the action... . A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 20 governs permissive joinder of parties and imposes two specific requirements on the movant:  "(1) a right to relief must be asserted by, or against, each plaintiff or defendant

relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all of the parties must arise in the action." <u>Mosley v. General Motors Corporation</u> 497 F.2d 1330 (8th Cir. 1974).  With respect to the first requirement, "Absolute identity of all events is unnecessary." *Id.*  With respect to the second requirement, "the rule does not require that all questions or law or fact raised by the dispute be common." *Id.*  In its application, this second requirement permits joinder under a variety of circumstances.  For example, where both the original plaintiffs and the person who seeks to join allege they have been subjected to a common illegal employment practice, the second requirement of Rule 20 is met.  *Id.*; <u>see also</u> <u>Hinson v. Norwest Financial South Carolina</u> 239 F.3d 611 (4th Cir. 2001), class action case concluding permissive joinder is proper when joining plaintiffs alleged injury by some of the same practices that had injured the original plaintiffs.)

Finally, Rule 20 "is to be construed liberally in order to promote convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." <u>League to Save Lake Tahoe v. Tahoe Regional Planning Agency</u> 558 F.2d 914 (9th Cir. 1977).  Indeed, the United States Supreme Court has explicitly recognized that "joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of America v. Gibbs</u> (1966) 383 U.S. 715, 724.

B.    <u>Renee Davis Should Be Joined As A Plaintiff</u>

Ms. Davis should be permitted to join as a plaintiff because her claims arise from the same set of facts (viz., the same employment practices that the original Plaintiffs allege injured them), and thus implicate the same legal issues already pending.

1.    *Requirement One:  Ms. Davis Claims A Right To Relief Relating To The Same Employment Practices Challenged By The Original Plaintiffs.*

Claims asserted in the proposed Second Amended Complaint differ from the First Amended Complaint in only minor ways.  With the exception of the joinder of Ms. Davis and her claims, the only substantive changes are those that have been made to conform to evidence Plaintiffs have obtained through formal and informal discovery.

---

a)    The First Amended Complaint

The original Plaintiffs allege all sales associates who worked for the Defendants in California were subjected to unlawful company-wide employment practices. The First Amended Complaint alleges sales associates who worked in both Polo's full-price retail stores and in Polo's factory outlet stores were subjected to these company-wide illegal practices. Those practices include, *inter alia*:

- requiring employees to work off-the-clock without pay (First Amended Complaint ("FAC") ¶¶13, 22-23, 32-33, 34, 41-43, 52-54);
- failing to pay premium overtime (FAC, ¶¶19, 29, 38 and 49); and
- failing to provide legally-required rest breaks (FAC, ¶¶ 13, 24, 44).

The First Amended Complaint also alleges sales associates in both kinds of stores were subjected to common practices described in Polo employment manuals used throughout California. (FAC, ¶¶12(a)(ii), 12(a)(iii), and 12(t).)

b)    The Proposed Second Amended Complaint

In the proposed Second Amended Complaint, Ms. Davis alleges she worked for Fashions Outlet of America, Inc., an original defendant in this case, between approximately October 2002 and February 2004 in Defendants' factory outlet store in Cabazon, California. (Second Amended Complaint ("SAC"), ¶57.) She alleges Polo Ralph Lauren Corporation's employment manuals used in the full price retail stores were also used in the factory outlet store where she worked. (SAC, ¶59.)

Ms. Davis alleges Fashions Outlet Of America, Inc., subjected her to the same illegal employment practices that injured the original plaintiffs, including *inter alia*:

- requiring her to work off-the-clock without pay pursuant to the same policies and practices that injured the original Plaintiffs (SAC, ¶¶ 60-61);
- failing to pay her premium overtime (SAC, ¶60); and
- failing to provide her with legally-required rest breaks (SAC ¶64).

Ms. Davis thus is not attempting to interject any new or unrelated claims.  She is seeking substantially the same relief already being sought.

    2.      *Requirement Two:  Ms. Davis' Claims Implicate the Same Facts And Law*

Davis meets the second requirement of Rule 20 as well.  The First Amended Complaint seeks relief on behalf of all Polo employees in California, including factory outlet store employees. If this case already were certified as a class action, Ms. Davis would be a member of the certified class.  Her claims, the evidence supporting her claims, and the legal issues raised by her claims are all coextensive with the claims of the original Plaintiffs.

C.    <u>Permitting Amendment Would Promote The Interests of Judicial Economy And Justice</u>

Ms. Davis could file a separate lawsuit in state court seeking relief as an individual and/or as a class representative on behalf of her co-employees.  Such a lawsuit could seek the same relief, based on essentially the same evidence and law, as already are at issue in this case.  Defendants presumably would seek a stay of that action until this one was resolved.

If the two cases went forward concurrently, two separate courts would be engaged in the management of two separate cases that address substantially identical issues of fact and law. Because of the essentially identical nature of the two cases, orders made by each court could have a direct impact on the other case, such as orders regarding discovery.  The threat of inconsistent rulings would add uncertainty to the duplicative proceedings.[4]

If Defendants engaged separate counsel to defend the second lawsuit, or even assigned different lead counsel, coordination of schedules would become more complicated.    Duplicative depositions would be wasteful and costly.  Discovery disputes, if they arose, would need to be addressed in both courts.  Duplicative motion practice would also be wasteful, of both the courts' and the parties' resources, and could lead to prejudicial inconsistencies.  <u>See</u>, <u>e.g.</u>, footnote 4, <u>supra</u>.

---

[4]  For example, one court could delay certain types of discovery ("merits" discovery, for instance), while the other court could permit the same discovery to proceed.

*Otsuka, et al. v. Polo, et al.*                        Case No. C-07-02780-SI

PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

8

Granting this motion could easily obviate the burden, problems and expense a separate lawsuit asserting overlapping claims would generate.

D.    **Defendants Will Suffer No Prejudice By Permitting Ms. Davis To Serve As A Representative of The Proposed Plaintiff Class**

No trial date has been set.    The Court has, however, scheduled a hearing on class certification for May 9, 2008.  While Plaintiffs have conducted significant discovery in this case, substantial discovery remains to be completed.  For example, Defendants have not yet produced any qualified witnesses relating to the factory outlet stores.  Defendants have not yet completed the depositions of the original Plaintiffs.  Plaintiffs will produce Ms. Davis for deposition in a timely fashion and, as they have done thus far, will cooperate with Defendants to comply with the case management schedule.

## III.  Conclusion

Plaintiffs submit they have easily satisfied the liberal standards for amendment, and also have shown amendment best serves the interests of judicial economy and justice.    Because Defendants will be unable to meet their burden of establishing otherwise, Plaintiffs respectfully request that the Court grant leave to file their Second Amended Complaint.

DATED:  October 3, 2007          THE LAW OFFICE OF PATRICK R. KITCHIN


By:_____/S/_____
Patrick R. Kitchin, Esq.
Attorneys for Plaintiffs Janis Keefe, Corinne Phipps and
Justin Kiser and Proposed Plaintiff Renee Davis

---