William J. Goines (SBN 061290)
Alisha M. Louie (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email: goinesw@gtlaw.com
       louiea@gtlaw.com

Jeremy A. Meier (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
Email: meierj@gtlaw.com

Brian S. Cousin (Pro Hac Vice)
Neil A. Capobianco (Pro Hac Vice)
GREENBERG TRAURIG, LLP
MetLife Building, 200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: cousinb@gtlaw.com
       capobiancon@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren
Corporation, doing business in California as Polo Retail
Corporation; and Fashions Outlet of America, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al.,<br><br>Defendants.<br><br>_____<br>AND RELATED CROSS-ACTIONS. | Case No. C07-02780 SI<br><br>**FASHIONS OUTLET OF AMERICA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER'S MOTION TO DISMISS THE COUNTERCLAIMS OF FASHIONS OUTLET OF AMERICA, INC.**<br><br>Date: November 9, 2007<br>Time: 9:00 a.m.<br>Dept: Courtroom 10, 19th Fl.<br>Judge: Hon. Susan Illston |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................i

II. STATEMENT OF FACTS ..................................................................................2

  A. PROCEDURAL HISTORY ....................................................................2

  B. FACTUAL HISTORY .............................................................................3

III. ARGUMENT .......................................................................................................4

  A. STANDARD OF LAW ...........................................................................4

  B. POLO'S COUNTERCLAIMS AGAINST KISER BELONG IN THIS ACTION ...................................................................................5

  C. KISER'S CHALLENGE TO POLO'S FIRST COUNTERCLAIM FAILS TO RECOGNIZE THAT A BREACH OF LOYALTY IS A BREACH OF FIDUCIARY DUTY. .....................................................................................................6

    1. THE BREACH OF FIDUCIARY DUTY COUNTERCLAIM IS PROPERLY PLED. .......................................6

  D. POLO'S SECOND COUNTERCLAIM IS FOR "CONSPIRACY TO COMMIT FRAUD," NOT "FRAUD," THEREBY RENDERING PLAINTIFF'S ARGUMENTS ABOUT THE ELEMENTS OF A FRAUD CLAIM MOOT. .........................8

    1. PLAINTIFF CONCEDES POLO HAS PLED ITS CIVIL CONSPIRACY COUNTERCLAIM SUFFICIENTLY. ......................8

    2. EVEN IF IT WERE REQUIRED TO PLEAD A FRAUD CLAIM, PLAINTIFF IS ADEQUATELY ON NOTICE AS TO THE SPECIFICS OF HIS ALLEGED FRAUDULENT CONDUCT. ............................................................9

  E. LEAVE TO AMEND SHOULD BE FREELY ALLOWED. ........................11

IV. CONCLUSION ..................................................................................................11

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Allen v. City of Beverly Hills*
　　911 F.2d 367, 373 (9th Cir. 1990) .................................................................................... 11

*Baker v. Gold Seal Liquors, Inc.*
　　94 S.Ct. 2504, n. 1 (1974) .................................................................................................. 6

*Bell Atlantic Corp. v Twombly*
　　Case No. 05-1126 (May 21, 2007) ................................................................................. 4, 5

*Cahill v. Liberty Mut. Ins. Co.*
　　80 F.3d 336, 337(9th Cir. 1996). ........................................................................................ 4

*Conley v. Gibson*
　　355 U.S. 41 (1957) .............................................................................................................. 4

*De La Cruz v. Tormey*
　　582 F.2d 45 (9th Cir. 1978) ................................................................................................. 4

*Eckard Brandes, Inc. v. Riley*
　　338 F.3d 1082 (9th Cir. 2003) ............................................................................................ 7

*Gilligan v. Jamco Develop. Corp.*
　　108 F.3d 246 (9th Cir. 1997) ............................................................................................... 4

*James v. Childtime Childcare, Inc.*
　　2007 U.S. Dist. LEXIS 43753, 43755 (D. Levi) (E.D. 2007) ......................................... 7, 8

*Michaels Building Co. v. Ameritrust Co.*
　　848 F.2d 674 (6th Cir. 1988) ............................................................................................ 10

