Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  (415) 677-9058
Facsimile:  (415) 627-9076

Attorneys for Janis Keefe, Corinne Phipps, Justin Kiser
and Renee Davis

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation<br><br>    **Defendants.** | Case No.:  C-07-02780-SI<br><br>PLAINTIFF AND CROSS-DEFENDANT JUSTIN KISER'S MEMORANDUM IN REPLY TO COUNTERCLAIMANT'S OPPOSITION TO MOTION TO DISMISS THE COUNTERCLAIMS OF FASHIONS OUTLET OF AMERICA, INC.<br><br>FEDERAL RULE OF CIVIL PROCEDURE 9(b) AND 12(b)(6)<br><br><br>JUDGE:  Hon. Susan Illston<br>LOCATION:  Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>DATE:  November 9, 2007<br>TIME:  9:00 a.m. |

# I.

## Counterclaimant Mischaracterizes The Law Governing Fiduciary Duties Between Employees And Employers In California

Counterclaimant attempts to salvage its fatally defective "breach of fiduciary duty" counterclaim against Justin Kiser by re-characterizing it now as a claim for *breach of loyalty*, a duty Counterclaimant argues is applicable to all employees in California, including hourly sales clerks like Mr. Kiser.

Not only is the claim defective as a matter of law, Counterclaimant grossly mischaracterizes or misunderstands the nature of a fiduciary relationship in the employment context.  To begin with, a fiduciary relationship is either established by law under special circumstances, or created by contract.  <u>Gabb Business Services v. Lindsay and Newsom Claim Services, Inc.</u> 83 Cal.App.4th 409 (2000).  Here, Counterclaimant does not allege such a relationship was created by contract.  Instead, Counterclaimant argues California law imposes a *fiduciary-like* duty upon every single employee in California, from a sales clerk like Mr. Kiser to a company's chief financial officer, and, further, that a breach of that *fiduciary-like* duty supports a distinct cause of action.  That is not now and has never been the law of this State.

Nevertheless, Counterclaimant professes to find support for this aggrandizement of California law in several reported decisions it contends are controlling, persuasive or even "directly on point."  (Opposition, 6:22-28, for example.)  Counterclaimant's interpretation or characterization of those cases, however, is misleading.

In <u>James v. Childtime Childcare, Inc.</u> U.S. Dist. LEXIS 43753 (D.Levi) (E.D. 2007), the **director of a childcare center** sued her employer for wrongful termination.  Her employer counterclaimed, alleging, *inter alia,* a cause of action for breach of fiduciary duty.  The director argued that as an employee she did not owe a fiduciary duty to her employer.  Childtime countered, "**James was the director of the center, not a mere employee**, and therefore subject to fiduciary duties."  (Emphasis added.)  Based on the special relationship James had with the

1   employer, as the company's director, the Court denied James' motion to dismiss the breach of

2   fiduciary duty claim, on the ground, "at least one California court has found fiduciary

3   obligations from a **'managerial' employee** to an employer." (Emphasis added.) In that

4   California decision, <u>Diodes, Inc. v. Franzen</u>, 260 Cal.App.2d 244, 249 (1968), the Court found a

5   fiduciary duty running from **"directors, officers and managing employees"** to their corporate

6   employer. *Id*. at 249, emphasis added.

7          Counterclaimant also represents that <u>Stokes v. Dole Nut Company</u> (1995) 41 Cal.App.4[th]

8   285 imposes a fiduciary duty on all employees in California. Like every other case where a

9   fiduciary duty has been imposed upon an employee under California law, however, the

10  employees in <u>Stokes</u> were **company managers who held positions of authority.** Finding the

11  managers were in a special relationship with their employer lead the Court to find the existence

12  of a fiduciary duty. (See, also, <u>Fowler v. Varian Associates, Inc</u> (1987) 196 Cal.App.3d 34,

13  where the Court found a fiduciary duty running from the **marketing director** to the

14  corporation.)

