IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, *et al.*, | No. C 07-02780 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART CROSS-DEFENDANT'S MOTION TO DISMISS CROSS-COMPLAINT** |
| v. | |
| POLO RALPH LAUREN CORPORATION, *et al.*, | |
| Defendants. | |

On November 9, 2007, the Court heard oral argument on Justin Kiser's motion to dismiss the cross-complaint filed by Fashions Outlet of America. Having considered the arguments of counsel and the papers submitted, the Court hereby DENIES Kiser's motion as to the first cause of action and GRANTS Kiser's motion as to the second cause of action.

## BACKGROUND[1]

Justin Kiser is a named plaintiff in a putative class action against Polo Ralph Lauren Corporation ("Polo"), Fashions Outlet of America ("Fashions Outlet"), and others. That suit alleges, *inter alia*, various wage and hour violations, fraud, and false imprisonment. After the class action was filed in state court, and prior to removal to federal court, Fashions Outlet filed a cross-complaint against Kiser, a former sales clerk at a Polo store, for breach of fiduciary duty and civil conspiracy to commit fraud. The cross-complaint alleges that Kiser, while employed at a Polo store in San Francisco, on more than one occasion entered fictitious customer names when selling products to a former Polo employee named

---

[1] The following background facts are taken from the allegations of Fashions Outlet's cross-complaint, which for purposes of this motion, must be taken as true.

"Germania," who was improperly using merchandise credits for her purchases. It was against Polo policy to use fictitious customer names to send store merchandise. Kiser also used his employee discount to purchase products for Germania at a Polo outlet store in Vacaville, California, even though it was against Polo policy for an employee to use his employee discount for a non-employee. Currently before the Court is Kiser's motion to dismiss both causes of action for failure to state a claim upon which relief can be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

**1.     First cause of action for breach of fiduciary duty**

Fashions Outlet's first cause of action against Kiser alleges that Kiser breached his duty of loyalty and fiduciary duty to Polo by using fictitious customer names and permitting non-employees to

benefit from his employee discount. Kiser moves to dismiss this cause of action, contending that a lower-level employee owes no fiduciary duty to his employer. In response, Fashions Outlet argues that although a traditional fiduciary relationship does not exist between an employee and employer, there is a duty of loyalty akin to a fiduciary duty that all employees owe to their employers.

The Court agrees with Kiser that the cases cited by Fashions Outlet address the duty of loyalty with respect to higher-ranking employees than Kiser, who worked as a sales clerk in a retail store. *See*, *e.g.*, *James v. Childtime Childcare, Inc.*, 2007 WL 1589543 *3 (E.D. Cal. June 1, 2007) (duty of loyalty recognized where employee "was the director of the center, not a mere employee"); *Stokes v. Dole Nut Co.*, 41 Cal. App. 4th 285, 295-96 (Cal. Ct. App. 1995) (finding that "an employer has the right to expect the undivided loyalty of its employees," but also noting that plaintiffs "were managerial or supervisorial-level employees"); *Fowler v. Varian Assocs., Inc.*, 196 Cal. App. 3d 34, 41 (Cal. Ct. App. 1987) (holding, in a case where the plaintiff was a marketing manager, that "[d]uring the term of employment, an employer is entitled to its employees' 'undivided loyalty'"). In *Fowler* and *Stokes*, however, the California courts did not distinguish between managerial employees and lower-level employees with respect to the duty of loyalty, but rather used broad language suggesting that all employees owe a duty of loyalty to their employers. Accordingly, the Court is inclined to agree with the *James* court that the complaint should be liberally construed to permit Fashions Outlet to state a claim for a breach of the duty of loyalty. *James*, 2007 WL 1589543 at *3.

The Ninth Circuit was recently presented with a similar question regarding Hawaii law. The case of *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082 (9th Cir. 2003), involved claims against a manager and laborer for breach of an employee's duty of loyalty. The Ninth Circuit noted that Hawaii law, like California law, recognizes a duty of loyalty owed by employees to their employers, but found that it was unclear whether an employer could bring a claim for breach of that duty against an employee. *Eckard Brandes*, 338 F.3d at 1085. For this reason, the Ninth Circuit explained that it would look to the Restatement (Second) of Agency, because "Hawaii courts have recognized the authoritative nature" of this Restatement. *Id.* The court then held that because the Restatement permits an employer to bring a cause of action for breach of the duty of loyalty, the Hawaii Supreme Court would likely follow. *Id.* The employees (a manager and a laborer) argued that their employer should have no claim against them

3

"because they were only low-level employees," *id.* at 1086, but the Ninth Circuit held that "[n]othing in the Restatement indicates . . . that ordinary employees have no duty of loyalty. . . . Thus, Riley and Kunimitsu are liable," *id.* Thus, the Ninth Circuit has held that if a state court relies on the Restatement of Agency as authority, a federal court applying state law may do so as well when determining whether lower-level employees, such as laborers, are liable to their employers for breach of the duty of loyalty.

