1  William J. Goines (SBN 061290)
   Alisha M. Louie (SBN 240863)
2  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
3  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
4  Facsimile: (650) 328-8508
   Email:   goinesw@gtlaw.com
5           louiea@gtlaw.com

6  Jeremy A. Meier (SBN 139849)
   GREENBERG TRAURIG, LLP
7  1201 K Street, Suite 1100
   Sacramento, CA  95814-3938
8  Telephone:  (916) 442-1111
   Facsimile:  (916) 448-1709
9  Email:   meierj@gtlaw.com

10 Brian S. Cousin (Pro Hac Vice)
   Neil A. Capobianco (Pro Hac Vice)
11 GREENBERG TRAURIG, LLP
   MetLife Building, 200 Park Avenue
12 New York, NY 10166
   Telephone:  (212) 801-9200
13 Facsimile:  (212) 801-6400
   Email:   cousinb@gtlaw.com
14          capobiancon@gtlaw.com

15 Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Polo Ralph Lauren
16 Corporation, doing business in California as Polo
   Retail Corporation; and Fashions Outlet of
17 America, Incl.

18                 UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20 ANN OTSUKA, an individual; et al,        Case No. C07-02780 SI

21         Plaintiffs,

22 v.                                       POLO RALPH LAUREN CORPORATION,
                                            POLO RETAIL, LLC, POLO RALPH LAUREN
23 POLO RALPH LAUREN CORPORATION,           CORPORATION, doing business in California as
   a Delaware Corporation; POLO RETAIL,     POLO RETAIL CORP; and FASHIONS OUTLET
24 LLC, a Delaware Corporation; et al.,     OF AMERICA, INC.'S AMENDED
           Defendants.                      COUNTERCLAIM FOR BREACH OF
25                                          FIDUCIARY DUTY AND CONSPIRACY TO
                                            COMMIT CONVERSION
26

27

28

                                    1

POLO RALPH LAUREN CORPORATION,
POLO RETAIL, LLC, POLO RALPH
LAUREN CORPORATION, doing business
in California as POLO RETAIL CORP; and
FASHIONS OUTLET OF AMERICA, INC..

           Counter-Claimants,

v.

JUSTIN KISER, an individual; and ROES 1-
50, inclusive,

           Counterclaim Defendants,

Defendants and Counter-claimants POLO RALPH LAUREN CORPORATION, POLO

RETAIL, LLC, POLO RALPH LAUREN CORPORATION, doing business in California as POLO

RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC. (hereinafter "Polo") state the

following for their Amended Counterclaim against Counterclaim Defendant JUSTIN KISER ("Kiser"

or "Counterclaim Defendant"):

## NATURE OF THE ACTION

1.      This is an action for breach of fiduciary duty and conspiracy to commit conversion,

under California state law.  Polo is engaged in the business of manufacturing and selling premium

clothes, home furnishings and other valuable products in its retail stores in California.  Counterclaim

Defendant has breached his fiduciary duty to Polo and conspired to convert Polo property for

unauthorized personal use.  Accordingly, Polo seeks restitution, money damages, and such other

relief as is deemed appropriate.

## PARTIES

2.      POLO RALPH LAUREN CORPORATION, POLO RETAIL, LLC, POLO RALPH

LAUREN CORPORATION, doing business in California as POLO RETAIL CORP., and

FASHIONS OUTLET OF AMERICA, INC. are, and at all relevant times mentioned in this

Counterclaim were, Delaware Corporations with their principal places of business in the state of New

York.

3.      Polo is further informed and believes and thereon alleges that, as of the date of the

filing of his original complaint, Plaintiff and Counterclaim Defendant Kiser was an individual

residing in Contra Costa County, California.  Kiser was employed by Polo as a Sales Associate in the Ralph Lauren store located at 90 Post Street, San Francisco, California 94101 ("Polo store") between approximately July 11, 2004 and August 5, 2005.

4.    The true names and capacities, whether individual, corporate, associate or otherwise, of Counterclaim Defendants sued in this Counterclaim as ROES 1 through 50, inclusive, are unknown to Polo who sues those Counterclaim Defendants by fictitious names.  Polo alleges on information and belief that each of the Counterclaim Defendants sued herein as ROES 1 through 50 are responsible in some manner for the events and obligations alleged herein.  Polo will seek leave of court to amend this Counterclaim to allege their true names and capacities when ascertained.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367(a) in that this proceeding arises and/or relates to a pending action over which this Court has subject matter jurisdiction.

6.    This Court also has original jurisdiction under 28 U.S.C. 1332(a) and 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005, Pub.L. 109-2 § 4(a), 119 Stat. 9.

7.    The action is a civil action between citizens of different States.  Plaintiffs and Counterclaim Defendant Kiser are and were at the time their original complaint was filed, citizens of the State of California and the Commonwealth of Kentucky, and Defendants and Counterclaimants each and independently are, and at the time the original complaint was filed, were, Delaware Corporations with principal places of business in the State of New York.

