Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  (415) 677-9058
Facsimile:   (415) 627-9076

Attorneys for Janis Keefe, Corinne Phipps, Justin Kiser
and Renee Davis

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation<br><br>Defendants. | Case No.:  C-07-02780-SI<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)<br><br><br><br>JUDGE:  Hon. Susan Illston<br>LOCATION:  Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br>DATE:  January 18, 2008<br>TIME:  9:00 a.m. |

## I. Introduction

The claims asserted in the Second Amended Complaint by former Polo employee Renee Davis arise out of, and are substantially identical to, factual and legal allegations the original Plaintiffs ("Original Plaintiffs") made in their original class action complaint ("Original Complaint"). The proposed class <u>always</u> has included Polo employees who, like Ms. Davis, were harmed by Polo's standardized and unlawful business practices – *regardless of whether they worked in an outlet store or a retail store*. Ms. Davis adds no new claims and does not attempt to expand the class composition or the class period in any way. Her claims (like those of the other outlet store employees) thus relate back, and are timely. *See* Fed. R. Civ. P. 15(c). Consequently, Polo's motion should be denied.

## II. Ms. Davis's Claims Are Timely

"[T]he filing of a class action tolls the statute of limitations for class members, so that they can…be substituted for the named plaintiffs, without being barred by reason of the passage of time since the suit was filed." Phillips v. Ford Motor Company 435 F.3d 785, 788 (7th Cir. 2006); *see also* American Pipe & Construction Co. v. Utah, 414 U.S. 538, 553 (1974); *cf.* In re Syntex Corp. Securities Litigation 95 F.3d 922 (9th Cir. 1996).

Thus, the relation back doctrine tolls the statute of limitations on the claims of putative class members in class action cases when: (1) the original complaint gives defendant adequate notice of the claims of the newly named plaintiff; (2) equitable tolling does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original plaintiffs/putative class and the newly named plaintiff. In re Syntex Corp. Securities Litigation, 95 F.3d 922 (9th Cir. 1996). The newly added plaintiff's claims related back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Rule 15(c)(B).

In this case Ms. Davis's claims arise out of the same conduct, transaction or occurrence described in the Original Complaint. Consequently, all of her claims are timely.

### III. Ms. Davis Was A Member Of The Original Proposed Plaintiff Class

Plaintiffs filed their Original Complaint in San Francisco Superior Court on May 30, 2006, alleging Polo violated the employment rights of its California employees in several specific ways. For pleading purposes Plaintiffs defined the putative class to include "all current and former hourly-based employees of Defendants in the State of California who were subjected to the unlawful employment practices described herein during all applicable statutes of limitations (the "Class Period")." (Original Complaint, ¶ 52.)

The Second Amended Complaint does not alter the original class definition. It: (1) adds no new legal claims; (2) adds no new class members; and (3) does not expand the class period. The Second Amended Complaint instead merely transforms a previously unnamed class member (Renee Davis) into a representative of the proposed class, and briefly describes how she experienced the same unlawful employment practices experienced by the Original Plaintiffs.

Polo's insistence that the "substance" of Plaintiffs' claims somehow has "changed dramatically" (Motion, 4:21) is misguided. Comparison of Ms. Davis's claims with the Original Plaintiffs' claims (as asserted in the Original Complaint and reiterated in the Second Amended Complaint) quickly confirms this:

- Ms. Davis alleges she was required to work off the clock (Second Amended Complaint (SAC), ¶60);
    - the Original Plaintiffs allege they were required to work off the clock (SAC, ¶¶21-22, 30-31, 39-40, 49-50);
- Ms. Davis alleges she was not paid premium overtime compensation (SAC, ¶60);
    - the Original Plaintiffs allege they were not paid premium overtime compensation (SAC, ¶¶18-20, 27-29, 36-38, 48-50);
- Ms. Davis alleges she was locked inside a Polo store after her shifts ended (SAC, ¶61);

- - o the Original Plaintiffs allege they were locked inside a Polo store after their shifts ended (SAC, ¶¶22, 31, 40, 52);
- Ms. Davis alleges she was not permitted to take rest breaks (SAC, ¶63);
  - o the Original Plaintiffs allege they were not permitted to take rest breaks (SAC, ¶¶23, 33, 42); and
- Ms. Davis alleges she was not provided accurate payroll records (SAC, ¶64);
  - o the Original Plaintiffs allege they were not provided accurate payroll records (SAC, ¶¶21, 26, 39, 45).

Polo does not even attempt to meet Plaintiffs' allegation that, "Renee Davis was provided Polo Ralph Lauren employee handbooks, <u>the same handbooks used in the full-price retail stores</u>, and was instructed those written policies governed her duties and rights as an employee." (SAC, ¶ 59, emphasis added.) Thus, Plaintiffs allege, and Polo overlooks, that the entire class was subjected to identical written employment policies that violated California labor law and injured them all in similar ways. This plain and simple averment gives the Court sufficient ground to deny Polo's motion to dismiss.

