1  William J. Goines (SBN 061290)
   Alisha M. Louie (SBN 240863)
2  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
3  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
4  Facsimile: (650) 328-8508
   Email:    goinesw@gtlaw.com
5             louiea@gtlaw.com

6  Jeremy A. Meier (SBN 139849)
   GREENBERG TRAURIG, LLP
7  1201 K Street, Suite 1100
   Sacramento, CA  95814-3938
8  Telephone:  (916) 442-1111
   Facsimile:  (916) 448-1709
9  Email:    meierj@gtlaw.com

10 Brian S. Cousin (Pro Hac Vice)
   Neil A. Capobianco (Pro Hac Vice)
11 GREENBERG TRAURIG, LLP
   MetLife Building, 200 Park Avenue
12 New York, NY 10166
   Telephone:  (212) 801-9200
13 Facsimile:  (212) 801-6400
   Email:    cousinb@gtlaw.com
14            capobiancon@gtlaw.com

15 Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Polo Ralph Lauren
16 Corporation, doing business in California as Polo Retail
   Corporation; and Fashions Outlet of America, Inc.

17

18              UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20

21 ANN OTSUKA, an individual; JANIS KEEFE,     Case No.  C07-02780 SI
   an individual; CORINNE PHIPPS, and
22 individual; and JUSTIN KISER, an individual;  **DEFENDANTS' REPLY IN SUPPORT**
   and on behalf of all others similarly situated,  **OF MOTION TO DISMISS SECOND**
23                                                **AMENDED COMPLAINT**
            Plaintiff,
24                                               Date:   January 18, 2008
   v.                                            Time:  9:00 a.m.
25                                               Dept:  Courtroom 10, 19th Fl.
   POLO RALPH LAUREN CORPORATION, a             Judge:  Hon. Susan Illston
   Delaware Corporation; et al.,
26
            Defendants.
27 ────────────────────────────────
   AND RELATED CROSS-ACTIONS.
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    **INTRODUCTION**

Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint ignores the key factual points which preclude Renee Davis's time barred outlet store claims.[1]

At the heart of Plaintiffs' Opposition is the proposition that since new Plaintiff Renee Davis "was subjected to identical written employment policies" as to the four named Plaintiffs in the Original Complaint ("Original Plaintiffs"), this is "sufficient ground to deny Polo's motion to dismiss." Opposition at 4:12-15. This proposition, however, is insufficient to meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure to permit Davis' claims to relate back to the Original Complaint. As discussed in detail in Defendants' opening brief, in order for Davis' claims to relate back to the Original Complaint, she must show that her claims *arise out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in Plaintiffs' Original Complaint.* Fed. R. Civ. P. 15(c).

Because there is a significant factual distinction between the *claims* that Davis is making versus the conduct, transaction and occurrence alleged in the original complaint, which Plaintiffs confuse together, Plaintiffs have failed to carry their burden that Davis' claims relate back to the Original Complaint. Fed. R. Civ. P. 15(c). Accordingly, Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint should be granted.

Plaintiffs' tortured attempt to justify their belated addition of a new named Plaintiff on a wholly distinct factual basis is not sustainable under the relation back theory. It is also not sustainable under a theory of equitable tolling. Davis' claims are not sufficiently similar to the originally pled claims of the other Plaintiffs. She is not being substituted for another named Plaintiff, but is seeking to establish new claims.

---

[1] The motion was brought as to Davis' claims for fraud, wage and hour violations of the California Labor Code and for recovery under the California Private Attorneys Act (California Labor Code section 2699.5). Davis' fifth claim for breach of contract and ninth claim for unfair competition have a four year statute of limitations under California law and Polo is not challenging the sufficiency of these claims at the pleading stage.

1    Davis cannot gain the pleading benefit of the relation back doctrine and her claims are

2    barred by the statutes of limitation. Accordingly, Defendants' Motion to Dismiss should be

3    granted.

