IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; JUSTIN KISER, an individual; and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; POLO RETAIL, LLC, a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP.; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,<br><br>Defendants.<br>_____/ | No. C 07-02780 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS FILED BY RENEE DAVIS** |

Defendants have filed a motion to dismiss certain claims filed by named plaintiff Renee Davis. The motion is scheduled for hearing on January 18, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion to dismiss these claims.

**BACKGROUND**

On May 30, 2006, plaintiffs Ann Otsuka, Janis Keefe, Corrine Phipps, and Justin Kiser filed a putative class action complaint in state court against defendants Polo Ralph Lauren Corporation, et al. Plaintiffs brought suit on behalf of all current and former California employees of defendants who were

injured by defendants' violation of employment laws during the period permitted by the applicable statute of limitations. Complaint at ¶ 52. The complaint alleged twelve causes of action relating to plaintiffs' employment, including, *inter alia*, fraud, false imprisonment, failure to pay wages earned, failure to provide rest periods, and other violations of the California Labor Code. *Id.* at ¶¶ 66-138. All four of the named plaintiffs alleged they had worked as sales associates at Ralph Lauren retail stores in San Francisco and Palo Alto, California. *Id.* at ¶¶ 15, 24, 34, 44. None of the four named plaintiffs alleged that he or she had worked at a Ralph Lauren outlet store.

Plaintiffs filed a First Amended Complaint in state court on July 20, 2006. After the case was removed to this Court on grounds that the Court has either diversity jurisdiction or jurisdiction pursuant to the Class Action Fairness Act, the parties stipulated to the filing of another amended complaint. This Court granted plaintiffs leave to file their Second Amended Complaint ("SAC") on October 23, 2007. The SAC added Renee Davis as a named plaintiff, alleging that Davis worked as a sales associate at defendants' factory outlet store in Cabazon, California, between October 2002 and February 2004. SAC at ¶ 57. As an employee at the outlet store, Davis was provided the same Polo Ralph Lauren employee handbooks as used in the full-price retail stores. *Id.* at ¶ 59. Davis sometimes was not paid for all the hours she worked, including time spent undergoing loss prevention inspections and time spent attending morning meetings held before she was permitted to clock in, and also was not paid for overtime compensation to which she was entitled. *Id.* at ¶ 60. Davis was required to remain in the store after clocking out to permit her supervisors to search her bags and "feared leaving the store through an alarmed back door, except as directed by her supervisors." *Id.* at ¶ 61. In addition, Davis was denied rest breaks on roughly 25% of the days she worked, and alleges that defendants failed to keep accurate payroll records. *Id.* at ¶¶ 63, 64. Currently before the Court is defendants' motion to dismiss Davis' claims for fraud, statutory violations of the California Labor Code, and violation of the Private Attorneys General Act, on statute of limitations grounds. Defendants do not move to dismiss these claims as asserted by the other named plaintiffs; nor do they move to dismiss Davis' breach of contract and unfair competition claims, each of which has a four-year, rather than a three-year, limitations period.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants move the Court to dismiss Davis' claims for fraud,[1] statutory wage and hour violations, and violation of the Private Attorneys General Act (plaintiffs' first, third, sixth, seventh, eighth, ninth, eleventh, and twelfth causes of action)[2]. Defendants contend that the relevant statutes of limitation for each of these claims is three years, and plaintiffs do not argue otherwise. *See* Cal. Civ. Proc. Code § 338(a) & (d). Defendants argue these three-year limitation periods have run for Davis because she stopped working for defendants around February 2004, more than three years prior to the October 2007 filing of the SAC, in which Davis was first named as a plaintiff. Plaintiffs argue in

---

[1] Defendants do not specifically state that they move to dismiss Davis' false imprisonment claim, and it is unclear whether plaintiffs meant to include Davis in the subclass of plaintiffs bringing a claim for false imprisonment. Davis' allegations do, however, discuss false imprisonment. *See* SAC at ¶ 61. The parties have not briefed this issue, but it appears that California has a one-year statute of limitations for false imprisonment claims. Cal. Civ. Proc. Code § 340(c); *Stavropoulos v. Superior Court*, 141 Cal. App. 4th 190, 193 (Cal. Ct. App. 2006). Given that Davis stopped working in early 2004, her claim for false imprisonment would be barred by the one-year statute of limitations, even assuming it could relate back to the May 30, 2006 complaint. This may be why plaintiffs have listed Justin Kiser as the only named plaintiff asserting a false imprisonment claim on behalf of the false imprisonment subclass. *See* SAC at 36.

