1  WILLIAM J. GOINES (SBN 061290)
   ALISHA M. LOUIE (SBN 240863)
2  GREENBERG TRAURIG, LLP
   1900 University Avenue, Fifth Floor
3  East Palo Alto, CA 94303
   Telephone: (650) 328-8500
4  Facsimile: (650) 328-8508
   Email: goinesw@gtlaw.com; louiea@gtlaw.com
5
   JEREMY A. MEIER (SBN 139849)
6  GREENBERG TRAURIG, LLP
   1201 K Street, Suite 1100
7  Sacramento, CA 95814
   Telephone: (916) 442-1111
8  Facsimile: (916) 448-1709
   Email: meierj@gtlaw.com
9
   BRIAN S. COUSIN (*APPEARING PRO HAC VICE*)
10 NEIL A. CAPOBIANCO (*APPEARING PRO HAC VICE*)
   GREENBERG TRAURIG, LLP
11 MetLife Building, 200 Park Avenue
   New York, NY 10166
12 Telephone: (212) 801-9200
   Facsimile: (212) 801-6400
13 Email: cousinb@gtlaw.com; capobiancon@gtlaw.com

14 Attorneys for Defendants Polo Ralph Lauren
   Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
15 doing business in California as Polo Retail Corporation; and
   Fashions Outlet of America, Inc.
16

17                **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19                  **SAN FRANCISCO DIVISION**

20

21 ANN OTSUKA, et al,                    Case No.: C07-02780 SI

22         Plaintiff(s),

23                                        **DEFENDANTS' ANSWER TO SECOND**
   v.                                     **AMENDED COMPLAINT**

24 POLO RALPH LAUREN CORPORATION, a
   Delaware Corporation; et al.,
25

26         Defendant(s)

27 AND RELATED CROSS-ACTIONS.

28

1    Defendants Polo Ralph Lauren Corporation, a Delaware Corporation; Polo Retail, LLC, a

2  Delaware Corporation; Polo Ralph Lauren Corporation, a Delaware Corporation, doing business

3  in California as Polo Retail Corp.; and Fashions Outlet Of America, Inc., a Delaware Corporation

4  ("Polo" Or "Defendants"), hereby answer the Second Amended Complaint of Plaintiffs Ann

5  Otsuka, an Individual; Janis Keefe, an Individual; Corinne Phipps, an Individual; Justin Kiser, An

6  Individual; and Renee Davis, an Individual, and on behalf of all other similarly situated

7  ("Plaintiffs"), as follows:

8                          **JURISDICTION AND VENUE**

9    1.    Defendants admit, upon information and belief, the allegations in paragraph 1.

10    2.    Defendants admit, upon information and belief, the allegations in paragraph 2.

11    3.    Defendants admit, upon information and belief, the allegations in paragraph 3.

12    4.    Defendants admit, upon information and belief, the allegations in paragraph 4.

13    5.    Defendants admit, upon information and belief, the allegations in paragraph 5.

14    6.    Defendants admit the allegations in paragraph 6.

15    7.    Defendants admit the allegations in paragraph 7.

16    8.    Defendants deny the allegations in paragraph 8.

17    9.    Defendants admit the allegations in paragraph 9.

18    10.    Defendants admit the allegations in paragraph 10.

19                      **NATURE OF THE ACTION--SUMMARY**

20    11.    Defendants deny that any current or former employees in the State of California

21  have been injured by any of the conduct of Defendants.  Polo admits that this action is brought by

22  Plaintiffs and all other current and former employees of Polo, without admitting the basis for any

23  alleged putative class.  Polo lacks sufficient information and belief as to whether the alleged

24  employees were and/or employed in Polo's full price or factory outlet stores in California and, on

25  that basis, denies that part of paragraph 11.

26    12.    Defendants deny the allegations in paragraph 12.

27    13.    Defendants deny the allegations in paragraph 13.

28

1

**ANN OTSUKA**

2      14.    Defendants admit the allegations in paragraph 14.

3      15.    Defendants lack sufficient information and belief upon which to admit or deny the

4    allegations in paragraph 15, and on that basis deny said allegations.

5      16.    Defendants deny the allegations in paragraph 16.

6      17.    Defendants deny the allegations in paragraph 17.

7      18.    Defendants deny the allegations in paragraph 18.

