Patrick R. Kitchin, Esq. (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:   (415) 677-9058
Facsimile:   (415) 627-9076

Attorneys for Janis Keefe, Corinne Phipps, Justin Kiser
and Renee Davis

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation<br><br>**Defendants.** | Case No.:  C-07-02780-SI<br><br>PLAINTIFF AND COUNTERCLAIM DEFENDANT JUSTIN KISER'S ANSWER TO AMENDED COUNTERCLAIM |

Plaintiff and counterclaim defendant Justin Kiser hereby answers the amended counterclaim of Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Ralph Lauren Corporation, doing business as Polo Retail Corp, and Fashions Outlet of America ("Polo"), as follows:

**"NATURE OF THE ACTION"**

1.      Based on information and belief, Justin Kiser admits Polo's amended counterclaim purports to state causes of action as alleged and that Polo is in the business of selling products in California. Justin Kiser denies he has breached any duties to Polo or that he conspired to convert Polo property.

2.      Justin Kiser admits the various Polo entities are incorporated in Delaware, as stated. Justin Kiser is without sufficient information and belief as to whether Polo's principal place of business is in New York, and, on that basis, denies that portion of the allegation.

3.      Justin Kiser admits the allegations in Paragraph 3 pertaining to his employment by Polo and denies the allegations relating to his residence in Contra Costa County.

4.      Justin Kiser denies the allegations set out in Paragraph 4 as not in compliance with Federal law regarding Doe and Roe designations.

**"JURISDICTION AND VENUE"**

5.      Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 5, and, on that basis, denies the allegations.

6.      Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 6, and, on that basis, denies the allegations.

7.      Based on information and belief, Justin Kiser admits the allegations in Paragraph 7, except with respect to the allegations regarding Polo's principal place of business. Justin Kiser is without sufficient information and belief as to whether Polo's principal place of business is in New York, and, on that basis, denies the allegation.

8.     Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 6, and, on that basis, denies the allegations, except with respect to his state of residence at the time of filing his class action complaint.

9.     Based on information and belief, Justin Kiser admits the allegations in Paragraph 9.

10.     Justin Kiser admits the allegations in Paragraph 10.

'FACTUAL ALLEGATIONS"

11.     Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 11, and, on that basis, denies the allegations.

12.     Justin Kiser admits the allegations in Paragraph 12 regarding the transaction, but denies that the transaction was done fraudulently or with an intention to commit fraud.

13.     Justin Kiser admits the allegations in Paragraph 13.

14.     Justin Kiser admits the allegations in Paragraph 14.

15.     Justin Kiser admits the allegations in Paragraph 15, except with respect to the allegation regarding his knowledge of Polo's policy in the circumstance of the alleged sale, and on that basis denies that portion of the allegation.

16.     Justin Kiser admits the allegations in Paragraph 16, except with respect to the allegation regarding his knowledge of Polo's policy in the circumstance of the alleged sale, and on that basis denies the allegation.

17.     Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 17 and on that basis denies the allegations.

18.     Justin Kiser admits the allegations in Paragraph 18.

19.     Justin Kiser admits the allegations in Paragraph 19.

"COUNT ONE"<br>("Breach of Fiduciary Duty")

20.     Justin Kiser admits the allegations in Paragraph 20.

21.     Justin Kiser denies the allegations of Paragraph 21.

22.     Justin Kiser denies the allegations of Paragraph 22.

23. Justin Kiser denies the allegations of Paragraph 23.

24. Justin Kiser denies the allegations of Paragraph 24.

25. Justin Kiser denies the allegations of Paragraph 25.

"COUNT TWO"
("Civil Conspiracy to Commit Conversion")

26. Justin Kiser admits the allegations of Paragraph 26.

27. Justin Kiser denies the allegations of Paragraph 27.

28. Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 28 and on that basis denies the allegations.

29. Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 29 and on that basis denies the allegations.

30. Justin Kiser denies the allegations of Paragraph 30.

31. Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 31 and on that basis denies the allegations.

32. Justin Kiser denies the allegations of Paragraph 32.

33. Justin Kiser denies the allegations of Paragraph 33.

34. Justin Kiser denies the allegations of Paragraph 34.

35. Justin Kiser is without sufficient information and belief to admit or deny the allegations in Paragraph 35 and on that basis denies the allegations.

36. Justin Kiser denies the allegations of Paragraph 36.

37. Justin Kiser denies the allegations of Paragraph 37.

38. Justin Kiser denies the allegations of Paragraph 38.

39. Justin Kiser denies the allegations of Paragraph 39.

40. Justin Kiser denies he had any intention to financially deprive Polo of any value and denies his actions financially deprived Polo of any value.

41. Justin Kiser denies the allegations of Paragraph 41.

1   42.    Justin Kiser denies the allegations of Paragraph 42.

2   43.    Justin Kiser denies the allegations of Paragraph 43.

3                          "PRAYER FOR RELIEF"

4   1-5.    Justin Kiser denies Polo is entitled to the relief sought.

5                          <u>AFFIRMATIVE DEFENSES</u>
                    FIRST AFFIRMATIVE DEFENSE
6                    (Failure to State a Cause of Action)

7       Polo's amended counterclaim fails to state a cause of action upon which relief may be

8   granted.

