Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
and Renee Davis, and Cross-Defendant Justin Kiser

UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,<br><br>　　　　　　　Defendants.<br><br>AND RELATED CROSS-CLAIMS | Case No.: C-07-02780-SI<br><br>**NOTICE OF MOTION AND MOTION FOR DISMISS AND REMAND (Notice of Motion & Motion And Memorandum of Points & Authorities)**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Judge: Hon. Susan Illston<br>Place: Courtroom 10, 19th Floor<br>Date: May 2, 2008<br>Time: 9:00 a.m. |

**NOTICE OF MOTION & MOTION TO DISMISS AND REMAND**

PLEASE TAKE NOTICE that, on May 2, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 (450 Golden Gate Avenue, San Francisco, California),

---

*Otsuka, et al. v. Polo, et al.*　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. C-07-02780-SI
CROSS-DEFENDANT JUSTIN KISER'S MOTION TO DISMISS AND REMAND
1

Plaintiff Justin Kiser will and hereby does seek an order dismissing Defendants' cross claims against him and remanding the cross claims to the Superior Court of California for the City and County of San Francisco.

This motion is brought pursuant to 28 U.S.C. § 1447, on the grounds that: (1) the Court now lacks subject matter jurisdiction over the permissive cross claims; and/or (2) the Court should use its discretion to dismiss the claims because they are unrelated to any issue or any person involved in this employment class action case.

Plaintiff Justin Kiser sought and obtained dismissal of his claims in this complex employment class action case on March 21, 2008, and no longer serves as a named plaintiff. And, because the case is not yet certified, he is no longer before the Court in any capacity, except with respect to Defendants' unrelated, permissive cross claims.

Defendants will suffer no prejudice upon dismissal and remand. On March 25, 2008, Justin Kiser filed a complaint against Defendants in San Francisco Superior Court alleging claims he previously asserted as a putative class representative in this matter. Thus, upon remand to the California Superior Court, Defendants can seek to have their cross claims heard there.

This motion is based on this notice, the Memorandum of Points and Authorities that follows, all pleadings and records on file, and such further argument and evidence as the Court may permit.

Dated: March 28, 2008                          THE LAW OFFICE OF PATRICK R. KITCHIN


/s/ Patrick R. Kitchin
By: Patrick R. Kitchin
Attorneys for Plaintiffs Janis Keefe, Corinne Phipps and Renee Davis, and Cross-Defendant Justin Kiser

---

*Otsuka, et al. v. Polo, et al.*                                                           Case No. C-07-02780-SI
CROSS-DEFENDANT JUSTIN KISER'S MOTION TO DISMISS AND REMAND
2

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. <u>**Introduction And Request For Relief**</u>

Pursuant to 28 U.S.C. § 1447, Cross-Defendant Justin Kiser asks the Court to dismiss Defendants' cross claims against him and order those claims remanded to San Francisco Superior Court. Defendants' cross claims do not relate in any way to the matters at issue in this state-wide employment class action case, or to any person in the putative class, and it should be adjudicated in state court where they were initially filed.

II. <u>**Defendants' Cross Claims Are Unrelated To Any Matter At Issue In This Class Action**</u>

Defendants filed their cross claims against Justin Kiser after Mr. Kiser filed this employment class action against them in the San Francisco Superior Court. The cross claims do not relate to any matter at issue in the class action, but only to issues relating to Justin Kiser as an individual. Specifically, Defendants claim Mr. Kiser misused his employee discount on a few occasions and thereby breached his duty of loyalty to the company. They also claim Mr. Kiser knew or should have known that merchandise credits used by a former Polo sales person with his assistance had been misappropriated.

Thus, the only relation these claims once had to this class action was to Justin Kiser as a named plaintiff. Now that Mr. Kiser has been voluntarily dismissed as a class representative, Defendants' cross claims have no relation whatsoever to the claims at issue in this uncertified case. Furthermore, Justin Kiser is now seeking relief against Defendants as an individual in an independent, single-plaintiff action in the San Francisco Superior Court. In that action, filed March 25, 2008, in San Francisco Superior Court, he alleges the claims he had alleged as a putative class representative in this case. (<u>Justin Kiser v. Polo Ralph Lauren Corporation, et al.</u>, Case No.CGC-08-47348.)

Consequently, not only do Defendants' cross claims have no relation to the claims asserted in this case, Justin Kiser no longer has any relation to the claims asserted here either.

