William J. Goines (SBN 061290)
Alisha M. Louie (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:   goinesw@gtlaw.com
         louiea@gtlaw.com

Jeremy A. Meier (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren
Corporation, doing business in California as Polo Retail
Corporation; and Fashions Outlet of America, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al.,<br><br>    Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No.  C07-02780 SI<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  April 29 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom 10, 19th Fl.<br>Judge:  Hon. Susan Illston |

**I**
**INTRODUCTION**

Justin Kiser's ("Kiser") Motion to Dismiss and Remand ("Motion" or "MPA") identifies himself as both "Plaintiff" and "cross-defendant" (counterclaim-defendant). Kiser was an original named putative class representative in Plaintiffs' first three filed complaints, in

1  State court and in Federal court.  He was dismissed as a named Plaintiff at his behest by this
2  Court's order on March 24, 2008, but expressly remains in this Federal action as a putative
3  class member.   At the time that Polo filed its Counterclaim against Kiser ("Counterclaim"),
4  Kiser was admittedly a citizen of California (as stated in his complaint then on file) and Polo
5  was and is a citizen of New York and Delaware (pursuant to 28 U.S.C. 1332).  At the time of
6  the filing of the Counterclaim, therefore, traditional diversity jurisdiction existed over it.

7      Kiser's argument as to whether the Counterclaim is compulsory or permissive is
8  irrelevant to the Court's analysis of this Motion. Nothing has changed to alter the fundamental
9  fact that this Court had jurisdiction at the time of the filing of the Counterclaim.  The Court
10 maintains original jurisdiction by virtue of traditional diversity jurisdiction, and the *subsequent*
11 dismissal of Kiser as a named plaintiff does not change that fact.

12   This Motion should be denied.

13
## II
## PROCEDURAL HISTORY

15     Plaintiffs Ann Otsuka, Corrine Phipps, Janice Keefe, Justin Kiser ("Plaintiffs") filed
16 their original complaint in state court on May 30, 2006 and alleged therein that Kiser was a
17 citizen of California. (Complaint, ¶3).  Following a demurrer granted and denied in part and the
18 filing of a First Amended Complaint in state court on July 20, 2006 (again stating Kiser was a
19 California resident in ¶3), Defendants answered on February 13, 2007 and stated they were
20 citizens of Delaware.  Polo defendant Fashions Outlet of America also brought a cross
21 complaint against Kiser in state court at that time, alleging various harmful employee
22 misconduct and alleging Kiser to be a resident of California and Fashions Outlet to be a citizen
23 of Delaware. Plaintiffs demurred and, before the matter could be heard, Polo removed the
24 action to this Court on May 29, 2007.

25     On October 24, 2007 Plaintiffs filed (pursuant to stipulation) their Second Amended
26 Complaint ("SAC") (in Federal court), including on behalf of Kiser and alleging that he was "at
27 all relevant times a citizen of the State of California." (SAC, ¶ 3).  Plaintiffs then filed a Rule
28 12(b)(6) Motion to Dismiss, which this Court granted in part as to the conspiracy to commit

fraud claim and denied in part as to the breach of fiduciary duty (loyalty) claim on November 9, 2007. Polo then filed on December 7, 2007 its amended Counterclaim in Federal court against Kiser alleging breach of fiduciary duty and conspiracy to commit conversion, which Kiser answered on January 30, 2008. In its amended Counterclaim, Polo asserted jurisdiction under 28 U.S.C. §1367(a), 28 U.S.C. §1332(a) and 28 U.S.C. §1332(d) and specified citizenship of differing states (¶¶ 5-7).

On March 17, 2008, the parties stipulated at Plaintiffs' behest to the filing of a Third Amended Complaint ("TAC"), which the Court approved and ordered following the most recent March 21, 2008 Case Management Conference ("CMC") (with the order entered on March 24, 2008). The Third Amended Complaint does not name Kiser as a representative and, pursuant to the stipulation and order Kiser was dismissed as a named representative but expressly remains in the federal action as a member of the putative class.[1] Kiser then, two court days after that CMC, filed another (identical) action in San Francisco Superior Court on March 25, 2008, re-alleging the same claims originally pled in his Federal action and, on that basis, initiated the instant Motion.

Plaintiff's recent posturing does not achieve its apparent legal objective -- as this Court already had original jurisdiction over the Counterclaim by traditional diversity at the time of the filing of the Counterclaim, and because Kiser and his claims remain in this action.

