WILLIAM J. GOINES (SBN 061290)
ALISHA M. LOUIE (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA  94303
Telephone: (650) 328-8500
Facsimile:  (650) 328-8508
Email:   goinesw@gtlaw.com; louiea@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814
Telephone: (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corp.; and Fashions
Outlet of America, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANN OTSUKA, et al, <br><br> Plaintiff(s), <br><br> v. <br><br> POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al., <br><br> Defendant(s) <br><br> AND RELATED CROSS-ACTIONS. | Case No.: C07-02780 SI <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |

Defendants Polo Ralph Lauren Corporation, a Delaware Corporation; Polo Retail, LLC, a Delaware Corporation; Polo Ralph Lauren Corporation, a Delaware Corporation, doing business in California as Polo Retail Corp.; and Fashions Outlet Of America, Inc., a Delaware Corporation ("Polo" Or "Defendants"), hereby answer the Third Amended Complaint of Plaintiffs Ann

1  Otsuka, an Individual; Janis Keefe, an Individual; Corinne Phipps, an Individual; and Renee

2  Davis, an Individual, and on behalf of all other similarly situated ("Plaintiffs"), as follows:

3  <u>**JURISDICTION AND VENUE**</u>

4  1.      Defendants admit, upon information and belief, the allegations in paragraph 1.

5  2.      Defendants admit, upon information and belief, the allegations in paragraph 2.

6  3.      Defendants admit, upon information and belief, the allegations in paragraph 3.

7  4.      Defendants admit, upon information and belief, the allegations in paragraph 4.

8  5.      Defendants admit the allegations in paragraph 5.

9  6.      Defendants admit the allegations in paragraph 6.

10  7.      Defendants deny the allegations in paragraph 7.

11  8.      Defendants admit the allegations in paragraph 8.

12  9.      Defendants admit the allegations in paragraph 9.

13  <u>**NATURE OF THE ACTION--SUMMARY**</u>

14  10.     Defendants deny that any current or former employees in the State of California

15  have been injured by any of the conduct of Defendants.  Polo admits that this action is brought by

16  Plaintiffs and all other current and former employees of Polo, without admitting the basis for any

17  alleged putative class.  Polo lacks sufficient information and belief as to whether the alleged

18  employees were and/or employed in Polo's full price or factory outlet stores in California and, on

19  that basis, denies that part of paragraph 10.

20  11.     Defendants deny the allegations in paragraph 11.

21  12.     Defendants deny the allegations in paragraph 12.

22

23  <u>**ANN OTSUKA**</u>

24  13.     Defendants admit the allegations in paragraph 13.

25  14.     Defendants lack sufficient information and belief upon which to admit or deny the

26  allegations in paragraph 14, and on that basis deny said allegations.

27  15.     Defendants deny the allegations in paragraph 15.

28  16.     Defendants deny the allegations in paragraph 16.

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                    2

17.    Defendants deny the allegations in paragraph 17, upon information and belief.

18.    Defendants deny the allegations in paragraph 18.

19.    Defendants deny the allegations in paragraph 19.

20.    Defendants deny the allegations in paragraph 20, except as to the allegation that Otsuka felt harassed by her managers and did not take mandatory breaks because she feared she would lose her job or be harassed if she did, which allegations Polo denies upon lack of information and belief.

## CORRINE PHIPPS

21.    Defendants admit the allegations in paragraph 21.

22.    Defendants lack sufficient information and belief upon which to admit or deny the allegations in paragraph 22, and on that basis deny said allegations.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants deny the allegations in paragraph 24.

25.    Defendants admit the allegations in paragraph 25.

26.    Defendants deny the allegations in paragraph 26.

27.    Defendants deny the allegations in paragraph 27, except as to the allegations that she felt herself to be physically confined and feared leaving the store, which allegations Polo denies on information and belief.

## JANIS KEEFE

28.    Defendants admit the allegations in paragraph 28.

29.    Defendants lack sufficient information and belief upon which to admit or deny the allegations in paragraph 29, and on that basis deny said allegations.

30.    Defendants deny the allegations in paragraph 30.

31.    Defendants deny the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32, in that the allegations attempt to paraphrase or define provisions of the Sales Associate Compensation Handbook which speak for themselves.

