Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
Telephone: 415-677-9058
Facsimile: 415-627-9076
Email: prk@kitchinlegal.com

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
and Renee Davis, and Cross-Defendant Justin Kiser

### UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>   vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation,<br><br>       Defendants and Cross-Complainants<br><br>   vs.<br><br>JUSTIN KISER, an individual,<br><br>       Cross-Defendant | Case No.: C-07-02780-SI<br><br>**CROSS-DEFENDANT JUSTIN KISER'S REPLY IN SUPPORT OF MOTION FOR DISMISSAL AND REMAND**<br><br><br><br><br><br><br><br><br><br>Judge: Hon. Susan Illston<br>Place: Courtroom 10, 19th Floor<br>Date: May 14, 2008<br>Time: 9:00 a.m. |

---

*Otsuka, et al. v. Polo, et al.*                                                                                                       Case No. C-07-02780-SI
CROSS-DEFENDANT JUSTIN KISER'S MOTION TO DISMISS AND REMAND (REPLY BRIEF)
1

## I. Introduction

Polo attempts to evade dismissal and remand with two arguments. It argues: (1) diversity jurisdiction somehow arising from its Counterclaim precludes remand, and (2) supplemental jurisdiction precludes remand because the Counterclaim and the class action complaint ostensibly arise from "the same set of operative facts." Neither argument is valid:

- The Counterclaim did not, and cannot, serve as a legitimate independent ground for diversity jurisdiction because the amount in controversy in the Counterclaim is far less than the $75,000 jurisdictional minimum, and Polo has not contended otherwise.
- Polo's notion that its counterclaims and the class action complaint arise from the same operative facts is likewise unfounded, as is self-evident from even a cursory review of those pleadings.

Polo thus has offered no legally viable reason for persisting with prosecution of its unrelated counterclaims here, rather than in state court. For this reason, and the other reasons set forth below, Mr. Kiser respectfully submits his motion should be granted.

## II. The Counterclaim Does Not Yield An Independent Basis For Diversity Jurisdiction.

In support of its argument that diversity jurisdiction somehow precludes remand, Polo curiously asserts that "this Court continues to have diversity jurisdiction over Polo's counterclaim." Opp., 3:21-22. The problem with Polo's assertion is that the Counterclaim itself never generated diversity jurisdiction. Polo's Counterclaim is before this Court solely because it was supplemental to the appropriately-removed class action. *See* Def.s' Notice of Removal, ¶57, *et seq*.

The Counterclaim itself necessarily could not independently yield diversity jurisdiction because the amount in controversy in the Counterclaim is nowhere near the $75,000 jurisdictional minimum. *See* 28 U.S.C. §1332. Polo bears the burden of proving the jurisdictional minimum is satisfied. *See* McNutt v. General Motors Accept. Corp. of Indiana (1936) 298 US 178, 189; Meridian Secur. Ins. Co. v. Sadowski (7th Cir. 2006) 441 F.3d 536, 543. It has offered no such proof. Moreover, Polo was required to "allege in [its] pleading the facts essential to show jurisdiction." McNutt, *supra*, at 189. Polo has not alleged that the amount in controversy in its

Counterclaim exceeds $75,000. *See¸ e.g.*, Am. Counterclaim, p. 1, *et seq*. This is perhaps unsurprising because Polo seems to be protesting about misuse of an employee discount in connection with merchandise with a value of only "approximately $2500.00." Am. Counterclaim, ¶29.

## II. Neither Law Nor Logic Supports Continued Maintenance Of Polo's Permissive Counterclaim

A. <u>Polo's Insistence That Its Counterclaim Was Compulsory Is Misguided</u>

Polo initially insists its counterclaims were compulsory because they ostensibly "ar[o]se out of the same set of operative facts" as the class action complaint. Opp., 6:23-24. However, even a brief perusal of the implicated pleadings confirms Polo's rhetorical insistence is unfounded.

