IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, *et al.*, | No. C 07-02780 SI |
| Plaintiffs, | **ORDER GRANTING CROSS-DEFENDANT'S MOTION TO REMAND** |
| v. | |
| POLO RALPH LAUREN CORPORATION, *et al.*, | |
| Defendants. | |
| _____/ | |
| AND RELATED CROSS-CLAIMS | |
| _____/ | |

Cross-defendant Justin Kiser has filed a motion to remand cross-claimants' counterclaims to state court. The motion is scheduled for hearing on May 14, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS Kiser's remand motion.

**BACKGROUND[1]**

Justin Kiser was formerly a named plaintiff in a putative class action against Polo Ralph Lauren Corporation ("Polo"), Fashions Outlet of America ("Fashions Outlet"), and others (referred to collectively as "Polo"). That suit alleges, *inter alia*, various wage and hour violations, fraud, and false imprisonment, all relating to Polo's employment and compensation policies. After the class action was

---

[1] The following background facts are taken from the allegations of Polo's cross-complaint, which for purposes of this motion, must be taken as true.

filed in state court, and prior to removal to federal court, Polo filed counterclaims against Kiser, a former sales clerk at a Polo store, for breach of fiduciary duty and civil conspiracy to commit fraud. The counterclaims alleged that Kiser, while employed at a Polo store in San Francisco, on more than one occasion entered fictitious customer names when selling products to a former Polo employee who was improperly using merchandise credits for her purchases; it was against Polo policy to use fictitious customer names to send store merchandise. Kiser also used his employee discount to purchase products for his acquaintance at a Polo outlet store in Vacaville, California, even though it was against Polo policy for an employee to use his employee discount for a non-employee. On November 9, 2007, this Court granted in part and denied in part Kiser's motion to dismiss the counterclaims. Polo then amended its counterclaims to allege breach of fiduciary duty and conspiracy to commit conversion, based on the same facts discussed above. Thereafter, upon stipulation of the parties, Kiser sought and received dismissal from the underlying class action suit, such that he is no longer a named plaintiff. Although he remains a member of the putative class by virtue of his former employment, Kiser has filed an individual lawsuit in state court against Polo for the same wage and hour violations alleged in the class action, and thus will likely opt out of any class that is certified in this Court. *See* Motion to Remand at 3. Currently before the Court is Kiser's motion to remand Polo's counterclaims to state court.

**LEGAL STANDARD**

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Salveson v. Western States Bankcard Ass'n*, 525 F. Supp. 566, 571 (N.D. Cal. 1981), *aff'd in part, rev'd in part*, 731 F.2d 1423 (9th

Cir. 1984); Schwarzer, Tashima, Wagstaffe, Federal Civil Procedure Before Trial, § 2:1093 (1992). In this case, Polo must meet this burden.

## DISCUSSION

Kiser moves to dismiss the counterclaims filed against him by Polo. Polo argues that this Court should not remand the counterclaims because the Court has independent subject matter jurisdiction over the counterclaims and because the counterclaims are compulsory. In the alternative, Polo also asks the Court to exercise supplemental jurisdiction over the counterclaims.

Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims. A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Ninth Circuit "applies the liberal 'logical relationship' test to determine whether two claims arise out of the same 'transaction or occurrence.'" *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). Under the logical relationship test, the Court must analyze "'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Id.* (quoting *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978)). Although the Ninth Circuit has not definitively clarified when the essential facts are sufficiently connected for purposes of compulsory counterclaims, it has explained, in the bankruptcy context, that "[a] logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005) (internal quotation marks omitted).

