# Greenberg Traurig

Cindy Hamilton
Tel. 650.328.8500
Fax 650.462.7859
hamiltonc@gtlaw.com

May 27, 2008

VIA EMAIL

The Honorable Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    *Ann Otsuka, et al v. Polo Ralph Lauren Corporation, et al.*
           Case No. C-07-02780-SI
           Motion to Dismiss Plaintiff Ann Otsuka based on failure to appear for deposition

Dear Judge Illston:

With this letter Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corp.; and Fashions Outlet of America, Inc., (collectively "Polo" or "Defendants") request that proposed class representative and named plaintiff Ann Otsuka be dismissed as class representative based on her failure to appear for deposition or to communicate with her counsel. Up to this point, Defendants have tried to be patient with Ms. Otuska's absence from participation in this action, and has focused its discovery efforts on the other participating plaintiffs. However, Ms. Otsuka's failure to participate in this action has now resulted in prejudice to Defendants who are preparing to oppose Plaintiff's Motion for Class Certification on June 20, 2008.

It appears that Ms. Otsuka has not communicated with her counsel for at least two months and has failed to appear for her deposition noticed by Defendant. As purported class representative, Ms. Otsuka is an important plaintiff in this action and her participation in discovery is essential. Based on Ms. Otsuka's failure to appear for deposition, Defendants request that she be dismissed as the proposed class representative and as a named plaintiff in this action. As this motion is based on the discovery dispute of Ms. Otuska's failure to appear for deposition, Defendants write this letter pursuant to paragraph 2 of your Standing Order.

Procedural History

On March 31, 2008 Polo noticed the deposition of Ann Otsuka, a proposed class representative in the above entitled action, for April 30, 2008. A true and correct copy of this notice is

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
CHICAGO
DALLAS
DENVER
FORT LAUDERDALE
LOS ANGELES
MIAMI
NEW JERSEY
NEW YORK
ORANGE COUNTY, CA
ORLANDO
PHILADELPHIA
PHOENIX
SILICON VALLEY
TALLAHASSEE
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
WILMINGTON
ZURICH

SV 346,288,841v1 5/27/2008

Greenberg Traurig, LLP | Attorneys at Law | Silicon Valley Office | 1900 University Avenue | 5th Floor | East Palo Alto, CA 94303    www.gtlaw.com
Tel 650.328.8500 | Fax 650.328.8508

The Honorable Susan Illston
May 27, 2008
Page 2

---

attached to the Declaration of William J. Goines as Exhibit A. On April 17, 2008, I emailed counsel and asked if Ms. Otsuka's deposition could be rescheduled for the week after April 30, 2008. On April 21, 2008, counsel for Ms. Otsuka indicated that he was agreeable to rescheduling the deposition for the following week and would provide further dates. After several follow up emails on April 28 counsel for Ms. Otsuka indicated that he had not heard back from his client and so could not provide another date for Ms. Otsuka's deposition. Defendants heard nothing from counsel for Plaintiffs after April 28 despite the fact that counsel had agreed to reschedule Ms. Otsuka for the week of May 5-9. A true and correct copy of emails regarding Ms. Otuska's deposition is attached as Exhibit B.

On May 1, 2008, having heard nothing from Ms. Otsuka's counsel about rescheduling, Defendant renoticed Ann Otsuka's deposition for Thursday, May 15, 2008 at 9:30. An Amended Notice of Taking Deposition of Plaintiff Ann Otsuka was served by mail and by fax on the Law Offices of Patrick R. Kitchin and the Law Offices of Daniel L. Feder. A true and correct copy of the Amended Notice is attached as Exhibit C to the Declaration of William J. Goines.

On May 14, 2008 at 1:30 pm. Mr. Kim (counsel for Ms. Otsuka) emailed counsel in this action and stated "We will not be appearing at Ann Otsuka's deposition tomorrow. We have not been able to reach Ms. Otsuka yet, although we are still trying". There was no appearance on May 15 by Ms. Otuska, Mr. Kitchin or Mr. Feder, and this non-appearance was noted on the record. A true and correct copy of the Statement on the Record RE: Non-appearance of Ann Otsuka is attached as Exhibit D to the Declaration of William J. Goines.

Plaintiff Otsuka's History of Unresponsiveness

Ms. Otsuka's has a history of unresponsive and uncooperative behavior in prosecuting this action. On September 10, 2007, Patrick Kitchin filed a supplemental declaration in support of his motion to be relieved as counsel of record for Ms. Otsuka. In paragraph 5 of his declaration Mr. Kitchen states that he made "20 telephone calls" to Ms. Otsuka between December 2006 and April 2007, and that "Ms. Otsuka never returned any of my calls". Ms. Otsuka failed to cooperate with her counsel even to complete discovery responses. In paragraph 7 of his declaration Mr. Kitchen discusses the efforts he took to request Ms. Otsuka to respond to special interrogatories, which she ignored. In paragraph 11 of this declaration he states that he had been "unable to communicate with her for seven full months". In fact, Ms. Otsuka has been so hard to reach and so unresponsive that in paragraph 17 of his declaration Mr. Kitchin states: "I was so concerned about Ms. Otsuka's failure to respond to my calls and letters, that in or about early January 2007 I ran skip trace searches for her on a subscription database service my office uses to locate witnesses". Attached as exhibits to his declaration is a long history of phone records and emails detailing Mr. Kitchen's attempts to communicate with Ms. Otsuka. Ultimately Mr. Kitchen was relieved as counsel for Ms. Otsuka, and Mr. Feder became Ms. Otsuka's counsel of record. However, it does not appear that Mr. Feder has been more successful than Mr. Kitchen in attempting to reach his client to obtain her assistance prosecuting this case.

