# EXHIBIT A

1    WILLIAM J. GOINES (SBN 061290)
     ALISHA M. LOUIE (SBN 240863)
2    GREENBERG TRAURIG, LLP
     1900 University Avenue, Fifth Floor
3    East Palo Alto, CA 94303
     Telephone: (650) 328-8500
4    Facsimile: (650) 328-8508
     Email:  goinesw@gtlaw.com
5    louisa@gtlaw.com

6    JEREMY A. MEIER (SBN 139849)
     GREENBERG TRAURIG, LLP
7    1201 K Street, Suite 1100
     Sacramento, CA 95814
8    Telephone: (916) 442-1111
     Facsimile: (916) 448-1709
9    Email:  meierj@gtlaw.com

10   Attorneys for Defendants Polo Ralph Lauren
     Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
11   doing business in California as Polo Retail Corporation; and
     Fashions Outlet of America, Inc

12

13

14                   **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16   ANN OTSUKA, an individual; et al,          | Case No. C07-02780 SI

17                   Plaintiff(s),

18   v.                                          **DEFENDANTS' NOTICE OF DEPOSITION
                                                  OF ANN OTSUKA**
19   POLO RALPH LAUREN CORPORATION,
     a Delaware Corporation; et al.,             Date:      April 30, 2008
20                                               Time:      9:30 a.m.
                     Defendant(s).               Location:  Greenberg Traurig, LLP
21                                                          1900 University Ave., 5th Fl.
                                                           East Palo Alto, CA 94303
22

23          **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30, Defendants

24   Polo Ralph Lauren Corporation; Polo Retail, LLC; Fashions Outlet of America, Inc.; and Polo Retail

25   Corporation (hereafter collectively "Defendants") shall take the oral deposition of Plaintiff ANN

26   OTSUKA (hereafter "Deponent") before a certified shorthand reporter duly commissioned and

27   authorized to administer oaths under Fed. R. Civ. P. 30(c).  The deposition shall take place on April

28   30, 2008 at the hour of 9:30 a.m. and shall continue from day to day, excluding Saturdays, Sundays

                                              1

Exhibit No. __2__
Date: 5/15/08
Witness: Otsuka
Iris M. Smith, CSR 3798

1   and holidays, until completed.  The deposition will take place at Greenberg Traurig, LLP, 1900

2   University Avenue, Fifth Floor, East Palo Alto, California 94303.

3         **NOTICE IS FURTHER GIVEN** this deposition is being taken pursuant to the provisions of

4   Fed. Rules Civ. Pro. 30, *et seq.*, and may be videotaped and/or audio-taped in addition to

5   stenographic recording pursuant to Fed. R. Civ. P. 30(b)(2).  Polo intends to reserve the right under

6   Fed. R. Civ. P. 32(c) to use the videotaped recording of this deposition at the trial in this action.

7         **NOTICE IS FURTHER GIVEN** that pursuant to Federal Rules of Civil Procedure 26 and

8   34, Deponent is required to produce for inspection and copying at the time of the deposition, all of

9   the documents described in Attachment "A" attached hereto that are within her custody, possession or

10  control.

11        This notice has been served on all the persons listed in the Proof of Service.

12

13  Dated: March 31, 2008                GREENBERG TRAURIG, LLP

14

15                                  By: _____
                                 William J. Goines

16                                   Jeremy A. Meier

17                                   Alisha M. Louie
                                 Attorney for Defendants Polo Ralph Lauren

18                                   Corporation; Polo Retail, LLC; Fashions Outlet
                                 of America, Inc.; and Polo Ralph Lauren Corp. dba
                                 Polo Retail Corp.

19

20

21

22

23

24

25

26

27

28

NOTICE OF TAKING OF DEPOSITION OF ANN OTSUKA AND REQUEST FOR DOCUMENTS
SV 346,272,768v1 3/27/2008

## ATTACHMENT A

## INSTRUCTIONS

1.    If you object to any part of a request and refuse to answer that part, state your objection and answer the remaining portion of that request. If you object to the scope or time period of a request and refuse to answer for that scope or time period, state your objection and answer the request for the scope or time period you believe is appropriate (including in your answer a specific statement as to why you believe the scope or time period is inappropriate).

