

# THE LAW OFFICES OF DANIEL FEDER

VIA EMAIL

June 5, 2008

The Honorable Susan Illston
United States District Court
Northern District of California
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

Re: *Ann Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.*
Case No. C-07-02780-SI
<u>Motion to Dismiss Plaintiff Ann Otsuka based on failure to appear for deposition</u>

Dear Judge Illston:

    Plaintiff ANN OTSUKA ("Plaintiff") hereby opposes Defendants POLO RALPH LAUREN CORPORATION, POLO RETAIL, LLC, POLO RALPH LAUREN CORPORATION, and FASHION OUTLET OF AMERICA, INC.'s ("Defendants") motion to dismiss Plaintiff from the action.

I. <u>Letter Brief Is Not Proper Vehicle for Motion</u>

    Plaintiff objects to a letter brief as the vehicle to move for her dismissal. As such, Plaintiff did not receive sufficient notice to timely oppose the motion.

II. <u>Ms. Otsuka's Status as a Class Representative Can Be Addressed in Certification Proceedings</u>

    Defendants' motion to dismiss Plaintiff as a class representative is premature and unnecessary. The Court can address Plaintiff's role as a class representative through the certification proceedings themselves.

III.   Ms. Otsuka's Individual Action Should Not Be Dismissed

The Court should not dismiss Plaintiff from the action entirely. At a minimum, Ms. OTSUKA has a valid individual action. Although her counsel is presently experiencing difficulties in communicating with her, she has previously been in touch with counsel, including a face to face meeting on or about August 30, 2007. See Declaration of Arthur Kim in Opposition to Defendants' Motion to Dismiss Plaintiff Ann Ostuka Based on Failure to Appear for Deposition ("Kim Decl.") at ¶ 3. She has previously expressed her commitment to the case. See Declaration of Plaintiff Ann Otsuka in Conditional Nonopposition to Plaintiffs Janis Keefe, Corinne Phipps, and Justin Kiser's Motion to Be Relieved As Counsel (attached hereto as Exhibit A).

Furthermore, there are extenuating circumstances here. Her counsel believes that Ms. OTSUKA has changed her residence. Correspondence addressed to her last known address has been returned to her counsel's office. See Declaration of Colleana Dorsagno in Opposition to Defendants' Motion to Dismiss Plaintiff Ann Ostuka Based on Failure to Appear for Deposition at ¶ 2. Her counsel is still attempting to locate her.

IV.   Sanctions Against Plaintiff's Counsel for Ms. Otsuka's Nonappearance Is Wholly Unjustified

Defendants seek $1,635 in sanctions against Plaintiff's counsel for Ms. OTSUKA's failure to appear at her deposition. This award is wholly unjustified. To begin with, Plaintiff's counsel gave clear notice that they (and by obvious implication, Ms. OTSUKA) would not be appearing for her deposition. See Email from A. Kim to A. Louie (5/14/08) (Exhibit B, Declaration of William Goines in Support of Motion to Dismiss Ann Otsuka as Plaintiff ("Goines Decl.").

Furthermore, Plaintiff's counsel attempted in good faith, although unsuccessfully, to arrange for Ms. OTSUKA's deposition. See Emails from A. Kim to W. Goines and/or A. Louie (4/21/08 to 5/14/08) (Ex. B, Goines Decl.). Plaintiff's counsel was forthright about their difficulties in locating her.

And given the extenuating circumstances here, a change of residence by Ms. OTSUKA, the imposition of sanctions would be unjust.

Very truly yours,

Daniel S. Feder

Daniel Feder

cc:   William Goines, Esq.
      Patrick Kitchin, Esq.

Ex. A

Daniel Feder (State Bar No. 130867)
**THE LAW OFFICES OF DANIEL FEDER**
807 Montgomery Street
San Francisco, CA 94133
(415) 391-9476

Attorneys for Plaintiff Ann Otsuka

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,<br><br>　　　　　Defendants. | Case No.: C-07-02780 SI<br><br>**DECLARATION OF PLAINTIFF ANN OTSUKA IN CONDITIONAL NONOPPOSITION TO PLAINTIFFS JANIS KEEFE, CORINNE PHIPPS, AND JUSTIN KISER'S MOTION TO BE RELIEVED AS COUNSEL**<br><br>Date: September 21, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Susan Illston<br>Location: Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102 |

I, ANN OTSUKA, declare as follows:

1. I have personal knowledge of the following facts and would testify truthfully to these matters if called as a witness:

2. I am a Plaintiff in this action.

3. I am a resident of the City of Mountain View in the County of Santa Clara, California.

- 1 -
Otsuka, et al. v. Polo, et al.
Case No.: C-07-02780-SI
**DECLARATION OF ANN OTSUKA**

4. In December 2006 (or January 2007), the day before my deposition was to be taken, I called Patrick Kitchin and spoke with him on the phone. Mr. Kitchin informed me that my deposition had been cancelled and would be rescheduled. Mr. Kitchin told me that he would contact me as soon as he learned the new date. I never heard back from Mr. Kitchin.

5. I have been resident at 230 Bush Street, Mountain View, California for the past two years.

6. I received a letter from Mr. Kitchin's office in December 2006 asking me to provide answers to interrogatories. I prepared draft answers and forwarded these to Mr. Kitchin by mail.

7. Approximately a month after my conversation with Mr. Kitchin, I called Mr. Kitchin's office. I spoke with a person who informed me that Mr. Kitchin was not available. Afterwards, I called Mr. Kitchin's office one or more times, but was not able to reach Mr. Kitchin.

8. Between December 1, 2006 and July 24, 2007, I sent Mr. Kitchin more than one email requesting information about my case. I sent my last email to Mr. Kitchin in approximately May or June 2007. I never received a response.

9. In July 2007, I received an email from Daniel L. Feder requesting that I contact him as soon as possible. I contacted Mr. Feder immediately.

10. I never received a letter from Mr. Kitchin's office by Federal Express in December 2006. I never received a letter from Mr. Kitchin's office by Federal Express in January 2007. I never received a voicemail from Mr. Kitchin in April 2007. My voicemail does not identify "Ann."

12. I did not receive a Substitution of Attorney-Civil form from Mr. Kitchin in April 2007. I did not receive a motion to be relieved as counsel from Mr. Kitchin's office in April 2007.

13. I remain committed to this case and to my original intention, which was to see justice done for myself and similarly situated employees. Mr. Feder continues to be my legal representative in this action. I request that the Court deny Plaintiffs JANIS KEEFE, CORINNE PHIPPS, and JUSTIN KISER's motion to have Mr. Feder relieved as my counsel.

14. Due to Mr. Kitchin's actions, I have lost confidence in his ability and/or willingness to represent me as counsel. On July 24, 2007, I terminated Mr. Kitchin's representation of me as legal counsel and requested that he return my files. I request that the Court grant Plaintiffs JANIS KEEFE, CORINNE PHIPPS, and JUSTIN KISER's motion to have Mr. Kitchin relieved as my counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 30, 2007 at MOUNTAIN VIEW, California.

Ann Otsuka

- 3 -
Otsuka, et al. v. Polo, et al.
Case No.: 3:07-02780-SI