Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Attorneys for Plaintiffs
Janis Keefe, Corinne Phipps and Renee Davis

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and RENEE DAVIS, an individual; individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation<br><br>　　　　　　Defendants. | Case No.:  C-07-02780-SI<br><br>**SUPPLEMENTAL DECLARATION OF PATRICK R. KITCHIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>**Judge:  Hon. Susan Illston**<br>**Hearing Date:  July 11, 2008**<br>**Hearing Time: 9:00 a.m.**<br><br>**Location:  Courtroom 10, 19th Floor**<br>**450 Golden Gate Avenue**<br>**San Francisco, California 94102** |

I, Patrick R. Kitchin, declare as follows:

1.    In this action, I serve as counsel to Plaintiffs Janis Keefe, Corinne Phipps and Renee Davis, individually and on behalf of all others similarly situated.  I make this declaration in support of Plaintiffs motion for class certification based on personal knowledge.

2.    Exhibit 1 to this declaration is a printout of an Excel file I created from commissions and earnings data produced by Polo in this litigation.  The printout is divided by Fiscal Year, each one separated by an exhibit page.

3.    This file includes commissions and payroll data for every employee of Polo's San Francisco Polo Ralph Lauren store from 2003-2007 that were consolidated onto a single excel file and sorted by store and employee file number.  I then created a separate file that contains data on San Francisco employees contained in the data files provide to me by Polo's counsel William Goines on May 31 and June 17, 2008.  The table is modified slightly for clarity, with data on certain employees removed.  I excluded data on all persons from the original data whose records did not include data on hours worked.   I understand from information provided through discovery and informally through Polo's counsel that these individuals were either in management positions or were salaried, senior sellers of the company who consistently earned commissions.  I also removed columns showing the number of units sold and added a new column showing the year from which the data comes.  I made no modifications to any of the data contained shown in the file.

4.    Column I (Base Hrs) shows the total hours of work recorded during single pay periods.  Column J (Hr. Rate) shows the hourly rate the employee was paid for those hours if he or she did not sell a sufficient amount of merchandise to be paid above their hourly draw.   Column K (Hrly Total) shows the gross dollar total of the employee's hourly earnings.  Column M (Comm $ Paid) shows commission earnings based on the employee's sales.  The last column, N (Total Pay) shows the gross payment calculated for an employee during a single pay period.

5.     The following table summarizes the hourly rate of pay provided to sales associates by Polo in Fiscal Years 2003, 2004, 2005, 2006 and 2007.  The table also summarizes the minimum wage requirements in San Francisco during 2004 through 2007 and California minimum wage requirements for 2003.  Finally the table calculates 1.5 times the applicable minimum wage by year.  The critical comparison is between the Hourly Rate of Pay column and the 1.5 Times Min. Wage column.

| Fiscal Year | Hourly Rate Of Pay | Min. Wage[1] | 1.5 Times Min. Wage |
|---|---|---|---|
| Fiscal Year 2003 2002-2003 | $10.15 | $6.75 (California) | $10.13 |
| Fiscal Year 2004 2003-2004 | $10.15 | $6.75 to 1/1/2004 (CA) | $10.13 |
|  |  | $8.50 from 1/1/2004-1/1/2005 (SF) | $12.75 |
| Fiscal Year 2005 2004-2005 | $10.15-$12.75 | $8.50 in 2004 | $12.75 |
|  |  | $8.62 in 2005 (SF) | $12.93 |
| Fiscal Year 2006 2005-2006 | $12.75 | $8.62 in 2005 | $12.93 |
|  |  | $8.82 in 2006 | $13.23 |
| Fiscal Year 2007 2006-2007 | $12.75-$13.75 | $8.82 in 2006 | $13.23 |
|  |  | $9.14 in 2007 | $13.71 |

6.     In Fiscal Year 2003 (2002-2003), the year before San Francisco's Minimum Wage Ordinance went into effect, Polo paid its sales associates in California two cents per hour in excess of the applicable standard governing bona fide commissioned salespersons.

---

[1] See Exhibits 1 and 2 to Request for Judicial Notice.

7.        Between 2004 and 2007, San Francisco's minimum wage continued to increase, but Polo failed to increase its hourly wage so that employees were paid in excess of 1.5 times San Francisco's minimum wage.  While for a period of time in 2004, Polo's hourly rate was exactly 1.5 times minimum wage, it has never exceeded minimum wage since 2003.

8.        Exhibit 1 shows in my handwriting numbers 1-74 along the left margin of the pages in the data for fiscal years 2004-2007.  With the assistance of my paralegal Jan Sundberg, I numbered each employee in sequential order whose data shows they not paid in excess of 1.5 times the applicable minimum wage.  Ms. Sundberg and I reviewed each fiscal year to make certain we had not double counted an employee who appeared in more than one fiscal year.  Attorney Matthew Grigg and I then compared the 74 individuals we had identified with those individuals our consultant Lisa S. Liu identified as having been misclassified on the basis of their sales performance to make sure the total subclass number was not inflated by duplicate counts of the same individuals.  Mr. Grigg placed a large dot next to the employees who were included in Ms. Liu's analysis.

9.        Using this method of analysis, we were able to arrive at a total count of all subclass members.  Those numbers are as follows:

///

///

///

///

///

///

///

///

///

///

///

| Subclass members misclassified based on Polo's analysis | 38 |
|---|---|
| Subclass members misclassified based on Polo's failure to pay wages in excess of 1.5 times minimum wage in San Francisco | 74 |
| Subclass members misclassified based on Plaintiff's proposed bona fide commission plan test | 182 |
| **Number of non-duplicate Misclassification Subclass members** | **294**[2] |

10.      Attached as Exhibit 2 is a true and correct copy of IWC Order 7-2001.

11.      Attached as Exhibit 3 is a true and correct copy of the California *Labor Standards Enforcement Policies and Interpretations Manual*, § 34.2.1.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was made on June 27, 2008, in San Francisco, California.

/s/ Patrick R Kitchin

Patrick R. Kitchin

---

[2]  The data Polo produced showing its identification of the 38 misclassified sales associates does not contain identifying information.  So, it is possible, even likely, that some of these 38 members of the Misclassification Subclass appear in the categories of misclassified employees.  Even if the 38 are all included in the other categories, the total Misclassification Subclass would still number 256.