Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)
Attorneys for the Certified Plaintiffs' Class

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, RENEE DAVIS, an individual; individually and on behalf of all others similarly situated | Case No.: C-07-02780 SI **PLAINTIFFS' REQUEST FOR ORDER PERMITTING NOTICE TO CLASS (FEDERAL RULE OF CIVIL PROCEDURE 23(c)(2))** |
| Plaintiffs, vs. | |
| POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation | **JUDGE: Hon. Susan Illston** **LOCATION: Courtroom 10, 19th Floor** **450 Golden Gate Avenue** **San Francisco, California 94102** |
| Defendants. | |

## I.    Request For Relief

On July 8, 2008, the Court issued its Order certifying this case to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiffs and class representatives now seek an order directing notice to be provided to the Class pursuant to Rule 23(c)(2)(B).

II.     **Defendants Have Ignored Plaintiffs' Requests to Meet and Confer Regarding the Form of the Proposed Notices.**

On August 8, 2008, Plaintiff forwarded to Polo's counsel a proposed post card and long form class notice, asking counsel to meet and confer regarding the notices. (Kitchin Declaration, ¶ 7, and Exhibit 1 thereto.) After receiving no response from Polo's counsel, Plaintiff again approached Polo to discuss the forms of the proposed notice. (Kitchin Declaration, ¶ 7, and Exhibit 2 thereto.) Polo's counsel again failed to respond to this request to meet and confer. (Kitchin Declaration, ¶ 7.) Having received no response, objection or comments from Polo, Plaintiffs seek a Court order permitting notice to be provided to the class as described below.

III.     **The Class Notices Plaintiffs Seek to Use Comply with Rule 23(c)(2)(B)**

     A.     Plaintiffs' Proposed Notice Contains All of the Information Required By Rule 23(c)(2)(B)

Plaintiffs propose to send post card notices in the form set out in Exhibit 3 to the Declaration of Patrick R. Kitchin, directing Class members to visit Plaintiffs' informational website, www.poloclassaction.com, or contact Plaintiffs' counsel to obtain a long form notice of pendency of the class action. This post card alerts class members of the pendency of the action in plain, easily understood language, and clearly advises them to visit the website and/or contact class counsel.

Plaintiffs' long form notice, in turn, contains all of the information required by Rule 23(c)(2)(B). (See Exhibit 4 to Kitchin Declaration.) Rule 23(c)(2)(B) provides in relevant part:

*For (b)(3) Classes.* [...] The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

---

*Otsuka, et al. v. Polo, et al.*                                  Case No. C-07-02780-SI
REQUEST FOR ORDER RE CLASS NOTICE

(vi) the time and manner for requesting exclusion[1]; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Like their post card notice, Plaintiffs' long form notice is written in plain, easily understood language, and it clearly advises them of their rights.

        B.    <u>Plaintiffs' Proposed Notice Will Provide The Best Notice that is Practicable.</u>

Rule 23(c)(2)(B) provides in relevant part: "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

Plaintiffs have requested repeatedly that Polo provide the last known addresses, telephone numbers and Social Security Numbers of all class members. Polo has not responded to these requests, except to state that Polo will not voluntarily provide Social Security Numbers for the class members and that it is working on gathering class member contact information that "can be produced in early September." (Kitchin Declaration, ¶ 8 and Exhibit 2.) Plaintiffs are reasonably concerned that Polo's long delay in producing contact information for the class is meant to delay class notice and to delay Plaintiffs' ongoing investigation and analysis of the experiences of class members.

Plaintiffs have explained to Polo that all of this information is necessary to make certain notice is received by the class members in a timely manner. (Kitchin Declaration, ¶ 9.) Plaintiffs have explained to Defendants that skip trace searches are most successful if they are performed by running credit header searches based on Social Security Numbers. (Kitchin Declaration, ¶ 9.) The class period extends back to 2002 and, thus, many class members will have moved several times since then. National Change of Address (NOCA) updates will not produce the best results because of the length of time that has passed since many class members left Polo's employment. Plaintiffs have assured Polo that they will protect the confidentiality of the Social Security Numbers and will use the numbers only for skip trace searches. Still, Polo refuses to produce the data. (Kitchin Declaration, ¶ 8.)

---

[1]  Plaintiffs propose to provide class members 45 days to submit opt out notices.

1  Plaintiffs request that in its order approving class notice, the Court also order Polo to

2  produce the class members' contact information, including Social Security Numbers. To the extent

3  reasonably feasible, Polo should be ordered to produce these data in electronic format to reduce

4  class notice costs and delays.

5  Plaintiffs have retained the services of Rosenthal & Company, an experienced and

6  respected class action claims administration firm, to handle the mailing of the post card notice.

7  (See Exhibit 5 to Kitchin Declaration.)  To locate the current addresses of the class members,

8  Rosenthal & Company will perform a NOCA search to locate any changes of address filed by class

9  members since they were last employed by Defendants.  After performing the NOCA searches,

10  Rosenthal & Company will mail the post card notices to all class members.  For those post cards

11  that are returned as undeliverable, Rosenthal & Company will run credit header searches based on

12  Social Security Numbers, and re-mail the post card notices to the new addresses located in the

13  class members' credit headers.

14  Plaintiffs will lodge the long form notice on its informational website,

15  www.poloclassaction.com, where class members will have an opportunity to read it and print it.

16  Class members who wish to opt out of the class are directed to send their notices to Plaintiffs'

17  counsels' office.  If any opt out notices are received, Plaintiff will provide copies to Polo.

18  **IV.**    **Conclusion**

19  Plaintiffs respectfully request that the Court grant approval of their class notices and their

20  notice protocol.  Plaintiffs also request that Polo be ordered to immediately provide Plaintiffs'

21  counsel information pertaining to the class members, including their last known addresses,

22  telephone numbers and Social Security Numbers, and, to the extent reasonably feasible, provide

23  that information in electronic format to reduce costs in providing notice to class members.

24

25  DATED:  August 19, 2008        THE LAW OFFICE OF PATRICK R. KITCHIN

26

27                By: /s/ Patrick R. Kitchin

28                Patrick R. Kitchin, Esq.
                  Attorneys for the Certified Class

---

*Otsuka, et al. v. Polo, et al.*                    Case No. C-07-02780-SI
REQUEST FOR ORDER RE CLASS NOTICE
                        4