THE LAW OFFICE OF
PATRICK R. KITCHIN

August 22, 2008

**E-FILED**
Hon. Judge Susan Illston
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, California 94102

Re:   *Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.*
      U.S. District Court Case No. C-07-02780SI

### REQUEST FOR CONTINUANCE OF DECERTIFICATION HEARING DATE

Dear Judge Illston:

On August 18, 2008, Defendants filed a motion to decertify Plaintiffs' rest break class, scheduling the hearing for October 10, 2008. Plaintiffs' opposition to this motion is due on September 19, 2008. (See Local Rule 7-3(a).) Plaintiffs request that the date of this hearing be continued until November 3, 2008, or as soon thereafter as possible.[1]

Plaintiffs request this continuance on the ground that Polo has delayed producing contact information for the class, including last known addresses, telephone numbers and Social Security Numbers. This delay in production has effectively denied Plaintiffs the opportunity to confer with members of the certified class. Plaintiffs intend to survey a substantial portion of the class to gather evidence relating to their claim that Polo effectively denied class members their mandatory rest breaks. But, until Polo provides contact information for the class and Plaintiffs have had an opportunity to fully investigate the scope of Polo's rest break policies and practices, a decision on Polo's motion to decertify the class will be premature and unduly prejudicial to Plaintiffs.

Defendants' motion to decertify is based entirely on the recent Fourth Appellate District Court of Appeal decision, *Brinker v. Superior Court* (7/22/2008) ___ Cal.App.4th ___ 2008 WL 2806613, which addresses the certification of rest break claims under California law. Polo contends this decision requires a reversal of this Court's order granting certification. Plaintiffs disagree. As this Court concluded in its Order Granting Class Certification, "[T]he Court finds that these individual questions [re the reasons class members missed their rest breaks] are secondary to the larger questions raised about whether defendants had an overall policy with regard to rest breaks…"

---

[1] Polo's counsel indicated he would be willing to continue the hearing date until "a bit later in October," which still does not provide Plaintiffs time to conduct the necessary investigation and analysis to evaluate class-wide issues relating to Plaintiffs' missed rest break claim.

Thus, before the Court re-addresses the certification of the rest breaks class, Plaintiff should have an opportunity to present additional evidence demonstrating the scope of Polo's rest breaks policies and practices that resulted in an effective denial of the rights of class members.[2]

Thank you for your consideration.

Very truly yours,

Patrick R. Kitchin

---

[2] As the Court indicated in its order denying class certification in *Gabriella v. Wells Fargo Securities*, C 06-4347 SI (8/4/2008): "the Court notes that the *Otsuka* plaintiffs allege, *inter alia*, that Polo has policies and practices of affirmatively discouraging employees from taking rest breaks through both understaffing and managerial discouragement." (Fn. 3, page 5.)