1   WILLIAM J. GOINES (SBN 061290)
    KAREN ROSENTHAL (SBN 209419)
2   CINDY HAMILTON (SBN 217951)
    ALISHA M. LOUIE (SBN 240863)
3   GREENBERG TRAURIG, LLP
    1900 University Avenue, Fifth Floor
4   East Palo Alto, CA 94303
    Telephone: (650) 328-8500
5   Facsimile: (650) 328-8508
    Email:  goinesw@gtlaw.com
6           rosenthalk@gtlaw.com
            hamiltonc@gtlaw.com
7           louiea@gtlaw.com

8   JEREMY A. MEIER (SBN 139849)
    GREENBERG TRAURIG, LLP
9   1201 K Street, Suite 1100
    Sacramento, CA  95814-3938
10  Telephone:  (916) 442-1111
    Facsimile:  (916) 448-1709
11  Email:  meierj@gtlaw.com

12  Attorneys for Defendants Polo Ralph Lauren
    Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
13  doing business in California as Polo Retail Corporation; and
    Fashions Outlet of America, Inc.

14

15

16                          UNITED STATES DISTRICT COURT

17                        NORTHERN DISTRICT OF CALIFORNIA

18

19  ANN OTSUKA, an individual and on behalf        Case No.   C07-02780 SI
    of all others similarly situated; JANIS
20  KEEFE, an individual; CORINNE PHIPPS,          **DEFENDANTS' OBJECTIONS TO**
    and individual; JUSTIN KISER, an               **PLAINTIFFS' *EX PARTE* REQUEST FOR**
21  individual; and RENEE DAVIS,                   **APPROVAL OF NOTICE TO CLASS**
                                                   **MEMBERS**
22          Plaintiff,

        v.
23
    POLO RALPH LAUREN CORPORATION;
24  POLO RETAIL, LLC; POLO RALPH               Judge:  Hon. Susan Illston
    LAUREN CORPORATION, DOING               Ctrm:   10, 19th Floor
25  BUSINESS IN CALIFORNIA AS POLO                   450 Golden Gate Avenue
    RETAIL CORPORATION; AND                          San Francisco, CA 94102
26  FASHIONS OUTLET OF AMERICA, INC.,

27          Defendants.

28

1    **TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

2    Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren

3    Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of

4    America, Inc. (collectively, "Polo") oppose Plaintiffs' Janis Keefe, Corrine Phipps and Renee Davis

5    ("Plaintiffs") Request for Order Permitting Notice to Class ("Class Notice Request") on the grounds

6    set forth below.

7    **I.    INTRODUCTION**

8    Polo opposes the Class Notice Request on both procedural and substantive grounds.  First, the

9    Class Notice Request is premature because of Polo's pending motion for decertification filed on

10    August 18, 2008.  Second, Plaintiffs' *ex parte* procedure does not leave Polo with sufficient time to

11    fully analyze the Class Notice Request and discuss it with its client.    Plaintiffs could have, and

12    should have, filed their Class Notice Request as a regularly-noticed motion with a briefing schedule.[1]

13    There is no reason why Class Notice Request cannot be heard as part of a regularly noticed motion

14    and, further, Polo is unduly prejudiced by Plaintiffs' attempt to rush to class notice via *ex parte*

15    application.

16    Finally, even if the Court is inclined to consider the substance of the Class Notice Request at

17    this juncture, the Class Notice Request must be modified under the terms of Rule 23, and the Court

18    should consider entering Polo's proposed alternative notice filed concurrently herewith.[2]

19    **II.    ARGUMENT**

20        **A.    Class Notice Should Be Deferred Until The Court Rules On Polo's Motion For Decertification or At Least Until Such Time As the Court sets a Formal Briefing**

21            **Schedule for a Hearing on Plaintiff's Request for Notice.**

22    This Court, on July 8, 2008, issued it Order certifying this case to proceed as a class action

23    pursuant to Federal Rule of Civil Procedure 23(b)(3).  The Court certified the following class:

24            All former sales associates and cashiers who were employed in defendants' retail and outlet stores in the state of California between

25            May 30, 2002 and the conclusion of this action.

---

26    [1] Plaintiffs in fact could have included their proposed notice to class as part of their Motion for Class Certification filed on June 6, 2008, such that Polo could have responded to it as part of its opposition

27    to the regularly scheduled motion for class certification.

[2] Polo submits its draft alternative notice without waiving its right to supplement or further revise the

28    proposed notice should the court be willing to set a noticed hearing schedule for this matter.

The Court also certified two subclasses of former employees of defendants:

1.    All members of the class who were sales associates and were misclassified as exempt inside commissioned salespeople.

2.    All members of the class who were sales associates from whom the defendants took back earned wages through its arrears program.

