WILLIAM J. GOINES (SBN 061290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
ALISHA M. LOUIE (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:   goinesw@gtlaw.com
         rosenthalk@gtlaw.com
         hamiltonc@gtlaw.com
         louiea@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corporation; and
Fashions Outlet of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>        Plaintiff,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>        Defendants. | Case No.   C07-02780 SI<br><br>**DECLARATION OF WILLIAM J. GOINES IN OPPOSITION TO PLAINTIFFS' REQUEST FOR ORDER PERMITTING NOTICE TO CLASS**<br><br><br>Judge: Hon. Susan Illston<br>Ctrm:  10, 19th Floor<br>        450 Golden Gate Avenue<br>        San Francisco, CA 94102 |

I, William J. Goines, declare:

1.      I am an attorney duly licensed to practice before all courts of the State of California and the United States District Court, Northern District of California. I am a shareholder in the law firm of Greenberg Traurig, LLP, attorneys of record for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc. (the "Polo Defendants"). I have been primarily responsible for the representation of the Polo Defendants in this matter. I have personal knowledge of the facts stated herein.

2.      On or about July 14, 2008, Plaintiffs served Plaintiffs' Request for Production of Documents to Defendants Polo Ralph Lauren Corporation, Polo Retail, LLC and Fashions Outlet of America, Inc. (the "Requests"). This was the second request for production of documents and the Requests consist of 108 separate categories of documents. I immediately forwarded the Request to representatives of the Polo Defendants and started working with various Polo employees to identify and gather potentially responsive documents. Included among the Requests was Request No. 33, which requested: All DOCUMENTS reflecting contact information (e.g., names, addresses, phone numbers, and email addresses) for CLASS MEMBERS. The initial response to the Request was due on August 18, however, an extension of time was granted until August 25, and then a second extension of time was granted until August 28, 2008.

3.      Many of the documents that have been requested in the Requests date back to mid-2002. As a result, I have worked with numerous Polo personnel to attempt to determine what systems needed to be accessed to locate potentially responsive documents. I have discussed the Requests with Patrick Kitchin on numerous occasions and outlined the time frames necessary to gather responsive information as well as the various factors involved in the process. Initially, Mr. Kitchin expressed a desire to obtain payroll data (hours worked) as soon as possible so that we could engage in a constructive mediation which is now currently scheduled for November 4, 2008. This information is primarily obtained from Polo's point of sale system, however, I have learned that since mid-2002, Polo had used three (3) different systems to track and gather hours worked. Later, Mr. Kitchin requested that I expedite getting the class contact information (last known addresses), which,

again, requires significant Polo personnel time in looking at various databases to extract the information. I advised Mr. Kitchin that we have been working on this diligently and expect to have contact information of the class members by early September 2008. At no time have we delayed looking for this information, as implied by Patrick R. Kitchin. I have weekly calls with members of the Polo staff in New York and New Jersey, who are working on gathering the payroll data, as well as the last known contact information.

4. During the course of our discussions, I advised Mr. Kitchin that we have researched the issue of providing social security information of the class members and that my research reveals that we must object to the provision of social security numbers as the right of privacy of Polo's former employees is at interest.

5. On or about August 8, 2008, I received Mr. Kitchin's letter of August 8, 2008, including a proposed Notice of Pendency of Class Action ("Notice"). Following its receipt, I advised Mr. Kitchin in a telephone conversation that I had not had an opportunity to review the proposed Notice and thereafter filed a Motion for Decertification of a portion of the class related to rest breaks. That Motion was filed on August 18, 2008 and is scheduled to be heard on October 10, 2008. It is my view that it would be premature to send notice to the class until the Motion for Decertification is heard.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at East Palo Alto, California, this 25th day of August, 2008.

Dated: August 25, 2008.

                     /s/ *William J. Goines*
                     William J. Goines