Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)
Attorneys for Plaintiffs Janis Keefe, Corinne Phipps
and Renee Davis

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; individually and on behalf of all others similarly situated, RENEE DAVIS, an individual; individually and on behalf of all others similarly situated<br><br>　　　　　　Plaintiffs,<br>　vs.<br><br>POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation<br><br>　　　　　　Defendants. | Case No.: C-07-02780 SI<br><br>**DECLARATION OF DWIGHT STEWARD, PH.D., IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DECERTIFY PLAINTIFFS' CERTIFIED REST BREAKS CLASS**<br><br>DATE: 11/7/2008<br>TIME: 9:00 A.M.<br>LOCATION: Courtroom 10, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California 94102<br><br>JUDGE: Hon. Susan Illston |

I, Dwight Steward, declare and state as follows:

1. I am an individual over the age of 18 and am a resident of the State of Texas.

2. I am an economist and statistician. As an economist and statistician, I have provided consultation, reports, and expert witness testimony on statistical and economic issues involving employment and labor market discrimination, wage and hour violations, and economic damages in both litigation and non-litigation settings. I have served as an expert witness and consultant in federal and state court wage and hour cases in the states of California, Texas, Illinois, New Jersey, New York, Louisiana, and Pennsylvania. In addition to serving as a consultant and expert witness, I have also held teaching positions in the Department of Economics at the University of Texas at Austin, the Red McCombs School of Business at the University of Texas at Austin and in the College of Business Administration at Sam Houston State University. My full curriculum vitae is attached to this report.

3. In this case I have been retained by the Law Office of Patrick R. Kitchin to provide an economic and statistical analysis. Currently, I have been asked to perform a preliminary review of the rest break surveys that have been returned to date. To perform my preliminary review, I have reviewed the list of Polo class members, the survey instrument used to collect responses, and an electronic spreadsheet of survey results.

4. It is my understanding that The Law Office of Patrick R. Kitchin disseminated two different rest break surveys of the Polo class members in this case. In the first survey, 1,000 surveys were sent to a systematic sample comprised of Polo class members with last names beginning with A, B, or C. In the second survey, 500 surveys were sent to a random sample of Polo class members drawn from the list of all 6,444 Polo class members.

5. It is my understanding the same three questions were asked in each survey. The questions asked of the Polo class members dealt with the former employees' ability to take full, uninterrupted 10-minute rest breaks while they were employed at Polo. In question one, which is a true or false question, the Polo class survey asks the respondent if there was ever a day where they worked more than 3.5 hours and they were not allowed to take a rest break. In question two, the Polo class survey asks the

respondent to estimate the percentage of days where they worked more than 3.5 hours and were not allowed to take a rest break.  Question three asks if Polo ever paid the respondent for rest breaks that were missed.

6. As of the date of this report, 118 individuals, or 11.8% of the total systematic sample, have returned surveys. 41 individuals, or 8.2% of the random sample, have returned surveys.

7. 108 of the systematic sample surveys, or 91.5% of the systematic sample responses, provided answers that were consistent across questions number one and two. A survey's responses are consistent if the respondent answered 'true' to question one and reported a percentage greater than 0 in question two.  Alternatively, a survey's responses are consistent if the respondent answered 'false' to question one and did not report a percentage greater than 0 in question two.  38 of the random sample surveys, or 92.7% of the random sample responded, gave answers that were consistent across questions number one and two.

8. Based on the surveys received to date, my preliminary review of question one of the systematic sample shows that 81.5% of the respondents reported having at least one day in which they worked 3.5 hours or more where they were not allowed to take a rest break.  89.5% of the random sample reported having at least one day in which they worked 3.5 hours or more where they were not allowed to take a rest break. Descriptive statistics for the systematic and random samples are shown in Table 1.  Table 3 shows descriptive statistics for the systematic sample for select Polo store locations.

9. My preliminary review of question two of the systematic sample shows that the respondents that reported having at least one day in which they worked 3.5 hours or more where they were not allowed to take a rest break missed, on average, 48.2% of their rest breaks.  The respondents of the random sample reported missing, on average, 48.8% of their rest breaks.  Descriptive statistics for the systematic and random samples are shown in Table 2.  Table 4 shows descriptive statistics for the systematic sample for select Polo store locations.

