WILLIAM J. GOINES (SBN 061290)
JEREMY A. MEIER (SBN 139849)
ALISHA M. LOUIE (SBN 240863)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, California  94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

BRIAN S. COUSIN (*PRO HAC VICE*)
NEIL A. CAPOBIANCO (*PRO HAC VICE*)
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren
Corporation, doing business in California as Polo
Retail Corporation; and Fashions Outlet of
America, Inc.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ANN OTSUKA, an individual; JANIS KEEFE, an individual; CORINNE PHIPPS, an individual; and JUSTIN KISER, an individual; and on behalf of all other similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; POLO RETAIL, LLC, a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation and DOES 1-500, inclusive,<br><br>Defendants(s). | Case No. CGC-06-452655<br><br>**DEFENDANTS POLO RALPH LAUREN CORPORATION'S, POLO RETAIL, LLC., POLO RALPH LAUREN CORP. DBA POLO RETAIL CORP.'S AND FASHIONS OUTLET OF AMERICA, INC.'S RESPONSES TO PLAINTIFFS' SPECIAL INTERROGATORIES, SET ONE**<br><br>Date Action Filed:  May 30, 2006 |

1

PROPOUNDING PARTY:   PLAINTIFFS OTSUKA, KEEFE, PHIPPS AND KISER

RESPONDING PARTY:    POLO RALPH LAUREN CORPORATION, POLO RETAIL, LLC., POLO RALPH LAUREN CORP. DBA POLO RETAIL CORP. AND FASHIONS OUTLET OF AMERICA, INC.

SET NO:              ONE (1)

Pursuant to Section 2030 of the Code of Civil Procedure, Defendants POLO RALPH LAUREN CORPORATION ("Defendants") respond and object to Plaintiffs ANN OTSUKA, JANIS KEEFE, CORINNE PHIPPS, and JUSTIN KISER's ("Plaintiffs") Special Interrogatories, Set One, as follows:

## PRELIMINARY STATEMENT

The requests to and responses from Defendant Fashions Outlet, Inc. are identical as the other Defendants. Even though Plaintiffs' requests were numbered differently, Fashions Outlet's responses are included herein in response to all those requests.

These responses and objections to the Special Interrogatories are made solely for the purpose of this action. It should be noted that Defendants have not fully completed its investigation of the facts relating to this case, have not fully completed discovery and has not fully completed preparation for trial. Therefore, the answers contained herein are based only on such information and documents as are presently available to and specifically known to Defendants. It is anticipated that further discovery, independent investigation, legal research and analysis will lead to the discovery of additional non-privileged responsive documents, all of which may lead to substantial additions to, changes in, and variations from the documents and/or information herein set forth.

The following responses to the Special Interrogatories are given without prejudice to Defendants' right to produce evidence of any subsequently discovered documents or facts which it may later discover. Defendants accordingly reserve the right to produce additional information and documents as additional facts are ascertained, analysis made and legal research completed, including the discovery of additional responsive information and documents. The following answers are made in a good faith effort to provide information which has been inquired about and is presently known.

## GENERAL OBJECTIONS

1.   Defendants make the following objections to each Interrogatory set forth in the Special Interrogatories.  These objections shall be deemed incorporated into Defendants' responses to each individual Interrogatory set forth in the Special Interrogatories.  Further objections may be specifically referred to in response to certain of the interrogatories for purposes of clarity or emphasis, but by doing so, Defendants are not waiving any of the general objections.

1.   Defendants object to each interrogatory set forth in the Special Interrogatories to the extent that they request information or the identification of documents protected by any privilege, including without limit, the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption from discovery.  Nothing contained in this response is intended to be or should be considered as a waiver of the attorney-client privilege and/or the attorney work product doctrine, or any other applicable privilege or the right of privacy, trade secret or confidential information or documents, and to the extent that any request may be construed as calling for information or the identification of documents or information protected by such privilege or doctrine, a continuing objection to each and every such request is hereby imposed.

2.   Defendants object to each interrogatory set forth in the Special Interrogatories to the extent that they request information or the identification of documents relating to (a) any ongoing investigations by any regulatory and/or government agency or entity, and/or (b) any other pending litigation, including but not limited to any settlement discussions or negotiations of any kind relating to such investigations and/or litigation, on the grounds that they are privileged and protected from disclosure, including but not limited to California Evidence Code Sections 1152 and 1154.  To the extent that any interrogatory may be construed as calling for such information or the identification of documents, a continuing objection to each and every such request is hereby imposed.

3.   Defendants object to each interrogatory set forth in the Special Interrogatories to the extent that they seek information or the identification of documents that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendants is performing a reasonable inquiry and search for information and documents as required by the California Code of Civil Procedure.  At this stage, it is possible that even those

3

1   interrogatories that appear reasonable in scope on their face may, in fact, call for information or the
2   identification of documents that are not relevant nor reasonably calculated to lead to the discovery of
3   admissible evidence, and Defendants preserve their objections to each request to the extent that it
4   calls for the identification of such documents.

5       4.      Nothing in these responses should be construed as an admission by Defendants
6   regarding the admissibility or relevance of any document or fact contained in Special Interrogatories.

7       5.      Defendants object to each interrogatory set forth in the Special Interrogatory to the
8   extent that they contain undefined terms that are subject to multiple interpretations and are therefore
9   vague and ambiguous.

