IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN OTSUKA; JANIS KEEFE; CORINNE PHIPPS; and RENEE DAVIS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

POLO RALPH LAUREN CORPORATION, *et al.*,

Defendants.

No. C 07-02780 SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' DISCOVERY REQUEST**

Plaintiffs have, by letter brief, filed a motion for an order requiring defendants to respond to 122 interrogatories.[1] [Docket No. 131] Plaintiffs served 305 interrogatories in May, 2006, when this case was pending in state court. *See* Pl. Letter Br., at 2. On July 22, 2008, plaintiffs served 26 requests for admissions and 159 additional interrogatories. (Many of the interrogatories were identical because plaintiffs asked the same questions about defendants' 33 California stores.) The new interrogatories seek information about the average time it took employees to undergo uncompensated "loss prevention searches" before leaving defendants' stores, facts and evidence supporting defendants' denials of 26 requests for admissions, defendants' classification of sale associates, defendants' "arrears" program, the Class composition, and the relationships among the three defendants. Defendants object that plaintiffs' interrogatories are excessive and cumulative, and agree to answer only 25 of the new interrogatories.

Federal Rule of Civil Procedure 33 provides that, unless otherwise stipulated or ordered by the

---

[1] Plaintiffs seek responses from each of the three defendants to interrogatories 5-48, 50-54, 84-89, and 93-159. This amounts to a total of 122 interrogatories for each defendant, not 116, as plaintiffs state in their letter brief.

court, a party may serve on any other party no more than 25 written interrogatories. A court may grant leave to serve additional interrogatories "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33. Federal Rule of Civil Procedure 26(b)(2) places limits on discovery that is, *inter alia*, cumulative, or if the burden or expense of producing the discovery outweighs its likely benefit. Under Local Civil No. 33-3, "A motion for leave to propound more interrogatories than permitted by Fed. R. Civ. P. 33 must be accompanied by a memorandum which sets forth each proposed additional interrogatory and explains in detail why it is necessary to propound the additional questions."

Plaintiffs describe the general subject matter of the 122 additional interrogatories but do not explain why each of them is necessary. In addition, they do not address why the new interrogatories are not cumulative of the previously promulgated interrogatories and other discovery conducted over the past two years of litigation. *See, e.g.*, Set One Nos. 209-216, 303 (loss prevention search policies at individual stores), Set One Nos. 131-208, 304 (the arrears program), Set One Nos. 219-246, 272-273 (classification and compensation of sales associates). The Court finds that plaintiffs have not met their burden under Local Civil Rule No. 33-3 of establishing why the Court should grant leave to propound more than 25 interrogatories. Accordingly, the Court orders plaintiffs to select 25 of the 122 disputed interrogatories to serve on defendants.

**IT IS SO ORDERED.**

Dated: 12/15/08

SUSAN ILLSTON
United States District Judge

2