IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, *et al.*, | No. C 07-02780 SI |
| Plaintiffs, | **ORDER RE: CLASS NOTICE** |
| v. | |
| POLO RALPH LAUREN CORPORATION, *et al.*, | |
| Defendants. | |

The parties have filed a motion seeking the Court's intervention on issues relating to class notice. The motion is scheduled for hearing on January 30, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. The case management conference scheduled for the same day remains on calendar. Having considered the papers submitted, and for good cause shown, the Court hereby rules as follows.

The parties have requested that the Court resolve three issues: (1) whether plaintiffs may provide notice by mailing class members a postcard, (2) whether defendants must provide the social security numbers of class members whose current addresses are not otherwise available and (3) whether plaintiffs may represent on their website that remaining claims will "proceed toward trial."

**1.    Form of Class Notice**

Plaintiffs seek to provide notice of the pendency of this action to class members by mailing them a postcard. The postcard would direct class members to a website with links to various case documents, including the long-form notice of pendency. The postcard also informs class members that they may obtain full notice by contacting plaintiffs' counsel by telephone or mail. Plaintiffs argue that this form of notice is preferable because it is easier for non-lawyers to understand, directs class members to a

website with more complete information about the case than would be available through the long-form notice alone, and is about $3,000 cheaper than sending the long-form notice. Defendants argue that class members should receive the long-form notice of pendency rather than the postcard. According to defendants, the postcard does not comply with Federal Rule of Civil Procedure 23(c)(2) and makes it more difficult for class members to opt out of the class by requiring them to obtain information about how to opt out by going to the website or contacting plaintiffs' counsel.

The Court agrees with defendants that the postcard proposed by plaintiffs does not comply with the class action notice requirements set out in Federal Rule of Civil Procedure 23(c)(2). Notice must include "the binding effect of a class judgment on members under Rule 23(c)(3)," and "that a class member may enter an appearance through an attorney if the member so desires." *See* Fed. R. Civ. Pro. 23(c)(3)(vi), (vii). The postcard offered by plaintiffs does not include this information. In addition, the Court agrees with defendants that the postcard notice unnecessarily burdens class members by requiring them to take action in order to receive complete information about how to opt out of the class.

Accordingly, the Court finds that notice should be provided to class members through the long-form notice rather than the postcard.

**2.      Social Security Numbers**

When plaintiffs mailed 1,500 class members a survey in September, 2008, 296 surveys (about twenty percent) were returned as undeliverable. Based on this response, plaintiffs anticipate that they do not have current addresses for twenty percent of class members (about 1,000 individuals). Plaintiffs request that defendants provide the social security numbers of those class members whose notice of pendency is returned as undeliverable. Defendants would give this information directly to the third party company retained by plaintiffs as class administrator. The class administrator would then use the social security numbers to obtain the most recent addresses for class members, would agree to maintain the confidentiality of the social security numbers, and would subsequently destroy all documents containing this information.

Defendants object to being compelled to provide the social security numbers of former employees without their consent and contend that this request is properly made through a motion to compel. Defendants argue that providing this information to the class administrator constitutes an

unnecessary intrusion into former employees' privacy.

The Court finds that the scheme proposed by plaintiffs is an efficient means of obtaining class members' addresses and provides adequate controls to protect class members' privacy. Defendants are ordered to provide the social security numbers of class members whose addresses cannot be determined by the U.S. postal service.

**3.  Website Language**

The Court has stayed plaintiffs' rest break claims pending the California Supreme Court's decision in *Brinker Restaurant v. Superior Court* (Cal. S166350). Plaintiffs seek to explain the stay by including the following sentence on their website:

> The District Court indicated that Defendants may re-file their motion to decertify Plaintiffs' rest break claims after the California Supreme Court issues it [sic] decision in *Brinker*. At this time, Otsuka v. Polo will proceed toward trial on all other claims asserted in Plaintiff's Third Amended Complaint.

Defendants object to the second sentence.

The Court finds that plaintiffs may not represent that any claims in this case will "proceed toward trial." Plaintiffs may modify the second sentence to say that they intend to litigate all other claims.

**IT IS SO ORDERED.**

Dated: 1/26/09

SUSAN ILLSTON
United States District Judge