**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN OTSUKA, et al.,

          Plaintiffs,

  v.

POLO RALPH LAUREN CORPORATION, et al.,

          Defendants.
_____/

No. C 07-02780 SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR COSTS OF CURATIVE NOTICE AND ATTORNEYS' FEES**

     Plaintiffs have filed a motion for an order requiring defendants to pay for the cost of curative notice and attorney's fees. The motion is scheduled for hearing on March 27, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS IN PART AND DENIES IN PART plaintiffs' motion.

     The Court granted plaintiffs' motion for class certification on July 8, 2009 [Docket No. 109] and at the parties' request, the Court resolved disputes relating to the form of class notice on January 26, 2009. [Docket No. 137] The instant dispute concerns a class list that defendants produced to plaintiffs on September 4 or 5, 2008. The list included the names of 6,988 individuals. Decl. of Patrick R. Kitchin in Supp. of Pls. Mot. ("Kitchin Decl.") ¶ 2. On September 16, defense counsel informed plaintiffs that the list it had provided was not perfect: "In certain instances the employee numbers did not match perfectly; for example if an employee quit and was then rehired with a different employee number. Therefore there is a margin of error of less than 10%." Decl. of William J. Goines in Supp. of Defs. Opp. ("Goines Decl."), ex. A. On September 18 and 19 and October 6, plaintiffs' counsel

United States District Court
For the Northern District of California

1    mailed surveys to 1,500 individuals identified on the September class list.  Kitchin Decl. ¶ 4.  In late

2    October, it came to light that the September list included the names of 883 employees at defendants'

3    Club Monaco and Rugby stores who are not members of the class in this case.  *Id.* ¶ 3.  Plaintiffs'

4    counsel sent their survey to 169 of these non-class employees.[1]  *Id.* ¶ 5.  The letter accompanying the

5    survey stated, "Based on Polo's records, we believe you are a member of the certified class . . . .  As

6    your attorneys, we are seeking unpaid wages, plus penalties, interest and punitive damages on your

7    behalf."  *Id.*, ex. 2.  The parties agree that the erroneously contacted employees must be notified that

8    they are not members of the certified class and are not represented by plaintiffs' counsel.

9         Plaintiffs contend that defendants, who provided a class list containing incorrect names, should

10   bear the burden of correcting mistakes arising from the erroneous list.  Plaintiffs therefore seek an order

11   compelling defendants to pay $17,353 to compensate plaintiffs for (1) $14,400 in past attorneys' fees

12   (32 hours at $450 per hour), (2) $900 in future attorneys's fees (2 hours working on the curative notice),

13   (3) $105 in paralegal fees (0.6 hours at $175 per hour), and (4) $1,948 for the cost of sending curative

14   notice.[2]  Defendants respond that while they inadvertently provided a list with incorrect names, the real

15   mistake was made by plaintiffs' counsel, who contacted putative class members without Court approval.

16   Defendants contend that if plaintiffs had waited until after certification to contact class members, the

17   mistake would have been discovered and plaintiffs could have avoided these costs.

18        The Court finds that plaintiffs' surveys were not improper.  Defendants claim that plaintiffs'

19   counsel were required by Federal Rule of Civil Procedure 23(c)(2)(B) (which dictates the form of class

20   notice) to seek court approval before sending the surveys.  Plaintiffs' surveys, however, stated that

21   counsel were "gathering information . . . regarding claims made in the lawsuit" and asked recipients to

22   fill out a survey to that end.  Kitchin Decl., ex. 2.  The survey did not purport to give class notice and

23   therefore did not have to comply with Rule 23(c)(2)(B).  The Court finds that the surveys are more

---

25   [1] In fact, counsel sent the survey to 201 non-class employees, but 44 surveys were returned as
26   undeliverable.  *Id.* ¶ 5.

27   [2] The Court notes that plaintiffs also claim to have incurred costs by paying experts to generate
     models based on the erroneous information.  Plaintiffs do not, however, provide the Court with a
28   declaration stating the amount of fees paid to experts.  The Court therefore will not consider whether
     defendants should compensate plaintiffs for these costs.

accurately characterized as "post-certification communications."[3]

The Court finds that both parties had a hand in creating this mistake. Defense counsel erroneously included the names of employees who are not class members in the list they provided to plaintiffs' counsel. Plaintiffs' counsel mailed the survey even though they had notice that there were some discrepancies in the class list. Plaintiffs' request for attorneys' fees is therefore not warranted. The Court does find, however, that it is appropriate for the parties to split the cost of sending curative notice, which, according to an estimate, should amount to about $2000.

Accordingly, the Court GRANTS plaintiffs' motion insofar as the parties are ordered to evenly share the cost of sending curative notice; plaintiffs' motion is DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: March 24, 2009

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

---

[3] Defendants cite an opinion issued by the American Bar Association's Committee on Ethics and Professional Responsibility. Goines Decl., ex. C. The Court finds that this authority is inapposite because it concerns contact by counsel with putative members *prior* to class certification and specifies that it "does not address post-certification communications regulated by a court." *Id.* at 2. n. 4.