WILLIAM J. GOINES (SBN 061290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:   goinesw@gtlaw.com
         rosenthalk@gtlaw.com
         hamiltonc@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>        Plaintiff,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>        Defendants. | Case No.   C07-02780 SI<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF POLO'S REMEDIATION MEASURES**<br><br>Pretrial:    February 23, 2010<br>Time:       3:30 p.m.<br>Dept.:       Courtroom 10, 19th Floor<br>Judge:      Hon. Susan Illston<br><br>Trial Date: March 8, 2010 |

## I. INTRODUCTION

Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc. (collectively "Polo") hereby move this Court for an Order to exclude evidence at trial relating to, referring to, or discussing any subsequent remedial measures taken by Polo as a result of the claims at issue in this case.

Polo respectfully requests that the Court enter an order, *in limine*, as follows:

> That Plaintiffs may not introduce, elicit, discuss or refer to any evidence of subsequent remedial measures taken by Polo as a result of the claims at issue in this case

As discussed below, this motion is based upon the grounds that such evidence is not admissible.

## II. ARGUMENT

Plaintiffs may seek to introduce evidence that Polo has changed certain of its policies, in an attempt to argue that such changes prove that Polo's prior policies were unlawful. Such attempts must fail. The Federal Rules of Evidence ("FRE") do not permit the introduction of evidence of subsequent remedial measures to prove negligence or culpable conduct. FRE 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407. Courts "routinely exclude evidence of [subsequent remedial measures] to encourage people to take such measures whether or not they are at fault." *Petree v. Victor Fluid Power, Inc.*, 831 F.2d 1191, 1198 (3d Cir. 1987). See also *Boeing Airplane Co. v. Brown*, 291 F.2d 310, 315 (9th Cir. 1961) (subsequent remedial measures are inadmissible with regard to the issue of prior negligence); *Luera v. Snyder*, 599 F. Supp. 1459, 1463 (D.C. Col. 1984) (testimony of changes in police department's policies are inadmissible as evidence of a subsequent remedial measure); *Maddox v. Los Angeles*, 792 F.2d 1408 (9th Cir. Cal. 1986) (evidence of Internal Affairs

investigation and measures taken by the defendant City were remedial measures taken after the incident and therefore properly excluded with respect to the City's liability).

### III. CONCLUSION

For the foregoing reasons, Polo respectfully requests that the Court grant Polo's Motion *in Limine* No. 4.

Dated: February 8, 2010   GREENBERG TRAURIG, LLP

By: /s/ *William J. Goines*
    William J. Goines
    Jeremy A. Meier
    Karen Rosenthal
    Cindy Hamilton

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.