WILLIAM J. GOINES (SBN 061290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:   goinesw@gtlaw.com
         rosenthalk@gtlaw.com
         hamiltonc@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>         Plaintiff,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>         Defendants. | Case No.   C07-02780 SI<br><br>**DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE RELATING TO PLAINTIFFS' CLAIMS RE: MISSED REST BREAKS**<br><br>Pretrial:    February 23, 2010<br>Time:        3:30 p.m.<br>Dept.:       Courtroom 10, 19th Floor<br>Judge:       Hon. Susan Illston<br><br>Trial Date: March 8, 2010 |

*SV 346,481,650 v2 062321.093800*

## I. INTRODUCTION

Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc. (collectively "Polo") hereby move this Court for an Order to exclude evidence at trial relating to, referring to, or discussing Plaintiffs' claims for missed rest breaks.

Polo respectfully requests that the Court enter an order, *in limine*, as follows:

> That Plaintiffs may not introduce, elicit, discuss or refer to any evidence regarding Plaintiffs' claims for missed rest breaks.

As discussed below, this motion is based upon the grounds that the rest break claims are stayed and will not be adjudicated in the upcoming trial.

## II. DISCUSSION

This lawsuit began in the San Francisco Superior Court on May 30, 2006, alleging claims for violation of wage and hour laws, including breach of contract, fraud, false imprisonment, unfair competition, unjust enrichment, and related California statutory labor law violations. After removal to U.S. District Court and motion practice, Plaintiffs' Third Amended Complaint now alleges eight claims.

On July 8, 2008, this Court certified a class and two subclasses. The class is comprised of all former California salespersons and cashiers from Ralph Lauren ("Full-Price Stores") and Polo Ralph Lauren Factory Outlet stores ("Outlet Stores"), from May 20, 2002 to the present. On November 5, 2008, in response to a motion for decertification filed by Polo, the Court stayed the litigation on the rest break class claims pending the California Supreme Court's review of *Brinker Restaurant Corporation v. Superior Court*, 165 Cal.App.4th 25, 80 Cal.Rptr.3d 781 (2008) [Case No. S166350]. *Brinker* held that rest breaks need only be "made available" and not "ensured", and decided that in the face of conflicting evidence about whether employees took rest breaks, individual issues necessarily predominate.[1] Following *Brinker*, the California Division of Labor Standards

---

[1] *Brinker* held that "hourly employees may waive their rest breaks, and thus Brinker is not obligated to ensure that its employees take those breaks, any showing on a class basis that plaintiffs or other members of the proposed class missed rest breaks or took shortened rest breaks would not necessarily establish, without further individualized proof, that Brinker violated the provisions of section 226.7…" *Id.* at 31. *Brinker* clarifies the standard that must be applied to such situations in a class

(Footnote continues on next page.)

Enforcement (DLSE) issued a memo to its deputy labor commissioners instructing them to follow the court's decision in *Brinker*.

On November 20, 2009, Plaintiffs filed a motion to sever the rest break claims from the remaining claims. Following briefing by the parties, on January 25, 2010, the Court granted Plaintiffs' motion to sever ("January 25 Order"), and ordered that the rest break claims previously stayed by the Court be severed for purposes of trial pending a final decision in *Brinker*. The Court ordered that the remaining claims will proceed on trial on the date presently set, and further ordered that the parties notify the Court within seven days of the date the California Supreme Court's decision on *Brinker* becomes final.

In light of the Court's January 25 Order, Plaintiffs' rest break claims will not be adjudicated at the upcoming trial of this Action. Accordingly, Plaintiffs should be prevented from mentioning anything related to their claims of missed rest breaks. Such references should be excluded under Federal Rules of Evidence ("FRE") 402, which provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Because Plaintiffs' rest break claims will not be tried, anything related to those claims should not be mentioned at trial. Missed rest break claims have no tendency to prove or disprove the other claims that will be adjudicated at trial.

Plaintiffs may argue that, even though the rest break claims are not being tried, Plaintiffs should not have to avoid even an incidental reference to missed rest breaks. Plaintiffs may seek to

---

(Footnote continued from previous page.)

certification context by explaining that "the issue of whether rest periods are prohibited or voluntarily declined is by its nature an individual inquiry" and that the "trier of fact cannot determine on a class-wide basis whether members of the proposed class of Brinker employees missed rest breaks as a result of a supervisor coercion or the employee's uncoerced choice to waive such breaks and continue working." *Id.*

discuss the missed rest breaks with the misguided hope that the jury will conclude that Polo must be liable on other causes of action if Polo did not allow its employees to take rest breaks. However, it is simply improper for the jury to be allowed to make such an inference. The jury should decide the claims based only on evidence regarding the specific claims being adjudicated at trial.

Even if the Court finds that such evidence is relevant, it should not be admitted because its probative value is outweighed by the substantial risk of prejudice to Polo. FRE 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403; see also *People v. Branch*, 91 Cal.App.4th 274, 286 (2001) ("'evidence should be excluded as unduly prejudicial when it is of such nature as to inflame the emotions of the jury, motivating them to use the information, not to logically evaluate the point upon which it is relevant, but to reward or punish one side because of the jurors' emotional reaction'").

In sum, evidence regarding missed rest breaks is not relevant at the present time, and would mislead the jury, cause severe and undue prejudice, and waste the time and resources of the Court and all parties and witnesses.

### III. CONCLUSION

For the foregoing reasons, Polo respectfully requests that the Court grant Polo's Motion *in Limine* No. 5.

Dated: February 8, 2010                     GREENBERG TAURIG, LLP

By:     /s/ *William J. Goines*
    William J. Goines
    Jeremy A. Meier
    Karen Rosenthal
    Cindy Hamilton

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.