WILLIAM J. GOINES (SBN 061290)
KAREN ROSENTHAL (SBN 209419)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA 94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508
Email:   goinesw@gtlaw.com
         rosenthalk@gtlaw.com
         hamiltonc@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814-3938
Telephone:  (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corporation; and
Fashions Outlet of America, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>    Plaintiff,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>    Defendants. | Case No.   C07-02780 SI<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO CONTACT DECLARANT CLASS MEMBERS**<br><br>Dept.:   Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston<br><br>Trial Date:  March 8, 2010 |

## I. INTRODUCTION

Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc. (collectively "Polo") bring this administrative motion pursuant to Civil Local Rule 7-11 for leave to contact three former employees ("Declarants") of Polo who provided Polo with declarations in support of Polo's Opposition to Class Certification while they were employees of Polo. Polo has listed these individuals on its trial witness list and sent them subpoenas to appear at trial. At least one Declarant has contacted Polo's counsel because he was confused by the subpoena and wanted to know the details surrounding his appearance at trial. As he is now a member of the class, Polo's counsel has thus far not spoken with any of the Declarants but instructed support staff to inform the Declarants that Polo's counsel is not currently ethically permitted to speak with them. Counsel for Plaintiffs have refused to stipulate to permit these three former employees to speak with Polo's counsel, requiring this motion.

These three individuals previously provided Polo with supporting declarations describing their experience with loss prevention searches, a critical issue at trial. Polo intends to call these individuals as witnesses at trial, but would like the opportunity to 1) explain to these former employees administratively how their appearance at trial will work, and 2) discuss the substance of their testimony. Because counsel for Plaintiffs has refused to stipulate to this limited communication, it has become necessary for Polo to file this administrative motion for leave to contact these three former employees.

## II. STATEMENT OF FACTS

In or about June 2008 Polo employed Timothy Homan, Katy Cantwell and Robert Lo Monaco in its Mammoth, Costa Mesa, and San Francisco stores, respectively. These individuals provided Polo with declarations in support of Polo's Opposition to Class Certification. In their declarations these three employees described their experiences with loss prevention searches in Polo retail stores.

Since June 2008, these three employees left Polo's employ and became members of the class.

In February, 2010, Polo issued subpoenas to these individuals to appear at trial. Declaration of William J. Goines, ¶ 3. Not all of the subpoenas have yet been served, but at least one class

member has already left messages for Polo's counsel indicating his confusion at having received a subpoena and requesting a return phone call explaining what he needs to do. Declaration of William J. Goines, ¶ 4. The individual called again at a later time and spoke to a member of Polo's counsel's support staff, who instructed him that Polo's counsel was not ethically permitted to speak with him at that time, but that we may have someone from Polo respond to their questions. We have since decided to file this motion rather than have any further contact. Declaration of William J. Goines, ¶ 5.

### III.  ARGUMENT

The "district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89 at 100; *see also* Fed. R. Civ. Proc. 23(d).  "Restrictions on communications with the class can create problems…Barring direct communications would seriously handicap the employer's defense because the employer must rely on those individuals for evidence and for assisting its attorneys. In such circumstances, the court can…certif[y] a subclass for which the court could permit limited communications with the defendant." *Annotated Manual for Complex Litigation* $4^{th,}$ 2009 ed., David F. Herr, 21.33.

Accordingly, these witnesses previously provided Polo with helpful information and Polo intends to call these individuals at trial. Polo will be seriously handicapped if they do not have the opportunity to present the testimony of these witnesses as evidence but Polo first must be permitted to speak with them about their testimony. Furthermore, it can be intimidating for a lay witness to receive a subpoena with absolutely no explanation, and Polo would like an opportunity to alleviate the confusion expressed by at least one Declarant and that will likely be experienced by all three.

Polo seeks the permission of the Court to contact these three Declarants named on Polo's trial witness list to 1) explain to these former employees administratively how their appearance at trial will work and 2) discuss the substance of their testimony. Polo is mindful that these individuals are now class members and is seeking the permission of the court to contact these individuals in a respectful manner that will not impact the rest of the class.

//

Because counsel for Plaintiffs has refused to stipulate to this limited communication, it has become necessary for Polo to file this administrative motion for leave to contact these three former employees. Declaration of William J. Goines, ¶ 6.

### III. CONCLUSION

Accordingly, Polo requests the Court grant the motion and allow it to contact Katy Cantwell, Tim Homan and Robert Lo Monaco.

Dated: February 12, 2010                    GREENBERG TRAURIG, LLP

By: __/s/ William J. Goines__
William J. Goines
Jeremy A. Meier
Karen Rosenthal
Cindy Hamilton

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc.