Patrick R. Kitchin (SBN 162965)
THE LAW OFFICE OF PATRICK R. KITCHIN
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Nancy E. Hudgins (SBN 85222)
Matthew M. Grigg (SBN 195951)
LAW OFFICES OF NANCY E. HUDGINS
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-979-0100
415-979-0747 (fax)
neh@hudginslaw.com
mmg@hudginslaw.com

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
Renee Davis and the Certified Plaintiff Class

**UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANN OTSUKA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al.,<br><br>    Defendants. | Case No.  C07-02780 SI<br><br>**PLAINTIFFS' OPPOSITION TO POLO'S MOTION TO CONTACT CLASS MEMBERS**<br><br>Pretrial Conference:  2/23/10 (3:30 p.m.)<br>Trial Date:  3/8/10<br>Place:  Courtroom 10 (19th Floor)<br>Judge:  Hon. Susan Illston |

### I. Introduction

Polo's counsel seeks the Court's permission to communicate with three members of the Plaintiff Class.  Polo's motion should be denied because no legitimate basis exists for allowing Polo's counsel to circumvent Rule of Professional Conduct 2-100 ("the no-contact rule").

///

///

## II. Polo's Attempt To Circumvent The No-Contact Rule Is Legally Impermissible

A.  <u>Polo May Not Contact The Class Members Because They Are "Represented Parties"</u>

An attorney may not communicate, directly or indirectly, with a party the attorney knows is represented by another lawyer. Rule of Professional Conduct 2-100.[1]  The Rule is designed to "shield[] a party's substantive interests against encroachment by opposing counsel." *United States v. Lopez*, 4 F.3d 1455, 1458-1459 (9th Cir. 1993) ("[Rule 2-100]; *see also Mitton v. State Bar* (1969) 71 Cal.2d 52, 534 ("[The no-contact rule] shields the opposing party not only from an attorney's approaches which are intentionally improper, but, in addition, from approaches which are well intended but misguided.")

Here, the three Class members (former sales associates) with whom Polo's counsel seeks to communicate are "represented parties" because "class counsel represents all class members as soon as a class is certified." *Kleiner v. First Nat. Bank of Atlanta* (11th Cir. 1985) 751 F.2d 1193 & fn. 28; *see also Hernandez v. Vitamin Shoppe Industries Inc*. (2009)174 Cal.App.4th 1441, 1459 (quoting *Kleiner* with approval).  Polo's counsel thus may not, directly or indirectly, communicate with these (or other) Class members unless an exception to the "no-contact rule" applies.  Rule of Professional Conduct 2-100(a) & (c).

B.  <u>No Exception To The No-Contact Rule Applies</u>

Opposing counsel may communicate with a party represented by another attorney <u>only</u> when:  (1) the represented party's attorney consents to the communication, (2) the represented party is a public officer, board, committee or body, (3) the communication is initiated by the

---

[1]  (A) While representing a client, a member not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.
   …
(C) This rule shall not prohibit:
   (1) Communications with a public officer, board, committee, or body;
   (2) Communications initiated by a party seeking advice or representation
       from an independent lawyer of the party's choice; or
   (3) Communications otherwise authorized by law.

Rule of Professional Conduct 2-100.

1  represented party seeking advice from an independent lawyer of the represented party's choice,
2  or (4) the communication is otherwise authorized by law.  Rule 2-100(a) & (c).  None of these
3  exceptions apply here:

- Plaintiffs' attorneys have not consented to Polo's attempt to confer with the implicated Class members;
- no evidence suggests the three Class members at issue are "public officers" or that Polo seeks to confer with them for that reason;
- Polo's attorneys are not "*independent* attorneys"; and
- the communication Polo proposes is not "otherwise authorized by law."

Mindful no exception to the no-contact rule exists, Polo's attorneys creatively attempt to transform their proposed communications into communications "otherwise authorized by law" by persuading this Court to approve them.  However, no legally cognizable basis for such an order exists.

