1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>       Plaintiff,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>       Defendants. | Case No.     C07-02780 SI<br><br>**PLAINTIFFS' PROPOSED SEPARATE JURY INSTRUCTIONS WITH DEFENDANTS' OBJECTIONS**<br><br>Pretrial:    February 23, 2010<br>Time:      3:30 p.m.<br>Dept.:     Courtroom 10, 19th Floor<br>Judge:    Hon. Susan Illston<br><br>Trial Date: March 8, 2010 |

22

23

24

25

26

27

28

1

**Plaintiffs' Proposed Instruction 1**

**Employer's Duty To Keep Accurate Pay Records**

The law requires employers to keep accurate records showing all "hours worked" by each employee during each payroll period.

"Hours worked" means all time during which an employee is subject to an employer's control.

Authority: Labor Code § 226; IWC Wage Order 7-2001, §§2(G) and 7(A); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208 (C.D. Cal. 2009).

_____

United States District Judge

Given:          _____

Revised:        _____

Modified:       _____

Withdrawn:      _____

2

SV 346,486,897v1 2-17-10

## Polo's Objections To Plaintiffs' Proposed Instruction 1

Polo objects to this instruction because it is an incomplete statement of the law regarding record-keeping penalties under California Labor Code § 226 and would, therefore, be misleading to the jurors.

(1)   Plaintiffs' Instruction Omits a Key Element of the Claim.

In this instruction, Plaintiffs have omitted a key element from Labor Code § 226 – i.e., that Plaintiffs must prove that Polo knowingly and intentionally failed to furnish an accurate pay record. This omission gives the mistaken impression that Labor Code § 226 is essentially a strict liability offense, when the statute explicitly states that a penalty is only imposed where "[a]n employee [has suffered] injury as a result of a knowing and intentional failure by an employer to comply with" the requirements of Labor Code § 226.  Cal. Lab. Code § 226(e).

(2)   " 'Hours worked' means all time during which an employee is subject to an employer's control."

This statement incorrectly focuses on "control" and improperly omits the applicable *de minimis* standard.  As discussed in detail in Polo's objection to Plaintiffs' Instruction 2, federal courts applying California law to California claims have used the *de minimis* standard in recent cases.

Even if "control" is included as part of the legal standard, this instruction is incomplete because it provides jurors with no guidance on what "control" means.  When evaluating whether an employee is "subject to an employer's control," courts have focused on whether the employee has been prevented from using the time effectively for his or her own purposes.  *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208 (C.D. Cal. 2009); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 583-88 (2000); *Bono Enters. v. Bradshaw*, 32 Cal. App. 4th 968, 975 (1995).  Without this guidance, Plaintiffs' instruction is overbroad and misleading to the jurors.

Given these deficiencies in Plaintiffs' instruction, Polo respectfully proposes that the proper instruction for the jury on record-keeping penalties under California Labor Code § 226 is the instruction submitted by Polo.

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 2**

**Nonpayment Of Wages For Off-The-Clock Hours Worked**

Plaintiffs claim Polo did not compensate them for all time Plaintiffs spent subject to Polo's control.

To prevail on this claim, Plaintiffs must prove all the following:

      1.    that Polo did not compensate them for all the time they were subject to Polo's control;

      2.    the amount of wages owed as a result.

If you find that Polo did not keep accurate records of all time Plaintiffs spent subject to Polo's control, Plaintiffs may prove the amount of that time with a reasonable estimate.  In determining the amount of that time, you may consider Plaintiffs' estimate, and any evidence presented by Polo that Plaintiffs' estimate is unreasonable.

Authority: Labor Code §§200-202, 206, 226; IWC Wage Order 7-2001 §§2(G) and 4(A); *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 726-728; *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 586-88 (2000); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208 (C.D. Cal. 2009); *In re Estate of Marcos Human Rights Litig.*, 910 F.Supp 1460, 1464, *aff'd sub nom, Hilao vs. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996); *Bell vs. Farmers Insurance Exchange*, 115 Cal.App.4th 715, 749 (2004); *Reich v. Southern New England Telecommunications Corp.* (2nd Cir 1997) 121 F.3d 58; *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc.*, 113 F. Supp. 2d 345 (E.D.N.Y. 2000).

_____
United States District Judge

Given:        _____

Revised:     _____

Modified:    _____

Withdrawn:  _____

4

**Polo's Objections To Plaintiffs' Proposed Instruction 2**

Polo objects to Plaintiffs' Proposed Instruction 2 on the basis that Plaintiffs have misstated the law regarding an employer's obligation to compensate its employees for off-the-clock time.

Plaintiffs have taken the position that Polo is obligated to pay its employees for all time - no matter how miniscule or difficult to record - that Polo's employees are under Polo's control. Plaintiffs are relying on the court's decision in *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575 (2000). The problem with Plaintiffs' position is that the law has changed in the ten years since *Morillion* was decided.

In recent decisions, Federal courts applying California law to California claims have adopted the federal *de minimis* test, set forth in *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984), for determining when off-the-clock time is compensable. Under the *de minimis* rule, an employer is not required to compensate its employees for *de minimis* off-the-clock time. In determining whether off-the-clock time is *de minimis*, the court considers the following factors:

        a.   the practical administrative difficulty of Polo recording the additional off-the-clock time;

        b.   the aggregate (total) amount of off-the-clock time; and

        c.   the regularity of the additional work; i.e., the frequency of off-the-clock work.

