1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   ANN OTSUKA, an individual and on behalf      Case No.   C07-02780 SI
     of all others similarly situated; JANIS
12   KEEFE, an individual; CORINNE PHIPPS,        **DEFENDANTS' PROPOSED SEPARATE**
     and individual; JUSTIN KISER, an            **JURY INSTRUCTIONS WITH PLAINTIFFS'**
13   individual; and RENEE DAVIS,                **OBJECTIONS**

14          Plaintiffs,                           Dept.:     Courtroom 10, 19th Floor
     v.                                           Judge:     Hon. Susan Illston
15
     POLO RALPH LAUREN CORPORATION;               Trial Date:  March 8, 2010
16   POLO RETAIL, LLC; POLO RALPH
     LAUREN CORPORATION, DOING
17   BUSINESS IN CALIFORNIA AS POLO
     RETAIL CORPORATION; AND
18   FASHIONS OUTLET OF AMERICA, INC.,

19          Defendants.

20

21

22

23

24

25

26

27

28
                                          1

1    Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendants, Polo Ralph Lauren

2    Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo

3    Retail Corporation; and Fashions Outlet of America, Inc. (collectively, "Polo"), respectfully request

4    the Court to include in its charge to the jury the following proposed instructions.  Polo also requests

5    that the proposed instructions which are attached hereto be given along with such additional

6    instructions as may be submitted during additional trial preparation and the trial.

7        In submitting these proposed instructions, Polo reserves its right to contend that certain issues

8    have been determined or are determinable as a matter of law.  No waiver of such right is intended or

9    implied by the submission of jury instructions on any such issue.

10

11   Dated: February 17, 2010                    GREENBERG TRAURIG, LLP

12

13                                               By:   /s/ xxx
                                                        William J. Goines
14                                                      Jeremy A. Meier
                                                        Karen Rosenthal
15                                                      Cindy Hamilton

16                                               Attorneys for Defendants Polo Ralph Lauren
                                                 Corporation; Polo Retail, LLC; Polo Ralph
17                                               Lauren Corporation, doing business in California
                                                 as Polo Retail Corporation; and Fashions Outlet
18                                               of America, Inc.

19

20

21

22

23

24

25

26

27

28

**Polo's Separate Instruction 1**

**Nonpayment Of Wages For Off-The-Clock Time**
**Essential Factual Elements**

Plaintiffs claim that Polo owes Plaintiffs unpaid wages for off-the-clock time.  To establish this claim, Plaintiffs must prove all of the following:

      1.      Plaintiffs performed work for Polo while off-the-clock and were not engaged in personal activities at the time.

      2.      Plaintiffs were not compensated for the off-the-clock time.

      3.      The off-the-clock time was not *de minimis* in light of:

          a.   the practical administrative difficulty of Polo recording the additional off-the-clock time;

          b.   the aggregate (total) amount of off-the-clock time; and

          c.   the regularity of the additional work; i.e., the frequency of off-the-clock work.

      4.      Plaintiffs must prove the amount of unpaid wages for each class member.

Authority:  *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008); *Gutierrez v. Wells Fargo & Company*, Case No. C 07-05923 WHA, 2009 U.S. Dist. LEXIS 38143, at *17 (May 5, 2009) ; *Lemon v. Harlem Globetrotters Int'l, Inc.*, 437 F. Supp. 2d 1089, 1103 n.10 (D. Ariz. 2006); *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1125, 1135 (9th Cir. 2002), quoting *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1200 (6th Cir. 1988).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:      _____

REVISED:     _____

MODIFIED:    _____

WITHDRAWN:   _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Plaintiff's Objections To Polo's Separate Instruction 1

Plaintiffs object to Polo's Separate Instruction 1 because it is inconsistent with governing law in multiple respects.

1.      *"Plaintiffs must prove…they were not engaged in personal activities at the time."*

This aspect of Polo's proposed instruction is improper because Class members "performed work" for Polo if they were "subject to [its] control" during the "clock out to walk out" period regardless of whether they engaged in "personal activities" during that time.  IWC Wage Order 7-2001, §2(G) ("Hours worked" means "the time during which an employee is subject to the control of an employer…."); *Morillion v. Royal Packing Co.*, 22 Cal. 4th 575, 592-94 (2000) (workers eating and reading performing compensable "work" due to employer's control; *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009) (class members' time spent using break rooms, restrooms and vending machines, and socializing after clocking out but before entering a security line constitutes compensable time *as a matter of law*).

In sum, "control" is dispositive; whether Class members engaged in any "personal activities" while subject to Polo's control (e.g., while waiting for a manager to complete her closing duties and come to a door and perform an inspection) is irrelevant.  *Morillion*, *supra*, at 592-94; *Cervantez*, supra, at 1216-18; *cf. Kasten v. Saint-Gobain Performance Plastics Corp*., 556 F.Supp.2d 941 (W.D.Wis. 06/02/2008) (the solution to alleged dallying is "not to violate the FLSA," but instead to limit the dallying).

