UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>     Plaintiffs,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>     Defendants. | Case No.   C07-02780 SI<br><br>**DEFENDANTS' PROPOSED GENERAL JURY INSTRUCTIONS TO WHICH THERE IS NO AGREEMENT FROM PLAINTIFFS**<br><br>Dept.:   Courtroom 10, 19th Floor<br>Judge:   Hon. Susan Illston<br><br>Trial Date: March 8, 2010 |

# BURDEN OF PROOF

### (Modified)

Each and every plaintiff asserting a claim has the burden of proving every essential element of each claim by a "preponderance of the evidence". The only exception in this case is for punitive damages, which has a different standard that I will instruct you on separately.

A preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means simply to prove that the claim is more likely so than not so.

Where more than one claim is involved, as in this case, you should consider each claim, and the evidence pertaining to it, separately for each plaintiff, as you would had each claim been tried before you separately; but in determining any fact in issue you may consider the testimony of all of the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

If a preponderance of the evidence does not support the elements of a claim for, then the jury should find against the party having the burden of proof as to that claim.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Civil, Instruction; Devitt § 72.01

_____
UNITED STATES DISTRICT JUDGE

GIVEN:            _____
REVISED:         _____
MODIFIED:       _____
WITHDRAWN:   _____

# DUTY TO DELIBERATE

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinions, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Authority: Ninth Circuit Manual of Model Jury Instructions; Devitt § 74.01.

_____
UNITED STATES DISTRICT JUDGE

GIVEN: _____

REVISED: _____

MODIFIED: _____

WITHDRAWN: _____

## 1.4 BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

<u>Authority:</u>  Ninth Circuit Manual of Model Jury Instructions, Civil, Instruction 1.4

_____
UNITED STATES DISTRICT JUDGE

GIVEN:            _____
REVISED:         _____
MODIFIED:       _____
WITHDRAWN:   _____

## **5.5 PUNITIVE DAMAGES**

### **(Modified)**

If you find for the plaintiffs on their fraud claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiffs have the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct that harmed the plaintiffs was malicious, oppressive or in reckless disregard of the plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiffs. Conduct is in reckless disregard of the plaintiffs' rights if, under the circumstances, it reflects complete indifference to the plaintiffs' safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiffs' rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiffs with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendants' conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.

You may only award punitive damages in a one to one ratio as compared to compensatory damages. [Or as an alternative if this instruction is not accepted, "You may only award punitive damages in a single digit multiplier of compensatory damages awarded"].

Authority:  Ninth Circuit Manual of Model Jury Instructions, Civil, Instruction 5.5; *Exxon Shipping Co. v Baker* __ US__, 128 S.Ct. 2605 (2008); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

_____
UNITED STATES DISTRICT JUDGE

GIVEN:            _____

REVISED:         _____

MODIFIED:       _____

WITHDRAWN:   _____