WILLIAM J. GOINES (SBN 061290)
CINDY HAMILTON (SBN 217951)
GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
East Palo Alto, CA  94303
Telephone: (650) 328-8500
Facsimile:  (650) 328-8508
Email:   goinesw@gtlaw.com; hamiltonc@gtlaw.com

JEREMY A. MEIER (SBN 139849)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA  95814
Telephone: (916) 442-1111
Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corporation; and
Fashions Outlet of America, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual and on behalf of all others similarly situated; JANIS KEEFE, an individual; CORINNE PHIPPS, and individual; JUSTIN KISER, an individual; and RENEE DAVIS,<br><br>    Plaintiff,<br>v.<br><br>POLO RALPH LAUREN CORPORATION; POLO RETAIL, LLC; POLO RALPH LAUREN CORPORATION, DOING BUSINESS IN CALIFORNIA AS POLO RETAIL CORPORATION; AND FASHIONS OUTLET OF AMERICA, INC.,<br><br>    Defendants. | Case No.   C07-02780 SI<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF PLAINTIFFS' TRIAL SUBPOENA ON EXPERT WITNESS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   March 15, 2010<br>Time:   8:30 a.m.<br>Dept.:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston<br><br>Trial Date: March 15, 2010 |

TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 15, 2010 at the hour of 8:30 a.m., or as soon thereafter as this matter may be heard in Department 10, 19th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc. (collectively, "Polo") will move this court to quash Plaintiffs' Trial Subpoena ("Subpoena") served on Defendants' expert witness, G. Hossein Borhani ("Dr. Borhani") on February 22, 2010.

This motion will be made on the grounds that:

(1) Plaintiffs attempted preemptive use of Polo's expert witness would be prejudicial to Polo because it would deprive Polo of its right to frame the testimony of its own expert witness in the defense's case-in-chief, and Plaintiffs have their own expert witness on the same subject;

(2) Even if Polo decides not to call Dr. Borhani as a witness at trial, Ninth Circuit case law indicates that Plaintiffs must still show that "exceptional circumstances" exist to justify their use of Polo's own expert witness, and such circumstances do not exist here; and

(3) If Polo ultimately does call Dr. Borhani as a trial witness, Plaintiffs will have every opportunity to cross-examine him and elicit relevant information, and the Subpoena would be wholly unnecessary.

This motion will be based on the Notice of Motion and Motion herein, the Memorandum of Points and Authorities and Declarations filed concurrently herewith, all other pleadings and files in this matter, and such other and further argument which may be presented at the hearing on this matter.

Dated:  March 8, 2010.                    GREENBERG TAURIG, LLP

By: /s/ *William J. Goines*
William J. Goines

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc ("Polo" or "Defendants") hereby bring this motion to quash the Trial Subpoena ("Subpoena") that Plaintiffs have served on Polo's expert witness, G. Hossein Borhani Ph.D., because: (1) Plaintiffs have their own expert on the same subject and the attempted preemptive use of Polo's expert in Plaintiffs' case-in-chief (before Polo even decides if it will call Dr. Borhani) would deprive Polo of its right to frame the testimony of its own expert witness in the defense's case-in-chief; (2) even if Polo decides not to call Dr. Borhani as a witness at trial, Plaintiffs must still show that "exceptional circumstances" exist to justify their use of Polo's own expert witness, and such circumstances do not exist here; and (3) if Polo ultimately does call Dr. Borhani as a trial witness, Plaintiffs will have every opportunity to cross-examine him and elicit relevant information, in addition to putting on their own expert witness.

To allow Plaintiffs to call Dr. Borhani in their case-in-chief, before Polo has even decided whether it will call him, is highly unusual, unduly prejudicial and without good cause. The Court should grant Defendants' Motion to Quash.

**II.   FACTUAL BACKGROUND**

Polo retained G. Hossein Borhani, Ph.D. of ERS Group as its consultant to provide Polo with an opinion on Polo's potential exposure in this case. Polo designated Dr. Borhani on October 5, 2009, as its expert witness on damages and provided Plaintiffs with Dr. Borhani's Expert Report on that date. Plaintiffs took Dr. Borhani's deposition on December 2, 2009.

On October 5, 2009, Plaintiffs also designated an expert on damages -- Dwight D. Steward, Ph.D. Polo has provided Plaintiffs with the same data made available to Dr. Borhani for purposes of evaluating the potential exposure and alleged damages to the class. (Declaration of William J. Goines ("Goines Decl."), ¶ 3.) Dr. Steward provided a Declaration and Expert Report on October 5, 2009, and then a Supplemental Declaration and Expert Report on October 16, 2009. Polo took Dr. Steward's deposition on December 9, 2009.

