1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   ANN OTSUKA, et al,                          No. C 07-2780 SI
8              Plaintiffs,                      **FINAL PRETRIAL SCHEDULING
9      v.                                       ORDER**
    POLO RALPH LALUREN CORPORATION, et
10  al.,
11             Defendants.
                                          /
12
13         On March 3, 2010, the Court held a final pretrial conference in the above captioned matter,
14  which is set for jury trial beginning March 15, 2010.  All parties were represented by counsel.  The
15  following matters were resolved:
16
17         1.     **Number of jurors and challenges**:  There shall be a jury of eight members.  Each side
18  shall have up to four peremptory challenges.
19
20         2.     **Voir dire**:  The court will conduct general voir dire, and counsel for each side shall have
21  up to 30 minutes total to question the panel.  Voir dire will be conducted on Monday, March 8, 2010
22  starting at 9:00 a.m.
23
24         3.     **Jury instructions**:  Counsel have submitted joint proposed jury instructions.  Their final
25  submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by
26  WordPerfect 10 (Windows) on or before March 15, 2010.
27
28         4.     **Trial exhibits**:  No later than March 11, 2010, the parties shall submit their trial exhibits,

in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 4 weeks. Based on this estimate, each side shall have 60 minutes for opening statements; each side shall have 30 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties filed eight motions in limine, as follows:

a. **Plaintiffs' motions**

**Plaintiffs' No. 1:** Motion to exclude evidence of the job performance and character of class members is DENIED without prejudice to specific objections at trial. Certain aspects of employees' character and performance are either relevant to issues presented in this trial or may be admissible for impeachment purposes.

**Plaintiffs' No. 2**: Motion to exclude evidence of changes or additional variances in Polo's bag search policy is DENIED.

**Plaintiffs' No. 3**: Motion to limit the scope of expert witness Dr. Borhani's testimony is GRANTED as framed. In any event, Polo has indicated that it does not intend to offer Dr. Borhani's testimony regarding Dr. Steward's survey methodology.

b. **Defendant's motions**

**Defendant's No. 1**: Motion to exclude survey evidence and expert testimony of Dr. Steward is

2

DENIED. The challenged evidence is admissible under FRE 807's residual exception. Defendant's objections go to the weight of the evidence, not its admissibility.

**Defendant's No. 2**: Motion to strike expert reports and exclude testimony of Beatrice Nonet-Hori is GRANTED as framed. Ms. Nonet-Hori's reports fail to provide an adequate foundation for her conclusions. Plaintiffs may, however, make an offer of proof at trial if they wish to offer Ms. Nonet-Hori's testimony on a specific topic she addressed at her deposition.

**Defendant's No. 3**: Motion to exclude evidence relating to other lawsuits against Polo is DENIED without prejudice to specific objections at trial. Evidence of other lawsuits may be relevant to certain issues in this trial, such as whether Polo's alleged violations were "knowing" or "willful."

**Defendant's No. 4:** Motion to exclude evidence of Polo's remediation measures is DENIED without prejudice to specific objections at trial, as this evidence is admissible under FRE 407 if offered for a purpose other than to prove culpable conduct.

**Defendant's No. 5**: Motion to exclude evidence relating to plaintiffs' rest break claims is DENIED as framed, although the court will instruct the jury as necessary that the rest break claims are not at issue in this trial.

**8.** **Other issues:** The parties request and the Court orders that non-expert witnesses be excluded from the courtroom until their testimony is complete. The parties request and the Court orders that each side inform the other side 48 hours in advance of the intended witness lineup and no later than 24 hours in advance of the actual witness lineup.

**IT IS SO ORDERED.**

Dated: March 9, 2010

_____
SUSAN ILLSTON
United States District Judge