Patrick R. Kitchin (SBN 162965)
THE LAW OFFICE OF PATRICK R. KITCHIN
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-677-9058
415-627-9076 (fax)

Nancy E. Hudgins (SBN 85222)
Matthew M. Grigg (SBN 195951)
LAW OFFICES OF NANCY E. HUDGINS
565 Commercial Street, 4th Floor
San Francisco, CA 94111
415-979-0100
415-979-0747 (fax)
neh@hudginslaw.com
mmg@hudginslaw.com

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
Renee Davis and the Certified Plaintiff Class

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al.,<br><br>  Defendants. | Case No. C07-02780 SI<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH SERVICE OF TRIAL SUBPOENA ON EXPERT WITNESS**<br><br>Trial Date: 3/16/10<br>Place: Courtroom 10 (19th Floor)<br>Judge: Hon. Susan Illston |

# I. Introduction

Defendants move to quash based on legally untenable arguments:

- the "exceptional circumstances" standard applies only to *consultative* experts, <u>not</u> designated *trial* experts like Dr. Borhani;
- no law supports Defendants' notion of a "right to frame" expert testimony; and
- that Plaintiffs *might* be able to cross-examine Dr. Borhani is not a legitimate ground for precluding them from eliciting relevant testimony from him in their case in chief.

Consequently, Defendants' motion should be denied.

## II. The "Exceptional Circumstances" Standard Does Not Apply

A. <u>The "Exceptional Circumstances" Standard Does Not Apply, Firstly, Because Dr. Borhani Is A *Trial* Expert, Not A *Consultative* Expert</u>

Defendants argue that, when a party might not call its expert at trial, the "relevant Ninth Circuit standard" governing whether the opposing party may elicit testimony from the expert is the "exceptional circumstances" standard. Polo's Mot., 5:17-18, 4:12-13. That argument mischaracterizes the law.

As an initial matter, the Ninth Circuit never has said the "exceptional circumstances" limitation applies in circumstances like this. (It thus is unsurprising that Defendants cite no Ninth Circuit cases to support their purported "Ninth Circuit standard." *See* Polo's Mot., 5:17-18.) Perhaps more importantly, no case ever has deemed the "exceptional circumstances" limitation applicable to circumstances like this in which a party seeks to elicit trial testimony from an opposing party's *trial* expert. This is because the limitation applies only to experts employed "only for trial preparation" (i.e., only to *consultative* experts). *See* FRCP 26(b)(4)(B)(ii).[1]

---

[1] "***Expert Employed Only for Trial Preparation***. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only: (i) as provided in Rule 35(b) [i.e., when a defense medical exam has been conducted]; or (ii) on showing **exceptional circumstances** under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." FRCP 26(b)(4)(B)(ii) (emphasis added).

Here, Defendants disclosed Dr. Borhani as a *trial* witness, Plaintiffs deposed him and Defendants indicated they intend to have him testify at trial. Def.s' Mot., 3:19-4:2. Because Dr. Borhani thus is not a consultative witness, and it is undisputed that he has relevant evidence, Plaintiffs are entitled to elicit testimony from him at trial. *See*, *e.g.*, *Nat'l R.R. Passenger Corp. v. Certain Temporary Easements Above*, 357 F.3d 36, 42 (1st Cir. 2004) (holding plaintiff could call defense expert in their case in chief); *Kerns v. Pro-Foam of So. Ala., Inc.*, 572 F.Supp.2d 1303, 1311; *see* FRE 402 (relevant evidence is admissible except as otherwise provided by law).

B. <u>Defendants' Argument That They "Might" Not Call Dr. Borhani Does Not Transform Dr. Borhani Into A Consultative Expert Whose Testimony May Not Be Elicited At Trial</u>

    1. *The Exceptional Circumstances Limitation Could Not Apply Because Defendants Have Not Yet Withdrawn Dr. Borhani*

Defendants argue that, because they *might not* call Dr. Borhani to testify, Plaintiffs should not be allowed to elicit his testimony. However, the cases on which they rely do not support their argument. The cases on which Defendants rely, and pertinent case law in general, instead supports the proposition that, when a party has affirmatively de-designated an expert as a trial expert, the party sometimes may regain the protections of FRCP 26(b)(4)(B). *See*, *e.g.*, *Estate of Manship v. U.S.*, 240 F.R.D. 229, n. 14 (M.D. La. 2006).

