1  WILLIAM J. GOINES (SBN 061290)
CINDY HAMILTON (SBN 217951)
2  GREENBERG TRAURIG, LLP
1900 University Avenue, Fifth Floor
3  East Palo Alto, CA  94303
Telephone: (650) 328-8500
4  Facsimile:  (650) 328-8508
Email:   goinesw@gtlaw.com; hamiltonc@gtlaw.com
5
JEREMY A. MEIER (SBN 139849)
6  GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
7  Sacramento, CA  95814
Telephone: (916) 442-1111
8  Facsimile:  (916) 448-1709
Email:   meierj@gtlaw.com
9
Attorneys for Defendants Polo Ralph Lauren
10  Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corporation; and
11  Fashions Outlet of America, Inc.

12

13                     UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16  ANN OTSUKA, an individual and on behalf      Case No.   C07-02780 SI
    of all others similarly situated; JANIS
17  KEEFE, an individual; CORINNE PHIPPS,        **POLO'S REPLY TO PLAINTIFFS'**
    and individual; JUSTIN KISER, an             **OPPOSITION TO MOTION TO QUASH**
18  individual; and RENEE DAVIS,                 **SERVICE OF TRIAL SUBPOENA ON**
                                                 **EXPERT WITNESS**
19         Plaintiff,
    v.
20                                               Date:      March 15, 2010
    POLO RALPH LAUREN CORPORATION;               Time:      8:30 a.m.
21  POLO RETAIL, LLC; POLO RALPH                  Dept.:     Courtroom 10, 19th Floor
    LAUREN CORPORATION, DOING                     Judge:     Hon. Susan Illston
22  BUSINESS IN CALIFORNIA AS POLO
    RETAIL CORPORATION; AND                       Trial Date: March 15, 2010
23  FASHIONS OUTLET OF AMERICA, INC.,

24         Defendants.

25

26

27

28

1

## I.   INTRODUCTION

2

3

4

5

6

Plaintiffs' opposition to Polo's motion to quash misapplies the legal standard and does not present any reason for denying the motion. Plaintiffs' subpoena to Polo's expert is highly unusual and highly prejudicial.  Only under the most exceptional of circumstances should the court even consider allowing this kind of a subpoena.  Plaintiffs do not come close to justifying proceeding down this path.

7

The motion should be granted and the subpoena should be quashed.

8

## II.   LEGAL ARGUMENT

9

### A.   Plaintiffs Misinterpret the Applicable Law Within the 9th Circuit

10

11

12

13

14

15

16

17

Plaintiffs incorrectly state the relevant standard within this jurisdiction.  Contrary to their opposition, the "exceptional circumstances" standard clearly applies to the issue before the Court. The cases decided within the 9th Circuit, namely *Lehan* and *FMC*, squarely apply the "exceptional circumstances" test in denying subpoenas to designated and disclosed trial experts.   In both of those cases, occurring in the district courts of Washington and California, the subpoenaed experts had been previously designated under Rule 26 of the Federal Rules of Civil Procedure and had issued expert reports -- just as in this case.  Further, in both *Lehan* and *FMC*, the subpoenaed experts were, as in this case, on trial witness lists (and were subsequently withdrawn).

18

19

20

21

22

23

Plaintiffs, therefore, are incorrect in asserting that the "limitation applies to experts employed 'only for trial preparation' (i.e., only to *consultative* experts)."  That is not a valid legal argument. The relevant issue is not whether Dr. Borhani is a consultative witness or a designated expert trial witness.  The issue is whether plaintiffs can preemptively call the other side's designated expert witness, absent exceptional circumstances, when Polo has not yet even determined if it will call him. The applicable cases answer a resounding no.

24

25

26

27

Indeed, plaintiffs cite no case law from within the 9th Circuit in support of their position. While different circuits may use varying degrees of the same standards in looking at this issue, what matters most is what courts of the 9th Circuit do.  (That was the jurisdictional point raised in Polo's moving papers, with which Plaintiffs apparently disagree).

28

1    The cases plaintiffs cite in support of their argument that "plaintiffs are entitled to elicit

2    testimony from him at trial" are not analogous.   *Nat'l RR Passenger Corp. v Certain Temporary*

3    *Easments Above*, 357 F.3d 36, 42 (1st Cir. 2004), (Opposition 3:6), involved the Defendant calling the

4    Plaintiff's expert (who had also testified in Plaintiff's case-in-chief) in Defendant's case-in-chief, not

5    the other way around (as is the current situation).  *Kerns v Pro-Foam of So. Ala., Inc*., 572 F.Supp.2d

6    1303, 1311 is also distinguishable. *Kerns* merely found that there was no per se prohibition against

7    calling an opposing party expert's witness under a more "discretionary" approach used by the

8    Alabama court in that instance. Further, in *Kerns* plaintiff's own expert on the issue had been

9    excluded under FRE 702.  Even if the Court were to accept the Alabama "discretionary" approach,

10   the facts are materially different here as plaintiffs already have their own expert (Dr. Steward)

11   available to testify on the same subjects.

12        Under the circumstances of this case, and under the relevant law, the motion to quash should

13   be granted.

14        As plaintiffs implicitly acknowledge, Polo may ultimately call its expert as a witness and

15   plaintiffs can they cross examine him as they see fit.  (Opposition, 6:4).   Plaintiffs then conclude

16   their Opposition with the curious argument that even though they have their own expert Dr. Steward,

17   they are not "legally required to" use Dr. Steward to "offer the opinions that Plaintiffs intend to illicit

18   from Dr. Borhani". (Opposition, 6:12-14). That is not a sufficient ground for allowing this

19   extraordinary subpoena. In fact, the law is clear that under the circumstances before the Court,

20   plaintiffs must show far more than that half-hearted contention in order to establish a basis for

21   preemptively calling Dr. Borhani in their case in chief.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

REPLY TO OPPOSITION TO MOTION TO
QUASH SERVICE OF TRIAL SUBPOENA
CASE NO. C07-02780 SI

1    **III.    CONCLUSION**

2           Plaintiffs' arguments in their opposition do not withstand scrutiny.  Defendants' motion

3    should be granted and the trial subpoena to Dr. Borhani quashed with prejudice.

4

5    Dated:  March 12, 2010.                              GREENBERG TRAURIG, LLP

6

7                                                          By:  /s/ *William J. Goines*
                                                                William J. Goines

8                                                          Attorneys for Defendants Polo Ralph Lauren
                                                           Corporation; Polo Retail, LLC; Polo Ralph
9                                                          Lauren Corporation, doing business in California
                                                           as Polo Retail Corporation; and Fashions Outlet
10                                                         of America, Inc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO OPPOSITION TO MOTION TO
                                                           QUASH SERVICE OF TRIAL SUBPOENA
                                                           CASE NO. C07-02780 SI