IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, et al., | No. C 07-02780 SI |
| Plaintiffs, | **ORDER RE: POLO'S MOTION TO QUASH SUBPOENA** |
| v. | |
| POLO RALPH LAUREN CORPORATION, et al., | |
| Defendants. | |

Polo has filed a motion to quash the trial subpoena plaintiffs have served on Polo's expert witness, Dr. Borhani. For the reasons set forth below, Polo's motion is DENIED.

**BACKGROUND**

In October 2009, Polo designated Dr. Borhani as its damages expert and provided plaintiffs with Dr. Borhani's expert report. Plaintiffs designated Dr. Steward as their damages expert. Prior to the pretrial conference, the parties filed competing motions in limine regarding these experts; Polo challenged Dr. Steward's methodology, and plaintiffs challenged Dr. Borhani's qualifications to assess Dr. Steward's work. At the pretrial conference, Polo stated that it did not intend to call Dr. Borhani to testify regarding Dr. Steward's work. Thereafter, plaintiffs served Dr. Borhani with a trial subpoena to appear and testify for plaintiffs. Polo subsequently filed the present motion to quash the subpoena.

**DISCUSSION**

Under Federal Rule of Civil Procedure 26(b)(4)(B), "a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially

employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" unless the party can show "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." By its terms, this rule contemplates only consultative experts, not experts designated for trial. Several district courts within this circuit, however, have applied the rule to prevent a party from calling an expert witness whom the opposing party initially designated for trial, but subsequently decided not to call. *See FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002); *Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 672 (E.D. Wash. 2000).

Polo's motion to quash does not expressly state that Polo will not call Dr. Borhani as a witness at trial; Polo's papers state only that Polo "might not" call Dr. Borhani. Upon oral inquiry in open court on March 16, 2010, Polo counsel again stated that he "did not know" whether he would call Dr. Borhani. Under these circumstances, case law indicates that plaintiffs should be permitted to call Dr. Borhani during their case-in-chief. *See, e.g.*, *Kerns v. Pro-Foam of S. Ala., Inc.*, 572 F. Supp. 2d 1303, 1311 (S.D. Ala. 2007) ("[C]ourts have repeatedly observed that once a party has given testimony through deposition or expert reports, those opinions do not 'belong' to one party or another, but rather are available for all parties to use at trial."). Thus, unless Polo is willing to commit to not calling Dr. Borhani, plaintiffs are entitled to do so.

Polo's motion to quash the trial subpoena served on Dr. Borhani is therefore DENIED.

**IT IS SO ORDERED.**

Dated: March 17, 2010

SUSAN ILLSTON
United States District Judge