IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, et al., | No. C 07-02780 SI |
| Plaintiffs, | **ORDER ON PLAINTIFF'S OFFER OF PROOF RE: TESTIMONY OF EXPERT WITNESS BEATRICE NONET-HORI** |
| v. | |
| POLO RALPH LAUREN CORPORATION, et al., | |
| Defendants. | |

The Court previously granted plaintiffs leave to make an offer of proof with respect to particular issues on which plaintiffs wished to offer testimony by one of their expert witnesses, Beatrice Nonet-Hori. Plaintiffs have now submitted their offer of proof. Having reviewed plaintiffs' submission, the Court hereby rules as follows.

Plaintiffs seek to offer Ms. Nonet-Hori's testimony to establish: (1) "that Defendants' loss inspection prevention practices diverged from retail industry standards (which Plaintiffs contend evinces both an unfair business practice and willful disregard of employee compensation rights"; and (2) "that it would have been feasible for Defendants to have recorded bag check delay times (e.g., by having class members clock out only *after* they have retrieved their personal effects and a manager was prepared to conduct an inspection)." Pltfs. Offer of Proof at 5-6. The Court agrees with Polo that plaintiffs have not established Ms. Nonet Hori's qualification to testify on these topics, at least as they have been framed by plaintiffs. For example, although Ms. Nonet-Hori's deposition testimony establishes that she has years of retail management experience at several different stores, there has been no showing that she is knowledgeable as to "industry standards" as a whole. In addition, plaintiffs have not

demonstrated that Ms. Nonet-Hori engaged in any study of Polo's policies and practices, other than reading the transcripts of several plaintiffs' depositions, as such, Ms. Nonet-Hori is not qualified to testify regarding the feasibility of specific measures in Polo stores.

In the Court's view, however, plaintiffs' submission does establish Ms. Nonet-Hori's qualification and ability to testify regarding her experience drafting and implementing alternative loss prevention inspection practices in her various managerial positions. Although Ms. Nonet-Hori will not be permitted to opine specifically on the ultimate issue of the feasibility of such practices in Polo stores, Ms. Nonet-Hori's testimony will be relevant to the jury's consideration of that issue.

**IT IS SO ORDERED.**

Dated: March 19, 2010

SUSAN ILLSTON
United States District Judge