Patrick R. Kitchin, Esq. (SBN. 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  415-677-9058
Facsimile:  415-627-9076

Nancy E. Hudgins, Esq. (SBN. 85222)
Matthew M. Grigg, Esq. (SBN 195951)
**LAW OFFICES OF NANCY E. HUDGINS**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  415-979-0100
Facsimile:  415-979-0747

Attorneys for Plaintiffs
Janis Keefe, Corinne Phipps, Renee Davis
And the Certified Plaintiffs' Class

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| ANN OTSUKA, et al., | ) Case No.: C-07-02780-SI |
| | ) |
| | ) |
| Plaintiffs, | ) SUPPLEMENTAL DECLARATION OF |
| vs. | ) PATRICK R. KITCHIN IN SUPPORT OF |
| | ) PLAINTIFFS' MOTION FOR |
| POLO RALPH LAUREN CORPORATION; et al., | ) PRELIMINARY APPROVAL OF CLASS |
| | ) ACTION SETTLEMENT |
| | ) |
| Defendants. | ) Hearing Date:  May 14, 2010 |
| | ) Time:  9:00 a.m. |
| | ) |
| | ) Place:  Courtroom 10 (19th Floor) |
| | ) Judge:  Hon. Susan Illston |
| | ) |

I, Patrick R. Kitchin, declare:

1.     I am an attorney licensed to practice in California and, together with the Law Offices of

Nancy E. Hudgins, serve as counsel of record to Plaintiffs Janis Keefe, Corinne Phipps, Renee

Davis, and the certified plaintiff class.  I make this declaration in support of Plaintiffs' motion for preliminary approval of the class action settlement in this case.

2.      On Monday, April 26, 2010, the parties agreed to a minor revision to the proposed claim form and release (Attachment 5 to the Settlement Agreement) and reminder postcard (Attachment 7 to the Settlement Agreement).  The language of the release on the forms has been revised to state:

> The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of Proposed Settlement and Hearing Date for Court Approval, will be bound by the Stipulation of Settlement and Release, is entitled to the settlement payment and that no other person or entity has a claim to any settlement monies that he or she will receive.

3.      Attached as Exhibit A to this declaration is a true and correct copy of revised Joint Stipulation Of Settlement And Release Between Plaintiffs And Defendants, with all signatures included.  This document replaces Exhibit A to my original declaration in support of this motion that was filed Friday, April 23, 2010.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct to the best of my recollection, and that this declaration was made on April 26, 2010, in San Francisco, California.

*/s/ Patrick R. Kitchin*

_____

Patrick R. Kitchin

**EXHIBIT A**

Patrick R. Kitchin (SBN 162965)
**THE LAW OFFICE OF PATRICK R. KITCHIN**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  415-677-9058
Facsimile:  415-627-9076

Nancy E. Hudgins (SBN 85222)
Matthew M. Grigg (SBN 195951)
**LAW OFFICES OF NANCY E. HUDGINS**
565 Commercial Street, 4th Floor
San Francisco, CA 94111
Telephone:  415-979-0100
Facsimile:  415-979-0747

Attorneys for Plaintiffs Janis Keefe, Corinne Phipps,
Renee Davis and the Certified Plaintiff Class

William J. Goines (SBN 061290)
**GREENBERG TRAURIG, LLP**
1900 University Avenue, Fifth Floor
East Palo Alto, California  94303
Telephone: (650) 328-8500
Facsimile: (650) 328-8508

Attorneys for Defendants Polo Ralph Lauren
Corporation; Polo Retail, LLC; Polo Ralph Lauren Corporation,
doing business in California as Polo Retail Corporation;
and Fashions Outlet of America, Inc.

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, et al. | Case No.  C07-02780 SI |
| Plaintiffs, | **JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS AND DEFENDANTS** |
| v. | |
| POLO RALPH LAUREN CORPORATION, a Delaware Corporation; et al., | |
| Defendants. | |

SV 346,509,169v2 4-20-10

THE PARTIES STIPULATE AND AGREE as follows:

## I.  Recitals

1.      This Stipulation of Settlement and Release of Class Action Claims between Plaintiffs and Defendants ("Settlement," "Stipulation," or "Agreement") is made and entered into by and between Plaintiffs Janis Keefe, Corinne Phipps, Renee Davis and the certified plaintiffs' class and subclasses ("Plaintiffs") and Defendants Polo Ralph Lauren Corporation (also sued herein as Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corp.), Polo Retail, LLC, and Fashions Outlet of America, Inc.  ("Polo" or "Defendants").

2.      This Settlement shall be binding on the Plaintiffs and on all Defendants named in the Action subject to the terms and conditions hereof and approval by the United States District Court for the Northern District of California, in *Otsuka, et al. v. Polo Ralph Lauren Corporation*, et al., Case No. C07-02780 SI ("Class Action" or "Action").

3.      The Class Members ("Class Members" or "Class") consist of all former sales associates, cashiers, lead cashiers and customer service representatives of Defendants who were employed in any Polo retail store or outlet store in California at any time from May 30, 2002 through January 31, 2010 (the "Class Period").  (See, Polo store list, Attachment 1.)

4.      <u>Procedural History</u>:  The Action was originally filed in the Superior Court of California for the County of San Francisco as *Otsuka, et al. v. Polo Ralph Lauren Corporation, et al.*, case number CGC-06-452655, on May 30, 2006.   Polo removed the Action to the United States District Court of California on May 29, 2007, where it was assigned case number C07-02780 SI.  Numerous motions were filed and decided, both in San Francisco Superior Court and in the U.S. District Court.  The Parties mediated on November 10, 2008, before Judge Edward Infante (Ret.) of JAMS/ADR.  The parties did not resolve the case at that time.  The parties subsequently mediated before Catherine Yanni of JAMS/ADR on two separate occasions, first on October 20, 2009 and then on February 25, 2010.  Again, settlement was not achieved.  On January 22, 2010, the Court granted Plaintiffs' motion to sever their rest break claims to avoid a substantial delay in the resolution of their other claims.

5.     Investigation and Discovery:  The Parties conducted significant investigation of the facts and law during the prosecution and defense of this Action.  Such discovery and investigations have included, *inter alia*, the exchange of information pursuant to formal and informal discovery, numerous depositions of fact witnesses, including the Class Representatives, Class Members, current and former Polo managers, Polo regional directors, and Polo department directors.  Depositions have been taken in New York, Illinois, Texas, Southern California and Northern California.   Class Counsel interviewed numerous Class Members and obtained detailed declarations from many of them.   Plaintiffs also have conducted three surveys of the class consisting of mailing questionnaires to over 3,000 Class Members.   The parties retained expert witnesses who disclosed their written opinions pursuant to the Federal Rules of Civil Procedure Rule 26, and who were subject to deposition.

6.     Trial:  Trial commenced on March 8, 2010, following substantial pre-trial activity, including but not limited to the filing and hearing of several motions *in limine*, the preparation of an extensive pretrial statement, the preparation of numerous jury instructions and jury verdict forms.  Plaintiffs presented the testimony of approximately forty witnesses, from across California, and from Nevada and Texas.  Settlement was reached near the conclusion of Plaintiffs' case-in-chief.

7.     Benefits of Settlement to Class Members:  Plaintiffs and Class Counsel have taken into account the uncertainty and risk of the outcome of continuing trial, and the difficulties and delays inherent in this litigation.  Plaintiffs and Class Counsel also recognize the expense and length of continued proceedings necessary to continue the litigation against Defendants through the end of trial and through likely appeals, including with respect to the rest break claims.  Plaintiffs and Class Counsel are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendants' defenses thereto, and the difficulties in establishing damages and civil penalties for the Class.   Based on the foregoing, Class Counsel and Plaintiffs have determined that the Settlement set forth in this Agreement is a fair, adequate and reasonable settlement, and is in the best interest of the Class.

SV 346,509,169v2 4-20-10

8.      The Class Claims:  Class Members have claimed and continue to claim that the Released Claims (as defined below) have merit and give rise to liability on the part of Defendants. Neither this Agreement nor any documents referred to herein nor any action taken to carry out this Agreement is, or may be construed as or may be used as, an admission by or against the Class or Class Counsel as to the merits or lack thereof of the claims asserted.

9.      Defendants' Denial of Wrongdoing:  Defendants continue to contend that all of their employees were treated in accordance with applicable law and were paid their wages timely in compliance with applicable law.  Defendants denied and continue to deny each of the claims and contentions alleged by the Class made in the Action, deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, and believe that Defendants have valid defenses to the Class Members' claims.  Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class or any related subclass would be appropriate in this or any other case.