*Moore v. Kayport Package Express, Inc.*
　　885 F.2d 531 (9th Cir. 1989) ............................................................................................ 10

*Pareto v. FDIC*
　　139 F.3d 696 (9th Cir. 1998) .............................................................................................. 4

*Pochiro v. Prudential Ins. Co. of America*
　　827 F.2d 1246 (9th Cir. 1987) ............................................................................................ 6

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*
　　806 F.2d 1393 (9th Cir. 1986) .......................................................................................... 11

*Semegen v. Weidner*
　　780 F.2d 727 (9th Cir. 1985) ............................................................................................ 10

*Shapiro v. UJB Finl. Corp,*
　　964 F.2d 272 (3rd Cir. 1992) ............................................................................................ 10

*Thorman v. Am. Seafoods Co.*
　　421 F.3d 1090 (2005) ......................................................................................................... 7

*Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc.*
　　292 F.3d 389 (3rd Cir. 2002) .............................................................................................. 6

*United States v. Redwood City*
　　640 F.2d 963 (9th Cir. 1981) .............................................................................................. 4

*United States v. White*
   893 F.Supp. 1423 (C.D. Cal. 1995) .................................................................................... 4

*Valley Disposal Inc. v Central Vermont Solid Waste Mgt. Dist.*
   113 F.3d 357 (2nd Cir. 1997) ............................................................................................... 6

*Wasco Products, Inc. v. Southwall Technologies, Inc.*
   435 F.3d 989 (9th Cir. 2006) ................................................................................................ 9

**State Cases**

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*
   7 Cal.4th 503 (1994) .......................................................................................................... 10

*Cellular Plus, Inc. v. Superior Court*
   14 Cal.App.4th 1224 (1993) ................................................................................................. 9

*GAB Business Services v. Lindsay and Newsom Claim Services, Inc.*
   83 Cal.App.4th 409 (2000) ................................................................................................... 7

*Hearst v Ganzi*
   145 Cal.App.4th 1195 (2006) ............................................................................................... 7

*Monastra v Konica Business Machines*
   43 Cal.App.4th 1628 (1996) ............................................................................................... 10

*Richelle L. v Roman Catholic Archbishop*
   106 Cal.App.4th 257 (2003) ................................................................................................. 7

*Stokes v. Dole Nut Co.*
   41 Cal.App.4th 285 (1985) ................................................................................................... 7

*Weinbaum v. Goldfarb Whitman & Cohen*
   46 Cal.App.4th 1310 (1996) ............................................................................................... 10

**Federal Statutes**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. 4
Federal Rule of Civil Procedure 13 ...................................................................................... 5, 6
Federal Rule of Civil Procedure 13(a) ..................................................................................... 5
Federal Rule of Civil Procedure 8(a)(2) ................................................................................... 5
Federal Rule of Civil Procedure 9(b) ....................................................................................... 9
Federal Rule of Civil Procedure. 15(a) ............................................................................... 4, 11

**Other Authorities**

Witkin, Torts § 46 .................................................................................................................... 10
Wright & Kane, Federal Practice and Procedure, § 84, pp. 763-764 ....................................... 6

**I.    INTRODUCTION**

Defendant and Counterclaimant Fashions Outlet of America, Inc. ("Polo") hereby opposes Plaintiff and Cross-Defendant Justin Kiser's ("Kiser") Motion to Dismiss the Counterclaims of Fashions Outlet of America, Inc., ('the Motion") as follows.

Plaintiff's argument for dismissal with prejudice of Polo's counterclaims is two pronged: (1) that Polo cannot possibly maintain a breach of fiduciary claim against Kiser because he was not in a "special relationship" with Polo; and (2) that Polo cannot adequately plead conspiracy to commit fraud and the purported requisite elements for fraud. Both arguments are misguided.