15         Counterclaimant also asserts that <u>Thorman v. American Seafoods, Co.</u>, 421 F.3d 1090

16  (9th Cir. 2005) establishes that a sales clerk like Mr. Kiser owes a fiduciary duty to his

17  employer. Counterclaimant's reference to this decision is peculiar. <u>Thorman</u> addressed

18  whether vessel owners (employers) owe their crew members (employees) a fiduciary duty to

19  "explain their precise compensation methodology." The case is inapplicable to the claims at

20  issue here.

21         Finally, because Counterclaimant cannot find any decision under California law to

22  support its breach of fiduciary duty claim against a mere sales associate, it turns to <u>Eckard</u>

23  <u>Brandes, Inc. v. Riley</u>, a Ninth Circuit case decided under the law of **Hawaii**, for the proposition

24  that all employees owe their employer a fiduciary duty. 338 F.3d 1082 (9th Cir. 2003). While

25  Hawaii *may* impose such a duty, California does not. (The Ninth Circuit could not find direct

26  Hawaiian authority permitting an employer to bring a cause of action for breach of fiduciary

1  duty against its employee, but, based on a 1946 appellate case, concluded the Hawaii Supreme

2  Court would permit such a claim if it were ever called upon to decide the issue.)

3       What all of these cases have in common is obvious.  They all involved claims against

4  **management-level employees** who, because of their special positions of authority, were found

5  to be subject to special duties to their employers.  Even then, the appellate courts struggled to

6  identify the nature and scope of those duties in the context of claims for damages arising out of

7  the alleged breaches.

8       Counterclaimant has not cited any appellate authority that remotely suggests all

9  employees in California are subject to a fiduciary duty, or even a "duty of loyalty," that can

10  independently support a cause of action against them by their employers.  If that were the law,

11  the legal ramifications would be immense because the finding of a fiduciary relationship

12  running from an employee to an employer establishes broad, special duties.  For example, a

13  Starbucks' barista who planned to open an independent coffee shop would be required to

14  disclose her plans to Starbucks or face the real threat of a lawsuit for breaching a duty to her

15  employer.  <u>Stokes v. Dole Nut Company</u> (1995) 41 Cal.App.4th 285.  As far as Mr. Kiser can

16  determine, no California court, or Federal court applying California law, has ever found the

17  existence of a *fiduciary-like* duty between a low-level, non-managerial employee and his

18  employer.

19       Finally, Counterclaimant argues California Labor Code § 2860 *somehow* independently

20  establishes a fiduciary duty running from all employees in California to their employers.  Labor

21  Code § 2860 does nothing of the sort.  It reads:

22       Everything which an employee acquires by virtue of his employment, except

23       the compensation which is due to him from his employer, belongs to the

24       employer, whether acquired lawfully or unlawfully, or during or after the

25       expiration of the term of his employment.

26

1   Thus, Counterclaimant has not and cannot assert a viable claim for breach of fiduciary

2   duty, or "breach of loyalty," as they now characterize the claim, against Mr. Kiser.  It should be

3   dismissed with prejudice.

**II.**

**Counterclaimant Also Mischaracterizes The Law Governing The Pleading**

**Requirements For A "Conspiracy To Commit Fraud" Claim.**

7   Counterclaimant's statement that Mr. Kiser concedes the adequacy of its "conspiracy to

8   commit fraud" is wishful thinking.  In fact, Mr. Kiser's instant challenge to the claim is based

9   on Counterclaimant's failure to adequately plead the nature of the conduct it alleges constituted

10  the wrongful acts, as is required under Federal Rule of Civil Procedure 9(b).

11  To adequately plead a cause of action for conspiracy, the pleading party must adequately

12  plead the conduct it alleges is wrongful.  Where fraud is alleged to constitute the civil wrong

13  resulting from the alleged conspiracy, Rule 9(b) requires the "circumstances constituting fraud

14  or mistake [to] be stated with particularity."  Counterclaimant has failed to do so.