Following the Ninth Circuit's lead, as this Court must, the Court notes that California courts have recognized the authoritative nature of the Restatement. *See*, *e.g.*, *Huong Que v. Luu*, 150 Cal. App. 4th 400, 410-11 (Cal. Ct. App. 2007) (quoting the Restatement (Third) of Agency); *Channel Lumber Co. v. Porter Simon*, 78 Cal. App. 4th 1222, 1230 (Cal. Ct. App. 2000) (quoting the Restatement (Second) of Agency). The Third Restatement, which issued following the Ninth Circuit's opinion in *Eckard Brandes*, provides that all employees are agents, and that "[a]s agents, all employees owe a duty of loyalty to their employers." Restatement (Third) of Agency § 1.01. This is true regardless of how "ministerial or routinized a work assignment may be." *Id.*; *see also Eckard Brandes*, 338 F.3d at 1086 (referring to the Second Restatement and explaining that "[n]othing in the Restatement indicates, however, that ordinary employees have no duty of loyalty"). Under the Ninth Circuit's analysis, then, the Court holds that the California Supreme Court would likely follow the Restatement to recognize that a lower-level employee, such as a sales clerk or a laborer, owes a duty of loyalty to his employer. Although the cross-complaint styles this cause of action as a breach of fiduciary duty, the Court will construe it as a breach of the duty of loyalty because the complaint clearly states that Kiser owed a duty of loyalty to his employer. *See James*, 2007 WL 1589543 at *3 (recognizing that the duty of loyalty is a "'fiduciary-like' duty" and construing a claim for breach of fiduciary duty as a breach of the duty of loyalty). Accordingly, the Court DENIES Kiser's motion to dismiss the first cause of action.

**2.    Second cause of action for conspiracy to commit fraud**

Fashions Outlet's second cause of action against Kiser alleges that Kiser and unidentified Roe defendants engaged in a civil conspiracy to commit fraud against Polo by permitting non-employees to purchase items at a reduced rate using the employee discount. Kiser moves to dismiss this cause of action on grounds that it does not allege that Kiser and any other defendants formed an agreement to

4

commit fraud and that it fails to plead the underlying tort of fraud with the necessary particularity. Fashions Outlet responds that its cross-complaint contains allegations about an agreement and that it is not required to plead fraud with particularity because the cause of action is civil conspiracy to commit fraud, not fraud itself.

The Court disagrees with Kiser that the complaint fails to allege an agreement to commit fraud. Fashions Outlet's cause of action arises under state law, and California law provides that "'[t]o state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts.'" *Wasco Prods. v. Southwall Techs.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Cellular Plus, Inc. v. Superior Court*, 14 Cal. App. 4th 1224, 1236 (Cal. Ct. App. 1993)). The second cause of action clearly states that "Kiser and Roes 1-50 formulated a common plan and conspiracy to commit fraud against Polo." Cross-Complaint at ¶ 21. This satisfies California's requirement for stating a cause of action for civil conspiracy.

As to the particular pleading requirements of Federal Rule of Civil Procedure 9(b), the Court agrees with Kiser that Fashions Outlet must meet these requirements when pleading a civil conspiracy whose object is fraud. As stated above, California law requires a complaint to allege "the wrongful act or acts done pursuant" to the conspiracy. *Cellular Plus*, 14 Cal. App. 4th at 1236. Where a claim for civil conspiracy is based on an underlying act of fraud – that is, where fraud is the wrongful act at the center of the conspiracy – the pleadings must allege this underlying fraudulent act with particularity, pursuant to Rule 9(b). This is because Rule 9(b) requires "*all* averments of fraud" to be "stated with particularity." Fed. R. Civ. P. 9(b) (emphasis added). The Ninth Circuit has held that for any claim grounded in fraud, even where fraud is not an essential element of the claim, the particular averments of fraud must meet the requirements of Rule 9(b). *Vess v. Ciba-Ceigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003). For instance, in an analogous situation, the Ninth Circuit clarified that when a securities claim alleges a violation of 15 U.S.C. § 11 that is grounded in fraud, as opposed to negligence, Rule 9(b) applies and the complaint "must state with particularity the circumstances constituting the alleged fraud." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996). That is, "[a]lthough section 11 does not contain an element of fraud, a plaintiff may nonetheless be subject to Rule 9(b)'s

5

particularity mandate if his complaint 'sounds in fraud.'" *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2005). Here, because fraud is not an essential element of Fashions Outlet's civil conspiracy claim, but rather is alleged as the underlying unlawful act, that underlying "allegation[] ('averment[]') of fraudulent conduct must meet the heightened pleading requirements of Rule 9(b)." *Vess*, 317 F.3d at 1105.[2]

Fashions Outlet's cross-complaint does not allege with particularity the "time, place and content of an alleged misrepresentation," nor does it "set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 & n.10 (9th Cir. 1999). Instead, the cross-complaint contains only broad allegations of fraud lacking the necessary specifics. For this reason, the Court GRANTS Kiser's motion to dismiss the second cause of action.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES Kiser's motion to dismiss with respect to the first cause of action and GRANTS Kiser's motion to dismiss with respect to the second cause of action [Docket # 45]. The Court also GRANTS Fashions Outlet leave to amend the cross-complaint. Fashions Outlet must file an amended cross-complaint, should it wish to do so, no later than December 7, 2007.

**IT IS SO ORDERED.**

Dated: November 9, 2007

SUSAN ILLSTON
United States District Judge

---

[2] Indeed, this Court has noted that the "insistence upon a higher level of specificity" by courts with regard to civil conspiracy claims "may result from the frequent presence of fraud as part of plaintiff's claim, which brings the complaint under Fed. R. Civ. P. 9(b) that the circumstances constituting fraud be stated with particularity." *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990).