8.    This Court has personal jurisdiction over Kiser because he resides within this State and Judicial District, as of the date of the filing of his original complaint.

9.    Polo asserts its Counterclaim in this venue pursuant to 28 U.S.C. §1391(b) because Polo's Counterclaim is being asserted in an action brought by Kiser in this District.

## FACTUAL ALLEGATIONS

10.    Plaintiff incorporates herein by reference Paragraphs 1-9, inclusive.

1    11.    Upon information and belief, a former Polo employee by the name of Germania Baux

2    ("Baux") improperly possessed Polo merchandise credits for use in any Polo retail store. Upon

3    information and belief, the merchandise credits were improperly obtained by Baux.

4    12.    On or about June 22, 2005, while working as a Sales Associate in the Polo store, Kiser

5    received a request from Baux to charge and send store merchandise using a merchandise credit. Baux

6    specifically requested that Kiser enter data in the Point of Sale (POS) system under the fictitious

7    name "Rose Cassamini" instead of her own name to avoid Polo's detection of their fraudulent

8    activities. Baux also requested that Kiser send the merchandise addressed to "Rose Cassamini".

9    13.    Kiser inquired with Operations Manager Theresa Cruz ("Cruz") if it was possible for

10   him to use merchandise credit on a "send sale" purchase but never informed Cruz that the purchase

11   was for Baux, instead telling her that it was for a customer by the name of "Rose Cassamini".

12   14.    Kiser knew that it was improper and against Polo policy to use a fictitious customer

13   name to send store merchandise yet completed the sale and sent the merchandise to Baux under the

14   guise of "Rose Cassamini".

15   15.    On or about July 20, 2005, Kiser accompanied Baux to the Polo Ralph Lauren Factory

16   Store located in Vacaville, California ("Polo Vacaville Outlet").  While at the store, Baux attempted

17   to make a purchase using the Polo employee discount.  When the cashier informed Baux that she

18   could not use the Polo employee discount since she was no longer a Polo employee, Baux requested

19   that Kiser purchase her merchandise for her, utilizing his Polo employee discount and with her

20   merchandise credit.  Kiser complied with Baux's request and purchased her merchandise with her

21   merchandise credit through his Polo employee discount, even though he knew that it was against Polo

22   policy to do so.

23   16.    On or about July 24, 2005, while working as a Sales Associate in the Polo store, Baux

24   called Kiser to inquire about an expensive pair of jeans in a size 30. Kiser checked the store

25   inventory and then called Baux back informing her that the jeans were available in size 30. Baux

26   requested that Kiser ring up the merchandise using two separate Polo merchandise credits under the

27   fictitious name "Gina Rochas". Baux further instructed Kiser to ring up her purchase when no

28

1   managers were around. Kiser knew it was improper to complete the sale under a fictitious name but

2   completed the sale anyway, and sent the item to a false name care of his home address.

3       17.     With respect to sales that Kiser improperly processed for Baux, Kiser received eight

4   percent (8%) of the sales value in the form of personal commissions.

5       18.     Polo's Retail Employee Handbook prohibits dishonest conduct, including the "[L]ying

6   or falsification in any manner related to employment." Polo Retail Employee Handbook at p. 21.

7       19.     Polo's Retail Employee Handbook prohibits employees from using their Polo

8   employee discount "to purchase items for other individuals (other than as gifts)…." Polo Retail

9   Employee Handbook at p. 23.

10                          **COUNT ONE**
                          (Breach of Fiduciary Duty)

11      20.     Polo incorporates herein by reference Paragraphs 1-19 inclusive.

12      21.     Kiser had a duty of loyalty as a Polo employee to act in the best interest of Polo, and

13  to not take actions which would financially damage Polo.  Kiser breached his fiduciary duty by

14  manipulating records in the POS system under fictitious customer names in order to generate a sale.

15      22.     Kiser further breached his fiduciary duty by utilizing his Polo employee discount, as

16  well as suspect Polo merchandise credits, for the financial benefit of a non-Polo employee.

17      23.     Kiser knew or had reason to know that Polo purchases made by Baux with suspect

18  Polo merchandise credits were made in bad faith, especially when she requested that fictitious names

19  be used instead of her own so as to not draw suspicion. Kiser and Baux intentionally acted in bad

20  faith by performing the sales transactions outside the presence of a manager to avoid Polo's detection

21  of their fraudulent activities.

22      24.     Kiser acted intentionally, willfully, in bad faith and in defiance of Kiser's duty of

23  loyalty to Polo, and Kiser's conduct was oppressive and malicious entitling Polo to an award of

24  punitive and exemplary damages.

25      25.     As a proximate result of these acts of Kiser as herein-above described, Polo has been

26  damaged in an amount to be determined at trial.