Polo nonetheless persists with argument about how ostensible differences between Polo's "full price retail stores" and "outlet stores" preclude relation back. (Motion, 2-4.) Specifically, they argue that "[a]lthough Polo full price stores and Polo outlet stores are owned and operated by Defendants, each store is unique and, as a result, maintain different policies and procedures for their business operations." (Motion, 3:1-3.) As an initial matter, this assertion would not preclude relation back because it is untrue, as a Polo vice president of human relations for the outlet stores recent deposition testimony has confirmed.[1] For this reason, it is

---

[1] Plaintiffs have conducted extensive discovery regarding Polo's employment policies and practices in both the retail and outlet stores. Polo has never contended Plaintiffs' outlet store discovery is somehow beyond the scope of the claims made in this case.

perhaps unsurprising that Polo is unable to offer any evidence to support its rhetorical insistence about purported distinctions in unspecified policies and procedures.

Regardless, a motion to dismiss is not an appropriate mechanism for resolving such factual issues, even if Polo had any evidence to support its argument. Cf. Faulkner v. Beer (2nd Cir. 2006) 463 F.3d 130, 134 (to support motion to dismiss, there must be no dispute concerning the authenticity or accuracy of proffered evidence). Even if distinctions in some business practices did exist, this would not preclude relation back because the claims Ms. Davis asserts arise from the same standardized conduct, transactions and occurrences consistently challenged by the Original Plaintiffs. *See* Fed. R. Civ. P. 15(c).

### IV.   The Cases Polo Cites Do Not Support Its Position

The cases Polo cites are at odds with its arguments. For example, in Besig v. The Dolphin Boating and Swimming Club 683 F.2d 1271 (9th Cir. 1982), the court found an amended complaint did not relate back because, unlike here, the new proposed plaintiffs sought new relief that was "hostile" to the relief sought by different, prior plaintiffs. Specifically, the original plaintiffs sought equitable relief requiring the defendant to admit women into its club. They were later replaced by a group of woman who were seeking completely different relief – termination of the club itself. Because the new plaintiffs sought relief not contemplated in the original complaint, the defendant did not have notice of the new claim when the claim was not barred by the statute of limitations. "Notice is the critical inquiry," said the Court. Unlike in Besig, the relief sought here, and the plaintiffs, are identical.

In Oja v. United States Army Corps of Engineers 440 F.3d 1122 (9th Cir. 2006), another case Polo cites, the plaintiff settled a claim against the Corps for disclosing personal information about him on website. More than a year later, he discovered the Corps had also posted offending information about him on a different website. After the statute of limitations had run on any claim he might have for the second posting, he amended his original complaint to add a new claim relating to the second posting. Although the second posting contained identical

language, the court found the relation back doctrine did not apply because the publication was distinct conduct, not asserted in the original complaint.

Here, by contrast, the same disputed conduct (*viz.*, Polo's unlawful employment-related practices and schemes exerted against all of its employees in California) were at issue in the Original Complaint and remain so in the Second Amended Complaint.

Polo's reliance on In re Syntex Corp. Securities Litigation, 855 F.Supp. 1086 (C.D. Cal. 1994) is similarly misplaced. In that case plaintiffs sought to enlarge the class period by several months with new claims that were barred by the statute of limitations. The Court held that the claims of the new class did not relate back because "[t]he equitable tolling doctrine only tolls the statute of limitations for asserted class members." There, "the proposed plaintiffs wanted to expand the class in order to become class members."

By contrast, Ms. Davis, like all other outlet store employees adversely affected by the employment practices consistently challenged in Plaintiffs' complaints, has been a member of the proposed class all along. Her status as a named plaintiff does not expand the proposed class's membership.

### V. Construing The Second Amended Complaint In The Light Most Favorable To Plaintiffs Requires The Court To Deny Defendants' Rule 12(b)(6) Motion

Finally, in deciding a Rule 12(b)(6) motion to dismiss, the Court must (1) construe the complaint in the light most favorable to the plaintiff, (2) accept all well-pleaded factual allegations as true, and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. Cahill v. Liberty Mutual Ins. Co. (9th Cir. 1996) 80 F.3d 336, 337-338. Unless the Court were certain the law would not permit the relief Ms. Davis seeks on her own behalf and on behalf of the class, Defendants' motion to dismiss must be denied. In re Syntex Corp. Securities Litigation, 855 F.Supp. 1086 (C.D. Cal. 1994). Should the Court find,

however, that the Second Amended Complaint is lacking in any way, Plaintiffs should be given an opportunity to amend it to address any concerns the Court might have.

### VI. Conclusion

Analysis of Plaintiffs' complaints – rather than Polo's characterization thereof – confirms claims have been asserted on behalf of outlet store employees all along. Consequently, Plaintiffs respectfully submit Polo's motion to dismiss must be denied.

Dated: December 14, 2007      THE LAW OFFICE OF PATRICK R. KITCHIN


_____/S/_____
By:   Patrick R. Kitchin
Attorney for Plaintiffs Janis Keefe, Corinne Phipps, Justin Kiser and Renee Davis