4              **II.    ARGUMENT**

5    A.    **DAVIS CLAIMS WERE NOT TOLLED AND ARE UNTIMELY**

6    Although Plaintiffs do not necessarily disagree that Rule 15(c) governs whether Davis'

7    claims relate back to the Original Complaint, Plaintiffs apparently contend that there is an

8    alternative theory which allows Plaintiffs to cure Davis of her statutes of limitations defects that

9    is only loosely related to the requirements of Rule 15(c). In particular, Plaintiffs make two

10   principal arguments in support of this alternative theory. First, Plaintiffs assert that "the relation

11   back doctrine tolls the statute of limitations on the claims of putative class members."

12   (Opposition, 2:17). This is an incorrect theory.  Relation back and equitable tolling are two

13   distinct doctrines.  Second, Plaintiffs assert that Davis' claims are timely because the statutes of

14   limitation were "tolled for class members, so that they can … be substituted for the named

15   plaintiffs." (Opposition, 2:12-15).

16   This argument is also without merit. Based on the facts alleged in support of the

17   Original Complaint, Davis is not a member of the original class (for the reasons set forth in

18   detail in the moving papers).  Second, Plaintiffs are not simply substituting one Plaintiff for

19   another, but adding a new and separate class representative to their action.  This fact

20   distinguishes the cases Plaintiffs cite in support of their tolling argument. (Opposition, 2:14-

21   17).

22   Substitution of unnamed class members for named plaintiffs who fall out of the case

23   because of settlement or other reasons is a common and normally an unexceptionable

24   ("routine") feature of class action litigation both in the federal courts and in the Illinois courts."

25   *Phillips v. Ford Motor Company*, 435 F.3d 785, 787 (7th Cir. 2006) (as cited by Plaintiffs).   In

26   Phillips, the court allowed a substitution based on the relation back theory, on the grounds that

27   "[t]he courts [] disregard the jurisdictional void that is created when the named plaintiffs'

28   claims are dismissed and, shortly afterwards, surrogates step forward to replace the named

1  plaintiffs." *Id.*  In this instance, however, Defendants have shown in their moving papers the

2  differences in claims between Davis and the Original Plaintiffs, and that she is therefore *not*

3  simply being substituted in at this late date in place of an original named plaintiff.  *See also*,

4  *Plubell. v Merck & Co., Inc.*, 434 F.3d 1070, 1074  (8th Cir. 2006).

5      Plaintiffs further rely on *In re Syntex Corp. Securities Litigation*, 95 F.3d 922 (9th Cir.

6  1996) in support of their tolling argument.  That case, however, also does not favor Plaintiffs.

7  The court in *In re Syntex* found there was an insufficient identity of interests based on different

8  facts occurring at different times (as is the case with Davis).  Further, the *In re Syntex* court did

9  not allow a tolling of the statute of limitations.

10          Plaintiffs' argument that the commencement of a class action suit
           satisfies the statute of limitations for all those who might
11          subsequently participate in the suit also fails. The equitable
           tolling doctrine only tolls the statute of limitations for asserted
12          class members.[citation omitted]. Here, the new Plaintiffs were
           not "asserted class members." Instead, the proposed plaintiffs
13          wanted to expand the class in order to become class members.
           Thus, we hold that Plaintiffs' claims extending the class period
14          beyond May 26, 1992, as filed in the Second Amended
           Complaint, were barred by the statute of limitations."
15

16  *In re Syntex*, 95 F.3d at 935-6.

17      For the reasons discussed in Defendants' opening brief and as discussed below, Davis is

18  not an asserted class member because her claims arise out of very different facts and

19  circumstances.

20  **B.    DAVIS' CLAIMS ARISE OUT OF *DIFFERENT* CONDUCT, TRANSACTIONS,
          OR OCCURRENCES**
21

22      Defendants' opening brief identified the particular conduct, transactions, or

23  occurrences, *as alleged by Plaintiffs* in the Original Complaint. *See* Opening brief at 6:4 - 9:16.