[2] Defendants mention a slightly different list of causes of action that should be dismissed here, *see* Defendants' Motion at 6, but the Court believes these are the causes of action at issue.

3

response that the statutes of limitation were tolled for Davis under the relation back doctrine because she was a class member and is not bringing any claims against defendants that were not already asserted in the May 30, 2006 complaint.

As an initial matter, the Court holds that the doctrine of equitable tolling for class action suits applies to Davis' claims, such that they are not barred by the applicable statutes of limitation. "The filing of a class action suit tolls the statute of limitations for all asserted class members, and the statute of limitations remains tolled 'until class certification is denied.'" *Sawtell v. E.I. du Pont de Nemours and Co., Inc.*, 22 F.3d 248, 253 (10th Cir. 1994) (quoting *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983)); *see also Phillips v. Ford Motor Co.*, 435 F.3d 785, 788 (7th Cir. 2006). Indeed, the Ninth Circuit has recognized this rule. *See In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 936 (9th Cir. 1996) (discussing *Sawtell* and stating that "[t]he equitable tolling doctrine only tolls the statute of limitations for asserted class members"). The Supreme Court has explained that equitable tolling applies in the class action context because "[c]lass members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims," *Parker*, 462 U.S. at 352-53, and because the class action complaint provides defendants with adequate notice of the "substantive claims being brought against them" and "the number and generic identities of the potential plaintiffs," *id.* at 353 (internal quotation marks omitted).

The Ninth Circuit in *Syntex* declined to apply equitable tolling because the new plaintiffs were not "asserted class members" but were attempting to enlarge the class by expanding the class period beyond the dates asserted in the initial complaint. *Syntex*, 95 F.3d at 935-936. *Syntex* was a securities action in which the first group of plaintiffs had all purchased stock prior to an important disclosure that caused stock prices to drop considerably; the plaintiffs had sought to rely on either equitable tolling or the relation back doctrine to permit an expansion of the class to include plaintiffs who purchased stock after the disclosure. *Id.* at 925 n.1, 935-36. Because these later purchases of stock were made with full knowledge of the allegedly fraudulent activities and at entirely different stock prices, and because the original class period explicitly did not include plaintiffs who purchased stock after the disclosure, the Ninth Circuit held the new plaintiffs were not part of the original class and denied equitable tolling. *Id.*

4

Here, by contrast, equitable tolling applies because there is no question that Davis was an "asserted class member" when this case began in state court on May 30, 2006. The face of the original complaint makes clear that the putative class consisted of *"all* current and former hourly-based employees of Defendants in the State of California who were subjected to the unlawful employment practices described herein during all applicable statutes of limitations ('the Class Period')." Complaint at ¶ 52 (emphasis added); *see also id.* at ¶ 12. The complaint also makes clear that the subclasses consist of, *inter alia*: "[a]ll of Defendants' employees in the State of California . . . against whom Defendants committed the fraudulent acts described herein"; "[a]ll of Defendants' employees in the State of California . . . to whom Defendants failed to pay wages due"; "[a]ll of Defendants' employees in the State of California . . . whose employment contracts or covenants were breached by Defendants"; "[a]ll of Defendants' employees in the State of California . . . who were terminated or who resigned, and to whom Defendants failed to timely pay all wages due"; "[a]ll of Defendants' employees in the State of California . . . who were denied rest breaks"; and "[a]ll of Defendants' employees in the State of California . . . whose accurate payroll records were not provided to and/or whose requests for those accurate payroll records were denied." *Id.* at ¶ 52. Other than in the context of describing where each of the named plaintiffs worked, the complaint made no mention of retail stores versus outlet stores, and gave no indication that the putative class was meant to encompass only those employees who worked at full-price retail stores.