8      19.    Defendants admit the allegations in paragraph 19.

9      20.    Defendants deny the allegations in paragraph 20.

10     21.    Defendants deny the allegations in paragraph 21.

11     22.    Defendants deny the allegations in paragraph 22, except as to the allegations that

12   she felt herself to be physically confined, was frustrated and that she missed appointments

13   because she had to wait upwards of twenty minutes, which allegations Polo denies on information

14   and belief.

15     23.    Defendants deny the allegations in paragraph 23, except as to the allegation that

16   Otsuka felt harassed and intimidated by the comments of managers and did not take mandatory

17   breaks because she feared she would lose her job or be harassed if she did, which allegations Polo

18   denies on information and belief.

19

**CORRINE PHIPPS**

20     24.    Defendants admit the allegations in paragraph 24.

21     25.    Defendants lack sufficient information and belief upon which to admit or deny the

22   allegations in paragraph 25, and on that basis deny said allegations.

23     26.    Defendants deny the allegations in paragraph 26.

24     27.    Defendants deny the allegations in paragraph 27.

25     28.    Defendants deny the allegations in paragraph 28.

26     29.    Defendants deny the allegations in paragraph 29.

27     30.    Defendants admit the allegations in paragraph 30.

28     31.    Defendants deny the allegations in paragraph 31.

1    32.    Defendants deny the allegations in paragraph 32.

2    33.    Defendants deny the allegations in paragraph 33, except as to the allegations that

3    she felt herself to be physically confined and that she feared leaving the store, and that she was

4    frustrated and humiliated and missed appointments because she had to wait upwards of thirty

5    minutes, and that other employees shared her sense of frustration and humiliation, which

6    allegations Polo denies on information and belief.

7    34.    Defendants deny the allegations in paragraph 34.

8    **JUSTIN KISER**

9    35.    Defendants admit the allegations in paragraph 35.

10   36.    Defendants lack sufficient information and belief upon which to admit or deny the

11   allegations in paragraph 36, and on that basis deny said allegations.

12   37.    Defendants deny the allegations in paragraph 37.

13   38.    Defendants deny the allegations in paragraph 38.

14   39.    Defendants admit the allegations in paragraph 39.

15   40.    Defendants deny the allegations in paragraph 40.

16   41.    Defendants deny the allegations in paragraph 41.

17   42.    Defendants deny the allegations in paragraph 42, except as to the allegations that

18   he felt himself to be physically confined and feared leaving the store, and that he was frustrated

19   and humiliated and that he missed appointments because he had to wait upwards of thirty minutes

20   and that other employees shared his sense of frustration and humiliation, which allegations Polo

21   denies on information and belief.

22   43.    Defendants deny the allegations in paragraph 43.

23   44.    Defendants deny the allegations in paragraph 44, except as to the allegation that

24   Kiser felt extremely harassed and humiliated by the comments of managers and did not take

25   mandatory breaks because he feared he would lose his job, which allegations Polo denies on

26   information and belief.

27   45.    Defendants deny the allegations in paragraph 45.

28

1

**JANIS KEEFE**

2    46.    Defendants admit the allegations in paragraph 46.

3    47.    Defendants lack sufficient information and belief upon which to admit or deny the

4    allegations in paragraph 47, and on that basis deny said allegations.

5    48.    Defendants deny the allegations in paragraph 48.

6    49.    Defendants deny the allegations in paragraph 49.

7    50.    Defendants deny the allegations in paragraph 50.

8    51.    Defendants admit the allegations in paragraph 51

9    52.    Defendants deny the allegations in paragraph 52.

10    53.    Defendants deny the allegations in paragraph 53.

11    54.    Defendants deny the allegations in paragraph 54, except as to the allegations that

12    she felt herself to be physically confined and feared leaving the store, and that she was frustrated

13    and humiliated, that she missed appointments because she had to wait upwards of thirty minutes

14    and that other employees shared her sense of frustration and humiliation, which allegations Polo

15    denies on information and belief.

16    55.    Defendants deny the allegations in paragraph 55.

17    56.    Defendants deny the allegations in paragraph 56, except as to the allegation that

18    Keefe felt harassed and intimidated by the comments of managers and did not take mandatory

19    breaks because she feared she would lose her job or be harassed if she did, which allegations Polo

20    denies on information and belief.