9                    SECOND AFFIRMATIVE DEFENSE
                        (Lack of Standing)
10      All or some of the Polo counterclaimants lack standing to assert the claims they assert.

11

12                   THIRD AFFIRMATIVE DEFENSE
                        (Equitable Estoppel)
13      The amended counterclaims are barred by Polo's role in the transactions that are the

14  subject of the claims Polo makes by reason of Polo's own conduct, actions or omissions.

15

16                   FOURTH AFFIRMATIVE DEFENSE
                            (Offset)
17      Any amount sought to be recovered in this amended counterclaim is barred in whole or

18  in part by the amount of money owed to Justin Kiser by Polo.

19

20                   FIFTH AFFIRMATIVE DEFENSE
                        (Lack of causation)
21      Justin Kiser did not cause any damages or injuries to Polo.

22

23                   SIXTH AFFIRMATIVE DEFENSE
                            (Waiver)
24      Polo's amended counterclaims are barred in whole or in part by the doctrine of waiver,

25  based on Polo's conduct, actions and omissions.

26

1

SEVENTH AFFIRMATIVE DEFENSE
(Consent)

2

3

Polo's amended counterclaims are barred in whole or in part due to Polo's consent to the transactions complained of.

4

5

EIGHTH AFFIRMATIVE DEFENSE
(Laches)

6

7

Polo's amended counterclaims are barred in whole or in part by laches due to Polo's unreasonable delay in asserting the claims.

8

9

NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

10

11

Polo's amended counterclaims are barred in whole or in part due to Polo's failure to mitigate its damages, if any.

12

13

TENTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

14

15

Polo's amended counterclaims are barred in whole or in part by the applicable statutes of limitations.

16

17

ELEVENTH AFFIRMATIVE DEFENSE
(Abandonment)

18

19

Polo expressly or by implication from acts, omissions and conduct, abandoned the claims set for the in its amended counterclaim.

20

21

TWELFTH AFFIRMATIVE DEFENSE
(Unclean Hands)

22

23

Polo's amended counterclaims are barred in whole or in part by the doctrine of unclean hands.

24

25

26

**- 6 -**
**Otsuka, et al. v. Polo, et al.**
Case No.:  C-07-02780-SI
**JUSTIN KISER'S ANSWER TO AMENDED COUNTERCLAIM**

THIRTEENTH AFFIRMATIVE DEFENSE
(Real Party in Interest)

Justin Kiser is informed and believes that one or more of the Polo entities asserted counterclaims is not the real party in interest entitled to bring these claims.

FOURTEENTH AFFIRMATIVE DEFENSE
(Conduct of Others)

The injury and damage Polo alleges were caused by Justin Kiser were proximately caused by the acts of third parties over which Justin Kiser had and has no control, including but not necessarily limited to Germania Baux.

FIFTEENTH AFFIRMATIVE DEFENSE
(Not Real Party in Interest)

Polo has failed to bring its counterclaims against the real party in interest.

SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to Join Necessary and Indispensable Parties)

Polo has failed to join on or more necessary and indispensable parties in this action, including but not necessarily limited to Germania Baux.  In the absence of such parties, complete relief cannot be awarded among those already parties.

SEVENTEENTH AFFIRMATIVE DEFENSE
(Unconstitutionality of Punitive Damages)

The imposition of punitive damages would violate the United States Constitution and California Constitution in that the imposition of punitive damages would violate the due process clauses contained therein.

EIGHTEENTH AFFIRMATIVE DEFENSE
(*In Pari Delicto*)

Polo's counterclaims are barred by the doctrine of *in pari delicto*.

1

NINETEENTH AFFIRMATIVE DEFENSE
(Punitive Damages)

2

Polo has failed to plead sufficient facts to support its claim for punitive damages and has

3

not pleaded facts showing Justin Kiser acted willfully, maliciously, or oppressively with an

4

intention to harm Polo.

5

TWENTIETH AFFIRMATIVE DEFENSE
(No Right to Attorney's Fees)

6

7

Polo is not entitled to attorney's fees under California law.

8

TWENTIETH FIRST AFFIRMATIVE DEFENSE
(De Minimis)

9

10

The alleged damages sustained by Polo are de minimis and not subject to calculation.

11

TWENTIETH SECOND AFFIRMATIVE DEFENSE
(Reservation of Rights)

12

13

Polo's counterclaims suffer from a lack of specificity, are vague, ambiguous and

14

uncertain and, consequently, Justin Kiser reserves his right to add additional affirmative

15

defenses.

16

WHEREFORE, Justin Kiser demand that Polo's counterclaims be dismissed with

17

prejudice, that judgment be entered in his favor and that Polo be ordered to pay Justin Kiser his

18

reasonable attorney's fees, costs and other such relief the Court deems just and proper.

19

20

Dated:  January 30, 2008                    THE LAW OFFICE OF PATRICK KITCHIN

21

22

_____/S/_____

23

By:     Patrick R. Kitchin
Attorney for Plaintiff and Cross-Defendant KISER

24

25

26