### III. The Independent Subject Matter Jurisdictional Basis For Defendants' Cross Claims No Longer Exists.

Federal Rule of Civil Procedure 13(b) permitted Defendants to seek resolution of their employee discount claims against Mr. Kiser in this action. It was on that basis that jurisdiction over the claims existed. Rule 13(b) provides: "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." A permissive counterclaim, however, must have an independent basis for the assertion of subject matter jurisdiction. Iglesias v. Mutual Life Ins. Co. of New York, 156 F.3d 237, 241 (1st Cir. 1998). As of March 25, 2008, this basis for subject matter jurisdiction no longer exists. Justin Kiser is no longer an opposing party for any purpose other than to defend himself against Defendants' cross-claims. Thus, Defendants' cross claims should be dismissed and remanded to State court.

In addition, and/or in the alternative, under 28 U.S.C § 1367(c)(3), the Court has broad discretion to decline supplemental jurisdiction if: "the district court has dismissed all claims over which it has original jurisdiction." Here, Defendants removed this class action case from the San Francisco Superior Court under the Class Action Fairness Act (28 U.S.C. § 1332(d)) and under general diversity jurisdiction (28 U.S.C. § 1432(a)). Removal to this Court was solely based on the claims asserted by the class members. Defendants' cross claims against Mr. Kiser rode along on that removal as a permissively joined claim strategically designed to complicate the class proceedings. Following Mr. Kiser's dismissal of his claims, however, there no longer remains any basis for this Court's jurisdiction over the cross claims. The Court should use its discretionary authority to order the cross claims dismissed and remanded.

### IV. Dismissal And Remand Are Appropriate Under These Circumstances.

Mr. Kiser's motion for dismissal and remand is timely and appropriate. The Court has broad discretion to grant this relief. Doing so will permit the parties to focus on the matters at issue in this class action and will avoid the waste of the resources of this Court and the named plaintiffs. Plaintiffs Janis Keefe, Ann Otsuka, Corinne Phipps and Renee Davis have nothing to do with these extraneous claims, nor do these claims relate in any way to the several thousand putative class members. These class members should not be required to address issues within this

class action case that do not concern any one of them.  On March 25, 2008, when the Court ordered Mr. Kiser dismissed from the case, the justification for maintaining jurisdiction over these claims disappeared.

In relevant part, 28 U.S.C. § 1447(c) provides:

> A motion to remand a case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1666(a).  If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

If the district court at any time determines it lacks jurisdiction over the removed action, *viz*, the cross claims, it must remand them to state court. 28 U.S.C. § 1447; *see, e.g.* ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D.R.I.1986).  If the Court determines Justin Kiser's dismissal of his claims destroyed the independent basis for jurisdiction, then the claims must be dismissed.

If the Court determines it retains subject matter jurisdiction over the claims, the Court should use its discretion to dismiss and remand the unrelated cross claims back to State court.  In Alexander v. B.D. Walker, C02-578 SI, (N.D.Cal. 6/9/2003), this Court held that the dismissal of Federal claims in an action whose jurisdiction was premised on a Federal question, justified dismissal and remand to state court.  This Court declined to "exercise supplemental jurisdiction over the state law claims" once the Federal question issue had been dismissed.  This Court reached the same conclusion in East Bay Drivers Association v. Kaur, C03-1241 SI (N.D.Cal. 6/9/2003). In the instant case, jurisdiction over Defendants' cross claims was predicated on the presence of Justin Kiser in this case as a named plaintiff.  That predicate no longer exists.  Thus, the cross claims must be dismissed and remanded to State court.

Furthermore, it is well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to state court, to show that the requirements for removal have been met. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "The court may remand sua sponte or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction." (Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186 (N.D.Cal. 8/29/1997.) This same standard should be applied in the Court's evaluation of Defendants' opposition to dismissal and remand under these circumstances.

**V.   Conclusion**

Justin Kiser respectfully requests that Defendants' unrelated cross claims be dismissed and ordered remanded to the San Francisco Superior Court. The independent basis for subject matter jurisdiction over Defendants' permissive cross claims no longer exists and the claims belong in California state court.

DATED:  March 28, 2008           THE LAW OFFICE OF PATRICK R. KITCHIN


                                 By: /S/ Patrick R. Kitchin
                                 Patrick R. Kitchin, Esq.
                                 Attorneys for Plaintiffs Janis Keefe, Corinne Phipps and
                                 Renee Davis, and Cross-Defendant Justin Kiser