### III
### ANALYSIS

**A.   THIS COURT CONTINUES TO HAVE DIVERSITY JURISDICTION OVER POLO'S COUNTERCLAIM AGAINST KISER.**

This Court has original jurisdiction over Federal questions and over actions in which there exists diversity of citizenship and where the amount in controversy is greater than $75,000.00. 28 U.S.C. §§ 1331, 1332. Absent such jurisdictional bases, the Court also has

---

[1] The Court's March 24, 2008 order states: "Based on the stipulation of counsel and good cause appearing, IT IS HEREBY ORDERED, that Plaintiffs are granted leave to file their Third Amended Complaint, attached hereto as Exhibit A. Plaintiff Justin Kiser is hereby relieved of his duties as a proposed representative plaintiff and dismissed from this action as a named plaintiff. Justin Kiser's individual claims asserted in this action are preserved, and he is deemed to be an unnamed member of the putative class."

1  supplemental jurisdiction under 28 U.S.C. 1367(a) over all other claims that are so related to
2  claims in the action within such original jurisdiction that they form part of the same case or
3  controversy, including necessarily counterclaims such as at issue in this Motion.
4        Nothing has transpired to deprive this Court of original jurisdiction.  Kiser cannot
5  simply voluntarily remove himself as a named plaintiff (while retaining his claims in this
6  action) in order to defeat already established original jurisdictional grounds.  There is no
7  authority offered by Plaintiff for that proposition.  Under the terms of the parties March 24,
8  2008 stipulation and order for the filing of the Third Amended Complaint, Kiser's claims "in
9  this action" were preserved and he was deemed an unnamed member of the putative class.
10 Kiser "voluntarily" elected to step aside as a named representative only and his <u>claims</u> were not
11 dismissed.
12       None of Kiser's recent actions, therefore, justify remand of the Counterclaim at this
13 point.

### 1.  **<u>Plaintiff Has Not Set Forth Adequate Grounds For His Motion</u>**

15       Plaintiff contends his Motion seeks to dismiss and remand the Counterclaim, and his
16 notice and MPA cites only the Federal remand statute (28 U.S.C. §1447).  Kiser does not raise
17 with specificity any valid grounds for remand.  He simply asserts that the counterclaim is now
18 permissive and should be remanded in this Court's discretion.  Significantly, Kiser does <u>not</u>
19 dispute the validity of the Counterclaim's diversity and amount in controversy allegations.
20       Kiser filed three complaints previously, one in State court and two in Federal court
21 (following removal), and at the time he commenced the class action he was (undeniably) a
22 resident of California and Polo was a citizen of New York (and Delaware).  Polo removed on
23 traditional diversity jurisdiction and under the Class Action Fairness Act (Notice of Removal,
24 ¶¶ 57, 58). Citizenship is determined (for purposes of diversity) as of the time the action is
25 filed. *Grupo Dataflux v Atlas Global Group, LP* (2004) 541 U.S. 567, 571, 124 S.Ct. 1920,
26 1924 ("The time-of-filing rule is what it is precisely because the facts determining jurisdiction
27 are subject to change, and because constant litigation in response to that change would be
28 wasteful.").

When Polo brought its Counterclaim, Kiser was a <u>named plaintiff</u>. At the time that Polo removed, complete diversity existed, including for the Polo State court cross-complaint and, subsequently, for the Polo amended Counterclaim. The operative moment in time was when Polo filed its *response* to the complaint, not the time of subsequent dismissal, under Fed. R. Civ. P 13(a). Kiser offers no authority to evidence that his subsequent voluntary dismissal, after Federal jurisdiction has *already* attached, deprives this Court of diversity jurisdiction.

Kiser is now apparently a New York resident as stated in his most recent State court complaint but was a California resident at the time of his complaint and Polo's Counterclaim. It is well settled that a plaintiff cannot defeat existing diversity jurisdiction by moving residence after the filing of his complaint and the Counterclaim. *Freeport-McMoRan, Inc. v. K.N. Energy, Inc.* (1991) 498 U.S. 426, 428, 111 S.Ct. 858, 860. A change in citizenship after the commencement of the action does not alter this Court's diversity jurisdiction. *Lewis v Lewis* (9th Cir. 1966) 358 F.2d 495, 502. This is precisely what Kiser now attempts to accomplish.

The mere fact Kiser is now only a putative class member also does not change Polo's ability to continue to pursue a pre-existing counterclaim filed against a named plaintiff (especially when his claims specifically remain in this action). Just as diversity jurisdiction cannot be defeated by moving residences after the filing of operative pleadings, so too subject matter jurisdiction as of the time of filing a responsive counterclaim cannot be defeated by dismissing oneself as a named plaintiff while at the same time expressly continuing to maintain the claims. *LeBlanc v. Cleveland* (2nd Cir. 2001) 248 F.3d 95, 100; Fed. R. Civ. P. 13.

Kiser's procedural parlay back to San Francisco Superior Court to file an identical new individual action does not change the existing federal jurisdictional basis for the Counterclaim.