1      33.    Defendants deny the allegations in paragraph 33.

2      34.    Defendants deny the allegations in paragraph 34, except as to the allegations that

3    she felt herself to be physically confined and feared leaving the store, which allegations Polo

4    denies on information and belief.

5      35.    Defendants deny the allegations in paragraph 35, except as to the allegation that

6    Keefe felt harassed and intimidated by the comments of managers and did not take mandatory

7    breaks because she feared she would lose her job or be harassed if she did, which allegations Polo

8    denies on information and belief.

9

10                                    **RENEE DAVIS**

11     36.    Defendants admit that she was employed in the Cabazon factory outlet store

12   between approximately October 2002 and February 2004.

13     37.    Defendants deny the allegations in paragraph 37.

14     38.    Defendants deny the allegation that any of Polo's written policies were illegal

15   under California law, and lack sufficient information and belief upon which to admit or deny the

16   remaining allegations in paragraph 38, and on that basis deny those allegations.

17     39.    Defendants deny the allegations in paragraph 39, except as to the allegations that

18   she worked various shifts, sometimes opening the store in the morning and sometimes closing it

19   at the end of the business day, which allegations Polo admits upon information and belief.

20     40.    Defendants deny the allegations in paragraph 40, except as to the allegation that

21   that the alleged experience was often frustrating and demeaning, which allegations Polo denies on

22   lack of information and belief.

23     41.    Defendants deny the allegations in paragraph 41, except as to the allegation that

24   Renee Davis estimates that she missed her rest breaks approximately 25% of the days she

25   worked, often because there were not enough sales associates on duty to assist customers if

26   anyone took their breaks, which allegations Polo denies on information and belief.

27     42.    Defendants deny the allegations in paragraph 42.

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                              4

1    **CLASS ACTION ALLEGATIONS**

2        43.    Defendants admit the allegations contained in paragraph 43 as to the filing of this

3    action in Superior Court and its removal, and deny the remaining allegations in paragraph 43.

4        44.    Defendants deny the allegations in paragraph 44, upon information and belief.

5        45.    Defendants deny the allegations in paragraph 45.

6        46.    Defendants admit on information and belief that they have employed thousands of

7    individuals in California since the beginning of the alleged Class Period, and deny the remaining

8    allegations in paragraph 46.

9        47.    Defendants deny the allegations in paragraph 47.

10       48.    Defendants deny the allegations in paragraph 48.

11       49.    Defendants deny the allegations in paragraph 49.

12       50.    Defendants deny the allegations in paragraph 50.

13       51.    Defendants deny the allegations in paragraph 51.

14       52.    Defendants deny the allegations in paragraph 52 that there are any class members

15   for which names and addresses from Defendants' records need be made available or known, and

16   deny the remaining allegations in paragraph 52 on information and belief.

17       53.    Defendants deny the allegations in paragraph 53.

18       54.    Defendants deny the allegations in paragraph 54.

19       55.    Defendants deny the allegations in paragraph 55, upon information and belief.

20
    **FIRST CLAIM FOR RELIEF**
21       **(Fraud)**

22       56.    Defendants repeat their responses to the respective paragraphs alleged herein by

23   Plaintiffs, as though fully set forth herein.

24       57.    Defendants deny the allegations in paragraph 57.

25       58.    Defendants deny the allegations in paragraph 58.

26       59.    Defendants deny the allegations in paragraph 59.

27       60.    Defendants deny the allegations in paragraph 60.

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI        5

61.     Defendants deny the allegations in paragraph 61; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all.

62.     Defendants deny the allegations in paragraph 62; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that Plaintiffs are entitled to an award of exemplary or punitive damages.

## SECOND CLAIM FOR RELIEF
### (Violations Of Labor Code 221)

63.     Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

64.     Defendants deny the allegations in paragraph 64 on the basis that the allegations attempt to paraphrase or define a provision of the California Labor Code which speaks for itself.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that Plaintiffs are entitled to an award of penalties.

67.     Defendants deny the allegations in paragraph 67; Defendants further deny that Plaintiffs are entitled to any unpaid wages or to prejudgment interest, or that they have been damaged in any sum or sums, or at all.