Plaintiffs' class-wide claims concern Polo's long-standing policies and practices of violating California's wage and hour laws. Polo's Counterclaim, by contrast, concerns only Mr. Kiser's purported misuse of his employee discount privileges. A side-by-side comparison of the Plaintiffs' and Polo's respective claims' divergence is illustrated below:

| **PLAINTIFFS' (OTSUKA, KEEFE, PHIPPS AND DAVIS) CLASS ACTION CLAIMS** | **POLO'S COUNTERCLAIMS AGAINST JUSTIN KISER** |
|---|---|
| • Failure to timely pay employees for all hours worked<br>• Failure to provide rest breaks<br>• Failure to pay premium overtime compensation.<br>• Fraudulent promises relating to the payment of premium overtime compensation<br>• Misclassification of sales persons<br>• Miscellaneous wage and hour violations | • Justin Kiser's alleged misuse of his employee discount to assist former employee buy Polo products<br>• Mr. Kiser's alleged breach of his duty of loyalty to Polo relating to the sale of merchandise to former employee |

Despite the claims' obvious lack of a common factual basis, Polo nonetheless asserts that a "logical relationship" between the claims sufficient to support compulsory joinder exists. However, the "logical relationship" test requires that counterclaims arise "from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." Aetna U.S. Healthcare, Inc. v. Madigan WW-01-1240-MaMoR (9th Cir. 12/6/2001). Unless this test is satisfied, a counterclaim is not compulsory. Because Polo's counterclaims do not arise from Polo's policies and practices of not paying Polo employees the wages to which California law entitles them, the counterclaims thus do not arise from the same "aggregate core of facts" on which the class action complaint is premised. Polo's counterclaims thus were permissive. FRCP Rule 13(b).

Polo's reliance on Pochiro v. Prudential Insurance Company 827 F.2d 1246 (9th Cir. 1987) is misplaced. In Pochiro, Prudential sued its former employee (Pochiro) for breach of employment contract, unfair competition and intentional interference with business relations. Pochiro then counterclaimed, asserting that Prudential had defamed him with respect to the allegations set out in Prudential's claims. The court concluded the counterclaims were compulsory because the alleged defamation directly related to the claims Prudential had asserted against Pochiro. Here, in stark contrast, Plaintiffs' class-wide claims here have no relationship to Polo's employee discount abuse claims against one former employee.

B.  Mr. Kiser's Status As A Putative Class Member In This Uncertified Class Action Does Not Support The Continued Prosecution Of Polo's Unrelated Counterclaims.

The only connection Mr. Kiser now has to this case is as a cross-defendant. While he is technically a member of the putative class, he is not a plaintiff. Indeed, Mr. Kiser will have no opportunity to decide whether to opt out of the case or remain as an unnamed class member until certification occurs. (There is no mechanism for opting out of a putative class action before certification occurs.) Consequently, Polo's insistence that "Mr. Kiser and his claims remain in this action" is both misleading and irrelevant to the question of whether Polo's counterclaims should be remanded.

Moreover, Mr. Kiser is aware of no law supporting Polo's implicit notion that a class action defendant may maintain unrelated "counterclaims" against unnamed members of a proposed class, regardless of whether a former named plaintiff becomes unnamed in circumstances like this, or otherwise. Implicitly confirming that Polo likewise is unaware of such authority, it cites none. Even if such law existed, it would seem highly unlikely that it would permit the variety of undermining of judicial economy Polo seems to strive for here.

C. <u>Justice And Economy Will Best Be Served By Dismissing Polo's Counterclaims And Remanding Them</u>

Justin Kiser voluntarily dismissed himself from this case to best serve the interest of the putative class. Polo's assertion of unrelated counterclaims against him had jeopardized his ability to continue to serve effectively as a representative class member, which presumably was Polo's intention from the beginning.

Polo waited almost a year after Mr. Kiser left its employment to bring its claims, and then did so only as a cross-complaint to Mr. Kiser's wage and hour claims. Now that Mr. Kiser has dismissed his claims in this case, Polo still seems to be trying to use the counterclaims to unnecessarily complicate federal proceedings, or, perhaps with the misguided hope of claiming the existence of its counterclaims somehow militates against a finding of commonality under F.R.C.P. 23(b).

Ultimately, dismissal and remand of Polo's counterclaims will permit the parties and the Court to focus on Plaintiffs' wage and hour claims in this case, without wasting time and resources dealing with unrelated, small–value, state law-based claims against an unnamed class member who will opt out of the class once it is certified anyway.

///
///
///
///
///
///

### III. Conclusion

The permissive justification for jurisdiction over Polo's counterclaims, which may have existed when Mr. Kiser was a named plaintiff, exists no longer. For this reason and the other reasons discussed above, Mr. Kiser respectfully submits Polo's counterclaims against him should be dismissed and remanded.

DATED: April 18, 2008     THE LAW OFFICE OF PATRICK R. KITCHIN


By: /s/ Patrick R. Kitchin
Patrick R. Kitchin, Esq.
Attorneys for Plaintiffs Janis Keefe, Corinne Phipps and
Renee Davis, and Cross-Defendant Justin Kiser