Applying the Ninth Circuit's standards to the facts of this case, it is clear that Polo's counterclaims are not compulsory. Polo's counterclaims allege that Kiser breached his fiduciary duty and engaged in a conspiracy to commit conversion when Kiser assisted an acquaintance in receiving various improper discounts at Polo retail stores. The essential facts of the counterclaims concern whether Kiser improperly used his employee discount for a non-employee and improperly helped an

3

acquaintance steal from Polo. *See generally* Polo's Amended Counterclaim. These facts are not logically connected to the essential facts of the underlying class action, which concern whether Polo violated the California Labor Code by, *inter alia*, requiring employees to work off the clock, failing to provide meal and rest breaks, and failing to pay overtime wages. *See* Third Amended Complaint at ¶ 11. Similarly, under the *Pegasus Gold* test, completely different operative facts serve as the basis of both claims. *In re Pegasus Gold Corp.*, 394 F.3d at 1196; *see also Moore v. Old Canal Fin. Corp.*, 2006 WL 851114 (D. Idaho March 29, 2006) ("In making this determination courts commonly consider 1) whether substantially the same evidence will be used to try the claim and the counterclaim and 2) whether there is any logical relation between the claim and the counterclaim." (citing Wright & Miller, *Federal Practice and Procedure*: Civil § 1410 at 41-47 (2d ed.1985)). The only thing the counterclaims have in common with the wage and hour class action is that Kiser was a Polo employee whose employment rights may have been violated by Polo's policies. Even that connection is tenuous, however, because Kiser is no longer a named plaintiff and because Kiser has filed his own wage and hour lawsuit in state court, such that he will opt out of any class that is certified in federal court. Accordingly, the Court finds that Polo's counterclaim are permissive, not compulsory.

Permissive counterclaims require an independent basis for subject matter jurisdiction. *See Iglesias v. Mutual Life Ins. Co. of New York*, 156 F.3d 237, 241 (1st Cir. 1998). Where there is no independent basis for jurisdiction, the Court may exercise supplemental jurisdiction over the permissive counterclaims under 28 U.S.C. § 1367. *See Woodrow v. Satake Family Trust*, 2006 WL 2092630, *2 (N.D. Cal. July 27, 2006); *Jones v. Ford Motor Co.*, 358 F.3d 205, 212-13 (2d Cir. 2004). Polo first argues that independent jurisdiction exists for its counterclaims under 28 U.S.C. § 1332(a) because the parties were diverse when the counterclaims were removed to federal court. Although Kiser is now a New York resident – and Polo is a citizen of New York and Delaware – the parties agree that complete diversity existed when the counterclaims were filed and removed because Kiser was then a resident of California. The parties dispute, however, whether the amount in controversy exceeds the value of $75,000. Polo mentions in its opposition that the amount in controversy requirement is met, *see* Opposition at 3, but does not lodge any serious arguments in support of this contention. In fact, Polo's opposition makes no attempt to explain how the amount in controversy would exceed $75,000. Polo's

complaint itself does not state an amount in controversy, and mentions only that the stolen property had a value of approximately $2,500. Amended Counterclaim at ¶ 29. Polo cannot carry its burden of establishing federal jurisdiction in silence, particularly where the face of its complaint strongly suggests that the amount in controversy will not exceed $75,000. Thus, the Court finds there is no independent basis for subject matter jurisdiction over Polo's counterclaims.

Because Polo's counterclaims are not compulsory, and because there is no independent basis for federal jurisdiction over them, the Court must remand Polo's claims unless supplemental jurisdiction is appropriate. The Court may exercise supplemental jurisdiction over "claims that are so related to the claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The Ninth Circuit has defined the case or controversy requirement as follows: "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (internal quotation marks omitted). Although the Court recognizes that the standard for supplemental jurisdiction is broader than the standard for compulsory counterclaims, *see Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005), the Court finds, for the reasons discussed above, that the Court lacks supplemental jurisdiction over Polo's permissive counterclaims. When Polo's claims that Kiser misused his employee discount and helped steal merchandise from Polo are compared to the class claims that Polo requires employees to work off the clock and does not fully compensate them for their labor, it is apparent that the claims do not share a common nucleus of operative fact. The Court therefore GRANTS Kiser's motion to remand.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Kiser's motion to remand Polo's counterclaims to state court [Docket No. 81].

**IT IS SO ORDERED.**

Dated: May 12, 2008

SUSAN ILLSTON
United States District Judge

5