SV 346,288,841v1 5/27/2008

___

Compliance with Local Rule 37-1

Exhibit B to the Declaration of William J. Goines contains the meet and confer efforts made in this action to compel the appearance of Ann Otsuka for deposition. On May 19, 2008 after Ms. Otuska failed to appear for her deposition, I emailed counsel for Ms. Otsuka requesting proposed dates for her deposition by the close of business, or that Defendant would move to dismiss Ms. Otsuka as a plaintiff and proposed class representative. As of the date of this letter, I have not received a response from Mr. Kim.

Legal Argument

Pursuant to Fed. R. Civ. Proc. 37(a)(1) Defendant may make a motion for an order compelling discovery. If the Court grants Defendants motion, Defendants are entitled to the reasonable expenses incurred in making this motion. Fed. R. Civ. Proc. 37(a)(5). If a party to an action, such as Ms. Otsuka, fails to appear for her own deposition the appropriate remedy is to dismiss her as a plaintiff in this action under Fed. R. Civ. Proc. 37(d)(3) and 37(b)(2)(v). Courts have inherent equitable powers to dismiss actions for failure to prosecute, contempt of court, or abusive litigation practices. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980).

The standard for whether Ms. Otsuka has prejudiced Defendants, justifying her dismissal as a plaintiff is where her behavior has "threatened to interfere with the rightful decision of the case". Hyde & Drath v. Baker, 24 F.3d 1162 (Cal. 1994), citing United States ex rel.Wiltec Guam, Inc. v. Kahaluu Constr. Co, 857 F.2d. 600 (9th Cir. 1988). By failing to appear for her deposition, Ms. Otsuka has prevented Defendants from timely preparation of their opposition to Plaintiffs Motion for Class Certification, arguably the most important motion that will be heard in this action. Ms. Otsuka is purportedly a class representative in this action and therefore an essential party to depose prior to opposing class certification. Not only has Ms. Otsuka failed to appear for deposition, she apparently has not been in contact with her counsel for at least two months.

This prejudice is exacerbated when accompanied by a failure to comply with other forms of discovery. Although Plaintiffs in general have responded to Defendants discovery, according to Mr. Kitchin's declaration in support of his Motion to Withdraw as Counsel, Ms. Otsuka did not respond to discovery. Courts have found dismissal justified where "the repeated failure of [plaintiffs] to appear at scheduled depositions compounded by their continuing refusal to comply with court-ordered production of documents constitutes an interference with the rightful decision of this case." Adriana International Corp. v. Thoeren, 913 F.2d 1406 (9th Cir. 1990).

Aside from prejudice, Courts are more inclined to dismiss a party's action based on a failure to appear at deposition when discovery violations were due to "willfulness, bad faith or the fault of the party". Wyle v. R.J. Reynonds Indus, 709 F.2d 585, 589 (9th Cir. 1983). Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault. Henry v. Gill Indus., 983 F.2d 943 948(9th Cir. 1993). Here, Ms. Otsuka has not even granted Defendants the courtesy of a justification for her missed

deposition, let alone demonstrate that any factors beyond her control have justified her disobedient conduct.

Defendants respectfully ask that this court dismiss Ms. Otsuka from this action as a plaintiff based on Fed. R. Civ. Proc. 37(d)(3). By not appearing for deposition or communicating with her counsel, Ms. Otsuka has made clear that she is not interested in participating in this action. Dismissing her as a plaintiff is an appropriate remedy that will not prejudice the rest of Plaintiff's case since there are a number of other plaintiffs who have willingly participated in discovery.

Defendants are entitled to reasonable expenses associated with the failure to appear for deposition and for bringing this motion. Fed. R. Civ. Proc. 37(a)(5)(A) and 37(d). Fed. R. Civ. Proc. 37(d) authorizes the district court to require an attorney "to pay the reasonable expenses, including attorney's fees, caused by the failure" of its client to appear at a deposition, "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." My hourly rate is $555.00, and I spent an hour to prepare for and note the non-appearance of Ms. Otsuka at her deposition. The hourly rate of my associate, Cindy Hamilton, who drafted this motion is $360 per hour. Accordingly, combined expenses to appear at deposition and file this motion are $1635. Goines Decl. ¶ 8.

Conclusion

Defendants have been exceedingly patient with Ms. Otsuka's failure to participate in this action but they have reached the point where they will be greatly prejudiced by Ms. Otsuka absence. Based on the facts and law recited above, Defendants respectfully request that Ms. Otsuka be dismissed from this action as a Plaintiff.

Very truly yours,

William J. Goines

cc:   Patrick Kitchin, Esq.
      Daniel L. Feder, Esq.