2.    If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular, set forth the details of such qualification.

3.    You must produce all documents responsive to these requests which are in your actual or constructive possession, custody or control, including all documents within the actual or constructive possession, custody or control of any representative, agent, employee, attorney, accountant, investigator or any person acting for you or on your behalf.

4.    All documents are to be produced as they are kept in the usual course of business, in the files in which such documents have been maintained, and in the order within each file in which such documents have been maintained; or all documents shall be organized and labeled to correspond with the requests below. All documents are to be produced along with copies of the file folders in which they are kept.

5.    If you withhold any document(s) from production on the basis of a claim of attorney-client or any other privilege, or on the basis of the attorney work-product doctrine, you must set forth with specificity the privilege or work product claim and furnish a list identifying each document for which the privilege or work product doctrine is claimed, together with:

        a.    A brief description of the nature and subject matter, including the title and type of the document;

        b.    The date of preparation;

c.    The name and title of the author(s);

d.    The name and title of the addressee(s);

e.    The name and title of all persons to whom the document was sent, including blind carbon copies;

f.    The number of pages;

g.    The document request(s) to which the withheld information or document is otherwise responsive; and

h.    The complete basis upon which you contend you are entitled to withhold the information or document from production.

6.    If you know of the existence, past or present, of any document requested herein, but are unable to produce such document because it is not presently in your possession, custody or control, or in the possession, custody or control of your agents, representatives, employees, or attorneys, you shall so state in your response and shall identify (by title, if any, nature of document and subject matter) such document and shall identify (by name, address and telephone number) the person in whose possession, custody or control the document was last known to reside.

7.    If, in responding to the requests, you claim that there is any ambiguity in either a particular request or in a definition or an instruction applicable thereto, such claim shall not be used by you as a basis for refusing to respond, but you shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

8.    For purposes of interpreting or construing the following requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the document request itself.  This includes, without limitation, the following:

a.    Construing the words "and" and "or" used in any document request in the disjunctive or conjunctive as necessary, to make the document request more inclusive;

b.    Construing the words "any" and "all" used in any document request to mean "any and all" as necessary to make the document request more inclusive;

1          c.      Construing the singular form of any word to include the plural and the plural

2                 form to include the singular; and

3          d.      Construing the masculine form to include the feminine and/or the gender

4                 neutral form.

5     9.      Electronic records and computerized information are to be produced in an intelligible

6 format together with a description of the system from which it is derived sufficient to permit

7 rendering the material intelligible.

8     10.      The requests are to be regarded as continuing, and Defendants are requested to provide

9 any additional information or documents by way of supplemental responses as specified in Federal

10 Rule of Civil Procedure 26(e).

11 **DEFINITIONS**

12     The following definitions shall apply to the Requests for Production that follow:

13     1.      The term "DEFENDANTS" means Defendants Polo Ralph Lauren Corporation; Polo

14 Retail, LLC; Fashions Outlet of America, Inc.; and Polo Retail Corporation.

15     2.      The term "PLAINTIFFS" means Ann Otsuka, Corrine Phipps, Janis Keefe, and Renee

16 Davis, and any of their agents, employees, attorneys, representatives, predecessors, successors, and

17 all other persons acting or purporting to act (or who acted or purported to act) on their behalf.

18     3.      The term "YOU" and/or "YOUR" means Ann Otsuka, and any of her agents,

19 employees, attorneys, representatives, predecessors, successors, and all other persons acting or

20 purporting to act (or who acted or purported to act) on her behalf.

21     4.      The terms "RELATING TO" and "CONCERNING" mean referring to, regarding,

22 evidencing, describing, supporting, refuting, and/or constituting.