Polo filed its Motion For Decertification Of Plaintiffs' Rest Break Class ("Motion For Decertification") on August 18, 2008. The Motion For Decertification seeks to decertify the class rest break claims. Polo's Motion For Decertification cites that the July 22, 2008 decision by the Fourth Appellate District Court of Appeal in *Brinker Restaurant Corporation v. The Superior Court of San Diego County (Hohnbaum),* Case No. D049331, ___ Cal.App. 4th ___, 2008 WL 2806613 (July 22, 2008) ("*Brinker*"), which represents a significant change in substantive California law on rest breaks.

The Class Notice Request is thus premature because of the pending Motion For Decertification. In the interests of efficiency and class management, Polo requests the Court defer consideration of the Request for Class Notice until it has first considered the pending Motion to Decertify.[3]

**B.    Defendants initial substantive objections to plaintiffs' proposed notice**

Class notice, for classes certified under FRCP, Rule 23(b)(3) must "clearly and concisely state in plain, easily understood language":

(i)    the nature of the action;

(ii)    the <u>definition</u> of the class certified;

(iii)    the <u>class claims</u>, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

---

[3] On Friday, August 23, 2008 at 5:00 p.m. Polo also received service of Plaintiffs' separate *ex parte* letter request to the Court by which Plaintiffs seek to continue Polo's Motion to Decertify from October 10, 2008 until November 3, 2008 or later. Polo objects to that request and will file a responsive letter this week; however, Polo notes that the form of Plaintiffs' request is improper and does not comply with Civil L.R. 7-7. Given the pending Request for Class Notice, Motion to Decertify, a presently stipulated November 4, 2008 Mediation before JAMS, and Plaintiffs latest August 23, 2008 request to continue the Motion for Decertification, Polo requests the Court set a consolidated expedited hearing schedule for all these matters to be adjudicated in one hearing. Polo requests the Court consider a combined hearing on all these matters for late September 2008.

1         (v)   that the court will exclude from the class any member who requests exclusion;

2         (vi)  the time and manner for requesting exclusion; and

3         (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

4 FRCP, Rule 23(c)(2)(B) (emphasis added).

5      Both the definition of the class certified and the class claims themselves, subparts (ii) and (iii)

6 of FRCP, Rule 23(c)(2)(B), are explicitly required by the Federal Rules of Civil Procedure to be

7 included in class notice. The content of both of these items is dependent on the Court's ruling on the

8 Motion For Decertification.

9      If Plaintiffs send out class notice now, before the Court has had an opportunity to rule on

10 Polo's Motion For Decertification, there is a significant chance that a <u>revised</u> class notice will have to

11 be distributed to class members. It would be costly, inefficient, and a misuse of the Court and the

12 parties' resources to send a class notice at this juncture. *See, e.g., Davis v. Homecomings Fin.*, Case

13 No. C-05-1466RSL, 2007 U.S. Dist. LEXIS 39977 (W.D. Wash. June 1, 2007) (granting defendant's

14 request to decertify the class and stating that "Because notice of the certification has not been sent to

15 class members, no additional notice must be sent of the decertification unless the parties argue

16 otherwise within ten days of the date of this order.").

17      While Polo is prejudiced by Plaintiffs' *ex parte* approach to securing approval for class notice,

18 Plaintiffs have not shown, and cannot show, that they will be prejudiced or harmed in any way by a

19 notice hearing or a short delay pending the Motion to Decertify.

20      Polo deserves the opportunity to thoroughly review and analyze the Class Notice Request, and

21 to conduct the necessary legal and factual research to adequately evaluate the proposed class notice.

22 As the Court and parties are aware, the form and content of class notice is a critical component of the

23 class action process. Hasty decisions and results should be avoided. Where, as here, there is no

24 prejudice to Plaintiffs by waiting a short period of time, issues regarding class notice should be fully

25 and completely briefed by the parties to ensure that the notice is neutral and objective as required by

26 Rule 23.

27 //

28 //

1. **<u>Notice to Class Members is Regulated by This Court</u>**

The form and content of the notice to the class of pendency of the class action is regulated by the Court. Fed R. Civ. Proc. § 23(c)(2), (d)(2). The notice is a matter of extreme importance, committed to the discretion of the court, not the "whim of litigants". *City of San Jose v. Superior Court* (1974) 12 Cal. 3d. 447, 454. One of the purposes of the courts supervisory role is to assure that the notice be "neutral and objective in tone, neither promoting nor discouraging the assertion of claims". *Zarate v. Younglove* (C.D.Cal.1980) 86 F.R.D. 80, 101. "It is essential that the class members decision to participate or to withdraw be made on the basis of independent analysis of its own self-interest. It is the responsibility of courts as neutral arbiters, and of the attorneys in their adversary capacity, to insure this type of free and unfettered decision. The mechanism selected for accomplishing this is the class notice, which is designed to present the relevant facts in an unbiased format. The process of creating such notice [involves the court and the parties working together]. *Gainey v. Occidental Land Research*, (1986) 186 Cal.App.3d 1051, 1057-1058.