10. It is my understanding that survey responses are still in the process of being collected and data entered.  When the data collection and validation process is complete I will be able to perform a statistical analysis of the survey responses.  The

1-28 in left margin

analysis of the Polo class surveys will provide statistical estimates that can be used to construct scientifically valid class-wide estimates of the number of missed rest breaks. The statistical analysis will provide statistical confidence intervals and sampling errors for the survey results.

     I respectfully reserve the right to make changes to this declaration as additional information and documents are made available to me. I declare under penalty of perjury according to the laws of the United States of America that the foregoing is true and correct.

     Executed on October 17, 2008.

_____

Dwight D. Steward

Table 1

**Results of Survey Question Number 1**: When I was employed by Polo, there was at least one day in which I worked more than 3.5 hours during which I did not take a rest break because Polo discouraged, impeded, or dissuaded me from taking it….

| Sample | Total Respondents | Reported Missing Rest Breaks | Percentage of Total Reporting Missing Rest Break |
|---|---|---|---|
| Systematic | 108 | 88 | 81.5% |
| Random | 38 | 34 | 89.5% |

Notes:

1. The figures presented above are preliminary. The figures are subject to change as additional surveys become available and analysis continues.

2. Respondents that left all questions blank are excluded from the above tabulations.

3. Respondents that reported inconsistent answers for questions one and two were excluded from the above tabulations.

Table 2

**Results of Survey Question 2:** I estimate that I missed out on a Rest Break about ___ percent of the days that I worked for Polo for more than 3.5 hours because Polo discouraged, impeded or dissuaded me from exercising my right to take a Rest Break

| Sample | Total Respondents that Missed a Rest Break | Average Percent of Rest Breaks Missed |
|---|---|---|
| Systematic | 88 | 48.2% |
| Random | 34 | 48.8% |

Notes:

1. The figures presented above are preliminary.  The figures are subject to change as additional surveys become available and analysis continues.

2. Respondents that left all questions blank are excluded from the above tabulations.

3. Respondents that reported inconsistent answers for questions one and two were excluded from the above tabulations.

4. The average percent of rest breaks missed is based on the number of respondents who reported missing a rest break.

Table 3

**Store by Store Results of Survey Question Number 1**: When I was employed by Polo, there was at least one day in which I worked more than 3.5 hours during which I did not take a rest break because Polo discouraged, impeded, or dissuaded me from taking it….

| Store | Total Systematic Sample Respondents | Reported Missing Rest Breaks | Percentage of Total |
|---|---|---|---|
| Cabazon | 21 | 20 | 95.2% |
| Camarillo | 11 | 8 | 72.7% |
| Carlsbad | 14 | 11 | 78.6% |
| Vacaville | 11 | 7 | 63.6% |

Notes:

1. The figures presented above are preliminary.  The figures are subject to change as additional surveys become available and analysis continues.

2. Respondents that left all questions blank are excluded from the above tabulations.

3. Respondents that reported inconsistent answers for questions one and two were excluded from the above tabulations.

4. Only stores where more than 10 systematic surveys have been returned are shown in the above table.

*Otsuka, et al. v. Polo, et al.* Case No. C-07-02780-SI
Declaration Of Dwight Steward, Ph.D., in Support of Plaintiff's Opp. To Motion to Decertify

Table 4

**Store-by-Store Results of Survey Question 2:** I estimate that I missed out on a Rest Break about ___ percent of the days that I worked for Polo for more than 3.5 hours because Polo discouraged, impeded or dissuaded me from exercising my right to take a Rest Break

| Store | Total Respondents that Missed a Rest Break | Average Percent of Rest Breaks Missed |
|---|---|---|
| Cabazon | 20 | 51.4% |
| Camarillo | 8 | 31.5% |
| Carlsbad | 11 | 37.3% |
| Vacaville | 7 | 27.9% |

Notes:

1. The figures presented above are preliminary. The figures are subject to change as additional surveys become available and analysis continues.

2. Respondents that left all questions blank are excluded from the above tabulations.

3. Respondents that reported inconsistent answers for questions one and two were excluded from the above tabulations.

4. Only stores where more than 10 systematic surveys have been returned are shown in the above table.

5. The average percent of rest breaks missed is based on the number of respondents who reported missing a rest break.