10      6.      To the extent the Interrogatories require further organization, collation, research or
11  calculation, Defendants object thereto on the grounds of burden, oppression and harassment, and
12  instead elects, pursuant to California Code of Civil Procedure §§ 2030.210 and 2023.230, to produce
13  the documents from which such information may be derived.

14      7.      Defendants object to any request to identify documents or witnesses set forth in the
15  Special Interrogatories to the extent that it calls for "any and all" documents or witnesses as being
16  overbroad and unduly burdensome.  It is impossible to represent, even alter a reasonably diligent
17  search, that all documents or things or witnesses falling within a request for identification can be or
18  have been located. Documents may be kept in a myriad of locations and files.  Many people may
19  have handled them, they may be moved frequently, and they may have been arranged, rearranged or
20  reordered.   Documents may have been lost or may have been part of materials disposed of in
21  accordance with a document retention program or otherwise.  Therefore, Defendants cannot represent
22  that they have produced all documents or things of the type requested, only that it has produced those
23  that it could locate after a reasonably diligent search, given the time constraints available. In the event
24  that future responsive documents are located, Defendants reserve the right to identify such
25  documents, and/or to use such documents at trial or to identify additional witnesses and/or to call
26  such witnesses at trial.

27  ////

28  ////

## RESPONSES TO SPECIAL INTERROGATORIES

SPECIAL INTERROGATORY NO. 1

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rodeo Drive store in Beverly Hills, California, between May 30, 2002, and May 30, 2003.  (For purposes of these interrogatories, "YOU" and "YOUR" refers to Polo Ralph Lauren Corporation, its employees, agents, officers, directors and any other person authorized to act on behalf of Polo Ralph Lauren Corporation; and "SALES ASSOCIATES" means YOUR employees who sell products at any of your stores, including full- and part-time sales associates and senior sales associates.)

RESPONSE TO SPECIAL INTERROGATORY NO. 1

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #831, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 2

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rodeo Drive store in Beverly Hills, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 2

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #831, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 3

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rodeo Drive store in Beverly Hills, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 3

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #831, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 4

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rodeo Drive store in. Beverly Hills, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 4

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #831, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 5

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rodeo Drive store in Beverly Hills, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 5

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #831, attached hereto as Exhibit A.

///

SPECIAL INTERROGATORY NO. 6

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Burlingame Avenue store in. Burlingame, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 6

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #836, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 7

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Burlingame Avenue store in. Burlingame, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 7

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #836, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 8

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Burlingame Avenue store in Burlingame, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 8

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #836, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 9

4    State the number of SALES ASSOCIATES employed for any, amount of time in YOUR

5    Burlingame Avenue store in Burlingame, California, between May 30, 2005, and May 30, 2006.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 9

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome and oppressive. Defendants further object to this request on the ground that this request

9    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10   admissible evidence.

11   Subject to and without waiving these objections, Defendants respond as follows:

12   See information contained in chart for store #836, attached hereto as Exhibit A.

13   SPECIAL INTERROGATORY NO. 10

14   State the number of SALES ASSOCIATES employed for any amount of time in. YOUR

15   Burlingame Avenue store in Burlingame, California, between May 30, 2006, and the present.

16   RESPONSE TO SPECIAL INTERROGATORY NO. 10

17   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

18   burdensome and oppressive. Defendants further object to this request on the ground that this request

19   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21   Subject to and without waiving these objections, Defendants respond as follows:

22   See information contained in chart for store #836, attached hereto as Exhibit A.

23   SPECIAL INTERROGATORY NO. 11

24   State the number of SALES ASSOCIATES employed for any amount of time in YOUR

25   South Coast Plaza store in Costa Mesa, California, between May 30, 2002, and May 30, 2003.

26   RESPONSE TO SPECIAL INTERROGATORY NO. 11

27   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28   burdensome and oppressive. Defendants further object to this request on the ground that this request

8

seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #873, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 12

State the number of SALES ASSOCIATES employed for any amount of time in YOUR South Coast Plaza store in Costa Mesa, California, between May 30,1003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 12

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #873, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 13

State the number of SALES ASSOCIATES employed for any amount of time in YOUR South Coast Plaza store in Costa Mesa, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 13

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #873, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 14

State the number of SALES ASSOCIATES employed for any amount of time in YOUR South Coast Plaza store in Costa Mesa, California, between May 30, 2005, and May 30, 2006.

///

RESPONSE TO SPECIAL INTERROGATORY NO. 14

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #873, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 15

State the number of SALES ASSOCIATES employed for any amount of time in YOUR South Coast Plaza store in Costa Mesa, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 15

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #873, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 16

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Girard Avenue store in La Jolla, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 16

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #817, attached hereto as Exhibit A.

///

SPECIAL INTERROGATORY NO. 17

State the number of SALES ASSOCIATES employed for any amount of time in. YOUR Girard Avenue store in La Jolla, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 17

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #817, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 18

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Girard Avenue store in La Jolla, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 18

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #817, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 19

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Girard Avenue store in La Jolla, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 19

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #817, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 20

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR

5    Girard Avenue store in La Jolla, California, between May 30, 2006, and the present.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 20

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome and oppressive. Defendants further object to this request on the ground that this request

9    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10   admissible evidence.

11   Subject to and without waiving these objections, Defendants respond as follows:

12   See information contained in chart for store #817, attached hereto as Exhibit A.

13   SPECIAL INTERROGATORY NO. 21

14   State the number of SALES ASSOCIATES employed for any amount of time in YOUR

15   Ralph Lauren Stanford Shopping Center store in Palo Alto, California, between May 30, 2002, and

16   May 30, 2003.

17   RESPONSE TO SPECIAL INTERROGATORY NO. 21

18   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

19   burdensome and oppressive. Defendants further object to this request on the ground that this request

20   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

21   admissible evidence.