As evident from the Comment to Rule 2-100, the "otherwise authorized by law" exception refers to "*express* statutory schemes" authorizing communications, and not to court orders allowing attorneys to circumvent the no-contact rule simply because it might aid the attorneys' trial preparation.[2]

Polo nonetheless cites an excerpt from a complex litigation manual as ostensible contrary authority.  *See* Polo's Mot., 2:11-16.  However, the manual excerpt in question does not authorize Polo's attempt to circumvent the no-contact rule the manual not only is not part of an "express statutory scheme" within the meaning of Rule 2-100, it is not even controlling law.

---

[2] "Rule 2-100 is intended to control communications between a member and persons the member knows to be represented by counsel unless a statutory scheme or case law will override the rule. There are a number of express statutory schemes which authorize communications between a member and person who would otherwise be subject to this rule. These statutes protect a variety of other rights such as the right of employees to organize and to engage in collective bargaining, employee health and safety, or equal employment opportunity. Other applicable law also includes the authority of government prosecutors and investigators to conduct criminal investigations, as limited by the relevant decisional law."  Comment to Rule 2-100.

Moreover, even the manual does not condone the communications Polo proposes. Polo cites the manual for the following proposition:

> Restrictions on communications with the class can create problems…Barring direct communications would seriously handicap the employer's defense because the employer must rely on those individuals for evidence and for assisting its attorneys. In such circumstances, the court can…certif[y] a subclass for which the court could permit limited communications with the defendant.

Polo's Mot., 2:11-16. Polo's quotation of this excerpt is misleading because Polo uses ellipses to omit key material. The text (including those portions omitted by Polo) reads:

> Restrictions on communications with the class can create problems. **For example, in employment discrimination class actions, key individuals in supervisory positions might be members of the class.** Barring direct communications would seriously handicap the employer's defense because the employer <u>must rely</u> on those individuals for evidence and for assisting its attorneys. In such circumstances, the court can **consider certification under 23(b)(3) (enabling class members to opt out), exclusion of such persons from the class if they have no genuine claims** or certification of a subclass for which the court could permit <u>limited</u> communications with the defendant.

*Manual for Complex Litigation, Fourth*, at §21.33 (emphasis added). In other words, the manual envisions an employer's attorneys' "limited communications" with represented class members might be appropriate only if the employer "*must* rely" on those class members for its defense. *Id*.

Here, unlike the situation envisioned in the manual, Polo is not in a situation in which it "must rely" on the communications it seeks to defend itself at trial. As Polo's witness list suggests, it has multiple other persons on whom it can rely. Further, it already has relied on the assistance and insights of the three Class members at issue because it previously obtained declarations from all three of them when they still worked for Polo. Polo's insistence that it "will be seriously handicapped if [it does] not have the opportunity to present the testimony of these witnesses as evidence" at trial (Mot., at 2:18-19) also is patently untenable because it can subpoena them to testify at trial. Indeed, permitting Polo to evade Rule 2-100 in this context would be tantamount to a pronouncement that a defendant may evade the rule and contact a

represented party any time doing so would aid its trial preparation. That impermissibly would eviscerate the rule.

In addition, Polo is not proposing the "limited communications" the manual envisions might be appropriate in extreme cases where communication with class members is critical to a defendant-employer's defense. Polo instead is seeking to "*discuss the substance of [the Class members' trial] testimony.*" Mot. 1:18. Such communications are not envisioned as acceptable even in the highly unusual circumstances envisioned by the manual on which Polo relies. *See Manual for Complex Litigation, Fourth*, *supra*, at §21.33

### III. Conclusion

No legitimate legal basis exists for Polo's attempt to circumvent the no-contact rule. Plaintiffs thus respectfully submit Polo's motion must be denied.

Dated: February 16, 2010                    LAW OFFICE OF PATRICK R. KITCHIN

By:  /s/ *Patrick R. Kitchin*

    Patrick R. Kitchin
Attorneys for Plaintiffs Janis Keefe,
Corinne Phipps, Renee Davis and
the Certified Plaintiff Class