See *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935, *3-4 (N.D. Cal. June 18, 2008) (applying the *Lindow* standard and finding the plaintiff's California claims for unpaid wages were *de minimis* and, therefore, not compensable; noting that repositioning time clock closer to exit door would create difficulties administratively because employees engaged in "noncompensable activities after the end of their shift but before leaving the warehouse, such as shopping, attending the restroom, socializing, walking time and other personal activities."); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009) (finding the *Alvarado* court's reasoning persuasive, applying the *Lindow* standard, and finding that a triable issue of material fact exists regarding whether pre-shift and post-shift time is *de minimis*).

Plaintiffs' instruction is also erroneous because of Plaintiffs' reference to an "estimate." Plaintiffs attempt to instruct the jury that Plaintiff can prove the time that Polo employees spent under

5

Polo's control with an "estimate."  Plaintiffs will attempt to estimate this time using a survey that is methodologically flawed, as described in detail in Polo's motion *in limine*.  None of the cases cited by Plaintiffs mandate the use of an estimate in order to prove, on a class-wide basis, amounts of alleged uncompensated time.

As an initial matter, Plaintiffs have not shown that Polo failed to keep accurate records.  Even if Plaintiffs can make such a showing, that does not mean that Plaintiffs can use a "reasonable estimate."  *Gutierrez v. Wells Fargo & Company*, Case No. C 07-05923 WHA, 2009 U.S. Dist. LEXIS 38143, at *17 (May 5, 2009) ; *Lemon v. Harlem Globetrotters Int'l, Inc.*, 437 F. Supp. 2d 1089, 1103 n.10 (D. Ariz. 2006); *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1125, 1135 (9th Cir. 2002), quoting *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1200 (6th Cir. 1988).  Plaintiffs may argue that their position is based on the opinion in *Hernandez v. Mendoza*, 199 Cal.App.3d 721, 726-728 (1988).  That argument has no merit.  In *Hernandez*, the court described the burden-shifting test that occurs in such a circumstance:

> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a . . . difficult problem arises. . . . In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Hernandez*, 199 Cal.App.3d at 728, citing *Anderson* v. *Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1945).  This test does not simply allow Plaintiffs to provide a self-serving estimate, even if Plaintiffs can show that Polo's records are inaccurate.  Instead, Plaintiffs may present evidence of time worked, then Polo may come forward with evidence to rebut Plaintiffs' evidence.  Plaintiffs' proposed jury instruction ignores this important principle of law.

Accordingly, Polo respectfully proposes that the proper instruction for the jury, in light of the applicable law regarding off-the-clock time, is the instruction submitted by Polo.

6

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 3**

**Nonpayment of Overtime Compensation**

Plaintiffs claim Polo owes them overtime pay as required by state law.  To establish this claim, Plaintiffs must prove all the following:

      1.     that some of their hours worked included overtime hours;

      2.     that Plaintiffs were not paid, or were paid less than the overtime rate for, some or all the hours worked; and

      3.     the amount of overtime pay owed.

"Hours worked" means time during which Plaintiffs were subject to Polo's control.

"Overtime hours" means:  (a) all hours worked in excess of eight hours in a workday or forty in a workweek, and (b) all hours worked during the seventh consecutive day of employment during a workweek.

Employers must compensate employees at 1½ times their regular rate of pay for all overtime hours.

If you find Polo did not keep accurate records of all Plaintiffs' hours worked, Plaintiffs may prove their overtime hours worked with reasonable estimates.  In determining the amount of those hours, you may consider Plaintiffs' estimate, and any evidence presented by Polo that Plaintiffs' estimate is unreasonable.

Authority:  CACI 2702, Labor Code §§226, 1173, 1182, 1194, 510(a); IWC Wage Order 7-2001 §3(A)(1)(a) and §2(G); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 582 (2000); Labor Code § 226; *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727-728.

_____

United States District Judge

Given:        _____

Revised:     _____

Modified:    _____

Withdrawn:  _____

SV 346,486,897v1 2-17-10

## Polo's Objections to Plaintiffs Proposed Instruction 3

Defendants object to Plaintiffs Proposed Instruction 3 because it is inconsistent with governing law in multiple respects.

### 1)   Plaintiffs Instruction Omits a Key Element of the Claim

A significant portion of the class is subject to a bonafide commission program and not entitled to overtime. Plaintiffs instruction fails to mention that commissioned sales employees are exempt from overtime.  Polo was not obligated to pay a commission-based sales employee for overtime if the employee's earnings exceeded one and one-half (1 ½) times the minimum wage and if more than half of the employee's compensation represented commissions, as measured during a representative period of time.  This instruction should clarify that the only claim for overtime is from full price employees who did not meet this test. Wage Order 7-2001(3)(D); 29 C.F.R. § 779.417.

### 2)   Plaintiffs Instruction is Overbroad

None of the outlet store employees (who make up the overwhelming majority of the class) have overtime claims; it is undisputed that all were paid overtime when earned.  Polo was not obligated to pay a commission-based sales employee for overtime if the employee's earnings exceeded one and one-half (1 ½) times the minimum wage and if more than half of the employee's compensation represented commissions, as measured during a representative period of time.  This instruction should clarify that the only claim for overtime is from full price employees who did not meet this test. Wage Order 7-2001(3)(D); 29 C.F.R. § 779.417.

### 3)   ""Hours worked" means time during which Plaintiffs were subject to Polo's control"

Polo objects to this instruction because it fails to account for Polo's defense of 'de minimis' time spent for a bag inspection search before an employee leaves the store.  This instruction is further misleading because Polo employees engage in any number of personal activities such as shopping, talking on their phones and chatting with other employees and other activities for which Polo is not obligated to compensate them.  The words "except where de minimis applies" should be added to the end of this sentence.