2.      *"Plaintiffs must prove…[t]he off-the-clock time was not de minimis…"*

This aspect of Polo's instruction is improper firstly because, as discussed at length in the Joint Pretrial Statement, the federal law *de minimis* defense is limited to FLSA claims, and thus is inapplicable to Plaintiffs' state law claims here.  *See Morillion*, *supra*, at 594 ("[F]ederal law does not control unless it is more beneficial to employees than the state law."); CACI 2700 (not including the *de minimis* defense as an element of a claim for nonpayment of wages).

Indeed, even in the FLSA context, at least one district court has questioned the ongoing viability of the *de minimis* defense, which was developed in light of the industrial realities of 1940's

1   technology, in light of today's technology. *Kasten v. Saint-Gobain Performance Plastics Corp*.; *see*

2   *also id.* ("Allowing an employer not to pay an employee merely because the amount of time worked

3   is de minimis conflicts directly with [the FLSA's core purpose…to insure that employers pay their

4   employees for all hours worked.") Second, as Polo recognizes, the "federal *de minimis* standard is

5   an…affirmative defense."   Jt. Pretrial Statement, §III(A)(1)(a).   Requiring Plaintiffs to disprove

6   Polo's affirmative defense's application thus would constitute an improper shifting of the burden of

7   proof. *See Rutti v. Lojack Corp., Inc*., 578 F.3d 1084, 1095 n.11 (2009).

8        Third, Plaintiffs submit that, even if the defense were legally permissible in this context, its

9   factual inapplicability should be determined as a matter of law. *See Cervantez*, *supra*, at 1216-18

10   (defense inapplicable as a matter of law in essentially identical circumstances).

11       3.     <u>*"Plaintiffs must prove the amount of unpaid wages for each class member."*</u>

12        Plaintiffs need not present an individualized analysis with respect to each class member

13   because their damages can be illustrated collectively.   This is particularly appropriate in cases in

14   which, as here, an employer has failed to maintain accurate records. *Anderson v. Mt. Clemens*

15   *Pottery Co*. (1946) 328 U.S. 680; *Monzon v. Schaefer Ambulance Service, Inc.* (1990) 224

16   Cal.App.3d 16; *Bigelow v. RKO Radio Pictures*, 327 U.S. 251 (1946); *In re Estate of Marcos Human*

17   *Rights Litig.,* 910 F.Supp 1460, 1464, *aff'd sub nom, Hilao vs. Estate of Marcos*, 103 F.3d 767 (9th

18   Cir. 1996); *Bell vs. Farmers Insurance Exchange*, 115 Cal.App.4th 715, 749 (2004); *Reich v.*

19   *Southern New England Telecommunications Corp.* (2nd Cir 1997) 121 F.3d 58; *Blue Cross & Blue*

20   *Shield, Inc. v. Philip Morris, Inc*., 113 F. Supp. 2d 345 (E.D.N.Y. 2000).

21

22

23

24

25

26

27

28

5

**Polo's Separate Instruction 2**

**Nonpayment Of Wages For Off-The-Clock Time**
***De Minimis* Time**

Polo is not required to record insubstantial or insignificant periods of time beyond scheduled working hours when:

1. The period of time cannot, as a practical administrative matter, be precisely recorded for payroll purposes;

2. The period of time is uncertain and indefinite;

3. The period of time is a few seconds or minutes; and

4. The failure to count such period of time is due to considerations justified by industrial realities.

Authority:  Division of Labor Standards Enforcement, Enforcement Policies and Interpretations Manual, Section 47.2.1; *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:              _____

REVISED:           _____

MODIFIED:          _____

WITHDRAWN:         _____

6

1

**Plaintiffs' Objections To Polo's Separate Instruction 2**

2      Plaintiffs object to Polo's Separate Instruction 2 because it is prejudicial and inconsistent

3  with governing law in multiple respects.

4      First, the federal *de minimis* defense does not apply to Plaintiffs' state law claims, as

5  discussed above and in detail in the Joint Pretrial Statement.   *Lindow*, on which Polo relies as

6  ostensible support for its instruction, applied the defense only to FLSA claims (to which context the

7  defense is appropriately limited.  *See*, *e.g.*, *Morillion v. Royal Packing Co*. (2000) 22 Cal.4[th] 575.

8  The DLSE Manual, on which Polo also relies, is void and entitled to "no weight."  *Tidewater Marine*

9  *Western, Inc. v. Bradshaw* (1996) 14 Cal.4[th] 557, 569-572; *Morillion v. Royal Packing Co*. (2000) 22

10  Cal.4[th] 575, 581-82 (DLSE manual "**should be given no deference**").

11      Second, Polo's proposed instruction is an incomplete (and thus misleading) reiteration of a

12  legally void excerpt from the DLSE Manual.  Specifically, it omits the critical next sentence from

13  the Manual which states, "An employer may not rely on this policy to arbitrarily fail to count as hours

14  worked any part, however small…."  DLSE Manual 47.2.1.1.  It thus inaccurately reflects governing law.