1    Polo included Dr. Borhani on its pretrial witness list, attached to the Joint Pretrial Conference Statement filed on February 8, 2010.  On February 17, 2010, Polo filed its Expert Witness Summary, providing the Court with Dr. Borhani's CV.  However, Polo is still working on its trial strategy and has yet to determine if it will be calling Dr. Borhani as a witness to testify at trial.  On February 22, 2010, Plaintiffs served Dr. Borhani with the Subpoena to appear and testify in Plaintiffs' case-in-chief.  A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

### III.   LEGAL ARGUMENT

The Subpoena must be quashed because it would deprive Polo of the ability to frame the testimony of its own expert witness and, as such, is highly prejudicial to Defendants' right to put on its defense.  Furthermore, irrespective of whether Polo ultimately does or does not call Dr. Borhani to testify at trial, Plaintiffs should not be able to subpoena at trial an expert that Polo has retained.

**A.   Plaintiffs Cannot Preemptively Call Polo's Own Expert Witness Before Polo has Even Decided Whether to Use Him As a Trial Witness.**

It is not up to Plaintiffs to dictate how Polo should use its own witnesses.  It is not up to Plaintiffs to dictate how Polo should use its expert witnesses.  Indeed, Ninth Circuit decisions do not even contemplate the lengths to which Plaintiffs are going here -- i.e., there appears to be no authority to allow plaintiffs to preemptively call Defendants' own expert witness when Plaintiffs have their own expert witness on the same subject matter and when Defendants have not yet even decided if they will call the subpoenaed expert.

As noted in *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000), an underlying principle of litigation is "that each party is free to choose its expert witnesses to consult with and to exercise its judgment on whether or not to call the expert witness at trial; that expert witnesses once retained remain the witness of the retaining party. . ." *Lehan* at 672.  Permitting Plaintiffs' preemptive use of Dr. Borhani's testimony in Plaintiffs' case-in-chief would not only deny Polo's ability to exercise its strategic judgment at trial, but it would also strip Polo of its own retained witness.  This is not what the federal rules envision nor allow.  The subpoena should not be allowed.

**B.  Even if Polo Decides Not to Call Dr. Borhani to Testify at Trial, Plaintiffs Cannot Use Dr. Borhani Absent Exceptional Circumstances, Which Do Not Exist Here.**

To evaluate the novel issue of whether a party may use an opposing party's expert witness, when the party who retained the expert might not call the expert witness at trial, courts across different jurisdictions have applied the following standards: (a) the "exceptional circumstances" standard; (b) the "balancing" or "discretionary" standard; and (c) the "entitlement" standard. *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 240-45 (N.D. Iowa 1996).

**1.  District Courts in Ninth Circuit Apply the "Exceptional Circumstances" Standard to This Issue.**

District courts in the Ninth Circuit have applied the least permissive, "exceptional circumstances" standard when a party has attempted to use an opposing party's expert witness, when that witness will not be used at trial by the retaining party. *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000).

In *FMC*, the court evaluated whether a third-party defendant could depose or call as witnesses at trial experts that had been designated by the plaintiffs. These experts were not going to be used by the plaintiffs at trial because plaintiffs had previously settled with the defendants. *FMC* at 1041. In granting the defendants' motion to quash the third-party defendants' subpoena, the court applied the "exceptional circumstances" standard from Federal Rules of Civil Procedure 26(b)(4)(B), which governs discovery of non-testifying expert witnesses. *Id.* at 1042-46. After evaluating standards used in other jurisdictions, the court applied this standard because the experts in *FMC* did not perform a FRCP 35 physical or mental exam (distinguishing the case from *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Iowa 1996), which applied the "balancing" standard), the experts had not performed scientific tests that were unavailable or unduplicatable, and the defendant and plaintiff had agreed not to allow the third-party defendant to use the plaintiff's expert. *Id.* at 1046. According to the court, the "totality of the circumstances" justified application of the "exceptional circumstances" standard. *Id.*

In *Lehan*, the court held that the plaintiff could not call the defendant's expert as a witness in plaintiff's case-in-chief, when the defendant had opted not to call the expert at trial. In deciding to apply the "exceptional circumstances" standard, the court noted:

> This Court is persuaded that the "exceptional circumstances" approach is the proper one to be applied. It recognizes certain underlying principles of litigation: that each party is free to choose its expert witnesses to consult with and to exercise its judgment on whether or not to call the expert witness at trial; that expert witnesses once retained remain the witness of the retaining party; that fair opportunity to evaluate the merits of the case and to conduct discovery to prepare for trial require designation of expert witnesses, delivery of the Rule 26(a)(2) expert report, and identification of expert witnesses to be called at trial; that, correspondingly, each party has the duty in preparing the case for trial to identify its expert witnesses who might be called at trial; and, that the court has the discretion to permit one party to call as a witness at trial the opposing party's expert witness when there has been a showing of "exceptional circumstances."

*Lehan* at 672.

Following *FMC* and *Lehan*, Polo asserts that the "exceptional circumstances" also applies here, if Polo decides not to call Dr. Borhani to testify at trial. Like *FMC*, the circumstances justify application of the standard since, most importantly, Dr. Borhani has not performed an evaluation that was unavailable or could not be duplicated. Furthermore, as the *Lehan* court observed, this standard recognizes important principles of litigation that should be upheld by this Court.