Here, Polo does not purport to de-designate Dr. Borhani as a trial witness. It instead asserts it has not yet "even decide[d] whether to call [him]." Def.s' Mot., 3:8. Until it chooses to de-designate Dr. Borhani as a trial expert, he remains a <u>trial</u> expert. *See*, *e.g.*, *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000) ("exceptional circumstances" limitation revivified when party withdrew expert); *Ross v. Burlington N.R. Co.,* 136 F.R.D. 638 (N.D.Ill.1991) (same); *cf. Furniture World, Inc. v. D.A.V. Thrift Stores, Inc.*, 168 F.R.D. 61, 63 (D.N.M. 1996) ("An expert may be either a witness or a protected consultant, but not both. 'Counsel must choose.'")

**2.     Defendants Are Not Entitled To Prevent The Use Of Dr. Borhani's Testimony At Trial Regardless Because He Already Has Been Disclosed And Deposed**

The majority of courts that have considered the issue have determined that a party may no longer preclude an opponent from eliciting its expert's opinions after one of the following: (1) designation of the expert as a trial expert pursuant to Rule 26,[2] or (2) disclosure of the expert's opinions in a report or deposition.[3] Here, Defendants disclosed Dr. Borhani as a trial expert pursuant to Rule 26, disclosed his report and presented him for deposition. It thus is too

---

[2]     [O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties. … Thus, Rule 26 designation waives the "free consultation" privilege [applicable to] non-testifying experts. [D]esignation of an expert as expected to be called at trial…even if that designation is subsequently withdrawn, takes the opposing party's demand to depose and use the expert at trial out of the "exceptional circumstances" category of Rule 26(b)(4)(B).

*House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245-46 (N.D. Iowa 1996) (citations omitted); *see also Furniture World, Inc. v. D.A.V. Thrift Stores, Inc*., 168 F.R.D. 61, 63 (D.N.M. 1996); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999) (designation of expert as trial expert removes expert from exceptional circumstances category, even if designation is withdrawn); *U.S. v. Cinergy* 2009 WL 1124969, at *2 (S.D. Ind. 4/24/09) (finding "persuasive the line of cases that distinguish experts who have been designated as testifying experts then withdrawn, from experts never designated as testifying experts"); *CP Kelco U.S. Inc. v. Pharmacia Corp*., 213 F.R.D. 176 (D. Del. 2003) (finding a waiver of privilege in certain documents where defendant provided the documents to a testifying expert in preparation for his deposition, but re-designated him as non-testifying after the deposition began); 6 Moore's Federal Practice, §26.80[1][a] (3d ed.) ("Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party **nor the expert's testimony at trial**.") (emphasis added); Stephen Easton, *Red Rover, Red Rover, Send that Expert Right Over: Clearing the Way for Parties to Introduce the Testimony of Their Opponents' Expert Witnesses*, 55 SMU L. Rev. 1427, 1461 ("Rule26(A)(2)(A) provides for an irretrievable disclosure of experts who might testify at trial.").

[3] *Estate of Manship v. U.S*., 240 F.R.D. 229, n. 14 (M.D. La. 2006) ("[T]o constitute a permanent waiver, more than disclosure of the expert's identity and subject matter of his/her testimony is required; **the expert must disclose some form of opinion evidence**") (emphasis added); *Netjumper Software, LLC V. Google, Inc*., 2005 WL 3046271 (S.D.N.Y. 2005) (permitting de-designation of expert because it "occurred before the expert gave any testimony"); *Agron v. Trustees of Columbia Univ*., 176 F.R.D. 445, 448-50 (S.D.N.Y. 1997) (plaintiff waived Rule 26(b)(4)(B)'s protections by producing expert report, despite later withdrawing expert's designation); *Rubel v. Eli Lilly and Co*., 160 F.R.D. 458, 460 (S.D.N.Y.1995) (plaintiff waived Rule 26(b)(4)(B)'s protections by allowing expert deposition); *Steele v. Seglie*, No. 84-2200, 1986 WL 30765, at *2-*4 (D. Kan. Mar. 27, 1986) (same); *Ross v. Burlington N.R. Co.,* 136 F.R.D. 638 (N.D. Ill.1991) (allowing plaintiff to shield its expert's opinions from disclosure: "[s]ince plaintiff changed his mind before any expert testimony was given in this case, the witness never actually acted as a testifying expert witness"); *contra FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002) (court applied "exceptional circumstances" standard in light of "totality of circumstances," including fact that settling plaintiff had agreed not to allow the third-party defendant to use the plaintiff's expert).

late for them to preclude the presentation of his opinions to the triers of fact.  *See* notes 2-3, *infra*.