10.     Inadmissibility of Settlement Agreement:  Whether or not the Settlement is finally approved, neither the Settlement, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(A)     construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

(B)     disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the Class Action, or in any other civil or administrative action or proceeding except for purposes of settling this Class Action pursuant to this Agreement, and except as necessary in any subsequent proceeding to enforce the terms of this Agreement once approved.

---

*Otsuka, et al. v. Polo, et al.*                                                        Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
4

## II. Definitions

1.     "Polo" is defined as Polo Ralph Lauren Corporation (also sued herein as Polo Ralph Lauren Corporation, doing business in California as Polo Retail Corp.), Polo Retail, LLC, and Fashions Outlet of America, Inc.

2.     Corinne Phipps, Janis Keefe, Renee Davis, the Certified Plaintiffs' Class and Polo are collectively referred to herein as "the Parties."

3.     "Class Counsel" are The Law Office of Patrick R. Kitchin and the Law Offices of Nancy E. Hudgins.

4.     The "Class Period" is between May 30, 2002 and January 31, 2010.

5.     The "Settlement Class" or "Settlement Class Members" means all sales associates, cashiers, lead cashiers and customer services representatives who worked in one of Polo's California full price retail stores or factory outlet stores in California during the Class Period, who terminated their employment during the Class Period and who:  (1) submit a timely and valid claim pursuant to this Agreement; or (2) do not timely opt out of the Settlement; or (3) neither submit a timely and valid claim, nor timely opt out of the Settlement as provided herein.

6.     The "Effective Date" means the first business day following the last of the following occurrences:

A. The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of a Final Judgment approving the Settlement and Order of Dismissal with Prejudice has expired with no appeal or other judicial review having been taken or sought ("Final Judgment") ; or

B. If an appeal or other judicial review has been taken or sought: (i) the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to this Court or to a lower appellate court following an appeal or other review, the date

---

*Otsuka, et al. v. Polo, et al.*                                    Case No. C-07-02780-SI

SETTLEMENT AND RELEASE

5

the Final Judgment is entered by the Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Judgment has expired with no further appeal or other judicial review having been taken or sought.  If further appeal is sought after a remand, the time periods, as applicable, in this Subsection shall apply.

7.     The "Released Claims" are defined as any and all claims, demands, rights, liabilities, and causes of action, known or unknown, whether for economic damages, non-economic damages, punitive damages, restitution, tort, contract, penalties, injunctive or declaratory relief, attorneys' fees, costs, or other monies or remedies arising from the transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act during the Class Period, which are asserted by Plaintiffs against Defendants in their Third Amended Complaint, as described therein and in the notices provided to the Class during the pendency of the Action.  No other claims, causes of action, demands or rights are compromised or released under the terms of this Agreement.

### III.  Terms of Settlement

**NOW, THEREFORE, IT IS HEREBY STIPULATED**, by and among the Settlement Class Members and Defendants, and subject to the approval of the Court, that the Class Action is hereby compromised and settled pursuant to the terms and conditions set forth in this Agreement:

1.     **Release As To All Settlement Class Members**.  As of the Effective Date, the Settlement Class Members, including Class Representatives, release Defendants and Defendants' past, present and future officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, trustees, administrators, fiduciaries, assigns, subrogees, executors, partners, privies, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents, divisions and attorneys (the "Released Parties"), from the Released Claims.  With respect to the Released Claims, the Settlement Class Members stipulate and agree that, upon the Effective Date, the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and

relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code, or any other similar provision under federal or state law. Section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settlement Class Members may discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future.

2.     The "Gross Settlement Amount" is Four Million Dollars ($4,000,000.00).

3.     The "Net Settlement Amount," subject to the Court's approval, is the Gross Settlement Amount minus:  (a) incentive payments in the total amount of $60,000.00 ($20,000.00 each to Class Representatives Corinne Phipps, Renee Davis and Janis Keefe); (b) service payments in the total amount of $12,500.00 ($500.00 each to 25 Class Members who appeared and testified at trial); (c) expert consultant fees required to devise and implement a fair settlement proceeds distribution model; (d) claims administrative fees and costs necessary to provide notice to the Class of this settlement and to manage the claims process; and (e) Plaintiffs' attorneys' fees up to one-third of the Gross Settlement Amount, plus litigation costs incurred by the Class.     The maximum total amount Defendants can be required to pay under this Settlement for all purposes (including all of the above-referenced fees and costs, as well as applicable local, state, and federal taxes and withholdings) is $4,000,000.00.

4.     <u>Distribution Management of Gross Settlement Amount:</u>  Within 14 business days of the Court's entry of an order preliminarily approving the Settlement, Polo shall provide Rosenthal & Company with the Gross Settlement Amount for deposit into interest bearing accounts from which payments under the terms of this Settlement shall be made in accordance with the Court's orders granting final approval and attorneys' fees and costs.

A.     Rosenthal & Company shall establish one or more separate interest bearing accounts to maintain the portion of the Gross Settlement Amount Plaintiffs seek for their attorneys' fees and costs.  Interest earned on this portion of the Gross Settlement Amount shall be added to the attorneys' fees and costs awarded by the Court.  Rosenthal & Company is directed to make payments of the attorneys' fees and costs awarded by the Court within 5 calendar days of the Effective Date.

B.     Rosenthal & Company shall establish one or more additional interest bearing accounts into which the remaining portion of the Gross Settlement Amount shall be deposited.  Interest on this portion of the Gross Settlement Amount shall be added to the Settlement Class's recovery.  Rosenthal & Company is directed to make payments from these accounts within 5 calendar days after the Effective Date for: (1) incentive payments to the Class Representatives ($60,000.00); and (2) service payments to Class Members who testified at trial ($12,500.00).  Rosenthal & Company is further directed to make payments from these accounts within 30 calendar days after the Effective Date for Settlement Class Members' Settlement Awards (to be determined based on claims submitted).

C.     Fees to Rosenthal & Company for its administration of the claims and settlement process (estimated to be between $103,000 and $124,700) shall be paid on a monthly basis out of the Gross Settlement Amount upon approval by Class Counsel and counsel for Polo.  Fees to Dr. Hossein Borhani for his design and management of the distribution plan (estimated to be between $18,000.00 and $30,000.00) shall be paid out of the Gross Settlement Amount within 30 days of the submission of his final invoice to Class Counsel and counsel for Polo for approval.  Fees to Rosenthal & Company and Dr. Hossein Borhani shall be paid out of the Gross Settlement

Amount regardless of whether:  (1) the Court grants Plaintiffs' motion for final approval of the Settlement; or (2) an appeal of the Final Judgment is filed; or (3) other factors render the Settlement void.

5.   <u>Plan of Allocation for Payment to Settlement Class Members</u>:   The Claims Administrator shall pay the Settlement Awards (as hereinafter defined) to the Settlement Class Members in accordance with the following:

A.   The award that will be provided to each Settlement Class Member is the Settlement Class Member's "Settlement Award."  Each Settlement Class Member shall receive as his or her Settlement Award from the Net Settlement Amount in an amount calculated pursuant to the formula set forth in Attachment 2 hereto.

B.   The total amount of each Settlement Class Member's Settlement Award shall be determined on the basis of:  (1) the Settlement Class Member's total shifts worked during the Class Period as an employee of Defendants (to the extent Polo's records fail to show the precise number of shifts worked, an estimate based on existing records will be used); (2) whether the Settlement Class Member is also a member of the Misclassification Subclass; (3) whether the Settlement Class Member is also a member of the Arrears Subclass; and (4) the total number of Class Members submitting a timely and valid claim form.

C.   Each Settlement Class Member shall receive a proportional award based on the factors set out in subparagraph (B) in this section, up to a total amount of $5,000.00 per Settlement Class Member, as determined by the formula set forth in Attachment 2.  If the number of Settlement Class Members submitting timely claims would result in a proportional award in excess of $5,000.00 for any Settlement Class Member, the Net Settlement Amount remaining after Settlement Awards shall be designated as a charitable award to the State of California's Labor & Workforce Development Agency's General Funds, to be used at the Agency's discretion for programs designed to protect and improve the well-being of California's current and future workforce.  No part of the Gross Settlement Amount shall be returned to Defendants.

---

*Otsuka, et al. v. Polo, et al.*                                    Case No. C-07-02780-SI

SV 346,509,169v2 4-20-10

(6)     Fifty percent (50%) of each Settlement Class Member's Settlement Award shall be treated as back wages and subject to normal tax withholding, including the employer portion of any employer-associated withholdings including, but not limited to, FICA, FUTA, Medicare taxes, unemployment insurance premiums, and all applicable federal, state and local taxes, and shall be reported to the taxing authorities on an IRS Form W-2 to be issued by Rosenthal & Company. Twenty-five percent (25%) of each Settlement Class Member's Settlement Award shall be treated as prejudgment interest and twenty-five percent (25%) as penalties on which there will be no tax withholding and for which IRS Form 1099 shall be issued by Rosenthal & Company.