First, Kiser had a clear (fiduciary) duty of loyalty to Polo as an employee of the company. Polo's first claim suffices as pled. Second, Plaintiff's contention that Polo has not pled fraud with specificity is a "red herring." Polo is *not* bringing a counterclaim for "fraud" (in the sense of misrepresentation, concealment or deceit). Rather, Polo's second claim is solely for "*civil conspiracy to commit* fraud," which is itself a discrete claim (and which Plaintiff all but concedes has been sufficiently pled).

Even if Plaintiff could show any additional pleading requirements for the two counterclaims, Polo has already set forth ample allegations to put Plaintiff on notice of the substance of both the counterclaim for breach of duty and the counterclaim for civil conspiracy. Nothing more need be added to the Counterclaim at this point. Even the underlying fraudulent activity which forms the factual basis for both claims is clearly set forth in the Counterclaim (Counterclaim ¶¶ 6-10). There is no need for an amendment to the original Counterclaim but, even in the unlikely event the Court were so convinced, Polo is still entitled to attempt to amend its Counterclaim to set forth any further necessary allegations.

Accordingly, the instant Motion should be denied in its entirety or, at minimum, leave to amend granted.

## II. STATEMENT OF FACTS

### A. PROCEDURAL HISTORY

Plaintiffs filed this class action lawsuit on May 30, 2006. On July 20, 2006, Plaintiffs filed their First Amended Complaint to add claims under the California Private Attorneys General Act, Labor Code §§ 2699, et seq., seeking recovery on civil penalties on behalf of themselves, the putative class and the State of California. Plaintiffs' First Amended Complaint alleged various labor law violations against Polo's California retail stores, including fraud, false imprisonment, and breach of contract, and statutory wage and hour violations such as failure to pay wages earned, failure to pay wages timely, failure to pay premium overtime, failure to allow employees to inspect and discuss paychecks, failure to properly document wages, and failure to provide workers with rest breaks, as well as unjust enrichment, violations of Business and Professions Code §§ 17200, et seq., and violation of the California Private Attorneys General Act.

Plaintiffs filed and served their First Amended Complaint on Polo on or about July 20, 2006. (Since the most recent Status Conference before this Court September 21, 2007 the parties have stipulated to the filing of Plaintiffs' Second Amended Complaint which adds a new Plaintiff, makes additional allegations concerning Polo's California outlet stores, and eliminates rest and meal break claims for certain named plaintiffs. However, the Second Amended Complaint has not been filed as of the date of the filing of this opposition).

Following a grant of extension of time for Polo to respond by the San Francisco Superior Court and following approval of its Application for Complex Litigation Designation, Defendants filed a demurrer to Plaintiffs' First Amended Complaint on October 12, 2006 to Plaintiffs' First Cause of Action for Fraud, Second Cause of Action for False Imprisonment, Seventh Cause of Action for Willful Failure to Provide Rest Periods (as to claims by Plaintiffs Otsuka, Phipps and Keefe), Eighth Cause of Action of Willful Violations of Labor Code §§ 226 (as to claims of Plaintiffs Otsuka, Phipps and Keefe), Eleventh Cause of Action for Unjust Enrichment, and the Thirteenth Cause of Action for Recovery Under the (California) Private Attorneys General Act (as to claims of Plaintiffs Otsuka, Phipps and Keefe).

The state court sustained in part (without leave) and overruled in part Polo's demurrer on January 22, 2007, and notice of entry of order was served on Polo on February 13, 2007. Polo then filed and served its Answer to the First Amended Complaint on February 28, 2007 and, at the same time, Fashions Outlet of America, Inc. filed and served its Cross-Complaint ("Counterclaim") against Kiser. The Counterclaim seeks relief for breach of fiduciary duty and for civil conspiracy to commit fraud. Plaintiff's responsive filing date was extended to April 24, 2007. Kiser filed a demurrer in San Francisco Superior Court on April 24, 2007 and, subsequently, re-filed it on May 14, 2007 in the appropriate Complex Litigation Department to be heard June 19, 2007.

Before Kiser's demurrer was briefed and heard, Polo filed a Notice of Removal to United States District Court on May 29, 2007. Plaintiff then re-filed his challenge to the Counterclaim, in the form of the instant Motion.