15  Counterclaimant again misconstrues Federal and California law on this issue.  For

16  example, Counterclaimant reads Wasco Products, Inc. v. Southwall Technologies, Inc. 435 F.3d

17  989, for the proposition that a conspiracy to commit fraud claim is sufficient if the

18  counterclaimant pleads the conspiratorial acts and generally avers to fraud.  (Opposition at 9:1-

19  4.)  This is not what Wasco Products holds.  It expressly held that to withstand a challenge to

20  the claim, a allegations must meet the heightened pleading requirements of Rule 9(b), as Mr.

21  Kiser correctly explains in his moving papers.

22  We begin our analysis by observing that the object of the alleged conspiracy is

23  fraudulent: to misrepresent the properties of the Heat Mirror IGUs. Rule 9(b)

24  of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with

25  particularity.

26  435 F.3d 989 (9th Cir. 2006).  This is a very clear statement of the law.

1    Thus, the test is not whether Counterclaimant has adequately pled conspiracy or fraud; it

2  is whether Counterclaimant has adequately pled conspiracy and fraud pursuant to Rule 9(b).  In

3  this case, Counterclaimant has not done so.

4    Counterclaimant also misreads Weinbaum v. Goldfarb, Whitman & Cohen (1996) 46

5  Cal.App.4th 1310, to stand for the proposition that a claim for conspiracy to commit fraud would

6  be sufficient if the pleader described the conduct it considers conspiratorial and generally

7  averred the civil wrong to be fraud.  Thus, Counterclaimant contends, "there is no requirement

8  that Polo allege all the elements of the underlying tort (in this case, for fraud)…"  Opposition at

9  10:15-16.  In fact, in Weinbaum, the Court explained the key to a conspiracy cause of action is

10 the underlying tort, not merely the alleged conspiracy.  Thus, it must be pled with sufficiency.

11    With the tort placed in context, we turn to the concept of conspiracy. In

12    Applied Equipment Corp. v. Litton Saudi Arabia Ltd. (1994) 7 Cal. 4th 503

13    [28 Cal. Rptr. 2d 475, 869 P.2d 454], the Supreme Court explained that,

14    "[s]tanding alone, a conspiracy does no harm and engenders no tort liability. It

15    must be activated by the commission of an actual tort." ( Id. at p. 511.) This is

16    so because a "'bare agreement among two or more persons to harm a third

17    person cannot injure the latter unless and until acts are actually performed

18    pursuant to the agreement. Therefore, **it is the acts done and not the**

19    **conspiracy to do them which should be regarded as the essence of the civil**

20    **action.**'"

21 (Emphasis added.)

22    In summary, Counterclaimant specifically concedes it did not meet the pleading

23 requirements of Rule 9(b) because it believes pleading fraud with specificity is not required if

24 the claim is coupled with a conspiracy-based claim.  "Polo need not allege all the elements of

25 fraud—only that there was a wrongful act with damage to Polo (by virtue of the conspiracy)."

26

1  (Opposition at 10:13-14.)   Consequently, Mr. Kiser respectfully requests the Court grant his

2  motion to dismiss Counterclaimant's conspiracy to commit fraud cause of action.

3  **III.**

4  **Conclusion**

5  Justin Kiser respectfully requests the Court dismiss with prejudice Counterclaimant's

6  cause of action for breach of fiduciary duty against him.  As an hourly sales clerk in a clothing

7  store, Mr. Kiser did not owe his employer a fiduciary duty.  No amount of artful pleading or

8  unsupported argument could establish such a claim against Mr. Kiser.

9  If the Court believes Counterclaimant might be capable of correcting its conspiracy to

10  commit fraud cause of action, by following Rule 9(b)'s pleading requirements, then Mr. Kiser's

11  motion to dismiss should be granted with leave to amend.  Otherwise, the claim should be

12  dismissed with prejudice.

13

14  Dated:  October 24, 2007          THE LAW OFFICE OF PATRICK KITCHIN

15

16  _____/S/_____

17  By:     Patrick R. Kitchin
Attorney for Plaintiff and Cross-Defendant KISER

18

19

20

21

22

23

24

25

26

**Otsuka, et al. v. Polo, et al.**
Case No.:  C-07-02780-SI
**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**