27  //

28  //

**COUNT TWO**
(Civil Conspiracy To Commit Conversion)

26.     Polo incorporates herein by reference Paragraphs 1-25 inclusive.

27.     On or about June 22, 2005, July 20, 2005 and July 24, 2005, Kiser, Baux and Roes 1-50 formulated a common plan or plans and a conspiracy to convert certain valuable Polo merchandise for Baux's own use.

28.     At all times mentioned herein, Polo was the rightful owner of, and was and still is, entitled to the possession of the following personal property, namely: Polo retail clothing including a certain jacket, skirt, jeans and similar merchandise.

29.     On or about June 22, 2005, July 20, 2005 and July 24, 2005, the property described above had a value of approximately $2500.00.

30.     On or about June 22, 2005, July 20, 2005 and July 24, 2005, Kiser and Baux acted in concert to take the property described above from Polo's possession and to convert the same to Baux's own use, as described in paragraphs 12, 15 and 16.

31.     When Baux was caught with incriminating evidence, including price tickets in her handbag, in Polo's San Francisco store, she had promptly quit, thereby frustrating Polo's attempt to investigate the incriminating evidence.

32.     Upon information and belief, after Baux was caught with incriminating evidence, she discussed the theft accusations against her with her roommate Kiser and informed Kiser that in view of such accusations, she was quitting her employment with Polo.

33.     As a result of this discussion, Kiser knew that Baux had quit Polo amid accusations of theft of Polo merchandise.

34.     Kiser knew or had reason to know that store merchandise credits received from Baux, and used by him to obtain the merchandise described above, were improperly obtained by Baux (from stolen merchandise returns or otherwise) and that Polo was not being paid for the items.

35.     On information and belief, the merchandise credits were improperly obtained by Baux by returning merchandise to Polo that she had stolen from Polo while she was an employee.

36.    On information and belief, despite such knowledge, Kiser conspired with Baux to cause new line clothing to be delivered to Baux, as described above, by using improper merchandise credits that Baux had obtained by returning stolen merchandise and by sending the new line clothing to Baux under fictitious names.

37.    Kiser aided and abetted Baux by using fictitious purchaser names on or about June 22, 2005 and July 24, 2005 so as to avoid Polo's detection of the wrongful conversion of merchandise. Kiser and Baux intentionally acted in bad faith by performing these transactions outside the presence of a manager, in order to avoid Polo's detection of their conversion.

38.    On information and belief, Kiser knowingly and intentionally used fictitious names on those dates to deliver clothing to Baux so that he could earn commissions on the sales and avoid scrutiny by Polo of his actions and of Baux's use of improperly obtained merchandise credits.

39.    On or about July 20, 2005 Kiser further aided and abetted Baux's use of the improperly obtained merchandise credits by agreeing to purchase for her benefit merchandise at the Vacaville Polo factory outlet store by using his employee discount -- a transaction that also violated company policy.

40.    This plan was intended by all participants to, and in fact did, financially deprive Polo of certain amounts of money by using Kiser's Polo employee discount for the benefit of a non-Polo employee, and to secure merchandise at a reduced price not available to the general public.

41.    This plan was further intended by all participants to, and in fact did, financially deprive Polo of payment for the items by falsifying Polo documents and manipulating records in the Polo POS system to generate transactions based on improperly obtained store credits, and to thereby avoid suspicion by Polo management of the participants' improper conduct and conversion of merchandise.

42.    As a proximate result of Counterclaim Defendant's decision to act in concert with Baux to convert Polo merchandise for her own use and to falsify company documents and to improperly use employee discounts, Polo has lost the value of several expensive merchandise items.

43.    Polo has incurred further identifiable monetary losses as a result of the aforementioned conspiracy, in the amount of the value of the improperly obtained merchandise credits and the value

1    of the undeserved commission payments made to Kiser for the phony "sales" made to Baux using

2    such merchandise credits.

3        44.    Kiser's conduct was willful, malicious and oppressive and justifies the awarding of

4    punitive and exemplary damages.

5                          **PRAYER FOR RELIEF**

6        WHEREFORE, Polo prays for judgment against Kiser as set forth below.

7        1.    For restitution and for compensatory damages in an amount to be proven at trial;

8        2.    For interest on all damages at the legal rate according to proof;

9        3.    For attorney's fees;

10       4.    For punitive and exemplary damages;

11       5.    For costs of suit incurred; and

12       5.    For such other and further relief as the court may deem just and proper.

13

14   Dated:  December 7, 2007.                    GREENBERG TRAURIG, LLP

15

16                                    By: _/s/ William J. Goines_____
                                         William J. Goines
17                                       Brian S. Cousin
                                         Neil A. Capobianco
18                                       Jeremy A. Meier
                                         Alisha M. Louie
19
                                         Attorneys for Defendants and Counterclaimants
20                                       POLO RALPH LAUREN CORPORATION;
                                         POLO RETAIL, LLC; POLO RALPH LAUREN
21                                       CORPORATION, doing business in California as
                                         POLO RETAIL CORP; and FASHIONS OUTLET
22                                       OF AMERICA, INC.

23

24

25

26

27

28