24  Such factual allegations form the basis of Plaintiffs' claims against Defendants. However, as

25  explained in Defendants' opening brief, with the addition of Davis in the Second Amended

26  Complaint ("SAC"), Plaintiffs added new factual allegations which form the basis of *Davis'*

27  *claims* against Defendants. This recitation of facts is the crux of Defendants' argument in

28  support of dismissal of Plaintiffs' Second Amended Complaint: Davis' factual allegations, as

1  enumerated in paragraphs 57 - 64 of the SAC are *distinctly different* from the conduct,

2  transactions, or occurrences related to the original Plaintiffs, as enunciated in the Original

3  Complaint.

4      Accordingly, under Rule 15(c), Davis' claims *do not* relate back and her claims are

5  therefore barred under applicable statutes of limitations.

6      ### 1.    Defendants' Retail Employee Handbooks Do Not Equate to "Conduct, Transactions Or Occurrences"

7

8      Plaintiffs take the position that since Davis' *claims* are the same as the original

9  Plaintiffs (*see* e.g., Opposition brief at 3:17 - 4: 8) this somehow shows that Davis satisfies

10 Rule 15(c). This conclusory argument is self-defeating. At best, Plaintiffs suggest that since

11 "the entire class was subjected to identical written employment policies" that Rule 15(c) is

12 satisfied. Defendants surmise that Plaintiffs are arguing that somehow Polo's written

13 employment policies are regarded as "conduct, transactions, or occurrences." Notwithstanding

14 the difficulty of construing employment policies, with conduct, transactions, or occurrences,

15 this argument is  illogical.

16     Defendants' employment policies may provide a basis for which Plaintiffs' claims arise,

17 but it is the conduct, transactions, or occurrences for which Plaintiffs must rely in order to

18 prove their claims. This important distinction that Plaintiffs fail to address is that it is not Polo's

19 written employment policies, in of themselves that Plaintiffs are challenging; rather, it is the

20 *implementation* of such written employment policies that Plaintiffs are contending form the

21 basis of their claims. The specific conduct, transaction or occurrence, with respect to Polo's

22 written policies, therefore, is the focus of the Rule 15(c) analysis in determining whether Davis'

23 claims relate back to the original pleading. Accordingly, since the specific conduct, transaction,

24 or occurrence which Davis' alleges as the basis of her claims is *different* from that of the

25 specific conduct, transaction, or occurrence as alleged by the original Plaintiffs, Davis' claims

26 do not relate back to the Original Complaint.

27

28

1

2
**2.    Plaintiffs Require A Separate Evidentiary Basis To Support Davis' Claims Which Prove That Her Claims Do Not Relate Back**

3    In *Dominguez v. Miller* (*In re Dominguez*), 51 F.3d 1502 (9th Cir. 1995) the Court

4    recognized that relation back is permitted "if the new claim arises from the same conduct,

5    transaction, or occurrence as the original claim." *In re Dominguez*, 51 F.3d at 1509-10. The

6    Court determined that this link is found "when the claim to be added will likely be proved by

7    the same kind of *evidence* offered in support of the original pleading." *Id.* (emphasis

8    added)(*citing Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966). The

9    determination, then, as to whether Davis' claims relate back must be on the evidence that

10    Plaintiffs will offer in support of Davis' claims.

11    As an initial matter, Defendants for the purposes of this motion agree that "[a]ll

12    allegations of material fact are taken as true and construed in the light most favorable to the

13    plaintiff." *Id.* A review of the allegations of material fact, as pled by Davis in the SAC reveals

14    that Davis' claims will be supported by evidence that is separate and distinct from the Original

15    Plaintiffs. See SAC at ¶¶ 57 -64. Accordingly, Davis' claims do not relate back to the Original

16    Complaint and Defendants' Motion to Dismiss should be granted.

17    As detailed in Defendants' opening brief, Section III in Plaintiffs' Original Complaint

18    and SAC alleges the particular conduct, transaction or occurrence which Plaintiffs allege is the

19    basis for the claims they have asserted. Section III differs with respect to the Original

20    Complaint from the SAC in that Section III in the SAC contains the addition of Davis' factual

21    allegations which, as is required, purportedly state facts sufficient to properly plead her claims.