Davis was and is part of this class and certain of these subclasses because she alleges that she was (1) an employee of defendants during the class period, (2) working in California, and (3) required to work off the clock without pay, not paid overtime compensation, denied rest breaks, and not provided accurate payroll records. SAC at ¶¶ 60, 63, 64. Even though defendants appear to disagree that this class and the various subclasses meet the requirements for class certification – i.e. because employees of defendants' retail stores are not similarly situated to employees of defendants' outlet stores – that is not a valid ground for denying Davis the benefit of equitable tolling. As the Supreme Court has stated, "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Parker*, 462 U.S. at 354. Unless and until class

5

certification is denied, Davis remains a member of the putative class and benefits from the tolling of the statutes of limitation for her claims. As the original class complaint was filed in May 2006, within three years of the February 2004 termination of Davis' employment, Davis' claims are not time-barred and defendants' motion to dismiss these claims is DENIED.

In the alternative, the Court notes that the relation back doctrine would also permit Davis to benefit from the tolling of her statutes of limitation. Because the parties focus almost exclusively on the relation back doctrine, the Court will address it briefly here. Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading relates back to the date of the original pleading when: "the law that provides the applicable statute of limitations allows relation back" or "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(A) & (B). The Ninth Circuit has explained that "[a]n amendment adding a party plaintiff relates back to the date of the original pleading only when: 1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Syntex*, 95 F.3d at 935 (citing *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir. 1982)).

Defendants argue these tests are not met and that relation back is improper because Davis, as a sales associate at an outlet store, is a very different type of employee from the original named plaintiffs, all of whom worked at full-price retail stores. According to defendants' motion,[3] defendants collectively own and operate nine full-price retail stores and 13 outlet stores in California. Defendants' Motion at 2. The retail stores sell "large ticket items and a selective line of merchandise," while the outlet stores sell "moderately priced Polo goods not available in the Polo full price stores." *Id.* Defendants contend that each store is unique and maintains different policies and procedures, and that retail and outlet stores differ in the way sales associates are compensated, the type of sales associates hired, and the way the schedules of sales associate are managed. *Id.* at 3-4. This is a essentially an argument about "class" differences between two types of "class" members, but it is irrelevant. As discussed above, the putative

---

[3] This information is included in defendants' motion only, and is not presented in the form of a declaration.

6

class includes *all* California employees of defendants who experienced the various violations described in the complaint, regardless of where they worked.  As a result, defendants had adequate notice of Davis' claims, *see Besig*, 683 F.2d at 1278 ("Notice is the critical inquiry"), and her claims arose out of the same conduct at issue in the original complaint; that is, her claims arose out of defendants' failure to fully compensate their employees, failure to provide rest breaks to their employees, and other alleged violations, *see* Fed. R. Civ. P. 15(c)(1)(B).  Davis also shares an identity of interest with the other named plaintiffs, both as a member of the putative class and as another employee seeking the same relief, i.e. the wages she believes were owed to her and other associated damages.  *See Besig*, 683 F.2d at 1278 ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest.").  The Court also does not see how defendants could be prejudiced by the relation back, since Davis has been a member of the class all along and defendants have been on notice that the original complaint was brought by all California employees who experienced the alleged violations of California law.  Accordingly, the Court DENIES defendants' motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, the Court hereby DENIES defendants' motion to dismiss the claims asserted by Renee Davis [Docket No. 62].  The parties' stipulated request to continue the date of the hearing is DENIED as moot [Docket No. 69]. **The Case Management Conference is continued to Friday, January 25, 2008 at 2:00 p.m.**

**IT IS SO ORDERED.**

Dated: January 9, 2008

SUSAN ILLSTON
United States District Judge