21

**RENEE DAVIS**

22    57.    Defendants deny the allegation in paragraph 57 that Renee Davis was employed as

23    a sales associate in Defendant's Cabazon factory outlet store, and admit that she was employed

24    there between approximately October 2002 and February 2004.

25    58.    Defendants deny the allegations in paragraph 58.

26    59.    Defendants lack sufficient information and belief upon which to admit or deny the

27    allegations in paragraph 59, and on that basis deny said allegations.

28

60.    Defendants deny the allegations in paragraph 60, except as to the allegations that she worked various shifts, sometimes opening the store in the morning and sometimes closing it at the end of the business day.

61.    Defendants deny the allegations in paragraph 61, except as to the allegations that she feared leaving the store through an alarmed back door, that the alleged experience was often frustrating and demeaning, and that other employees shared her sense of frustration, which allegations Polo denies on information and belief.

62.    Defendants deny the allegations in paragraph 62, except as to the allegation that Renee Davis routinely arrived at the store ten to fifteen minutes early for opening shifts, which allegation Polo denies on information and belief.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants deny the allegations in paragraph 64.

## CLASS ACTION ALLEGATIONS

65.    Defendants admit the allegations contained in paragraph 65 as to the filing of this action in Superior Court and its removal, and deny the remaining allegations in paragraph 65.

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants admit on information and belief that they have employed thousands of individuals in California since the beginning of the alleged Class Period, and deny the remaining allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.    Defendants admit on information and belief that they have the names and addresses of the persons who are members of the class insofar as that information was provided to

1  |  them at the time of the class members' employment with Defendants, and deny the remaining

2  |  allegations in paragraph 75.

3  |        76.    Defendants deny the allegations in paragraph 76.

4  |        77.    Defendants deny the allegations in paragraph 77.

5  |        78.    Defendants deny the allegations in paragraph 78.

## FIRST CLAIM FOR RELIEF
### (Fraud)

79.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

80.    Defendants deny the allegations in paragraph 80.

81.    Defendants deny the allegations in paragraph 81.

82.    Defendants deny the allegations in paragraph 82.

83.    Defendants deny the allegations in paragraph 83; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all.

84.    Defendants deny the allegations in paragraph 84; Defendants further deny that Plaintiffs have been damaged the sum or sums alleged or at all; Defendants further deny that Plaintiffs are entitled to an award of exemplary or punitive damages.

## SECOND CLAIM FOR RELIEF
### (False Imprisonment)

85.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

86.    Defendants deny the allegations in paragraph 86.

87.    Defendants deny the allegations in paragraph 87; Defendants further deny that Plaintiffs have been damaged in any sum or sums or at all.

## THIRD CLAIM FOR RELIEF
### (For Violations Of California Labor Code §§ 510 And 204 -
### Failure To Pay All Wages, Including Premium Overtime Wages)

88.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein. Defendants deny the remaining allegations in

1   paragraph 88 on the basis that the allegations attempt to paraphrase or define provisions of the
2   California Labor Code which speak for themselves.

3       89.    Defendants deny the allegations in paragraph 89, as the allegations are uncertain as
4   to the term "California law"; Defendants further deny the allegations in paragraph 89 on the basis
5   that any relevant provisions of California law speak for themselves; Defendants deny the
6   remaining allegations in Paragraph 89, including the allegation that Plaintiffs and the putative
7   class members were not paid for all hours worked and were forced to work off the clock.

8       90.    Defendants deny the allegations in paragraph 90.

9       91.    Defendants deny the allegations in paragraph 91.

10      92.    Defendants deny the allegations in paragraph 92.

11      93.    Defendants deny the allegations in paragraph 93; Defendants further deny that
12  Plaintiffs have been damaged the sum or sums alleged or at all.

13      94.    Defendants deny the allegations in paragraph 94; Defendants further deny that
14  Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that
15  Plaintiffs are entitled to an award of penalties.

16      95.    Defendants deny the allegations in paragraph 95; Defendants further deny that
17  Plaintiffs are entitled to an award of prejudgment interest.

18      96.    Defendants deny the allegations in paragraph 96; Defendants deny that Plaintiffs
19  are entitled to an award of attorneys' fees.