**B.    POLO'S COUNTERCLAIM AGAINST KISER COULD ALSO BE HEARD IN THIS ACTION PURSUANT TO SUPPLEMENTAL JURISDICTION**

**1.    The Court Would Also Have Supplemental Jurisdiction Over Polo's Counterclaim As It Arises Out Of The Same Occurrence And Transaction And Out Of The Same Case Or Controversy**

Plaintiff *presumes* (without any argument or supporting evidence) that the Counterclaim would be permissive and never even disputes original jurisdiction. Nonetheless, even if the Court were to consider whether it has supplemental jurisdiction (which it need not do to decide the threshold questions presented by this Motion), the Court could still have subject matter jurisdiction by virtue of supplemental jurisdiction.

The most appropriate test in the 9th Circuit for determining the nature of a counterclaim is the "logical relationship test" -- that is, "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Insurance Co.* (9th Cir. 1987) 827 F.2d 1246, 1249. If Polo's Counterclaim against a then named plaintiff is compulsory, the Court has supplemental jurisdiction over it. Then too, even if the counterclaim is permissive, the Court could still exercise supplemental jurisdiction over it. *CE Distribution, LLC v. New Sensor Corp.* (9th Cir. 2004) 380 F.3d 1107, 1114; *See also* 28 U.S.C. § 1367(a).

Plaintiffs' action alleges, on behalf of themselves and all former employees of Polo's California retail and outlet stores, specific wage and hour violations of employment rights (TAC Pars. 10-11) and that Defendants "used fraud, deception, unfair business practices and credible threats to deprive their employees of the basic employment rights" (TAC Par. 12). Polo's Counterclaim seeks relief for breach of fiduciary duty (breach of loyalty) and for conspiracy to commit conversion (based on Kiser and other employees misusing Polo employee discounts and store credits). In this instance, the Complaint and Counterclaim arise out of the same set of operative facts, i.e. the specific rights and responsibilities of Kiser at while employed at Polo's California retail and outlet stores.

Polo's Counterclaim would also thus be deemed a compulsory counterclaim filed against a named plaintiff subject to supplemental jurisdiction.

### 2. Even Under A Permissive Counterclaim Jurisdictional Analysis, The Court Could Still Exercise Supplemental Jurisdiction

The Seventh and Second Circuits have, to a large degree, abandoned the traditional compulsory-permissive counterclaim analysis for supplemental jurisdiction, in favor of a broader constitutional test centered on whether there is a common nucleus of operative facts. *Chanell v Citicorp National Services, Inc,* (7th Cir. 1996) 89 F.3d 379; *Jones v. Ford Motor Credit Co,* (2d cir. 2004) 358 F.3d 205; *United Mine Workers v. Gibbs* (1966) 383 U.S. 715, 86 S.Ct. 1130. The Ninth Circuit has spoken with some approval of this broader test (and has not disapproved of it). *CE Distrib., LLC v. New Sensor Corp,* (9th Cir. 2004) 380 F.3d 1107, 1114.

California District Courts have used this broader test in determining the nature of a counterclaim. *Sparrow, supra,* at 1067; *Campos v. Western Dental Services, Inc.*, (N.D. Cal 2005) 404 F.Supp.2d 1164, 1168 ("While it appears that the Ninth Circuit has not addressed the issue, this court agrees with the Second and Seventh Circuit that it may exercise supplemental jurisdiction over some permissive counterclaims"). Under the broader test too, Polo's Counterclaim could qualify for supplemental jurisdiction, no matter how characterized under Rule 13.

### C. IF THE COURT WERE TO EXERCISE DISCRETION, EFFICIENCIES AND JUDICIAL ECONOMY FAVOR KEEPING POLO'S COUNTERCLAIM IN THIS ACTION.

Kiser suggests the Court should exercise discretion and remand the Counterclaim, but fails to explain or support the basis for that request. The Court has discretion under 28 U.S.C. §1367(c) to decline supplemental jurisdiction, but only in certain specific situations -- none of which exist here. Further, Kiser incorrectly analogizes the instant facts to this Court's rulings in *Alexander v. B.D. Walker,* C02-578 SI (N.D. Cal. 6/9/2003) and in *East Bay Drivers Association v Kaur,* C03-1241 SI (N.D. Cal. 6/9/2003).

Plaintiff states those orders were predicated on the dismissal of Federal claims in actions in which jurisdiction was premised on a Federal question (MPA 5:21-27). In this case, however, the Court continues to have original jurisdiction based on diversity jurisdiction (and CAFA). In this case, all claims over which the Court has original jurisdiction have *not* been

dismissed.  Thus Kiser's argument in support of discretion to remand is flawed.  28 U.S.C. §1367(c)(3).

Considerations of efficiencies, equity and judicial economy further dictate that Polo's Counterclaim remain in Federal court.

## IV
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Dismiss and Remand should be denied.

Date:  April 11, 2008                    GREENBERG TAURIG, LLP


By: /s/ William J. Goines
William J. Goines
Jeremy A. Meier
Alisha M. Louie

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.