68.     Defendants deny the allegations in paragraph 68.  Defendants deny that Plaintiffs are entitled to an award of attorneys' fees and costs, and that they have been damaged in any sum or sums, or at all.   Defendants further deny that Plaintiffs are entitled to the relief requested, or to any relief at all.

## THIRD CLAIM FOR RELIEF
### (For Violations Of California Labor Code §§ 510 And 204 -
### Failure To Pay All Wages, Including Premium Overtime Wages)

69.     Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein. Defendants deny the remaining allegations in

1    paragraph 69 on the basis that the allegations attempt to paraphrase or define provisions of the

2    California Labor Code which speak for themselves.

3        70.    Defendants deny the allegations in paragraph 70, as the allegations are uncertain as

4    to the term "California law"; Defendants further deny the allegations in paragraph 70 on the basis

5    that any relevant provisions of California law speak for themselves; Defendants deny the

6    remaining allegations in Paragraph 70, including the allegation that Plaintiffs and the putative

7    class members were not paid for all hours worked and were forced to work off the clock.

8        71.    Defendants deny the allegations in paragraph 71.

9        72.    Defendants deny the allegations in paragraph 72.

10       73.    Defendants deny the allegations in paragraph 73; Defendants further deny that

11   Plaintiffs have been damaged in the sum or sums alleged or at all.

12       74.    Defendants deny the allegations in paragraph 74; Defendants further deny that

13   Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that

14   Plaintiffs are entitled to an award of penalties.

15       75.    Defendants deny the allegations in paragraph 75; Defendants further deny that

16   Plaintiffs are entitled to an award of prejudgment interest, unpaid wages, or that they have been

17   damaged in any sum or sums, or at all.

18       76.    Defendants deny the allegations in paragraph 76; Defendants deny that Plaintiffs

19   are entitled to an award of attorneys' fees, or that they have been damaged in any sum or sums, or

20   at all.  Defendants further deny that Plaintiffs are entitled to the relief requested, or to any relief at

21   all.

22
23                    **FOURTH CLAIM FOR RELIEF**
                      **(Breach of Contract)**

24       77.    Defendants repeat their responses to the respective paragraphs alleged herein by

25   Plaintiffs, as though fully set forth herein.

26       78.    Defendants deny the allegations in paragraph 78.

27       79.    Defendants deny the allegations in paragraph 79.

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                          7

80.    Defendants deny the allegations in paragraph 80; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all.

81.    Defendants deny the allegations in paragraph 81.

### FIFTH CLAIM FOR RELIEF
**(For Willful Violations Of California Labor Code §§ 201, 202, And 203 - Failure To Pay Waves Upon Discharge Or Quitting; Waiting Time Penalties)**

82.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

83.    Defendants deny the allegations in paragraph 83 on the basis that the allegations attempt to paraphrase or define provisions of the California Labor Code and California law, which speak for themselves.

84.    Defendants deny the allegations in paragraph 84; Defendants deny that Plaintiffs have been damaged in the sum or sums alleged or at all; Defendants further deny that Plaintiffs are entitled to an award of penalties or attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(For Violations Of California Labor Code § 226.7 - Failure To Afford Mandatory Rest Breaks As Required By IWC Orders And Labor Code)**

85.    Defendants repeat their responses to the respective paragraphs alleged herein by Plaintiffs, as though fully set forth herein.

86.    Defendants lack sufficient information and belief upon which to admit or deny the allegations in Paragraph 86, and on that basis deny said allegations.

87.    Defendants deny the allegations in paragraph 87 on the basis that the allegations attempt to paraphrase or define provisions IWC Order 7-2001 and California Labor Code section 226.7 which speak for themselves.

88.    Defendants deny the allegations in paragraph 88.

89.    Defendants deny the allegations in paragraph 89; Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged or at all.

90.    Defendants deny the allegations in paragraph 90; Defendants deny that Plaintiffs are entitled to an award of attorneys' fees, or that they have been damaged in any sum or sums, or

1    at all.  Defendants further deny that Plaintiffs are entitled to the relief requested, or to any relief at

2    all.