23     5.      The term "DOCUMENT" or "DOCUMENTS" means and includes any kind of

24 written, typewritten or printed materials; any tangible recording of any form of statement,

25 communication or representation; and all other data compilation from which information can be

26 obtained (translated, if necessary, by you through detection devices into reasonably usable form)

27 including, but not limited to, writings and all non-identical copies and drafts thereof, notes,

28 memoranda, letters, calendars, appointment books, diaries, notes or minutes of meetings or

5

1  conversations, catalogs, written agreements, microfilm, graphs, charts, drawings, plans, computer

2  discs, computer tapes, computer cards, computer printouts, tape and sound records, photo records,

3  inter-office communications, reports, photographs, cables, telegrams, telexes, account books, ledger

4  sheets, canceled checks, invoices, bills, receipts, financial statements or any other form of "writing"

5  as defined in Federal Rule of Evidence 1001.

6      6.    The term "COMMUNICATIONS" means every manner of disclosure, transfer or

7  exchange of information, whether person to person, in a group, orally, in writing, by telephone, by

8  electronic transmission, or otherwise, including letter or other correspondence, electronic mail,

9  telephone message, memorandum, or telegram.

10                    **REQUESTS FOR PRODUCTION**

11  **REQUEST NO. 1**

12      All notes, journals, memoranda, reports, letters, e-mails, correspondence, and other

13  documents that relate to your employment with DEFENDANTS.

14  **REQUEST NO. 2**

15      All pay stubs, accounting, notes, journals, memoranda, reports, letters, e-mails,

16  correspondence, and other documents that relate to wages paid or not paid by DEFENDANTS.

17  **REQUEST NO. 3**

18      All notes, journals, memoranda, reports, letters, e-mails, correspondence, and other

19  documents that relate to your decision to terminate your employment with DEFENDANTS.

20  **REQUEST NO. 4**

21      All notes, journals, memoranda, reports, letters, e-mails, correspondence, and other

22  documents that relate to any of the PLAINTIFFS in this action.

23  **REQUEST NO. 5**

24      Any and all DOCUMENTS RELATING TO YOUR employment "by Polo Retail Corp.,

25  and/or Polo Ralph Lauren Corporation and/or Polo Retail, LLC, in Santa Clara County, California

26  between approximately May 2004 and approximately November 2004," as alleged in paragraph 1 of

27  YOUR Third Amended Class Action Complaint.

28

1  **REQUEST NO. 6**

2      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants have

3  engaged in a long-standing practice of violating the employment rights of their employees," as

4  alleged in paragraph 11 of YOUR Third Amended Class Action Complaint.

5  **REQUEST NO. 7**

6      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

7  routinely required all of their employees to perform unpaid work 'off the clock'," as alleged in

8  paragraph 11 (a) of YOUR Third Amended Class Action Complaint.

9  **REQUEST NO. 8**

10      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

11  required their employees to remain in their locked and/or door-alarmed stores for up to one half hour

12  to undergo a 'loss prevention search' ... after the employees clocked out ...'" as alleged in paragraph

13  11 (a) of YOUR Third Amended Class Action Complaint.

14  **REQUEST NO. 9**

15      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

16  routinely failed to provide their employees with mandatory rest breaks" as alleged in paragraph 11 (b)

17  of YOUR Third Amended Class Action Complaint.

18  **REQUEST NO. 10**

19      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

20  failed to pay wages to employees when those wages were earned," as alleged in paragraph 11 (c) of

21  YOUR Third Amended Class Action Complaint.

22  **REQUEST NO. 11**

23      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

24  violated Labor Code § 510 by consistently failing to pay premium overtime wages," as alleged in

25  paragraph 11 (d) of YOUR Third Amended Class Action Complaint.