2. **<u>Plaintiffs Proposed "Postcard" to class members violates Fed. R. Civ. Proc. § 23(c)(2) by failing to provide requisite notice of claims to class members</u>**

Fed R. Civ. Proc. § 23(c)(2) provides: "In any class maintained under subdivision (b)(3), the court shall direct to the members of the class <u>the best notice practicable</u> under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that <u>(A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.</u> (emphasis added)

Under Plaintiffs current proposal, class members would <u>only</u> receive a 3 x 5 postcard containing virtually no substantive information about this lawsuit or the rights of the class members. Rather than providing actual notice to class members about what they need to know concerning this lawsuit as required by Fed. R. Civ. Proc. § 23(c)(2), Plaintiffs proposal requires class members to affirmatively take action to learn about their rights by going online and visiting Mr. Kitchen's website to view the "long form" notice. Plaintiffs "postcard" violates Fed. R. Civ. Proc. § 23(c)(2)

1    by not providing "the best notice practicable" because it does not contain the information required in

2    subsections A through C of Fed. R. Civ. Proc. § 23(c)(2), such as 1) the specified date to opt out 2)

3    the fact that the judgment will include all members who do not opt out and 3) that members not

4    requesting exclusion may enter an appearance through their counsel.

5        The "postcard" method of notice also provides an extra hurdle to class members wanting to

6    opt-out, as the information they need to learn about how to opt-out would not be provided on the

7    postcard, but rather only by going online to Mr. Kitchin's website to read the "long form" notice.

8    There is no way for this court to ensure that class members understand the case or their rights if this

9    information is not imparted in the initial mailing. For example, some class members may not have

10   access to the internet and should not have to take the cumbersome extra step of writing or calling Mr.

11   Kitchin when this information can simply be contained in the "long form" notice received by class

12   members.

13       For these reasons and as set forth below, Defendants request that Plaintiffs receive Notice

14   exclusively via the court-approved "long form" mailed directly to class members.

15           3.    **Plaintiffs proposed "postcard" notice directing class action traffic to his
                   biased website is not "neutral and objective in tone"**

16

17       The Court is required to approve notice that is neutral and objective in tone, neither promoting

18   nor discouraging the assertion of claims. *Zarate*, supra at 101. Under Plaintiffs current proposed

19   "postcard" notice, class members wanting to learn basic information about this case, such as the

20   claims involved and their rights as class members, would be required to visit the biased website

21   created and maintained by Plaintiffs counsel. The main page of this website which class members

22   would be required to visit before clicking on the link to notice contains inflammatory, biased

23   language about this lawsuit, including that Polo "detained" its employees in the locked store, and

24   used fraud in its hiring practices. (www.poloclassaction.com). Not only does this violate the

25   neutrality requirements of class notice, to alleviate this concern the Court would be required to

26   approve and continuously regulate the content of Mr. Kitchin's website.

27

28

1

2

**4.    Defendants Request that the Court approve for mailing the red-line version Plaintiffs "Long Form" Notice**

3    Defendants have formulated an initial alternative proposed notice.  Defendants have

4    attached as Exhibit A hereto a red-line version from the draft submitted by Plaintiff, and have

5    attached as Exhibit B a full version with their changes.  A detailed explanation why these changes are

6    appropriate is set forth below.

7    (a)    Revisions to the first page of Plaintiffs proposed Notice

8    (1)    Plaintiffs did not seek class certification on behalf of Customer Service Representatives

9

10    Paragraph 2 of Plaintiffs proposed Notice contains the heading "Who are members of the

11    class?"  Under this section Plaintiffs have included, in addition to the approved class of former sales

12    associates and cashiers, "customer service representatives".  Plaintiffs did not seek class certification

13    on behalf of "customer service representatives", .  Because customer service representatives were not

14    included as part of Plaintiffs Motion for Class Certification, this reference should be stricken from

15    paragraph 2.

16    (2)    Revisions to Claim Description

17    Defendants have only minor changes to paragraph 3 of Plaintiffs proposed Notice and will

18    leave those to the Courts discretion.  Paragraph 4 contains the heading: "What are the specific

19    claims?" The second bullet point under this section is "Failure to allow employees to take *all* of their

20    rest breaks"(emphasis added).  This claim misstates the law as it relates to rest breaks by implying

21    that employers are required to *ensure* that employees take *all* of their rest breaks.  In the *Brinker*

22    decision, the court clarified this issue by stating specifically that employers must provide, but not

23    ensure, rest breaks, and allows employees to waive their rest breaks if they so choose.  Rewording

24    this language to "Failure to make rest breaks available" more clearly describes the current standard

25    under the law.  However, given the Defendants pending motion for decertification on this very issue,

26    Defendants maintain that it is premature to give notice to class members until after this Court has had

27    the opportunity to rule on Defendants motion for decertification."