22   Subject to and without waiving these objections, Defendants respond as follows:

23   See information contained in chart for store #810, attached hereto as Exhibit A.

24   SPECIAL INTERROGATORY NO. 22

25   State the number of SALES ASSOCIATES employed for any amount of time in YOUR

26   Ralph Lauren Stanford Shopping Center store in Palo Alto, California, between May 30, 2003, and

27   May 30, 2004.

28   ///

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

RESPONSE TO SPECIAL INTERROGATORY NO. 22

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #810, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 23

State the number of SALES ASSOCIATES employed for any amount of time in YOU] Ralph Lauren Stanford Shopping Center store in Palo Alto, California, between May 30, 2004, an May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 23

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #810, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 24

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Ralph Lauren Stanford Shopping Center store in Palo Alto, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 24

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

///

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #810, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 25

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR

5    Ralph Lauren Stanford Shopping Center store in Palo Alto, California, between May 30, 2006, and

6    the present.

7    RESPONSE TO SPECIAL INTERROGATORY NO. 25

8    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

9    burdensome and oppressive. Defendants further object to this request on the ground that this request

10    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

11    admissible evidence.

12    Subject to and without waiving these objections, Defendants respond as follows:

13    See information contained in chart for store #810, attached hereto as Exhibit A.

14    SPECIAL INTERROGATORY NO. 26

15    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Cross

16    Creek Road store in Malibu, California, between May 30, 2002, and May 30, 2003.

17    RESPONSE TO SPECIAL INTERROGATORY NO. 26

18    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

19    burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

20    interrogatory is premature in that it seeks information regarding a store that was not yet opened.

21    Defendants finally object to this request on the ground that this request seeks information that is not

22    relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

23    Subject to and without waiving these objections, Defendants respond as follows:

24    There were no sales associates employed at this time because the store was not yet opened.

25    SPECIAL INTERROGATORY NO. 27

26    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Cross

27    Creek Road store in Malibu, California., between May 30, 2003, and May 30, 2004.

28    ///

RESPONSE TO SPECIAL INTERROGATORY NO. 27

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 28

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Cross Creek Road store in Malibu, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 28

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 29

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Cross Creek Road store in Malibu, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 29

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    There were no sales associates employed at this time because the store was not yet opened.

3    SPECIAL INTERROGATORY NO. 30

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Cross

5    Creek Road store in Malibu, California, between May 30, 2006, and the present.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 30

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

9    interrogatory is premature in that it seeks information regarding a store that was not yet opened

10   during part of the time period of the request. Defendants finally object to this request on the ground

11   that this request seeks information that is not relevant and is not reasonably calculated to lead to the

12   discovery of admissible evidence.

13   Subject to and without waiving these objections, Defendants respond as follows:

14   See information contained in chart for stores #844 and #847, attached hereto as Exhibit A.

15   SPECIAL INTERROGATORY NO. 31

16   State the number of SALES ASSOCIATES employed for any amount of time in YOUR

17   Rugby store in the Stanford Shopping Center in Palo Alto, California, between May 30, 2002, and

18   May 30, 2003.

19   RESPONSE TO SPECIAL INTERROGATORY NO. 31

20   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

21   burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

22   interrogatory is premature in that it seeks information regarding a store that was not yet opened.

23   Defendants finally object to this request on the ground that this request seeks information that is not

24   relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

25   Subject to and without waiving these objections, Defendants respond as follows:

26   There were no sales associates employed at this time because the store was not yet opened.

27   ///

28   ///

SPECIAL INTERROGATORY NO. 32

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rugby store in the Stanford Shopping Center in Palo Alto, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 32

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 33

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rugby store in the Stanford. Shopping Center in Palo Alto, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 33

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 34

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Rugby store in the Stanford Shopping Center in Palo Alto, California, between May 30, 2005, and May 30, 2006.

17

1  RESPONSE TO SPECIAL INTERROGATORY NO. 34

2          Defendants object to this interrogatory on the grounds that it is overly broad, unduly

3  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

4  interrogatory is premature in that it seeks information regarding a store that was not yet opened

5  during part of the time period of the request. Defendants finally object to this request on the ground

6  that this request seeks information that is not relevant and is not reasonably calculated to lead to the

7  discovery of admissible evidence.

8          Subject to and without waiving these objections, Defendants respond as follows:

9          There were no sales associates employed at this time because the store was not yet opened.

10 SPECIAL INTERROGATORY NO. 35

11         State the number of SALES ASSOCIATES employed for any amount of time in YOUR

12 Rugby store in the Stanford Shopping Center in Palo Alto, California, between May 30, 2006, and the

13 present.

14 RESPONSE TO SPECIAL INTERROGATORY NO. 35

15         Defendants object to this interrogatory on the grounds that it is overly broad, unduly

16 burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

17 interrogatory is premature in that it seeks information regarding a store that was not yet opened

18 during part of the time period of the request. Defendants finally object to this request on the ground

19 that this request seeks information that is not relevant and is not reasonably calculated to lead to the

20 discovery of admissible evidence.