//

//

SV 346,486,897v1 2-17-10

4)   <u>Plaintiffs must prove overtime hours worked and cannot merely provide "estimates"</u>

Plaintiffs provide no support for their position that they can "prove their overtime hours worked with reasonable estimates".  This instruction requests the jury to find that if "Polo did not keep accurate records of all Plaintiffs' hours worked", then they are entitled to "guess" as to both 1) the extra amount of time worked and 2) whether this extra time was overtime. Damages must not be speculative, and this instruction ask the jury to speculate on two different levels of damages based merely on "estimates".  *Gutierrez v. Wells Fargo & Company*, Case No. C 07-05923 WHA, 2009 U.S. Dist. LEXIS 38143, at *17 (May 5, 2009) ; *Lemon v. Harlem Globetrotters Int'l, Inc.*, 437 F. Supp. 2d 1089, 1103 n.10 (D. Ariz. 2006); *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1125, 1135 (9th Cir. 2002), quoting *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1200 (6th Cir. 1988).

9

**Plaintiffs' Proposed Instruction 4**

**Waiting-Time Penalty for Willful Nonpayment of Wages**

If you decide Plaintiffs have proven Polo did not pay all wages owed to them at the time their employment with Polo ended, Polo may be required to pay them a civil penalty in addition to the wages wrongfully withheld.

To recover a civil penalty, Plaintiffs must prove:

1.      that Polo failed to pay wages due;

2.      that Polo "willfully" failed to pay these wages; and

3.      the amount of the civil penalty.

A civil penalty is required if an employer willfully fails or refuses to pay all wages owed. Any amount of willfully withheld wages requires imposition of a civil penalty.

The term "willfully" means that an employer intentionally failed or refused to pay the wages at issue.  This does not mean that the employer necessarily acted with a deliberate evil purpose to deprive employees of wages, just that it knowingly has not paid the wages owed.  An employer may not avoid a civil penalty for willful nonpayment of wages, however, by claiming it was unaware of the law requiring payment of those wages.

At the same time, an employer does not "willfully" fail or refuse to pay wages due if a "good faith dispute" exists concerning whether the disputed wages were due.  A "good faith dispute" exists where an employer presents a defense that, if successful, would prevent any recovery by the employee.  That a defense ultimately is unsuccessful will not necessarily preclude a finding that a good faith dispute existed.  However, you cannot find a good faith dispute based on a defense that is unreasonable, unsupported by any evidence or presented in bad faith.

The amount of the civil penalty is calculated by multiplying the number of Plaintiffs from whom Polo willfully withheld wages, times those Plaintiffs' average daily wages, times 30.  (An employer that willfully fails to pay wages due when an employee's employment ends owes one day's wage for each day thereafter, up to 30, that the wages are withheld.  Here, it is undisputed that all Plaintiffs ceased their employment with Polo more than 30 days ago.)  Plaintiffs may prove the civil penalties with estimates.

10

Authority:  Lab. Code §203; Cal. Code Regs., tit. 8, § 13520; *Barnhill v. Robert Saunders & Co*., 125 Cal. App. 3d 1, 7-9 (1981); *Mamika v. Barca*, 68 Cal.App.4th 487, 493; *Hale v. Morgan* (1978) 22 Cal.3d 388, 396; DLSE O.L. 1996.11.20, at pp. 2-3 (citing *Hale*, *supra*, to explain willfulness under Labor Code §203); *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727; Cal. Code Reg. § 13520; *Monzon v. Schaefer Ambulance Service, Inc*. (1990) 224 Cal.App.3d 16; *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 688 (1946); <u>*In re Estate of Marcos Human Rights Litig.,* 910 F.Supp 1460, 1464, *aff'd sub nom*, *Hilao vs. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996); *Bell vs. Farmers Insurance Exchange*, 115 Cal.App.4th 715, 749 </u>(2004)<u>;</u> *Reich v. Southern New England Telecommunications Corp.* (2nd Cir 1997) 121 F.3d 58; *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc*., 113 F. Supp. 2d 345 (E.D.N.Y. 2000).

 

_____
United States District Judge

Given: _____

Revised: _____

Modified: _____

Withdrawn: _____

11

1

2                     **Polo's Objections to Plaintiffs Proposed Instruction 4**

3          1)   Plaintiffs Instruction contains the prejudicial and confusing language "deliberate evil

4   purpose"

5          Plaintiffs confusingly state the willful standard as "This does not mean that the employer

6   necessarily acted with a deliberate evil purpose to deprive employees of wages, just that it knowingly

7   has not paid the wages owed."  This instruction confusingly states this standard in the negative rather

8   than plainly stating what jurors do need to find for "willful" violation. Furthermore, the language

9   "deliberate evil purpose" is prejudicial.  For these reasons this instruction is prejudicial, confusing,

10  and unnecessarily verbose.

11         2)   "An employer may  not avoid a civil penalty for willful nonpayment of wages, however,

12  by claiming it was unaware of the law requiring payment of those wages."

13         This statement is inapplicable, unnecessary and prejudicial as Polo is not claiming ignorance

14  of the law as a defense. Furthermore, the case cited by Plaintiff in supporting that "ignorance of the

15  law is not excuse", Hale v. Morgan (1978) 22 Cal.3d 388 involves a landlord tenant dispute over a

16  mobile home, not Labor Code violations.  This instruction is therefore inappropriate in a Labor Code

17  case.