15  *See Rutti v. Lojack Corp., Inc*., 578 F.3d 1084 (9th Cir. 2009), quoting *Lindow v. United States*, 738

16  F.2d 1057, 1062-63 (9th Cir. 1984); (Employers "must compensate employees for even small

17  amounts of daily time unless that time is so minuscule that it cannot, as an administrative matter, be

18  recorded for payroll purposes.")

19      Third, even if the *de minimis* defense were *legally* applicable to state law claims (which it is

20  not) it still would be factually inapplicable as a matter of law because:   (1) the time at issue

21  indisputably occurred regularly, (2) it indisputably was easily recorded (e.g., by having employees

22  clock out after loss prevention inspections were completed), and (3) the aggregate amount of time at

23  issue was thousand of hours.  *See Lindow*, *supra*, at 1062-63 (courts must "consider the size of the

24  aggregate claim" and assess the *de minimis* defense in light of "the total sum or claim involved in the

25  litigation"); *see also Reich v. Monfort*, *Inc.*, 144 F.3d 1329 (10th Cir. 1998) (*de minimis* exception

26  assessed in light of "aggregate based on the total number of workers").  In short, no reasonable juror

27  could conclude that the time at issue constitutes the variety of "split-second absurdities," that

28

7

1  warrant the defense's application.  *See Anderson v. Mt. Clemens Pottery Co.* (1946) 328 U.S. 680,

2  692; *Lindow*, 738 F.2d at 1062.

8

**Polo's Separate Instruction 3**

**<u>Waiting-Time Penalty for Nonpayment of Wages (California Labor Code §§ 203)</u>**
**<u>Essential Factual Elements</u>**

If you decide that Plaintiffs have proved their claim against Polo for unpaid wages, then Plaintiffs may be entitled to receive an award of a civil penalty based on the number of days Polo failed to pay their wages when due, for a period up to 30 days.

To recover the civil penalty, Plaintiffs must prove all of the following:

1.      The date on which Plaintiffs' employment ended;

2.      That Polo failed to pay all wages due upon termination;

3.      Plaintiffs' daily wage rate at the time their employment with Polo ended; and

4.      That Polo willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

The term "willfully" means that the employer intentionally failed or refused to pay the wages and that there was no "good faith dispute" as to whether wages were due to the Plaintiffs.

A "good faith dispute" exists where an employer presents a defense based in law or fact that would, if successful, preclude any recovery by the employee.  The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute existed.

Where a "good faith dispute" exists, such as a dispute over whether *de minimis* time should be included in work hours, an employer has not "willfully" failed to pay wages.

Only if you decide that Polo presented defenses to Plaintiffs' wage claim that, under all of the circumstances, were unsupported by any evidence, were unreasonable, or were not presented in good faith, may you award Plaintiffs a penalty for failure to pay all wages due upon termination.

<u>Authority:</u>  Cal. Lab. Code § 203; Cal. Code Regs., tit. 8, § 13520; *Campbell v. PricewaterhouseCoopers, LLP*, 602 F. Supp. 2d 1163, 1185 (E.D. Cal. 2009); *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Services, Inc.*, No. 05cv1199-IEG-CAB, 2009 WL 2448430, at *7 (S.D. Cal. August 10, 2009); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1202 (2008); *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7-9 (1981); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008).

9

1

_____

UNITED STATES DISTRICT JUDGE

2

3     GIVEN:                _____

4     REVISED:              _____

5     MODIFIED:             _____

6     WITHDRAWN:            _____

7              **<u>Plaintiffs' Objections To Polo's Separate Instruction 3</u>**

8          Plaintiffs object to Polo's Separate Instruction 3 because it is unnecessarily confusing, biased

9     and unworkable in the class action context.

10         First, Polo's proposed requirements that Plaintiffs must prove, as to each of the roughly

11    6,000 Class members on an <u>individualized</u> basis: "*the date on which [their] employment ended,*" and

12    the "*daily wage rate*" of each at the time of their employment ceased are unnecessary, prejudicial

13    and unworkable in the large class action context.   Such inquiries are appropriately addressed

14    <u>collectively</u> through the parties' experts' testimony, without subjecting Plaintiffs, the jury, the Court

15    and Polo to the extremely burdensome and time-consuming task of showing the jury 6,000

16    individual Class member's dates of termination and effective daily wage rates.   *In re Estate of*

17    *Marcos Human Rights Litig.,* 910 F.Supp 1460, 1464, *aff'd sub nom*, *Hilao vs. Estate of Marcos*,