**2.    The "Exceptional Circumstances" Standard.**

According to the *FMC* court, "a party 'carries a heavy burden in demonstrating the existence of exceptional circumstances.'" *FMC* at 1046, quoting *Spearman Indus. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1151 (N.D. Ill. 2001) (citation omitted). "Exceptional circumstances may exist where 1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area." *FMC* at 1046, citing *Spearman* at 1152.

Applying this standard, the *FMC* court found that the party seeking to subpoena the opposing party's expert had not met this standard because the party had not shown that the object or condition had deteriorated or that it could not access additional studies by other available experts. *FMC* at 1046. In *Lehan*, the court found that the employee seeking to admit the opposing party's expert

failed to show exceptional circumstances because the expert's opinions did not support the employee's mitigation claim. *Lehan* at 673-74.

Additionally, in *Oki America, Inc. v. Advanced Micro Devices, Inc.*, No. C 04-3171 CRB (JL), 2006 WL 2987022 (N.D. Cal. September 27, 2006), a Northern District of California district court evaluated whether a party can depose an opposing party's non-testifying expert (in this case, one that had never been disclosed as a testifying expert), and found that there were no exceptional circumstances because the party requesting the deposition already had the same financial information available to the non-testifying expert, and thus, could perform the same calculations. *Id.* at *2.

### 3. No "Exceptional Circumstances" Exist Here.

Plaintiffs cannot show exceptional circumstances exist, under which it is impracticable for Plaintiffs to obtain facts or opinions on the same subject by other means. Applying the standard from *FMC* here, Plaintiffs cannot show exceptional circumstances exist because (1) the object or condition (employee data) has not been destroyed or deteriorated after Dr. Borhani, Polo's expert witness on damages, observed it but before Dr. Steward, Plaintiffs' expert witness on damages, had an opportunity to observe it, and (2) there are, indeed, other available experts in the same field or subject area since both Dr. Borhani and Dr. Steward had access to the same data (similar to the situation in *Oki*). Accordingly, Plaintiffs cannot meet the heavy burden required by the relevant Ninth Circuit standard.

### C. If Polo were to Call Dr. Borhani to Testify at Trial, Plaintiffs Would Have Adequate Opportunity to Elicit Relevant Testimony and The Subpoena Would Be Moot.

Plaintiffs' Subpoena would be wholly unnecessary if Polo does ultimately decide to call Dr. Borhani to testify at trial. Plaintiffs would not be deprived of an adequate opportunity to elicit relevant testimony from Dr. Borhani as they can do so on cross-examination.

Further, and not insignificantly, Plaintiffs have their own retained expert on the same subject matters and would not, in any event, be precluded from putting on their case and proving their claims. Plaintiffs' expert Dr. Steward is fully capable of drawing his own opinions and, indeed, he is still formulating and preparing to offer additional supplemental opinions as of this date. Plaintiffs

confirmed to the Court during the Pretrial Conference on March 3, 2010, that Dr. Steward was still in the process of formulating final opinions and conclusions.

There is, thus, no good reason to allow this subpoena. The motion should be granted, with prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Polo respectfully requests that the Court issue an order quashing the Trial Subpoena that Plaintiffs served on Dr. Borhani.

Dated:  March 8, 2010.

GREENBERG TRAURIG, LLP

By: /s/ *William J. Goines*
       William J. Goines

Attorneys for Defendants Polo Ralph Lauren Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corporation; and Fashions Outlet of America, Inc

# EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |
|---|---|---|

Ann Otsuka, et al.

V.

Polo Ralph Lauren Corporation, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C07-02780 SI

TO: G. Hossein Borhani
ERS Group
2000 Powell Street, Suite 500
Emeryville, CA

☑ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court<br>Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | 10, 19th Floor |
| | DATE AND TIME |
| | 3/8/2010 9:00 am |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Patrick R. Kitchin, Esq., Attorney for Plaintiffs  *Digitally signed by Patrick R. Kitchin, Esq., Attorney for Plaintiffs / DN: CN = Patrick R. Kitchin, Esq., Attorney for Plaintiffs, C = US / Date: 2010.02.16 10:06:07 -08'00'* | 2/16/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Patrick R. Kitchin, Esq., Law Office of Patrick R. Kitchin
565 Commercial Street, 4th Floor, San Francisco, CA 94111  Phone: (415) 677-9058

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/22/2010 | G. Hossein Borhani, 1750 Montgomery Street 1st Floor, Suite 125, San Francisco, CA 94133 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| G. Hossein Borhani | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Janie C. Brown | Registered Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  2/23/2010
DATE

Janie C. Brown
SIGNATURE OF SERVER

565 Commerical Street, 4th Floor
ADDRESS OF SERVER

San Francisco, CA 94111

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).