### III. Defendants Have No Exclusive Right To Dr. Borhani's Opinions

Defendants argue, if Plaintiffs elicited testimony from Dr. Borhani in their case in chief, that "would deprive Polo of the ability to frame the testimony of its own expert witness and, as such, [would be] highly prejudicial to Defendants' right to put on its defense."  Def.s' Mot., 2:8-10.  Defendants' notions of a "right to frame" and undue prejudice are factually and legally untenable.

"**Courts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for <u>all</u> parties to use at trial**...."  *Kerns v. Pro-Foam of So. Ala., Inc.*, 572 F.Supp.2d 1303, 1311; 2007 WL 2274730 at *6 (S.D. Ala. Aug. 7, 2007) (emphasis added) (holding plaintiff could call defendant's expert during case in chief); *see also Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983) ("[N]o party to litigation has anything resembling a proprietary right to any witness's evidence.").  Because Dr. Borhani has "given testimony through deposition," his opinions thus are "available for <u>all</u> parties to use at trial."  *Kerns*, *supra*, at 1311.

Defendants' notion of undue prejudice is likewise unfounded because it relies on the principles applicable to consultative witnesses.  Further, tacitly confirming Defendants would experience no significant prejudice, they are unable to identify or describe any purported prejudice, except in the most nebulous of terms.  For example, they argue Plaintiffs' presentation of any opinion testimony by Dr. Borhani would deprive them of their "ability to use [their] strategic judgment," but they do not explain how that ostensibly might adversely affect their case in any way in this context.  *See* Def.s' Mot., 2:23-26.  Similarly, their insistence that Plaintiffs' presentation of any opinion testimony by Dr. Borhani would "strip [them] of [their] own retained expert," ignores:  (1) that they are free to offer such additional opinion testimony by Dr. Borhani as they deem fit, and (2) that no party "has anything

resembling a proprietary right to any witness's evidence" regardless. *See Doe v. Eli Lilly & Co.*, *supra*, at 128.

### IV. Defendants' Possible "Mootness" Argument Is Likewise Untenable

Defendants finally insist "there is no good reason to allow this subpoena" because Plaintiffs might be able to cross-examine Dr. Borhani or have Dr. Steward offer the testimony Plaintiffs intend to elicit from Dr. Borhani. Neither argument is viable.

First, as Defendants acknowledge, it is by no means clear that they will call Dr. Borhani to testify. Because it is not, it is by no means clear that Plaintiffs would be able to elicit his testimony through cross examination. Regardless, the law does not preclude Plaintiffs from eliciting Dr. Borhani's testimony in their case in chief. *See* Def.'s Mot., 5:19-6:4 (citing no law to support their argument); *cf. Kerns*, *supra*, at 1311.

Similarly, Defendants' argument that Plaintiffs could have Dr. Steward offer the opinions that Plaintiffs intend to elicit from Dr. Borhani, assuming it were true, would not mean that Plaintiffs are legally required to do so. *See Kerns*, *supra*, at 1311; *Doe v. Eli Lilly & Co.*, *supra*, at 128; *House*, *supra*, at 245-46; *Estate of Manship*, *supra*, at 229, n. 14.

### V. Conclusion

For any or all the above reasons, Plaintiffs respectfully submit Defendants' motion to quash should be denied.

Dated:  March 11, 2010                                   LAW OFFICE OF PATRICK R. KITCHIN

                                                         /s/ *Patrick R. Kitchin*
                                                     By:_____
                                                         Patrick R. Kitchin
                                                         Attorneys for Plaintiffs Janis Keefe,
                                                         Corinne Phipps, Renee Davis and
                                                         the Certified Plaintiff Class