7.     <u>Incentive Awards</u>:  Subject to the Court's approval, incentive awards shall be paid to Class Representatives Corinne Phipps, Renee Davis and Janis Keefe in the amount of $20,000.00 (Twenty Thousand Dollars) each, to be paid out of and deducted from the Gross Settlement Amount ("Incentive Award").   Rosenthal & Company shall pay the Incentive Award to Corinne Phipps, Renee Davis and Janis Keefe within five (5) calendar days of the Effective Date.  Rosenthal & Company shall issue an IRS Form 1099 in the amount of $20,000.00 each to Corinne Phipps, Renee Davis and Janis Keefe.   The Class Representatives shall receive a Settlement Award in addition to the Incentive Award to the extent that they, like any other Class Member, submit valid and timely claim forms demonstrating entitlement to such a payment.

8.     <u>Service Payments</u>:  Subject to the Court's approval, Class Members who testified at trial shall each receive a service payment of $500.00 (Five Hundred Dollars) out of the Gross Settlement Amount, for a total of $12,500.00 ("Service Payments").  The identity of those Class Members is set forth in Attachment 3 hereto.  Rosenthal & Company shall pay the Service Payments to the testifying Class Members within five (5) calendar days of the Effective Date. Rosenthal & Company shall issue an IRS Form 1099 in the amount of $500.00 to each testifying Class Member. The testifying Class Members shall receive a Settlement Award in addition to the Service Payment to the extent that they, like any other Settlement Class Member, submit valid and timely claim forms demonstrating entitlement to such a payment.

9.      No person shall have any claim against Defendants, Defendants' counsel, Plaintiffs, Plaintiffs' counsel or the Claims Administrator based on distributions and Settlement Awards made in accordance with this Agreement.

10.      <u>Attorneys' Fees and Costs</u>:  Subject to the Court's approval, Class Counsels shall receive an award of attorneys' fees in the amount of one-third of the Gross Settlement Amount, or $1,332,000.00 (One Million, Three Hundred and Thirty-Two Thousand Dollars).  Class Counsels shall seek these fees by noticed motion at or about the time the Court rules on Plaintiffs' motion for final approval of the Settlement.

Also subject to the Court's approval, Class Counsels shall receive an award of litigation costs based on the amount of costs they incurred in the prosecution of claims on behalf of the Class. Class Counsels shall seek these costs by noticed motion at or about the time the Court rules on Plaintiffs' motion for final approval of the Settlement.

Rosenthal & Company shall pay from the Gross Settlement Amount the attorney's fees and costs in two separate checks made payable to The Law Office of Patrick R. Kitchin and to the Law Offices of Nancy E. Hudgins in the total amount of fees and costs awarded by the Court.  Said payments shall be made within five (5) calendar days of the Effective Date.  Rosenthal & Company shall issue two separate IRS form 1099s, in these amounts to Patrick R. Kitchin and the Law Offices of Nancy E. Hudgins.

### IV.  Responsibilities of Defendants

1.      Defendants shall cooperate with Plaintiffs in fulfilling the obligations set out in this Agreement.

2.      Defendants shall not oppose or contest Plaintiffs' counsels' request to the Court for reasonable attorneys' fees in an amount equal to one-third of the Gross Settlement Amount, not to exceed $1,332,000.00 (One Million, Three Hundred and Thirty-Two Thousand Dollars).

3.      Defendants shall not oppose or contest Plaintiffs' counsels' request to the Court for the reimbursement of reasonable litigation expenses out of the Gross Settlement Amount.

---

4.      Defendants shall not to oppose or contest the Class Representatives' requests to the Court for an Incentive Payment, as described above, or the Class's request for a Service Payment to Class Members who testified at trial.

5.      Defendants shall not oppose or contest the Settlement Plan of Allocation described herein.

6.      Defendants shall not oppose or contest the Notice or Claim Form attached hereto.

### V.  Operation and Distribution of the Settlement Awards.

As part of this Settlement, the Parties agree to the following procedures for obtaining preliminary Court approval of the Settlement, notifying Class Members, obtaining final Court approval of the Settlement, and processing the Settlement Awards:

1.      The Claims Administrator shall be Rosenthal & Company, located at 75 Rowland Way, Suite 250, Novato, CA 94945, 415.798.5900, Toll-free: 800.211.5201.   The Claims Administrator shall be responsible for preparing, printing and mailing the Notice of Proposed Settlement and Hearing Date for Court Approval ("Notice") (Attachment 4) and the Claim Form and Release ("Claim Form") (Attachment 5) as directed by the Court to the Class Members, receiving and reviewing the Claim Forms submitted by Class Members to determine eligibility for Settlement Award as a Settlement Class Member, consulting with Class Counsel concerning the shifts worked by Settlement Class Members and amounts of their Settlement Awards, consulting with counsel to the Parties as necessary to keep track of opt outs, distributing Settlement Awards to Settlement Class Members, and for such other tasks as the Parties mutually agree or the Court orders the Claims Administrator to perform.  The Parties and their attorneys represent they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

In accordance with orders of the Court, Rosenthal & Company shall have the authority and obligation to issue payments out of the Gross Settlement Amount as summarized in Section III.

2.      Preliminary Settlement Hearing.  The hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement is scheduled for May 14, 2010 at 9:00 a.m. in Courtroom 10, 19th

---

*Otsuka, et al. v. Polo, et al.*                                              Case No. C-07-02780-SI

Floor, 450 Golden Gate Avenue, San Francisco, CA.  In conjunction with this hearing, Class Counsels will submit this Agreement, which sets forth the terms of this Settlement, and proposed forms of all notices and other documents as attached hereto necessary to implement the Settlement. Simultaneous with the filing of the Motion for Preliminary Approval, Class Counsel will ask the Court to enter the Preliminary Approval Order substantially in the form of Attachment 6 hereto, preliminarily approving the proposed Settlement and setting a date for a Final Settlement Hearing on August 20, 2010, at 9:00 a.m.  The Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") shall provide for notice of the Settlement and related matters to be sent to Class Members as specified herein.

3.  <u>Notice by First-Class Mail</u>.  Within 14 (Fourteen) calendar days after the Court issues its order preliminarily approving the Settlement, the Claims Administrator shall send a copy of the Notice and Claim Form to all Class Members via First Class regular U.S. mail, using the most current mailing addresses provided by Defendants to the Claims Administrator from Defendants' personnel records ("Initial Mailing").  Prior to this Initial Mailing, the Claims Administrator shall run one address check for each Class Member using the United States Post Office National Change of Address database.  Any Notices and Claim Forms returned to the Claims Administrator as non-delivered before the Claim/Objection/Exclusion Deadline Date specified below, (45 calendar days after the Initial Mailing) shall be sent to the forwarding address on the returned envelope.  If there is no forwarding address, the Claims Administrator will perform a computer search for a new address using the Class Member's Social Security Number; this search shall be performed only once per Class Member by the Claims Administrator.  If a new address is located using this procedure, the Claims Administrator will mail another Notice and Claim Form to the Class Member, stating that the Class Member has 14 calendar days from the date of the subsequent mailing to mail a Claim Form or an opt-out notice to the Claims Administrator, or to file and serve an objection to the Settlement.  Fifteen (15) calendar days after the Initial Mailing to all Class Members, the Claims Administrator will mail a postcard reminder notice/claim form to all Class Members in the form of Attachment 7.  Upon completion of these

steps by the Claims Administrator, the Parties and Claims Administrator shall be deemed to have satisfied their obligations to provide the Notice and Claim Form to the prospective Settlement Class Members.   In the event the procedures in this paragraph are followed and the intended recipient of a Notice and Claim Form still does not receive the Notice and Claim Form, the intended recipient shall be deemed a Settlement Class Member but shall not receive a Settlement Award.

4.       Establishment of Dynamic Claims Website.   Rosenthal & Company shall establish a dynamic website at www.PoloClassAction.com, at which Class Members will be able to view and print:   (a) Plaintiffs' Third Amended Complaint; (b) Polo's Answer to Plaintiffs' Third Amended Complaint; (c) the Settlement Agreement; and (d) the Notice and Claim Form. Settlement Class Members will be able to access information on the dynamic website showing the estimated shifts they worked during the Class Period by entering their unique claim number (from the mailed notice and claim packet) and will be able to submit a claim.   Claims submitted online will be deemed timely if submitted on or before the Claim/Objection/Exclusion Deadline Date.