### B.    FACTUAL HISTORY

Each of the four named plaintiffs (Ann Otsuka ("Otsuka"), Janis Keefe ("Keefe"), Corinne Phipps ("Phipps") and Kiser) were former short term sales associates in Ralph Lauren full price retail stores in California. Otsuka was a Sales Associate in the Home Collection Department of the Palo Alto store from May 19, 2004 to October 29, 2004; Keefe a Sales Associate in the Men's Department of the San Francisco store from May 12, 2004 to December 24, 2004; Phipps a Sales Associate in the Home Collection Department in the San Francisco store from June 23, 2004 to December 20, 2004; and Kiser was a Sales Associate in the Men's Department of the San Francisco store from July 11, 2004 to August 8, 2005.

While employed by Polo, Kiser plotted and acted with other employee(s) to use unlawfully obtained merchandise Polo store credits to fraudulently obtain Polo merchandise. Kiser and others carried out their plans by falsifying customer information in the Polo retail Point of Sale (POS) system. Additionally, Polo alleges in its Counterclaim that Kiser also improperly used his employee store discount to purchase merchandise using stolen merchandise credit at certain Polo Factory Outlet stores.

### III. ARGUMENT

#### A. STANDARD OF LAW

Motions to dismiss for failure to state a claim are viewed with disfavor and rarely granted. *See Gilligan v. Jamco Develop. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Dismissal under Rule 12(b)(6) is proper only in "extraordinary" cases. *See United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981); *United States v. White*, 893 F.Supp. 1423, 1428 (C.D. Cal. 1995).

It is well-established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). (Even under the potentially slightly heightened pleading standards of "notice plus" recently enunciated by the United States Supreme Court in *Bell Atlantic Corp. v Twombly*, Case No. 05-1126 (May 21, 2007) (*which Plaintiffs have not raised in their moving papers),* Polo has still pled its claims with sufficient adequacy.)

In resolving a Rule 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them, and construe the complaint in the light most favorable to the plaintiff. *Cahill*, 80 F.3d at 337-38; *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The court "must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' counterclaims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978). Pursuant to Rule 12(b)(6), the Court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a counterclaim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-338 (9th Cir. 1996). Further, even when a motion to dismiss is granted, leave to amend the complaint is to be "freely given" to address any deficiencies. Fed. R. Civ. P. 15(a).

Even under *Twombly* (at p. 4), Polo has certainly "nudged [its] claims across the line from conceivable to plausible." Fed. R. Civ. P. 8(a)(2) requires simply "a short and plain statement of the claim showing that the pleader is entitled to relief."

### B. POLO'S COUNTERCLAIMS AGAINST KISER BELONG IN THIS ACTION

Preliminarily, Plaintiff raises an issue that Polo's "claims are, at most, small claims court matters that should not be adjudicated in this complex class action." (Motion 3:15-16). Nowhere in his Motion, though, does Plaintiff explain his argument or offer any authority for the proposition. Indeed, Polo's claims should be viewed as *compulsory* counterclaims under Fed. R. Civ. P. 13.

Plaintiff speculates that Polo's counterclaims "are not designed to adjudicate … 'employee discount abuse' …, but to challenge standing…." (Motion 3:13-15). First, there is no legal or factual basis for that contention. Plaintiff cannot realistically speculate as to Polo's "designs" nor is that even relevant to adjudicating this Motion. Second, whether Kiser is subject to counterclaims or not, Polo's factual allegations of misconduct against him as an employee will inevitably be raised during the course of this action. Regardless, therefore, of the outcome of this Motion, Kiser cannot expect to avoid his own employee misconduct from becoming an issue in a lawsuit that he has initiated against his former employer.

Fed. R. Civ. P. 13(a) requires that "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Polo's counterclaims are compulsory given that they arise out of the same set of occurrences (employment conduct "logically related" to each other);[1] are "matured" and "owned" by Polo as of the time the pleading was served; do not require parties over whom the Court cannot obtain jurisdiction; and are not the subject of any other pending litigation. (*See*

---

[1] *See Moore v New York Cotton Exchange*, 46 S.Ct. 367, 371 [270 U.S. 593, 610 (1926)] (wherein the Supreme Court held that a defendant's counterclaim for stealing stock exchange quotations was compulsory to plaintiffs' broader antitrust claim).