22    These facts as alleged, if we accept as true, is the evidence that supports Davis' claims. Since it

23    differs from the Original Plaintiffs, under Rule 15(c), Davis' claims do not relate back. *See*

24    *Opening Brief at 6: 23 - 11:20*.[2]

25

26

27

28

---

[2] Defendants detailed the distinctions between the factual allegations made by the Original Plaintiffs to the factual allegations made by Renee Davis in their Opening Brief. Although Plaintiffs did not take issue with any of this analysis, it seems redundant to reiterate the same analysis here.

Case No. C07-02780 SI
REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT

1

3.    **The Relation Back Doctrine Does Not Apply Where Davis' Claims Are**
**Based On Conduct, Transactions, Or Occurrences That Are Distinct In**
2    **Time And Place, If Not Substance**

3

4    *Oja v. United States Army Corps of Eng'rs*, 440 F. 3d 1122, 1134-5 (9th Cir.) remains

5    dispositive on this point.  In *Oja,* the Appellant sought relief against the Respondent for

6    disclosure of his personal information on Respondent's website. *Oja*, 440 F. 3d at 134-5. Soon

7    after, Appellant sought to amend his Complaint to include a second claim for disclosure of his

8    personal information on Respondent's website. *Id.*  The Ninth Circuit ultimately determined

9    that the relation back doctrine did not apply to Appellant's privacy claims brought forth in his

10    Second Amended Complaint. *Id.* Although both claims were based on a violation of the same

11    law, the Privacy Act, the court determined that the claims brought by Appellant for disclosure

12    of personal information were "based on the acts of disclosure themselves, each of which is

13    distinct in time and place, if not substance." *Id.*

14          The facts are no different here. As an example, Plaintiff Justin Kiser ("Kiser") has based

15    his claim for rest break violations on the following:

16              [H]e was not permitted to take rest breaks during the days that he
               worked. Managers, including Rosalinda Walwork and Theresa
17              Cruz, harassed him and his co-employees when he and they
               attempted to take rest breaks, telling them that they did not need
18              to take their required breaks and that they would fall behind on
               sales if they took breaks.
19

20    Original Complaint at ¶ 42.

21          Although Renee Davis also makes a claim for rest break violation, just as Kiser, her

22    claim is based on *different* conduct, transactions, or occurrences than Kiser's. In particular,

23    Davis has alleged that:

24              [She] was not always permitted to take rest breaks during the
               days that she worked, especially during sales and holidays. She
25              estimates she missed her rest breaks approximately 25% of the
               days she worked, often because there were not enough sales
26              associates on duty to assist customers if anyone took their rest
               breaks.
27

28    SAC at ¶ 63.

1    Therefore, just as in *Oja*, both Kiser and Davis have asserted claims for rest break

2  violations but the basis for their claims are based on separate conduct, transactions or

3  occurrences, "each of which is distinct in time and place, if not substance." *Oja*, 440 F. 3d at

4  134-5.  On this basis, as in *Oja*, Davis' claims would not enjoy the benefit of the relation back

5  doctrine.

6                                 **III.      CONCLUSION**

7    For the reasons discussed herein and in Defendants' opening brief, Davis' claims do not

8  relate back to the original complaint and there was no tolling.  Accordingly, Defendants

9  respectfully request that the Court dismiss Plaintiff Davis' claims from the Second Amended

10  Complaint.

11          Date:   January 4, 2008                GREENBERG TRAURIG, LLP

12

13                                          By:  /s/  William J. Goines
                                                William J. Goines
14                                              Jeremy A. Meier
                                                Alisha M. Louie
15
                                                Attorneys for Defendants Polo Ralph Lauren
16                                              Corporation; Polo Retail, LLC; Polo Ralph
                                                Lauren Corporation, doing business in
17                                              California as Polo Retail Corporation; and
                                                Fashions Outlet of America, Inc.
18

19

20

21

22

23

24

25

26

27

28

                                                8                        Case No. C07-02780 SI