20                              **FOURTH CLAIM FOR RELIEF**
21                              **(Violations Of Labor Code 221)**

22      97.    Defendants repeat their responses to the respective paragraphs alleged herein by
23  Plaintiffs, as though fully set forth herein.

24      98.    Defendants deny the allegations in paragraph 98 on the basis that the allegations
25  attempt to paraphrase or define a provision of the California Labor Code which speaks for itself.

26      99.    Defendants deny the allegations in paragraph 99.

27      100.   Defendants deny the allegations in paragraph 100.

28

1    101.    Defendants deny the allegations in paragraph 101; Defendants further deny that

2  Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that

3  Plaintiffs are entitled to an award of penalties.

4    102.    Defendants deny the allegations in paragraph 102; Defendants further deny that

5  Plaintiffs are entitled to an award of prejudgment interest.

6    103.    Defendants deny the allegations in paragraph 103; Defendants further deny that

7  Plaintiffs are entitled to an award of attorneys' fees.

8                          **FIFTH CLAIM FOR RELIEF**
                                **(Breach of Contract)**
9

10    104.    Defendants repeat their responses to the respective paragraphs alleged herein by

11  Plaintiffs, as though fully set forth herein.

12    105.    Defendants deny the allegations in paragraph 105.

13    106.    Defendants deny the allegations in paragraph 106.

14    107.    Defendants deny the allegations in paragraph 107; Defendants further deny that

15  Plaintiffs have been damaged in the sum or sums alleged or at all.

16    108.    Defendants deny the allegations in paragraph 108; Defendants deny that Plaintiffs

17  have been damaged in the sum or sums alleged or at all.

18                          **SIXTH CLAIM FOR RELIEF**
     **(For Willful Violations Of California Labor Code §§ 201, 202, And 203 – Failure To Pay**
19           **Waves Upon Discharge Or Quitting; Waiting Time Penalties)**

20    109.    Defendants repeat their responses to the respective paragraphs alleged herein by

21  Plaintiffs, as though fully set forth herein.

22    110.    Defendants deny the allegations in paragraph 110 on the basis that the allegations

23  attempt to paraphrase or define provisions of the California Labor Code which speak for

24  themselves.

25    111.    Defendants deny the allegations in paragraph 111; Defendants deny that Plaintiffs

26  have been damaged in the sum or sums alleged or at all; Defendants further deny that Plaintiffs

27  are entitled to an award of penalties or attorneys' fees.

28

1

2

### SEVENTH CLAIM FOR RELIEF
**(For Violations Of California Labor Code § 226.7 - Failure To Afford Mandatory Rest Breaks As Required By IWC Orders And Labor Code)**

3

4

      112.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

5

6

      113.    Defendants lack sufficient information and belief upon which to admit or deny the allegations in Paragraph 113, and on that basis deny said allegations.

7

8

9

      114.    Defendants deny the allegations in paragraph 114 on the basis that the allegations attempt to paraphrase or define provisions IWC Order 7-2001 and California Labor Code section 226.7 which speaks for themselves.

10

      115.    Defendants deny the allegations in paragraph 115.

11

12

      116.    Defendants deny the allegations in paragraph 116; Defendant further deny that Plaintiffs have been damaged in the sum or sums alleged or at all.

13

14

      117.    Defendants deny the allegations in paragraph 117; Defendants further deny that Plaintiffs are entitled to an award of attorneys' fees.

15

16

### EIGHTH CLAIM FOR RELIEF
**(For Violations Of Labor Code § 226 - Failure To Maintain Pay Records; Failure To Make Pay Records Available Upon Request)**

17

18

      118.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

19

      119.    Defendants deny the allegations in paragraph 119.

20

21

      120.    Defendants deny the allegations in paragraph 120; Defendants further deny that Plaintiffs are entitled to the relief requested or any relief at all.

22

23

      121.    Defendants deny the allegations in paragraph 121; Defendants further deny that Plaintiffs are entitled to an award of penalties and attorneys' fees.

24

25

### NINTH CLAIM FOR RELIEF
**(Violation Of Labor Code § 232)**

26

27

      122.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

28

1         123.    Defendants deny the allegations in paragraph 123 on the basis that the allegations

2 attempt to paraphrase or define a provision of the California Labor Code which speaks for itself.

3         124.    Defendants deny the allegations in paragraph 124.