3

4                              **SEVENTH CLAIM FOR RELIEF**
      **(For Violations Of Labor Code § 226 - Failure To Maintain Pay Records; Failure To Make**
5                              **Pay Records Available Upon Request)**

6            91.     Defendants repeat their responses to the respective paragraphs alleged herein by

7    Plaintiffs, as though fully set forth herein.

8            92.     Defendants deny the allegations in paragraph 92.

9            93.     Defendants deny the allegations in paragraph 93; Defendants deny that Plaintiffs

10   are entitled to recover any penalties.  Polo further denies that Plaintiffs have been damaged in any

11   sum or sums, or at all.

12           94.     Defendants deny the allegations in paragraph 94; Defendants deny that Plaintiffs

13   are entitled to an award of penalties and attorneys' fees, or that they have been damaged in any

14   sum or sums, or at all.  Defendants further deny that Plaintiffs are entitled to the relief requested,

15   or to any relief at all.

16

17                              **EIGHTH CLAIM FOR RELIEF**
                    **(For Violations Of California Business And Professions Code**
                                        **§§ 17200, Et Seq.**
18                  **Based Upon Defendants' Unfair Business Acts And Practices)**

19           95.     Defendants repeat their responses to the respective paragraphs alleged herein by

20   Plaintiffs, as though fully set forth herein.

21           96.     Defendants admit the allegations in paragraph 96 that Plaintiffs bring this action

22   pursuant to the Business and Professions Code Sections 17200, et seq., but deny the remaining

23   allegations therein.

24           97.     Defendants admit the allegations in paragraph 97 that Plaintiffs bring this action

25   pursuant to the Business and Professions Code Sections 17200, et seq., but deny the remaining

26   allegations therein.

27

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                              9

98.     Defendants  deny the allegations in paragraph 98, except as to the allegation as to the Unfair Competition Law prohibiting all unfair competition which allegation Polo denies on information and belief in that Plaintiffs have not defined with any certainty the term "the Unfair Competition Law."  Defendants further deny the allegations in paragraph 98 on the basis that the allegations attempt to paraphrase or define provisions of the Business and Professions Code which speak for themselves.

99.     Defendants deny the allegations in paragraph 99.  Defendants further deny the allegations in paragraph 99 on the basis that the allegations attempt to paraphrase or define provisions of the Business and Professions Code which speak for themselves.

100.     Defendants deny the allegations in paragraph 100 upon information and belief.

101.     Defendants deny the allegations in paragraph 101 upon information and belief.

102.     Defendants deny the allegations in paragraph 102.

103.     Defendants deny the allegations in paragraph 103.

104.     Defendants deny the allegations in paragraph 104.

105.     Defendants deny the allegations in paragraph 105.  Defendants further deny that Plaintiffs have denied due wages or rest periods, and that Plaintiffs have been damaged in the sum or sums alleged, or at all.

106.     Defendants deny the allegations in paragraph 106.  Defendants deny the allegations in paragraph 106 on the basis that the allegations attempt to paraphrase or define provisions of the Business and Professions Code which speak for themselves.  Defendants further deny that Plaintiffs have been damaged in the sum or sums alleged, or at all.

107.     Defendants deny the allegations in paragraph 107, on the basis that the allegations attempt to paraphrase or define provisions of the Business and Professions Code which speak for themselves.

108.     Defendants deny the allegations in paragraph 108.

109.     Defendants deny the allegations in paragraph 109.

110.     Defendants deny the allegations in paragraph 110; Defendants further deny that Plaintiffs are entitled to the relief requested or to any relief at all.

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                                    10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH CLAIM FOR RELIEF
### (Declaratory Relief)

111.    Defendants re-assert their responses to the respective paragraphs as re-alleged in Paragraph 111, as though fully set forth herein.

112.    Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the remaining allegations in paragraph 112.

113.    Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the remaining allegations in paragraph 113.

114.    Defendants admit that Plaintiffs seek a Declaration by the Court, but deny the remaining allegations in paragraph 114.