26  **REQUEST NO. 12**

27      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

28  consistently failed to pay employees all wages due upon resignation and/or termination, and violated

7

1  Labor Code § 204," as alleged in paragraph 11 (e) of YOUR Third Amended Class Action
2  Complaint.

3  **REQUEST NO. 13**

4      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants
5  violated Labor Code § 208 by consistently failing to pay all wages due terminated employees at the
6  place of discharge," as alleged in paragraph 11 (f) of YOUR Third Amended Class Action
7  Complaint.

8  **REQUEST NO. 14**

9      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants
10  failed to maintain proper records memorializing the hours worked by their employees and the
11  compensation paid, and failed to make accurate payroll records available upon request," as alleged in
12  paragraph 11(g) of YOUR Third Amended Class Action Complaint.

13  **REQUEST NO. 15**

14      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants
15  violated Labor Code § 432.5 by consistently requiring employees to sign documents, including the
16  company's employee manuals, and thereby agree to Defendants' illegal policies and practices," as
17  alleged in paragraph 11 (h) of YOUR Third Amended Class Action Complaint.

18  **REQUEST NO. 16**

19      Any and all DOCUMENTS that YOU assert support YOUR allegation that "violated Labor
20  Code § 1199 by consistently violating ... Labor Code §§ 1171," as alleged in paragraph 11(i) of
21  YOUR Third Amended Class Action Complaint.

22  **REQUEST NO. 17**

23      Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants
24  maintained a wage system they call 'Base Rate Against Commission,' which they characterize as a
25  *bona fide* commission based system, when it was not," as alleged in paragraph 11 (j) of YOUR Third
26  Amended Class Action Complaint.

27

28

1    **REQUEST NO. 18**

2          Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants took

3    back wages previously paid to and earned by employees through Defendants' 'Arrears Program'," as

4    alleged in paragraph 11 (k) of YOUR Third Amended Class Action Complaint.

5    **REQUEST NO. 19**

6          Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

7    engaged in fraud by falsely promising employees that they would perform an end-of-the-year wage

8    reconciliation to determine which employees were eligible to receive premium overtime

9    compensation for work performed during the entire course of the previous year," as alleged in

10    paragraph 11 (l) of YOUR Third Amended Class Action Complaint.

11    **REQUEST NO. 20**

12          Any and all DOCUMENTS that YOU assert support YOUR allegation that "Defendants

13    violated Labor Code § 1194 by consistently requiring employees to agree to waive their statutory

14    right to premium overtime wages by acknowledging in writing that they understand they were not

15    entitled to the timely payment of premium overtime wages and they were not permitted to discuss

16    their wages," as alleged in paragraph 11 (m) of YOUR Third Amended Class Action Complaint.

17    **REQUEST NO. 21**

18          Any and all DOCUMENTS RELATING TO YOUR allegation that Tin Hua told YOU that

19    YOU would be "compensated as a draw versus commission employee at the initial rate of $12.00 per

20    hour, or 8% commission on sales exceeding Defendants' minimum sales requirement, whichever

21    amount was greater," as alleged in Paragraph 14 of YOUR Third Amended Class Action Complaint.

22    **REQUEST NO. 22**

23          Any and all DOCUMENTS RELATING TO YOUR allegation that "Defendants established a

24    commission-based arrears program that Defendants used in or about September or October 2004 to

25    obtain previously paid wages from Ms. Otsuka through payroll deductions," as alleged in Paragraph

26    14 of YOUR Third Amended Class Action Complaint.

27

28

1 **REQUEST NO. 23**

2       Any and all DOCUMENTS RELATING TO regular wages paid to YOU by DEFENDANTS,

3 including but not limited to any and all "paycheck stub(s)" received by YOU, as referenced in

4 paragraph 14 of YOUR Third Amended Class Action Complaint.

5 **REQUEST NO. 24**

6       Any and all DOCUMENTS RELATING TO overtime wages paid to YOU by

7 DEFENDANTS, including but not limited to any and all "paycheck stub(s)" received by YOU (the

8 term "paycheck stub" is as referenced in paragraph 14 of the Third Amended Class Action

9 Complaint).

10 **REQUEST NO. 25**

11       Any and all DOCUMENTS RELATING TO commissions paid to YOU by DEFENDANTS,

12 including but not limited to any and all paycheck stub(s) received by YOU (the term "paycheck stub"

13 is as referenced in paragraph 14 of the Third Amended Class Action Complaint).