28

1    The third bullet point under this section is "failure to pay premium overtime wages". This

2    bullet point should be eliminated as it is redundant-the claim it describes is encompassed in the first

3    and last bullet points, as the only overtime recovery being sought by plaintiffs is related to either 1)

4    time spent waiting for bag check inspections or 2) misclassification of employees as exempt from

5    premium overtime pay. Because there are no class overtime claims outside the first and last bullet

6    points, the third bullet point should be eliminated.

7                    (b)    Revisions to the third page of Plaintiffs proposed Notice

8                            (1)    Revealing the Social Security Numbers of class members is
                                    prohibited in class action litigation as a violation of the privacy
9                                   rights of class members

10    The second paragraph on page 3 is the last bullet point describing the rights and obligations of

11    class members. As drafted this section states: "You will be deemed to have consented to defendants'

12    disclosing certain personally identifiable information about you from defendants records to counsel

13    for the class so they may represent you and determine the amount of any monetary recovery to which

14    you may be entitled." Defendants object to this entire paragraph on a number of grounds.

15    First, the phrase "personally identifiable information" is vague and gives class members no clear idea

16    of exactly what information will be disclosed: their name? Address? Social Security number?

17    Employment records?

18    Mr. Kitchin indicates in his declaration that he has made several requests for contact

19    information for class members, including Social Security Numbers. Declaration of Patrick Kitchin

20    ("Kitchin Decl."), ¶ 8. In the interest of protecting the privacy of former employees, Defendants

21    oppose any request by Mr. Kitchin for the Social Security Numbers of class members, and in fact,

22    case law prohibits Polo from making such a disclosure. Additionally, Plaintiffs have already

23    propounded document requests seeking this information and have not even waited for Polo to

24    respond to the discovery. Instead, Plaintiffs now improperly attempt to circumvent discovery rules

25    and ask this Court to unilaterally order such information to be produced without even so much as

26    allowing Defendants to frame appropriate document request objections and responses.

27    There is no need to address ongoing discovery before Polo has even had a chance to respond

28    to the relevant requests. Plaintiffs can file a motion to compel or engage in further meet and confer

1  when they receive Polo's responses (which are due to be served August 25, 2008). It is premature

2  and prejudicial to raise these discovery issues in this Request.

3      Mr. Kitchin's declaration states he is concerned that not enough class members will receive

4  notice unless he is able to trace them through their Social Security Numbers: "I have explained to Mr.

5  Goines that Social Security Numbers of class members will provide us with the best chance of

6  reaching the vast majority of class members due to the added strength of performing skip trace

7  research based on credit header research." Kitchin Decl. ¶9. However, courts have rejected this

8  exact argument, finding that protecting the privacy of class members outweighs the interest of

9  providing the most through possible notice. In *Santos v. Camacho*, Case Nos. 04-00006, 04-00038,

10  04-00049, 2008 WL 1699448, 2008 U.S. Dist. LEXIS 35991 (D. Guam April 23, 2008), the class

11  representatives sought the social security number of class members. The class representative made

12  the same argument as Mr. Kitchin, "[Plaintiff] suggests that merely mailing the notices to the last

13  known address of class members contained in the DRT database falls below accepted class notice

14  standards especially when Social Security numbers are known. Where  Social Security Numbers

15  ("SSN") are known, [Plaintiff] states that there are many ways to quickly and cheaply obtain updated

16  addresses for class members (citations).  The parties could have employed the services of a reputable

17  SSN look up service."

18      However, the *Santos* Court rejected this argument, finding that notice to the last known

19  addresses of class members was perfectly sufficient under Fed. R. Civ. Proc. 23(c)(2), citing the

20  following cases. "Neither [R]ule 23 nor due process requires that a settlement fund be depleted in

21  efforts to perfectly address mailed claim notices. It is fair and reasonable to proceed, as the district

22  court did here, by mailing claim notices to last known addresses of potential class members and by

23  publication." *Id.* at *52, quoting *In re Gypsum Antitrust Cases,* 565 F.2d 1123, 1127, n. 5 (9th Cir.

24  1977). Many other Federal district courts have also held that Social Security numbers of class

25  members need not be disclosed: see *Humphries v. Stream Int'l,* 2004 U.S. Dist. LEXIS 20465 at *11

26  (N.D. Tex. 2004), *Robinson-Smith v. Gov't Employees Ins. Co.,* 2001 U.S. Dist. LEXIS 25516 at *8-

27  *9 (D.D.C. 2001), *Sharer v. Tandberg, Inc.,* 2006 U.S. Dist. LEXIS 75357 at *3 (E.D. Va 2006),

28  *Hens v. ClientLogic Operating Corp.,* 2006 U.S. Dist. LEXIS 69021 at *5 (W.D.N.Y 2006).