21         Subject to and without waiving these objections, Defendants respond as follows:

22         See information contained in chart for store #409, attached hereto as Exhibit A.

23 SPECIAL INTERROGATORY NO. 36

24         State the number of SALES ASSOCIATES employed for any amount of time in YOUR

25 Pavilions Lane store in Sacramento, California, between May 30, 2002, and May 30, 2003.

26 RESPONSE TO SPECIAL INTERROGATORY NO. 36

27         Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28 burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

1   interrogatory seeks information not in their possession or control. Defendants finally object to this

2   request on the ground that this request seeks information that is not relevant and is not reasonably

3   calculated to lead to the discovery of admissible evidence.

4        Subject to and without waiving these objections, Defendants respond as follows:

5        The Sacramento store is owned by a licensee of Defendants and as a result, Defendants have

6   no knowledge or information to be able to respond to this request.

7   SPECIAL INTERROGATORY NO. 37

8        State the number of SALES ASSOCIATES employed for any amount of time in YOUR

9   Pavilions Lane store in Sacramento, California, between May 30, 2003, and May 30, 2004.

10  RESPONSE TO SPECIAL INTERROGATORY NO. 37

11       Defendants object to this interrogatory on the grounds that it is overly broad, unduly

12  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

13  interrogatory seeks information not in their possession or control. Defendants finally object to this

14  request on the ground that this request seeks information that is not relevant and is not reasonably

15  calculated to lead to the discovery of admissible evidence.

16       Subject to and without waiving these objections, Defendants respond as follows:

17       Defendants have no knowledge or information to be able to adequately respond to this

18  request.

19  SPECIAL INTERROGATORY NO. 38

20       State the number of SALES ASSOCIATES employed for any amount of time in YOUR

21  Pavilions Lane store in Sacramento, California, between May 30, 2004, and May 30, 2005.

22  RESPONSE TO SPECIAL INTERROGATORY NO. 38

23       Defendants object to this interrogatory on the grounds that it is overly broad, unduly

24  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

25  interrogatory seeks information not in their possession or control. Defendants finally object to this

26  request on the ground that this request seeks information that is not relevant and is not reasonably

27  calculated to lead to the discovery of admissible evidence.

28       Subject to and without waiving these objections, Defendants respond as follows:

The Sacramento store is owned by a licensee of Defendants and as a result, Defendants have no knowledge or information to be able to respond to this request.

SPECIAL INTERROGATORY NO. 39

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Pavilions Lane store in Sacramento, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 39

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory seeks information not in their possession or control. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

The Sacramento store is owned by a licensee of Defendants and as a result, Defendants have no knowledge or information to be able to respond to this request.

SPECIAL INTERROGATORY NO. 40

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Pavilions Lane store in Sacramento, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 40

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory seeks information not in their possession or control. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

The Sacramento store is owned by a licensee of Defendants and as a result, Defendants have no knowledge or information to be able to respond to this request.

///

///

SPECIAL INTERROGATORY NO. 41

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Post Street store in San Francisco, California, between May 30, 2002; and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 41

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #802, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 42

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Post Street store in San Francisco, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 42

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #802, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 43

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Post Street store in San. Francisco, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 43

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #802, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 44

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Post

5    Street store in San Francisco, California, between May 30, 2005, and May 30, 2006.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 44

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome and oppressive. Defendants further object to this request on the ground that this request

9    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10   admissible evidence.

11   Subject to and without waiving these objections, Defendants respond as follows:

12   See information contained in chart for store #802, attached hereto as Exhibit A.

13   SPECIAL INTERROGATORY NO. 45

14   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Post

15   Street store in San Francisco, California, between May 30, 2006, and the present.

16   RESPONSE TO SPECIAL INTERROGATORY NO. 45

17   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

18   burdensome and oppressive. Defendants further object to this request on the ground that this request

19   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21   Subject to and without waiving these objections, Defendants respond as follows:

22   See information contained in chart for store #802, attached hereto as Exhibit A.

23   SPECIAL INTERROGATORY NO. 46

24   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

25   Ralph Lauren Factory Store in Alpine, California, between May 30, 2002, and May 30, 2003.

26   RESPONSE TO SPECIAL INTERROGATORY NO. 46

27   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28   burdensome and oppressive. Defendants further object to this request on the ground that this request

22

1 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

2 admissible evidence.

3      Subject to and without waiving these objections, Defendants respond as follows:

4      See information contained in chart for store #802, attached hereto as Exhibit A.

5 SPECIAL INTERROGATORY NO. 47

6      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

7 Ralph Lauren Factory Store in Alpine, California, between May 30, 2003, and May 30, 2004.

8 RESPONSE TO SPECIAL INTERROGATORY NO. 47

9      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10 burdensome and oppressive. Defendants further object to this request on the ground that this request

11 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12 admissible evidence.

13      Subject to and without waiving these objections, Defendants respond as follows:

14      See information contained in chart for store #130, attached hereto as Exhibit A.

15 SPECIAL INTERROGATORY NO. 48

16      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

17 Ralph Lauren Factory Store in Alpine, California, between May 30, 2004, and May 30, 2005.

18 RESPONSE TO SPECIAL INTERROGATORY NO. 48

19      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

20 burdensome and oppressive. Defendants further object to this request on the ground that this request

21 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

22 admissible evidence.