18         3)   "Plaintiffs may prove the civil penalty with estimates"

19         This instruction misstates the law.  *Gutierrez v. Wells Fargo & Company*, Case No. C 07-

20  05923 WHA, 2009 U.S. Dist. LEXIS 38143, at *17 (May 5, 2009) ; *Lemon v. Harlem Globetrotters*

21  *Int'l, Inc*., 437 F. Supp. 2d 1089, 1103 n.10 (D. Ariz. 2006); *In re Hanford Nuclear Reservation*

22  *Litig*., 292 F.3d 1125, 1135 (9th Cir. 2002), quoting *Sterling v. Velsicol Chem. Corp*., 855 F.2d 1188,

23  1200 (6th Cir. 1988).   None of the case cited by Plaintiffs even remotely support this statement; to the

24  contrary, Mamika v. Barca, 68 Cal.App. 4th 487, calls for a precise mathematical calculation of civil

25  penalties using an individuals average daily wages.

26         4)   "You are not required to determine how the total amount of any civil penalties will be

27  divided among the individual plaintiffs affected". This statement is confusing and misleading, and

28  reflects an inaccurate recitation of the relevant law regarding class proof.  A penalty is linked to a

                                                12

specific violation. Its not accurate for the Plaintiffs to suggest that the jury can award grand total of penalties that will later be divided among class members. Each penalty award needs to be linked to a specific violation and a specific plaintiff.

13

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 5**

**Arrears Claim**

Polo compensated sales associates in its retail stores hired during April 18, 2004 through March 25, 2006 pursuant to a "base against commissions" compensation plan. Forty-two (42) of them ("the Arrears Subclass") had $21,163.18 in wages debited pursuant to the plan. Plaintiffs claim this was unlawful and resulted in a failure to pay wages owed.

To prevail on this claim, Plaintiffs must prove that the people whose wages were debited through the arrears compensation plan did not agree to the plan in writing.

Authority:  Labor Code §§221, 224; *Harris v. Investor's Business Daily*, 138 Cal.App.4th 28, 31 (Cal.App. 2006); *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6; *Steinhebel v. Los Angeles Times Communications* (2005); *Koehl v. Verio, Inc.*, 142 Cal. App. 4th 1313, 1331 (Cal. App. 1st Dist. 2006); *Prachasaisoradej v. Ralphs Grocery Company*, 42 Cal. 4th 217, 223 (2007); *Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1119.

_____
United States District Judge

Given:          _____

Revised:        _____

Modified:       _____

Withdrawn:      _____

14

SV 346,486,897v1 2-17-10

## Polo's Objections to Plaintiffs' Proposed Instruction 5

Polo objects to this instruction because it mischaracterizes Polo's Arrears Program and includes conclusory statements that would be misleading to the jurors.

(1)   <u>Plaintiffs Have Mischaracterized the Arrears Program</u>.

Plaintiffs' instruction incorrectly characterizes Polo's Arrears Program as a "base against commissions" plan whereby the employees' wages had been debited.  Rather, under the "draw versus commission" Arrears Program, these employees had not earned net commissions in excess of their "draws" because they had failed to meet a condition precedent, as required by the Arrears Program. Therefore, stating that the employees "had $21,163.18 in wages debited pursuant to the plan" is inaccurate and misleading to the jurors.

(2)   <u>"Wages" is Conclusory</u>.

Plaintiffs' use of the term "wages" throughout the instruction is improper because it pre-supposes that the amount at issue qualifies as wages.  Under "draw versus commissions" programs, like that used in Polo's Arrears Program, the "draw" paid to employees is tied directly to the expected commissions for a period, similar to an "advance" or "guarantee."   Division of Labor Standards Enforcement, Enforcement Policies and Interpretations Manual, 50.6.4 (2002).  As the *Steinhebel v. Los Angeles Times Communications, L.L.C.*, 126 Cal. App. 4th 696 (2005) court noted: "The essence of an advance is that at the time of payment the employer cannot determine whether the commission will eventually be earned because a condition to the employee's right to the commission has yet to occur or its occurrence as yet is otherwise unascertainable.  An *advance,* therefore, by definition is not a *wage* because all conditions for performance have not been satisfied."  *Id.* at 705.  Thus, a question of fact for the jurors will be whether the amount at issue here arose out of the reconciliation of advances against commissions earned, and did not qualify as wages under the Labor Code.

(3)   <u>"To prevail on this claim, Plaintiffs must prove that the people whose wages were debited through the arrears compensation plan did not agree to the plan in writing."</u>

This statement is also improper as it inserts Plaintiffs' conclusion that the amount at issue here qualifies as "wages," into the requirements of Labor Code § 224.  This instruction is, therefore, misleading to the jurors.

15

**Plaintiffs' Proposed Instruction 6**

**Record-Keeping Penalties**

Plaintiffs claim Polo owes civil penalties for knowingly and intentionally failing to furnish accurate pay records.  To establish this claim, Plaintiffs must prove all the following:

    1.  Polo failed to furnish pay records accurately showing all hours Plaintiffs were subject to its control;

    2.  Polo knowingly and intentionally failed to furnish such accurate records; and

    3.  such failure resulted in Plaintiffs receiving less wages than Polo owed them.

For each Plaintiff who received less wages than Polo owed them due to Polo's knowing and intentional failure to furnish accurate pay records, Polo is required to pay civil penalties in the amount of the greater of the wrongfully withheld wage or fifty dollars ($50) for the initial pay period in which a violation occurs, and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding a total penalty of four thousand dollars ($4,000) per employee.