18    103 F.3d 767 (9th Cir. 1996) (holding "use of aggregate procedures...for the purpose of determining

19    class compensatory damages is proper"); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251 (1946); *Bell*

20    *vs. Farmers Insurance Exchange*, 115 Cal.App.4th 715, 749 (2004) (approving proof of aggregate

21    damages by statistical inference); *Reich v. Southern New England Telecommunications Corp.* (2nd

22    Cir 1997) 121 F.3d 58 (testimony of 2.5% of involved workers adequate basis for an award of back

23    wages to 1500 employees). *Blue Cross & Blue Shield, Inc. v. Philip Morris, Inc*., 113 F. Supp. 2d

24    345 (E.D.N.Y. 2000).

25         Second, Polo's instruction is biased because it repeats the concept that a "good faith dispute"

26    precludes willfulness in two separate paragraph, thereby lending the concept undue and prejudicial

27    emphasis.

28

1    Third, the instruction also is biased because it includes an unnecessarily lengthy and Polo-

2  friendly interpretation of the term "willfully" while omitting law showing why the term is not as

3  favorable to Polo.  *See*, *e.g.*, *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 17

4  ("'Willful' means that the employer intentionally failed or refused to perform an act which was

5  required to be done, not that it did so with a deliberate evil purpose to defraud workmen of wages.");

6  *see Hale v. Morgan* (1978) 22 Cal.3d 388, 396 (ignorance of the law not a valid excuse); DLSE O.L.

7  1996.11.20, at pp. 2-3 (citing *Hale v. Morgan*, *supra*, to explain Labor Code §203 willfullness

8  element); *Hernandez v. Mendoza* (1988) 199 Cal.App.3d 721, 727. ("Although the employee has the

9  burden of proving that he performed work for which he was not compensated, public policy

10  prohibits making that burden an impossible hurdle for the employee."); Labor Code §203 (<u>any</u>

11  amount of willfully unpaid wages however small necessitates 30-day waiting time penalties); Cal.

12  Code Reg. § 13520 ("a good faith dispute that <u>any</u> wages are due will preclude imposition of waiting

13  time penalties under Section 203.")

14    Fourth, the instruction is highly prejudicial and legally inaccurate in its assertion that an

15  employer has not "willfully" failed to pay wages if "*a 'good faith dispute' exists, such as a dispute*

16  *over whether de minimis time should be included in work hours.*"  This is because this aspect of the

17  instruction <u>erroneously presupposes</u> that a dispute about the *de minimis* defense's applicability

18  necessarily constitutes a "good faith dispute."  Moreover, even if Polo had a good faith basis for

19  contending "*de minimis* time should be included in work hours," that would not shield Polo from

20  liability (which would be the effect of its instruction) because Polo also had no good faith basis for

21  contending the thousands of hours at issue actually were *de minimis*.

22    Fifth, the instruction alludes to the factually and legally inapplicable federal *de minimis*

23  defense.

24

25

26

27

28

**Polo's Separate Instruction 4**

**Waiting-Time Penalty for Nonpayment of Wages (California Labor Code §§ 203)**
**Willful Failures**

To find Polo liable for waiting time penalties, you must find that Polo acted willfully in failing to pay all wages due upon termination.

The term "willfully" means that the employer intentionally failed or refused to pay the wages and that there was no "good faith dispute" as to whether wages were due to the Plaintiffs.

A "good faith dispute" exists where an employer presents a defense based in law or fact that would, if successful, preclude any recovery by the employee.  The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute existed.

Where a "good faith dispute" exists, such as a dispute over whether *de minimis* time should be included in work hours, an employer has not "willfully" failed to pay wages.

If you find that Polo's failure to pay all wages due upon termination resulted from a "good faith dispute" regarding whether *de minimis* time should be included in work hours, Polo is not liable for waiting-time penalties.

Off-the-clock time can be considered *de minimis* based on the following factors:

a.   the practical administrative difficulty of Polo recording the additional off-the-clock time;

b.   the aggregate (total) amount of off-the-clock time; and

c.   the regularity of the additional work; i.e., the frequency of off-the-clock work.

Authority:  Cal. Lab. Code § 203; Cal. Code Regs., tit. 8, § 13520; *Campbell v. PricewaterhouseCoopers, LLP*, 602 F. Supp. 2d 1163, 1185 (E.D. Cal. 2009); *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Services, Inc.*, No. 05cv1199-IEG-CAB, 2009 WL 2448430, at *7 (S.D. Cal. August 10, 2009); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1202 (2008); *Barnhill v. Robert Saunders & Co.*, 125 Cal. App. 3d 1, 7-9 (1981); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:          _____

REVISED:        _____

MODIFIED:       _____

WITHDRAWN:      _____

### **Plaintiffs' Objections To Polo's Separate Instruction 4**

Plaintiffs object to Polo's Separate Instruction 4 because the instruction has all the faults of its proposed Special Instructions 1 and 3 (see Plaintiff's Objections thereto), and it exacerbates them by reiterating them, thereby giving undue emphasis to Polo's:  (a) factually and legally untenable defense that it did not act "willfully" because it relied on the *de minimis* defense in good faith, and (b) its legally inaccurate notion that a dispute about the defense's application necessarily is a "good faith" defense, shielding Polo from Labor Code §203 waiting time penalties.