5.       Procedure for Objecting.   The Notice shall state that only Class Members may object to the settlement and that Class Members who wish to object to the settlement must file with the Court and serve on counsel for the Parties a written statement signed by the objecting Class Member setting forth the specific grounds for their objection.   The objecting Class Member must make themselves available for deposition by the Parties no later than 14 days before the Final Settlement Hearing.   Such written statement must be filed with the Court and served on counsel for the Parties no later than forty-five (45) calendar days after the date the Notice and Claim Form are first mailed, or within 14 calendar days of any subsequent mailing (the "Claim/Objection/Exclusion Deadline Date").   No Class Member shall be entitled to be heard at the Final Settlement Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be considered by the Court at the Final Settlement Hearing, unless written notice of the Class Member's intention to appear at the Final Settlement Hearing and copies of any written objections or brief have been

---

*Otsuka, et al. v. Polo, et al.*                                                  Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
14

filed with the Court and served on counsel for the Parties on or before the Claim/Objection/Exclusion Deadline Date and the objecting Class Member has made themselves available for deposition. The date of the postmark on the return-mailing envelope shall be used to determine whether an objection and/or intention to appear has been timely submitted. In the event that the postmark is illegible, the objection and/or intention to appear shall be deemed untimely if it is received more than five (5) calendar days after the Claim/Objection/Exclusion Deadline Date. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

6.      _Procedure for Requesting Exclusion._  The Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class (Request for Exclusion) on or before the Claim/Objection/Exclusion Deadline Date. Such written request for exclusion must contain the name, address, telephone number and Social Security number of the person requesting exclusion, must be returned by First Class Mail to the Claims Administrator and must be postmarked on or before the Claim/Objection/Exclusion Deadline Date. The date of the postmark on the return-mailing envelope shall be used to determine whether a request for exclusion has been timely submitted. In the event that the postmark is illegible, the request for exclusion shall be deemed untimely if it is received more than five (5) calendar days after the Claim/Objection/Exclusion Deadline date. Any Class Member who properly opts out of the Class using this procedure will not be entitled to any recovery or Settlement Award and will not be bound by the Settlement or have any right to object, appeal or comment thereon.

7.      Class Members who fail to submit a valid and timely request for exclusion on or before the Claim/Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Final Judgment entered in this Action. No later than seven days after the Claim/Objection/Exclusion Deadline Date and in any event no later than ten court days before the Final Settlement Hearing, the Claims Administrator shall provide Defendants' Counsel and

Plaintiffs' Counsel with a complete list of all Class Members who have timely requested exclusion from the Class, along with the number and identity of those Settlement Class Members entitled to receive a Settlement Award.

8.      No Solicitation of Settlement Objections or Exclusions.   The Parties agree to use their best efforts to carry out the terms of this Settlement.   At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from the Settlement Class, or encourage Class Members in any way to appeal from the Court's Final Judgment.

9.      Final Settlement Approval Hearing and Entry of Final Judgment.   Upon expiration of the Claim/Objection/Exclusion Deadline Date, with the Court's permission, a Final Settlement Hearing shall be conducted to determine final approval of the Settlement.   Upon final approval of the Settlement at or after the Settlement Hearing, the Parties shall present a Final Judgment for the Court's approval and entry.   The Parties agree to cooperate and take all steps reasonable, necessary and appropriate to dismiss this case with prejudice.

10.      Procedure for Payment of Settlement Awards.   Claims Forms must be completed in full to be valid.   All Class Members who submit a valid and timely Claim Form demonstrating their right to a Settlement Award will receive a Settlement Award from the Claims Administrator. No Settlement Class Member shall receive more than one Settlement Award (thus, if a Settlement Class Member's employment terminated more than once during the Class Period, such Settlement Class Member shall receive only one Settlement Award).   For purposes of this Agreement, a Claim Form shall be deemed "valid" only if:  (1) the Class Member has provided on the Claim Form his or her name, the last four digits of his or her Social Security number and telephone number; (2) the Class Member has dated and signed the Claim Form; (3) the last four digits of the Social Security Number provided by the Class Member on the Claim Form match Defendants' records as provided to the Claims Administrator; and (4) postmarked by the Claim Deadline.   If a Class Member's Claim Form is defective as to any of these four requirements, the Class Member shall be given an opportunity to cure the defect(s).   Any such Claim Form shall be returned to the Class Member,

---

*Otsuka, et al. v. Polo, et al.*                                                Case No. C-07-02780-SI

who will be informed of the defect(s) within ten (10) days of the receipt of the defective form by the Claims Administrator. The Class Member will be given fifteen (15) days from the date the Claim Form was mailed back to the Class Member within which to cure the defect(s) and return the Claim Form to the Claims Administrator (the "Defect Cure Period"). If the revised Claim Form is not postmarked within that fifteen day period, it shall be deemed untimely and the claim will be rejected. Although Class Members who do not submit a valid and timely Claim Form shall not receive a Settlement Award, such persons shall nonetheless be Settlement Class Members and will be bound by all terms of the Settlement and any Final Judgment entered. After the conclusion of the Defect Cure Period, the Claims Administrator will send a Notice of Denied Claim form to any Class Member who had submitted a Claim Form that was not timely and/or not valid and/or did not demonstrate entitlement to a Settlement Award, stating the reason the claim was denied. Settlement Awards for Settlement Class Members shall be made by the Claims Administrator pursuant to the settlement formulas set forth herein and mailed to Settlement Class Members within thirty (30) calendar days after the Effective Date. The settlement checks shall remain valid and negotiable for ninety (90) days. The Claims Administrator's determination of eligibility for, and the amounts of, any Settlement Awards under the terms of this Agreement, shall be conclusive, final and binding on all Parties, including all Settlement Class Members. Administration of the Settlement shall be completed not later than 120 (One Hundred and Twenty) days after the Effective Date at which time the Administrator shall provide written certification of such completion to the Court, Plaintiffs' Counsel, and Defendants' Counsel.

11. <u>Administration Costs</u>. The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

12. <u>Nullification of Settlement Agreement</u>. In the event: (a) the Court does not finally approve the Settlement as provided herein; (b) the Court does not enter a Final Judgment as provided herein; or (c) the Settlement does not become final for any other reason, including final appellate decisions, this Agreement shall be null and void and any order or judgment entered by

SV 346,509,169v2 4-20-10

the Court in furtherance of this Settlement shall be treated as withdrawn by stipulation of the Parties. In such a case, the Parties shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed. Polo will remain obligated, however, to pay the reasonable fees of Rosenthal & Company and Hossein Borhani for their services under the terms of this Agreement.

13.   _Appraisal and Certification By Claims Administrator_.   The Claims Administrator shall keep the Parties' counsels apprised of the distribution of Settlement Awards and upon completion of the disbursement of the entire settlement amount, the Claims Administrator shall provide prompt written certification of such completion to the Court and counsel for all Parties.

### VI.  Miscellaneous Terms

1.   _No Effect on Employee Benefits_:   The Settlement Awards, Incentive Awards and Service Payments shall be deemed not to be "pensionable" earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (_e.g._ vacations, holiday pay, retirement plans, etc.) of any Settlement Class Member. The Parties agree that any Settlement Awards, Incentive Awards and Service Payments to Settlement Class Members under the terms of this Agreement do not represent any modification of Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by any Defendant. Settlement Awards, Incentive Awards and Service Payments hereunder shall not be deemed to be compensation or wages for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by any Defendant, or for calculating any Settlement Class Member's regular hourly rate of pay. The Settlement Awards, Incentive Awards and Service Payments shall not be deemed to be compensation or wages for any purpose other than the payment of taxes.

2.   _Attachments and Headings_:   The terms of this Agreement include the terms set forth and attached Attachments 1-7, which are incorporated by this reference as though fully set

---

_Otsuka, et al. v. Polo, et al._                                Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
18

forth herein.   Any Attachments to this Agreement are an integral part of the Settlement.   The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

3.      <u>Interim Stay of Proceedings</u>:   The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Preliminary Settlement Hearing and, if preliminarily approved, the Final Settlement Hearing, to be conducted by the Court.

4.      <u>Amendment or Modification</u>:   This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties, the Parties or their successors-in-interest, and approved by the Court.

5.      <u>Entire Agreement</u>:   This Agreement and any attachments constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement or its Attachments other than the representations, warranties and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, agreements, understandings, or representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.   Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, expressed or implied, not contained in this Agreement.

6.      <u>Authorization to Enter Into Settlement Agreement</u>:   Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.   The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.   In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to

effectuate the terms of this Settlement, either party or both may seek the assistance of the Court or a mutually agreed-upon mediator to resolve such disagreement.