Wright & Kane, Federal Practice and Procedure, § 84, pp. 763-764). Rule 13 is designed to avoid multiplicity of actions. (*See Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249) (9th Cir. 1987).

The issues of fact and law and the evidence in this action overlap (between the claim and counterclaim) and are, at minimum, "offshoots of the same basic controversy." *Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc*., 292 F.3d 389-390 (3rd Cir. 2002). Viewed too as a "setoff," the counterclaim for relief would have to be made now, and would as such further be considered compulsory. (*See Valley Disposal Inc. v Central Vermont Solid Waste Mgt. Dist,.* 113 F.3d 357, 364) (2nd Cir. 1997). There is thus no disputing the Court's jurisdiction over these compulsory counterclaims. (*See Baker v. Gold Seal Liquors, Inc*., 94 S.Ct. 2504, 2506, n. 1 (1974) [417 U.S. 467, 469 n. 1]).

### C. KISER'S CHALLENGE TO POLO'S FIRST COUNTERCLAIM FAILS TO RECOGNIZE THAT A BREACH OF LOYALTY IS A BREACH OF FIDUCIARY DUTY.

#### 1. The Breach of Fiduciary Duty Counterclaim is Properly Pled.

Kiser's challenge to the "First Cause of Action for Breach of Fiduciary Duty" mistakenly focuses solely on the issue of whether Kiser was in a "special relationship" to Polo, sufficient to constitute a fiduciary relationship in an employment setting.

Polo specifically alleges that Kiser had a duty of loyalty, that he manipulated records under a fictitious name, that he utilized his own discount for non-employees, that he knew others' purchases were also made under fictitious names and in bad faith, and that he secretly acted to conceal from Polo his improper fictitious sales transactions. (Counterclaim, ¶¶ 15, 16, 17). In a recent Eastern District case directly on point, a similar plaintiff employee's motion to dismiss his employer's "fiduciary duty" loyalty-based counterclaim was denied. *See James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, 43755 (D. Levi) (E.D. 2007) (**"**The Ninth Circuit has described the duty of loyalty as a "fiduciary-like" duty. Liberally construing the cross-claim's language, the Court DENIES the motion to dismiss as to the fiduciary duty claim.") (quoting *Thorman v. Am. Seafoods Co*., 421 F.3d 1090 (2005) (internal citations omitted)).

A claim for breach of duty of loyalty is thus for all intents and purposes the same as a claim for breach of fiduciary duty. Indeed, "[I]n certain circumstances, fiduciary-like duties run in the opposite direction with, for instance, the employee owing a duty of loyalty to the employer. *See, e.g.*, *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1085 (9th Cir. 2003) ("It is clear under Hawaii law that employees owe their employer a duty of loyalty")." (*See Thorman, at 1098).*

Plaintiff cites a series of distinguishable California state cases in support of his argument that Polo cannot maintain a viable breach of fiduciary duty claim against Kiser. Each of those state cases concern the "special relationship" in a traditional fiduciary relationship (such as attorney-client (*Hearst v Ganzi*, 145 Cal.App.4th 1195, 1208) (2006), priest-penitent (*Richelle L. v Roman Catholic Archbishop,* 106 Cal.App.4th 257, 271 (2003)) and managing officer-corporation (*GAB Business Services v. Lindsay and Newsom Claim Services, Inc..* 83 Cal.App.4th 409 (2000) [99 Cal.Rptr.2d 665])). None of Plaintiff's state cases address the duty of *loyalty*, nor in any way preclude Polo from pursuing its loyalty claim arising from Kiser's thievery.

Further, it is well-established state law that an employee in California has a duty of loyalty to his employer, one which constitutes a fiduciary duty. "The duty of loyalty is breached, and may give rise to a cause of action in the employer, when the employee takes action which is inimical to the best interests of the employer." *Stokes v. Dole Nut Co.,* 41 Cal.App.4th 285, 295 (1985) [48 Cal.Rptr.2d 673, 681].