4         125.    Defendants deny the allegations in paragraph 125; Defendants further deny that

5 Plaintiffs are entitled to the relief requested or any relief at all.

6         126.    Defendants deny the allegations in paragraph 126; Defendants further deny that

7 Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that

8 Plaintiffs are entitled to the relief requested or any relief at all.

9

### TENTH CLAIM FOR RELIEF
#### (For Violations Of California Business And Professions Code §§ 17200, Et Seq. Based Upon Defendants' Unfair Business Acts And Practices)

12         127.    Defendants repeat their responses to the respective paragraphs alleged herein by

13 Plaintiffs, as though fully set forth herein.

14         128.    Defendants admit the allegations in paragraph 128 that Plaintiffs bring this action

15 pursuant to the Business and Professions Code Sections 17200, et seq., but deny the remaining

16 allegations therein.

17         129.    Defendants admit the allegations in paragraph 129 that Plaintiffs bring this action

18 pursuant to the Business and Professions Code Sections 17200, et seq., but deny the remaining

19 allegations therein.

20         130.    Defendants  deny the allegations in paragraph 130, except as to the allegation as to

21 the Unfair Competition Law prohibiting all unfair competition which allegation Polo denies on

22 information and belief in that Plaintiffs have not defined with any certainty the term "the Unfair

23 Competition Law." Defendants further deny the allegations in paragraph 130 on the basis that the

24 allegations attempt to paraphrase or define provisions of the Business and Professions Code

25 which speak for themselves

26         131.    Defendants deny the allegations in paragraph 131. Defendants further deny the

27 allegations in paragraph 131 on the basis that the allegations attempt to paraphrase or define

28 provisions of the Business and Professions Code which speak for themselves

1    132.    Defendants deny the allegations in paragraph 132 on information and belief.

2    133.    Defendants deny the allegations in paragraph 133 on information and belief.

3    134.    Defendants deny the allegations in paragraph 134.  Defendants further deny the
4    allegations in paragraph 134 on the basis that the allegations attempt to paraphrase or define
5    provisions of the Business and Professions Code which speak for themselves

6    135.    Defendants deny the allegations in paragraph 135.

7    136.    Defendants deny the allegations in paragraph 136.

8    137.    Defendants deny the allegations in paragraph 137.

9    138.    Defendants deny the allegations in paragraph 138.  Defendants further deny the
10    allegations in paragraph 138 on the basis that the allegations attempt to paraphrase or define
11    provisions of the Business and Professions Code which speak for themselves

12    139.    Defendants deny the allegations in paragraph 139.

13    140.    Defendants deny the allegations in paragraph 140.

14    141.    Defendants deny the allegations in paragraph 141.  Defendants further deny the
15    allegations in paragraph 141 on the basis that the allegations attempt to paraphrase or define
16    provisions of the Business and Professions Code which speak for themselves

17    142.    Defendants deny the allegations in paragraph 142 on the basis that the allegations
18    attempt to paraphrase or define provisions of the Business and Professions Code which speak for
19    themselves.

20    143.    Defendants deny the allegations in paragraph 143.

21    144.    Defendants deny the allegations in paragraph 144.

22    145.    Defendants deny the allegations in paragraph 145; Defendants further deny that
23    Plaintiffs are entitled to the relief requested or any relief at all.

24                    **ELEVENTH CLAIM FOR RELIEF**
25                         **(Declaratory Relief)**

26    146.    Defendants re-assert their responses to the respective paragraphs as re-alleged in
27    Paragraph 146, as though fully set forth herein.

28

1   147.   Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the
2   remaining allegations in paragraph 147.

3   148.   Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the
4   remaining allegations in paragraph 148.

5   149.   Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the
6   remaining allegations in paragraph 149.

7
8   **TWELFTH CLAIM FOR RELIEF**
**(Violation of the Private Attorneys General Act)**

9   150.   Defendants re-assert their responses to the respective paragraphs as re-alleged in
10   Paragraph 150, as though fully set forth herein.