## RELIEF REQUESTED

115.    Polo denies that there is any basis in law or fact for the relief contained and requested in Plaintiffs' Prayer for Relief.  Defendants deny that Plaintiffs are entitled to any relief at all.  Defendants further deny that Plaintiffs have been damaged the sum or sums alleged, or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

The Third Amended Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiffs have failed to mitigate their alleged damages, and have failed to exercise due diligence in an effort to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE
#### (Lack of Causation)

Defendants did not cause any damages alleged by Plaintiffs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FOURTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiffs' action is barred by the doctrine of estoppel.  Plaintiffs are estopped from asserting the claims set forth in their Third Amended Complaint by reason of their own conduct, actions or inactions, and are barred, in whole or in part, from the relief sought therein.

### FIFTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiffs' Third Amended Complaint, and each cause of action therein, are barred by the doctrine of waiver, in whole or in part, by virtue of their own conduct, actions, or inaction.

### SIXTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiffs' Third Amended Complaint, and each cause of action alleged therein, is barred by the doctrine of Unclean Hands.

### SEVENTH AFFIRMATIVE DEFENSE
**(*in pari delicto*)**

Plaintiffs' action is barred by the doctrine of *in pari delicto*.

### EIGHTH AFFIRMATIVE DEFENSE
**(Laches)**

Plaintiffs' action is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
**(Ratification)**

Plaintiffs' action is barred by the doctrine of ratification, confirmation and acquiescence.

### TENTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Plaintiffs' claims are barred by the applicable Statute of Limitations, including but not limited to those as set forth in California Code of Civil Procedure Sections 335.1, 337, 338, and 340, California Government Code Sections 12960 and 12965, and in California Business and Professions Code Section 17208, and in any other relevant statutes of limitation.

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                    12

1

2

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

3    Defendants acted reasonably and in good faith at all times, based on all relevant facts and

4    circumstances known by them at the time that they acted.  Accordingly, Plaintiffs are barred, in

5    whole or in part, from any recovery in this action.

6

7

### TWELFTH AFFIRMATIVE DEFENSE
#### (Excuse of Performance)

8    Plaintiffs' Third Amended Complaint, and each and every cause of action therein, fail

9    because Defendants were excused from performing any alleged obligations.

10

11

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Claims Barred)

12    Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to properly

13    discharge their duties and obligations under the terms of their alleged employment contracts with

14    Defendants.

15

16

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Meal and Rest Breaks Provided)

17    Plaintiffs' claims are barred in whole or in part because Plaintiffs were given the

18    opportunity to take rest and/or meal breaks and to the extent that any were not taken, Plaintiffs

19    voluntarily elected to do so.

20

21

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (*De Minimis*)

22    To the extent that Plaintiffs' meal and/or rest breaks were untimely or short by just a few

23    minutes, Plaintiffs' meal and/or rest break claims constitute irrelevant *de minimis* violations.

24

25

26

27

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                                                13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTEENTH AFFIRMATIVE DEFENSE
**(Failure to Plead Facts Sufficient to Support Punitive Damages)**

Plaintiffs are not entitled to recover any punitive or exemplary damages and any averments with respect thereto should be stricken because:

(a)     Plaintiffs have failed to plead facts sufficient to support oppression, fraud and/or malice; and/or

(b)     Plaintiffs have failed to plead facts sufficient to support gross or reckless disregard for the rights of Plaintiffs or that Defendants were motivated by evil motive or intent; and/or

(c)     Defendants did not commit any alleged oppressive, fraudulent or malicious act, nor authorized or ratified such an act.

### SEVENTEENTH AFFIRMATIVE DEFENSE
**(No Recovery for Statutory Penalties and Punitive Damages)**

Punitive damages are not available in addition to Labor Code penalties because a penalty on a penalty is not permitted.

### EIGHTEENTH AFFIRMATIVE DEFENSE
**(No Damages)**

Defendants are informed and believe and based thereon allege that Plaintiffs have not suffered any damage as a result of any actions taken by Defendants, and Plaintiffs are thereby barred from asserting any claim against Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE
**(*De Minimis Non Curat Lex*)**

Plaintiffs are seeking compensation for trivial, non-compensable time spent before and after their principal work activities.

### TWENTIETH AFFIRMATIVE DEFENSE
**(Privilege)**

The actions of Defendants as alleged in the Third Amended Complaint were based on Defendants' legitimate economic interests, and on that basis, were privileged.