14 **REQUEST NO. 26**

15       Any and all DOCUMENTS RELATING TO YOUR allegation that "when [you] asked for a

16 complete accounting of [your] wages and an explanation of the arrears deductions, [you] were denied

17 the information necessary to determine how ... reduced wages had been calculated," as alleged in

18 paragraph 14 of your Third Amended Class Action Complaint.

19 **REQUEST NO. 27**

20       Any and all DOCUMENTS RELATING TO YOUR allegation that "when Ann Otsuka was

21 hired by Defendants, she was required to sign an acknowledgment that she had received and

22 understood the policies she alleges herein were illegal," as alleged in paragraph 15 of your Third

23 Amended Class Action Complaint.

24 **REQUEST NO. 28**

25       Any and all DOCUMENTS RELATING to COMMUNICATIONS you had with

26 DEFENDANTS, RELATING TO any request for information, guidance and or clarification

27 regarding the arrearages program, as alleged in paragraph 14 of YOUR Third Amended Class Action

28 Complaint.

1  **REQUEST NO. 29**

2      Any and all DOCUMENTS that support YOUR contention that "during at least two pay

3  periods, less than 50% of Ann Otsuka's wages came from commissions," as alleged in Paragraph 16

4  of YOUR Third Amended Class Action Complaint.

5  **REQUEST NO. 30**

6      Any and all DOCUMENTS relating to YOUR allegation that YOU "worked overtime hours

7  and w[ere] entitled to, but not paid, all of the premium overtime due," as alleged in paragraph 16 of

8  YOUR Third Amended Class Action Complaint.

9  **REQUEST NO. 31**

10     Any and all DOCUMENTS relating to YOUR allegation that YOU "were entitled to receive

11 premium overtime compensation for hours worked in excess of eight hours per day or 40 hours per

12 week," as alleged in paragraph 16 of YOUR Third Amended Class Action Complaint.

13 **REQUEST NO. 32**

14     Any and all DOCUMENTS RELATING TO YOUR allegation that Defendants' maintained

15 and illegal payroll policy that was applied to YOU, as alleged in Paragraph 18 of YOUR Third

16 Amended Class Action Complaint.

17 **REQUEST NO. 33**

18     Any and all DOCUMENTS RELATING TO YOUR allegation that Defendants' "unlawfully

19 delay[ed] the 'reconciliation' for up to a year," and "failed to pay Ann Otsuka in a timely fashion," as

20 alleged in Paragraph 18 of YOUR Third Amended Class Action Complaint.

21 **REQUEST NO. 34**

22     Any and all DOCUMENTS RELATING to YOUR allegation that YOU were warned by

23 DEFENDANTS that YOU "would be reprimanded or terminated" if you left the store premises

24 before a manager had inspected YOU, as alleged in paragraph 19 of YOUR Third Amended Class

25 Action Complaint.

26 **REQUEST NO. 35**

27     Any and all DOCUMENTS RELATING to YOUR allegation that DEFENDANTS,

28 management team and Kristi Mogel instructed YOU that you were "not to use the customer exit

11

1  closest to the interior of the mall in which the store was located", as alleged in paragraph 19 of

2  YOUR Third Amended Class Action Complaint.

3  **REQUEST NO. 36**

4        Any and all DOCUMENTS RELATING to YOUR contention that YOU "routinely had to

5  wait with other sales associates each day for 10 to 20 minutes for … inspection" and were "never

6  compensated for that time," as alleged in paragraph 19 of YOUR Third Amended Class Action

7  Complaint

8  **REQUEST NO. 37**

9        Any and all DOCUMENTS RELATING to YOUR contention that YOU were "not permitted

10  to take all … rest breaks" during the days that you worked, as alleged in paragraph 20 of YOUR