1    "It is widely recognized that for the due process standard to be met it is not necessary that

2    every class member receive actual notice, so long as class counsel acted reasonably in selecting

3    means likely to inform persons affected." *In re Prudential Sec. Inc. Ltd.,* 164 F.R.D. 362, 368

4    (S.D.N.Y.1996) (citations omitted). *See also Grunin v. Internat'l House of Pancakes,* 513 F.2d

5    114,121 (8th Cir.1975) (notice by mail to class members' last known address satisfied requirements

6    under due process even though one-third of class members were not reached). Accordingly, the fact

7    that some class members may not have actually received the Notice does not render the whole

8    mailing defective." *Santos* at 16.

9        Defendants have agreed to provide all information to Plaintiffs sufficient for class members to

10    be contacted and informed of this lawsuit at their last known address without disclosing this highly

11    confidential information. If Plaintiffs wish to receive the social security numbers of class members,

12    then the structure of this class action should be changed so that class members should be required to

13    opt-in, to ensure that former employees are making an affirmative choice to have their social security

14    number revealed to Mr. Kitchin and a third party class action administrator.

15        If the Court is inclined to order Defendants to provide the social security numbers of former

16    employees on an opt-out basis, then Defendants request that bullet point #1 under this section reads

17    as follows, in all capitals: "IF YOU TAKE NO ACTION WITH REGARD TO THIS LAWSUIT

18    YOU WILL BE DEEMED TO HAVE CONSENTED TO DEFENDANTS DISCLOSING YOUR

19    SOCIAL SECURITY NUMBER TO THE LAW OFFICES OF PATRICK KITCHIN AND A

20    THIRD PARTY CLASS ACTION CLAIMS ADMINISTRATOR." It is imperative that Defendants

21    protect the right of their former employees to prevent the disclosure of their confidential Social

22    Security number against their wishes. To ensure that the disclosure of their Social Security number is

23    not buried in the last bullet point under this section as currently drafted, the above provision should

24    be provided in all caps.

(2)    All class contact regarding notice should be coordinated
through the third party claims administrator

27        Defendants object to the first line on page 3 stating "You should notify plaintiffs counsel, by

28    email to prk@kitchinlegal.com, of any change in your mailing address or email address". The last

---

OPPOSITION TO PLAINTIFFS' REQUEST FOR ORDER
PERMITTING NOTICE TO CLASS
CASE NO. C07-02780 SI

1    part of this sentence should be changed to refer class members to third party class action

2    administrator Rosenthal & Co for any address changes.  If Plaintiffs are retaining the services of a

3    third party claims administrator to provide notice and monitor the class members, then this should be

4    sufficient. For the same reason, in the third and sixth paragraph of page 3, Defendants request that

5    this be changed to reflect that class members communications concerning notice be coordinated

6    through Rosenthal & Co.

7          **C.**    **Polo Requests a Consolidated Hearing on Both the Notice Request and the**

8                  **Motion to Decertify.**

9          While Plaintiffs' counsel did provide Polo's counsel with the proposed forms of postcard and

10    long-form class notice on August 8, 2008, Polo had  no idea that Plaintiffs' counsel intended to

11    provide the Class Notice Request to the Court seven court days later.  Polo's counsel intended to

12    commence discussions with Plaintiffs' counsel regarding the substance of the proposed class notice.

13    However, Polo's counsel was focused on finalizing and filing its Motion For Decertification and

14    gathering information responsive to Plaintiffs' Request for Production of Documents (Set Two)

15    served on July 14, 2008, including payroll and contact information for over 5,000 class members.

16    Before Polo's counsel had the opportunity to have substantive discussions with Plaintiffs' counsel,

17    Plaintiffs' counsel filed the Class Notice Request. As noted previously, Plaintiffs have also separately

18    objected to the pending October 10, 2008 date for hearing on the Motion to Decertify.  Polo is willing

19    to brief and argue all pending motion (and discovery issues) in a consolidated hearing, should the

20    Court be so inclined.

21          If the Court is inclined to consider the Class Notice Request at this juncture, Plaintiffs'

22    proposed  Class Notice Request should still be rejected  because it is deficient for the reasons set

23    forth above.

24    **III.**    **CONCLUSION**

25          Polo respectfully requests that the Court continue its consideration of  the Class Notice

26    Request until after the Court rules on Polo's Motion for Decertification. Alternatively, if the Court

27    wishes to allow Plaintiffs to send out notice to the class at this juncture, Polo requests that the Court

28    set a formal hearing and briefing schedule (consolidated with the pending Motion to Decertify and

1    any other related Case Management issues). In the event that the Court wishes to send out class

2    notice immediately, Polo respectfully requests that the Court enter an order for Polo's proposed

3    notice.