23      Subject to and without waiving these objections, Defendants respond as follows:

24      See information contained in chart for store #130, attached hereto as Exhibit A.

25 SPECIAL. INTERROGATORY NO. 49

26      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

27 Ralph Lauren Factory Store in Alpine, California, between May 30, 2005, and May 30, 2006.

28 ///

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

RESPONSE TO SPECIAL INTERROGATORY NO. 49

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #130, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 50

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Alpine, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 50

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #130, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 51

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Anderson, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 51

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #37, attached hereto as Exhibit A.

///

SPECIAL INTERROGATORY NO. 52

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Anderson, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 52

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #37, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 53

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Anderson, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 53

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #37, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 54

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Anderson, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 54

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #37, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 55

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

5    Ralph Lauren Factory Store in Anderson, California, between May 30, 2006, and the present.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 55

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome and oppressive. Defendants further object to this request on the ground that this request

9    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10   admissible evidence.

11   Subject to and without waiving these objections, Defendants respond as follows:

12   See information contained in chart for store #37, attached hereto as Exhibit A.

13   SPECIAL INTERROGATORY NO. 56

14   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

15   Ralph Lauren Factory Store in Barstow, California, between May 30, 2002, and May 30, 2003.

16   RESPONSE TO SPECIAL INTERROGATORY NO. 56

17   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

18   burdensome and oppressive. Defendants further object to this request on the ground that this request

19   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21   Subject to and without waiving these objections, Defendants respond as follows:

22   See information contained in chart for store #25, attached hereto as Exhibit A.

23   SPECIAL INTERROGATORY NO. 57

24   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

25   Ralph Lauren Factory Store in Barstow, California, between May 30, 2003, and May 30, 2004.

26   RESPONSE TO SPECIAL INTERROGATORY NO. 57

27   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28   burdensome and oppressive. Defendants further object to this request on the ground that this request

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

1  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

2  admissible evidence.

3      Subject to and without waiving these objections, Defendants respond as follows:

4      See information contained in chart for store #25, attached hereto as Exhibit A.

5  SPECIAL INTERROGATORY NO. 58

6      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

7  Ralph Lauren Factory Store in Barstow, California, between May 30, 2004, and May 30, 2005.

8  RESPONSE TO SPECIAL INTERROGATORY NO. 58

9      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10  burdensome and oppressive. Defendants further object to this request on the ground that this request

11  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12  admissible evidence.

13      Subject to and without waiving these objections, Defendants respond as follows:

14      See information contained in chart for store #25, attached hereto as Exhibit A.

15  SPECIAL INTERROGATORY NO. 59

16      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

17  Ralph Lauren Factory Store in Barstow, California, between May 30, 2005, and May 30, 2006.

18  RESPONSE TO SPECIAL INTERROGATORY NO. 59

19      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

20  burdensome and oppressive. Defendants further object to this request on the ground that this request

21  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

22  admissible evidence.

23      Subject to and without waiving these objections, Defendants respond as follows:

24      See information contained in chart for store #25, attached hereto as Exhibit A.

25  SPECIAL INTERROGATORY NO. 60

26      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

27  Ralph Lauren Factory Store in Barstow, California, between May 30, 2006, and the present.

28  ///

27

RESPONSE TO SPECIAL INTERROGATORY NO. 60

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #25, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 61

State the number Of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Cabazon, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 61

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #65, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 62

State the number of SALES ASSOCIATES employed for. any amount of time in YOUR Polo Ralph Lauren Factory Store in Cabazon, California, between May 30, 2003, and May 30 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 62

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #65, attached hereto as Exhibit A.

///

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

SPECIAL INTERROGATORY NO. 63

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Cabazon, California, between May 30, 2004, and May 30 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 63

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #65, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 64

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Cabazon, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 64

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #65, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 65

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Cabazon, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 65

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving these objections, Defendants respond as follows:

2    See information contained in chart for store #65, attached hereto as Exhibit A.

3    SPECIAL INTERROGATORY NO. 66

4    State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

5    Ralph Lauren Factory Store in Camarillo, California, between May 30, 2002, and May 30, 2003.

6    RESPONSE TO SPECIAL INTERROGATORY NO. 66

7    Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8    burdensome and oppressive. Defendants further object to this request on the ground that this request

9    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10   admissible evidence.

11   Subject to and without waiving these objections, Defendants respond as follows:

12   See information contained in chart for store #34, attached hereto as Exhibit A.

13   SPECIAL INTERROGATORY NO. 67

14   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

15   Ralph Lauren Factory Store in Camarillo, California, between May 30, 2003, and May 30, 2004.

16   RESPONSE TO SPECIAL INTERROGATORY NO. 67

17   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

18   burdensome and oppressive. Defendants further object to this request on the ground that this request

19   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21   Subject to and without waiving these objections, Defendants respond as follows:

22   See information contained in chart for store #34, attached hereto as Exhibit A.

23   SPECIAL INTERROGATORY NO. 68

24   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

25   Ralph Lauren Factory Store in Camarillo, California, between May 30, 2004, and May 30, 2005.

26   RESPONSE TO SPECIAL INTERROGATORY NO. 68

27   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28   burdensome and oppressive. Defendants further object to this request on the ground that this request

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

1  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

2  admissible evidence.

3  Subject to and without waiving these objections, Defendants respond as follows:

4  See information contained in chart for store #34, attached hereto as Exhibit A.

5  SPECIAL INTERROGATORY NO. 69

6  State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

7  Ralph Lauren Factory Store in Camarillo, California, between May 30, 2005, and May 30, 2006.

8  RESPONSE TO SPECIAL INTERROGATORY NO. 69

9  Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10  burdensome and oppressive. Defendants further object to this request on the ground that this request

11  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12  admissible evidence.