If Polo failed to maintain accurate pay records, Plaintiffs may prove the amount of these record-keeping penalties with estimates.

Authority:  Labor Code §226(a) & (d); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251 (1946); *Monzon v. Schaefer Ambulance Service, Inc.* (1990) 224 Cal.App.3d 16; *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727. *Dove v. Coupe*, 759 F.2d 167, 173-175 (D.C. Cir. 1985).

                _____

                United States District Judge

Given:   _____

Revised:  _____

Modified:  _____

Withdrawn: _____

16

SV 346,486,897v1 2-17-10

## Polo's Objections to Plaintiffs' Proposed Instruction 6

Polo objects to this instruction on the basis that it an incomplete and inaccurate statement of the law.

(1)  "Polo failed to furnish pay records accurately showing all hours Plaintiffs were subject to its control."

This statement improperly inserts the concept of "control" into the requirements of California Labor Code § 226 without (a) including the *de minimis* standard and (b) providing guidance on what "control" means.  These deficiencies, also noted in Polo's Objections to Plaintiffs' Proposed Instruction 1 and 2, are critical as they would improperly instruct jurors on the law governing record-keeping penalties.

(2)   "If Polo failed to maintain accurate pay records, Plaintiffs may prove the amount of these record-keeping penalties with estimates."

This statement is inaccurate because it suggests that Plaintiffs may use speculative estimates of the penalty amount.  As discussed in detail in Polo's Objection to Plaintiffs' Proposed Instruction 2, the cases cited by Plaintiffs do not allow Plaintiffs to provide a self-serving estimate of the penalties, even if Plaintiffs can show that Polo's records are inaccurate.  Instead, Plaintiffs may present evidence of time worked, then Polo may come forward with evidence to rebut Plaintiffs' evidence.  Plaintiffs' proposed jury instruction ignores this important principle of law.

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 7**

**Penalty For Failure To Pay Overtime Wages**

If you find Polo failed to pay overtime wages, then Polo must pay the following penalties:

1.      for the initial violation, $50 for each underpaid Plaintiff for each pay period for which the Plaintiff was underpaid, plus an amount sufficient to recover underpaid wages; and

2.      for each subsequent violation, $100 for each underpaid Plaintiff for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

These penalties are in addition to any other civil penalty provided by law.

Authority:  Labor Code §558(a).

_____
United States District Judge

Given:          _____

Revised:        _____

Modified:       _____

Withdrawn:      _____

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS OBJECTIONS
CASE NO. C07-02780 SI

*SV 346,486,897v1 2-17-10*

## **Polo's Objections To Plaintiff's Proposed Instruction 7**

1) There is no private right of action for penalties under Labor Code § 558.

Plaintiffs are not eligible for the penalties set forth in Instruction 4, which can only be ordered by the Labor Commissioner. "Labor Code § 558(a) establish[es] no private right of action." Jones v. Gregory (1996) 137 Cal. App. 4th 798. Plaintiffs therefore cannot recover penalties under this section. In addition, Plaintiffs seek these penalties in addition to the 30 day waiting time penalties, and are therefore requesting impermissible double recovery of penalties.

2) Plaintiffs' Complaint brings no claims under Labor Code § 558

Labor Code § 558 does not appear in Plaintiffs complaint, has not been mentioned throughout the course of this case, and simply doesn't apply because there is not private right of action under this claim. Had these claims been set forth in Plaintiffs complaint, Polo would have demurred on these grounds. Plaintiffs cannot ambush Polo with improper claims for the first time in a jury instruction.

19

**Plaintiffs' Proposed Instruction 8**

**Fraud – Essential Elements**

Plaintiffs claim Polo made a false representation that harmed certain of them who worked as full-price store sales associates ("the Misclassification Subclass").  To prevail on this claim, Plaintiffs must prove all of the following:

1.   that Polo represented to the Misclassification Subclass that an important fact was true;

2.   that Polo's representation was false;

3.   that Polo:  (a) knew that the representation was false when it made it, or (b) made the representation recklessly and without regard for its truth;

4.   that Polo intended that members of the Misclassification Subclass rely on the representation;

5.   that Misclassification Subclass members reasonably relied on Polo's representation;

6.   that Misclassification Subclass members were harmed; and

7.   that Misclassification Subclass members' reliance on Polo's representation was a substantial factor in causing their harm.

False representations made recklessly and without regard for their truth in order to induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered.

Authority:   CACI 1902; *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 973–974; *Yellow Creek Logging Corp. v. Dare* (1963) 216 Cal. App. 2d 50, 55

_____
United States District Judge

Given:          _____

Revised:       _____

Modified:     _____

Withdrawn:  _____

19

SV 346,486,897v1 2-17-10

### Polo's Objections To Plaintiffs' Proposed Instruction 8

This instruction is not case specific.  It fails to provide sufficient particular alleged facts upon which the jury can provide a finding of fraud or intentional misrepresentation.  Plaintiffs are claiming that Polo misrepresented to the misclassification subclass that an annual overtime reconciliation would be done, however this instruction fails to specify that specific representation. The instruction fails to specify in element 1 what the "important fact" was; in element 2 what "Polo's representation" was; and it fails to adequately include a discrete instruction requiring that Polo had knowledge of falsity or scienter.   The instruction fails to adequately allow the jury to distinguish between intentional and negligent misrepresentation in the context of the facts.