**Polo's Separate Instruction 5**

**Record-Keeping Penalty (California Labor Code § 226)**
**Essential Factual Elements**

Plaintiffs claim that Polo failed to keep accurate pay records.  To establish this claim, Plaintiffs must prove all of the following:

1.      Polo failed to furnish semimonthly or at the time of each payment of wages, an itemized statement in writing showing gross wages earned, total hours worked, all deductions, net wages earned, dates of the period paid, name and social security number of the employee, name and legal address of the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

2.      Polo knowingly and intentionally failed to furnish such itemized statement.

3.      Such failure caused injury to the Plaintiffs.

Where a "good faith dispute" exists, such as a dispute over whether *de minimis* time should be included in work hours, an employer has not "knowingly and intentionally" failed to furnish an accurate pay record.

If you find that Polo's failure to provide accurate pay records resulted from a "good faith dispute" regarding whether *de minimis* time should be included in work hours, Polo is not liable for record-keeping penalties.

Authority:  Cal. Lab. Code § 226; *Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009); *Reber v. AIMCO/Bethesda Holdings, Inc.*, No. SA CV07-0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. 2008); *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 517 (N.D. Cal. 2008); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:            _____

REVISED:         _____

MODIFIED:        _____

WITHDRAWN:    _____

14

**Plaintiffs' Objections To Polo's Separate Instruction 5**

Plaintiffs object to Polo's Separate Instruction 5 because the instruction is legally inaccurate and prejudicial.

Labor Code §226(a) requires "every employer" to furnish employees following each pay period "an accurate itemized statement in writing" showing, among other things (1) "gross wages earned," (2) "total hours worked" and (3) "net wages earned."[1]

Labor Code §226(e), in turn, empowers employees injured by an employer's knowing and intentional failure to comply with <u>any portion of</u> subsection (a) to sue for the greater of all actual damages or statutory penalties.

Polo's proposed instruction to the effect that, to prevail, Plaintiffs must prove Polo knowingly failed to comply with every single aspect of Labor Code §226(a) thus is legally incorrect.

Further, Polo's instruction would erroneously instruct the jury that:  (1) the *de minimis* defense could apply, and (2) by identifying a dispute about the *de minimis* defense's application as an example ("such as") of a good faith, erroneously suggests that <u>any</u> dispute about that defense's application necessarily is a "good faith" dispute, shielding Polo from liability.

---

[1] Subsection (a) of Labor Code §226 states in full:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

**Polo's Separate Instruction 6**

**Record-Keeping Penalty (California Labor Code § 226)**
**Penalty Amount**

If you decide that Plaintiffs have proved their claim against Polo for failure to keep accurate pay records, that Polo's actions in so doing were knowing and intentional, that Polo's failure to provide accurate pay records did not result from a "good faith dispute" over whether *de minimis* time should be included in work hours, and that Polo's failure caused injury to Plaintiffs, then you may award penalties in favor of Plaintiffs, as follows:

You may award the greater of all actual damages or $50.00 for the initial pay period in which a violation occurs and $100.00 per employee for each violation in a subsequent pay period, not exceeding a total penalty of $4000.00 for each employee.

Authority:  Cal. Lab. Code § 226; *Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009); *Reber v. AIMCO/Bethesda Holdings, Inc.*, No. SA CV07-0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. 2008); *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 517 (N.D. Cal. 2008); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:            _____

REVISED:         _____

MODIFIED:      _____

WITHDRAWN:   _____

**Plaintiffs' Objections To Polo's Separate Instruction 6**

This proposed instruction is prejudicial, misleading and legally incorrect.  The instruction is misleading and prejudicial because it states "*if Plaintiff's have proved their claim for failure to keep accurate payroll records*," and then it misleadingly reiterates some of the elements of the claim, thereby suggesting those elements are <u>additional</u> prerequisites to the imposition of penalties.

Second, the instruction erroneously presupposes that the thousands of hours at issue constituted "*de minimis* time."

Third, the imposition of penalties, once a knowing failure to maintain accurate records is proven, is mandatory, not optional.  Labor Code §226(e) (an aggrieved employee "**<u>is entitled</u>**" to statutory penalties).  Polo's proposed permissive instruction to the effect that the jury "may" award penalties thus is legally incorrect and thereby creates an unnecessary risk of a legally untenable outcome. *Id*.