7.     <u>Binding on Successors and Assigns</u>:  This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

8.     <u>California Law Governs</u>:  All terms of this Agreement and the Attachments hereto shall be governed by and interpreted according to the laws of the State of California.

9.     <u>Venue</u>: Any adjudicated dispute regarding the interpretation or validity of or otherwise arising out of this Agreement, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the United States District Court for the Northern District of California. Class Representatives, Settlement Class Members, and Defendants agree to submit to the personal and exclusive jurisdiction and venue of that court.

10**.**     <u>Counterparts</u>:  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

11.     <u>Jurisdiction of the Court</u>:  The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

12.     <u>Cooperation and Drafting</u>:  Each of the parties has cooperated in the drafting and preparation of this Agreement.  Hence the drafting of this Agreement shall not be construed against any of the Parties.

13.     <u>Invalidity of Any Provision</u>:  Before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

---

14. Class Representatives' Waiver of Right to be Excluded and Object: The Class Representatives agree to sign this Agreement and by signing this Agreement are bound by the terms herein stated, further agree not to request to be excluded from the Settlement Class, and further agree not to object to any of the terms of this Agreement, or to encourage (directly or indirectly) any other person to object to any of the terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

15. Class Counsel Signatories. It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement. The Notice to Settlement Class Members will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the Agreement. The execution of this Agreement by the Class Representatives and Class Counsel shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

**CLASS REPRESENTATIVES**

Date: 4|23|10 _____

Corinne Phipps

Date: _____ _____

Janis Keefe

Date: _____ _____

Renee Davis

///

///

*Otsuka, et al. v. Polo, et al.*                                    Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
21

SV 346,509,169v2 4-20-10

14.    <u>Class Representatives' Waiver of Right to be Excluded and Object</u>: The Class Representatives agree to sign this Agreement and by signing this Agreement are bound by the terms herein stated, further agree not to request to be excluded from the Settlement Class, and further agree not to object to any of the terms of this Agreement, or to encourage (directly or indirectly) any other person to object to any of the terms of this Agreement. Any such request for exclusion or objection shall therefore be void and of no force or effect.

15.    <u>Class Counsel Signatories</u>. It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement. The Notice to Settlement Class Members will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the Agreement. The execution of this Agreement by the Class Representatives and Class Counsel shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

**CLASS REPRESENTATIVES**

Date: _____

Corinne Phipps

Date: 4/22/10

Janis Keefe

Date: _____

Renee Davis

/i/

/i/

14.    Class Representatives' Waiver of Right to be Excluded and Object:  The Class Representatives agree to sign this Agreement and by signing this Agreement are bound by the terms herein stated, further agree not to request to be excluded from the Settlement Class, and further agree not to object to any of the terms of this Agreement, or to encourage (directly or indirectly) any other person to object to any of the terms of this Agreement.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

15.    Class Counsel Signatories.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement.  The Notice to Settlement Class Members will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the Agreement.  The execution of this Agreement by the Class Representatives and Class Counsel shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

**CLASS REPRESENTATIVES**

Date: _____

_____
Corinne Phipps

Date: _____

_____
Janis Keefe

Date: April 26 2010

_____
Renee Davis

///
///

Otsuka, et al. v. Polo, et al.                                    Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
21

**PLAINTIFFS' COUNSEL**

Date: 4|23|2010                    THE LAW OFFICE OF PATRICK R. KITCHIN

                                   By _____
                                      Patrick R. Kitchin

Date: 4/23/10                      LAW OFFICES OF NANCY E. HUDGINS

                                   By _____
                                      Nancy E. Hudgins

**DEFENDANTS**

Date: _____               POLO RALPH LAUREN CORPORATION

                                   POLO RETAIL, LLC

                                   FASHIONS OUTLET OF AMERICA, INC.


                                   By: _____

                                   Its: _____


**DEFENDANTS' COUNSEL**

Date: _____               Greenberg Traurig, LLP


                                   By _____
                                      William J. Goines, Esq.

---

*Otsuka, et al. v. Polo, et al.*                         Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
22

SV 346,509,169v2 4-20-10

PLAINTIFFS' COUNSEL

Date: _____

THE LAW OFFICE OF PATRICK R. KITCHIN

By _____
    Patrick R. Kitchin

Date: _____

LAW OFFICES OF NANCY E. HUDGINS

By _____
    Nancy E. Hudgins

DEFENDANTS

Date: **4/26/2010**

POLO RALPH LAUREN CORPORATION

POLO RETAIL, LLC

FASHIONS OUTLET OF AMERICA, INC.

By: _____

Its: _____

DEFENDANTS' COUNSEL

Date: **4-26-10**

Greenberg Traurig, LLP

By _____
    William J. Goines, Esq.

---

*Otsuka, et al. v. Polo, et al.*          Case No. C-07-02780-SI

SETTLEMENT AND RELEASE
22

SV 346,509,169v2 4-20-10

## LIST OF ATTACHMENTS

1.      Polo California Store List

2.      Settlement Award Distribution Model

3.      List of Testifying Class Members

4.      Notice of Settlement

5.      Claim Form

6.      [Proposed] Order Granting Preliminary Approval of Settlement

7.      Reminder Post Card

---

*Otsuka, et al. v. Polo, et al.*                                                Case No. C-07-02780-SI

SETTLEMENT AND RELEASE

23

*SV 346,509,169v2 4-20-10*

**ATTACHMENT 1**

# FULL PRICE REGULAR STORES

**Ralph Lauren**
444 N. Rodeo Drive
Beverly Hills, CA 90210
310-281-7200

**Ralph Lauren**
1304 Burlingame Avenue
Burlingame, CA 94010
650-343-6558

**Ralph Lauren**
South Coast Plaza
3333 Bristol Street
Costa Mesa, CA 92626
714-556-7656

**Ralph Lauren**
7830 Girard Avenue
La Jolla, CA 92037
858-459-0554

**Ralph Lauren**
RRL Men's and Women's Store
3835 Cross Creek Road
Malibu, CA 90265
310-317-9414

**Ralph Lauren**
650 Stanford Shopping Center
Palo Alto, CA 94304
650-326-1710

**Ralph Lauren**
Crocker Galleria
90 Post Street
San Francisco, CA 94104
415-788-7656

**Ralph Lauren**
The Shops on El Paseo
73080 El Paseo Suites 3 & 4
Palm Desert, CA 92260
760-340-2023

**Ralph Lauren, RRL (CLOSED)**
141 North Robertson Boulevard
Los Angeles, CA 90048
310-274-0171

**Ralph Lauren**
141 North Robertson Boulevard
Los Angeles, CA 90048
310-274-0171

# FACTORY OUTLET STORES

**Polo Ralph Lauren Factory Store**
Viejas Outlet Center
5001 Willows Road
Alpine, CA 91901
619-445-9888

**Polo Ralph Lauren Factory Store**
Prime Outlets of Anderson
1917 Highway #273
Anderson, CA 96007
530-365-1090

**Polo Ralph Lauren Factory Store**
Tanger Outlet Center
2796 Tanger Way
Barstow, CA 92311
760-253-5333

**Polo Ralph Lauren Factory Store**
Desert Hills Premium Outlets
48650 Seminole Rd
Cabazon, CA 92230
951-849-8446

**Ralph Lauren Factory Store**
Desert Hills Premium Outlets
48650 Seminole Rd
Suite 800
Cabazon, CA 92230
951.849.0167

**Polo Ralph Lauren Factory Store**
Camarillo Premium Outlets
740 East Ventura Blvd.
Suite 908
Camarillo, CA 93010
805-383-2772

**Polo Ralph Lauren Factory Store**
Carlsbad Premium Outlets
5620 Paseo del Norte Suite 100-A
Carlsbad, CA 92008
760-929-2898

**Polo Ralph Lauren Factory Store**
Gilroy Premium Outlets
8300 Arroyo Circle
Gilroy, CA 95020
408-846-9978

**Polo Ralph Lauren Children's Factory Store**
Gilroy Premium Outlets
8225 Arroyo Circle
Suite A026
Gilroy, CA 95020
408.842.0369

# FACTORY OUTLET STORES
## *CONTINUED*

**Polo Ralph Lauren Factory Store**
Mammouth Outlets
3343 Main Street
Mammoth Lakes, CA 93546
760-934-7040

**Polo Ralph Lauren Factory Store**
Ontario Mills
1 Mills Circle
Ontario, CA 91764
909-980-7190

**Polo Ralph Lauren Factory Store**
Prime Outlets Pismo Beach
333 Five Cities Drive #101
Pismo Beach, CA 93449
805-773-0779