Polo need neither allege nor show that it and Kiser were in some heightened "special relationship" of trust and power. An employee owes his employer an undivided loyalty. This duty of loyalty is breached when an employee takes actions against the employer's best interests. *Id*. Too, under California Labor Code section 2860, Kiser also had a statutory duty to Polo to place its interests ahead of his own.

Polo seeks damages for Kiser's wrongful conduct against it (as his employer), and the facts setting forth its claims are clearly alleged. Under *James, infra*, there is no need to force

the merely stylistic re-naming of the first counterclaim. The allegations, facts, issues, and damages remain substantially identical no matter how that claim is technically captioned.

Even if there were any technical deficiency in the styling of the first claim, it would serve little purpose to require Polo to retitle the caption of the first claim to read "breach of duty of loyalty" rather than "breach of fiduciary duty." Kiser is more than sufficiently on notice (plus) as to the basis for Polo's first claim.

Judicial efficiency alone requires denying the Motion to Dismiss the first counterclaim.

### D.  POLO'S SECOND COUNTERCLAIM IS FOR "CONSPIRACY TO COMMIT FRAUD," NOT "FRAUD," THEREBY RENDERING PLAINTIFF'S ARGUMENTS ABOUT THE ELEMENTS OF A FRAUD CLAIM MOOT.

#### 1. Plaintiff Concedes Polo has Pled its Civil Conspiracy Counterclaim Sufficiently.

Kiser's challenge to the sufficiency of the second counterclaim for civil conspiracy to commit fraud is misguided. (Motion, pp. 6-8). Polo alleges that Kiser and others "formulated a common plan ... to commit fraud" (Counterclaim ¶21); "the plan was intended … to financially defraud Polo by providing access to the Polo employee discount by non-employees for the non-Polo employee's financial benefit by securing merchandise at a reduced price" (Counterclaim ¶ 22); that the plan was intended to and did defraud Polo by falsifying Polo documents and manipulating records in the Polo point of sale system (Counterclaim ¶ 23); and that Kiser knew purchases made by his co-conspirator(s) were improper and done in secret, using fictitious names (Counterclaim ¶ 24). Polo alleges the damage done included the value of phony merchandising credits and concomitant (fraudulent) commission payments to Kiser (Counterclaim ¶ 25). Polo has alleged the requisite plan (the conspiracy) and the overt acts done to carry out the conspiracy.

In fact, Polo has pled precisely all that which Plaintiff himself concedes is required for a conspiracy counterclaim -- "an agreement to commit fraud and … over acts…." (Motion, p. 6 citing *Wasco Products, Inc. v. Southwall Technologies, Inc.,* 435 F.3d 989, 991-992 (9th Cir. 2006)). *Wasco* concerned a plaintiff trying to assert at the summary judgment stage (for the first time) a claim for civil conspiracy to misrepresent (the quality of certain goods) in order to

toll the statutes of limitations. The 9th Circuit upheld the District Court's denial of Wasco's attempt to toll the statute of limitations by raising a conspiracy claim at the summary judgment stage, and explained "that under federal law a plaintiff must plead, at a minimum, the basic elements of a civil conspiracy if the object of the conspiracy is fraudulent." (*Id.,* at 991-992).

California state law is no different in terms of the requirements for pleading civil conspiracy, as pointed out by the 9th Circuit in *Wasco* at 992. ("Under California law, 'to state a cause of action for conspiracy, *the complaint* must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts.'" (citing *Cellular Plus, Inc. v. Superior Court*, 14 Cal.App.4th 1224 (1993) [18 Cal.Rptr. 308, 314])).

Ultimately, *Wasco* stands for the proposition that in order to maintain an action for civil conspiracy (to defraud) the claim must be pled in the complaint. The Court did note Rule 9(b)'s requirements for pleading fraud with particularity, but only in the context of trying to determine if the conspiracy to commit fraud claim needed to be pled (which it decided it did). (*Wasco*, at 990-991).