11   151.   Defendants deny the allegations in paragraph 151.
12   152.   Defendants deny the allegations in paragraph 152.
13   153.   Defendants deny the allegations in paragraph 153.
14   154.   Defendants deny the allegations in paragraph 154.
15   155.   Defendants deny the allegations in paragraph 155.
16   156.   Defendants deny the allegations in paragraph 156.
17   157.   Defendants deny the allegations in paragraph 157.
18   158.   Defendants deny the allegations in paragraph 158.
19   159.   Defendants deny the allegations in paragraph 159.
20   160.   Defendants deny the allegations in paragraph 160.
21   161.   Defendants deny the allegations in paragraph 161.
22   162.   Defendants deny the allegations in paragraph 162.
23   163.   Defendants deny the allegations in paragraph 163.
24   164.   Defendants deny the allegations in paragraph 164.
25   165.   Defendants deny the allegations in paragraph 165.
26
27
28

166.    Defendants admit that Plaintiffs seek to serve as private attorneys general under the Private Attorneys General Act, Labor Code §§ 2699, et seq., but deny the remaining allegations in paragraph 166.

167.    Defendants admit that the California Labor and Workforce Development Agency provided notice to defendants and plaintiffs that it did not intend to investigate, as reflected in Exhibit 1 to the complaint, but deny but deny the remaining allegations in paragraph 167.

168.    Defendants deny the allegations in paragraph 168.

### RELIEF REQUESTED

169.    Polo denies that there is any basis in law or fact for the relief contained and requested in Plaintiffs' Prayer for Relief. Defendants further deny that Plaintiffs have been damaged the sum or sums alleged or at all.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Second Amended Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs have failed to mitigate their alleged damages, and have failed to exercise due diligence in an effort to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Causation)

Defendants did not cause any damages alleged by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' action is barred by the doctrine of estoppel. Plaintiffs are estopped from asserting the claims set forth in their Second Amended Complaint by reason of their own conduct, actions or inactions, and are barred, in whole or in part, from the relief sought therein.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' Second Amended Complaint, and each cause of action therein, is barred by the doctrine of waiver, in whole or in part, by virtue of their own conduct, actions, or inaction.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' Second Amended Complaint, and each cause of action alleged therein, is barred by the doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (*in pari delicto*)

Plaintiffs' action is barred by the doctrine of *in pari delicto*.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' action is barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiffs' action is barred by the doctrine of ratification, confirmation and acquiescence.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable Statute of Limitations, including but not limited to those as set forth in California Code of Civil Procedure Sections 335.1, 337, 338, and 340, California Government Code Sections 12960 and 12965, and in California Business and Professions Code Section 17208, and in any other relevant statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants acted reasonably and in good faith at all times, based on all relevant facts and circumstances known by them at the time that they acted. Accordingly, Plaintiffs are barred, in whole or in part, from any recovery in this action.

1

2

### TWELFTH AFFIRMATIVE DEFENSE
#### (Excuse of Performance)

3    Plaintiffs' Second Amended Complaint, and each and every cause of action therein, fail

4 because Defendants were excused from performing any alleged obligations.

5

6

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Claims Barred)

7    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to properly

8 discharge their duties and obligations under the terms of their alleged employment contracts with

9 Defendants.

10

11

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Meal and Rest Breaks Provided)

12    Plaintiffs' claims are barred in whole or in part because Plaintiffs were given the

13 opportunity to take rest and/or meal breaks but they voluntarily elected not to.

14

15

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (*De Minimis*)

16    To the extent that Plaintiffs' meal and/or rest breaks were untimely or short by just a few

17 minutes, Plaintiffs' meal and/or rest break claims constitute irrelevant *de minimis* violations.

18

19

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Plead Facts Sufficient to Support Punitive Damages)

20    Plaintiffs are not entitled to recover any punitive or exemplary damages and any

averments with respect thereto should be stricken because:

21

22    (a)    Plaintiffs have failed to plead facts sufficient to support oppression, fraud and/or

malice; and/or

23

24    (b)    Plaintiffs have failed to plead facts sufficient to support gross or reckless disregard

25 for the rights of Plaintiffs or that Defendants were motivated by evil motive or intent; and/or

26    (c)    Defendants did not commit any alleged oppressive, fraudulent or malicious act,

nor authorized or ratified such an act.

27

28

1

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Recovery for Statutory Penalties and Punitive Damages)

2

3

Punitive damages are not available in addition to Labor Code penalties because a penalty on a penalty is not permitted.

4

5

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

6

7

Defendants are informed and believe and based thereon allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendants, and Plaintiffs are thereby barred from asserting any claim against Defendants.