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                                      14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Defendants' Right to Attorneys' Fees)

Defendants are entitled to recover all attorneys' fees and costs incurred herein, insofar as any and all of the claims alleged in the Third Amended Complaint are frivolous, unreasonable or without foundation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Management Discretion)

Any and all conduct about which Plaintiffs complain and which is attributed to Defendants was a just and proper exercise of management discretion, was undertaken for fair and honest reasons, and was regulated by good faith under the circumstances existing at all times mentioned in Plaintiffs' Third Amended Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Justification)

The conduct alleged in the Third Amended Complaint, and in each cause of action alleged, was justified by business necessity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification, consent and acquiescence.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Class Exists)

Plaintiffs' Third Amended Complaint and the alleged causes of action do not state facts sufficient to certify a class. Class action treatment is improper because the acts or omissions about which Plaintiffs complain are individualized issues about which no illegal or improper Polo policy or practice exists. Further, the class that Plaintiffs seek to represent is ill-defined.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Individual Issues Predominate)**

Class action treatment is improper because individualized issues amongst Plaintiffs predominate.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Class Action Unworkable)**

Class action treatment is improper because individualized issues would render such a class action impractical, unworkable and unmanageable.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Improper Class Representative)**

Plaintiffs are not proper class representatives.  Plaintiffs will not fairly or adequately protect the interests of the class they seek to represent.  Plaintiffs' claims and Defendants' individualized defenses thereto are not typical of the class that Plaintiffs seek to represent.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(No Class Wide Injury)**

Defendants aver that there has been no class-wide injury as alleged by the named Plaintiffs.  The injuries for which recovery is sought by the named Plaintiffs on behalf of the purported class cannot be recovered without proof by each class member as to the specific facts underlying the violations alleged by each class member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

**THIRTIETH AFFIRMATIVE DEFENSE**
**(Due Process)**

Defendants' rights to due process under the United States and California Constitutions would be violated if this action were tried as a class action.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(Accord And Satisfaction)**

Plaintiffs' action is barred, in whole or in part, by the doctrine of accord and satisfaction.

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                                    16

1

## THIRTY SECOND AFFIRMATIVE DEFENSE
### (Set Off)

2

3

Plaintiffs' action is barred, in whole or in part, by the doctrine of set off and payment in satisfaction.

4

5

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Exemption)

6

7

Plaintiffs' action is barred, in whole or in part, by virtue of Plaintiffs' exempt status pursuant to California Industrial Welfare Commission orders and regulations including, but not limited to, Order No. 7-2001.

8

9

10

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Commissioned Inside Sales Employee Exemption)

11

12

Plaintiffs are commissioned employees exempt from any overtime requirements pursuant to Section 3(D) of Industrial Welfare Commission Order No. 7-2001.

13

14

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (ERISA Preemption)

15

16

Plaintiffs' claims related to health benefits are preempted by the provisions of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

17

18

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (NLRA Preemption)

19

20

Plaintiffs' claims related to prohibitions against the disclosure of employee compensation information are preempted by the provisions of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq.

21

22

23

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

24

25

Because of the vague language and allegations in the Third Amended Complaint, including but not limited to several allegations that render the Third Amended Complaint uncertain, Defendants cannot anticipate all possible defenses at this time.  As such, Defendants reserve their right to add additional separate defenses at an appropriate time.

26

27

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                                                 17

1       WHEREFORE, Defendants demand that Plaintiffs' Third Amended Complaint be

2    dismissed in its entirety with prejudice; that judgment be granted in favor of Defendants, together

3    with costs of suit and reasonable attorney's fees; and for such other relief as the Court shall deem

4    just and proper.

5

6    Dated: April 14, 2008.                GREENBERG TRAURIG, LLP

7

8                         By:  /s/ *William J. Goines*
                                  William J. Goines

9                                  Alisha M. Louie
                                  Jeremy A. Meier

10

11                        Attorneys for Defendants Polo Ralph Lauren
                        Corporation; Polo Retail, LLC; Polo Ralph

12                        Lauren Corporation, doing business in
                        California as Polo Retail Corp.; and Fashions

13                        Outlet of America, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO THIRD AMENDED COMPLAINT
Case No. C07-02780 SI                                      18