11  Third Amended Class Action Complaint.

12  **REQUEST NO. 38**

13        Any and all DOCUMENTS that YOU assert support your contention that DEFENDANTS'

14  "conduct was despicable in that it subjected Plaintiffs and Misclassification Subclass members to

15  cruel and unjust hardship" as alleged in paragraph (62) of YOUR Third Amended Class Action

16  Complaint.

17  **REQUEST NO. 39**

18        Any and all COMMUNICATIONS between YOU and any state, federal or local

19  governmental agency concerning YOUR allegations in YOUR Third Amended Class Action

20  Complaint.

21  **REQUEST NO. 40**

22        Any and all DOCUMENTS RELATED TO COMMUNICATIONS between YOU and any

23  state, federal or local governmental agency concerning YOUR allegations in YOUR Third Amended

24  Class Action Complaint.

25  **REQUEST NO. 41**

26        Any and all DOCUMENTS RELATED TO any COMMUNICATIONS between YOU and

27  any of the co-defendants in this action, including but not limited to all electronic mail ("e-mails"),

28  text messages, written correspondence, and any notes and/or memoranda.

1

**REQUEST NO. 42**

2    Any and all DOCUMENTS RELATED TO any COMMUNICATIONS between YOU and
3    any and all potential class members CONCERNING the allegations in YOUR Third Amended Class
4    Action Complaint.

5    **REQUEST NO. 43**

6    Any and all DOCUMENTS RELATED TO any COMMUNICATIONS between YOU and
7    any and all potential class members CONCERNING YOUR employment with DEFENDANTS.

8    **REQUEST NO. 44**

9    Any and all DOCUMENTS RELATED TO any COMMUNICATIONS between YOU and
10   any and all potential class members CONCERNING their employment with DEFENDANTS.

11   **REQUEST NO. 45**

12   Any and all DOCUMENTS RELATED TO any COMMUNICATIONS between YOU and
13   any potential class members CONCERNING any and all damages purportedly incurred as a result of
14   any alleged action taken by DEFENDANTS.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.          Case No. C07-02780 BZ

## PROOF OF SERVICE

I, Cathy Sandifer, am a citizen of the United States, over the age of eighteen years and not a party to the within action. I am an employee of GREENBERG TRAURIG, LLP, and my business address is 1900 University Avenue, Fifth Floor, East Palo Alto, CA 94303. On March 31, 2008, I served the following documents:

## DEFENDANTS' NOTICE OF DEPOSITION OF ANN OTSUKA

☐ by transmitting via **FACSIMILE** the document(s) listed above to the fax numbers) set forth below, or as stated on the attached service list, on this date at approximately _____, from the sending facsimile machine telephone number of 650-289-7893. The transmission was reported as complete and without error by the machine. Pursuant to California Rules of Court, Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration. The transmission report was properly issued by the transmitting facsimile machine.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the **UNITED STATES MAIL** at East Palo Alto, California, addressed as set forth below.

☐ by **OVERNIGHT MAIL** by placing the document(s) listed above in a sealed overnight mail envelope with postage thereon fully prepaid, addressed as set forth below.

☒ **(BY MESSENGER PERSONAL SERVICE).** I caused delivery of such envelope by hand to the offices of the addressee.

Patrick R. Kitchin, Esq.                    Daniel Feder, Esq.
Law Offices of Patrick R. Kitchin           Law Offices of Daniel L. Feder
565 Commercial St., 4th Fl.                 807 Montgomery St.
San Francisco, CA 94111                     San Francisco, CA 94133
(Fax: 415-627-9076)                         (Fax: 415-391-9432)

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service/Express Mail, Federal Express and other overnight mail services. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at East Palo Alto, California, in the ordinary course of such business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2008, at East Palo Alto, California.

_Cathy Sandifer_
Cathy Sandifer

Proof of Service