4    Dated:  August 25, 2008.                    GREENBERG TRAURIG, LLP

5

6                                               By: /s/ *William J. Goines*
                                                   William J. Goines

7                                               Attorneys for Defendants Polo Ralph Lauren
8                                               Corporation; Polo Retail, LLC; Polo Ralph
                                                Lauren Corporation, doing business in California
9                                               as Polo Retail Corporation; and Fashions Outlet
                                                of America, Inc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO PLAINTIFFS' REQUEST FOR ORDER
                                                                    PERMITTING NOTICE TO CLASS
                                                                    CASE NO. C07-02780 SI

# EXHIBIT A

**TO DEFENDANTS' OBJECTIONS TO
PLAINTIFFS' REQUEST FOR ORDER PERMITTING NOTICE TO CLASS**

# THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.

### NOTICE OF PENDENCY OF CLASS ACTION

### NOTICE TO FORMER CALIFORNIA EMPLOYEES OF POLO RALPH LAUREN CORPORATION, POLO RETAIL, LLC POLO RALPH LAUREN CORP., DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORP., AND FASHIONS OUTLET OF AMERICA, INC. ~~IN CALIFORNIA~~

Our records show you ~~are~~may be a member of a class for whom a class action has been filed in the United States District Court for the Northern District of California, entitled *Otsuka, et al., v. Polo Ralph Lauren Corporation, et al.*, Case No. C 07-02780 ~~Si~~SI. This is a lawsuit brought on behalf of certain former employees of Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corp., and Fashion Outlets of America, Inc. (otherwise known collectively as "Defendants"). The class representatives are Janis Keefe, Corinne Phipps and Renee Davis ("the Plaintiffs"), all former employees of the ~~defendants~~Defendants.

### Who are members of the Class?
Class members are certain *former sales associates and cashiers/~~customer service representatives~~* who worked at a Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Retail Corp., and/or Fashion Outlets of America, Inc. retail or outlet store in California between May 30, 2002 and the present. This case is a class action that seeks monetary recovery ~~of~~for alleged unpaid wages, and including unpaid overtime wages, waiting time penalties and punitive damages.

### What is the lawsuit about?
Plaintiffs allege ~~defendants~~Defendants violated California's employment ~~law~~laws and failed to pay their employees all of their wages. Defendants deny the allegations in the Complaint and assert they followed California ~~law~~and Federal law and paid employees all of their wages. The ~~c~~ Court has not yet determined whether the ~~plaintiffs~~Plaintiffs' or the ~~defendants~~Defendants' contentions are correct., or whether Defendants are in fact liable to pay any monetary amounts

### What are the Plaintiffs' specific claims?
➢ Failure to pay employees for ~~off-the-clock~~ time spent inside the stores, ~~including time employees spent waiting for loss prevention or "bag check" inspections~~ after they clocked out and were waiting for loss prevention or "bag check" inspections;
➢ Failure to ~~allow employees to take all of their~~make rest breaks available;
☐ ~~Failure to pay premium overtime wages~~
➢ Failure to timely pay all wages due at the end of class members' employment;
➢ ~~∅~~Failure to maintain accurate pay records for employees; and
➢ Misclassification of certain sales employees as ~~being~~exempt from being entitled to premium overtime pay.

### Class Action Ruling
The Court has ruled that this lawsuit may be maintained by the representative ~~plaintiffs~~Plaintiffs on behalf of the following class:

"All former sales associates and cashiers who were employed in defendants' retail and outlet stores ~~in~~in the state of California between May 30, 2002 and the conclusion of this action." The Court has also certified two subclasses of former employees of ~~defendants~~Defendants:

1.  ~~""~~"All members of the class who were sales associates and were misclassified as exempt inside commissioned salespeople.

2.  All members of the class who were sales associates from whom the defendants took back earned wages through its arrears program."

### Estimated Recovery

Plaintiffs seek to recover back wages, ~~including~~ such as unpaid overtime wages, as well as civil penalties and punitive damages, ~~as well as,~~ Plaintiffs also seek interest on ~~these~~those amounts, and attorney's fees and litigation costs. No trial has yet been held and the merits of Plaintiffs' claims have yet to be adjudicated. Individual class member's potential recoveries will depend on several factors, including but not limited to matters such as the amount of time the class members worked for the ~~defendants~~Defendants.

### Rights and Obligations of Class Members

If you fall with the definition of the class, you will automatically become a class member in this lawsuit. If you wish to be considered a member of the class, you do not need to do anything further at this time, and you should NOT SEND ~~an exclusion~~ a request to opt out of the class.

As a class member:

- You will be represented by the named class representatives and the attorneys representing the class. You will not be charged for this representation. If the ~~plaintiffs~~Plaintiffs win, ~~plaintiffs~~Plaintiffs' counsel will ask the Court that they be paid reasonable compensation for their representation of the class. However, you may enter an appearance through your own attorney, or on your own, by mailing a Notice of Appearance to the Clerk of the Court, 450 Golden Gate Avenue, 16thth Floor, San Francisco, CA 94102. You may also ask the Court for permission to appear as a named class co-representative.