13  Subject to and without waiving these objections, Defendants respond as follows:

14  See information contained in chart for store #34, attached hereto as Exhibit A.

15  SPECIAL INTERROGATORY NO. 70

16  State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

17  Ralph Lauren Factory Store in Camarillo, California, between May 30, 2006, and the present.

18  RESPONSE TO SPECIAL INTERROGATORY NO. 70

19  Defendants object to this interrogatory on the grounds that it is overly broad, unduly

20  burdensome and oppressive. Defendants further object to this request on the ground that this request

21  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

22  admissible evidence.

23  Subject to and without waiving these objections, Defendants respond as follows:

24  See information contained in chart for store #34, attached hereto as Exhibit A.

25  SPECIAL INTERROGATORY NO. 71

26  State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

27  Ralph Lauren Factory Store in Carlsbad, California, between May 30, 2002, and May 30, 2003.

28  ///

RESPONSE TO SPECIAL INTERROGATORY NO. 71

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #93, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 72

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Carlsbad, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 72

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #93, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 73

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Carlsbad, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 73

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #93, attached hereto as Exhibit A.

///

SPECIAL INTERROGATORY NO. 74

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph. Lauren Factory Store in Carlsbad, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 74

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #93, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 75

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Carlsbad, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 75

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #93, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 76

State .the number-of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Gilroy, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 76

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #102, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 77

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Gilroy, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 77

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #102, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 78

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Gilroy, California, between May, 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 78

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #102, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 79

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Gilroy, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 79

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request

34

seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #102, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 80

State the number .of SALES ASSOCIATES employed for any amount of time in YOUR. Polo Ralph Lauren Factory Store in Gilroy, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 80

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #102, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 81

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Stare in Mammoth Lakes, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 81

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #30, attached hereto as Exhibit A.

///

///

///

DEFENDANTS' RESPONSES TO SPECIAL INTERROGATORIES - SET ONE

SPECIAL INTERROGATORY NO. 82

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Mammoth Lakes, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 82

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #30, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 83

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Mammoth Lakes, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 83

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #30, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 84

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Mammoth Lakes, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 84

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request

1    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of
2    admissible evidence.

3       Subject to and without waiving these objections, Defendants respond as follows:

4       See information contained in chart for store #30, attached hereto as Exhibit A.

5    SPECIAL INTERROGATORY NO. 85

6       State the number of SALES ASSOCIATES .employed for any amount of time in YOUR Polo
7    Ralph Lauren Factory Store in Mammoth Lakes, California, between May 30, 2006, and the present.

8    RESPONSE TO SPECIAL INTERROGATORY NO. 85

9       Defendants object to this interrogatory on the grounds that it is overly broad, unduly
10    burdensome and oppressive. Defendants further object to this request on the ground that this request
11    seeks information that is not relevant and is not reasonably calculated to lead to the discovery of
12    admissible evidence.

13       Subject to and without waiving these objections, Defendants respond as follows:

14       See information contained in chart for store #30, attached hereto as Exhibit A.

15    SPECIAL INTERROGATORY NO. 86

16       State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo
17    Ralph Lauren Factory Store in Ontario, California, between May 30, 2002, and May 30, 2003.

18    RESPONSE TO SPECIAL INTERROGATORY NO. 86

19       Defendants object to this interrogatory on the grounds that it is overly broad, unduly
20    burdensome, oppressive and calls for speculation. Defendants further object on the ground that the
21    interrogatory is premature in that it seeks information regarding a store that was not yet opened.
22    Defendants finally object to this request on the ground that this request seeks information that is not
23    relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

24       Subject to and without waiving these objections, Defendants respond as follows:

25       There were no sales associates employed at this time because the store was not yet opened.

26    SPECIAL INTERROGATORY NO. 87

27       State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo
28    Ralph Lauren Factory Store in Ontario, California, between May 30, 2003, and May 30, 2004.

37

RESPONSE TO SPECIAL INTERROGATORY NO. 87

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 88

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Ontario, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 88

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened. Defendants finally object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

There were no sales associates employed at this time because the store was not yet opened.

SPECIAL INTERROGATORY NO. 89

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Ontario, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 89

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, oppressive and calls for speculation. Defendants further object on the ground that the interrogatory is premature in that it seeks information regarding a store that was not yet opened during part of the time period of the request. Defendants finally object to this request on the ground

1   that this request seeks information that is not relevant and is not reasonably calculated to lead to the

2   discovery of admissible evidence.

3        Subject to and without waiving these objections, Defendants respond as follows:

4        See information contained in chart for store #156 attached hereto as Exhibit A.

5   SPECIAL INTERROGATORY NO. 90

6        State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

7   Ralph Lauren Factory Store in Ontario, California, between May-30, 2006; and the present.

8   RESPONSE TO SPECIAL INTERROGATORY NO. 90

9        Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10  burdensome and oppressive. Defendants further object to this request on the ground that this request

11  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12  admissible evidence.

13       Subject to and without waiving these objections, Defendants respond as follows:

14       See information contained in chart for store #156, attached hereto as Exhibit A.

15  SPECIAL INTERROGATORY NO. 91

16       State the number of SALES ASSOCIATES employed for any amount of time in YOUR

17  Polo Ralph Lauren Factory Store in Pismo Beach, California, between May 30, 2002, and May 30,

18  2003

19  RESPONSE TO SPECIAL INTERROGATORY NO. 91

20       Defendants object to this interrogatory on the grounds that it is overly broad, unduly

21  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

22  interrogatory is premature in that it seeks information regarding a store that was not yet opened.