CACI 1900, not 1902, provides the relevant framework for this instruction.  There is no need to give   plaintiffs' additional modification to this instruction by their last sentence: "False representations made recklessly and without regard for their truth in order induce action by another are the equivalent of misrepresentations knowingly and intentionally uttered."   That additional sentence is prejudicial and cumulative. The included phrase "are the equivalent of" is also misleading and suggestive, and that last sentence is unnecessary.  It adds nothing to the instruction and will needlessly confuse the jury. It is also a generalized statement that conflicts with the specific instruction in CACI 1900 in that it does not specify what kind of "representations" or "action" needs to be induced in order to have a reckless statement rise to the level of intentional misrepresentations. This vague and misplaced sentence could lead the jury to not follow the more applicable first 7 sentences of the instruction.

In this employment class action, an additional instruction should also be given to help the jury understand what "reasonable reliance" is.  Polo requests an instruction that reasonable reliance exists if a misrepresentation is an immediate cause of plaintiffs' conduct, which altered their legal relations and when absent such representation he or she would not in all reasonable probability have entered into the contract or other transaction. This instruction would also provide explanation for what a "substantial factor" in harm is. *Engalla v Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 976-7; *Williams v Wraxall* (1995) 33 Cal. App. 4th 120, 132.

20

**Plaintiffs' Proposed Instruction 9**

**Fraud – Reliance**

Misclassification Subclass members relied on Polo's representation that it would perform annual evaluations to ensure they were being paid as required by law if that representation caused them to accept employment at Polo or to remain employed by Polo, and if they would probably not have done so had they known Polo actually would not perform those annual evaluations.

It is not necessary for Polo's misrepresentation to be the only reason for Misclassification Subclass members to accept employment at Polo or to remain employed by Polo.  It is enough if the misrepresentation of actual facts substantially influenced   Misclassification   Subclass   members, even if it was not the only reason for their conduct.

Authority:  CACI 1907; *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 977; *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 814 n. 9

_____

United States District Judge

Given:                    _____

Revised:                  _____

Modified:                 _____

Withdrawn:                _____

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

### Polo's Objections To Plaintiffs' Proposed Instruction 9

CACI 1905 (Definition of Important Fact/Promise) also needs to be read in conjunction with fraud instructions ("A fact/promise is important if it would influence a reasonable person's judgment or conduct. A fact/promise is also important if the person who represents/makes it knows that the person to whom the representation/promise is made is likely to be influenced by it even if a reasonable person would not."). Plaintiffs must show that the misrepresentation was "material" and that it induced each plaintiff to alter his or her position to a detriment. Charpentier v. Los Angeles Rams (1999) 74 Cal.App.4th 301, 312-313; Okun v. Morton (1988) 203 Cal.App.3d 805, 828.

Plaintiffs' modifications to CACI 1907 are misleading and prejudicial. The first sentence is misleading in the phrase "relied on Polo's representation that it would perform annual evaluations to ensure that they were being paid as required by law" in that "evaluations" is vague and inaccurate to the facts (the representation, if it existed, was to perform "reconciliations"). That first sentence is also prejudicial in the "as required by law" terminology, as it is inflammatory. A more apt neutral phrase would be "that they were being paid for all overtime owed". The phrase "or to remain employed by Polo" is overly broad and cannot be the basis for fraud -- the alleged representation needs to have induced plaintiffs' conduct. *Alliance Mortgage Co. v Rothwell* (1995) 10 Cal.4th 1226, 1239 [the misrepresentation must be "an immediate cause of the plaintiff's conduct which altered his legal relations"]. Merely vaguely "remaining employed" after a misrepresentation allegedly caused plaintiffs to enter into an employment relationship is not conduct which creates reliance and which leads to actionable fraud for a misrepresentation.

For similar reasons, the last part of the first sentence is also incorrect. The phrase "had they known Polo actually would not perform those annual evaluations" is overly suggestive and assumes that Polo did not properly perform annual "evaluations". The term "evaluations" is inapplicable. The correct phrase is "reconciliation". The test should be whether plaintiffs would have accepted employment without a representation that Polo "intended to perform overtime reconciliation annually". This instruction is inaccurate and will lead to highly speculative findings.

The second paragraph contains similarly inaccurate and misleading terms. The phrase "or to remain employed by Polo" should be stricken. The third sentence does not specify what the

22

SV 346,486,897v1 2-17-10

misrepresentation was and the phrase "misrepresentation of actual facts" is overly broad and vague, as is the phrase "substantially influenced Misclassification Subclass members".   The second paragraph should be more case specific and should include an instruction that "it is not enough if the representation that Polo intended to do annual overtime reconciliations substantially influenced the plaintiffs choice to accept employment, even if it was not the sole cause of the plaintiffs' choice." *Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 170.

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 10**

**Fraud – Inference Of Reasonable Reliance**

If you find Polo misrepresented an important fact to Misclassification Subclass members, you may infer they reasonably relied on Polo's misrepresentation.

Authority:  CACI  1908; *Vasquez v. Superior Court* (1971) 4 Cal.3d 800, 814 n. 9; *Wilner v. Sunset Life Insurance Co.* (2000) 78 Cal.App.4th 952, 963; *Occidental Land, Inc. v. Superior Court*, 18 Cal. 3d 355, 362–63 (1976).