**Polo's Separate Instruction 7**

**Record-Keeping Penalty (California Labor Code § 226)**
**Knowing and Intentional Failures**

To find Polo liable for record-keeping penalties, you must find that Polo acted knowingly and intentionally in failing to furnish accurate pay records.

Where a "good faith dispute" exists, such as a dispute over whether *de minimis* time should be included in work hours, an employer has not "knowingly and intentionally" failed to furnish an accurate pay record.

If you find that Polo's failure to provide accurate pay records resulted from a "good faith dispute" regarding whether *de minimis* time should be included in work hours, Polo is not liable for record-keeping penalties.

Off-the-clock time can be considered *de minimis* based on the following factors:

a.   the practical administrative difficulty of Polo recording the additional off-the-clock time;

b.   the aggregate (total) amount of off-the-clock time; and

c.   the regularity of the additional work; i.e., the frequency of off-the-clock work.

Authority:  Cal. Lab. Code § 226; *Harris v. Vector Marketing Corp.*, 656 F. Supp. 2d 1128, 1146 (N.D. Cal. 2009); *Reber v. AIMCO/Bethesda Holdings, Inc.*, No. SA CV07-0607 DOC (RZx), 2008 WL 4384147, at *9 (C.D. Cal. 2008); *Perez v. Safety-Kleen Systems, Inc.*, 253 F.R.D. 508, 517 (N.D. Cal. 2008); *Lindow v. United States*, 738 F.2d 1057 (9th Cir. 1984); *Cervantez v. Celestica Corp.*, 618 F. Supp. 2d 1208, 1216-18 (C.D. Cal. 2009); *Alvarado v. Costco Wholesale Corp.*, No. C 06-04015 JSW, 2008 WL 2477393, 2008 U.S. Dist. LEXIS 48935 (N.D. Cal. June 18, 2008).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:              _____

REVISED:            _____

MODIFIED:           _____

WITHDRAWN:       _____

18

1

**<u>Plaintiffs' Objections To Polo's Separate Instruction 7</u>**

2

This proposed instruction should not be given because it is prejudicial and legally inaccurate.

3

Among other things, it again instructs on the legally and factually inapplicable *de minimis* defense,

4

and thereby unduly and prejudicially emphasizes it to the jury. It also erroneously presupposes that

5

"whether *de minimis* time should be included in work hours" necessarily constitutes a good faith

6

defense, even if Polo had no good faith basis for contending the thousands of hours at issue actually

7

qualified as *de minimis*. Further, it creates an unnecessary risk of juror confusion because it repeats

8

portions of its prior separate instructions.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19

**Polo's Separate Instruction 8**

**Overtime Exemption**

Polo is not obligated to pay a sales employee for overtime if an employee's earnings exceed one and one-half (1-1/2) times the minimum wage and if more than half of the employee's compensation represents commissions. In determining whether overtime wages are owed under a commission sales program, a representative period for reconciliation of wages and commissions shall be one year.

Authority: Cal. Wage Order 4-2001(3)(D); 29 C.F.R. § 779.417.

_____
UNITED STATES DISTRICT JUDGE

GIVEN: _____

REVISED: _____

MODIFIED: _____

WITHDRAWN: _____

**Plaintiffs' Objections To Polo's Separate Instruction 8**

Polo's instruction erroneously indicates a representative period "shall" (i.e., <u>must</u>) be "one year." A representative period within the meaning of this exemption actually need not be one year. 29 C.F.R. § 779.417. The appropriateness of a certain representative period is a question of fact, based on the factors not set out in Polo's proposed instruction. "A representative period within the meaning of this exemption may be described generally as a period which typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation." (subpart (a).) The period, thus,

> must be as recent a period, of sufficient length (see paragraph (c) of this section) to fully and fairly reflect all such factors, as can practicably be used.

1    In addition, Polo's reference to one year does not comport with requirements placed

2   on an employer who chooses to use a one-year period for a reconciliation.

3    (b) To this end the period must be as recent a period, of sufficient length (see paragraph (c) of
this section) to fully and fairly reflect

4    all such factors, as can practicably be used. Thus, as a general rule,if a month is long enough
to reflect the necessary factors, the most

5    recent month for which necessary computations can be made prior to the
payday for the first workweek in the current month should be chosen.

6    Similarly, if it is necessary to use a period as long as a calendar or
fiscal quarter year to fully represent such factors, the quarterly

7    period used should ordinarily be the one ending immediately prior to the
quarter in which the current workweek falls. If a period longer than a

8    quarter year is required in order to include all the factors necessary
to make it fully and fairly representative of the current period of

9    employment for purposes of section 7(i), the end of such period should
likewise be at least as recent as the end of the quarter year

10   immediately preceding the quarter in which the current workweek falls.
Thus, in the case of a representative period of 6 months or of 1 year,

11   recomputation each quarter would be required so as to include in it the
most recent two quarter-years or four quarter-years, as the case may be.