**Polo Ralph Lauren Factory Store**
4211 Camino de la Plaza
San Diego, CA 92173
619-662-0369

**Polo Ralph Lauren Factory Store**
Preferred Outlets at Tulare
Tulare, CA 93274
559-684-1859

**Polo Ralph Lauren Factory Store**
Vacaville Premium Outlets
308 Nut Tree Road
Vacaville, CA 95687
707-447-4200

**Polo Jeans Co. Factory Store (CLOSED)**
Desert Hills Premium Outlets
48600 Seminole Road
Cabazon, CA 92230
951-922-2535

**Polo Jeans Co. Factory Store (CLOSED)**
Camarillo Premium Outlets
850 Ventura Boulevard, Ste 744
Camarillo, CA 93010
805-383-6353

**Polo Jeans Co. Factory Store (CLOSED)**
Gilroy Premium Outlets
8225 Arroyo Circle
Gilroy, CA 95020
408-848-5307

# FACTORY OUTLET STORES
## *CONTINUED*

**Polo Jeans Co. Factory Store (CLOSED)**
Las Americas
4201 Camino De La Plaza, Ste 104
San Diego, CA 92173
619-662-6111

**US Polo Outlet (CLOSED)**
552 Great Mall Drive,
Milpitas, CA 95035
(408) 941-0639

**Polo Ralph Lauren Factory Store (CLOSED)**
290 El Camino Real
Atascadero, CA
805-461-5155

**ATTACHMENT 2**

# Proposed Plan for Distribution of Net Settlement Amount in the Matter of Ann Otsuka, et al  v. Polo Ralph Lauren Corporation, et al.,

**April 21, 2010**

 **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA**
*CASE NO: C-07-02780-SI*

Hossein Borhani, PhD
4/21/2010
ERS Group, San Francisco California

# Proposed Plan for Distribution of Net Settlement Amount in the Matter of
## *Ann Otsuka, et al v. Polo Ralph Lauren Corporation, et al.*

Counsel for Polo Ralph Lauren (POLO) and class counsel in the matter of Ann Otsuka, et al v. Polo Ralph Lauren Corporation, et al., asked me to write a proposed plan for a settlement payment distribution which results in a fair and accurate distribution of settlement funds among the eligible class members and provide assistance to class administrator in distribution of settlement fund.

In the following sections of this document I list the tasks that we have been asked to undertake in this project and then I briefly describe my proposed methodology for calculating a class member's share of net settlement fund and also the additional shares due to some class members who were impacted by Arrears program or commissioned class members who were impacted by misclassification. Finally, I will provide my cost estimate for implementing this project.

## List of Tasks

My understanding is that we will be performing the following tasks:

1. Provide an initial estimate for the number of shifts for each employee for inclusion in the initial class notice
2. After class members respond to the notices identify and pull together the information on class members who will be receiving a share from the net settlement fund
3. Compute each eligible class member's share of net settlement fund
4. Compute overtime premiums for commissioned class members who were potentially misclassified
5. Compute impact of Arrears program for affected class members
6. Prepare a database for the class administrator which includes shares of each class member from the net settlement fund
7. Follow up and help class administrator in resolving disputes

## Proposed Methodology for Distribution of Net Settlement Fund

The calculation of each eligible class member's share of the net settlement fund (gross settlement after deduction of fees and expenses) will be based on a formula that takes into account the number of shifts class members had during the applicable class period.   Therefore, the eligible class members will receive a share of the net settlement fund proportional to the number of shifts class members had during the class period.

## Determination of Number of Shifts

The number of shifts in each pay period will be determined by reviewing and enumerating the daily time records in POLO's payroll system for each eligible class member in each pay period.[1]  Daily records, however, are not available for all employees and all time periods.[2]   If an employee has daily records for some pay periods but not for all pay periods then the average number of shifts per pay period from the available data for that employee will be assigned to the pay periods with missing daily records.   If an employee is missing daily records for all of his/her pay periods then the average number of shifts per pay period across all other employees in the same store will be used for each pay period with missing daily records.[3]   The total number of shifts for each employee will be determined by summing the number of shifts across all pay periods.

## Calculation of Individual Eligible Class Members Shares

Once the total number of shifts for all eligible class members is determined then the dollar value of the net settlement for each shift will be determined.  This is the ratio of the Net Settlement Fund over "total number of shifts for all eligible class members".  The share of an individual class member from the net settlement fund is calculated by multiplying the dollar value of a shift by the number of shifts each eligible class member had.

The formula below will be used to calculate the share for each class member:

---

[1] Our understanding is that POLO's payroll system maintains the daily records of attendance for each employee.

[2] Daily time records are missing for about 20% of class members.

[3] For a small number of class members the only information available is their hire dates and termination dates.  For these employees we will use the hire and termination dates to establish the pay periods that these employee may have worked and then apply the average number of shifts per pay period calculated from other class members who have complete data to determine the number of shifts for each pay period for the employees with insufficient data.

$$\text{Eligible Class Member Share} = \frac{\text{Net Settlement Fund}}{\text{Total Number of Shifts for All Eligible Class Members}} \times \left( \text{Number of Shifts for Individual Eligible Class Member} \right)$$

## Additional Shares for Potentially Misclassified Commissioned Employees and those Who May have been Impacted by Arrears

The commissioned class members who may have lost overtime benefits due to misclassification and the class members who were impacted by the Arrears program will receive extra shares from the settlement fund.

For commissioned class members we will evaluate their exempt status in each quarter and then for non-exempt employees we will calculate an overtime premium that they would have potentially earned if they had not been misclassified.   The daily and weekly overtime premiums for these class members will be calculated based on their daily records.  Once the total overtime premiums are determined then each employee will receive a share from the net settlement fund equivalent to 50% of their potential overtime premium.

For those class members who were impacted by Arrears program each employee who was impacted will receive an amount equivalent to 50% of their total Arrears deductions.

## Cost Estimate

Based on our current understanding of the tasks that we have been asked to perform in this project our current estimate of cost for this project is between $18,000 and $30,000.

**ATTACHMENT 3**

**Otsuka v. Polo: Trial Witnesses**

| Last Name | First Name |
|-----------|-----------|
| Ahring | Amberly |
| Alves | Ryan |
| Arguello | Michelle |
| Aziminia | Avideh |
| Boyd | Lacey |
| Bravo | Johanna |
| Cantwell | Katie |
| Carter | Tiffany |
| Casas | Elizabeth |
| Chavez | Corinna |
| DeGeorge | Allison |
| Filsoof | Amir |
| Gil | Martin |
| Kittel | Jordan |
| Manubay | Katrina |
| Moon | Shelley |
| Moss | Kate |
| Mull | Ryan |
| Nobriga | Justin |
| Olkkonen | Dana |
| Philpot | Michelle |
| Raybould | Sarah |
| Shade | Mandy |
| Wenzel | Sarah |
| Wright | Ashley |

**ATTACHMENT 4**

## NOTICE OF PROPOSED SETTLEMENT
## AND HEARING DATE FOR COURT APPROVAL

*Otsuka, et al. v. Polo Ralph Lauren Corporation, et al..*
U.S. District Court Case No.: C07-02780-SI

Records Show You Worked For

Polo Ralph Lauren in California Between

**May 30, 2002 and January 31, 2010.**

# YOU ARE ELIGIBLE TO PARTICIPATE

# IN A CLASS ACTION SETTLEMENT.

In This Settlement

Polo Will Make a Total Payment Of

# $4 MILLION DOLLARS.

To Receive Your Share Of The Payment,

You Must

# SUBMIT YOUR CLAIM FORM

# BY _____.

Please read this Notice carefully. It relates to a proposed settlement of class action litigation. It contains important information about your right to make a claim for payment or to elect not to be included in the class.

You are receiving this Notice because the United States District Court has granted preliminary approval to a class action settlement and the records of Polo Ralph Lauren Corporation and/or Fashions Outlet of America, Inc. ("Polo") indicate you are a Class Member in this settlement. In this case, former Polo employees claim that Polo failed to pay them for time they spent waiting for and undergoing loss prevention inspections (Bag Checks), failed to give employees the rest breaks that are required by California law, misclassified certain employees and failed to pay for overtime, committed record-keeping violations, committed fraud and took back wages that were previously paid. Under the Joint Stipulation of Settlement and Release, Polo will make a total payment of $4 million dollars in exchange for which each of the Class Members will give up his or her right to sue for the violations described in the Lawsuit.