Plaintiff thus has *Wasco* backwards. It does not stand for the proposition that fraud must be pled with particularity for a conspiracy to commit fraud claim but, rather, that conspiracy must be pled in order to maintain an action for conspiracy to commit fraud. Polo has met its pleading burden by alleging both the conspiratorial agreement and the actions done in furtherance of it.

Nothing more need be added to Polo's second counterclaim to maintain a viable claim for civil conspiracy.

        **2.**    **Even If It Were Required to Plead a Fraud Claim, Plaintiff Is Adequately On Notice As To The Specifics Of His Alleged Fraudulent Conduct.**

Lastly, Plaintiff argues that Polo has failed to properly allege fraud, and delineates this challenge based on a perceived lack of allegations of misrepresentation, falsity and intent. (Motion, 7:6-8:18). Again, Polo has not included a separate counterclaim for Fraud. Plaintiff's argument is, as such, a "red herring."

1       Even if for some reason fraud were required to be pled to maintain either of the two claims, Polo's Counterclaim adequately alleges the numerous misrepresentations and/or acts of concealment by Kiser (Counterclaim ¶¶ 7, 8, 10, 17, 23, 24). The particularity requirement of Fed. R. Civ. P. 9(b) must be read in harmony with the requirement of Rule 8 for a "short and plain" statement of the claim. *Michaels Building Co. v. Ameritrust Co.,* 848 F.2d 674, 679 (6th Cir. 1988), *Shapiro v. UJB Finl. Corp,.* 964 F.2d 272, 285 (3rd Cir. 1992). Thus, the particularity requirement is satisfied if the pleading "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir. 1989).[2]

      Plaintiff Kiser is fully aware of the fraudulent activity which Polo suffered. He has more than adequate information so that he can "defend against the charge." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

      Polo need not allege all the elements of fraud -- only that there was a wrongful act with damage to Polo (by virtue of the conspiracy). *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 511 (1994) [28 Cal.Rptr.2d 475]. Further, there is no requirement that Polo allege all the elements of the underlying tort (in this case, for fraud), but merely that Polo allege there was an underlying harm (in this case, fraudulent conduct). *Weinbaum v. Goldfarb Whitman & Cohen,* 46 Cal.App.4th 1310, 1316 (1996) [54 Cal.Rptr.2d 462, 465]. Polo has alleged conspiracy, the underlying wrongful actions, and damage. The counterclaim is sufficient on that basis alone. Witkin, Torts § 46. The claim for conspiracy to commit fraud is viable as pled. *Monastra v Konica Business Machines,* 43 Cal.App.4th 1628, 1646 (1996) [51 Cal.Rptr.2d 528, 539].

---

[2] Kiser incorrectly asserts that California state case law "fundamentally" requires "a claimant plead a …misrepresentation" theory for a fraud claim (Motion 7:6-8). Even if Polo were seeking recovery for fraud, Polo could maintain such an action on grounds of concealment, misrepresentation, constructive fraud and/or deceit. (*See* e.g. Cal. Civil. Code section 1710). Whether Polo has alleged misrepresentation with particularity is not a basis for granting this Motion.

10     Case No. C07-02780 SI
OPPOSITION TO KISER'S MOTION TO DISMISS COUNTERCLAIMS

### E.    LEAVE TO AMEND SHOULD BE FREELY ALLOWED.

Kiser's request to have his motion to dismiss granted with prejudice (Motion 2:6, 6:3) is presumptuous. If the Court were to grant Plaintiff's Motion, Polo should be given leave to amend. *See Fed. R. Civ. P.* 15(a) (leave to amend shall be freely given); *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). Leave to amend should be denied only if the Court determines that allegations of other facts could not possibly cure the defect. *See Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Polo can, as necessary, amend its Counterclaim to add whatever greater particularity the Court may require.

## IV.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court deny the Motion in its entirety. In the alternative, Polo requests it be granted leave to amend.

Dated: October 19, 2007.        GREENBERG TAURIG, LLP

By:   /s/ William J. Goines
      William J. Goines
      Jeremy A. Meier
      Alisha M. Louie

Attorney for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.