8

9

10

## NINETEENTH AFFIRMATIVE DEFENSE
### (*De Minimis Non Curat Lex*)

11

12

Plaintiffs are seeking compensation for trivial, non-compensable time spent before and after their principal work activities.

13

14

## TWENTIETH AFFIRMATIVE DEFENSE
### (Privilege)

15

16

The actions of Defendants as alleged in the Second Amended Complaint were based on Defendants' legitimate economic interests, and on that basis, were privileged.

17

18

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Defendants' Right to Attorneys' Fees)

19

20

Defendants are entitled to recover all attorneys' fees and costs incurred herein, insofar as any and all of the claims alleged in the Second Amended Complaint are frivolous, unreasonable or without foundation.

21

22

23

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Management Discretion)

24

25

Any and all conduct about which Plaintiffs complain and which is attributed to Defendants was a just and proper exercise of management discretion, was undertaken for fair and honest reasons, and was regulated by good faith under the circumstances existing at all times mentioned in Plaintiffs' Second Amended Complaint.

26

27

28

1

2
## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Justification)

3    The conduct alleged in the Second Amended Complaint, and in each cause of action

4 alleged, was justified by business necessity.

5

6
## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Ratification)

7    Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification, consent

8 and acquiescence.

9

10
## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Class Exists)

11    Plaintiffs' Second Amended Complaint and the alleged causes of action do not state facts

12 sufficient to certify a class.  Class action treatment is improper because the acts or omissions

13 about which Plaintiffs complain are individualized issues about which no illegal or improper Polo

14 policy or practice exists.  Further, the class that plaintiffs seek to represent is ill-defined.

15

16
## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Individual Issues Predominate)

17    Class action treatment is improper because individualized issues amongst Plaintiffs

18 predominate.

19

20
## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Class Action Unworkable)

21    Class action treatment is improper because individualized issues would render such a class

22 action impractical and unworkable.

23

24
## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Improper Class Representative)

25    Plaintiffs are not proper class representatives.  Plaintiffs will not fairly or adequately

26 protect the interests of the class they seek to represent.  Plaintiffs' claims and Defendants'

27 individualized defenses thereto are not typical of the class that plaintiffs seek to represent.

28

1

2

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (No Class Wide Injury)

Defendants aver that there has been no class-wide injury as alleged by the named Plaintiffs.  The injuries for which recovery is sought by the named Plaintiffs on behalf of the purported class cannot be recovered without proof by each class member as to the specific facts underlying the violations alleged by each class member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Due Process)

Defendants' rights to due process under the United States and California Constitutions would be violated if this action were tried as a class action.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (Accord And Satisfaction)

Plaintiffs' action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### THIRTY SECOND AFFIRMATIVE DEFENSE
#### (Set Off)

Plaintiffs' action is barred, in whole or in part, by the doctrine of set off and payment in satisfaction.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Exemption)

Plaintiffs' action is barred, in whole or in part, by virtue of Plaintiffs' exempt status pursuant to California Industrial Welfare Commission orders and regulations including, but not limited to, Order No. 7-2001.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
#### (Commissioned Inside Sales Employee Exemption)

Plaintiffs are commissioned employees exempt from any overtime requirements pursuant to Section 3(D) of Industrial Welfare Commission Order No. 7-2001.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (ERISA Preemption)

Plaintiffs' claims related to health benefits are preempted by the provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
#### (NLRA Preemption)

Plaintiffs' claims related to prohibitions against the disclosure of employee compensation information are preempted by the provisions of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Reservation of Rights)

Because of the vague language and allegations in the Second Amended Complaint, including but not limited to several allegations that render the Second Amended Complaint uncertain pursuant to California Code of Civil Procedure § 430.10(f), Defendants cannot anticipate all possible defenses at this time.  As such, Defendants reserve their right to add additional separate defenses at an appropriate time.

WHEREFORE, Defendants demand that Plaintiffs' Second Amended Complaint be dismissed in its entirety with prejudice; that judgment be granted in favor of Defendants, with costs of suit and reasonable attorney's fees; and for such other relief that the Court shall deem just and proper.

Dated: January 28, 2008.

GREENBERG TRAURIG, LLP

By: William J. Goines
    William J. Goines
    Alisha M. Louie
    Jeremy A. Meier
    Brian S. Cousin
    Neil A. Capobianco

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.