- You will receive notice of any rulings affecting your membership in the class and notice of any proposed settlement or dismissal of class claims or any ~~Judgment~~judgment rendered for Plaintiffs or for Defendants.

- You will be bound by a ~~Judgment~~judgment or other final disposition of the class lawsuit, whether that disposition is favorable to Plaintiffs' claims or not.

- You will be entitled to participate, upon meeting ~~any~~ prerequisites set by the Court, in a distribution of any monetary damages recovered in the litigation.

You should retain all records and documents pertaining to the subject matter of this case, ~~Including~~including all wage and employee documents.

- ~~-~~You should notify ~~plaintiffs' counsel, by email to prk@kitchinlegal~~class action claims administrator Rosenthal & Company by email at DanR@RosenthalCo.com, of any change in your mailing address or email address.

- ~~You will be deemed to have consented to defendants' disclosing certain personally identifiable information about you from defendants' records to counsel for the class so they may represent you and determine the amount of any monetary recovery to which you may be entitled.~~

**_Election to Not Participate in the Class ("Opting Out~~"~~")_**
If you want to be excluded from the class, you must send a written notice of your intent to exclude yourself from the class, with the ~~information~~Information included below, by mail postmarked no later than
_____, 2008, to: ~~The Law Office of Patrick R. Kitchin, 565 Commercial Street, Fourth Floor, San Francisco, CA 94111.~~Otsuka v. Polo, c/o Rosenthal & Co., 300 Bel Marin Keys Blvd. Suite 200, Novato, CA 94949.

Please include your full name, ~~your social security number,~~ your current mailing address, phone number, email address, and a statement that you wish to be excluded from the _Otsuka_ v. _Polo Ralph Lauren_ lawsuit.

~~The choice to exclude yourself from the class has certain consequences, and you may wish to consult an attorney regarding this choice. if~~If you elect to be excluded: (1) you will not be bound by any judgment in the case and will retain any claims you may have against ~~defendants~~Defendants, subject to applicable statutes of ~~limitations~~limitations, and (2) you will not share in any monetary ~~or other~~ recovery that might be paid if the class representatives are successful ~~in~~ at trial or which may be obtained from any settlement.

**_Status and Further ~~information~~Information_**
This lawsuit may continue ~~on~~from this date forward for a year or ~~more.~~longer. If you have any questions concerning the matters in this notice, ~~[~~or if you have corrections or changes to your name or address (~~se~~to update for future notices ~~about this case will reach you~~), please contact ~~plaintiffs' counsel at The Law Office of Patrick R. Kitchin, 565 Commercial Street, Fourth Floor, San Francisco, CA 94111, prk@kitchinlegal.com, (415) 677-9058.~~Plaintiffs' counsel in this action, whose information is provided below.

Counsel for Plaintiffs Ann Otsuka, et al
Patrick R. Kitchin, Esq.
The Law Office of Patrick R. Kitchin
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

The pleadings and all other records ~~of~~in this litigation may be examined and copied ~~at~~ any time during the regular office hours in the office of the Clerk of the Court ~~at the Clerk of the,~~ United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.

**DO NOT CALL OR WRITE THE COURT FOR ADDITIONAL INFORMATION ABOUT THE CASE.**

Document comparison by Workshare Professional on Monday, August 25, 2008
2:24:17 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://SV-DMS1/SV/346315837/1 |
| Description | #346315837v1<SV> - Exhibit 1 Notice (in Word).doc |
| Document 2 ID | interwovenSite://SV-DMS1/SV/346317212/1 |
| Description | #346317212v1<SV> - FINAL REVISED NOTICE TO CLASS |
| Rendering set | GT-1 |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 87 |
| Deletions | 62 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 149 |

# EXHIBIT B

**TO DEFENDANTS' OBJECTIONS TO
PLAINTIFFS' REQUEST FOR ORDER PERMITTING NOTICE TO CLASS**

# THIS NOTICE AFFECTS YOUR LEGAL RIGHTS, PLEASE READ IT CAREFULLY.

### NOTICE OF PENDENCY OF CLASS ACTION

### NOTICE TO FORMER CALIFORNIA EMPLOYEES OF POLO RALPH LAUREN CORPORATION, POLO RETAIL, LLC  POLO RALPH LAUREN CORP., DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORP., AND FASHIONS OUTLET OF AMERICA, INC.

Our records show you may be a member of a class for whom a class action has been filed in the United States District Court for the Northern District of California, entitled *Otsuka, et a, v. Polo Ralph Lauren Corporation, et al.,* Case No. C 07-02780 SI. This is a lawsuit brought on behalf of certain former employees of Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corp., and Fashion Outlets of America, Inc. (otherwise known collectively as "Defendants"). The class representatives are Janis Keefe, Corinne Phipps and Renee Davis ("the Plaintiffs"), all former employees of the Defendants.