23  Defendants finally object to this request on the ground that this request seeks information that is not

24  relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

25       Subject to and without waiving these objections, Defendants respond as follows:

26       There were no sales associates employed at this time because the store was not yet opened.

27  ///

28  ///

1  SPECIAL INTERROGATORY NO. 92

2      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

3  Ralph Lauren Factory Store in Pismo Beach, California, between May 30, 2003, and May 30, 2004.

4  RESPONSE TO SPECIAL INTERROGATORY NO. 92

5      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

6  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

7  interrogatory is premature in that it seeks information regarding a store that was not yet opened.

8  Defendants finally object to this request on the ground that this request seeks information that is not

9  relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

10      Subject to and without waiving these objections, Defendants respond as follows:

11      There were no sales associates employed at this time because the store was not yet opened.

12  SPECIAL INTERROGATORY NO. 93

13      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

14  Ralph Lauren Factory Store in Pismo Beach, California, between May 30, 2004, and May 30, 2005.

15  RESPONSE TO SPECIAL INTERROGATORY NO. 93

16      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

17  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

18  interrogatory is premature in that it seeks information regarding a store that was not yet opened.

19  Defendants finally object to this request on the ground that this request seeks information that is not

20  relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

21      Subject to and without waiving these objections, Defendants respond as follows:

22      There were no sales associates employed at this time because the store was not yet opened.

23  SPECIAL INTERROGATORY NO. 94

24      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

25  Ralph Lauren Factory Store in Pismo Beach, California, between May 30, 2005, and May 30, 2006.

26  RESPONSE TO SPECIAL INTERROGATORY NO. 94

27      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28  burdensome, oppressive and calls for speculation. Defendants further object on the ground that the

1  interrogatory is premature in that it seeks information regarding a store that was not yet opened
2  during part of the time period of the request. Defendants finally object to this request on the ground
3  that this request seeks information that is not relevant and is not reasonably calculated to lead to the
4  discovery of admissible evidence.

5       Subject to and without waiving these objections, Defendants respond as follows:

6       See information contained in chart for store #159 attached hereto as Exhibit A.

7  SPECIAL INTERROGATORY NO. 95

8       State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo
9  Ralph Lauren Factory Store in Pismo Beach, California, between May 30, 2006, and the present.

10  RESPONSE TO SPECIAL INTERROGATORY NO. 95

11       Defendants object to this interrogatory on the grounds that it is overly broad, unduly
12  burdensome and oppressive. Defendants further object to this request on the ground that this request
13  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of
14  admissible evidence.

15       Subject to and without waiving these objections, Defendants respond as follows:

16       See information contained in chart for store #159, attached hereto as Exhibit A.

17  SPECIAL INTERROGATORY NO. 96

18       State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo
19  Ralph Lauren Factory Store in San Diego, California, between May 30, 2002, and May 30, 2003.

20  RESPONSE TO SPECIAL INTERROGATORY NO. 96

21       Defendants object to this interrogatory on the grounds that it is overly broad, unduly
22  burdensome and oppressive. Defendants further object to this request on the ground that this request
23  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of
24  admissible evidence.

25       Subject to and without waiving these objections, Defendants respond as follows:

26       See information contained in chart for store #143, attached hereto as Exhibit A.

27  ///

28  ///

SPECIAL INTERROGATORY NO. 97

State the number of SALES ASSOCIATES employed for any amount of in YOUR Polo Ralph Lauren Factory Store in San Diego, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 97

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #143, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 98

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in San Diego, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 98

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #143, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 99

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in San Diego, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 99

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #143, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 100

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in San Diego, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 100

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #143, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 101

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Tulare, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 101

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #64, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 102

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Tulare, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 102

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request

1 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

2 admissible evidence.

3      Subject to and without waiving these objections, Defendants respond as follows:

4      See information contained in chart for store #64, attached hereto as Exhibit A.

5 SPECIAL INTERROGATORY NO. 103

6      State the number of SALES ASSOCIATES employed for any amount of in YOUR. Polo

7 Ralph Lauren Factory Store in Tulare, California, between May 30, 2004, and May 30, 2005.

8 RESPONSE TO SPECIAL INTERROGATORY NO. 103

9      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10 burdensome and oppressive. Defendants further object to this request on the ground that this request

11 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12 admissible evidence.

13      Subject to and without waiving these objections, Defendants respond as follows:

14      See information contained in chart for store #64, attached hereto as Exhibit A.

15 SPECIAL INTERROGATORY NO. 104

16      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

17 Ralph Lauren Factory Store in Tulare, California, between May 30, 2005, and May 30, 2006.

18 RESPONSE TO SPECIAL INTERROGATORY NO. 104

19      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

20 burdensome and oppressive. Defendants further object to this request on the ground that this request

21 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

22 admissible evidence.

23      Subject to and without waiving these objections, Defendants respond as follows:

24      See information contained in chart for store #64, attached hereto as Exhibit A.

25 SPECIAL INTERROGATORY NO. 105

26      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

27 Ralph Lauren Factory Store in Tulare, California, between May 30, 2006, and the present.

28 ///

RESPONSE TO SPECIAL INTERROGATORY NO. 105

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #64, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 106

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Vacaville, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 106

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #141, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 107

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Vacaville, California, between May 30, 2003 and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 107

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #141, attached hereto as Exhibit A.