_____
United States District Judge

Given:          _____

Revised:        _____

Modified:       _____

Withdrawn:      _____

24

SV 346,486,897v1 2-17-10

**Polo's Objections To Plaintiffs' Proposed Instruction 10**

This instruction is a misstatement of the law. One cannot infer reasonable reliance simply because a misrepresented fact may have been "important". The instruction is also duplicative of what is included in other instructions (concerning important facts and reasonable reliance) and is prejudicial and misleading. CACI 1908, as cited by plaintiffs, concerns "Reasonable Reliance" and states that "You must determine the reasonableness of plaintiffs reliance by taking into account his or her mental capacity, knowledge and experience".

A more appropriate instruction would be that "You must determine whether each plaintiff was justified in believing the important representation in light of his or her own knowledge and experience. The test of the representation is its actual effect of the particular mind." Gray v Don Miller & Associates, Inc. (1984) 35 Cal.3d 498, 503; Blankenheim v. E.F. Hutton, Co., Inc. (1990) 217 Cal.App.3d 1463, 1475.

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 11**

**Punitive Damages For Fraud**

If you find for the Plaintiffs on their fraud claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Polo's conduct that harmed the Plaintiffs was malicious, oppressive or in reckless disregard of the Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiffs. Conduct is in reckless disregard of the Plaintiffs' rights if, under the circumstances, it reflects complete indifference to the Plaintiffs' rights, or if Polo acted in the face of a perceived risk that its conduct would violate the Plaintiffs' rights under the law. An act or omission is oppressive if Polo injured or damaged or otherwise violated the Plaintiffs' rights with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Polo's conduct, including whether the conduct that harmed the Plaintiffs was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish Polo for harm to anyone other than Plaintiffs in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiffs.

SV 346,486,897v1 2-17-10

1

2                                          _____

3                                          United States District Judge

4    Given:              _____

5    Revised:            _____

6    Modified:           _____

7    Withdrawn:          _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

*SV 346,486,897v1 2-17-10*

**Polo's Objections To Plaintiffs' Proposed Instruction 11**

This instruction also necessitates a "Clear and Convincing" evidentiary instruction, which Plaintiffs have refused to allow.  (Polo has thus submitted a Clear and Convincing instruction separately).  This instruction also requires an instruction as to an appropriate ratio of compensatory to punitive dollars, as Polo included in its separate Punitive Damages instruction. *Exxon Shipping Company v Baker* _US   , 128 S.Ct. 2605 (2008); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

Polo's punitive instruction is more specific to this class action. Polo's slightly modified 9th Circuit Model 5.5 instruction similarly includes a reference to the fraud claim at the beginning but also spells out the jury's ability to award (at the end) an appropriate ratio of damages for each plaintiff and defendant. It is more well tailored and more applicable.

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 12**

**Overtime Exemption**

Polo was not obligated to pay a sales employee for overtime if the employee's earnings exceeded one and one-half (1½) times the minimum wage and if more than half of the employee's compensation represented commissions.

In determining whether overtime wages are owed under a commission sales program, a representative period for reconciliation of wages and commissions is a period between one month and one year that typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation.

Authority:  Wage Order 7-2001(3)(D); 29 C.F.R. §779.417.

_____
United States District Judge

Given:            _____

Revised:          _____

Modified:         _____

Withdrawn:        _____

29

SV 346,486,897v1 2-17-10

1

2

### Polo's Objections To Plaintiffs' Proposed Instruction 12

3

4

Polo objects to Plaintiffs' Proposed Instruction 12 on the basis that Plaintiffs have not tailored this instruction to the particular facts of this Action.  In this Action, Polo properly used a representative period of one year in determining whether overtime wages are owed under Polo's commission sales program.

5

6

7

Polo respectfully submits that, after the Court hears the evidence presented by Polo regarding the reasons that Polo used a representative period of one year, the Court will find that in this Action, a representative period of one year typifies the total characteristics of a Polo employee's earning pattern with respect to the fluctuations of the proportion of each Polo employee's commission earnings to his/her total compensation.

8

9

10

11

12

For those reasons, Polo respectfully submits that Polo's instruction on the Overtime Exemption should be used instead of Plaintiff's instruction.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

## **Plaintiffs' Proposed Instruction 13**

### **Failure to Explain or Deny Evidence**

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

Authority:  CACI:  205

_____
United States District Judge

Given:             _____

Revised:           _____

Modified:          _____

Withdrawn:         _____

SV 346,486,897v1 2-17-10

**Polo's Objections To Plaintiffs' Proposed Instruction 13**

This instruction is not from the Federal Rules of Evidence nor the 9th Circuit Model Rules. Federal rules of evidence govern this case and this instruction would be particularly confusing and misleading to the jury. CACI 205 relates to California Evidence Code section 413 which allows inferences to be drawn from unexplained evidence against a party.   No such particular federal rule exists.  Further, CACI 205 is to be used "only if there is a failure to deny or explain a fact that is material to the case". (CACI 205 Comments).  This instruction is inapplicable to this action. It is overbroad and will do more harm than good.

32

**Plaintiffs' Proposed Instruction 14**

**Statements of a Party Opponent**

A party may offer into evidence any oral or written statement made outside the courtroom by: (a) an opposing party or (b) a party's employee if the statement concerned a matter within the scope of the employment. When you evaluate evidence of such a statement, you must consider these questions:

1.    Do you believe that the party actually made the statement? (If you do not believe that the party made the statement, you may not consider the statement at all.)

2.    If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

<u>Authority</u>: CACI 212; FRE 801(d).