12   The quarterly recomputation would tend to insure that the period used
reflects any gradual changes in the characteristics of the employment

13   which could be important in determining the ratio between compensation
representing commissions and other compensation in the current

14   employment situation of the employee.

15

16

17   *See* 29 CFR §779.417(b); and DLSE Opinion Letter 1994.02.07.

18

19

20

21

22

23

24

25

26

27

28

21

**Polo's Separate Instruction 9**

**Bona Fide Commission Sales Programs**

An employer may legally make payment of commissions contingent on the completion of all conditions for payment and, by agreement, charge back any excess payments over commissions earned should the conditions not be satisfied.

Authority: *Steinhebel v. Los Angeles Times Communications* (2005); *Koehl v. Verio, Inc*., 142 Cal. App. 4th 1313, 1331 (Cal. App. 1st Dist. 2006); *Prachasaisoradej v. Ralphs Grocery Company*, 42 Cal. 4th 217, 223 (2007)

_____

UNITED STATES DISTRICT JUDGE

GIVEN: _____

REVISED: _____

MODIFIED: _____

WITHDRAWN: _____

**Plaintiffs' Objections To Polo's Separate Instruction 9**

Polo's instruction is fatally flawed because it omits the requirement that such agreements be authorized by affected employees in writing.  Labor Code §224 (employers can divert or withhold wages if withholding is authorized by law or is "**expressly authorized in writing by the employee**") (emphasis added); *Harris v. Investor's Business Daily*, 138 Cal**.**App**.**4th 28, 31 (Cal.App. 2006) ("Unlike the employees in *Steinhebel* and *Hudgins,* appellants **did not expressly agree to the chargeback policy in writing**.") (emphasis added); Labor Code §221; *cf. Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1119 ("[T]he Legislature has recognized the employee's dependence on wages for the necessities of life and has, consequently, disapproved of unanticipated or unpredictable deductions because they impose a special hardship on employees.")        The instruction also would inaccurately advise jurors that employers may "legally" impose such

22

1   compensation schemes on employees even if the schemes are unconscionable or violate Labor Code

2   §§221, *et seq.*

23

**Polo's Separate Instruction 10**

**<u>Class Action - Plaintiff Class</u>**

This action is being brought as a class action.  That means that the Plaintiffs are not just acting on their own behalf, but are here representing other people with similar claims.

<u>Authority</u>: Cal. Civ. Proc. Code § 382; *Daar v. Yellow Cab Co.*, 67 Cal. 2d 695, 703-04 (1967); *Weaver v. Pasadena Tournament of Roses*, 32 Cal. 2d 836-37 (1948).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:          _____

REVISED:        _____

MODIFIED:       _____

WITHDRAWN:      _____

**<u>Plaintiffs' Response To Polo's Separate Instruction 10</u>**

Plaintiff would prefer their more comprehensive instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Polo's Separate Instruction 11**

**<u>Expert Witnesses</u>**


In this case, I have permitted certain witnesses to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.


<u>Authority</u>: *United States v. Rrapi*, 175 F.3d 742 (9th Cir. 1999); Ninth Circuit Model Civil Jury Instruction 2.11.


_____
UNITED STATES DISTRICT JUDGE


GIVEN:            _____

REVISED:         _____

MODIFIED:       _____

WITHDRAWN:    _____

**Plaintiffs' Response To Polo's Separate Instruction 11**

Polo's instruction does not accurately reflect either *United States v. Rrapi*, or Ninth Circuit Model Civil Jury Instruction 2.11, creates an improper focus, and creates an unnecessary risk that jurors will feel encouraged to disregard qualified expert opinion testimony.

By way of illustration, Polo refers to the possibility that expert opinion can assist jurors as a "theory," which could be interpreted as doubt on the Court's part about whether expert opinion actually has any assistive value.

Polo's proposed instruction then exacerbates this problem by stating jurors may give expert opinion testimony "whatever weight, **if any**, [they] find it deserves in light of all the evidence in this case." (Emphasis added). The bolded text, which is not found in either the model jury instruction or the *Rrapi* case Polo cites, would create a further risk that jurors might conclude the Court views expert testimony dubiously.

Moreover, the final four sentences of Polo's proposed instructions all effectively encourage jurors to disregard expert testimony.

Further, whereas Polo's instruction would advise jurors to consider expert opinion's weight only "in light of all the evidence," the model instruction and *Rrapi* both indicate that jurors also should consider such testimony's weight in light of "*the witness's education and experience, the reasons given for the opinion,*" as well as "*all the other evidence in the case*." Polo's proposed instruction thus would encourage jurors not to consider factors they should consider.

Plaintiffs thus respectfully submit the model instruction 2.11 should be given instead. *See* Fed. R. Evid. 602, 701–05.