As a Class Member, you have four choices:

1) **You may file a Claim Form.** If you file a Claim Form you may receive part of the $4 million dollar payment, and you will give up your right to sue for the violations described in the Lawsuit;

2) **You may submit a written request to be excluded from the settlement.** If you make a request to be excluded, you will not receive any money, and you will not give up any rights you may have;

3) **You may object to the settlement; or**

4) **You may do nothing.** If you do nothing you will **not** receive any money, but you will still give up any right you may have to sue for all violations described in the Lawsuit.

IF YOU DO NOTHING, YOU WILL **NOT** RECEIVE ANY MONEY.

**YOU MUST FILE A CLAIM FORM BY _____ TO RECEIVE PAYMENT.**

## I. BACKGROUND OF THE CASE

Class Representatives Corinne Phipps, Janis Keefe and Renee Davis filed the Lawsuit in San Francisco Superior Court on May 30, 2006.  Polo then transferred it to the United States District Court for the Northern District of California. In the Lawsuit the Class Representatives allege, among other things, that Polo violated California law by failing to pay employees all wages due. The Class Representatives filed the Lawsuit as a Class Action on behalf of **former Polo employees** who worked in any one of Polo's full price stores or factory outlet stores in California between May 30, 2002 and January 31, 2010 (the Covered Time Frame). Polo denies all of the material allegations in this Lawsuit.

The parties settled the case during trial after almost four years of heavily contested litigation. The litigation included extensive discovery, depositions, and review of electronic time records for more than 6,700 employees. The parties participated in three mediation sessions. As a result of ongoing settlement discussions during trial, a settlement was reached in the Lawsuit. The parties have since entered into a Stipulation of Settlement and Release, which has been given preliminary approval by the Court. If you are part of the Class, you have the opportunity to participate in the settlement.

## II. SUMMARY OF THE PROPOSED SETTLEMENT

### A. Settlement Formula

The Total Settlement Amount will be Four Million Dollars ($4,000,000). Before the Settlement Class Members are paid, the following sums will be deducted from the Total Settlement Amount: (1) the cost of providing notice to the Class and managing the claims process; (2) Class Counsel's attorney fees and documented litigation costs in amounts set by the Court (Class Counsel will seek fees equal to 33.33% of the Total Settlement Amount, plus litigation costs); (3) possible service payments to the Class Representatives and Class Members who testified at trial in an amount set by the Court; and (4) the employer's portion of FICA, FUTA, Medicare taxes, unemployment insurance premiums, and all applicable federal, state and local taxes. The amount of the Total Settlement Amount remaining after these payments is called the "Net Settlement Amount."

There are approximately 6,700 Settlement Class Members. Each Settlement Class Member who submits a timely, valid Claim Form will be paid a portion of the entire Net Settlement Amount. The exact amount that each Settlement Class Member will receive depends on the number of Settlement Class Members who submit claims, the number of shifts the

Settlement Class Members worked during the Covered Time Frame, and whether the Settlement Class Member is also a member of one of the two subclasses in the action.

A Settlement Class Member may submit a claim or may elect not to participate in the settlement by timely filing a request for exclusion. Any Settlement Class Member who does not timely submit a Claim Form and does not request exclusion cannot participate in the monies paid out under the settlement but will still be bound by the terms of the settlement as to his or her claims.

### B. Release

When the Court grants final approval of the settlement, each Settlement Class Member who has not requested exclusion will release Polo Ralph Lauren Corporation, Polo Retail, LLC, Fashions Outlet of America, Inc., and all related companies from the claims at issue in the Lawsuit. The release will cover all remedies that could be claimed for the causes of action described in the Lawsuit including, but not limited to, statutory, constitutional, contractual and common law claims for wages, damages, unpaid costs, penalties, punitive damages, interest, attorney fees, litigation costs, restitution, and equitable relief. The release will cover all statutory violations that could be claimed for the causes of action described in the Lawsuit including but not limited to claims under the California Labor Code, the California Unfair Competition Act, and in particular, California Business & Professions Code §§ 17200 *et seq.*, and any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations.

The release includes claims that a Settlement Class Member does not know or suspect to exist as of the date of the final approval. Each Settlement Class Member, including the Class Representatives, will waive all rights and benefits afforded by Section 1542 of the California Civil Code as to unknown claims. Section 1542 provides**:**

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

# WHAT ARE YOUR RIGHTS AS A SETTLEMENT CLASS MEMBER?

### C. You Can Submit A Claim Form By Mail Or Online.

<u>Submitting Claim Form By Mail</u>:  If you wish to submit a claim by mail, you must complete, sign and date the enclosed Claim Form and return it to:

**Polo Settlement Administrator**
**P.O. Box 6159, Novato, CA 94948-6159**

The Claim Form must be mailed to the Settlement Administrator with a postmark no later than _____. The Claim Form has the postage pre-paid. If you send it in an envelope, do not use a postage meter as that may not result in a postmark appearing on your envelope. If a timely submitted Claim Form is incomplete, i.e., some required information is missing, the Settlement Administrator will send you a deficiency notice and you must return the fully completed Claim Form within fourteen (14) days after the date of the deficiency notice. If you lose, misplace, or need another Claim Form, you should contact the Settlement Administrator.

<u>Submitting Claim Form Online</u>:  You can also submit a Claim Form online at **www.PoloClassAction.com**.  You will need the claim number listed on the Claim Form to submit your claim online.  If you submit your claim form online, you must do so no later than _____.

The amount you receive for your claim will be based, in part, on the number of shifts you worked while you worked for Polo during the Covered Time Frame. The number of shifts you worked during the Covered Time Frame can be found on the Claim Form Postcard attached to this Notice. To dispute the number of shifts shown on the Claim Form, you must file your Claim Form with a letter stating what you believe is the correct number of shifts, and you must include evidence establishing the number of shifts you contend are correct. Polo's records and/or Polo's estimates of shifts worked will be presumed determinative, but if Class Counsel believes the Claimant's evidence should be accepted, and counsel for Polo does not agree, the matter will be decided by the Settlement Administrator whose decision will be final as to the total earnings received.

### D. Excluding Yourself from the Settlement

**IMPORTANT:** If you believe you have an individual claim against Polo pertaining to Polo's labor practices, you should consult with counsel and decide whether you want to participate in the settlement, or whether you wish to exclude yourself from the settlement so you may bring your own lawsuit. If you do not wish to participate in the settlement, you may exclude yourself by writing to the Settlement Administrator and stating your request to be excluded. Your request must be signed, dated, and sent by First-Class U.S. Mail, or the equivalent, to:

Polo Settlement Administrator Opt Outs
P.O. Box 6177, Novato, CA 94948-6177

The request for exclusion must be postmarked no later than _____. Do not use a postage meter as that may not result in a postmark appearing on the envelope containing your request for exclusion. Any person who files a complete and timely request for exclusion will no longer be a Settlement Class Member, and will not receive any benefits from the settlement.

### E. Objecting to Settlement

You can object to the terms of the settlement before final approval by filing with the Court on or before _____, 2010, a written objection and a notice of intention to appear at the final approval hearing. You must sign the objection and make yourself available for a deposition before the final approval hearing. The final approval hearing will take place at 9:00 a.m. on August 20, 2010 in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. However, if the Court rejects your objection, you will still be bound by the terms of the settlement unless you also have submitted a valid and timely Exclusion Form.

Any objection to the Settlement must be filed no later than _____, 2010 with the Clerk of the U.S. District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, and copies must be sent to:

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| Patrick R. Kitchin, Esq. | William J. Goines, Esq. |
| The Law Office of Patrick R. Kitchin | Greenberg Traurig, LLP |
| 565 Commercial Street, 4th Floor | 1900 University Avenue, Fifth Floor |
| San Francisco, CA 94111 | East Palo Alto, California  94303 |
| | |
| Nancy E. Hudgins, Esq. | |
| Law Offices of Nancy E. Hudgins | |
| 565 Commercial Street, 4th Floor | |
| San Francisco, CA 94111 | |

**PLEASE DO NOT CONTACT THE COURT WITH ANY QUESTIONS.**

**ATTACHMENT 5**

**U.S. DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
Case No. C 07-02780 SI

**Claim Form & Release**

*In re Polo Class Action* Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177, Novato, CA  94948-6177

*In re Polo Class Action* Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177

Enter the last four digits of your Social Security Number and
any names you used while employed at a Polo store in California:

Social Security Number (Last Four Digits <u>ONLY</u>):  X X X - X X - ____ ____ ____ ____

Former Names (if any): _____

Daytime Telephone:  (_____) _____     E-mail Address: _____

The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of
Proposed Settlement and Hearing Date for Court Approval, will be bound by the Stipulation of Settlement and Release, is entitled
to the settlement payment and that no other person or entity has a claim to any settlement monies that he or she will receive.

IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the above address.

|||||||||||||||  Claim #: PRT-100000001
«First1» «Last1»
«Addr2»
«Addr1»
«City», «St»  «Zip»  «Country»

Name/Address Changes (if any):
_____
_____
_____

Signature: _____   Date (mm/dd/yyyy): _____

**To Receive a Payment, You Must Enter All Requested Information, Sign and Mail this Claim Form**
**or File Your Claim On-Line at www.PoloClassAction.com on or before _____, 2010**

Carefully detach stub before mailing Claim Form.

Claim #:  PRT-100000001

«First1»
«Last1»

According to Polo's records:
You worked a total of approximately
<mark><<   >></mark> shifts between May 30, 2002
and January 31, 2010.

If you agree with this information, fill out
and mail the attached postcard Claim
Form – no postage required.  You can
also file your claim on-line at
www.PoloClassAction.com.

If you disagree with the shifts worked
shown above, send a letter with your
Claim Form and include proof of the
number of shifts you think is correct.
See the enclosed Notice for more
details about how to dispute the
number of shifts.

Detach this stub
and save for your records.

Important Information

Claim Filing Deadline:
~~_____, ____~~

Final Approval Hearing:
August 20, 2010

Claims Payment Date:
~~_____, ____~~

Please note that the **claims payment date** will be determined by if and when the Court approves the settlement, and the time for appeals of the Court's decision, if any, has passed. For the latest estimate of the date claims will be paid, please check the website at www.PoloClassAction.com or call toll free: 1-___-___-____.

Carefully detach stub before mailing Claim Form.

**PRT**

OTSUKA V POLO
CLASS ACTION ADMINISTRATOR
ROSENTHAL & COMPANY LLC
PO BOX
NOVATO CA  94948-

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**ATTACHMENT 6**

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN OTSUKA, an individual; and JANIS KEEFE, CORINNE PHIPPS and RENEE DAVIS, individually and on behalf of the Certified Plaintiffs' Class, | ) Case No.:  C-07-02780-SI<br>)<br>)<br>)<br>) **[PROPOSED] ORDER GRANTING**<br>) **PRELIMINARY APPROVAL OF CLASS**<br>) **ACTION SETTLEMENT** |
| Plaintiffs, | ) |
| vs. | )<br>) |
| POLO RALPH LAUREN CORPORATION; a Delaware Corporation; POLO RETAIL, LLC., a Delaware Corporation; POLO RALPH LAUREN CORPORATION, a Delaware Corporation, doing business in California as POLO RETAIL CORP; and FASHIONS OUTLET OF AMERICA, INC., a Delaware Corporation, | )<br>)<br>)<br>)<br>) JUDGE:  Hon. Susan Illston<br>) LOCATION:  Courtroom 10, 19th Floor<br>) 450 Golden Gate Avenue<br>) San Francisco, California 94102<br>) |
| Defendants. | )<br>)<br>)<br>) |

The Motion of the parties for Preliminary Approval of a Class Action Settlement came on for hearing before this Court, the Honorable Susan Illston, presiding, on May 14, 2010. The Court having considered the papers submitted in support of the motion [and having heard oral argument of the parties], HEREBY ORDERS:

1.     The Court grants preliminary approval of the class action settlement based upon the terms set forth in the Joint Stipulation of Settlement and Release ("Settlement Agreement"). The class action settlement appears to be fair, adequate, and reasonable.

2.     The Court orders the following schedule of dates for further proceedings:

| | |
|---|---|
| Defendants to serve notice pursuant to 28 U.S.C. § 1715(b) | Not later than 10 days after the Settlement Agreement is filed in this Court |
| First mailing of Notice and Claim Form to the Class | Within fourteen (14) calendar days after the date of this Order |
| Mailing of Reminder Notice and Claim Form to the Class | Fifteen (15) calendar days after the First Mailing of Notice and Claim Form to the Class |
| Deadline to postmark Objection and/or Opt Out | Forty-five (45) calendar days after the First Mailing of Notice and Claim Form to the Class |
| Deadline to postmark Proof of Claim | Forty-five (45) calendar days after the First Mailing of Notice and Claim Form to the Class |
| Final Settlement Hearing | August 20, 2010, at 9:00 a.m. |
| Payment of Claims | Within thirty (30) calendar days after the Effective Date |
| Payment of attorney's fees and costs to class counsel | Within five (5) calendar days after the Effective Date |
| Payment of Incentive Awards to Class Representatives and Service Payments to Class Members who testified at trial | Within five (5) calendar days after the Effective Date |
| Claims Administrator to file certification of completion of administration of Settlement | Within thirty (30) calendar days of completion of Administration of the Settlement |

3.     The Court confirms Rosenthal & Company as the claims administrator.

4.     The Court approves, as to form and content, the Notice of Proposed Settlement and Hearing Date for Court Approval (Attachment 4 to Settlement Agreement), Claim Form

---

*Otsuka, et al. v. Polo, et al.*                                        Case No. C-07-02780-SI

ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
2

(Attachment 5 to Settlement Agreement) and Postcard Reminder (Attachment 7 to Settlement Agreement).

5.    The Court approves the use of www.PoloClassAction.com as an alternative means for Class Members to submit claims.

6.    The Court finds that the dates selected for the mailing and distribution of the Notice, Claim Form and Reminder Postcard, as set forth in paragraph 2, *supra*, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.


_____                          _____
        Date                                                    Judge Susan Illston

**ATTACHMENT 7**

# REMINDER

Claim Filing Deadline:

_____, 2010

Court-Ordered

## OTSUKA v. POLO
## RALPH LAUREN CORP.

### Class Action
### Notice & Claim Form Inside

PRT

*Otsuka v. Polo*
***Class Action* Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177

First-Class
Mail
US Postage
Paid
Permit #__

|||||||||||||||||||||||||||||
Postal Service: Please do not mark barcode

PRT-100000000

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»  «Country»

---

Carefully separate Claim Form postcard at perforation.

**U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**
Case No. C 07-02780 SI

**Claim Form & Release**

*Otsuka v. Polo Class Action* **Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177, Novato, CA  94948-6177

|||||||||||||||||||||||   Claim #: PRT-100000000

Name / Address Changes:

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «ST»  «Zip»  «Country»

_____
_____
_____
_____

IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the above address.

Enter the last four digits of your Social Security Number and any names you used while employed at Polo:

Social Security Number (Last Four Digits ONLY):  X X X – X X – _____  _____  _____  _____

Former Names (if any): _____

The undersigned declares under penalty of perjury under the laws of the State of California that he or she has read the Notice of Proposed Settlement and Hearing Date for Court Approval, will be bound by the Stipulation of Settlement and Release, is entitled to the settlement payment and that no other person or entity has a claim to any settlement monies that he or she will receive.

Signature: _____   Daytime Telephone: ( _____ ) _____

Date (mm/dd/yyyy): _____   E-mail Address: _____

**To Receive a Payment, You Must Enter All Requested Information,
Sign and Mail this Claim Form or File Your Claim On-Line
at www.PoloClassAction.com on or before _____**

**REMINDER:  THE DEADLINE TO SUBMIT YOUR CLAIM IS _____, 2010.**

U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
Case No. C 07-02780 SI

*Otsuka v. Polo Class Action* Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177, Novato, CA  94948-6177

If you were employed by Polo Ralph Lauren Corporation or
Fashions Outlet of America, Inc. in California at any time
from May 30, 2002 through January 31, 2010, you are eligible to file a claim.

**IN THIS SETTLEMENT, POLO WILL MAKE A TOTAL PAYMENT OF $4 MILLION DOLLARS.**

To receive your share of the settlement,
You must mail the attached Claim Form or file your claim on-line at
www.PoloClassAction.com by _____, 2010.

This is only a summary.
A complete notice that provided the details of this lawsuit and settlement
was previously mailed to you.  To obtain another copy of the complete notice and find out more
about this case, visit www.PoloClassAction.com or call toll-free 1-___-___-____.

According to Polo:
You worked a total of <<_____>> shifts sometime between May 30, 2002 and January 31, 2010

If you agree with this information, fill out and mail the attached postcard Claim Form – no postage required
or file your claim on-line at www.PoloClassAction.com.  If you disagree with the number of shifts shown
above, send a letter with your Claim Form and include proof of the number of shifts you think is correct.  See
the Complete Notice for more details about how to dispute the number of shifts.

**Mail the attached Claim Form or File Your Claim On-Line
at www.PoloClassAction.com no later than _____, 2010**

---

_____

_____

_____

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**PRT**

OTSUKA V POLO
CLASS ACTION ADMINISTRATOR
ROSENTHAL & COMPANY LLC
PO BOX _____
NOVATO CA  94948-_____