### Who are members of the Class?
Class members are certain *former sales associates and cashiers* who worked at a Polo Ralph Lauren Corporation, Polo Retail, LLC, Polo Retail Corp., and/or Fashion Outlets of America, Inc. retail or outlet store in California between May 30, 2002 and the present. This case is a class action that seeks monetary recovery for alleged unpaid wages, and including unpaid overtime wages, waiting time penalties and punitive damages.

### What is the lawsuit about?
Plaintiffs allege Defendants violated California's employment laws and failed to pay their employees all of their wages. Defendants deny the allegations in the Complaint and assert they followed California and Federal law and paid employees all of their wages. The e Court has not yet determined whether the Plaintiffs' or the Defendants' contentions are correct, or whether Defendants are in fact liable to pay any monetary amounts

### What are Plaintiffs' specific claims?
➢ Failure to pay employees for time spent inside the stores after they clocked out and were waiting for loss prevention or "bag check" inspections;
➢ Failure to make rest breaks available;
➢ Failure to timely pay all wages due at the end of class members' employment;
➢ Failure to maintain accurate pay records for employees; and
➢ Misclassification of certain sales employees as exempt from being entitled to premium overtime pay.

### Class Action Ruling
The Court has ruled that this lawsuit may be maintained by the representative Plaintiffs on behalf of the following class:

1

"All former sales associates and cashiers who were employed in defendants' retail and outlet stores in the state of California between May 30, 2002 and the conclusion of this action." The Court has also certified two subclasses of former employees of Defendants:

1. "All members of the class who were sales associates and were misclassified as exempt inside commissioned salespeople.

2. All members of the class who were sales associates from whom the defendants took back earned wages through its arrears program."

### Estimated Recovery

Plaintiffs seek to recover back wages, such as unpaid overtime wages, as well as civil penalties and punitive damages. Plaintiffs also seek interest on those amounts and attorney's fees and litigation costs. No trial has yet been held and the merits of Plaintiffs' claims have yet to be adjudicated. Individual class member's potential recoveries will depend on several factors, including but not limited to matters such as the amount of time the class members worked for the Defendants.

### Rights and Obligations of Class Members

If you fall with the definition of the class, you will <u>automatically</u> become a class member in this lawsuit. If you wish to be considered a member of the class, you do not need to do anything further at this time, and you should NOT SEND a request to opt out of the class.

As a class member:

- You will be represented by the named class representatives and the attorneys representing the class. You will not be charged for this representation. If the Plaintiffs win, Plaintiffs' counsel will ask the Court that they be paid reasonable compensation for their representation of the class. However, you may enter an appearance through your own attorney, or on your own, by mailing a Notice of Appearance to the Clerk of the Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. You may also ask the Court for permission to appear as a named class co-representative.

- You will receive notice of any rulings affecting your membership in the class and notice of any proposed settlement or dismissal of class claims or any judgment rendered for Plaintiffs or for Defendants.

- You will be bound by a judgment or other final disposition of the class lawsuit, whether that disposition is favorable to Plaintiffs' claims or not.

- You will be entitled to participate, upon meeting prerequisites set by the Court, in a distribution of any monetary damages recovered in the litigation.

- You should retain all records and documents pertaining to the subject matter of this case, including all wage and employee documents.

- You should notify class action claims administrator Rosenthal & Company by email at *DanR@RosenthalCo.com* of any change in your mailing address or email address.

***Election* to *Not Participate in the Class ("Opting Out")***

If you want to be excluded from the class, you must send a written notice of your intent to exclude yourself from the class, with the Information included below, by mail postmarked no later than

_____ , 2008, to: Otsuka v. Polo, c/o Rosenthal & Co., 300 Bel Marin Keys Blvd. Suite 200, Novato, CA 94949.

Please include your full name, your current mailing address, phone number, email address, and a statement that you wish to be excluded from the *Otsuka* v. *Polo Ralph Lauren* lawsuit.

If you elect to be excluded: (1) you will not be bound by any judgment in the case and will retain any claims you may have against Defendants, subject to applicable statutes of limitations, and (2) you will not share in any monetary recovery that might be paid if the class representatives are successful at trial or which may be obtained from any settlement.

**Status and Further Information**

This lawsuit may continue from this date forward for a year or longer. If you have any questions concerning the matters in this notice (or if you have corrections or changes to your name or address to update for future notices), please contact Plaintiffs' counsel in this action, whose information is provided below.

| Counsel for Plaintiffs Ann Otsuka, et al |
| --- |
| Patrick R. Kitchin, Esq.<br>The Law Office of Patrick R. Kitchin<br>565 Commercial Street, 4th Floor<br>San Francisco, CA 94111<br>415-677-9058<br>415-627-9076 (fax) |

The pleadings and all other records in this litigation may be examined and copied at any time during the regular office hours in the office of the Clerk of the Court , United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102.

**DO NOT CALL OR WRITE THE COURT FOR ADDITIONAL INFORMATION ABOUT THE CASE.**