///

SPECIAL INTERROGATORY NO. 108

State the number of SALES ASSOCIATES employed for any amount of in YOUR Polo Ralph Lauren Factory Store in Vacaville, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 108

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #141, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 109

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Vacaville, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 109

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #141, attached hereto as Exhibit A.

SPECIAL INTERROGATORY NO. 110

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Ralph Lauren Factory Store in Vacaville, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 110

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

1   Subject to and without waiving these objections, Defendants respond as follows:

2   See information contained in chart for store #141, attached hereto as Exhibit A.

3   SPECIAL INTERROGATORY NO. 111

4   State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

5   Jeans Co. Factory Store in Cabazon, California, between May 30, 2002, and May 30, 2003.

6   RESPONSE TO SPECIAL INTERROGATORY NO. 111

7   Defendants object to this interrogatory on the grounds that it is overly broad, unduly

8   burdensome and oppressive. Defendants further object to this request on the ground that this request

9   seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

10  admissible evidence.

11  Subject to and without waiving these objections, Defendants respond as follows:

12  See information contained in chart for store #336, attached hereto as Exhibit A.

13  SPECIAL INTERROGATORY NO. 112

14  State the number of SALES ASSOCIATES employed for any amount of in YOUR Polo Jeans

15  Co. Factory Store in Cabazon, California, between May 30, 2003, and May 30, 2004.

16  RESPONSE TO SPECIAL INTERROGATORY NO. 112

17  Defendants object to this interrogatory on the grounds that it is overly broad, unduly

18  burdensome and oppressive. Defendants further object to this request on the ground that this request

19  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

20  admissible evidence.

21  Subject to and without waiving these objections, Defendants respond as follows:

22  See information contained in chart for store #336, attached hereto as Exhibit A.

23  SPECIAL INTERROGATORY NO. 113

24  State the number of SALES ASSOCIATES employed for any amount of in YOUR Polo Jeans

25  Co. Factory Store in Cabazon, California, between May 30, 2004, and May 30, 2005.

26  RESPONSE TO SPECIAL INTERROGATORY NO. 113

27  Defendants object to this interrogatory on the grounds that it is overly broad, unduly

28  burdensome and oppressive. Defendants further object to this request on the ground that this request

1  seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

2  admissible evidence.

3      Subject to and without waiving these objections, Defendants respond as follows:

4      See information contained in chart for store #336, attached hereto as Exhibit A.

5  SPECIAL INTERROGATORY NO. 114

6      State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

7  Jeans Co. Factory Store in Cabazon, California, between May 30, 2005, and May 30, 2006.

8  RESPONSE TO SPECIAL INTERROGATORY NO. 114

9      Defendants object to this interrogatory on the grounds that it is overly broad, unduly

10 burdensome and oppressive. Defendants further object to this request on the ground that this request

11 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

12 admissible evidence.

13     Subject to and without waiving these objections, Defendants respond as follows:

14     See information contained in chart for store #336, attached hereto as Exhibit A.

15 SPECIAL INTERROGATORY NO. 115

16     State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo

17 Jeans Co. Factory Store in Cabazon, California, between May 30, 2006, and the present.

18 RESPONSE TO SPECIAL INTERROGATORY NO. 115

19     Defendants object to this interrogatory on the grounds that it is overly broad, unduly

20 burdensome and oppressive. Defendants further object to this request on the ground that this request

21 seeks information that is not relevant and is not reasonably calculated to lead to the discovery of

22 admissible evidence. Finally, Defendants object on the ground that the interrogatory seeks

23 information for a time period after the store ceased its business operations.

24     Subject to and without waiving these objections, Defendants respond as follows:

25     See information contained in chart for store #336, attached hereto as Exhibit A.

26 SPECIAL INTERROGATORY NO. 116

27     State the number of SALES ASSOCIATES employed for any amount of in. YOUR Polo

28 Jeans Co. Factory Store in Camarillo, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 116

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #340.

SPECIAL INTERROGATORY NO. 117

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Jeans Co. Factory Store in Camarillo, California, between May 30, 2003, and May 30, 2004.

RESPONSE TO SPECIAL INTERROGATORY NO. 117

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #340.

SPECIAL INTERROGATORY NO. 118

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Jeans Co. Factory Store in Camarillo, California, between May 30, 2004, and May 30, 2005.

RESPONSE TO SPECIAL INTERROGATORY NO. 118

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #340.

///

SPECIAL INTERROGATORY NO. 119

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Jeans Co. Factory Store in Camarillo, California, between May 30, 2005, and May 30, 2006.

RESPONSE TO SPECIAL INTERROGATORY NO. 119

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #340.

SPECIAL INTERROGATORY NO. 120

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Jeans Co. Factory Store in Camarillo, California, between May 30, 2006, and the present.

RESPONSE TO SPECIAL INTERROGATORY NO. 120

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Finally, Defendants object on the ground that the interrogatory seeks information for a time period after the store ceased its business operations.

Subject to and without waiving these objections, Defendants respond as follows:

See information contained in chart for store #340.

SPECIAL INTERROGATORY NO. 121

State the number of SALES ASSOCIATES employed for any amount of time in YOUR Polo Jeans Co. Factory Store in Gilroy, California, between May 30, 2002, and May 30, 2003.

RESPONSE TO SPECIAL INTERROGATORY NO. 121

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive. Defendants further object to this request on the ground that this request