_____
United States District Judge

Given:            _____

Revised:          _____

Modified:         _____

Withdrawn:        _____

33

SV 346,486,897v1 2-17-10

### <u>Polo's Objections To Plaintiffs' Proposed Instruction 14</u>

This is not what CACI 212 states.  This instruction has been modified and is an incorrect statement of the law.  The proponent of an authorized admission or an agent admission under FRE 801(d)(2)(C) and FRE 801(d)(2)(D) bears the burden to establish an appropriate foundation. One part of that foundation for authorized admissions or vicarious admissions is that the declarant be shown to have been authorized by his or her principal to make the statement on the principal's behalf.

The phrase "or a party's employee if the statement concerned a matter within the scope of the employment" is not included in the CACI instruction.  As framed, it is overly broad and vague. "Within the scope of the employment" could mean any number of facts or statements not relevant to this action and is undefined and may lead to prejudicial speculation.  It is not clear what the first sentence means and it will thus needlessly confuse the jury.

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 15**

**Conflicting Expert Testimony**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

<u>Authority</u>: CACI 221

_____
United States District Judge

Given:         _____

Revised:       _____

Modified:      _____

Withdrawn:     _____

35

**Polo's Objections To Plaintiffs' Proposed Instruction 15**

Polo objects to Plaintiffs' Proposed Instruction 15 on the basis that Plaintiffs have not tailored this instruction to the particular facts of this Action. Jury instructions are intended to state the law and cover the issues in the case. *Clem v. Lomeli*, 566 F.3d 1177, 1180-1181 (9th Cir. Cal. 2009) quoting *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) ("[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.")

Plaintiffs' jury instruction lacks the detail necessary to properly inform the jury how to weigh expert opinions in the context of the jury's responsibilities as trier of fact. Polo's jury instruction is much more comprehensive, detailed, and tailored to the specific facts of this Action.

For those reasons, Polo respectfully submits that Polo's instruction on Expert Witness Testimony should be used instead of Plaintiff's instruction.

SV 346,486,897v1 2-17-10

**Plaintiffs' Proposed Instruction 16**

**Nonpayment of Overtime Compensation**

**Premium Payments On Sales Commissions**

Plaintiffs claim Polo failed to pay overtime premiums on sales commissions earned by employees in Polo's Burlingame store who were paid under a "base plus commission" wage program ("the Burlingame Plaintiffs").   Under Polo's "base plus commission" wage program, it paid the Burlingame Plaintiffs an hourly wage plus commissions on the sale of merchandise.

To establish this claim, Plaintiffs must prove all the following:

    1.    that some of the Burlingame Plaintiffs' hours worked included overtime hours;

    2.    that the Burlingame Plaintiffs were not paid overtime premiums on commissions earned during days or weeks in which their hours worked included overtime hours; and

    3.    the amount of overtime pay owed.

Authority:  DLSE O.L. 1988.06.15.

_____
United States District Judge

Given:           _____

Revised:        _____

Modified:      _____

Withdrawn:    _____

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

**Polo's Objections To Plaintiff's Proposed Instruction 16**

1) <u>All Burlingame Employees are paid overtime</u>

This instruction is confusing and misleading to the jury.  Any Burlingame employee who worked pursuant to the "base plus commission" compensation plan was paid overtime for overtime-eligible hours; what Plaintiff is seeking is an instruction on "effective" hourly rate for overtime that pays employees a commission-based premium on top of the overtime pay that they are already receiving.  There is no law to support this interpretation of overtime requirements for "base plus commission" since Labor Commission opinion letters are not admissible.

2) <u>Labor Commission Opinions are neither law nor precedent and this instruction should be stricken in its entirety</u>.

References to prior Labor Commission (DLSE) decisions and/or opinions carry a significant risk of confusing the jury and creating prejudice.  Such documents are not precedential, and each is based on an individual claimants particular set of facts.  Labor Commissioner opinion letters are entitled to no legal weight in a trial court. *Nordquist v. McGraw-Hill Broadcasting Co* (1995) 32 Cal.App. 4th 555, 561; *Cardenas v. Mission Industries* (1991) 226 Cal.App. 3d 952, 960; *Hernandez v. Mendoza* (1988) 199 Cal.App. 3d 721, 725; *Pressler v. Donald L. Bren Co.* (1982) 32 Cal. App. 3d 831, 835-836; *Sales Dimensions v. Superior Court* (1979) 90 Cal.App. 3d 757, 762-763.

There have been no DLSE findings made as Polo that relate to the claims of the class. DLSE opinions should be excluded as inflammatory and  prejudicial. Under Evidence Code 352, references thereto should not be permitted and this jury instruction should be stricken in its entirety.

PLAINTIFFS' SEPARATE JURY INSTRUCTIONS W/
DEFENDANTS' OBJECTIONS
CASE NO. C07-02780 SI

SV 346,486,897v1 2-17-10

1

**1.3 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

3      When a party has the burden of proof on any claim or affirmative defense by a preponderance

4  of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense

5  is more probably true than not true.

6      You should base your decision on all of the evidence, regardless of which party presented

7

8

9

10                                    _____
                                      UNITED STATES DISTRICT JUDGE

11

GIVEN:            _____

12
REVISED:          _____

13
MODIFIED:         _____

14
WITHDRAWN:        _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SV 346,486,897v1 2-17-10

## Polo's Objections To Plaintiff's Proposed Instruction 1.3

This instruction is too narrow and insufficient for a class action based on state claims. The last sentence is incomplete. The instruction as written does not address elements within the class claims or defenses. Polo's separate instruction on Burden of Proof (Modified) is more appropriate because it provides greater guidance to the jury and because it is more applicable to the class action issues.