**Polo's Separate Instruction 12**

**Proof Of Damages In Class Action**

In a class action, proof must be furnished to cover each element of the class for each class member.  In class actions, proof of damages must be presented plaintiff-by-plaintiff, and generalized, broad-brush damages arguments will not suffice.  Individual particularized damages still must be proved on an individual basis in class actions.

Authority: *Gutierrez v. Wells Fargo & Company*, Case No. C 07-05923 WHA, 2009 U.S. Dist. LEXIS 38143, at *17 (May 5, 2009) ; *Lemon v. Harlem Globetrotters Int'l, Inc*., 437 F. Supp. 2d 1089, 1103 n.10 (D. Ariz. 2006); *In re Hanford Nuclear Reservation Litig*., 292 F.3d 1125, 1135 (9th Cir. 2002), quoting *Sterling v. Velsicol Chem. Corp*., 855 F.2d 1188, 1200 (6th Cir. 1988).

_____

UNITED STATES DISTRICT JUDGE

GIVEN:               _____

REVISED:           _____

MODIFIED:        _____

WITHDRAWN:    _____

**Plaintiffs' Objection To Polo's Separate Instruction 12**

Polo's instruction should not be given because it misstates governing law.  Unlike the cases Polo cites, in wage and hour class actions representative collective and representative evidence <u>is appropriate, particularly when, as here, an employer has failed to maintain accurate record of hours worked.</u>  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-688 (1946)[2]; *Bigelow v. RKO Radio Pictures*, 327 U.S. 251 (1946); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 915 (9th Cir. 2003), *aff'd IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005); *Brock v. Seto*, 236 F.2d 1446, 1448-9 (9th Cir. 1986); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997) (upholding award of back wages to 1500 employees based on testimony from a sample of 2.5% of workers); *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) ("The fact that several employees do not testify does not penalize their claim; 'it is clear that each employee need not testify in order to make out a prima facie case of the number of hours worked as a matter of just and reasonable inference.'"); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472 (11th Cir. 1982) (upholding award of damages to 207 FLSA plaintiffs following a trial in which only 23 plaintiffs testified); *Bell v. Farmers Ins. Exch.*, 115 Cal. App. 4th 715, 746-50 (2004); *Bell v. Farmers Ins. Exchange*, 87 Cal. App. 4th 805 (2001) (court granted summary judgment under California law on classwide basis to class comprised of auto, property and liability claims employees based on common evidence of job duties); *Alvarez v. IBP, Inc.*, 2001 WL 34897841, *6 (E.D. Wash. Sept. 14, 2001), *rev'd in part on other grounds* ("The use of representative evidence is well accepted for determining liability in FLSA cases."); *In re Farmers Ins. Exch. Claims Representatives' Overtime Pay Litig.*, 336 F. Supp.

---

[2] "Where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes…the solution...is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Anderson*, 328 U.S. at 687-88.

28

2d 1077 (D. Or. 2004), *rev'd in part on other grounds*, 481 F.3d 1119 (9th Cir. 2007) (court determined exempt/nonexempt status of insurance claims employees on classwide basis based on representative evidence) *Herman v. Hector I. Nieves Transport, Inc.*, 91 F.Supp.2d 435, 446 (D. P.R. 2000) ("It is well established that not all employees need testify in order to prove the violations or to recoup back wages"); *Dove v. Coupe*, 759 F.2d 167, 173-175 (D.C. Cir. 1985) (Once an employee has provided reasonable estimate of damages, the burden switches to the employer to "pinpoint evidence of the precise amount of work performed or to negate the reasonableness of the inferences to be drawn from the [employees'] evidence."); *Blake v. CMB Construction*, Civ. No. 90-388-M, 1993 WL 840278 at *5 (D.N.H. Mar. 30, 1993) (The burden of disproving an employee's approximation is "a significant one[.]")

29

**Polo's Separate Instruction 12**

**5.6 NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiffs but you find that the plaintiffs have failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

<u>Authority:</u> Ninth Circuit Manual of Model Jury Instructions, Civil, Instruction 5.6

_____
UNITED STATES DISTRICT JUDGE

GIVEN:              _____

REVISED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

Plaintiffs' Objections to Polo's Separate Instruction 12

Plaintiffs object to this proposed instruction because it is factually and legally inapplicable. The proposed instruction is factually inapplicable because Plaintiffs are not seeking nominal damages. It is legally inapplicable because none of Plaintiffs' claims authorize an award of nominal damages. *See, e.g., Chew v. Gates,* 27 F.3d 1432, 1437 (9th Cir.1994) (Section 1983 action), *cert. denied*, 513 U.S. 1148 (1995) (courts must determine whether nominal damages are permitted because they are not permitted in every case); *Parton v. GTE North, Inc.*, 971 F.2d 150, 154 (8th Cir.1992).